1  Margaret J. Grover (Bar No. 112701)
   HAIGHT BROWN & BONESTEEL LLP
2  6080 Center Drive, Suite 800
   Los Angeles, CA 90045-1574
3  Telephone: 310.215.7100
   Facsimile: 310.215.7300
4
5  Attorneys for Plaintiff
   BRAD LOVESY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRAD LOVESY,

      Plaintiff,

vs.

ARMED FORCES BENEFIT
ASSOCIATION, 5STAR LIFE
INSURANCE, LLC, TSG GROUP, INC.,
AND TED SHUEY,

      Defendants.

Case No. C 07-2745

COMPLAINT FOR DAMAGES FOR:

1. BREACH OF CONTRACT,
2. BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING,
3. INTERFERENCE WITH CONTRACT,
4. INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE,
5. FRAUD,
6. UNFAIR BUSINESS PRACTICES, AND
7. FOR AN ACCOUNTING

DEMAND FOR TRIAL BY JURY

Plaintiff Brad Lovesy alleges as follows:

## PARTIES TO THE ACTION

1. At all times relevant hereto Plaintiff Brad Lovesy was an individual and a resident of the State of California, employed in the County of San Francisco.

2. Plaintiff is informed and believes and upon that basis alleges that Defendant Armed Forces Benefit Association (AFBA) is, and at all times relevant hereto was, a non-profit voluntary membership association, having its principal place of business in

Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

3. Plaintiff is informed and believes and upon that basis alleges that Defendant 5Star Life Insurance Company (5Star Life) is, and at all times relevant hereto was, a business entity, form unknown, having its principal place of business in Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

4. Plaintiff is informed and believes and upon that basis alleges that Defendant TGS Group, Inc. (TGS) is, and at all times relevant hereto was, a business entity, form unknown, having its principal place of business in Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

5. Plaintiff is informed and believes and upon that basis alleges that Defendant Ted Shuey is, and at all times relevant hereto was, an individual and a resident of the State of Virginia, doing business in the City and County of San Francisco, State of California.

6. Plaintiff is informed and believes and upon that basis alleges that each Defendant is, and at all times relevant hereto, was the agent, servant, employee, successor, assign, or alter ego of each other Defendant. Plaintiff is further informed and believes and upon that basis alleges that, in doing the acts alleged in this Complaint, each Defendant was acting within the scope of his, her, or its authority and with the permission and consent of each other Defendant.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

8. Venue is appropriate pursuant to 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

2

## COMMON ALLEGATIONS

9. AFBA was established in February 1947 with the approval of the Chief of Staff, General of the Army, Dwight David Eisenhower. AFBA was "to promote the general welfare and economic interests of its members and their families by providing superior benefits and services principally to military families during peace and war."

10. Mr. Lovesy is informed and believes and on that basis alleges that AFBA presently provides life insurance and other financial products to nearly 300,000 service members and their families. Insurance is provided through for-profit subsidiaries of AFBA.

11. Mr. Lovesy is informed and believes and on that basis alleges that, in or about 1989, AFBA formed a holding company, now known as 5Star Financial, LLC as an umbrella organization to house operating for-profit companies.

12. Mr. Lovesy is informed and believes and on that basis alleges that AFBA established 5Star Life in or about July 1996. Mr. Lovesy is further informed and believes that 5Star Life underwrites most of AFBA's group life insurance programs.

13. Plaintiff Brad Lovesy has a long history of serving as Regional Sales Director and Field Service Representative for AFBA and 5Star.

14. On or about September 10, 2001, Mr. Lovesy entered a Regional Sales Director Agreement with AFBA and 5Star. The Regional Sales Director Agreement was amended on or about June 19, 2003 with a Regional Director Compensation Addendum.

15. Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy was to serve as Regional Sales Director for the states of Arizona, California, Nevada, New Mexico, and Utah (the "Assigned Region").

16. Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy was to receive an override on all business produced by the Field Sales Representatives in the Assigned Region.

17. On or about March 22, 2001, Mr. Lovesy, AFBA, and 5Star entered an Independent Field Service Representative Agreement.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

3

18. Under the Field Service Representative Agreement, Mr. Lovesy was authorized to solicit and obtain applications for approved insurance products offered by 5Star.

19. Until approximately August 2004, Mr. Lovesy operated smoothly and profitably as Regional Sales Director and as a Field Service Representative. He had established procedures for assuring that the policy applications were processed in a timely manner and for collecting the initial premiums on contracts that were sold and for following up when service members were not making timely payments. As a result of these procedures, policies were issued, service members were provided the coverage they expected, and only a minimal number of the contracts sold by Mr. Lovesy and his agents were cancelled due to non-payment of premiums.

20. In or about August 2004, Ted Shuey and TGS were injected into the relationship between Mr. Lovesy, on the one hand, and AFBA and 5Star, on the other.

21. Mr. Shuey made a presentation, which was attended by Mr. Lovesy and several of the individuals who worked with him soliciting and obtaining applications for AFBA and 5Star. During that presentation, Mr. Shuey explained the benefits of TGS serving as an administrator. Mr. Shuey explained that, through TGS, *all* premiums due for the 5Star policies would be collected through payroll deduction. According to Mr. Shuey, TGS had a well-established procedure for implementing payroll deductions and, if Mr. Lovesy signed an agreement with TGS as administrator, there would be *no* charge backs.

22. On or about August 31, 2004, Mr. Lovesy signed a Memorandum of Agreement with TGS. Under that Memorandum, Mr. Lovesy was required to cease offering products other than the group SSLI program, Better Alternative, and Select Term products offered through AFBA.

23. When Mr. Lovesy expressed his concern that he would have to give up soliciting a product offered through Colorado Banker, which had provided him with a steady income stream for approximately 3 years, Kimo Wong, a Vice President of AFBA,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

4

1  assured Mr. Lovesy that the AFBA and 5Star products being administered through TGS
2  would be so lucrative that he would not miss that income.

3  24. TGS failed to perform its promises as administrator. TGS had difficulty with properly implementing the payroll deduction for a significant portion of the policies procured by Mr. Lovesy and other Field Service Representatives in the region assigned to Mr. Lovesy.

25. From the onset, it became clear that TGS could not process the applications and follow up appropriately on those that were unpaid. Applications that normally would have taken 4 weeks to process under the old AFBA system now started to take 3 to 12 months or more to process. When Mr. Lovesy questioned the delays, he was told by Mr. Shuey not to worry, because this was "normal".

26. As Mr. Lovesy learned of these and many other problems, he repeatedly requested that TGS follow up with service members and take all steps necessary to assure that payroll deductions were processed in a timely manner and that other problems be promptly resolved.

27. Mr. Lovesy's requests were met with resistance and TGS failed to take the necessary steps.

28. TGS also failed to submit the policies in a timely manner.

29. On many occasions, Mr. Lovesy was instructed to place false dates on applications, so that it would appear that the application was current. Mr. Lovesy was concerned both about the legality of this practice and the potential impact on insurance coverage. For some service members, the processing delay created significant problems.

30. Some service members had applied for insurance and had been deployed before TGS processed the policy. When TGS requested a re-dated application, Mr. Lovesy could not comply because the service member had been assigned to active duty in Iraq or Afghanistan.

31. Some service members applied for insurance before turning 50 years old and, as a result, were not required to take a physical. However, by the time TGS processed the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

5

application, the service member had turned 50. Service members on active duty in Iraq or Afghanistan could not comply with this requirement and were, as a result, denied the coverage that they believed was providing security for their family members and loved ones. In some cases the applicant returned from deployment before the policy was processed.

32. TGS also began to solicit business in Arizona, Nevada, and Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis.

33. Mr. Lovesy's objections to the usurpation of the territory were ignored by Kimo Wong of AFBA, who claimed he had no control of the TGS Group.

34. Mr. Lovesy raised some of his concerns regarding TGS's failures in early 2006. He also raised concerns that AFBA, 5Star, and TGS were misleading and taking advantage of service members in the pricing of policies. AFBA and 5Star had a reasonably priced life insurance policy, which provided $250,000.00 in coverage for a premium of $16.00 per month. However, Mr. Lovesy could not sell that policy unless the service member also purchased a policy that provided only $10,000.00 in coverage but cost $3.66 per month. The marketing of the two policies was deceptive, at best, as the service members were not told that they were actually purchasing two separate policies.

35. On or about February 28, 2006, Mr. Lovesy advised Kimo Wong of the problems and concerns, including concerns that AFBA, 5Star, and TGS were misleading and taking advantage of service members. When Mr. Lovesy raised his concerns, TGS promptly cancelled the Memorandum of Agreement by a letter of termination erroneously indicating that Mr. Lovesy had not fulfilled the Agreement. This caused significant interruption and interference with the business operations of Mr. Lovesy and has resulted in the loss of income and prospective economic advantage.

36. Mr. Lovesy was provided with a Birthday List, which he could use to solicit potential insureds. For most of the time that he received the Birthday List, Mr. Lovesy permitted other agents to work the leads contained on the Birthday List.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

6

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

37. For two months in 2006, Mr. Lovesy personally made sales calls based upon the Birthday List. Mr. Lovesy's Birthday List solicitation was very successful and resulted in a dramatic increase in sales as compared to the other agents who he had permitted to work the Birthday List, which included the states of Alaska, Arizona, California, Montana, Nevada, New Mexico, Oregon, Utah, and Wyoming.

38. Mr. Lovesy reasonably anticipated that, as he established his own procedures for use of the Birthday List and followed up on policies procured through the Birthday List, it would generate even greater profits for both Mr. Lovesy and AFBA.

39. In or about October 2006, in response to Mr. Lovesy's raising concerns about the deceptive practices and failure to provide service members with insurance coverage, AFBA ceased providing Mr. Lovesy with the Birthday List and has failed and refused to provide the Birthday List.

40. By letter of May 7, 2007, 5Star notified Mr. Lovesy of its intent to terminate his agreement effective June 6, 2007. 5Star demanded immediate payment of "any outstanding debt" and advised Mr. Lovesy of its intent to continue to send notices of indebtedness for future charge-backs.

## FIRST CAUSE OF ACTION

**(Breach of Contract)**

**(Against AFBA and 5 Star Life)**

41. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

42. Mr. Lovesy has performed all conditions, covenants, and promises required of him as provided under the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, except where prevented or excused from performance.

43. Defendants breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

7

things, failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy.

44. Defendants further breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants AFBA and 5Star Life and their agents TGS and Shuey.

45. As a proximate result of the Defendants' breach of the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

## SECOND CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**

**(Against AFBA and 5 Star Life)**

46. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

47. The 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement contained implied covenants of good faith and fair dealing, under which AFBA and 5 Star Life promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of those agreements in retaliation for lawful action taken to assure performance of those agreements.

48. Mr. Lovesy has performed all conditions, covenants, and promises required of him as provided under the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, except where prevented or excused from performance.

49. Defendants breached the covenant of good faith and fair dealing implied in the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, requiring Mr. Lovesy to rely upon TGS and Shuey to process policies, permitting TGS and Shuey to solicit policies in

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

8

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

the Assigned Region, failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy, and terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants AFBA and 5Star Life and their agents TGS and Shuey.

50. As a proximate result of the Defendants' breach of the covenants of good faith and fair dealing contained in the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

### THIRD CAUSE OF ACTION

**(Interference with Contract)**

**(Against TGS and Shuey)**

51. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

52. The 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement constituted valid contracts between Mr. Lovesy, on the one hand, and AFBA and 5 Star Life, on the other.

53. Defendants TGS and Shuey knew of the Regional Sales Director Agreement and the Independent Field Service Representative Agreement.

54. Defendants TGS and Shuey intentionally engaged in acts designed to induce breaches or disruptions of the contractual relationship.

55. As a result of actions or omissions by Defendants TGS and Shuey, the contractual relationship between Mr. Lovesy, on the one hand, and AFBA and 5 Star Life, on the other, was breached or disrupted.

56. As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

9

57. Mr. Lovesy is informed and believes, and on that basis alleges, that Defendants TGS and Shuey acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

### (Against TGS and Shuey)

58. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

59. Mr. Lovesy procured numerous insurance policies on behalf of AFBA and 5 Star Life. In addition, Independent Field Service Representatives in the Assigned Region procured numerous insurance policies on behalf of AFBA and 5 Star Life.

60. Pursuant to the terms of his agreements with AFBA and 5 Star Life, Mr. Lovesy was to receive commissions and overrides on each of the policies issued in the Assigned Region.

61. Defendants TGS and Shuey knew of the sales of insurance policies and Mr. Lovesy's right to receive commissions and overrides on each of the policies issued in the Assigned Region.

62. Defendants TGS and Shuey engaged in intentional acts designed to disrupt the relationship, including, but not limited to, failing and refusing to collect the initial premiums on contracts that were sold, failing and refusing to follow up when service members were not making timely payments, impeding Mr. Lovesy's ability to collect premiums and follow up when service members were not making timely payments, and, engaging in direct sales within the Assigned Region.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

10

63. As a result of actions or omissions by Defendants TGS and Shuey, the relationship between Mr. Lovesy, the service members who purchased policies, and AFBA and 5 Star Life, on the other, was breached or disrupted.

64. As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

65. Mr. Lovesy is informed and believes, and on that basis alleges, that Defendants TGS and Shuey acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Fraud)

### (Against All Defendants)

66. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

67. In an effort to induce Mr. Lovesy to permit Shuey and TGS to provide administrative services, Shuey and TGS, on their own behalf and on behalf of AFBA and 5Star, made various misrepresentations, including statements that, with TGS as administrator, *all* premiums due for the 5Star policies would be collected through payroll deduction and there would be *no* charge backs.

68. Defendants knew these statements were false when made.

69. Defendants made these statements with the intent to defraud Mr. Lovesy and to induce him into signing an administrative agreement in reliance on these promises.

70. Mr. Lovesy did justifiably rely on Defendants' promises and sign an administrative agreement, permitting Shuey and TGS to assume collection of premiums on policies procured in the Assigned Region.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

11

71. As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

72. Mr. Lovesy is informed and believes, and on that basis alleges, that Defendants TGS and Shuey acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

## SIXTH CAUSE OF ACTION

### (Unfair Business Practices)

73. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

74. Defendants' actions, as alleged herein, constituted unfair business practices, which deprived Mr. Lovesy of the benefits and privileges and concomitant monetary gains to which he is entitled while Defendants continue to accrue unjust gains by virtue of their wrongful conduct.

75. Defendants' conduct constitutes unfair and unlawful business acts or practices within the meaning of the Unfair Competition Law, California Business and Professions Code Section 17200, *et seq*.

76. As a result of Defendants' unfair and unlawful business acts or practices, Mr. Lovesy has been denied the benefits to which he is entitled under applicable law.

77. By reason of the wrongful manner in which Defendants have deprived Mr. Lovesy of the benefits to which he is entitled, Defendants are involuntary trustees holding any proceeds obtained therefrom in constructive trust for Mr. Lovesy's benefit, with the duty to account for and to convey those proceeds to Mr. Lovesy.

78. Mr. Lovesy is informed and believes and upon that basis alleges that Defendants have been unjustly enriched by their wrongful conduct, which thereby justifies

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

12

the imposition of a constructive trust, penalties imposed by statute, and any other remedy allowed by law.

## SEVENTH CAUSE OF ACTION

### (For an Accounting)

79. Plaintiff incorporates the allegations contained in Paragraphs 1 through 40 as though fully set forth herein.

80. The exact amount of money due from Defendants as a result of Defendants' breach of duties, improper chargebacks and withholdings, and failure to account for income is unknown and cannot be ascertained without an accounting from Defendants of the amount of money received and distributed.

81. Mr. Lovesy requests that this Court order an accounting by Defendants of all monies received in connection with policies issued in the Assigned Region and amounts paid to Mr. Lovesy.

82. Mr. Lovesy further requests that he have judgment for all sums due, as shown by such an accounting.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brad Lovesy respectfully requests entry of judgment and relief as follows:

1. A jury trial on all issues to which he is entitled to trial by jury;

2. For general and special damages in an amount to be proven at trial together with interest thereon;

3. For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

4. For an accounting;

5. For interest in accordance to proof;

6. For disgorgement or restitution of Defendants' unjust gain;

7. For reasonable attorney's fees;

8. For cost of suit; and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

13

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

9. For such other and further relief as the Court deems just and proper.

Dated: May 24, 2007

HAIGHT BROWN & BONESTEEL LLP

By: _____
Margaret J. Grover
Attorneys for Plaintiff
BRAD LOVESY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3247996.1

COMPLAINT FOR DAMAGES AND DEMAND
FOR JURY TRIAL

14