CHARLES L. DEEM, Bar No. CA-110557
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY,<br><br>    Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, 5STAR LIFE INSURANCE, LLC, TSG GROUP, INC. AND TED SHUEY,<br><br>    Defendants. | CASE NO. C 07-2745 JL<br><br>**DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRAD LOVESY'S COMPLAINT FOR DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    August 1, 2007<br>Time:    9:30 a.m.<br>Courtroom: F<br>Judge:   Hon. James Larson |

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

# TABLE OF CONTENTS

Page

NOTICE OF MOTION ........................................................................................................................ 1
MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 3
I. INTRODUCTION .................................................................................................................. 3
II. FACTUAL BACKGROUND ................................................................................................. 3
III. LEGAL STANDARD ............................................................................................................. 4
    A. Under Rule 12(b)(6), the Court May Dismiss a Complaint, Which Fails to State a Claim upon Which Relief May Be Granted ................................................. 4
    B. Under Rule 9(b), the Court May Dismiss a Count for Fraud if the Plaintiff Fails to State the Claim with Particularity ...................................................................... 5
IV. THE COURT SHOULD GRANT DEFENDANTS AFBA AND 5STAR'S MOTIONS TO DISMISS ......................................................................................................... 6
    A. Lovesy Has Not Pleaded with Particularity Facts Sufficient to Support a Claim of Fraud or Misrepresentation against AFBA or 5Star ................................... 6
        1. Lovesy's Purported Fraud Allegations against the Defendants Lack the "Who, What, Where, Why and When" Needed to Plead Fraud with Particularity ................................................................................................. 6
        2. Lovesy Does Not Identify Any Misrepresentations Purportedly Made by Defendants AFBA or 5Star ............................................................. 7
        3. Lovesy Fails to Allege the Damages He Purportedly Incurred as a Result of the Claimed Misrepresentations ................................................... 8
    B. Lovesy Has Not Alleged Facts Sufficient to State a Cause of Action under California's Unfair Competition Law ......................................................................... 8
    C. Lovesy Has Failed to Allege Any Breach by Defendants AFBA or 5Star of Any Agreement Between Lovesy and AFBA or 5Star ............................................. 11
    D. Defendants AFBA and 5Star Did Not Breach the Agreements or Act in Bad Faith, and Therefore, No Action Lies for a Breach of the Implied Covenant of Good Faith and Fair Dealing ............................................................... 12
    E. Lovesy Is Not Entitled to an Accounting Because Defendants AFBA and 5Star Have Not Engaged in Misconduct, Do Not Owe Money to Lovesy, and Have No Fiduciary Relationship with Lovesy ................................................. 14
V. CONCLUSION ..................................................................................................................... 15

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

-i-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

# TABLE OF AUTHORITIES

Page

*Arroyo v. Wheat*,
  591 F. Supp. 141 (D. Nev. 1984)..................................................................................5

*Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
  459 U.S. 519 (1983).....................................................................................................5

*Beck v. Cantor, Fitzgerald & Co.*,
  621 F. Supp. 1547 (N.D. Ill. 1985)..............................................................................5

*Bell Atlantic Corp. v. Twombly*,
  ___ U.S. ___, 127 S. Ct. 1955 (2007).........................................................................5

*Cahill v. Liberty Mutual Insurance Co.*,
  80 F.3d 336 (9th Cir. 1996).........................................................................................4

*Conley v. Gibson*,
  355 U.S. 41 (1957).......................................................................................................5

*Epis, Inc. v. Fidelity & Guaranty Life Insurance Co.*,
  156 F. Supp. 2d 1116 (N.D. Cal. 2001)................................................................12, 13

*Jack Russell Terrier Network of N. Cal. v. America Kennel Club*,
  407 F.3d 1027 (9th Cir. 2005).....................................................................................5

*Marshall v. Standard Insurance Co.*,
  214 F. Supp. 2d 1062 (C.D. Cal. 2000)......................................................................9

*Ove v. Gwinn*,
  264 F.3d 817 (9th Cir. 2001).......................................................................................5

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984).......................................................................................4

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
  983 F. Supp. 1303 (N.D. Cal. 1997)...........................................................................8

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
  88 F.3d 780 (9th Cir. 1996).........................................................................................4

*Telegraph-Phonic Services, Inc. v. TBS International, Inc.*,
  975 F.2d 1134 (5th Cir. 1992).....................................................................................5

**STATE CASES**

*Bank of the West v. Superior Court*,
  2 Cal. 4th 1254 (1992)...............................................................................................10

*Brea v. McGlashan*,
  3 Cal. App. 2d 454 (1934).........................................................................................14

-ii-

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

DLA PIPER US LLP
SAN DIEGO

**TABLE OF AUTHORITIES**
(continued)

Page

*Burton v. Sec. Pac. National Bank,*
   197 Cal. App. 3d 972 (1988) .................................................................................12

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
   222 Cal. App. 3d 1371 (1990) ...............................................................................11

*Carma Developers (Cal.) Inc. v. Marathon Development Cal., Inc.,*
   2 Cal. 4th 342 (1992) .............................................................................................13

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telegraph Co.,*
   20 Cal. 4th 163 (1999) .............................................................................................8

*Central Mutual Insurance Co. v. Schmidt,*
   152 Cal. App. 2d 671 (1957) ...................................................................................8

*Comunale v. Traders & General Insurance Co,*
   50 Cal. 2d 654 .......................................................................................................12

*In re Firearm Cases,*
   126 Cal. App. 4th 959 (2005) ..................................................................................9

*Freeman & Mills, Inc. v. Belcher Oil Co.,*
   11 Cal. 4th 85 (1995) .........................................................................................7, 12

*Guz v. Bechtel Nat'l, Inc.,*
   24 Cal. 4th 317 (2000) ...........................................................................................13

*Khoury v. Maly's of California, Inc.,*
   14 Cal. App. 4th 612 (1993) ....................................................................................9

*Motors, Inc. v. Times Mirror Co.,*
   102 Cal. App. 3d 735 (1980) ...................................................................................9

*People v. Tonney,*
   157 Cal. App. 3d 1 (1984) .....................................................................................10

*Progressive W. Insurance Co. v. Superior Court,*
   135 Cal. App. 4th 263 (2005) ..................................................................................9

*Roberts v. Lomanto,*
   112 Cal. App. 4th 1553 (2003) ..............................................................................15

*San Pedro Lumber Co. v. Reynolds,*
   111 Cal. 588 (1896) ...............................................................................................14

*Seeger v. Odell,*
   18 Cal. 2d 409 (1941) .............................................................................................6

*St. James Church of Christ Holiness v. Superior Court,*
   135 Cal. App. 2d 352 (1955) .................................................................................14

-iii-

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION   CASE NO. C 07-2745

# TABLE OF AUTHORITIES
## (continued)

Page

*Union Bank v. Superior Court*,
   31 Cal. App. 4th 573 (1995) .................................................................................. 14

*Vikco Insurance Services, Inc. v Ohio Indemnity Co.*,
   70 Cal. App. 4th 55 .............................................................................................. 10

### FEDERAL STATUTES

Federal Rule of Civil Procedure, Rule 12 .................................................................... 4, 15

Federal Rule of Civil Procedure, Rule 9 .................................................................... 5, 8, 14

### STATE STATUTES

California Business & Professions Code § 17200 ............................................................ 8

California Business & Professions Code § 17203 .......................................................... 10

California Business & Professions Code § 17204 ............................................................ 8

California Civil Code § 1709 ............................................................................................ 6

### MISCELLANEOUS

Neil A. Helfman, *California Jurisprudence* § 97 (3d ed. 2007) ...................................... 15

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (3d ed. 2007) ......... 5, 7

-iv-

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION   CASE NO. C 07-2745

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2007, at 9:30 a.m., or as soon thereafter as can be heard, in Courtroom F of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants Armed Forces Benefit Association ("AFBA") and 5Star Life Insurance Company, erroneously named herein as 5Star Life Insurance, LLC, ("5Star") (sometimes, collectively "Defendants"), and each of them individually, will and hereby do move the Court for an order dismissing Plaintiff Brad Lovesy's ("Lovesy") complaint for damages (the "Complaint") as to each of them.

This motion is made pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) on the grounds that the Complaint fails to state any cause of action upon which relief can be granted. In the Complaint, Lovesy asserts five purported counts against Defendants AFBA and 5Star: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4) unfair business practices; and (5) accounting. Each of these causes of action, as asserted against AFBA and 5Star individually, must fail for the following reasons.

1.  <u>Breach of Contract</u>: Lovesy has failed to identify any provision of the contract that was breached by the alleged actions of AFBA and 5Star.

2.  <u>Breach of Covenant of Good Faith and Fair Dealing</u>: There are no facts in the Complaint suggesting that AFBA or 5Star acted in bad faith and in a manner that frustrated the purpose of the contracts between Lovesy and Defendants AFBA and 5Star.

3.  <u>Fraud</u>: Lovesy has failed to allege facts sufficient to identify the date, time, and location of, and person responsible for, the alleged misrepresentation. The fraud cause of action must also be dismissed because Lovesy has not alleged that AFBA or 5Star made any misrepresentation or omission. Moreover, the fraud count fails because Lovesy has not asserted with sufficient particularity the damages he sustained as a result of the alleged misrepresentation.

4.  <u>Unfair Business Practices</u>: Lovesy has summarily alleged that Defendants AFBA and 5Star engaged in unfair and unlawful practices, but has not identified any particular practice

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

-1-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION   CASE NO. C 07-2745

1  by AFBA or 5Star that was unfair, unlawful or fraudulent. Further, Lovesy seeks compensatory
2  damages, which are impermissible under California's unfair business practices law.
3       5.    <u>Accounting</u>: Lovesy has failed to allege facts essential to state a cause of action
4  for accounting, namely, that AFBA and 5Star had fiduciary obligations to Lovesy or otherwise
5  engaged in misconduct for which Lovesy is owed money.
6     Defendants base this motion on this Notice, the attached Memorandum of Points and
7  Authorities, the pleadings and records on file with this Court, all matters of which this Court may
8  take judicial notice, and such evidence and argument as may be presented at the hearing on this
9  motion.

10 Dated: June 20, 2007

11                                DLA PIPER US LLP

13                       By    /s/ Charles L. Deem
                               CHARLES L. DEEM
14                             Attorneys for Defendants
                               ARMED FORCES BENEFIT ASSOCIATION
15                             and 5STAR LIFE INSURANCE COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Armed Forces Benefit Association ("AFBA") and 5Star Life Insurance Company, erroneously named herein as 5Star Life Insurance, LLC ("5Star"), submit the following points and authorities in support of their motion to dismiss Plaintiff Brad Lovesy's ("Lovesy") Complaint for Damages.

## I. INTRODUCTION

On May 24, 2007, Lovesy filed a complaint for civil damages (the "Complaint") against Defendants AFBA, 5Star, TGS Group, Inc. ("TGS"), and Ted Shuey ("Shuey"). The Complaint alleges seven causes of action, five of which are apparently brought against AFBA and 5Star:[1] (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4) unfair business practices; and (5) accounting. Defendants AFBA and 5Star bring this motion to dismiss because Lovesy has failed to state a claim upon which relief can be granted. Accordingly, Defendants AFBA and 5Star request that the Court dismiss Lovesy's Complaint in its entirety as to AFBA and 5Star.

## II. FACTUAL BACKGROUND

For purposes of this motion, the following allegations in the Complaint are deemed to be true: AFBA provides low-cost life insurance options to members of the armed forces. 5Star underwrites certain of these life insurance policies. One program AFBA offers is the National Guard Association of California's State Sponsored Life Insurance ("SSLI").

Lovesy entered into an "Independent Field Service Representative Agreement" (the "Representative Agreement") and a "Regional Sales Director Agreement" (the "Director Agreement") (sometimes collectively the "Agreements") with AFBA and 5Star on March 22, 2001 and September 10, 2001, respectively. (Compl., ¶¶ 14, 17.) Pursuant to the Agreements, Lovesy was to serve as a Regional Sales Director for AFBA in the states of Arizona, California,

---

[1] In the Complaint, Lovesy did not state against which defendants his unfair business practice (count six) and accounting claims (count seven) were being brought. Out of an abundance of caution, and because Lovesy has failed to state a cause of action for either, Defendants AFBA and 5Star will address these causes of action as if they were brought against them.

-3-

1  Nevada, New Mexico, and Utah (the "Assigned Region") and was permitted to sell 5Star's Life
2  Insurance products as a Field Service Representative. (Compl., ¶¶ 15, 18.) Lovesy acknowledges
3  the Director Agreement was amended on at least one occasion. (Compl., ¶ 14.)

4  In approximately August 2004, Lovesy entered into a Memorandum of Agreement with
5  TGS (the "TGS Agreement"), under which TGS would provide administrator services to Lovesy,
6  including implementation of payroll deductions for the premiums due for all 5Star policies.
7  (Compl., ¶¶ 21-22.) Early in his relationship with TGS, Lovesy became unhappy with the
8  manner in which TGS implemented the payroll deductions. (Compl., ¶¶ 24-26.) Later, TGS
9  began to solicit business in portions of the Assigned Region. (Compl., ¶ 32.) AFBA denied
10 Lovesy access to a "Birthday List," from which he had generated leads and solicited potential
11 insureds. (Compl., ¶¶ 36-39.)

12 Allegedly as a result of Lovesy raising concerns about AFBA and 5Star's insurance
13 offerings, TGS cancelled the TGS Agreement at some point after February 28, 2006. (Compl.,
14 ¶ 35.) Lovesy's relationship with 5Star ended when, on May 7, 2007, 5Star sent Lovesy notice of
15 "intent to terminate his agreement" as of June 7, 2007. (Compl., ¶ 40.)

### III.   LEGAL STANDARD

#### A.   Under Rule 12(b)(6), the Court May Dismiss a Complaint, Which Fails to State a Claim upon Which Relief May Be Granted.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained within a complaint, may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "The court may dismiss a complaint as a matter of law for '(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

In ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and

-4-

a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007); *see also Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss"). Furthermore, courts will not assume that plaintiffs "can prove facts that [they have] not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983); *see also Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027, 1035 (9th Cir. 2005). The complaint's allegations also must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957).

### B. Under Rule 9(b), the Court May Dismiss a Count for Fraud if the Plaintiff Fails to State the Claim with Particularity.

In pleading a cause of action for fraud, Rule 9 of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. Proc. 9(b). While courts have varying opinions as to the strength of the showing that must be made, at a minimum, a plaintiff must allege "the time, place, and contents of the false representations or omissions, as well as the identity of the person making the misrepresentations…and what that defendant obtained thereby." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation omitted); *see also* Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (3d ed. 2007). "The requirements of Rule 9(b) must be fulfilled in the complaint itself"; it is insufficient for a plaintiff to allege additional facts in response to a motion to dismiss. *Beck v. Cantor, Fitzgerald & Co.*, 621 F. Supp. 1547, 1552 (N.D. Ill. 1985) (citing *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984)).

/////

/////

/////

/////

## IV.    THE COURT SHOULD GRANT DEFENDANTS AFBA AND 5STAR'S MOTIONS TO DISMISS

### A.    Lovesy Has Not Pleaded with Particularity Facts Sufficient to Support a Claim of Fraud or Misrepresentation against AFBA or 5Star.

In California, common law fraud requires pleading and proving of five elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. Cal. Civ. Code § 1709; *see also Seeger v. Odell*, 18 Cal. 2d 409, 414 (1941). Lovesy's allegation that Defendants AFBA and 5Star committed fraud is seriously lacking.

#### 1.    Lovesy's Purported Fraud Allegations against the Defendants Lack the "Who, What, Where, Why and When" Needed to Plead Fraud with Particularity.

The crux of Lovesy's fraud claim appears to be that, in an effort to induce Lovesy to engage TGS and Shuey's administrator services, "Shuey and TGS, on their own behalf and on behalf of AFBA and 5Star, made various misrepresentations, including statements that, with TGS as administrator, *all* premiums due for the 5Star policies would be collected through payroll deduction and there would be *no* change backs."[2] (Compl., ¶ 67 [emphasis in original].) Lovesy fails to identify the name of the person who purportedly made the misrepresentation, as well as the date, time, and place of the alleged misrepresentation. Lovesy's statement that Shuey and TGS made the alleged misrepresentation is not sufficient because, by grouping Shuey and TGS together, it is not clear whether Shuey or another individual associated with TGS—or multiple people—made the alleged statements. Nor does Lovesy identify the benefit Defendants AFBA and 5Star obtained as a result of the alleged misstatements. Lovesy's allegations are not sufficient to overcome the initial hurdle of pleading with particularity the who, what, where, why

/////

---

[2] "Charge backs" result when a customer decides not to purchase or to continue in his or her policy after the premium has already been paid. Although unclear from the Complaint, it appears that Lovesy uses the word "charge backs" to refer to a retraction of a commission earned on a policy after the policyholder decides not to purchase or continue in his or her policy.

-6-

and when of his fraud claim. *See* Wright & Miller, *Federal Practice and Procedure* § 1297.

Lovesy fails to assert the alleged misrepresentations were false. TGS's purported representation that all premiums due for 5Star policies would be collected through payroll deductions is not inconsistent with Lovesy's allegations that TGS implemented the payroll deductions in an allegedly deficient manner. (*See* Compl., ¶¶ 24-26.) TGS's implementation of a payroll deduction program was not fraud merely because TGS allegedly could have performed the payroll deductions more efficiently. In order to state a cause of action for fraud under this theory, Lovesy would have to allege, at a minimum, that TGS knew, at the time of the alleged misrepresentation, it could not complete the payroll deductions as they represented. Lovesy has not alleged this. As such, this is nothing more than an improper attempt to classify a breach of contract action as a fraud. *See Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 102-03 (1995) (breach of contract, even in bad faith, does not give rise to a cause of action for tort damages).

With regard to Lovesy's contention that TGS and Shuey represented to him that there would be no charge backs, Lovesy again fails to state a cause of action for fraud because he has not alleged that he wrongfully incurred "charge backs" pursuant to his relationship with TGS and Shuey.[3]

### 2. Lovesy Does Not Identify Any Misrepresentations Purportedly Made by Defendants AFBA or 5Star.

Lovesy has failed to allege that any of the purported misrepresentations were made by AFBA or 5Star. Lovesy's assertion that TGS and Shuey were acting on behalf of AFBA in making the alleged misrepresentation is insufficient to hold AFBA and 5Star liable for fraud. Only individuals who participated in the fraud or knowingly accepted the benefits of the fraud can be found liable. *Cent. Mut. Ins. Co. v. Schmidt*, 152 Cal. App. 2d 671, 673-74 (1957). Here,

---

[3] Any reliance by Lovesy on TGS and Shuey's alleged statement that charge backs would not be incurred is unjustified. Given that AFBA and 5Star were not parties to Lovesy's agreement with TGS and Shuey, it would be unreasonable for Lovesy to understand that TGS and Shuey could somehow amend or alter Lovesy's agreements with AFBA and/or 5Star.

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

-7-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

Lovesy has not alleged that AFBA or 5Star participated in the alleged misstatement or knowingly accepted the benefits of the alleged misstatement. Lovesy has not even alleged that AFBA or 5Star *knew* of the alleged misrepresentation at the time it was made.

### 3. Lovesy Fails to Allege the Damages He Purportedly Incurred as a Result of the Claimed Misrepresentations.

Lovesy has failed to allege with any degree of specificity, much less the degree of specificity required by Rule 9(b), the type and general nature of the damages he sustained as a result of TGS and Shuey's alleged comments. No claim for fraud has been stated against AFBA or 5Star. Lovesy's failure to allege any facts sufficient to support a cause of action for fraud under Rule 9(b)'s heightened pleading requirement demands that his count for fraud be dismissed.

### B. Lovesy Has Not Alleged Facts Sufficient to State a Cause of Action under California's Unfair Competition Law.

California Business and Professions Code Section 17200 *et seq.*, known as California's Unfair Competition Law (the "UCL"), provides a statutory framework under which a private litigant may seek redress for "unfair competition," which is defined by the UCL as an "unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200, 17204.

Although not specifically subject to the heightened pleading requirements of Rule 9, allegations of unlawful, unfair, or fraudulent acts under the UCL must be pleaded with a reasonable degree of particularity. *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997). At a minimum, to sufficiently plead a cause of action under Section 17200, a plaintiff must state the practice it believes is unfair, unlawful, or fraudulent, allege facts showing the unfair, unlawful, or fraudulent nature of the practice, and generally aver that the harm associated with the unfair, unlawful, or fraudulent practice outweighs its benefits.[4]

---

[4] In one recent case, the California Supreme Court established a new definition for "unfair" in antitrust cases brought under the UCL. *Cel-Tech Commc'ns., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Pursuant to *Cel-Tech*, a plaintiff alleging an unfair business practice, must allege, in addition to the elements described in this section, that the conduct in questions threatens an "incipient violation" of a law, violates the policy or spirit of such law, or otherwise harms consumers or

-8-

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

*See Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000) (claim dismissed where party failed to specify, with sufficient clarity, particular practices which the party had alleged were unlawful); *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980) (claim under the UCL requires a showing that the gravity of harm outweighs the utility of the defendant's conduct). For example, in *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993), the court of appeal sustained a demurrer to a complaint alleging that "defendants breached [Section 17200] by refusing to sell [their products] to plaintiff, for the purpose of ruining and interfering with his beauty supply business, with the effect of misleading plaintiff's customers." *Id.* These conclusory allegations, the court determined, were insufficient to state a cause of action because the complaint identified no particular section of the statutory scheme (e.g., unlawful, unfair, fraudulent) under which the claim was brought, failed to describe with reasonable particularity the facts supporting the violation, and did not describe the manner in which the practice was unlawful. *Id.*

Similar to the *Khoury* case, in the instant action Lovesy alleges that "Defendants' actions, as alleged herein, constituted unfair business practices." (Compl., ¶ 74.) Lovesy fails to delineate exactly which acts he believes constitutes unfair business practices. Even though Lovesy alleges that these unidentified practices are "unfair and unlawful," (Compl., ¶ 75), he fails to assert the unfair or unlawful nature of the practice or aver generally that the harm associated with the practice outweighs its benefits. Under both the *Khoury* and *Marshall* cases, Lovesy's cause of action under the UCL is fatally flawed. *See Marshall*, 214 F. Supp. 2d at 1071; *Khoury*, 14 Cal. App. 4th at 619.

Moreover, Lovesy has asserted in his Complaint no conduct that rises to an unlawful or unfair business practice. Lovesy has not sufficiently stated a single legally sufficient claim against AFBA or 5Star. Therefore, none of the purported causes of action in the Complaint can provide the foundation for a claim against AFBA or 5Star under the UCL. Although Lovesy may

---

competition. *Id.* The courts of appeal are divided as to whether the *Cel-Tech* definition of "unfair" applies in traditional consumer cases. *Compare In re Firearm Cases*, 126 Cal. App. 4th 959 (2005) (holding that the *Cel-Tech* standard applies in consumer cases) *with Progressive W. Ins. Co. v. Superior Court*, 135 Cal. App. 4th 263, 286 (2005) (applying the pre-*Cal-Tech* balancing test).

-9-

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

disagree with the pricing of the SSLI insurance policies or the manner in which policy premiums are deducted from payroll, his allegations are wholly insufficient to establish that Defendants AFBA and 5Star are engaged in an unfair or unlawful practice. Accordingly, the Court should dismiss Lovesy's cause of action under California's UCL.

Lovesy's UCL claim as to AFBA and 5Star is also improper because it seeks impermissible compensatory damages. The fundamental goal of California's UCL is "to protect the public from continued violations *rather than benefit private litigants.*" *People v. Tonney*, 157 Cal. App. 3d 1, 25 (1984) (emphasis added). To promote this goal, the UCL provides for injunctive and restitutionary remedies, but does not permit a litigant to recover traditional monetary damages. Cal. Bus. & Prof. Code § 17203; *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) (clarifying that "damages are not available under section 17203"). Although Lovesy attempts to characterize the damages he requests under the UCL as restitution, Lovesy has no plausible restitution claim in this matter. Lovesy's failure to identify specific unlawful or unfair practices complicates this analysis, but assuming that Lovesy's theory is that AFBA and/or 5Star have improperly retained commissions or other alleged moneys due under the Agreements, this must be characterized as a request for compensatory damages. *See Vikco Ins. Servs, Inc. v Ohio Indem. Co.*, 70 Cal. App. 4th 55, 67 (1999).

In *Vikco*, an insurance agency sought recovery of unpaid commissions and compensatory damages it alleged were owed to it after an insurance carrier terminated its agency contract. *Id.* The insurance agency alleged the insurance carrier failed to provide proper notice of termination under the Insurance Code, despite the parties' contract modifying the notice period required under the code. The court characterized the insurance agency's request for unpaid commissions as a request for compensatory damages and held that "[t]he [UCL] simply does not provide a means for recovery of such damages. The only non-punitive monetary relief available under the [UCL] is the disgorgement of moneys wrongfully obtained." *Id.* Lovesy has not alleged any other possible theory under which AFBA and 5Star wrongfully obtained his money. As Lovesy cannot seek commissions or money due under the Agreements in his cause of action under the UCL,

/////

-10-

Lovesy has failed to state a claim against AFBA and 5Star under the UCL for which relief may be granted.

### C. Lovesy Has Failed to Allege Any Breach by Defendants AFBA or 5Star of Any Agreement Between Lovesy and AFBA or 5Star.

Under California law, the essential elements that must be pleaded in an action for breach of contract are (1) the fact of the contract; (2) the plaintiff's performance of the contract or excuse for nonperformance; (3) the nature of the defendant's breach; and (4) the resulting harm to the plaintiff. *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). In the Complaint, Lovesy alleges that AFBA and 5Star breached the Director Agreement and the Representative Agreement by "failing and refusing and continuing to fail and refuse to pay amounts due Mr. Lovesy" and "terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants AFBA and 5Star Life and their agents TGS and Shuey." (Compl., ¶¶ 43-44.) Lovesy's complaint is deficient because it fails to assert the specific provisions of the contract that were breached by Defendants AFBA and 5Star's purported actions.

First, Lovesy has not stated facts to support his claim that he was due any sum of money under the contract. Lovesy asserts that under the Director Agreement, "Mr. Lovesy was to receive an override on all business produced by the Field Sales Representatives." (Compl., ¶ 16.) An override is a commission paid to managers on sales made by their subordinates, and is calculated as a percentage of the gross sales or commissions earned by the subordinates. Based on the allegations in the Complaint, then, in order to be owed money under the contract, Lovesy must allege that his subordinates made sales or commissions from which he is owed an override. Lovesy has not made these allegations, nor has he alleged any set of facts, other than his summary conclusions, under which he is "owed money."

In addition, Lovesy failed to allege any provision of the agreement, which was purportedly breached by his alleged termination. Indeed, Lovesy fails to allege the termination provisions in any of the agreements between himself and AFBA or 5Star, or whether the agreements allowed for termination upon written notice.

/////

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

-11-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION   CASE NO. C 07-2745

Finally, the Complaint is void of any allegation that specific harm to Lovesy has resulted from Defendants AFBA and 5Star's alleged breach. Although Lovesy states that he "sustained damage in an amount according to proof," there is no indication of the type or amount of damages he sustained. (Compl., ¶ 45.)

Lovesy's failure to assert any provision of the Agreements between the parties that was breached by Defendants AFBA and 5Star's alleged termination of Lovesy, inability to establish that Lovesy was owed money under the contract, and failure to allege specific harm resulting from the alleged breach are fatal deficiencies in Lovesy's breach of contract claim. Accordingly, the Court should dismiss the purported breach of contract count.

### D. Defendants AFBA and 5Star Did Not Breach the Agreements or Act in Bad Faith, and Therefore, No Action Lies for a Breach of the Implied Covenant of Good Faith and Fair Dealing.

Every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will injure the right of the other to receive the benefits of the agreement.[5] *Comunale v. Traders & Gen. Ins. Co*, 50 Cal. 2d 654, 658 (1958). In the employment or agency context, the covenant of good faith and fair dealing requires only that the employer or principal act fairly and in good faith. *See Burton v. Sec. Pac. Nat'l Bank*, 197 Cal. App. 3d 972, 979 (1988). Thus, to prevail on such a claim, a plaintiff must prove that the defendant frustrated a purpose of the contract and did so in bad faith.[6] *Epis, Inc. v. Fid. & Guar.*

---

[5] In the Complaint, Lovesy alleges that, pursuant to the covenant of good faith and fair dealing implied in the Director and Representative Agreements, "AFBA and 5 Star Life promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of those agreements *in retaliation for lawful action taken to assure performance of those agreements*." (Compl., ¶ 47 [emphasis added].) This is not an allegation, but a statement of law—and a misstatement, at that. There is no assertion that Defendants AFBA and 5Star made any promises above and beyond the implied covenant of good faith and fair dealing, which, in California, is a promise that neither party will do anything that will injure the right of the other to receive the benefits of the agreement. This averment cannot be read as an allegation of additional misconduct against Defendants AFBA and 5Star.

[6] A breach of the covenant of good faith and fair dealing is an action in contract; such a breach may give rise to a cause of action in tort—resulting in tort damages—only in the insurance contracts. *Freeman & Mills, Inc.*, 11 Cal. 4th at 102-03. In this matter, while the subject of Lovesy's work was in the area of insurance, the agreements at issue are governed by the principles of general contract law.

-12-

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

*Life Ins. Co.*, 156 F. Supp. 2d 1116, 1127-28 (N.D. Cal. 2001). The covenant "cannot be endowed with an existence independent of its contractual underpinnings. Therefore it cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id.* (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000)) (internal citations and quotations omitted). If an act is expressly authorized in the contract, the covenant of good faith cannot forbid that act. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992).

As described earlier, Lovesy has not alleged a breach of the Director or Representative Agreements occurred. (*See supra*, at 8-10.) Nor has Lovesy alleged that any purpose of the contract was frustrated by Defendants AFBA and 5Star's alleged actions. Specifically, there is no allegation that, under either Agreement, Defendants AFBA and/or 5Star had anything but an "at-will" relationship with Lovesy. If an employment or agency relationship is "at-will," termination of the agreement, even if unfair, cannot be said to injure the right of the employee or agent to any benefit of the agreement because no benefit is guaranteed. *Guz*, 24 Cal. 4th at 350. "Where the employment contract itself allows the employer to terminate at will, its motive and lack of care in doing so are, in most cases at least, irrelevant." *Id.*

Lovesy also bases his breach of implied covenant claim on allegations that Defendants AFBA and 5Star improperly required Lovesy to "rely upon TGS and Shuey to process policies" and permitted TGS and Shuey to solicit policies in the Assigned Region. (Compl., ¶ 49.) Contradicting these assertions, Lovesy earlier alleged that he signed a Memorandum of Understanding ("MOU") with TGS after listening to a presentation from Shuey, and never suggests that the MOU was anything other than voluntary. Lovesy also fails to allege that Defendants AFBA and 5Star maintained any control over TGS and Shuey such that they could prevent either from soliciting policies in the Assigned Region, and in fact, notes that Kimo Wong told Lovesy that AFBA "had no control of the TGS Group." (Compl., ¶ 33.) If Defendants AFBA and 5Star had no control over TGS and Shuey, they cannot fairly be said to have *acted* in

---

Accordingly, to the extent Lovesy seeks tort damages in his claim for breach of the covenant of good faith and fair dealing, the Court should dismiss the count.

-13-

SD\1745026.1
332602-3
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION   CASE NO. C 07-2745

DLA PIPER US LLP
SAN DIEGO

any way that breached the Agreements. Importantly, even if the Complaint could be interpreted as alleging that Defendants AFBA and 5Star acted in a manner to frustrate the purpose of the Agreements, Lovesy has failed to allege that any of those actions were undertaken in bad faith.

It is a critical element of Lovesy's breach of implied covenant claim that he allege facts establishing that his relationship with Defendants AFBA and 5Star was only terminable upon a good cause or that Defendants AFBA and 5Star otherwise frustrated a purpose of the Agreements in bad faith. Lovesy has failed to allege these critical facts and, therefore, the breach of implied covenant claim should be dismissed.

### E. Lovesy Is Not Entitled to an Accounting Because Defendants AFBA and 5Star Have Not Engaged in Misconduct, Do Not Owe Money to Lovesy, and Have No Fiduciary Relationship with Lovesy.

An action for accounting only lies where a fiduciary relationship exists between the parties or in cases in which the accounts involved are so complicated that an ordinary action at law demanding a fixed sum is not practicable. *See San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588, 596-97 (1896); *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934) (an accounting is only permissible in an employer-employee relationship where misconduct is shown and the facts relating to sums due are exclusively within the possession of the employer). Still, the mere existence of a complicated accounting relationship, without more, is insufficient to establish a right to an accounting. Rather, the plaintiff must also allege that the defendant committed some form of misconduct, violated a fiduciary duty, or otherwise owes money to the plaintiff. *See Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593-94 (1995). Moreover, an action for an accounting will not lie if it appears from the complaint that none is necessary or that there is an adequate remedy at law. *St. James Church of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955).

Lovesy has not alleged any facts that warrant an accounting. Although Lovesy has not defined his relationship with Defendants AFBA and 5Star as being one of agency, employment, or contractor, none of these relationships which may fairly be read in the complaint would create

DLA PIPER US LLP
SAN DIEGO

SD\1745026.1
332602-3

-14-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMO OF PS AND AS IN SUPPORT OF MOTION    CASE NO. C 07-2745

1  a fiduciary relationship among the parties.[7]  Further, as described in the preceding sections, Lovesy has not alleged facts sufficient to support Lovesy's claim that Defendants AFBA and 5Star have engaged in misconduct or otherwise owed money to Lovesy.  Lovesy's cause of action for accounting cannot stand in light of his failure to allege facts sufficient to establish that Defendants AFBA and 5Star acted wrongfully and, as a result, own Lovesy money.

## V. CONCLUSION.

For the reasons set out above, Defendants Armed Forces Benefit Association and 5Star Life Insurance Company request that the Court dismiss Lovesy's Complaint for Damages in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).

Dated:  June 20, 2007

DLA PIPER US LLP

By  /s/ Charles L. Deem
CHARLES L. DEEM
Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY

---

[7] Although an agency relationship may impose a fiduciary duty to act with loyalty on the *agent* (in this case, Lovesy), the principal generally has no fiduciary duties with respect to the agent. See Neil A. Helfman, *California Jurisprudence* § 97 (3d ed. 2007); *see also Roberts v. Lomanto*, 112 Cal. App. 4th 1553 (2003).

-15-