# EXHIBIT A

Margaret J. Grover (Bar No. 112701)
Daniel J. Kelly (Bar No. 145088)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505

Attorneys for Plaintiff
BRAD LOVESY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY,<br><br>       Plaintiff,<br>vs.<br><br>ARMED FORCES BENEFIT ASSOCIATION, 5STAR LIFE INSURANCE, LLC, THE SHUEY AGENCY, INC., TGS GROUP, INC., AND TED SHUEY,<br><br>       Defendants. | Case No. 4:07-cv-02745-SBA<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **BREACH OF CONTRACT,**<br>2. **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING,**<br>3. **INTERFERENCE WITH CONTRACT,**<br>4. **INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE,**<br>5. **FRAUD,**<br>6. **UNFAIR BUSINESS PRACTICES, AND**<br>7. **FOR AN ACCOUNTING**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Brad Lovesy alleges as follows:

**PARTIES TO THE ACTION**

1.   At all times relevant hereto Plaintiff Brad Lovesy was an individual and a resident of the State of California, employed in the County of San Francisco.

2.   Plaintiff is informed and believes and upon that basis alleges that Defendant Armed Forces Benefit Association (AFBA) is, and at all times relevant hereto was, a non-profit voluntary

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

1

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

1  membership association, having its principal place of business in Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

3. Plaintiff is informed and believes and upon that basis alleges that Defendant 5Star Life Insurance Company (5Star Life) is, and at all times relevant hereto was, a business entity, form unknown, having its principal place of business in Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

4. Plaintiff is informed and believes and upon that basis alleges that Defendant TGS Group, Inc. (TGS) is, and at all times relevant hereto was, a business entity, form unknown, having its principal place of business in Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

5. Plaintiff is informed and believes and upon that basis alleges that Defendant The Shuey Agency, Inc. (TSA) is, and at all times relevant hereto was, a business entity, form unknown, having its principal place of business in Alexandria, Virginia, and doing business in the City and County of San Francisco, State of California.

6. Plaintiff is informed and believes and upon that basis alleges that Defendant Ted Shuey is, and at all times relevant hereto was, an individual and a resident of the State of Virginia, doing business in the City and County of San Francisco, State of California.

7. Plaintiff is informed and believes and upon that basis alleges that the corporate form of Defendants TGS and TSA is merely a sham and should be disregarded, in that, among other things: TGS and TSA have shared ownership in that Ted Shuey is the sole or controlling shareholder of each; TGS and TSA are managed in a haphazard manner, such that each participates in the others' business, as may be directed by Ted Shuey; TGS and TSA are undercapitalized; the assets of TGS and TSA are intermingled and treated by Ted Shuey as his own. Plaintiff is informed and believes and upon that basis alleges that honoring the corporate form of Defendants TGS and TSA would perpetrate a fraud upon the creditors of TGS and TSA, including Mr. Lovesy. TGS, TSA, and Ted Shuey are collectively referred to as the "Shuey Defendants."

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

2

Case No.  4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

8. Plaintiff is informed and believes and upon that basis alleges that each Defendant is, and at all times relevant hereto, was the agent, servant, employee, successor, assign, or alter ego of each other Defendant. Plaintiff is further informed and believes and upon that basis alleges that, in doing the acts alleged in this Complaint, each Defendant was acting within the scope of his, her, or its authority and with the permission and consent of each other Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

10. Venue is appropriate pursuant to 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California.

## COMMON ALLEGATIONS

11. AFBA was established in February 1947 with the approval of the Chief of Staff, General of the Army, Dwight David Eisenhower. AFBA was "to promote the general welfare and economic interests of its members and their families by providing superior benefits and services principally to military families during peace and war."

12. Mr. Lovesy is informed and believes and on that basis alleges that AFBA presently provides life insurance and other financial products to nearly 300,000 service members and their families. Insurance is provided through for-profit subsidiaries of AFBA.

13. Mr. Lovesy is informed and believes and on that basis alleges that, in or about 1989, AFBA formed a holding company, now known as 5Star Financial, LLC, as an umbrella organization to house operating for-profit companies.

14. Mr. Lovesy is informed and believes and on that basis alleges that AFBA established 5Star Life in or about July 1996. Mr. Lovesy is further informed and believes that 5Star Life underwrites most of AFBA's group life insurance programs.

15. Plaintiff Brad Lovesy has a long history of serving as Regional Sales Director and Field Service Representative for AFBA and 5Star.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

3

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

16. On or about September 10, 2001, Mr. Lovesy entered a Regional Sales Director Agreement with AFBA and 5Star. The Regional Sales Director Agreement was amended on or about June 19, 2003 with a Regional Director Compensation Addendum.

17. Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy was to serve as Regional Sales Director for the states of Arizona, California, Nevada, New Mexico, and Utah (the "Assigned Region").

18. Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy was to receive an override on all business produced by the Field Sales Representatives in the Assigned Region.

19. On or about March 22, 2001, Mr. Lovesy, AFBA, and 5Star entered an Independent Field Service Representative Agreement.

20. Under the Field Service Representative Agreement, Mr. Lovesy was authorized to solicit and obtain applications for approved insurance products offered by 5Star.

21. Until approximately August 2004, Mr. Lovesy operated smoothly and profitably as Regional Sales Director and as a Field Service Representative. He had established procedures for assuring that the policy applications were processed in a timely manner and for collecting the initial premiums on contracts that were sold and for following up when service members were not making timely payments. As a result of these procedures, policies were issued, service members were provided the coverage they expected, and only a minimal number of the contracts sold by Mr. Lovesy and his agents were cancelled due to non-payment of premiums.

22. In or about August 2004, the Shuey Defendants were injected into the relationship between Mr. Lovesy, on the one hand, and AFBA and 5Star, on the other. AFBA advised Mr. Lovesy that unless he agreed to use the services of the Shuey Defendants as administrators for policies he procured and those procured by the Field Service Representatives in the Assigned Region, Mr. Lovesy's business in the Assigned Region would be taken over by the Shuey Defendants.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

4

Case No. 4:07-cv-02745-SBA
FIRST AMENDED COMPLAINT

23. AFBA and 5Star advised Mr. Lovesy that they wished to engage the Shuey Defendants to administer the policies being issued, as the Shuey Defendants had a unique ability to process payroll deductions from service members.

24. In or about September 2004, Ted Shuey made a presentation, which was attended by Mr. Lovesy and several of the individuals who worked with him soliciting and obtaining applications for AFBA and 5Star. During that presentation, Shuey explained the benefits of the Shuey Defendants serving as an administrator. Shuey explained that the Shuey Defendants could assure that *all* premiums due for the 5Star policies would be collected through payroll deduction. According to Ted Shuey, the Shuey Defendants had a well-established procedure for implementing payroll deductions and, if Mr. Lovesy signed an agreement with TGS as administrator, there would be *no* charge backs.

25. On or about August 31, 2004, Mr. Lovesy signed a Memorandum of Agreement with TSA. Under that Memorandum, Mr. Lovesy was required to cease offering products other than the group SSLI program, Better Alternative, and Select Term products offered through AFBA.

26. The Memorandum of Understanding between Mr. Lovesy and TSA also provided that TSA would collect and submit to AFBA all payroll deduction and direct billed premiums no later than the thirteenth of each month. Although Mr. Lovesy signed the Memorandum of Agreement with TSA, all subsequent contact with Mr. Lovesy regarding marketing under the Memorandum was done through TGS and/or Ted Shuey, individually, and not through TSA.

27. When Mr. Lovesy expressed his concern that he would have to give up soliciting a product offered through Colorado Banker, which had provided him with a steady income stream for approximately 3 years, Michael Kimo Wong, a Senior Vice President of AFBA, assured Mr. Lovesy that the AFBA and 5Star products being administered through the Shuey Defendants would be so lucrative that he would not miss the income from the Colorado Banker products.

28. The Shuey Defendants failed to perform their promises as administrator under the Memorandum. The Shuey Defendants had difficulty with properly implementing the payroll

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

5

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

deduction for a significant portion of the policies procured by Mr. Lovesy and other Field Service Representatives in the region assigned to Mr. Lovesy.

29. From the onset, it became clear that the Shuey Defendants could not process the applications and follow up appropriately on those that were unpaid. Applications that normally would have taken 4 weeks to process under the old AFBA system now started to take 3 to 12 months or more to process. When Mr. Lovesy questioned the delays, he was told by Ted Shuey not to worry, because this was "normal."

30. As Mr. Lovesy learned of these and many other problems, he repeatedly requested that the Shuey Defendants follow up with service members and take all steps necessary to assure that payroll deductions were processed in a timely manner and that other problems be promptly resolved.

31. Mr. Lovesy's requests were met with resistance and the Shuey Defendants failed to take the necessary steps.

32. The Shuey Defendants also failed to submit the policies in a timely manner.

33. On many occasions, Mr. Lovesy was instructed to place false dates on applications, so that it would appear that the application was current. Mr. Lovesy was concerned both about the legality of this practice and the potential impact on insurance coverage. For some service members, the processing delay created significant problems.

34. Some service members had applied for insurance and had been deployed before the Shuey Defendants processed the policy. When the Shuey Defendants requested a re-dated application, Mr. Lovesy could not comply because the service member had been assigned to active duty in Iraq or Afghanistan.

35. Some service members applied for insurance before turning 50 years old and, as a result, were not required to take a physical. However, by the time the Shuey Defendants processed the application, the service member had turned 50 and it became necessary for them to complete a physical before their application was completely processed. Service members on active duty in Iraq or Afghanistan could not comply with this requirement and were, as a result, denied the coverage that they believed was already providing security for their family members

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

6

Case No. 4:07-cv-02745-SBA
FIRST AMENDED COMPLAINT

and loved ones. In some cases the applicant returned from deployment before the policy was processed.

36. Mr. Lovey's complaints to AFBA about the Shuey Defendants' failure to follow up with service members and to take all steps necessary to assure that payroll deductions were processed in a timely manner were ignored. AFBA and 5Star refused to provide Mr. Lovesy with information about the processing of policies and payment of premiums that would have enabled Mr. Lovesy to increase significantly the number of policies upon which payment was made in a timely manner.

37. The Shuey Defendants also began to solicit business in Arizona, Nevada, and Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis. The Shuey Defendants were also given the business in Washington, a state for which Mr. Lovesy had received approval from AFBA to operate as a new territory. This authorization was subsequently withdrawn in favor of the Shuey Defendants.

38. Mr. Lovesy's objections to the usurpation of the territory were ignored by Kimo Wong of AFBA, who claimed he had no control of the Shuey Defendants.

39. Mr. Lovesy is informed and believes, and on that basis alleges, that despite AFBA's prior agreement to grant him the exclusive rights to solicit in these territories, AFBA accepted insurance policy applications solicited by the Shuey Defendants and/or individuals who had agreements to work with the Shuey Defendants. Mr. Lovesy is further informed and believes, and on that basis alleges, that despite AFBA's prior agreement to grant him the exclusive rights to solicit in these territories, 5Star issued insurance policies to service members who had been solicited by the Shuey Defendants and/or individuals who had agreements to work with the Shuey Defendants and credited commissions and overrides to the Shuey Defendants on such policies.

40. AFBA and 5Star refused to provide Mr. Lovesy with information regarding payment of premiums on the policies, which would have allowed Mr. Lovesy to follow up and assure that payments were received, so that policies could remain in place.

41. Mr. Lovesy raised some of his concerns regarding the Shuey Defendants' failures and interference in early 2006 to both AFBA and the Shuey Defendants. He also raised concerns

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

7

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

1  that AFBA, 5Star, and the Shuey Defendants were misleading and taking advantage of service
2  members in the pricing of policies. AFBA and 5Star had a reasonably priced life insurance policy,
3  which provided $250,000.00 in coverage for a premium of $16.00 per month. However,
4  Mr. Lovesy could not sell that policy unless the service member also purchased a policy that
5  provided only $10,000.00 in coverage but cost $3.66 per month. The marketing of the two
6  policies was deceptive, at best, as the service members were not told that they were actually
7  purchasing two separate policies.

8      42. On or about February 28, 2006, Mr. Lovesy advised Michael Kimo Wong, of
9  AFBA, of the problems and concerns, including concerns that AFBA, 5Star, and the Shuey
10 Defendants were misleading and taking advantage of service members. When Mr. Lovesy raised
11 his concerns, the Shuey Defendants, in response, promptly purported to cancel the Memorandum
12 of Agreement by a letter of termination erroneously indicating that Mr. Lovesy had not fulfilled
13 the Agreement. The Shuey Defendants further notified Mr. Lovesy that they would be taking the
14 SSLI program under their own structure. This caused significant interruption and interference
15 with the business operations of Mr. Lovesy and has resulted in the loss of income and prospective
16 economic advantage.

17     43. Mr. Lovesy, during his tenure as Regional Sales Director for AFBA, was provided
18 by AFBA with a Birthday List, which he could use to solicit potential insureds. For most of the
19 time that he received the Birthday List, Mr. Lovesy permitted other agents to work the leads
20 contained on the Birthday List.

21     44. For two months in 2006, Mr. Lovesy personally made sales calls based upon the
22 Birthday List. Mr. Lovesy's Birthday List solicitation was very successful and resulted in a
23 dramatic increase in sales as compared to the other agents who he had permitted to work the
24 Birthday List, which included the states of Alaska, Arizona, California, Montana, Nevada, New
25 Mexico, Oregon, Utah, and Wyoming.

26     45. Mr. Lovesy reasonably anticipated that, as he established his own procedures for
27 use of the Birthday List and followed up on policies procured through the Birthday List, it would
28 generate even greater profits for both Mr. Lovesy and AFBA.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

8

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

46. In or about October 2006, in response to Mr. Lovesy's raising concerns about the deceptive practices and failure to provide service members with insurance coverage, AFBA ceased providing Mr. Lovesy with the Birthday List and has failed and refused to provide the Birthday List.

47. By letter of May 7, 2007, 5Star notified Mr. Lovesy of its intent to terminate his agreement effective June 6, 2007. 5Star demanded immediate payment of "any outstanding debt" and advised Mr. Lovesy of its intent to continue to send notices of indebtedness for future charge-backs. Many of the charge-backs AFBA is seeking to collect are the direct result of the Shuey Defendants' failure to process applications and implement automatic deductions in a timely manner.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against AFBA and 5 Star Life)

48. Plaintiff incorporates the allegations contained in Paragraphs 1 through 47 as though fully set forth herein.

49. Mr. Lovesy has performed all conditions, covenants, and promises required of him as provided under the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, except where prevented or excused from performance.

50. Defendants AFBA and 5Star breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy.

51. Mr. Lovesy is informed and believes that AFBA and 5Star refused to pay commissions and overrides due to him under the agreement permitting him exclusive rights within the Assigned Region and, instead, paid such commissions and overrides to the Shuey Defendants and/or persons or entities affiliated with the Shuey Defendants.

52. Mr. Lovesy is further informed and believes that AFBA and 5Star refused to pay commissions and overrides due to him, asserting that they had a right of offset on such

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

9

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

commissions and overrides due to charge backs for policies sold when AFBA and 5Star had failed and refused to make reasonable efforts to collect the premiums.

53. Defendants further breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants AFBA and 5Star Life and their agents, the Shuey Defendants.

54. As a proximate result of the Defendants' breach of the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

## SECOND CAUSE OF ACTION

**(Breach of the Covenant of Good Faith and Fair Dealing)**

**(Against AFBA and 5 Star Life)**

55. Plaintiff incorporates the allegations contained in Paragraphs 1 through 54 as though fully set forth herein.

56. The 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement contained implied covenants of good faith and fair dealing, under which AFBA and 5 Star Life promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of those agreements in retaliation for lawful action taken to assure performance of those agreements.

57. Mr. Lovesy has performed all conditions, covenants, and promises required of him as provided under the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, except where prevented or excused from performance.

58. Defendants breached the covenant of good faith and fair dealing implied in the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, requiring Mr. Lovesy to rely upon the Shuey Defendants to process policies, permitting the Shuey Defendants to solicit policies in the Assigned Region, failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

10

Case No.  4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

1 and terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants AFBA and 5Star Life and their agents, the Shuey Defendants.

59. As a proximate result of the Defendants' breach of the covenants of good faith and fair dealing contained in the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

### THIRD CAUSE OF ACTION

(Interference with Contract)

(Against The Shuey Defendants)

60. Plaintiff incorporates the allegations contained in Paragraphs 1 through 59 as though fully set forth herein.

61. The 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement constituted valid contracts between Mr. Lovesy, on the one hand, and AFBA and 5 Star Life, on the other.

62. The Shuey Defendants knew of the Regional Sales Director Agreement and the Independent Field Service Representative Agreement.

63. The Shuey Defendants intentionally engaged in acts designed to induce breaches or disruptions of the contractual relationship.

64. As a result of actions or omissions by the Shuey Defendants, the contractual relationship between Mr. Lovesy, on the one hand, and AFBA and 5 Star Life, on the other, was breached or disrupted.

65. As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

66. Mr. Lovesy is informed and believes, and on that basis alleges, that the Shuey Defendants acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants'

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

11

Case No. 4:07-cv-02745-SBA
FIRST AMENDED COMPLAINT

actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

### FOURTH CAUSE OF ACTION

**(Interference with Prospective Economic Advantage)**

**(Against The Shuey Defendants)**

67. Plaintiff incorporates the allegations contained in Paragraphs 1 through 66 as though fully set forth herein.

68. Mr. Lovesy procured numerous insurance policies on behalf of AFBA and 5 Star Life. In addition, Independent Field Service Representatives in the Assigned Region procured numerous insurance policies on behalf of AFBA and 5 Star Life.

69. Pursuant to the terms of his agreements with AFBA and 5 Star Life, Mr. Lovesy was to receive commissions and overrides on each of the policies issued in the Assigned Region.

70. The Shuey Defendants knew of the sales of insurance policies and Mr. Lovesy's right to receive commissions and overrides on each of the policies issued in the Assigned Region.

71. The Shuey Defendants engaged in intentional acts designed to disrupt the relationship, including, but not limited to, failing and refusing to collect the initial premiums on contracts that were sold, failing and refusing to follow up when service members were not making timely payments, impeding Mr. Lovesy's ability to collect premiums and follow up when service members were not making timely payments, and, engaging in direct sales within the Assigned Region.

72. As a result of actions or omissions by the Shuey Defendants, the relationship between Mr. Lovesy, the service members who purchased policies, and AFBA and 5 Star Life, on the other, was breached or disrupted.

73. As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

74. Mr. Lovesy is informed and believes, and on that basis alleges, that the Shuey Defendants acted with fraud, oppression, or malice for the purpose of interfering with

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

12

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

### FIFTH CAUSE OF ACTION

(Breach of Contract)

(Second Count)

(Against The Shuey Defendants)

75. Plaintiff incorporates the allegations contained in Paragraphs 1 through 74 as though fully set forth herein.

76. Mr. Lovesy had performed all conditions, covenants, and promises required under him as provided under the 2004 Memorandum of Agreement entered into by and between Mr. Lovesy and the Shuey Defendants, except where prevented or excused from performance.

77. The Shuey Defendants breached the 2004 Memorandum by failing to collect and submit to AFBA all payroll deductions and direct billed premiums no later than the thirteenth of each month.

78. As a proximate result of the Shuey Defendants' breach of the Memorandum, Mr. Lovesy has sustained damages which resulted in AFBA asserting charge-backs to Mr. Lovesy. These charge-backs were the direct result of the Shuey Defendants' failures to collect and promptly submit all payroll deductions and direct billed premiums from servicemen based on policies procured by Mr. Lovesy. As a further direct and proximate result of this breach of contract by the Shuey Defendants, Mr. Lovesy's agreements were terminated.

### SIXTH CAUSE OF ACTION

(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

(Second Count)

(Against The Shuey Defendants)

79. Plaintiff incorporates the allegations contained in Paragraphs 1 through 78 as though fully set forth herein.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

13

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

80. The 2004 Memorandum of Agreement contained an implied covenant of good faith and fair dealing, under which the Shuey Defendants promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of that agreement in retaliation for lawful action taken to assure performance of that agreement.

81. Mr. Lovesy has performed all conditions, covenants, and promises required of him as provided under the 2004 Memorandum of Agreement, except where prevented or excused from performance.

82. The Shuey Defendants breached the covenant of good faith and fair dealing implied in the 2004 Memorandum of Agreement by, among other things, requiring Mr. Lovesay to rely upon the Shuey Defendants to process policies, which were not timely processed thereby frustrating Mr. Lovesy's attempt to procure new contracts.

83. In further breach of the covenant of good faith and fair dealing, The Shuey Defendants terminated the Memorandum of Agreement in retaliation for Mr. Lovesy complaining to The Shuey Defendants, AFBA, 5Star and the National Guard Association of California regarding The Shuey Defendants' failure to process applications and complete payroll or direct payment requests in a timely manner.

## SEVENTH CAUSE OF ACTION

### (Fraud)

### (Against The Shuey Defendants)

84. Plaintiff incorporates the allegations contained in Paragraphs 1 through 83 as though fully set forth herein.

85. In an effort to induce Mr. Lovesy to permit the Shuey Defendants to provide administrative services, Ted Shuey, individually on his own behalf, and as an agent of all Defendants, made various misrepresentations. In or about September 2004, Ted Shuey made a verbal representation to Mr. Lovesy stating that, with the Shuey Defendants as administrator, *all* premiums due for the 5Star policies would be collected through payroll deduction and there would be *no* charge backs.

86. Ted Shuey knew these statements were false when made.

87. Ted Shuey made these statements with the intent to defraud Mr. Lovesy and to induce him to alter his position and enter into an administrative agreement with the Shuey Defendants.

88. Mr. Lovesy did justifiably and reasonably rely on Ted Shuey's promises and alter his position by entering in the Memorandum of Agreement, permitting the Shuey Defendants to assume duties from AFBA and 5Star, including the processing of applications and collection of premiums on policies procured in the Assigned Region.

89. As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

90. Mr. Lovesy is informed and believes, and on that basis alleges, that Defendants acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

## EIGHTH CAUSE OF ACTION

### (Unfair Business Practices)

### (Against All Defendants)

91. Plaintiff incorporates the allegations contained in Paragraphs 1 through 90 as though fully set forth herein.

92. In order to continue doing business with AFBA and 5Star, Mr. Lovesy was required to sign an agreement that prevented him from offering products other than the group SSLI program, Better Alternative, and Select Term products offered through AFBA. He was further required to give up soliciting a product offered through Colorado Banker, a product that had provided him with a steady income stream for approximately 3 years.

93. In insisting that Mr. Lovesy cease earning his living by sale of these products, Defendants violated California Business and Professions Code Section 16600, which states "Except as provided in this chapter, every contract by which anyone is restrained from engaging in

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

15

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

a lawful profession, trade, or business of any kind is to that extent void." Defendants' actions constituted unfair business practices, which deprived Mr. Lovesy of the benefits and privileges and concomitant monetary gains to which he is entitled while Defendants continue to accrue unjust gains by virtue of their wrongful conduct.

94. Defendants' conduct constitutes unfair and unlawful business acts or practices within the meaning of the Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*

95. As a result of Defendants' unfair and unlawful business acts or practices, Mr. Lovesy has been denied the benefits to which he is entitled under applicable law.

96. By reason of the wrongful manner in which Defendants have deprived Mr. Lovesy of the benefits to which he is entitled, Defendants are involuntary trustees holding any proceeds obtained therefrom in constructive trust for Mr. Lovesy's benefit, with the duty to account for and to convey those proceeds to Mr. Lovesy.

97. Mr. Lovesy is informed and believes and upon that basis alleges that Defendants have been unjustly enriched by their wrongful conduct, which thereby justifies the imposition of a constructive trust, penalties imposed by statute, and any other remedy allowed by law.

## NINTH CAUSE OF ACTION

### (For an Accounting)

### (Against AFBA and 5Star)

98. Plaintiff incorporates the allegations contained in Paragraphs 1 through 97 as though fully set forth herein.

99. The exact amount of money due from AFBA and 5Star as a result of these Defendants' breach of duties, improper chargebacks and withholdings, and failure to account for income is unknown and cannot be ascertained without an accounting from Defendants of the amount of money received and distributed.

100. AFBA are now asserting that certain charge-backs apply to Mr. Lovesy's commissions and earnings. As a result, AFBA and 5Star have failed to pay Mr. Lovesy the commissions that he has earned as a result of his status as a Field Service Representative and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

16

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

1  Regional Sales Director for 5Star and AFBA.  5Star and AFBA claim that certain charge-backs
2  apply to off-set the commissions earned.  What charge-backs are being alleged and as to which
3  commissions owed these alleged charge-backs have been or will be applied is known only by
4  AFBA and 5Star.

5    101. Mr. Lovesy requests that this Court order an accounting by AFBA and 5Star of all
6  monies received in connection with policies issued in the Assigned Region and amounts paid to
7  Mr. Lovesy.

8    102. Mr. Lovesy further requests that he have judgment for all sums due, as shown by
9  such an accounting.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Brad Lovesy respectfully requests entry of judgment and relief as follows:

First Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For interest in accordance to proof;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Second Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For interest in accordance to proof;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Third Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

17

Case No.  4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

2. For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3. For interest in accordance to proof;

4. For cost of suit; and

5. For such other and further relief as the Court deems just and proper.

Fourth Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3. For interest in accordance to proof;

4. For cost of suit; and

5. For such other and further relief as the Court deems just and proper.

Fifth Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For interest in accordance to proof;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Sixth Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For interest in accordance to proof;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Seventh Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

18

Case No.  4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT

2. For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3. For interest in accordance to proof;

4. For cost of suit; and

5. For such other and further relief as the Court deems just and proper.

Eighth Cause of Action:

1. For disgorgement or restitution of Defendants' unjust gain;

2. For reasonable attorney's fees;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Ninth Cause of Action:

1. For an accounting;

2. For disgorgement or restitution of amounts improperly held by Defendants;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Dated: September 10, 2007

HAIGHT BROWN & BONESTEEL LLP

By: /s/ Margaret J. Grover
Margaret J. Grover
Attorneys for Plaintiff
BRAD LOVESY

**JURY DEMAND**

Mr. Lovesy demands a trial by jury.

Dated: September 10, 2007

HAIGHT BROWN & BONESTEEL LLP

By: /s/ Margaret J. Grover
Margaret J. Grover
Attorneys for Plaintiff
BRAD LOVESY
LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3272679.1

19

Case No. 4:07-cv-02745-SBA
FIRST AMENDED
COMPLAINT