Margaret J. Grover (Bar No. 112701)
Daniel J. Kelly (Bar No. 145088)
Elizabeth J. Gehlhar (Bar No. 213054)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, CA 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505

Attorneys for Plaintiff BRAD LOVESY

Charles L. Deem, (Bar No. CA-110557)
Brooke L. Killian, (Bar No. CA-239298)
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone: 619.699.2700
Facsimile: 619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY,<br><br>Plaintiff,<br><br>vs.<br><br>ARMED FORCES BENEFIT ASSOCIATION; 5STAR LIFE INSURANCE, LLC; THE SHUEY AGENCY, INC., TGS GROUP, INC.; TED SHUEY ,<br><br>Defendants. | Case No. C 07-2745 SBA<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Hearing Type: Initial Case Management Conference<br>Date: September 26, 2007<br>Time: 2:45 p.m.<br>Ctrm: 3<br>Judge: Hon. Saundra B. Armstrong<br><br>Complaint Filed: May 24, 2007 |

Plaintiff Brad Lovesy and Defendants Armed Forces Benefit Association (AFBA) and 5Star Life Insurance Company, formerly known as AFBA Life Insurance Company and erroneously sued herein as 5Star Life Insurance, LLC (5Star Life) jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case. TGS Group, Inc. and Ted Shuey have been served, but have asserted that they are not properly before the Court because they have not yet

responded to the initial complaint. Counsel for TGS Group and Ted Shuey declined to participate in preparing this Joint Case Management Conference Statement.

1. **Jurisdiction and Service:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States. All parties named in the original complaint have been served. Defendants AFBA and 5Star Life have filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has prepared a First Amended Complaint to address concerns raised in the Motion and has submitted it to the Court together with a Stipulation and Proposed Order permitting it to be filed.

Defendants TGS Group, Inc. and Ted Shuey have been served, but have not answered because the parties agreed that an answer would be filed after the First Amended Complaint had been filed. An additional defendant, The Shuey Agency, Inc., has been named in the First Amended Complaint and will be served after the First Amended Complaint is filed.

2. **Facts:**

**The following factual issues are not in dispute:**

AFBA provides life insurance products to United States service members and their families.

Plaintiff Brad Lovesy served as Regional Sales Director and Field Service Representative for AFBA and 5Star Life.

Ted Shuey, The Shuey Agency, Inc., and/or TGS Group, Inc. (the Shuey Defendants) provide administrative services for insurance policies procured by the Field Service Representatives associated with AFBA and 5Star Life.

The administrative services provided by the Shuey Defendants include, among other things, processing of applications and life insurance payments through payroll deductions for the state-sponsored life insurance program for members of the National Guard.

**Mr. Lovesy provides the following disputed factual issues:**

Whether Mr. Lovesy was appointed as the exclusive Regional Sales Director and was, as a result, entitled to an override of all business for the states of Arizona, California, Nevada, New Mexico, and Utah (the Assigned Region).

Whether AFBA advised Mr. Lovesy that, unless he agreed to use the services of the Shuey Defendants as administrators for 5Star Life policies, Mr. Lovesy would no longer be able to conduct business in the Assigned Region.

Whether Ted Shuey, on behalf of the Shuey Defendants, falsely stated that, if Mr. Lovesy signed an agreement with TGS as administrator, the agreement would be mutually beneficial and there would be *no* charge backs for policies procured in the Assigned Region.

Whether Ted Shuey, on behalf of the Shuey Defendants, stated that, if Mr. Lovesy signed an agreement with TGS as administrator, the agreement would be mutually beneficial and there would be *no* charge backs for policies procured in the Assigned Region for the purpose of inducing Mr. Lovesy to sign an agreement, and with the eventual goal of assuming Mr. Lovesy's profitable business in the Assigned Region.

Whether the Shuey Defendants failed to process in a timely manner the insurance policies procured by Mr. Lovesy and the agents who worked in the Assigned Region.

Whether the Shuey Defendants failed to obtain payment in a timely manner for those insurance policies procured by Mr. Lovesy and the agents who worked in the Assigned Region and failed to establish payroll deductions for the service members.

Whether the Shuey Defendants failed to perform their promises as administrator under the Memorandum of Agreement at issue in this case.

Whether AFBA ignored Mr. Lovesy's efforts to correct the Shuey Defendants' failure to follow up with service members and to take all steps necessary to assure that payroll deductions were processed in a timely manner.

Whether AFBA and 5Star Life refused to provide Mr. Lovesy with information about the processing of policies and payment of premiums that would have enabled



LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

Mr. Lovesy to increase significantly the number of policies upon which payment was made in a timely manner.

Whether AFBA and 5Star Life improperly withheld payments from Mr. Lovesy or purported to make charge backs against amounts owed to Mr. Lovesy claiming that policies had not been processed or payment had not been received, but denying Mr. Lovesy the information and ability to rectify the purported deficiencies.

Whether AFBA and 5Star Life improperly terminated Mr. Lovesy's services and refused to provide him with the Birthday List.

Whether the Shuey Defendants improperly canceled the Memorandum of Agreement with Mr. Lovesy.

Whether the Shuey Defendants began to solicit business in Arizona, Nevada, and Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis.

Whether the Shuey Defendants began to solicit business in Washington, a state for which Mr. Lovesy had received approval from AFBA to operate as a new territory.

Whether AFBA and 5Star Life accepted business procured by the Shuey Defendants in the Assigned Regions during the time that the region was assigned to Mr. Lovesy on an exclusive basis.

Whether AFBA and 5Star Life established deceptive practices in the pricing of life insurance policies to service members.

Whether the corporate form of Defendants TGS and TSA is merely a sham and should be disregarded, in that, among other things: TGS and TSA have shared ownership in that Ted Shuey is the sole or controlling shareholder of each; TGS and TSA are managed in a haphazard manner, such that each participates in the others' business, as may be directed by Ted Shuey; TGS and TSA are undercapitalized; the assets of TGS and TSA are intermingled and treated by Ted Shuey as his own.

Whether honoring the corporate form of Defendants TGS and TSA would perpetrate a fraud upon the creditors of TGS and TSA, including Mr. Lovesy.

**AFBA and 5Star Life provide the following additional disputed facts:**

Whether 5 Star Life underwrites most of AFBA's group life insurance programs and offers individual life insurance products.

Whether the Regional Sales Director Agreement Lovesy signed on March 22, 2001, and 5Star Life representatives signed on April 6, 2001, stated: "VIII. Termination With or Without Cause. This Agreement may be terminated by either party with or without cause, upon written notice sent to the last known address."

Whether the Field Service Representative Agreement Lovesy signed on March 22, 2001, and 5Star Life representatives signed on April 6, 2001, stated: "VI. Termination. A. This Agreement may be terminated without cause by either party upon at least thirty (30) days prior written notice to the other party. Such termination shall be effective thirty (30) days after the mailing of written notice thereof, or on the date specified in such notice, if later."

Whether the Independent Field Service Representative Agreement Lovesy signed on June 4, 2003, and 5Star Life representatives signed on June 20, 2003, stated: "VI. Termination. A. Termination by Notice: This Agreement may be terminated without cause by either party upon at least thirty (30) days prior written notice to the other party. Such termination shall be effective thirty (30) days after the mailing of written notice thereof, or on the date specified in such notice, if later."

Whether AFBA and/or 5Star Life were obligated under any contractual agreement with Mr. Lovesy to provide Mr. Lovesy with "specific information" about the processing of policies and payments of premiums "that would have enabled Mr. Lovesy to increase significantly the number of policies upon which payment was made in a timely manner," as alleged by Mr. Lovesy, and if so, whether AFBA and/or 5Star Life fulfilled such obligations under the agreements.

Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligates AFBA and/or 5Star Life to take action in the face of "Mr. Lovesy's efforts to correct the Shuey Defendants' failure to follow up with service members and to take all steps



LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

necessary to assure that payroll deductions were processed in a timely manner," as alleged by Mr. Lovesy.

Whether AFBA or 5Star Life contracted to permit Mr. Lovesy to operate in the states of Arizona, California, Nevada, New Mexico, Washington, and/or Utah on an exclusive basis.

Whether the Shuey Defendants solicited business in the States of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life prohibited AFBA and/or 5Star Life from accepting life insurance policy applications sold or brokered by the Shuey Defendants in the states of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligated AFBA or 5Star Life to provide Mr. Lovesy with the "Birthday List."

Whether AFBA and/or 5Star Life are currently obligated under any contract between Mr. Lovesy and AFBA and/or 5Star Life to make payments to Mr. Lovesy related to alleged "chargebacks."

Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such termination occurred.

Whether 5Star Life terminated any agreement with Mr. Lovesy, and if so, when such termination occurred.

**3. Legal Issues**:

**The parties agree that the following legal issues are present in this case:**

Whether the alleged actions of Defendants AFBA or 5Star Life breached any contracts with Mr. Lovesy?

Whether Defendants The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey interfered with any contractual relationship between Mr. Lovesy and AFBA or 5Star Life?

/////

/////

Whether Defendants The Shuey Agency, Inc., TGS Group, Inc., or Ted Shuey interfered with the prospective economic advantage of Mr. Lovesy and AFBA or 5Star Life?

Whether Defendants The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey breached the covenant of good faith and fair dealing with respect to the 2004 Memorandum of Agreement?

Whether the actions of Defendants The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey constituted fraud?

Whether Mr. Lovesy's agreements with Defendants, which purportedly required Mr. Lovesy to stop selling products other than those offered through AFBA, constituted a violation of California Business & Professions Code section 16600, and consequently a violation of California Business & Professions Code section 17200?

Whether Plaintiff is entitled to an accounting as against Defendants AFBA and 5Star Life?

Whether Mr. Lovesy suffered damages as the result of the Defendants' alleged acts or omissions, and, if so, the amount of such alleged damages?

Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and Ted Shuey in respect to the interference with prospective economic advantage cause of action merit the award of exemplary damages?

Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and/or Ted Shuey in respect to the interference with contract cause of action merit the award of exemplary damages?

**The following are additional legal issues included by Mr. Lovesy:**

Whether all Defendants' actions constituted unfair business practices?

What damages Mr. Lovesy is entitled to recover as the result of the Defendants' unlawful behavior?

/////

/////

**The following are additional legal issues included by Defendants AFBA and 5Star Life:**

Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such termination occurred?

Whether Mr. Lovesy's First Amended Complaint, and each purported claim for relief alleged therein, fail to state a claim upon which relief can be granted?

Whether Mr. Lovesy's First Amended Complaint, and each of its alleged counts, fail to allege any purported wrong attributable to Defendants?

Whether any and all events and happenings alleged in the First Amended Complaint and the purported resulting injuries and damages, if any, referred to therein, were proximately caused by the negligent, wrongful, and/or tortious conduct of Mr. Lovesy or other unknown parties?

Whether Defendants have fully performed their obligations, if any, under the purported agreements at issue in this action, and therefore Defendants' obligations to perform have been discharged?

Whether Mr. Lovesy is barred from relief on his claims because Defendants' purported performance, if any, was excused by the acts and/or omissions of Plaintiff and/or others?

Whether Mr. Lovesy's purported claims are barred by the doctrine of estoppel?

Whether Mr. Lovesy's purported claims are barred by the doctrine of waiver?

Whether Mr. Lovesy's purported claims are barred by the doctrine of laches?

Whether Mr. Lovesy's purported claims are barred by the doctrine of unclean hands?

Whether Mr. Lovesy had failed to act reasonably to mitigate or minimize the purported damages or harm he claims?

Whether Mr. Lovesy failed to exercise ordinary care, caution or prudence to avoid the purported injuries and damages, if any, referred to in the First Amended Complaint,

and whether Mr. Lovesy's alleged negligence proximately caused and contributed to some or all of the purported damages, if any, claimed by Lovesy?

Whether Mr. Lovesy's alleged injuries or damages were proximately caused by the intervening or supervening conduct, including, but not limited to, negligent, reckless, or intentional acts or omissions, of persons and entities other than Defendants?

Whether Mr. Lovesy breached the implied covenant of good faith and fair dealing owed to Defendants, and Defendants' performance is thereby excused?

Whether Mr. Lovesy's First Amended Complaint, and each of its alleged counts, are barred, in whole or in part, as a result of an accord and satisfaction?

Whether Mr. Lovesy's complaint, and each of its alleged counts, are barred by the applicable statutes of limitation, including, but not limited to, those set forth in California Code of Civil Procedure Sections 337, 337a, 338, 339, 340, 343, and 344?

Whether Mr. Lovesy is barred from relief on the First Amended Complaint, and each of its alleged counts, because no conditions have occurred that would trigger liability of Defendants for any loss allegedly suffered by Lovesy?

Whether Mr. Lovesy is barred from relief on the First Amended Complaint, and each of its alleged counts, by the provisions, terms, conditions and limitations under the purported agreement(s) upon which Lovesy bases his purported counts?

Whether Mr. Lovesy's First Amended Complaint, and each of its alleged counts, are barred because of lack of consideration?

Whether Mr. Lovesy's First Amended Complaint, and each of its alleged counts, are barred because of failure of consideration?

Whether Mr. Lovesy is barred from any recovery on his First Amended Complaint, and each of its alleged counts, under the doctrine of unjust enrichment?

Whether Defendants are entitled to a set-off against Mr. Lovesy's money demands.

Whether Mr. Lovesy's First Amended Complaint, and each of its alleged counts, fail to state facts sufficient to justify an award of punitive damages?

Whether Mr. Lovesy's purported claims for punitive damages are barred by the provisions of California Civil Code Sections 3300 and 3301?

Whether Mr. Lovesy's purported claims for punitive damages violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution?

Whether Mr. Lovesy's purported claims for punitive damages violate Article I, Section 7(a) of the Constitution of the State of California?

Whether Mr. Lovesy's purported claims for punitive damages violate the Eighth Amendment to the United States Constitution barring the imposition of excessive fines?

Whether Mr. Lovesy's purported claims for punitive damages violate Article I, Section 17 of the Constitution of the State of California barring the imposition of excessive fines?

Whether Mr. Lovesy's purported claims for punitive damages violate Article I, Section 10 of the United States Constitution barring the impairment of contracts?

Whether Mr. Lovesy's purported claims for punitive damages violate Article I, Section 9 of the Constitution of the State of California barring the impairment of contracts?

**4. Motions:**

The parties stipulated to the filing of the First Amended Complaint and the stipulation and a proposed order were filed with the Court. Defendants AFBA and 5Star Life informed the Court that the Motion to dismiss the original complaint is moot.

Defendants AFBA and 5Star Life anticipate filing a Motion to Dismiss the First Amended Complaint and a Motion for Summary Judgment. Mr. Lovesy may file a Motion for Summary Judgment or Partial Summary Judgment as to one or more of the affirmative defenses.

**5. Amendment of Pleadings:**

The parties filed a stipulation allowing Mr. Lovesy to file a First Amended Complaint. Plaintiff's First Amended Complaint will add The Shuey Agency, Inc. as a defendant to this action. The remainder of the changes present in the First Amended



LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

Complaint relate to additional factual assertions with respect to the causes of action alleged in the original complaint.

Mr. Lovesy may seek to amend his Complaint in response to any Motion to Dismiss filed by Defendants.

**6. Evidence Preservation:**

Mr. Lovesy has retained most relevant evidence only in hard copy, as he does not control the server on which his electronic mail is stored. Mr. Lovesy does not have any document destruction program and has not knowingly erased any electronic mail messages or other electronically-recorded material.

AFBA and 5Star Life have taken steps to preserve evidence relevant to this litigation. Specifically, AFBA and 5Star Life have taken steps to preserve documents, including electronic communications, which existed at the time Mr. Lovesy served his complaint against Defendants. AFBA and 5Star Life have terminated their ordinary document destruction policy and placed a litigation hold on those documents and data that they reasonably believe are relevant.

**7. Disclosures:**

The parties will comply with the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure on or before October 30, 2007.

**8. Discovery:**

The parties have agreed to defer the initial exchange pursuant to Rule 26 to October 30, 2007. Mr. Lovesy anticipates serving initial requests for production of documents on each Defendant and Notices of Deposition as to corporate persons most knowledgeable before the Initial Case Management Conference.

The parties do not presently anticipate requesting any limitations or modifications of the discovery rules.

/////

/////

/////



LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

**Mr. Lovesy's Proposed Discovery Plan**

| | |
|---|---|
| Document Requests to Each Defendant | October 2007 |
| Depositions of Corporate Person(s) Most Knowledgeable | November and December 2007 |
| Deposition of Ted Shuey | January or February 2008 |
| Deposition of 5Star Life witness | January or February 2008 |
| Deposition of AFBA witness | January or February 2008 |
| Deposition of the Shuey Defendants' witness | January or February 2008 |
| Contention Interrogatories to each Defendant | April 2008 |
| Depositions of Third Parties | April 2008 |
| Additional Written Discovery | April and May 2008 |
| Expert Witness Discovery | June 2008 |

**AFBA /5Star Life's Proposed Discovery Plan**

| | |
|---|---|
| Request for Production of Documents to Mr. Lovesy | October or November 2007 |
| Interrogatories to Mr. Lovesy | October or November 2007 |
| Requests for Admission to Mr. Lovesy | October or November 2007 |
| Deposition of Mr. Lovesy | November or December 2007 |
| Depositions of Corporate Person(s) Most Knowledgable | November and December 2007 |
| Additional Depositions | January or February 2008 |
| Depositions of Third Parties | January through April 2008 |
| Contention Interrogories to Mr. Lovesy | April 2008 |

| | |
|---|---|
| Additional Written Discovery | April and May 2008 |
| Expert Witness Discovery | June 2008 |

**9. Class Actions:**

This case is not a class action.

**10. Related Cases:**

No other cases are related to the present case.

**11. Relief:**

**Mr. Lovesy includes the following with respect to the amount and types of damages claimed by him:**

Mr. Lovesy seeks to recover damages that are in excess of $700,000 to date. If this loss is projected for the period that Mr. Lovesy anticipated working with AFBA, the amount is significantly higher. Damages include, but are not limited to, the following:

1. In August 2004, Mr. Lovesy was unlawfully forced to give up business opportunities selling products offered by Colorado Banker. This business produced a revenue stream of approximately $6,000 per month. To date, Mr. Lovesy estimates his loss of this line to be $216,000. He had every reason to believe that he would be able to continue this profit stream for the next 15 years. Thus, his total loss resulting from the inability to sell Colorado Banker products will exceed $1,200,000.00.

2. To date, Mr. Lovesy has been charged nearly $60,000 in charge backs. TGS promised there would be no charge backs if Mr. Lovesy did business with it as administrator. The number of charge backs, however, increased dramatically once TGS took over responsibility for collecting premiums and are a direct result of TGS's failure to perform its contractual obligations in a reasonable manner.

3. Mr. Lovesy has been denied the opportunity to continue acting as Field Service Representative and Regional Sales Director. From these contracts, Mr. Lovesy earned more than $43,000 per month on average. To date, the total loss



LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
San Francisco

is $731,000. Mr. Lovesy reasonably believed he would be able to continue this business for the next 15 years. Thus, his total damages related to loss of his Field Service Representative and Regional Sales Director positions exceed $8,000,000.00.

4. Mr. Lovesy has been denied the opportunity to procure sales through the Birthday List. When Mr. Lovesy personally worked the Birthday List, it produced sales generating a monthly income to Mr. Lovesy averaging $22,000. Even had this income not increased, Mr. Lovesy's losses to date are $242,000. Again, Mr. Lovesy expected to continue this business for the next 15 years. Thus, his future damages related to loss of the Birthday List are at least $3,960,000.00.

5. Mr. Lovesy lacks sufficient information to estimate the losses due to interference in his assigned region. Mr. Lovesy will be seeking all records of sales in the Assigned Region, so as to determine what he should have been paid.

6. Interest, costs, and attorneys' fees.

**Defendants AFBA and 5Star Life include the following with respect to the amount and types of damages claimed by Mr. Lovesy:**

Defendants AFBA and 5Star Life dispute that Mr. Lovesy has been injured or damaged in the manner and sum described above, or at all. Furthermore, Defendants AFBA and 5Star Life dispute that Mr. Lovesy would be entitled to the damages described above in Paragraph one, even if each and every allegation in the Complaint were true.

**12. <u>Settlement and ADR</u>:**

The parties request an Early Settlement Conference with a Magistrate Judge. The parties are not aware of any discovery or motions needed to pursue settlement discussions. To avoid the amount of attorneys' fees becoming a barrier to resolution, the parties request that the Early Settlement Conference be scheduled at the earliest opportunity.

/////

/////

/////

**13. Consent to Magistrate Judge for All Purposes:**

The parties do not consent to have a magistrate judge conduct any proceedings in the matter, including trial other than those proceedings typically handled by the magistrate judge under the direction of the United States District Judge.

**14. Other References:**

The matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**

As the parties have not conducted any discovery, they lack sufficient information about the matter to narrow the issues by agreement, but agree to engage in good faith discussions of narrowing the issues as the case progresses.

**16. Expedited Schedule:**

The parties do not believe this case is suitable for an expedited schedule.

**17. Scheduling:**

The parties agree to the following schedule, if it fits with the Courts availability:

| | |
|---|---|
| Non-Expert Discovery Cut Off | May 16, 2008 |
| Hearing of Dispositive Motions: | May 30, 2008 |
| Initial Designation of Experts | June 2, 2008 |
| Disclosure of Rebuttal Experts | June 20, 2008 |
| Expert Discovery Cut Off | July 8, 2007 |
| Pretrial Conference | July 24, 2008 |
| Trial | September 22, 2008 |

**18. Trial:**

Mr. Lovesy requests a jury trial.

The parties expect the trial will last for the following number days: 10.

/////

/////

/////

19. **Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff and Defendants AFBA and 5Star Life have filed the Certificates of Interested Entities or Persons required by Civil Local Rule 3-16 attached as Exhibit A to this Case Management Statement.

20. **Other Matters:**

There are no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL:**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochures entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: September 13, 2007

HAIGHT BROWN & BONESTEEL LLP

By: /s/ Elizabeth J. Gehlhar
Elizabeth J. Gehlhar
Attorneys for Plaintiff
BRAD LOVESY

Dated: September 13, 2007

DLA PIPER US LLP

By: /s/ Charles L. Deem
Charles L. Deem
Attorneys for Defendants ARMED FORCES BENEFITS ASSOCIATION and 5STAR LIFE INSURANCE COMPANY

**Attestation Pursuant to General Order No. 45, Section X**

The concurrence in the electronic filing of this document has been obtained from the signatories.

Dated: September 13, 2007 /s/ Elizabeth J. Gehlhar