1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Elizabeth J. Gehlhar (Bar No. 213054)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, CA 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiff BRAD LOVESY
6
   Charles L. Deem (Bar No. CA-110557)
7  Brooke L. Killian (Bar No. CA-239298)
   DLA PIPER US LLP
8  401 B Street, Suite 1700
   San Diego, CA 92101-4297
9  Telephone: 619.699.2700
   Facsimile: 619.699.2701
10
   Attorney for Defendants
11 ARMED FORCES BENEFIT ASSOCIATION
   and 5STAR LIFE INSURANCE COMPANY
12
   Michael T. McKeeman (Bar No. 173662)
13 Robin M. Cleary (Bar No. 192489)
   SEYFARTH SHAW LLP
14 560 Mission Street, Suite 3100
   San Francisco, California 94105
15 Telephone: 415.397.2823
   Facsimile: 415.397.8549
16
   Attorneys for Defendants
17 THE SHUEY AGENCY, INC.,
   TGS GROUP, INC. and TED SHUEY
18
19              UNITED STATES DISTRICT COURT

20            NORTHERN DISTRICT OF CALIFORNIA

21
   BRAD LOVESY,                         )   Case No. C 07-2745 SBA
22                                      )
            Plaintiff,                  )   **JOINT CASE MANAGEMENT**
23                                      )   **STATEMENT AND [PROPOSED]**
        vs.                             )   **ORDER**
24                                      )
   ARMED FORCES BENEFIT                 )   Hearing Type: Initial Case Management
25 ASSOCIATION; 5STAR LIFE              )              Conference
   INSURANCE, LLC; THE SHUEY            )   Date:   November 7, 2007
26 AGENCY, INC., TGS GROUP, INC.;       )   Time:   2:45 p.m.
   TED SHUEY ,                          )   Ctrm:   3
27                                      )   Judge:  Hon. Sandra B. Armstrong
            Defendants.                 )
28                                      )   Complaint Filed: May 24, 2007

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

1
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

1    Plaintiff Brad Lovesy ("Mr. Lovesy" or "Plaintiff") and Defendants Armed Forces

2  Benefit Association ("AFBA"), 5Star Life Insurance Company, formerly known as AFBA

3  Life Insurance Company and erroneously sued herein as 5Star Life Insurance, LLC ("5Star

4  Life"), TGS Group, Inc. ("TGS"), The Shuey Agency, Inc. ("Shuey Agency") and Ted

5  Shuey ("Mr. Shuey") (collectively "Defendants" unless otherwise noted) jointly submit

6  this Case Management Statement and Proposed Order and request the Court to adopt it as

7  its Case Management Order in this case.

8    1.    **Jurisdiction and Service:**

9    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as

10  the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is

11  between citizens of different States.  All parties named in the First Amended Complaint

12  ("FAC") have been served.  Pursuant to stipulation filed with the Court on October 16,

13  2007, Defendants' respective responses to the FAC are due on or before October 26, 2007.

14    2.    **Facts:**

15    **The following factual issues are not in dispute:**

16    AFBA provides life insurance products to United States service members and their

17  families.

18    Plaintiff Brad Lovesy served as Regional Sales Director and Field Service

19  Representative for AFBA and 5Star Life.

20    **Mr. Lovesy provides the following disputed factual issues:**

21    Whether Mr. Lovesy was appointed as the exclusive Regional Sales Director and

22  was, as a result, entitled to an override of all business for the states of Arizona, California,

23  Nevada, New Mexico, and Utah (the Assigned Region).

24    Whether AFBA advised Mr. Lovesy that, unless he agreed to use the services of the

25  Shuey Defendants as administrators for 5Star Life policies, Mr. Lovesy would no longer

26  be able to conduct business in the Assigned Region.

27    Whether Ted Shuey, on behalf of the Shuey Defendants, falsely stated that, if

28  Mr. Lovesy signed an agreement with TGS as administrator, the agreement would be

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

2

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    mutually beneficial and there would be *no* charge backs for policies procured in the
2    Assigned Region.

3    Whether Ted Shuey, on behalf of the Shuey Defendants, stated that, if Mr. Lovesy
4    signed an agreement with TGS as administrator, the agreement would be mutually
5    beneficial and there would be *no* charge backs for policies procured in the Assigned
6    Region for the purpose of inducing Mr. Lovesy to sign an agreement, and with the
7    eventual goal of assuming Mr. Lovesy's profitable business in the Assigned Region.

8    Whether the Shuey Defendants failed to process in a timely manner the insurance
9    policies procured by Mr. Lovesy and the agents who worked in the Assigned Region.

10   Whether the Shuey Defendants failed to obtain payment in a timely manner for
11   those insurance policies procured by Mr. Lovesy and the agents who worked in the
12   Assigned Region and failed to establish payroll deductions for the service members.

13   Whether the Shuey Defendants failed to perform their promises as administrator
14   under the Memorandum of Agreement at issue in this case.

15   Whether AFBA ignored Mr. Lovesy's efforts to correct the Shuey Defendants'
16   failure to follow up with service members and to take all steps necessary to assure that
17   payroll deductions were processed in a timely manner.

18   Whether AFBA and 5Star Life refused to provide Mr. Lovesy with information
19   about the processing of policies and payment of premiums that would have enabled
20   Mr. Lovesy to increase significantly the number of policies upon which payment was made
21   in a timely manner.

22   Whether AFBA and 5Star Life improperly withheld payments from Mr. Lovesy or
23   purported to make charge backs against amounts owed to Mr. Lovesy claiming that
24   policies had not been processed or payment had not been received, but denying
25   Mr. Lovesy the information and ability to rectify the purported deficiencies.

26   Whether AFBA and 5Star Life improperly terminated Mr. Lovesy's services and
27   refused to provide him with the Birthday List.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

3
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether the Shuey Defendants improperly canceled the Memorandum of
2  Agreement with Mr. Lovesy.

3    Whether the Shuey Defendants began to solicit business in Arizona, Nevada, and
4  Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis.

5    Whether the Shuey Defendants began to solicit business in Washington, a state for
6  which Mr. Lovesy had received approval from AFBA to operate as a new territory.

7    Whether AFBA and 5Star Life accepted business procured by the Shuey
8  Defendants in the Assigned Regions during the time that the region was assigned to
9  Mr. Lovesy on an exclusive basis.

10    Whether AFBA and 5Star Life established deceptive practices in the pricing of life
11  insurance policies to service members.

12    Whether the corporate form of Defendants TGS and TSA is merely a sham and
13  should be disregarded, in that, among other things:  TGS and TSA have shared ownership
14  in that Ted Shuey is the sole or controlling shareholder of each; TGS and TSA are
15  managed in a haphazard manner, such that each participates in the others' business, as may
16  be directed by Ted Shuey; TGS and TSA are undercapitalized; the assets of TGS and TSA
17  are intermingled and treated by Ted Shuey as his own.

18    Whether honoring the corporate form of Defendants TGS and TSA would
19  perpetrate a fraud upon the creditors of TGS and TSA, including Mr. Lovesy.

20    Whether administrative services for the NGAC-sponsored group life insurance
21  applications procured by the Field Service Representatives associated with AFBA and
22  5Star Life are provided by The Shuey Agency, TGS, and/or Mr. Shuey.

23    Whether The Shuey Agency, TGS, and/or Mr. Shuey provide administrative
24  services consisting of: (1) completing and forwarding allotments to the California Finance
25  Office, a federal governmental entity, for processing of the guard member's payroll
26  deduction; and (2) upon receipt of the guard member's payroll deducted premiums from
27  the Department of Defense, submitting such premiums to AFBA no later than the thirtieth
28  day of the month in which the premium is received by the Shuey Agency.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

4

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1      **Defendants provide the following additional disputed facts:**

2      Whether 5 Star Life underwrites most of AFBA's group life insurance programs

3 and offers individual life insurance products.

4      Whether AFBA was a party to any agreement with Mr. Lovesy.

5      Whether the Regional Sales Director Agreement Lovesy signed on March 22, 2001

6 (on behalf of Pacific Consolidated, LLC), and 5Star Life representatives signed on April 6,

7 2001, stated: "VIII.   Termination With or Without Cause.   This Agreement may be

8 terminated by either party with or without cause, upon written notice sent to the last known

9 address."

10      Whether the Field Service Representative Agreement Lovesy signed on March 22,

11 2001, and 5Star Life representatives signed on April 6, 2001, stated: "VI.   Termination.

12 A.   This Agreement may be terminated without cause by either party upon at least thirty

13 (30) days prior written notice to the other party.   Such termination shall be effective thirty

14 (30) days after the mailing of written notice thereof, or on the date specified in such notice,

15 if later."

16      Whether the Independent Field Service Representative Agreement Lovesy signed

17 on June 4, 2003, and 5Star Life representatives signed on June 20, 2003, stated: "VI.

18 Termination.   A.   Termination by Notice:   This Agreement may be terminated without

19 cause by either party upon at least thirty (30) days prior written notice to the other party.

20 Such termination shall be effective thirty (30) days after the mailing of written notice

21 thereof, or on the date specified in such notice, if later."

22      Whether AFBA and/or 5Star Life were obligated under any contractual agreement

23 with Mr. Lovesy to provide Mr. Lovesy with "specific information" about the processing

24 of policies and payments of premiums "that would have enabled Mr. Lovesy to increase

25 significantly the number of policies upon which payment was made in a timely manner,"

26 as alleged by Mr. Lovesy, and if so, whether AFBA and/or 5Star Life fulfilled such

27 obligations under the agreements.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

5
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligates

2    AFBA and/or 5Star Life to take action in the face of "Mr. Lovesy's efforts to correct the

3    Shuey Defendants' failure to follow up with service members and to take all steps

4    necessary to assure that payroll deductions were processed in a timely manner," as alleged

5    by Mr. Lovesy.

6    Whether AFBA or 5Star Life contracted to permit Mr. Lovesy to operate in the

7    states of Arizona, California, Nevada, New Mexico, Washington, and/or Utah on an

8    exclusive basis.

9    Whether TGS, Mr. Shuey, and/or The Shuey Agency were prohibited from

10    soliciting business in the States of Arizona, California, Nevada, New Mexico, Washington,

11    and/or Utah.

12    Whether 5Star Life contracted to permit Mr. Shuey, as either an Independent Field

13    Service Representative or Regional Sales Director, to sell AFBA/5 Star Life products in

14    the States of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

15    Whether TGS, Ted Shuey, and/or The Shuey Agency solicited business in the States

16    of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

17    Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life prohibited

18    AFBA and/or 5Star Life from accepting life insurance policy applications sold or brokered

19    by TGS, Ted Shuey, and/or The Shuey Agency in the states of Arizona, California,

20    Nevada, New Mexico, Washington, and/or Utah.

21    Whether TGS, The Shuey Agency, and/or Mr. Shuey had knowledge of

22    Mr. Lovesy's alleged exclusivity in the states of Arizona, California, Nevada, New

23    Mexico, Washington, and/or Utah.

24    Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligated

25    AFBA or 5Star Life to provide Mr. Lovesy with the "Birthday List."

26    Whether AFBA and/or 5Star Life are currently obligated under any contract

27    between Mr. Lovesy and AFBA and/or 5Star Life to make payments to Mr. Lovesy related

28    to alleged "chargebacks."

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

6

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such
2  termination occurred.

3    Whether 5Star Life terminated any agreement with Mr. Lovesy, and if so, when
4  such termination occurred.

5    Whether The Shuey Agency terminated the Memorandum of Agreement with The
6  Brad Lovesy Group.

7    Whether The Brad Lovesy Group terminated the Memorandum of Agreement with
8  the Shuey Agency.

9    Whether The Brad Lovesy Group breached the terms of the Memorandum of
10  Agreement with the Shuey Agency.

11    Whether governmental or agency regulations prohibited Mr. Lovesy and/or The
12  Brad Lovesy Group from selling non-NGAC sponsored products.

13    Whether, prior to the execution of the Memorandum of Agreement between The
14  Brad Lovesy Group and The Shuey Agency, The Brad Lovesy Group and/or Mr. Lovesy
15  were permitted to sell the NGAC-sponsored group life insurance products.

16    Whether, under the Memorandum of Agreement, The Shuey Agency was required
17  to "follow up with service members and take all steps necessary to assure that payroll
18  deductions were processed in a timely manner and that other problems be promptly
19  resolved."

20    Whether the processing of applications and payroll deductions is dependent on
21  actions by third parties not within Defendants' control.

22    Whether TGS, The Shuey Agency, and/or Mr. Shuey engaged in any misleading or
23  deceptive conduct.

24    Whether Mr. Lovesy engaged in misleading or deceptive conduct.

25    Whether the provisions in the contracts at issue allowed for charge backs to The
26  Brad Lovesy Group and/or Mr. Lovesy.

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

7

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

3.    Legal Issues:

**The parties agree that the following legal issues are present in this case:**

Whether the alleged actions of Defendants breached any contracts with Mr. Lovesy.

Whether The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey interfered with any contractual relationship between Mr. Lovesy and AFBA or 5Star Life?

Whether The Shuey Agency, Inc., TGS Group, Inc., or Ted Shuey interfered with the prospective economic advantage of Mr. Lovesy and AFBA or 5Star Life?

Whether The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey breached the covenant of good faith and fair dealing with respect to the 2004 Memorandum of Agreement?

Whether the actions of The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey constituted fraud?

Whether Defendants purported requirement that Mr. Lovesy stop selling products other than those offered through AFBA constituted a violation of California Business and Professions Code section 16600, and consequently a violation of California Business and Professions Code section 17200?

Whether Plaintiff is entitled to an accounting as against Defendants AFBA and 5Star Life?

Whether Mr. Lovesy suffered damages as the result of the Defendants' alleged acts or omissions, and, if so, the amount of such alleged damages?

Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and Ted Shuey in respect to the interference with prospective economic advantage cause of action merit the award of exemplary damages?

Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and/or Ted Shuey in respect to the interference with contract cause of action merit the award of exemplary damages?

**The following are additional legal issues included by Mr. Lovesy:**

Whether all Defendants' actions constituted unfair business practices?

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

8

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    What damages Mr. Lovesy is entitled to recover as the result of the Defendants'

2  unlawful behavior?

3    **The following are additional legal issues included by Defendants:**

4    Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such

5  termination occurred?

6    Whether The Brad Lovesy Group and/or Brad Lovesy breached any contracts with

7  Defendants?

8    Whether Mr. Lovesy has standing to assert a breach of contract and breach of the

9  implied covenant of good faith and fair dealing on behalf of The Brad Lovesy Group?

10    Whether Mr. Lovesy has standing to assert a breach of contract and breach of the

11  implied covenant of good faith and fair dealing on behalf of Pacific Consolidated, LLC?

12    Whether the claims alleged in the FAC arise from the alleged breach of the subject

13  contracts and, if yes, whether tort recovery is proper?

14    Whether Mr. Lovesy's FAC, and each purported claim for relief alleged therein, fail

15  to state a claim upon which relief can be granted?

16    Whether Mr. Lovesy's FAC, and each of its alleged counts, fail to allege any

17  purported wrong attributable to Defendants?

18    Whether any and all events and happenings alleged in the FAC and the purported

19  resulting injuries and damages, if any, referred to therein, were proximately caused by the

20  negligent, wrongful, and/or tortious conduct of Mr. Lovesy or parties other than

21  Defendants?

22    Whether Defendants have fully performed their obligations, if any, under the

23  purported agreements at issue in this action, and therefore Defendants' obligations to

24  perform have been discharged?

25    Whether Mr. Lovesy is barred from relief on his claims because Defendants'

26  purported performance, if any, was excused by the acts and/or omissions of Plaintiff and/or

27  others?

28    Whether Mr. Lovesy's purported claims are barred by the doctrine of estoppel?

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

9

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether Mr. Lovesy's purported claims are barred by the doctrine of waiver?

2    Whether Mr. Lovesy's purported claims are barred by the doctrine of laches?

3    Whether Mr. Lovesy's purported claims are barred by the doctrine of unclean

4  hands?

5    Whether Mr. Lovesy had failed to act reasonably to mitigate or minimize the

6  purported damages or harm he claims?

7    Whether Mr. Lovesy failed to exercise ordinary care, caution or prudence to avoid

8  the purported injuries and damages, if any, referred to in the FAC, and whether Mr.

9  Lovesy's alleged negligence proximately caused and contributed to some or all of the

10  purported damages, if any, claimed by Lovesy?

11    Whether Mr. Lovesy's alleged injuries or damages were proximately caused by the

12  intervening or supervening conduct, including, but not limited to, negligent, reckless, or

13  intentional acts or omissions, of persons and entities other than Defendants?

14    Whether Mr. Lovesy breached the implied covenant of good faith and fair dealing

15  owed to Defendants, and Defendants' performance is thereby excused?

16    Whether Mr. Lovesy's FAC, and each of its alleged counts, are barred, in whole or

17  in part, as a result of an accord and satisfaction?

18    Whether Mr. Lovesy's complaint, and each of its alleged counts, is barred by the

19  applicable statutes of limitation, including, but not limited to, those set forth in California

20  Code of Civil Procedure Sections 337, 337a, 338, 339, 340, 343, and 344?

21    Whether Mr. Lovesy is barred from relief on the FAC, and each of its alleged

22  counts, because no conditions have occurred that would trigger liability of Defendants for

23  any loss allegedly suffered by Lovesy?

24    Whether Mr. Lovesy is barred from relief on the FAC, and each of its alleged

25  counts, by the provisions, terms, conditions and limitations under the purported

26  agreement(s) upon which Lovesy bases his purported counts?

27    Whether Mr. Lovesy's FAC, and each of its alleged counts, are barred because of

28  lack of consideration?

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

10

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether Mr. Lovesy's FAC, and each of its alleged counts, are barred because of
2    failure of consideration?

3    Whether Mr. Lovesy is barred from any recovery on his FAC, and each of its
4    alleged counts, under the doctrine of unjust enrichment?

5    Whether Defendants are entitled to a set-off against Mr. Lovesy's money demands.

6    Whether Mr. Lovesy's FAC, and each of its alleged counts, fail to state facts
7    sufficient to justify an award of punitive damages?

8    Whether Mr. Lovesy's purported claims for punitive damages are barred by the
9    provisions of California Civil Code Sections 3300 and 3301?

10    Whether Mr. Lovesy's purported claims for punitive damages violate the Due
11    Process Clause of the Fourteenth Amendment to the United States Constitution?

12    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
13    Section 7(a) of the Constitution of the State of California?

14    Whether Mr. Lovesy's purported claims for punitive damages violate the Eighth
15    Amendment to the United States Constitution barring the imposition of excessive fines?

16    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
17    Section 17 of the Constitution of the State of California barring the imposition of excessive
18    fines?

19    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
20    Section 10 of the United States Constitution barring the impairment of contracts?

21    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
22    Section 9 of the Constitution of the State of California barring the impairment of contracts?

23    **4.    Motions:**

24    The parties stipulated to the filing of the FAC and the Court granted Plaintiff leave
25    to file the FAC. Defendants have met and conferred with Plaintiff regarding a Motion to
26    Dismiss the FAC and Plaintiff has agreed to file a Second Amended Complaint.
27    Defendants anticipate filing a Motion for Summary Judgment. Mr. Lovesy may file a
28    motion to strike pleadings filed by The Shuey Agency, Inc., and or TGS Group, Inc.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

11
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1  Mr. Lovesy may also file a Motion for Summary Judgment or Partial Summary Judgment

2  as to one or more of the affirmative defenses.

3      **5.    Amendment of Pleadings:**

4      Mr. Lovesy intends to file a Second Amended Complaint in response to

5  Defendants' letters regarding alleged deficiencies in the First Amended Complaint. The

6  Shuey Agency may file a cross-complaint against Mr. Lovesy for breach of contract.

7      **6.    Evidence Preservation:**

8      Mr. Lovesy has retained most relevant evidence only in hard copy, as he does not

9  control the server on which his electronic mail is stored. Mr. Lovesy does not have any

10  document destruction program and has not knowingly erased any electronic mail messages

11  or other electronically-recorded material.

12      Defendants have taken steps to preserve evidence relevant to this litigation.

13  Specifically, Defendants have taken steps to preserve documents, including electronic

14  communications, which existed at the time Mr. Lovesy served his complaint against

15  Defendants. Defendants have terminated their ordinary document destruction policy and

16  placed a litigation hold on those documents and data that they reasonably believe are

17  relevant.

18      **7.    Disclosures:**

19      The parties will comply with the initial disclosure requirements of Rule 26 of the

20  Federal Rules of Civil Procedure on or before November 21, 2007, as required by Rule

21  26(a)(1).

22      **8.    Discovery:**

23      Mr. Lovesy has served initial requests for production of documents on AFBA and

24  5Star. Defendants anticipate service of initial requests for production of documents on The

25  Shuey Agency, TGS, and Mr. Shuey and Notices of Deposition as to corporate persons

26  most knowledgeable in November 2007.

27      The parties intend to take the depositions of relevant individuals and of corporate

28  persons most knowledgeable. The parties also intend to propound discovery requests.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

12

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1   Should the situation warrant it, subpoenas for the deposition of and/or documents from

2   third parties may be issued.

3       The parties do not presently anticipate requesting any limitations or modifications

4   of the discovery rules.

5   **Mr. Lovesy's Proposed Discovery Plan**

6       Document Requests to Each                    December 2007

7           Defendant

8       Depositions of Corporate Person(s)           January or February 2008

9           Most Knowledgeable

10      Deposition of Ted Shuey                       March or April 2008

11      Deposition of 5Star Life witness             March or April 2008

12      Deposition of AFBA witness                   March or April 2008

13      Deposition of the Shuey Defendants'          March or April 2008

14          witness

15      Contention Interrogatories to each           May 2008

16          Defendant

17      Depositions of Third Parties                 May 2008

18      Additional Written Discovery                 May and June 2008

19      Expert Witness Discovery                     July 2008

20  **Defendants' Proposed Discovery Plan**

21  Because Defendants' Motion to Dismiss will be scheduled for hearing

22  on January 15, 2007 and the parties intend to engage in ADR,

23  Defendants propose the following discovery plan:

24      Request for Production of Documents          February through May 2008

25          to the parties

26      Interrogatories to the parties               February through May 2008

27      Requests for Admission to the parties        February through May 2008

28      Depositions of Mr. Lovesy and Mr.            May through August 2008

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

13

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

| | |
|---|---|
| Shuey | |
| Depositions of Corporate Person(s) | May through August 2008 |
|    Most Knowledgeable | |
| Additional Depositions | May through October 2008 |
| Contention Interrogatories to | October 2008 |
|    Mr. Lovesy | |
| Additional Written Discovery | May through November 2008 |
| Expert Witness Discovery | December 2008 through |
| | February 2009 |

**9.**   <u>Class Actions:</u>

This case is not a class action.

**10.**   <u>Related Actions:</u>

No other cases are related to the present case.

**11.**   <u>Relief:</u>

**Mr. Lovesy includes the following with respect to the amount and types of damages claimed by him:**

Mr. Lovesy seeks to recover damages that are in excess of $700,000 to date. If this loss is projected for the period that Mr. Lovesy anticipated working with AFBA, the amount is significantly higher. Damages include, but are not limited to, the following:

1.    In August 2004, Mr. Lovesy was unlawfully forced to give up business opportunities selling products offered by Colorado Banker. This business produced a revenue stream of approximately $6,000 per month. To date, Mr. Lovesy estimates his loss of this line to be $216,000. He had every reason to believe that he would be able to continue this profit stream for the next 15 years. Thus, his total loss resulting from the inability to sell Colorado Banker products will exceed $1,200,000.00.

2.    To date, Mr. Lovesy has been charged nearly $60,000 in charge backs. TGS promised there would be no charge backs if Mr. Lovesy did business

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

14

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

with it as administrator.    The number of charge backs, however, increased dramatically once TGS took over responsibility for collecting premiums and are a direct result of TGS's failure to perform its contractual obligations in a reasonable manner.

3.    Mr. Lovesy has been denied the opportunity to continue acting as Field Service Representative and Regional Sales Director.  From these contracts, Mr. Lovesy earned more than $43,000 per month on average.  To date, the total loss is $731,000.  Mr. Lovesy reasonably believed he would be able to continue this business for the next 15 years.  Thus, his total damages related to loss of his Field Service  Representative  and  Regional  Sales  Director  positions  exceed $8,000,000.00.

4.    Mr. Lovesy has been denied the opportunity to procure sales through the Birthday List.    When Mr. Lovesy personally worked the Birthday List, it produced sales generating a monthly income to Mr. Lovesy averaging $22,000. Even had this income not increased, Mr. Lovesy's losses to date are $242,000. Again, Mr. Lovesy expected to continue this business for the next 15 years.  Thus, his future damages related to loss of the Birthday List are at least $3,960,000.00.

5.    Mr. Lovesy lacks sufficient information to estimate the losses due to interference in his assigned region.  Mr. Lovesy will be seeking all records of sales in the Assigned Region, so as to determine what he should have been paid.

6.    Interest, costs, and attorneys' fees.

**Defendants include the following facts with respect to the amount and types of damages claimed by Mr. Lovesy:**

Defendants dispute that Mr. Lovesy has been injured or damaged in the manner and sum described above, or at all.  Furthermore, Defendants dispute that Mr. Lovesy would be entitled to the damages described, even if each and every allegation in the FAC were true.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

12. **Settlement and ADR:**

The parties request an Early Settlement Conference with a Magistrate Judge and have an ADR teleconference scheduled for October 26, 2007. The parties are not aware of any discovery or motions needed to pursue settlement discussions. To avoid the amount of attorneys' fees becoming a barrier to resolution, the parties request that the Early Settlement Conference be scheduled at the earliest opportunity.

13. **Consent to Magistrate Judge for All Purposes:**

The parties do not consent to have a magistrate judge conduct any proceedings in the matter, including trial other than those proceedings typically handled by the magistrate judge under the direction of the United States District Judge

14. **Other References:**

The matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

As the parties have not conducted any discovery, they lack sufficient information about the matter to narrow the issues by agreement, but agree to engage in good faith discussions of narrowing the issues as the case progresses.

16. **Expedited Schedule:**

The parties do not believe this case is suitable for an expedited schedule.

17. **Scheduling:**

Mr. Lovesy proposes the following schedule:

The parties agree to the following schedule, if it fits with the Courts availability:

| | |
|---|---|
| Non-Expert Discovery Cut Off | July 31, 2008 |
| Hearing of Dispositive Motions: | August 19, 2008 |
| Initial Designation of Experts | August 25, 2008 |
| Disclosure of Rebuttal Experts | September 8, 2008 |
| Expert Discovery Cut Off | September 29, 2008 |
| Pretrial Conference | October 13, 2008 |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

| | |
|---|---|
| Trial | November 3, 2008 |

Defendants propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cut Off | November 30, 2008 |
| Hearing of Dispositive Motions: | December 16, 2008 |
| Initial Designation of Experts | January 5, 2009 |
| Disclosure of Rebuttal Experts | January 26, 2009 |
| Expert Discovery Cut Off | February 23, 2009 |
| Pretrial Conference | March 16, 2009 |
| Trial | March 23, 2009 |

**18.    Trial:**

Mr. Lovesy requests a jury trial.

The parties expect the trial will last for the following number days: 10

**19.    Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff and Defendants have filed the Certificates of Interested Entities or Persons required by Civil Local Rule 3-16, attached as Exhibit A to this Case Management Statement.

**20.    Other Matters:**

There are no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

///
///
///
///
///
///
///
///
///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

17

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1 **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL**

2 **COUNSEL:**

3      Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has

4 read the brochures entitled "Dispute Resolution Procedures in the Northern District of

5 California," discussed the available dispute resolution options provided by the court and

6 private entities and has considered whether this case might benefit from any of the

7 available dispute resolution options.

8

9 Dated: October 24, 2007            HAIGHT BROWN & BONESTEEL LLP

10

11

12                              By: _____

13                                 Margaret J. Grover
                                Attorneys for Plaintiff

14                                 BRAD LOVESY

15 Dated: October _____, 2007           DLA PIPER US LLP

16

17

18                              By: _____

19                                 Charles L. Deem
                                Attorneys for Defendants ARMED

20                                 FORCES BENEFITS ASSOCIATION
                                and 5STAR LIFE INSURANCE

21                                 COMPANY

22

23 Dated: October 24, 2007           SEYFARTH SHAW LLP

24

25                            By: _____

26                                 Michael T. McKeeman

27                                 Attorneys for Defendants THE SHUEY
                                AGENCY, INC., TGS GROUP, INC, and

28                                 TED SHUEY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

18

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

# EXHIBIT A

1   Margaret J. Grover (Bar No. 112701)
    Daniel J. Kelly (Bar No. 145088)
2   Elizabeth J. Gehlhar (Bar No. 213054)
    HAIGHT BROWN & BONESTEEL LLP
3   71 Stevenson Street, 20th Floor
    San Francisco, California 94105-2981
4   Telephone: 415.546.7500
    Facsimile:  415.546.7505
5
    Attorneys for Plaintiff
6   BRAD LOVESY

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY,                    )  Case No. 4:07-cv-02745-SBA
                                    )
12              Plaintiff,          )  **DISCLOSURE OF NON-PARTY**
                                    )  **INTERESTED ENTITIES OR**
        vs.                         )  **PERSONS**
13                                  )
    ARMED FORCES BENEFIT            )  **Civil Local Rule 3-16**
14  ASSOCIATION, 5STAR LIFE         )
    INSURANCE, LLC, THE SHUEY       )
15  AGENCY, INC., TGS GROUP, INC.,  )
    AND TED SHUEY,                  )
16                                  )
                Defendants.         )
17  _____)

18          Pursuant to Rule 3-16 of the Local Rules for the United States District Court for the

19  Northern District of California, counsel for Plaintiff Brad Lovesy certifies that, as of this

20  date, counsel is not aware of any person or entity having either: (i) a financial interest (of

21  any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any

22  other kind of interest that could be substantially affected by the outcome of the proceeding,

23  other than the named parties.

24  Dated:  August 28, 2007            HAIGHT BROWN & BONESTEEL LLP

25

26                                    By: _____

27                                        Elizabeth J. Gehlhar
                                          Attorneys for Plaintiff
                                          BRAD LOVESY
28

1  CHARLES L DEEM, Bar No. CA-110557
   charles.deem@dlapiper.com
2  DLA PIPER US LLP
   401 B Street, Suite 1700
3  San Diego, CA 92101-4297
   Tel: 619.699.2700
4  Fax: 619.699.2701

5  Attorneys for Defendants
   ARMED FORCES BENEFIT ASSOCIATION and
6  5STAR LIFE INSURANCE, LLC

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 BRAD LOVESY,                          CASE NO.  C 07-2745 JL

   Plaintiff,                           **DEFENDANTS ARMED FORCES
12                                       BENEFIT ASSOCIATION AND 5STAR
   v.                                    LIFE INSURANCE COMPANY'S
13                                       CERTIFICATION OF INTERESTED
   ARMED FORCES BENEFIT                  ENTITIES OR PERSONS**
14 ASSOCIATION, 5STAR LIFE
   INSURANCE, LLC, TSG GROUP, INC.       Date:      August 1, 2007
15 AND TED SHUEY,                        Time:      9:30 a.m.
                                         Courtroom: F
16              Defendants.              Judge:     Hon. James Larson

17

18      Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

19 the named parties, there is no such interest to report.

20

21 Dated: June 20, 2007

22                                       DLA PIPER US LLP

23
                                         By   /s/ Charles L. Deem
24                                            CHARLES L. DEEM
                                              Attorneys for Defendants
25                                            ARMED FORCES BENEFIT ASSOCIATION
                                              and 5STAR LIFE INSURANCE, LLC
26

27

28

SD\1742526.1
332602-3

-1-
DEFENDANTS ARMED FORCES BENEFITS ASS'N AND 5STAR LIFE INSURANCE
CO.'S CERTIFICATION OF INTERESTED PARTIES        CASE NO. C 07-2745

1   SEYFARTH SHAW LLP
    Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2   Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5   Attorneys for Defendants
    TED SHUEY, TGS GROUP, INC. and THE SHUEY AGENCY, INC.
6
                Case 4:07-cv-02745-SBA    Document 30    Filed 10/24/2007    Page 1 of 1
7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  BRAD LOVESY,                        )   Case No.  C 07-2745 SBA
                                        )
12          Plaintiff,                  )   **CERTIFICATION OF INTERESTED**
                                        )   **ENTITIES OR PERSONS**
13      v.                              )
                                        )
14  ARMED FORCES BENEFIT ASSOCIATION,   )
    et al.,                             )
15                                      )
            Defendants.                 )
16                                      )
                                        )
17

18          Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

19  associations of persons, firms, partnerships, corporations (including parent corporations) or other

20  entities (i) have a financial interest in the subject matter in controversy or in a party to the

21  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

22  substantially affected by the outcome of this proceeding:

23          All parties named in the action.

24
    DATED: October 24, 2007                  SEYFARTH SHAW LLP
25

26                                           By
                                             Attorneys for Defendants
27                                           THE SHUEY AGENCY, INC., TGS
                                             GROUP, INC., AND TED SHUEY
28
    SF1 28305312.1
                                         1
    Certification of Interested Entities or Persons / Case No. C 07-2745 SBA