1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Elizabeth J. Gehlhar (Bar No. 213054)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, CA 94105-2981
4  Telephone:  415.546.7500
   Facsimile:  415.546.7505
5
   Attorneys for Plaintiff BRAD LOVESY
6
   Charles L. Deem (Bar No. CA-110557)
7  Brooke L. Killian (Bar No. CA-239298)
   DLA PIPER US LLP
8  401 B Street, Suite 1700
   San Diego, CA  92101-4297
9  Telephone:  619.699.2700
   Facsimile:  619.699.2701
10
   Attorney for Defendants
11 ARMED FORCES BENEFIT ASSOCIATION
   and 5STAR LIFE INSURANCE COMPANY
12
   Michael T. McKeeman (Bar No. 173662)
13 Robin M. Cleary (Bar No. 192489)
   SEYFARTH SHAW LLP
14 560 Mission Street, Suite 3100
   San Francisco, California  94105
15 Telephone: 415.397.2823
   Facsimile: 415.397.8549
16
   Attorneys for Defendants
17 THE SHUEY AGENCY, INC.,
   TGS GROUP, INC. and TED SHUEY
18

   UNITED STATES DISTRICT COURT
19
   NORTHERN DISTRICT OF CALIFORNIA
20

21
   BRAD LOVESY,                          )   Case No. C 07-2745 SBA
22                                       )
              Plaintiff,                 )   **JOINT CASE MANAGEMENT**
23                                       )   **STATEMENT AND [PROPOSED]**
        vs.                              )   **ORDER**
24                                       )
   ARMED FORCES BENEFIT                  )   Hearing Type:  Initial Case Management
25 ASSOCIATION; 5STAR LIFE               )             Conference
   INSURANCE, LLC; THE SHUEY             )   Date:    November 7, 2007
26 AGENCY, INC., TGS GROUP, INC.;        )   Time:    2:45 p.m.
   TED SHUEY ,                           )   Ctrm:    3
27                                       )   Judge:   Hon. Saundra B. Armstrong
              Defendants.                )
28                                       )   Complaint Filed: May 24, 2007

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

1
Case No.  C 07-2745 SBA
Joint Case Management Statement and Proposed Order

Plaintiff Brad Lovesy ("Mr. Lovesy" or "Plaintiff") and Defendants Armed Forces Benefit Association ("AFBA"), 5Star Life Insurance Company, formerly known as AFBA Life Insurance Company and erroneously sued herein as 5Star Life Insurance, LLC ("5Star Life"), TGS Group, Inc. ("TGS"), The Shuey Agency, Inc. ("Shuey Agency") and Ted Shuey ("Mr. Shuey") (collectively "Defendants" unless otherwise noted) jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

**1.    Jurisdiction and Service:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.  All parties named in the First Amended Complaint ("FAC") have been served.  Pursuant to stipulation filed with the Court on October 16, 2007, Defendants' respective responses to the FAC are due on or before October 26, 2007.

**2.    Facts:**

**The following factual issues are not in dispute:**

Plaintiff Brad Lovesy served as Regional Sales Director and Field Service Representative for the insurance products written by AFBA Life Insurance Company and 5Star Life.

**Mr. Lovesy provides the following disputed factual issues:**

What is the relationship between and among AFBA, AFBA Life Insurance Company, and 5Star Life.

Whether the corporate form of AFBA, AFBA Life Insurance Company, and 5Star Life is merely a sham and should be disregarded.

Whether Mr. Lovesy was appointed as the exclusive Regional Sales Director and was, as a result, entitled to an override of all business for the states of Arizona, California, Nevada, New Mexico, and Utah (the Assigned Region).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

2

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether AFBA advised Mr. Lovesy that, unless he agreed to use the services of the

2  Shuey Defendants as administrators for 5Star Life policies, Mr. Lovesy would no longer

3  be able to conduct business in the Assigned Region.

4    Whether Ted Shuey, on behalf of the Shuey Defendants, falsely stated that, if

5  Mr. Lovesy signed an agreement with TGS as administrator, the agreement would be

6  mutually beneficial and there would be *no* charge backs for policies procured in the

7  Assigned Region.

8    Whether Ted Shuey, on behalf of the Shuey Defendants, stated that, if Mr. Lovesy

9  signed an agreement with TGS as administrator, the agreement would be mutually

10  beneficial and there would be *no* charge backs for policies procured in the Assigned

11  Region for the purpose of inducing Mr. Lovesy to sign an agreement, and with the

12  eventual goal of assuming Mr. Lovesy's profitable business in the Assigned Region.

13    Whether the Shuey Defendants failed to process in a timely manner the insurance

14  policies procured by Mr. Lovesy and the agents who worked in the Assigned Region.

15    Whether the Shuey Defendants failed to obtain payment in a timely manner for

16  those insurance policies procured by Mr. Lovesy and the agents who worked in the

17  Assigned Region and failed to establish payroll deductions for the service members.

18    Whether the Shuey Defendants failed to perform their promises as administrator

19  under the Memorandum of Agreement at issue in this case.

20    Whether AFBA ignored Mr. Lovesy's efforts to correct the Shuey Defendants'

21  failure to follow up with service members and to take all steps necessary to assure that

22  payroll deductions were processed in a timely manner.

23    Whether AFBA and 5Star Life refused to provide Mr. Lovesy with information

24  about the processing of policies and payment of premiums that would have enabled

25  Mr. Lovesy to increase significantly the number of policies upon which payment was made

26  in a timely manner.

27    Whether AFBA and 5Star Life improperly withheld payments from Mr. Lovesy or

28  purported to make charge backs against amounts owed to Mr. Lovesy claiming that

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

3

Case No.  C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1  policies had not been processed or payment had not been received, but denying
2  Mr. Lovesy the information and ability to rectify the purported deficiencies.

3  Whether AFBA and 5Star Life improperly terminated Mr. Lovesy's services and
4  refused to provide him with the Birthday List.

5  Whether the Shuey Defendants improperly canceled the Memorandum of
6  Agreement with Mr. Lovesy.

7  Whether the Shuey Defendants began to solicit business in Arizona, Nevada, and
8  Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis.

9  Whether the Shuey Defendants began to solicit business in Washington, a state for
10 which Mr. Lovesy had received approval from AFBA to operate as a new territory.

11 Whether AFBA and 5Star Life accepted business procured by the Shuey
12 Defendants in the Assigned Regions during the time that the region was assigned to
13 Mr. Lovesy on an exclusive basis.

14 Whether AFBA and 5Star Life established deceptive practices in the pricing of life
15 insurance policies to service members.

16 Whether the corporate form of Defendants TGS and TSA is merely a sham and
17 should be disregarded, in that, among other things:  TGS and TSA have shared ownership
18 in that Ted Shuey is the sole or controlling shareholder of each; TGS and TSA are
19 managed in a haphazard manner, such that each participates in the others' business, as may
20 be directed by Ted Shuey; TGS and TSA are undercapitalized; the assets of TGS and TSA
21 are intermingled and treated by Ted Shuey as his own.

22 Whether honoring the corporate form of Defendants TGS and TSA would
23 perpetrate a fraud upon the creditors of TGS and TSA, including Mr. Lovesy.

24 Whether administrative services for the NGAC-sponsored group life insurance
25 applications procured by the Field Service Representatives associated with AFBA and
26 5Star Life are provided by The Shuey Agency, TGS, and/or Mr. Shuey.

27 Whether The Shuey Agency, TGS, and/or Mr. Shuey provide administrative
28 services consisting of: (1) completing and forwarding allotments to the California Finance

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

4

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1  Office, a federal governmental entity, for processing of the guard member's payroll
2  deduction; and (2) upon receipt of the guard member's payroll deducted premiums from
3  the Department of Defense, submitting such premiums to AFBA no later than the thirtieth
4  day of the month in which the premium is received by the Shuey Agency.

5      **Defendants provide the following additional disputed facts:**

6      Whether 5 Star Life underwrites most of AFBA's group life insurance programs
7  and offers individual life insurance products.

8      Whether AFBA was a party to any agreement with Mr. Lovesy.

9      Whether the Regional Sales Director Agreement Lovesy signed on March 22, 2001
10 (on behalf of Pacific Consolidated, LLC), and 5Star Life representatives signed on April 6,
11 2001, stated:  "VIII.  Termination With or Without Cause.  This Agreement may be
12 terminated by either party with or without cause, upon written notice sent to the last known
13 address."

14     Whether the Field Service Representative Agreement Lovesy signed on March 22,
15 2001, and 5Star Life representatives signed on April 6, 2001, stated: "VI.  Termination.
16 A.  This Agreement may be terminated without cause by either party upon at least thirty
17 (30) days prior written notice to the other party.  Such termination shall be effective thirty
18 (30) days after the mailing of written notice thereof, or on the date specified in such notice,
19 if later."

20     Whether the Independent Field Service Representative Agreement Lovesy signed
21 on June 4, 2003, and 5Star Life representatives signed on June 20, 2003, stated:  "VI.
22 Termination.  A.  Termination by Notice:  This Agreement may be terminated without
23 cause by either party upon at least thirty (30) days prior written notice to the other party.
24 Such termination shall be effective thirty (30) days after the mailing of written notice
25 thereof, or on the date specified in such notice, if later."

26     Whether AFBA and/or 5Star Life were obligated under any contractual agreement
27 with Mr. Lovesy to provide Mr. Lovesy with "specific information" about the processing
28 of policies and payments of premiums "that would have enabled Mr. Lovesy to increase

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

5
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1   significantly the number of policies upon which payment was made in a timely manner,"
2   as alleged by Mr. Lovesy, and if so, whether AFBA and/or 5Star Life fulfilled such
3   obligations under the agreements.

4       Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligates
5   AFBA and/or 5Star Life to take action in the face of "Mr. Lovesy's efforts to correct the
6   Shuey Defendants' failure to follow up with service members and to take all steps
7   necessary to assure that payroll deductions were processed in a timely manner," as alleged
8   by Mr. Lovesy.

9       Whether AFBA or 5Star Life contracted to permit Mr. Lovesy to operate in the
10  states of Arizona, California, Nevada, New Mexico, Washington, and/or Utah on an
11  exclusive basis.

12      Whether TGS, Mr. Shuey, and/or The Shuey Agency were prohibited from
13  soliciting business in the States of Arizona, California, Nevada, New Mexico, Washington,
14  and/or Utah.

15      Whether 5Star Life contracted to permit Mr. Shuey, as either an Independent Field
16  Service Representative or Regional Sales Director, to sell AFBA/5 Star Life products in
17  the States of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

18      Whether TGS, Ted Shuey, and/or The Shuey Agency solicited business in the States
19  of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

20      Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life prohibited
21  AFBA and/or 5Star Life from accepting life insurance policy applications sold or brokered
22  by TGS, Ted Shuey, and/or The Shuey Agency in the states of Arizona, California,
23  Nevada, New Mexico, Washington, and/or Utah.

24      Whether TGS, The Shuey Agency, and/or Mr. Shuey had knowledge of
25  Mr. Lovesy's alleged exclusivity in the states of Arizona, California, Nevada, New
26  Mexico, Washington, and/or Utah.

27      Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligated
28  AFBA or 5Star Life to provide Mr. Lovesy with the "Birthday List."

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

6

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

Whether AFBA and/or 5Star Life are currently obligated under any contract between Mr. Lovesy and AFBA and/or 5Star Life to make payments to Mr. Lovesy related to alleged "chargebacks."

Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such termination occurred.

Whether 5Star Life terminated any agreement with Mr. Lovesy, and if so, when such termination occurred.

Whether The Shuey Agency terminated the Memorandum of Agreement with The Brad Lovesy Group.

Whether The Brad Lovesy Group terminated the Memorandum of Agreement with the Shuey Agency.

Whether The Brad Lovesy Group breached the terms of the Memorandum of Agreement with the Shuey Agency.

Whether governmental or agency regulations prohibited Mr. Lovesy and/or The Brad Lovesy Group from selling non-NGAC sponsored products.

Whether, prior to the execution of the Memorandum of Agreement between The Brad Lovesy Group and The Shuey Agency, The Brad Lovesy Group and/or Mr. Lovesy were permitted to sell the NGAC-sponsored group life insurance products.

Whether, under the Memorandum of Agreement, The Shuey Agency was required to "follow up with service members and take all steps necessary to assure that payroll deductions were processed in a timely manner and that other problems be promptly resolved."

Whether the processing of applications and payroll deductions is dependent on actions by third parties not within Defendants' control.

Whether TGS, The Shuey Agency, and/or Mr. Shuey engaged in any misleading or deceptive conduct.

Whether Mr. Lovesy engaged in misleading or deceptive conduct.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

7

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether the provisions in the contracts at issue allowed for charge backs to The

2 Brad Lovesy Group and/or Mr. Lovesy.

3    **3.    Legal Issues:**

4    **The parties agree that the following legal issues are present in this case:**

5    Whether the alleged actions of Defendants breached any contracts with Mr. Lovesy.

6    Whether The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey interfered with

7 any contractual relationship between Mr. Lovesy and AFBA or 5Star Life?

8    Whether The Shuey Agency, Inc., TGS Group, Inc., or Ted Shuey interfered with

9 the prospective economic advantage of Mr. Lovesy and AFBA or 5Star Life?

10    Whether The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey breached the

11 covenant of good faith and fair dealing with respect to the 2004 Memorandum of

12 Agreement?

13    Whether the actions of The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey

14 constituted fraud?

15    Whether Defendants purported requirement that Mr. Lovesy stop selling products

16 other than those offered through AFBA constituted a violation of California Business and

17 Professions Code section 16600, and consequently a violation of California Business and

18 Professions Code section 17200?

19    Whether Plaintiff is entitled to an accounting as against Defendants AFBA and

20 5Star Life?

21    Whether Mr. Lovesy suffered damages as the result of the Defendants' alleged acts

22 or omissions, and, if so, the amount of such alleged damages?

23    Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and Ted Shuey in

24 respect to the interference with prospective economic advantage cause of action merit the

25 award of exemplary damages?

26    Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and/or Ted Shuey

27 in respect to the interference with contract cause of action merit the award of exemplary

28 damages?

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

8

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    **The following are additional legal issues included by Mr. Lovesy:**

2    Whether all Defendants' actions constituted unfair business practices?

3    What damages Mr. Lovesy is entitled to recover as the result of the Defendants'

4    unlawful behavior?

5    **The following are additional legal issues included by Defendants:**

6    Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such

7    termination occurred?

8    Whether The Brad Lovesy Group and/or Brad Lovesy breached any contracts with

9    Defendants?

10   Whether Mr. Lovesy has standing to assert a breach of contract and breach of the

11   implied covenant of good faith and fair dealing on behalf of The Brad Lovesy Group?

12   Whether Mr. Lovesy has standing to assert a breach of contract and breach of the

13   implied covenant of good faith and fair dealing on behalf of Pacific Consolidated, LLC?

14   Whether the claims alleged in the FAC arise from the alleged breach of the subject

15   contracts and, if yes, whether tort recovery is proper?

16   Whether Mr. Lovesy's FAC, and each purported claim for relief alleged therein, fail

17   to state a claim upon which relief can be granted?

18   Whether Mr. Lovesy's FAC, and each of its alleged counts, fail to allege any

19   purported wrong attributable to Defendants?

20   Whether any and all events and happenings alleged in the FAC and the purported

21   resulting injuries and damages, if any, referred to therein, were proximately caused by the

22   negligent, wrongful, and/or tortious conduct of Mr. Lovesy or parties other than

23   Defendants?

24   Whether Defendants have fully performed their obligations, if any, under the

25   purported agreements at issue in this action, and therefore Defendants' obligations to

26   perform have been discharged?

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

9
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether Mr. Lovesy is barred from relief on his claims because Defendants'
2 purported performance, if any, was excused by the acts and/or omissions of Plaintiff and/or
3 others?

4    Whether Mr. Lovesy's purported claims are barred by the doctrine of estoppel?

5    Whether Mr. Lovesy's purported claims are barred by the doctrine of waiver?

6    Whether Mr. Lovesy's purported claims are barred by the doctrine of laches?

7    Whether Mr. Lovesy's purported claims are barred by the doctrine of unclean
8 hands?

9    Whether Mr. Lovesy had failed to act reasonably to mitigate or minimize the
10 purported damages or harm he claims?

11    Whether Mr. Lovesy failed to exercise ordinary care, caution or prudence to avoid
12 the purported injuries and damages, if any, referred to in the FAC, and whether Mr.
13 Lovesy's alleged negligence proximately caused and contributed to some or all of the
14 purported damages, if any, claimed by Lovesy?

15    Whether Mr. Lovesy's alleged injuries or damages were proximately caused by the
16 intervening or supervening conduct, including, but not limited to, negligent, reckless, or
17 intentional acts or omissions, of persons and entities other than Defendants?

18    Whether Mr. Lovesy breached the implied covenant of good faith and fair dealing
19 owed to Defendants, and Defendants' performance is thereby excused?

20    Whether Mr. Lovesy's FAC, and each of its alleged counts, are barred, in whole or
21 in part, as a result of an accord and satisfaction?

22    Whether Mr. Lovesy's complaint, and each of its alleged counts, is barred by the
23 applicable statutes of limitation, including, but not limited to, those set forth in California
24 Code of Civil Procedure Sections 337, 337a, 338, 339, 340, 343, and 344?

25    Whether Mr. Lovesy is barred from relief on the FAC, and each of its alleged
26 counts, because no conditions have occurred that would trigger liability of Defendants for
27 any loss allegedly suffered by Lovesy?

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

10
Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    Whether Mr. Lovesy is barred from relief on the FAC, and each of its alleged

2 counts, by the provisions, terms, conditions and limitations under the purported

3 agreement(s) upon which Lovesy bases his purported counts?

4    Whether Mr. Lovesy's FAC, and each of its alleged counts, are barred because of

5 lack of consideration?

6    Whether Mr. Lovesy's FAC, and each of its alleged counts, are barred because of

7 failure of consideration?

8    Whether Mr. Lovesy is barred from any recovery on his FAC, and each of its

9 alleged counts, under the doctrine of unjust enrichment?

10    Whether Defendants are entitled to a set-off against Mr. Lovesy's money demands.

11    Whether Mr. Lovesy's FAC, and each of its alleged counts, fail to state facts

12 sufficient to justify an award of punitive damages?

13    Whether Mr. Lovesy's purported claims for punitive damages are barred by the

14 provisions of California Civil Code Sections 3300 and 3301?

15    Whether Mr. Lovesy's purported claims for punitive damages violate the Due

16 Process Clause of the Fourteenth Amendment to the United States Constitution?

17    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,

18 Section 7(a) of the Constitution of the State of California?

19    Whether Mr. Lovesy's purported claims for punitive damages violate the Eighth

20 Amendment to the United States Constitution barring the imposition of excessive fines?

21    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,

22 Section 17 of the Constitution of the State of California barring the imposition of excessive

23 fines?

24    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,

25 Section 10 of the United States Constitution barring the impairment of contracts?

26    Whether Mr. Lovesy's purported claims for punitive damages violate Article I,

27 Section 9 of the Constitution of the State of California barring the impairment of contracts?

28    **4.    <u>Motions</u>:**

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

11

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1   The parties stipulated to the filing of the FAC and the Court granted Plaintiff leave

2   to file the FAC.  Defendants have met and conferred with Plaintiff regarding a Motion to

3   Dismiss the FAC and Plaintiff has agreed to file a Second Amended Complaint.

4   Defendants anticipate filing a Motion for Summary Judgment. Mr. Lovesy may file a

5   motion to strike pleadings filed by The Shuey Agency, Inc., and or TGS Group, Inc.

6   Mr. Lovesy may also file a Motion for Summary Judgment or Partial Summary Judgment

7   as to one or more of the affirmative defenses.

8       **5.    Amendment of Pleadings:**

9       Mr. Lovesy intends to file a Second Amended Complaint in response to

10  Defendants' letters regarding alleged deficiencies in the First Amended Complaint.  The

11  Shuey Agency may file a cross-complaint against Mr. Lovesy for breach of contract.

12      **6.    Evidence Preservation:**

13      Mr. Lovesy has retained most relevant evidence only in hard copy, as he does not

14  control the server on which his electronic mail is stored.  Mr. Lovesy does not have any

15  document destruction program and has not knowingly erased any electronic mail messages

16  or other electronically-recorded material.

17      Defendants have taken steps to preserve evidence relevant to this litigation.

18  Specifically, Defendants have taken steps to preserve documents, including electronic

19  communications, which existed at the time Mr. Lovesy served his complaint against

20  Defendants.  Defendants have terminated their ordinary document destruction policy and

21  placed a litigation hold on those documents and data that they reasonably believe are

22  relevant.

23      **7.    Disclosures:**

24      The parties will comply with the initial disclosure requirements of Rule 26 of the

25  Federal Rules of Civil Procedure on or before November 21, 2007, as required by Rule

26  26(a)(1).

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

12
Case No.  C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

8. **Discovery:**

Mr. Lovesy has served initial requests for production of documents on AFBA and 5Star. Defendants anticipate service of initial requests for production of documents on The Shuey Agency, TGS, and Mr. Shuey and Notices of Deposition as to corporate persons most knowledgeable in November 2007.

The parties intend to take the depositions of relevant individuals and of corporate persons most knowledgeable. The parties also intend to propound discovery requests. Should the situation warrant it, subpoenas for the deposition of and/or documents from third parties may be issued.

The parties do not presently anticipate requesting any limitations or modifications of the discovery rules.

**Mr. Lovesy's Proposed Discovery Plan**

| | |
|---|---|
| Document Requests to Each Defendant | December 2007 |
| Depositions of Corporate Person(s) Most Knowledgeable | January or February 2008 |
| Deposition of Ted Shuey | March or April 2008 |
| Deposition of 5Star Life witness | March or April 2008 |
| Deposition of AFBA witness | March or April 2008 |
| Deposition of the Shuey Defendants' witness | March or April 2008 |
| Contention Interrogatories to each Defendant | May 2008 |
| Depositions of Third Parties | May 2008 |
| Additional Written Discovery | May and June 2008 |
| Expert Witness Discovery | July 2008 |

**Defendants' Proposed Discovery Plan**

Because Defendants' Motion to Dismiss will be scheduled for hearing

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

13

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

on January 15, 2007 and the parties intend to engage in ADR, Defendants propose the following discovery plan:

| | |
|---|---|
| Request for Production of Documents to the parties | February through May 2008 |
| Interrogatories to the parties | February through May 2008 |
| Requests for Admission to the parties | February through May 2008 |
| Depositions of Mr. Lovesy and Mr. Shuey | May through August 2008 |
| Depositions of Corporate Person(s) Most Knowledgable | May through August 2008 |
| Additional Depositions | May through October 2008 |
| Contention Interrogatories to Mr. Lovesy | October 2008 |
| Additional Written Discovery | May through November 2008 |
| Expert Witness Discovery | December 2008 through February 2009 |

**9.    Class Actions:**

This case is not a class action.

**10.    Related Actions:**

No other cases are related to the present case.

**11.    Relief:**

**Mr. Lovesy includes the following with respect to the amount and types of damages claimed by him:**

Mr. Lovesy seeks to recover damages that are in excess of $700,000 to date. If this loss is projected for the period that Mr. Lovesy anticipated working with AFBA, the amount is significantly higher. Damages include, but are not limited to, the following:

1.    In August 2004, Mr. Lovesy was unlawfully forced to give up business opportunities selling products offered by Colorado Banker. This business

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

produced a revenue stream of approximately $6,000 per month. To date, Mr. Lovesy estimates his loss of this line to be $216,000. He had every reason to believe that he would be able to continue this profit stream for the next 15 years. Thus, his total loss resulting from the inability to sell Colorado Banker products will exceed $1,200,000.00.

2. To date, Mr. Lovesy has been charged nearly $60,000 in charge backs. TGS promised there would be no charge backs if Mr. Lovesy did business with it as administrator. The number of charge backs, however, increased dramatically once TGS took over responsibility for collecting premiums and are a direct result of TGS's failure to perform its contractual obligations in a reasonable manner.

3. Mr. Lovesy has been denied the opportunity to continue acting as Field Service Representative and Regional Sales Director. From these contracts, Mr. Lovesy earned more than $43,000 per month on average. To date, the total loss is $731,000. Mr. Lovesy reasonably believed he would be able to continue this business for the next 15 years. Thus, his total damages related to loss of his Field Service Representative and Regional Sales Director positions exceed $8,000,000.00.

4. Mr. Lovesy has been denied the opportunity to procure sales through the Birthday List. When Mr. Lovesy personally worked the Birthday List, it produced sales generating a monthly income to Mr. Lovesy averaging $22,000. Even had this income not increased, Mr. Lovesy's losses to date are $242,000. Again, Mr. Lovesy expected to continue this business for the next 15 years. Thus, his future damages related to loss of the Birthday List are at least $3,960,000.00.

5. Mr. Lovesy lacks sufficient information to estimate the losses due to interference in his assigned region. Mr. Lovesy will be seeking all records of sales in the Assigned Region, so as to determine what he should have been paid.

6. Interest, costs, and attorneys' fees.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

15

Case No.  C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1    **Defendants include the following facts with respect to the amount and types of**
2    **damages claimed by Mr. Lovesy:**

3    Defendants dispute that Mr. Lovesy has been injured or damaged in the manner and
4    sum described above, or at all.  Furthermore, Defendants dispute that Mr. Lovesy would be
5    entitled to the damages described, even if each and every allegation in the FAC were true.

6

7

8    **12.    Settlement and ADR:**

9    The parties request an Early Settlement Conference with a Magistrate Judge and
10   have an ADR teleconference scheduled for October 26, 2007.  The parties are not aware of
11   any discovery or motions needed to pursue settlement discussions.  To avoid the amount of
12   attorneys' fees becoming a barrier to resolution, the parties request that the Early
13   Settlement Conference be scheduled at the earliest opportunity.

14   **13.    Consent to Magistrate Judge for All Purposes:**

15   The parties do not consent to have a magistrate judge conduct any proceedings in
16   the matter, including trial other than those proceedings typically handled by the magistrate
17   judge under the direction of the United States District Judge

18   **14.    Other References:**

19   The matter is not suitable for reference to binding arbitration, a special master, or
20   the Judicial Panel on Multidistrict Litigation.

21   **15.    Narrowing of Issues:**

22   As the parties have not conducted any discovery, they lack sufficient information
23   about the matter to narrow the issues by agreement, but agree to engage in good faith
24   discussions of narrowing the issues as the case progresses.

25   **16.    Expedited Schedule:**

26   The parties do not believe this case is suitable for an expedited schedule.

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

16

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

17.  **Scheduling:**

Mr. Lovesy proposes the following schedule:

The parties agree to the following schedule, if it fits with the Courts availability:

| | |
|---|---|
| Non-Expert Discovery Cut Off | July 31, 2008 |
| Hearing of Dispositive Motions: | August 19, 2008 |
| Initial Designation of Experts | August 25, 2008 |
| Disclosure of Rebuttal Experts | September 8, 2008 |
| Expert Discovery Cut Off | September 29, 2008 |
| Pretrial Conference | October 13, 2008 |
| Trial | November 3, 2008 |

Defendants propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cut Off | November 30, 2008 |
| Hearing of Dispositive Motions: | December 16, 2008 |
| Initial Designation of Experts | January 5, 2009 |
| Disclosure of Rebuttal Experts | January 26, 2009 |
| Expert Discovery Cut Off | February 23, 2009 |
| Pretrial Conference | March 16, 2009 |
| Trial | March 23, 2009 |

18.  **Trial:**

Mr. Lovesy requests a jury trial.

The parties expect the trial will last for the following number days: 10

19.  **Disclosure of Non-Party Interested Entities or Persons:**

Plaintiff and Defendants have filed the Certificates of Interested Entities or Persons required by Civil Local Rule 3-16, attached as Exhibit A to this Case Management Statement.

20.  **Other Matters:**

There are no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

17

Case No.  C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1  **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL**

2  **COUNSEL:**

3      Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has

4  read the brochures entitled "Dispute Resolution Procedures in the Northern District of

5  California," discussed the available dispute resolution options provided by the court and

6  private entities and has considered whether this case might benefit from any of the

7  available dispute resolution options.

8

9  Dated: October 26, 2007                    HAIGHT BROWN & BONESTEEL LLP

10

11

12                                          By: _____

13                                              Margaret J. Grover
                                                Attorneys for Plaintiff
14                                              BRAD LOVESY

15  Dated: October ____, 2007                  DLA PIPER US LLP

16

17

18                                          By: _____

19                                              Charles L. Deem
                                                Attorneys for Defendants ARMED
20                                              FORCES BENEFITS ASSOCIATION
                                                and 5STAR LIFE INSURANCE
21                                              COMPANY

22

23  Dated: October 26, 2007                   SEYFARTH SHAW LLP

24

25

26                                          By: _____

27                                              Michael T. McKeeman
                                                Attorneys for Defendants THE SHUEY
28                                              AGENCY, INC., TGS GROUP, INC, and
                                                TED SHUEY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

18

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

1 **SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL**
2 **COUNSEL:**

3       Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has
4 read the brochures entitled "Dispute Resolution Procedures in the Northern District of
5 California," discussed the available dispute resolution options provided by the court and
6 private entities and has considered whether this case might benefit from any of the
7 available dispute resolution options.

8

9 Dated: October 26, 2007           HAIGHT BROWN & BONESTEEL LLP

10

11

12                                  By: _____

13                                      Margaret J. Grover
14                                    Attorneys for Plaintiff
                                   BRAD LOVESY

15 Dated: October **26**, 2007           DLA PIPER US LLP
16

17

18                                    By: _____

19                                      Charles L. Deem
20                                    Attorneys for Defendants ARMED
                                   FORCES BENEFITS ASSOCIATION
21                                    and 5STAR LIFE INSURANCE
                                   COMPANY

22

23 Dated: October _____, 2007         SEYFARTH SHAW LLP

24

25

26                                    By: _____

27                                      Michael T. McKeeman
                                   Attorneys for Defendants THE SHUEY
                                   AGENCY, INC., TGS GROUP, INC, and
28                                    TED SHUEY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

18

Case No. C 07-2745 SBA
Joint Case Management Statement and Proposed Order

SD\1772349.4

# EXHIBIT A

1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Elizabeth J. Gehlhar (Bar No. 213054)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiff
6  BRAD LOVESY

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY,                          )  Case No. 4:07-cv-02745-SBA
                                          )
12                Plaintiff,              )  **DISCLOSURE OF NON-PARTY**
          vs.                             )  **INTERESTED ENTITIES OR**
13                                        )  **PERSONS**
    ARMED FORCES BENEFIT                  )
14  ASSOCIATION, 5STAR LIFE               )  **Civil Local Rule 3-16**
    INSURANCE, LLC, THE SHUEY             )
15  AGENCY, INC., TGS GROUP, INC.,        )
    AND TED SHUEY,                        )
16                                        )
                  Defendants.             )
17  _____  )

18         Pursuant to Rule 3-16 of the Local Rules for the United States District Court for the

19  Northern District of California, counsel for Plaintiff Brad Lovesy certifies that, as of this

20  date, counsel is not aware of any person or entity having either: (i) a financial interest (of

21  any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any

22  other kind of interest that could be substantially affected by the outcome of the proceeding,

23  other than the named parties.

24  Dated:  August 28, 2007                  HAIGHT BROWN & BONESTEEL LLP

25

26                                          By: _____

27                                               Elizabeth J. Gehlhar
                                                 Attorneys for Plaintiff
28                                               BRAD LOVESY

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3289538.1

1

Case No. 4:07-cv-02745-SBA
DISCLOSURE OF NON-PARTY INTERESTED
PERSONS OR ENTITIES

1  CHARLES L DEEM, Bar No. CA-110557
   charles.deem@dlapiper.com
2  DLA PIPER US LLP
   401 B Street, Suite 1700
3  San Diego, CA  92101-4297
   Tel:  619.699.2700
4  Fax: 619.699.2701

5  Attorneys for Defendants
   ARMED FORCES BENEFIT ASSOCIATION and
6  5STAR LIFE INSURANCE, LLC

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 BRAD LOVESY,                        CASE NO.  C 07-2745 JL

12           Plaintiff,               **DEFENDANTS ARMED FORCES
                                      BENEFIT ASSOCIATION AND 5STAR
13      v.                            LIFE INSURANCE COMPANY'S
                                      CERTIFICATION OF INTERESTED
13 ARMED FORCES BENEFIT              ENTITIES OR PERSONS**
14 ASSOCIATION, 5STAR LIFE
   INSURANCE, LLC, TSG GROUP, INC.    Date:     August 1, 2007
15 AND TED SHUEY,                     Time:     9:30 a.m.
                                      Courtroom: F
16           Defendants.             Judge:    Hon. James Larson

17

18      Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

19 the named parties, there is no such interest to report.

20

21 Dated: June 20, 2007

22                             DLA PIPER US LLP

23

24                             By   /s/ Charles L. Deem
                                    CHARLES L. DEEM
25                                  Attorneys for Defendants
                                    ARMED FORCES BENEFIT ASSOCIATION
26                                  and 5STAR LIFE INSURANCE, LLC

27

28

SD\1742526.1
332602-3

-1-
DEFENDANTS ARMED FORCES BENEFITS ASS'N AND 5STAR LIFE INSURANCE
CO.'S CERTIFICATION OF INTERESTED PARTIES     CASE NO. C 07-2745

1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   TED SHUEY, TGS GROUP, INC. and THE SHUEY AGENCY, INC.

6          Case 4:07-cv-02745-SBA    Document 30    Filed 10/24/2007    Page 1 of 1

7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  BRAD LOVESY,                    )    Case No. C 07-2745 SBA
                                    )
12            Plaintiff,            )    **CERTIFICATION OF INTERESTED**
                                    )    **ENTITIES OR PERSONS**
13     v.                           )
                                    )
14  ARMED FORCES BENEFIT ASSOCIATION, )
    et al.,                         )
15                                  )
              Defendants.           )
16                                  )
                                    )
17  _____)

18         Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

19  associations of persons, firms, partnerships, corporations (including parent corporations) or other

20  entities (i) have a financial interest in the subject matter in controversy or in a party to the

21  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

22  substantially affected by the outcome of this proceeding:

23         All parties named in the action.

24

25  DATED: October 24, 2007                SEYFARTH SHAW LLP

26                                         By
                                           Attorneys for Defendants
27                                         THE SHUEY AGENCY, INC., TGS
                                           GROUP, INC., AND TED SHUEY
28  SF1 28305312.1

                                        1

            Certification of Interested Entities or Persons / Case No. C 07-2745 SBA