1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California  94105-2981
4  Telephone:  415.546.7500
   Facsimile:  415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC              )    Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a     )
12  Nevada corporation,                  )    **SECOND AMENDED COMPLAINT FOR**
                                         )    **DAMAGES FOR:**
13              Plaintiffs,              )
                                         )    **1. BREACH OF CONTRACT,**
14         vs.                           )    **2. BREACH OF THE COVENANT OF**
                                         )       **GOOD FAITH AND FAIR**
15  ARMED FORCES BENEFIT                 )       **DEALING,**
    ASSOCIATION, THE 5STAR               )    **3. INTERFERENCE WITH**
16  ASSOCIATION, 5STAR FINANCIAL, LLC,   )       **CONTRACT,**
    5STAR FINANCIAL SERVICES             )    **4. INTERFERENCE WITH**
17  COMPANY, and 5STAR LIFE INSURANCE    )       **PROSPECTIVE ECONOMIC**
    COMPANY; TED SHUEY, individually,    )       **ADVANTAGE,**
18  doing business as THE SHUEY AGENCY,  )    **5. FRAUD,**
    INC., and TGS GROUP, INC.,           )    **6. UNFAIR BUSINESS PRACTICES,**
19                                       )       **AND**
                Defendants.              )    **7. FOR AN ACCOUNTING**
20  _____  )
                                              **DEMAND FOR TRIAL BY JURY**
21

22       Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. allege as follows:

23                       **PARTIES TO THE ACTION**

24       1.      At all times relevant hereto, Plaintiff Brad Lovesy was an individual and a resident

25  of the State of California, employed in the County of San Francisco.  From time to time,

26  Mr. Lovesy conducted business under the name The Lovesy Group, which was not an entity

27  formally organized under the laws of any state.  Plaintiffs are informed and believe, and upon that

28  basis allege that each Defendant named in this Complaint at all times had actual knowledge that

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

1·

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1   The Lovesy Group was not an independent legal entity.  Plaintiffs are further informed and

2   believe, and upon that basis allege that each Defendant knew that in engaging in business with The

3   Lovesy Group, that Defendant was doing business with Brad Lovesy, an individual.  At all times

4   relevant hereto, Plaintiff Pacific Consolidated Investments, Inc. a Nevada Corporation, conducted

5   business under the name Pacific Consolidated LLC ("Pacific Consolidated").

6       2.     Plaintiffs are informed and believe and upon that basis allege that Defendant

7   Armed Forces Benefit Association (AFBA) is, and at all times relevant hereto was, a non-profit

8   voluntary membership association, having its principal place of business in Alexandria, Virginia,

9   and doing business in the City and County of San Francisco, State of California.

10      3.     Plaintiffs are informed and believe and upon that basis allege that Defendant The

11  5Star Association is, and at all times relevant hereto was, a business entity, form unknown, having

12  its principal place of business in Alexandria, Virginia, and doing business in the City and County

13  of San Francisco, State of California.  Plaintiffs are informed and believe and upon that basis

14  allege that Defendant The 5Star Association is the alter ego of AFBA.

15      4.     Plaintiffs are informed and believe and upon that basis allege that Defendant 5Star

16  Financial, LLC is, and at all times relevant hereto was, a business entity, form unknown, having its

17  principal place of business in Alexandria, Virginia, and doing business in the City and County of

18  San Francisco, State of California.  Plaintiffs are further informed and believe that 5Star Financial,

19  LLC was formed in or about 1989 to act as an umbrella corporation of the for-profit businesses

20  operated under the umbrella of, and in reliance upon the name, reputation, and membership list of,

21  AFBA.

22      5.     Plaintiffs are informed and believe and upon that basis allege that Defendant 5Star

23  Financial Services Company is, and at all times relevant hereto was, a business entity, form

24  unknown, having its principal place of business in Alexandria, Virginia, and doing business in the

25  City and County of San Francisco, State of California.  Plaintiffs are further informed and believe

26  that 5Star Financial Services Company is the parent corporation of Defendant 5Star Life Insurance

27  Company and is operated under the umbrella of, and in reliance upon the name, reputation, and

28  membership list of, AFBA.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BI.23-0000001
3313073.1

2

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1   6.  Plaintiffs are informed and believe and upon that basis allege that Defendant 5Star

2 Life Insurance Company (5Star Life) is, and at all times relevant hereto was, a business entity,

3 form unknown, having its principal place of business in Alexandria, Virginia, and doing business

4 in the City and County of San Francisco, State of California.  Plaintiffs are further informed and

5 believe that 5Star Life is operated under the umbrella of, and in reliance upon the name,

6 reputation, and membership list of, AFBA.  Plaintiffs is further informed and believes that AFBA

7 actively promotes the insurance services provided through 5Star Life.

8   7.  Plaintiffs are informed and believe and upon that basis allege that the corporate

9 form of Defendants AFBA, The 5Star Association, 5Star Financial, LLC, 5Star Life Insurance

10 Company, and 5Star Life should be disregarded, in that, among other things:  AFBA either does

11 business under the name The 5Star Association or formed The 5Star Association to further its

12 activities, including the for-profit activities of the remaining named defendants; AFBA formed

13 5Star Financial, LLC in or about 1989 to act as an umbrella corporation of the for-profit

14 businesses operated under the umbrella of, and in reliance upon the name, reputation, and

15 membership list of, AFBA; AFBA actively promotes the products of 5Star Life by, among other

16 things, linking its website to the website of 5Star Life and prominently displaying the AFBA logo

17 on training, marketing, and promotional materials; AFBA and 5Star Life, in their interactions with

18 each disregarded their corporate entities, both purporting to engage in business with him as to the

19 subject matter of the contracts referenced herein; AFBA, The 5Star Association, 5Star Financial,

20 LLC, 5Star Life Insurance Company, and 5Star Life have shared or interlocking ownership,

21 direction, or control in that AFBA has created and/or controls each entity; AFBA participates in

22 the operation and management of the others' businesses.  Plaintiffs are informed and believe and

23 upon that basis allege that honoring the corporate form of Defendants AFBA, The 5Star

24 Association, 5Star Financial, LLC, 5Star Life Insurance Company, and 5Star Life would

25 perpetrate a fraud upon the creditors of Defendants AFBA, The 5Star Association, 5Star Financial,

26 LLC, 5Star Life Insurance Company, and 5Star Life, including Mr. Lovesy.  AFBA, The 5Star

27 Association, 5Star Financial, LLC, 5Star Life Insurance Company, and 5Star Life are collectively

28 referred to as the "AFBA/5Star."

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

Bl.23-0000001
3313073.1

3

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1      8.      Plaintiffs are informed and believe and upon that basis allege that Defendant Ted

2  Shuey is, and at all times relevant hereto was, an individual and a resident of the State of Virginia,

3  doing business in the City and County of San Francisco, State of California.

4      9.      Plaintiffs are informed and believe and upon that basis allege that Defendant The

5  Shuey Agency, Inc. (TSA) is, and at all times relevant hereto was, a business entity, form

6  unknown, having its principal place of business in Alexandria, Virginia, and doing business in the

7  City and County of San Francisco, State of California.

8      10.    Plaintiffs are informed and believe and upon that basis allege that Defendant TGS

9  Group, Inc. (TGS) is, and at all times relevant hereto was, a business entity, form unknown,

10  having its principal place of business in Alexandria, Virginia, and doing business in the City and

11  County of San Francisco, State of California.

12      11.    Plaintiffs are informed and believe and upon that basis allege that the corporate

13  forms of Defendants TSA and TGS are merely a sham and should be disregarded, in that, among

14  other things:  TSA and TGS have shared ownership in that Ted Shuey is the sole or controlling

15  shareholder of each; TSA and TGS are managed in a haphazard manner, such that each

16  participates in the others' business, as may be directed by Ted Shuey; TSA and TGS are

17  undercapitalized; the assets of TSA and TGS are intermingled and treated by Ted Shuey as his

18  own.  Plaintiffs are informed and believe and upon that basis allege that honoring the corporate

19  form of Defendants TSA and TGS would perpetrate a fraud upon the creditors of TSA and TGS,

20  including Mr. Lovesy.  TSA, TGS, and Ted Shuey are collectively referred to as the "Shuey

21  Defendants."

22      12.    Plaintiffs are informed and believe and upon that basis allege that each Defendant

23  is, and at all times relevant hereto, was the agent, servant, employee, successor, assign, or alter ego

24  of each other Defendant.  Plaintiffs are further informed and believe and upon that basis allege

25  that, in doing the acts alleged in this Complaint, each Defendant was acting within the scope of

26  his, her, or its authority and with the permission and consent of each other Defendant.

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

4

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

**JURISDICTION AND VENUE**

13.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different States.

14.    Venue is appropriate pursuant to 28 U.S.C. Section 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California.

**COMMON ALLEGATIONS**

15.    AFBA was established in February 1947 with the approval of the Chief of Staff, General of the Army, Dwight David Eisenhower. AFBA was "to promote the general welfare and economic interests of its members and their families by providing superior benefits and services principally to military families during peace and war."

16.    Plaintiffs are informed and believes and on that basis alleges that AFBA/5Star presently provides life insurance and other financial products to nearly 300,000 service members and their families. Insurance is written by for-profit businesses that are part of the AFBA/5Star family of corporations, including 5Star Life. The AFBA/5Star entities engage in joint marketing and promotion of the life insurance and other financial products.

17.    Plaintiffs are informed and believe and on that basis allege that AFBA established AFBA Life Insurance Company in or about July 1996. Plaintiffs are further informed and believe that AFBA Life Insurance Company underwrote most of AFBA's group life insurance programs. Plaintiffs are further informed and believe and on that basis allege that AFBA Life Insurance Company did amend its Articles of Incorporation, in October 2000, to 5Star Life Insurance Company. Plaintiffs are further informed and believe that 5Star Life Insurance Company underwrites most of AFBA's group life insurance programs.

18.    Plaintiff Brad Lovesy has a long history of serving as Regional Sales Director and Field Service Representative for AFBA/5Star.

19.    On or about September 10, 2001, Mr. Lovesy and Pacific Consolidated LLC entered a Regional Sales Director Agreement with 5Star. On or about June 19, 2003, 5Star,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BI.23-0000001
3313073.1

5

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1 | Mr. Lovesy, and Pacific Consolidated LLC amended the Regional Sales Director Agreement, by
2 | adding a Regional Director Compensation Addendum.

3 | 20. Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy
4 | was to serve as Regional Sales Director for the states of Arizona, California, Nevada, New
5 | Mexico, and Utah (the "Assigned Region").

6 | 21. Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy
7 | was to receive an override on all business produced by the Field Sales Representatives in the
8 | Assigned Region.

9 | 22. On or about March 22, 2001, Mr. Lovesy, Pacific Consolidated LLC, and 5Star
10 | entered an Independent Field Service Representative Agreement.

11 | 23. Under the Field Service Representative Agreement, Mr. Lovesy was authorized to
12 | solicit and obtain applications for approved insurance products offered by AFBA/5Star.

13 | 24. Until approximately August 2004, Mr. Lovesy operated smoothly and profitably as
14 | Regional Sales Director and as a Field Service Representative. He had established procedures for
15 | assuring that the policy applications were processed in a timely manner and for collecting the
16 | initial premiums on contracts that were sold and for following up when service members were not
17 | making timely payments. As a result of these procedures, policies were issued, service members
18 | were provided the coverage they expected, and only a minimal number of the contracts sold by
19 | Mr. Lovesy and his agents were cancelled due to non-payment of premiums.

20 | 25. In or about August 2004, the Shuey Defendants were injected into the relationship
21 | between Mr. Lovesy, on the one hand, and AFBA/5Star, on the other. AFBA/5Star advised
22 | Mr. Lovesy that unless he agreed to use the services of the Shuey Defendants as administrators for
23 | policies he procured and those procured by the Field Service Representatives in the Assigned
24 | Region, Mr. Lovesy's business in the Assigned Region would be taken over by the Shuey
25 | Defendants.

26 | 26. AFBA/5Star advised Mr. Lovesy that they wished to engage the Shuey Defendants
27 | to administer the policies being issued, as the Shuey Defendants had a unique ability to process
28 | payroll deductions from service members.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

6

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

27.     In or about September 2004, Ted Shuey made a presentation, which was attended by Mr. Lovesy and several of the individuals who worked with him soliciting and obtaining applications for AFBA/5Star. During that presentation, Shuey explained the benefits of the Shuey Defendants serving as an administrator. Shuey explained that the Shuey Defendants could assure that *all* premiums due for the AFBA/5Star policies would be collected through payroll deduction. According to Ted Shuey, the Shuey Defendants had a well-established procedure for implementing payroll deductions that was so efficient that, if Mr. Lovesy signed an agreement with TGS as administrator, there would be *no* charge backs resulting from failure to collect premiums.

28.     On or about August 31, 2004, Plaintiffs signed a Memorandum of Agreement with TSA. Under that Memorandum, Plaintiffs were was required to cease offering products other than the group SSLI program, Better Alternative, and Select Term products offered through AFBA.

29.     The Memorandum of Understanding between Plaintiffs and TSA also provided that TSA would collect and submit to AFBA all payroll deduction and direct billed premiums no later than the thirtieth (30th) of each month. Although Mr. Lovesy signed the Memorandum of Agreement with TSA, all subsequent communications with Mr. Lovesy regarding marketing under the Memorandum was done through TGS and/or Ted Shuey, individually, and not through TSA.

30.     When Mr. Lovesy expressed his concern that he would have to give up soliciting a product offered through Colorado Banker, which had provided him with a steady income stream for approximately 3 years, Michael Kimo Wong, a Senior Vice President of AFBA and Regional Vice President of 5Star Life, assured Mr. Lovesy that the AFBA and 5Star products being administered through the Shuey Defendants would be so lucrative that he would not miss the income from the Colorado Banker products.

31.     The Shuey Defendants failed to perform their promises as administrator under the Memorandum. The Shuey Defendants had difficulty with properly implementing the payroll deduction for a significant portion of the policies procured by Mr. Lovesy and other Field Service Representatives in the region assigned to Mr. Lovesy.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

7

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1    32.    From the onset, it became clear that the Shuey Defendants could not process the

2    applications and follow up appropriately on those that were unpaid.  Applications that normally

3    would have taken 4 weeks to process under the old AFBA system took 3 to 12 months or more to

4    process.    When Mr. Lovesy questioned the delays, he was told by Ted Shuey not to worry,

5    because this was "normal."

6    33.    As Mr. Lovesy learned of these and many other problems, he repeatedly requested

7    that the Shuey Defendants follow up with service members and take all steps necessary to assure

8    that payroll deductions were processed in a timely manner and that other problems be promptly

9    resolved.

10    34.    Mr. Lovesy's requests were met with resistance and the Shuey Defendants failed to

11    take the necessary steps.

12    35.    The Shuey Defendants also failed to submit the policies in a timely manner.

13    36.    On many occasions, Mr. Lovesy was instructed to place false dates on applications,

14    so that it would appear that the application was current.  Mr. Lovesy was concerned both about the

15    legality of this practice and the potential impact on insurance coverage.    For some service

16    members, the processing delay created significant problems.

17    37.    Some service members had applied for insurance and had been deployed before the

18    Shuey Defendants processed the policy.    When the Shuey Defendants requested a re-dated

19    application, Mr. Lovesy could not comply because the service member had been assigned to active

20    duty in Iraq or Afghanistan.

21    38.    Some service members applied for insurance before turning 50 years old and, as a

22    result, were not required to take a physical.    However, by the time the Shuey Defendants

23    processed the application, the service member had turned 50 and it became necessary for them to

24    complete a physical before their application was completely processed.    Service members on

25    active duty in Iraq or Afghanistan could not comply with this requirement and were, as a result,

26    denied the coverage that they believed was already providing security for their family members

27    and loved ones.    In some cases the applicant returned from deployment before the policy was

28    processed.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

8

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

39.    Mr. Lovesy's complaints to AFBA/5Star about the Shuey Defendants' failure to follow up with service members and to take all steps necessary to assure that payroll deductions were processed in a timely manner were ignored. AFBA/5Star refused to provide Mr. Lovesy with information about the processing of policies and payment of premiums that would have enabled Mr. Lovesy to increase significantly the number of policies upon which payment was made in a timely manner.

40.    The Shuey Defendants also began to solicit business in Arizona, Nevada, and Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis. The Shuey Defendants were also given the business in Washington, a state for which Mr. Lovesy had received approval from AFBA to operate as a new territory. This authorization was subsequently withdrawn in favor of the Shuey Defendants.

41.    Mr. Lovesy's objections to the usurpation of the territory were ignored by Kimo Wong of AFBA and 5Star, who claimed he had no control of the Shuey Defendants.

42.    Plaintiffs are informed and believe, and on that basis allege, that despite AFBA/5Star's prior agreement to grant him the exclusive rights to solicit in these territories, AFBA/5Star accepted insurance policy applications solicited by the Shuey Defendants and/or individuals who had agreements to work with the Shuey Defendants. Plaintiffs are further informed and believe, and on that basis allege, that despite AFBA/5Star's prior agreement to pay him commissions, overrides, and/or bonus for all policies issued in these territories, AFBA/5Star issued insurance policies to service members who had been solicited by the Shuey Defendants and/or individuals who had agreements to work with the Shuey Defendants and credited commissions and overrides to the Shuey Defendants on such policies, without advising Mr. Lovesy of the policies or paying him the commissions, overrides, and/or bonuses to which he was entitled.

43.    AFBA/5Star refused to provide Mr. Lovesy with information regarding payment of premiums on the policies, which would have allowed Mr. Lovesy to follow up and assure that payments were received, so that policies could remain in place.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

9

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

44.    Mr. Lovesy raised some of his concerns regarding the Shuey Defendants' failures and interference in early 2006 to both AFBA/5Star and the Shuey Defendants. He also raised concerns that AFBA, 5Star, and the Shuey Defendants were misleading and taking advantage of service members in the pricing of policies. AFBA and 5Star had a reasonably priced life insurance policy, which provided $250,000.00 in coverage for a premium of $16.00 per month. However, Mr. Lovesy could not sell that policy unless the service member also purchased a policy that provided only $10,000.00 in coverage but cost $3.66 per month. The marketing of the two policies was deceptive, at best, as the service members were not told that they were actually purchasing two separate policies.

45.    On or about February 28, 2006, Mr. Lovesy advised Michael Kimo Wong, of AFBA, of the problems and concerns, including concerns that AFBA, 5Star, and the Shuey Defendants were misleading and taking advantage of service members. When Mr. Lovesy raised his concerns, the Shuey Defendants, in response, promptly purported to cancel the Memorandum of Agreement by a letter of termination erroneously indicating that Mr. Lovesy had not fulfilled the Agreement. The Shuey Defendants further notified Mr. Lovesy that they would be taking the SSLI program under their own structure. This caused significant interruption and interference with the business operations of Mr. Lovesy and has resulted in the loss of income and prospective economic advantage.

46.    Mr. Lovesy, during his tenure as Regional Sales Director for AFBA/5Star, was provided by AFBA with a Birthday List, which he could use to solicit potential insureds. For most of the time that he received the Birthday List, Mr. Lovesy permitted other agents to work the leads contained on the Birthday List.

47.    For two months in 2006, Mr. Lovesy personally made sales calls based upon the Birthday List. Mr. Lovesy's Birthday List solicitation was very successful and resulted in a dramatic increase in sales as compared to the other agents who he had permitted to work the Birthday List, which included the states of Alaska, Arizona, California, Montana, Nevada, New Mexico, Oregon, Utah, and Wyoming.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

10

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

48.    Mr. Lovesy reasonably anticipated that, as he established his own procedures for use of the Birthday List and followed up on policies procured through the Birthday List, it would generate even greater profits for both Mr. Lovesy and AFBA.

49.    In or about October 2006, in response to Mr. Lovesy's raising concerns about the deceptive practices and failure to provide service members with insurance coverage, AFBA ceased providing Mr. Lovesy with the Birthday List and has failed and refused to provide the Birthday List.

50.    By letter of May 7, 2007, AFBA/5Star notified Plaintiffs of its intent to terminate his agreement effective June 6, 2007.    AFBA/5Star demanded immediate payment of "any outstanding debt" and advised Mr. Lovesy of its intent to continue to send notices of indebtedness for future charge-backs.  Many of the charge-backs AFBA is seeking to collect are the direct result of the Shuey Defendants' failure to process applications and implement automatic deductions in a timely manner.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

### (Against AFBA/5Star Life)

51.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 50 as though fully set forth herein.

52.    Plaintiffs have performed all conditions, covenants, and promises required under the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, except where prevented or excused from performance.

53.    Defendants AFBA/5Star breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy.

54.    Mr. Lovesy is informed and believes that AFBA/5Star refused to pay commissions and overrides due to him under the agreement permitting him exclusive rights within the Assigned Region and, instead, paid such commissions and overrides to the Shuey Defendants and/or persons or entities affiliated with the Shuey Defendants.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3315073.1

11

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1    55.    Mr. Lovesy is further informed and believes that AFBA/5Star refused to pay

2    commissions and overrides due to him, asserting that they had a right of offset on such

3    commissions and overrides due to charge backs for policies sold when AFBA/5Star had failed and

4    refused to make reasonable efforts to collect the premiums.

5    56.    Defendants further breached the 2001 Regional Sales Director Agreement, as

6    amended, and the Independent Field Service Representative Agreement by, among other things,

7    terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from

8    Defendants AFBA/5Star and their agents, the Shuey Defendants.

9    57.    As a proximate result of the Defendants' breach of the 2001 Regional Sales

10    Director Agreement, as amended, and the Independent Field Service Representative Agreement,

11    Plaintiffs have sustained damages in an amount according to proof, including prejudgment interest

12    on all unpaid sums as permitted by law, as well as attorneys' fees.

13                                **SECOND CAUSE OF ACTION**

14                    **(Breach of the Covenant of Good Faith and Fair Dealing)**

15                                **(Against AFBA/5Star Life)**

16    58.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 57 as

17    though fully set forth herein.

18    59.    The 2001 Regional Sales Director Agreement, as amended, and the Independent

19    Field Service Representative Agreement contained implied covenants of good faith and fair

20    dealing, under which AFBA/5Star promised, among other things, that they would take no action to

21    deny Mr. Lovesy the benefits of those agreements in retaliation for lawful action taken to assure

22    performance of those agreements.

23    60.    Plaintiffs have performed all conditions, covenants, and promises required under

24    the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service

25    Representative Agreement, except where prevented or excused from performance.

26    61.    Defendants breached the covenant of good faith and fair dealing implied in the

27    2001 Regional Sales Director Agreement, as amended, and the Independent Field Service

28    Representative Agreement by, among other things: requiring Mr. Lovesy to rely upon the Shuey

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

12

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1 | Defendants to process policies as a condition of his continued employment with Defendants
2 | AFBA/5Star; permitting the Shuey Defendants to solicit policies in the Assigned Region; failing
3 | and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy; and terminating
4 | the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants
5 | AFBA/5Star and their agents, the Shuey Defendants.

6 |      62.    As a proximate result of the Defendants' breach of the covenants of good faith and
7 | fair dealing contained in the 2001 Regional Sales Director Agreement, as amended, and the
8 | Independent Field Service Representative Agreement, Plaintiffs have sustained damages in an
9 | amount according to proof, including prejudgment interest on all unpaid sums as permitted by law,
10 | as well as attorneys' fees.

11 | **THIRD CAUSE OF ACTION**

12 | **(Interference with Contract)**

13 | **(Against The Shuey Defendants)**

14 |      63.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 62 as
15 | though fully set forth herein.

16 |      64.    The 2001 Regional Sales Director Agreement, as amended, and the Independent
17 | Field Service Representative Agreement constituted valid contracts between Mr. Lovesy and
18 | Pacific Consolidated, on the one hand, and AFBA/5Star, on the other.

19 |      65.    The Shuey Defendants knew of the Regional Sales Director Agreement and the
20 | Independent Field Service Representative Agreement.

21 |      66.    The Shuey Defendants intentionally engaged in acts designed to induce breaches or
22 | disruptions of the contractual relationship.

23 |      67.    As a result of actions or omissions by the Shuey Defendants, the contractual
24 | relationship between Plaintiffs, on the one hand, and AFBA/5Star, on the other, was breached or
25 | disrupted.

26 |      68.    As a proximate result of the alleged actions, Plaintiffs have sustained damages in
27 | an amount according to proof, including prejudgment interest on all unpaid sums as permitted by
28 | law.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

13

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

69.    Plaintiffs are informed and believe, and on that basis allege, that the Shuey Defendants acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy. Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Interference with Prospective Economic Advantage)

### (Against The Shuey Defendants)

70.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 69 as though fully set forth herein.

71.    Mr. Lovesy procured numerous insurance policies on behalf of AFBA/5Star. In addition, Independent Field Service Representatives in the Assigned Region procured numerous insurance policies on behalf of AFBA/5Star.

72.    Pursuant to the terms of his agreements with AFBA/5Star, Mr. Lovesy was to receive commissions and overrides on each of the policies issued in the Assigned Region.

73.    The Shuey Defendants knew of the sales of insurance policies and Mr. Lovesy's right to receive commissions and overrides on each of the policies issued in the Assigned Region.

74.    The Shuey Defendants engaged in intentional acts designed to disrupt the relationship, including, but not limited to, failing and refusing to collect the initial premiums on contracts that were sold, failing and refusing to follow up when service members were not making timely payments, and engaging in direct sales within the Assigned Region.

75.    The Shuey Defendants' actions were wrongful in that they constituted a fraud upon the service members who purchased policies, subject to separate legal action and/or professional censure or sanction; and such actions were also wrongful in that they purported to make Plaintiffs instrumentalities of that fraud.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

14

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

76.     All of these actions impeded Mr. Lovesy's ability to perform under his contracts with AFBA/5Star, collect premiums, and follow up when service members were not making timely payments.

77.     As a result of actions or omissions by the Shuey Defendants, the relationship between Plaintiffs, the service members who purchased policies, and AFBA/5Star, was breached or disrupted.

78.     As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

79.     Plaintiffs are informed and believe, and on that basis allege, that the Shuey Defendants acted with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly disregarding the probability of causing injury to Mr. Lovesy.  Defendants' actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Breach of Contract)

### (Second Count)

### (Against The Shuey Defendants)

80.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 79 as though fully set forth herein.

81.     Plaintiffs had performed all conditions, covenants, and promises required under the 2004 Memorandum of Agreement entered into by and between Mr. Lovesy, Pacific Consolidated, and the Shuey Defendants, except where prevented or excused from performance.

82.     The Shuey Defendants breached the 2004 Memorandum by failing to collect and submit to AFBA all payroll deductions and direct billed premiums no later than the thirtieth (30th) of each month.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

B1:25-0000001
5315073.1

15

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

83.    As a proximate result of the Shuey Defendants' breach of the Memorandum, Mr. Lovesy has sustained damages which resulted in AFBA/5Star asserting charge-backs to Mr. Lovesy.    These charge-backs were the direct result of the Shuey Defendants' failures to collect and promptly submit all payroll deductions and direct billed premiums from servicemen based on policies procured by Mr. Lovesy.    As a further direct and proximate result of this breach of contract by the Shuey Defendants, Mr. Lovesy's agreements were terminated.

### SIXTH CAUSE OF ACTION

**(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)**

**(Second Count)**

**(Against The Shuey Defendants)**

84.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 83 as though fully set forth herein.

85.    The 2004 Memorandum of Agreement contained an implied covenant of good faith and fair dealing, under which the Shuey Defendants promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of that agreement in retaliation for lawful action taken to assure performance of that agreement.

86.    Plaintiffs have performed all conditions, covenants, and promises required under the 2004 Memorandum of Agreement, except where prevented or excused from performance.

87.    The Shuey Defendants breached the covenant of good faith and fair dealing implied in the 2004 Memorandum of Agreement by, among other things, failing to timely process policies, complete payroll, or direct payment requests, thereby frustrating Mr. Lovesy's attempt to procure new contracts.

88.    In further breach of the covenant of good faith and fair dealing, The Shuey Defendants terminated the Memorandum of Agreement in retaliation for Mr. Lovesy complaining to The Shuey Defendants, AFBA/5Star, and the National Guard Association of California regarding The Shuey Defendants' failure to process applications and complete payroll or direct payment requests in a timely manner.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313075.1

16

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1

### SEVENTH CAUSE OF ACTION

2

### (Fraud)

3

### (Against The Shuey Defendants)

4    89.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 88 as

5    though fully set forth herein.

6    90.    In an effort to induce Plaintiffs to permit the Shuey Defendants to provide

7    administrative services, Ted Shuey, individually on his own behalf, and as an agent of all

8    Defendants, made various misrepresentations.  In or about September 2004, Ted Shuey made a

9    verbal representation to Mr. Lovesy stating that, with the Shuey Defendants as administrator, *all*

10    premiums due for the AFBA/5Star policies would be timely collected through payroll deduction

11    and there would be *no* resulting charge backs.

12    91.    Ted Shuey knew these statements were false when made.

13    92.    Ted Shuey made these statements with the intent to defraud Mr. Lovesy and to

14    induce him to alter his position and enter into an administrative agreement with the Shuey

15    Defendants.

16    93.    Plaintiffs did justifiably and reasonably rely on Ted Shuey's promises and alter

17    their position by entering in the Memorandum of Agreement, permitting the Shuey Defendants to

18    assume duties from AFBA/5Star, including the processing of applications and collection of

19    premiums on policies procured in the Assigned Region.

20    94.    As a proximate result of the alleged actions, Plaintiffs have sustained damages in

21    an amount according to proof, including prejudgment interest on all unpaid sums as permitted by

22    law.

23    95.    Plaintiffs are informed and believe, and on that basis allege, that Defendants acted

24    with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or

25    for the purpose of competing with Mr. Lovesy, or with the intention of causing or recklessly

26    disregarding the probability of causing injury to Mr. Lovesy.  Defendants' actions, as alleged

27    herein, warrant an assessment of exemplary damages in a sum according to proof at trial.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

17

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

## EIGHTH CAUSE OF ACTION

### (Unfair Business Practices)

### (Against All Defendants)

96.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 95 as though fully set forth herein.

97.     In approximately 2003, AFBA/5Star advised Plaintiffs that, if they did not enter into an agreement with The Shuey Defendants, The Shuey Defendants would begin to sign up service members directly in California, precluding Plaintiffs and the Field Service Representatives they worked with from selling AFBA/5Star products.  The agreement presented by The Shuey Defendants prevented Plaintiffs from offering any products other than the group SSLI program, Better Alternative, and Select Term products offered through AFBA.  Specifically, Mr. Lovesy was required to give up soliciting a product offered through Colorado Banker, a product that had provided him with a steady income stream for approximately 3 years.  Mr. Lovesy was forced to accept this restriction in order to continue selling the AFBA/5Star products.

98.     By insisting that Plaintiffs either lose any realistic ability to sell AFBA/5Star products, or give up his ability to sell other products, Defendants violated California Business and Professions Code Section 16600, which states "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  This agreement purported to inhibit Plaintiffs from doing business with a substantial portion of the market, and was an impermissible restraint of trade.  Defendants' actions constituted unfair business practices, which deprived Mr. Lovesy of the benefits and privileges and concomitant monetary gains to which he was entitled while Defendants continued to accrue unjust gains by virtue of their wrongful conduct.

99.     Defendants' conduct in routinely failing to properly process policies they sold to the public constituted unfair and unlawful business acts or practices within the meaning of the Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*

100.     Defendants' interference with Mr. Lovesy's right to commissions, overrides, and/or bonuses in the Assigned Region further constituted unfair and unlawful business acts or practices

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

18

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1   within the meaning of the Unfair Competition Law, California Business and Professions Code

2   Section 17200, *et seq.*

3          101.   As a result of Defendants' unfair and unlawful business acts or practices, Plaintiffs

4   have been denied the benefits to which they are entitled under applicable law.

5          102.   By reason of the wrongful manner in which Defendants have deprived Plaintiffs of

6   the benefits to which they are entitled, Defendants are involuntary trustees holding any proceeds

7   obtained therefrom in constructive trust for Plaintiffs' benefit, with the duty to account for and to

8   convey those proceeds to Mr. Lovesy.

9          103.   Plaintiffs are informed and believe and upon that basis allege that Defendants have

10  been unjustly enriched by their wrongful conduct, which thereby justifies the imposition of a

11  constructive trust, penalties imposed by statute, and any other remedy allowed by law.

12         104.   As a proximate result of the alleged actions, Plaintiffs have sustained damages in

13  an amount according to proof, including prejudgment interest on all unpaid sums as permitted by

14  law.

15                                 **NINTH CAUSE OF ACTION**

16                                    **(For an Accounting)**

17                                   **(Against AFBA/5Star)**

18         105.   Plaintiffs incorporate the allegations contained in Paragraphs 1 through 104 as

19  though fully set forth herein.

20         106.   The exact amount of money due from AFBA/5Star as a result of these Defendants'

21  breach of duties, improper charge backs and withholdings, and failure to account for income is

22  unknown and cannot be ascertained without an accounting from Defendants of the amount of

23  money received and distributed.

24         107.   AFBA are now asserting that certain charge-backs apply to Mr. Lovesy's

25  commissions and earnings.   As a result, AFBA/5Star have failed to pay Mr. Lovesy the

26  commissions that he has earned as a result of his status as a Field Service Representative and

27  Regional Sales Director for AFBA/5Star.  AFBA/5Star claim that certain charge-backs apply to

28  off-set the commissions earned.   What charge-backs are being alleged and as to which

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

19

Case No.  4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1  commissions owed these alleged charge-backs have been or will be applied is known only by

2  AFBA/5Star.

3      108.    Plaintiffs request that this Court order an accounting by AFBA/5Star of all monies

4  received in connection with policies issued in the Assigned Region and amounts paid to

5  Mr. Lovesy.

6      109.    Plaintiffs further request judgment for all sums due, as shown by such an

7  accounting.

8  **REQUEST FOR RELIEF**

9      WHEREFORE, Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.,

10  respectfully request entry of judgment and relief as follows:

11      First Cause of Action:

12      1.    For general and special damages in an amount to be proven at trial together with

13  interest thereon;

14      2.    For interest in accordance to proof;

15      3.    For attorneys' fees;

16      4.    For cost of suit; and

17      5.    For such other and further relief as the Court deems just and proper.

18      Second Cause of Action:

19      1.    For general and special damages in an amount to be proven at trial together with

20  interest thereon;

21      2.    For interest in accordance to proof;

22      3.    For attorneys' fees;

23      4.    For cost of suit; and

24      5.    For such other and further relief as the Court deems just and proper.

25      Third Cause of Action:

26      1.    For general and special damages in an amount to be proven at trial together with

27  interest thereon;

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

20

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

2.      For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.      For interest in accordance to proof;

4.      For cost of suit; and

5.      For such other and further relief as the Court deems just and proper.

Fourth Cause of Action:

1.      For general and special damages in an amount to be proven at trial together with interest thereon;

2.      For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.      For interest in accordance to proof;

4.      For cost of suit; and

5.      For such other and further relief as the Court deems just and proper.

Fifth Cause of Action:

1.      For general and special damages in an amount to be proven at trial together with interest thereon;

2.      For interest in accordance to proof;

3.      For cost of suit; and

4.      For such other and further relief as the Court deems just and proper.

Sixth Cause of Action:

1.      For general and special damages in an amount to be proven at trial together with interest thereon;

2.      For interest in accordance to proof;

3.      For cost of suit; and

4.      For such other and further relief as the Court deems just and proper.

Seventh Cause of Action:

1.      For general and special damages in an amount to be proven at trial together with interest thereon;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

2.    For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.    For interest in accordance to proof;

4.    For cost of suit; and

5.    For such other and further relief as the Court deems just and proper.

Eighth Cause of Action:

1.    For damages according to proof;

2.    For cost of suit; and

3.    For such other and further relief as the Court deems just and proper.

Ninth Cause of Action:

1.    For an accounting;

2.    For disgorgement or restitution of amounts improperly held by Defendants;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Dated: November 16, 2007                    HAIGHT BROWN & BONESTEEL LLP


By: _____
    Margaret J. Grover
    Attorneys for Plaintiffs
    BRAD LOVESY and PACIFIC
    CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

22

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT

1

## JURY DEMAND

2        Mr. Lovesy demands a trial by jury.

3

4  Dated: November 16, 2007         HAIGHT BROWN & BONESTEEL LLP

5

6                           By: _____

7                              Margaret J. Grover
                                Attorneys for Plaintiffs

8                                BRAD LOVESY and PACIFIC
                                CONSOLIDATED INVESTMENTS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3313073.1

23

Case No. 4:07-cv-02745-SBA
SECOND AMENDED COMPLAINT