CHARLES L. DEEM, Bar No. CA-110557
BROOKE L. KILLIAN, Bar No. CA-239298
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., | CASE NO. C 07-2745 SBA<br><br>**DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT REGARDING PORTIONS OF PLAINTIFF BRAD LOVESY'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT**<br><br>Date: February 5, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Judge: Hon. Saundra B. Armstrong |

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD ..................................................................................................... 1

    A. Under Rule 12(f), the Court May Strike Any Portion of a Complaint that Is Redundant, Immaterial, Impertinent, or Scandalous.............................................. 1

    B. Pursuant to Federal Rule of Civil Procedure 12(e), the Court May Grant a Motion for a More Definite Statement if a Pleading Is Vague and Ambiguous. ............................................................................................................ 2

III. THE COURT SHOULD GRANT DEFENDANTS AFBA AND 5STAR'S MOTIONS TO STRIKE ................................................................................................. 2

    A. Lovesy's Allegations of Alter Ego Are Improper and Subject to a Motion to Strike. ................................................................................................................ 2

        1. Standard for Pleading Alter Ego Liability. ................................................. 2

        2. Lovesy's Allegations of Alter Ego among the Shuey Defendants, AFBA and 5Star Are Not Stated with Any Degree of Specificity.............. 3

        3. Lovesy's Allegations of Alter Ego among AFBA, 5Star, and 5Star Financial Are Insufficient to Establish Injustice or Unfairness. ................. 4

        4. Without a More Definite Statement, AFBA and 5Star Cannot Respond to the SAC, as Lovesy Fails to Distinguish among AFBA, 5Star, and 5Star Financial. ........................................................................ 5

    B. Lovesy's Allegations Regarding Nonrestitutionary Disgorgement Must Be Stricken Because Lovesy, as a Matter of Law, Is Not Entitled to Such Relief. ..................................................................................................................... 6

        1. Lovesy's UCL Allegations Are Not Sufficiently Definite Such that a Claim for Restitution Is Apparent from the Face of the SAC. ................. 6

        2. Lovesy's Constructive Trust Claims Can Only Be Construed as Claims for Improper Nonrestitutionary Disgorgement. ............................. 7

            a. Commissions on Sales of Non-AFBA Products. ............................ 8

            b. Commissions for Work Performed in the Assigned Region. ........... 8

        3. For the Above Described Reasons, Lovesy Cannot Establish an Entitlement to Constructive Trust. .............................................................. 9

    C. Lovesy's Prayer for Damages in Conjunction with His UCL Claim Must Be Stricken Because Lovesy, as a Matter of Law, Is Not Entitled to Such Relief. ..................................................................................................................... 9

    D. Lovesy's Prayer for Attorneys' Fees Is Impermissible and Must Be Stricken. ................................................................................................................ 10

IV. CONCLUSION. ............................................................................................................ 11

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-i-

AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC          CASE NO. C 07-2745 SBA

# TABLE OF AUTHORITIES

**Page**

### CASES

*Acciai Speciali Terni USA, Inc. v. Momene*,
   202 F. Supp. 2d 203 (S.D.N.Y. 2002) .................................................................................. 4

*Aloe Vera of Am., Inc. v. United States*,
   376 F.3d 960 (9th Cir. 2004) ............................................................................................. 10

*Alyeska Pipeline Serv. Co. v. Wilderness Soc.*,
   421 U.S. 240 (1975) ........................................................................................................... 10

*Assoc. Vendors, Inc. v. Oakland Meat Co.*,
   210 Cal. App. 2d 825 (1962) ............................................................................................ 3, 5

*Bank of the West v. Superior Court*,
   2 Cal. 4th 1254 (1992) ......................................................................................................... 9

*Bureerong v. Uvawas*,
   922 F. Supp. 1450 (C.D. Cal. 1996) ............................................................... 1, 2, 6, 9, 10

*Cacique, Inc. v. Robert Reiser & Co.*,
   169 F.3d 619 (9th Cir. 1999) ............................................................................................... 9

*Colaprico v. Sun Microsystems*,
   758 F. Supp. 1335 (N.D. Cal. 1991) ................................................................................ 2, 4

*Conley v. Gibson*,
   355 U.S. 41, 78 S. Ct. 99 (1957) .......................................................................................... 7

*Erkenbrecher v. Grant*,
   187 Cal. 7 (1921) .............................................................................................................. 3, 4

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ............................................................................................. 1

*Heller v. Norcal Mut. Ins. Co.*,
   8 Cal. 4th 30 (1994) ............................................................................................................. 9

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................................... 10

*Indep. Housing Servs. v. Fillmore*,
   840 F. Supp. 1328 (N.D. Cal. 1993) ................................................................................... 9

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) ............................................................................................... 7, 8, 9

*Official Comm. of Unsecured Creditors of Sunbeam Corp. v. Morgan Stanley & Co.*,
   284 B.R. 355 (S.D.N.Y. Bankr. 2002) ......................................................................... 3, 4, 5

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-ii-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC   CASE NO. C 07-2745 SBA

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

*Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp.*,
  343 B.R. 444 (S.D.N.Y. Bankr. 2006) .................................................................................. 3

*Roman Catholic Archbishop v. Superior Court*,
  15 Cal. App. 3d 405 (1971) ............................................................................................ 3, 5

*Shafford v. Otto Sales Co.*,
  119 Cal. App. 2d 849 (1953) ............................................................................................. 3

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ........................................................................................... 10

*Trs. of the Cement Masons Fund, Local 502 v. F & V Cement Contrs., Inc.*,
  No. 02 C 3979, 2004 U.S. Dist. LEXIS 5837, *7-9 (N.D. Ill. 2004) ............................ 2, 4

*Typographics Plus, Inc. v. I.M. Estrada & Co.*,
  No. 98 C 886, 2000 U.S. Dist. LEXIS 10351, at *13 (N.D. Ill. July 14, 2000) ................ 2

*Vikco Ins. Servs., Inc. v. Ohio Indemnity Co.*,
  70 Cal. App. 4th 55 (1999) ............................................................................................... 8

*Xerox Corp. v. Apple Computer, Inc.*,
  734 F. Supp. 1542 (N.D. Cal. 1990) ................................................................................. 9

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ............................................................................... 2, 6, 7, 9

Cal. Bus. & Prof. Code § 17203 ........................................................................................ 7, 9

Fed. R. Civ. Proc. 9(b) ....................................................................................................... 2, 3

Fed. R. Civ. Proc. 12(e) ................................................................................................ 1, 2, 11

Fed. R. Civ. Proc. 12(f) .......................................................................................... 1, 2, 4, 5, 6, 11

DLA Piper US LLP
San Diego

SD\1775914.2
332602-3

-iii-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

1  **NOTICE OF MOTION AND MOTION TO STRIKE**
2  **AND FOR A MORE DEFINITE STATEMENT**

3  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4  PLEASE TAKE NOTICE that on Tuesday, February 5, 2008 at 1:00 p.m., or as soon
5  thereafter as can be heard, in Courtroom 3 of the United States District Court for the Northern
6  District of California, Oakland Division, located at 1301 Clay Street, Third Floor, Oakland, CA
7  94612-5212, Defendants Armed Forces Benefit Association, erroneously sued herein as Armed
8  Forces Benefit Association, The Five Star Association ("AFBA") and 5Star Life Insurance
9  Company, formerly known as AFBA Life Insurance Company ("AFBA Life"), ("5Star")
10 (sometimes, collectively "Defendants"), and each of them individually, will and hereby do move
11 the Court for an order striking portions of Plaintiff Brad Lovesy's ("Lovesy") Second Amended
12 Complaint ("SAC") for damages as to each of them, namely:

13  1.   Paragraph 7 in its entirety;
14  2.   Paragraph 12 in its entirety;
15  3.   Paragraph 103 in its entirety;
16  4.   Paragraph 104 in its entirety;
17  5.   Page 20, lines 15 and 22; and
18  6.   Page 7, line 22

19 At that time, AFBA and 5Star will also move for a more definite statement with regard to
20 portions of Lovesy's SAC.

21 This motion is made pursuant to Federal Rules of Civil Procedure 12(e) and 12(f) on the
22 grounds that paragraphs 7, 12, 103, and 104 of the SAC, as well as line 15 and 22 of page 20 and
23 line 7 of page 22 of the SAC, are immaterial and impertinent to any of Lovesy's causes of action.
24 Specifically, paragraphs 7, 12, 103, and 104 of the SAC, lines 15 and 22 of page 20 of the SAC,
25 and line 7 of page 22 of the SAC, are immaterial and impertinent for the following reasons:
26 (1) the allegations in paragraphs 7 and 12 are insufficient to support alter ego liability; (2) based
27 on the SAC as a whole, Lovesy is not entitled to the constructive trust he appears to request in
28 paragraphs 103 and 104; (3) as a matter of law, Lovesy is not entitled to the attorney's fees he

-1-

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC      CASE NO. C 07-2745 SBA

1 requests in lines 15 and 22 of page 20 of the SAC in connection with his claims for breach of contract and breach of the covenant of good faith and fair dealing; and (4) as a matter of law, Lovesy is not entitled to damages in connection with his claim under California Business & Professions Code Section 17200, which are requested in line 7 of page 22 of the SAC.

Defendants base this motion on this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Michael Kimo Wong in Support of Defendants Armed Forces Benefit Association and 5Star Life Insurance Company's Motions to Dismiss and Strike Portions of Plaintiff Brad Lovesy's Second Amended Complaint and exhibits attached thereto, the attached Request for Judicial Notice in Support of Defendants Armed Forces Benefit Association and 5Star Life Insurance Company's Motions to Dismiss and Strike Portions of Plaintiff Brad Lovesy's First Amended Complaint and exhibits attached thereto, the pleadings and records on file with this Court, all matters of which this Court may take judicial notice, and such argument as may be presented at the hearing on this motion.

Counsel for Defendants AFBA and 5Star certify that they have met and conferred in good faith with Counsel for Lovesy regarding this Motion and were unable to resolve the issue.

Dated: December 7, 2007

                DLA PIPER US LLP

                By   /s/ Charles L. Deem
                     CHARLES L. DEEM
                     Attorneys for Defendants
                     ARMED FORCES BENEFIT ASSOCIATION
                     and 5STAR LIFE INSURANCE COMPANY

SD\1775914.2
332602-3

-2-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Armed Forces Benefit Association, erroneously sued herein as Armed Forces Benefit Association, the 5Star Association ("AFBA") and 5Star Life Insurance Company, formerly known as AFBA Life Insurance Company ("AFBA Life") ("5Star"), submit the following points and authorities in support of their motion to strike and for a more definite statement regarding portions of Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint ("SAC") for Damages.

## I. INTRODUCTION

At issue in this motion is Lovesy's SAC – Lovesy's third attempt to state a cause of action against AFBA and/or 5Star. Despite the parties meeting and conferring extensively regarding three versions of Lovesy's complaint, Lovesy has failed to change any significant factual allegations in his SAC from the facts alleged in his First Amended Complaint ("FAC") and his original Complaint. Lovesy instead opts to "throw the kitchen sink" into the SAC by adding irrelevant and immaterial allegations that do not support any of Lovesy's causes of action against AFBA or 5Star. For this reason, AFBA and 5Star respectfully request the Court to order portions of Lovesy's SAC stricken, pursuant to Federal Rule of Civil Procedure 12(f), and grant AFBA and 5Star's motion for a more definite statement.[1]

## II. LEGAL STANDARD

**A. Under Rule 12(f), the Court May Strike Any Portion of a Complaint that Is Redundant, Immaterial, Impertinent, or Scandalous.**

When a complaint contains allegations that are redundant, immaterial, impertinent, or scandalous, Rule 12(f) provides a mechanism by which the Court may strike such improper allegations. Fed. R. Civ. Proc. 12(f). A motion to strike operates to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

---

[1] Additional factual background is included in the Introduction and Factual Background portions of AFBA and 5Star's Motion to Strike, filed concurrently herewith.

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-1-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC     CASE NO. C 07-2745 SBA

A motion to strike may be granted where the matter to be stricken has no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Further, a motion to strike may be used to strike any part of the prayer for relief when the relief sought is not recoverable as a matter of law. *Bureerong*, 922 F. Supp. at 1479 n.34.

**B.     Pursuant to Federal Rule of Civil Procedure 12(e), the Court May Grant a Motion for a More Definite Statement if a Pleading Is Vague and Ambiguous.**

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement if a pleading to which the party must respond is vague an ambiguous. Fed. R. Civ. Proc. 12(e). A motion for a more definite statement may be granted if the pleading is so vague or ambiguous that the responding party cannot reasonably be expected to formulate a response. *Id.*

### III.     THE COURT SHOULD GRANT DEFENDANTS AFBA AND 5STAR'S MOTIONS TO STRIKE

**A.     Lovesy's Allegations of Alter Ego Are Improper and Subject to a Motion to Strike.**

Lovesy summarily, and without sufficient investigation, alleges that AFBA and 5Star are alter egos of one another, of a newly named Defendant, 5Star Financial, LLC, erroneously sued herein as 5Star Financial, LLC, 5Star Financial Services Company ("5Star Financial"), and of Defendants TSG Group, Inc., Ted Shuey, and The Shuey Agency, Inc. (sometimes collectively "the Shuey Defendants"). (SAC at ¶¶ 7, 12.) Lovesy's allegations are over-reaching, over-broad, and without basis. For this reason, AFBA and 5Star move to strike paragraphs 7 and 12 of the SAC. Should the Court grant AFBA and 5Star's motion, AFBA and 5Star request that the Court order Lovesy to make a more definite statement concerning references in the SAC to "AFBA/5Star."

**1.     Standard for Pleading Alter Ego Liability.**

Allegations of alter ego liability are subject to a heightened pleading standard. At the very least, alter ego liability must be pleaded with a reasonable degree of particularity, and some courts require such allegations to meet the heightened pleading standards of Rule 9(b). *Trs. of the*

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-2-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC     CASE NO. C 07-2745 SBA

1  *Cement Masons Fund, Local 502 v. F & V Cement Contrs., Inc.*, No. 02 C 3979, 2004 U.S. Dist.
2  LEXIS 5837, *7-9 (N.D. Ill. 2004); *Typographics Plus, Inc. v. I.M. Estrada & Co.*, No. 98 C 886,
3  2000 U.S. Dist. LEXIS 10351, at *13 (N.D. Ill. July 14, 2000) (Rule 9(b) applies to alter ego
4  allegations). Conclusory alter ego allegations are not sufficient to state a claim for alter ego
5  liability or piercing the corporate veil. *Official Comm. of Unsecured Creditors of Verestar, Inc. v.*
6  *Am. Tower Corp.*, 343 B.R. 444, 460 (S.D.N.Y. Bankr. 2006)

7      A key element of any assertion of alter ego liability is that one corporate entity abused the
8  corporate form of another corporate entity to the prejudice of the third party plaintiff.
9  *Erkenbrecher v. Grant*, 187 Cal. 7, 11 (1921); *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849,
10  862 (1953). Mere ownership and control of a corporation is an insufficient ground for holding a
11  corporation to be the instrumentality or conduit of another corporation. Rather, a plaintiff must
12  offer evidence that recognition of the separateness of the corporation would aid in the
13  consummation of a wrong. *Erkenbrecher*, 187 Cal. at 11; *Shafford*, 119 Cal. App. 2d at 862.
14  "There must be an abuse of the corporate form to effect a fraud or an injustice—some sort of
15  'elaborate shell game.'" *Official Comm. of Unsecured Creditors of Sunbeam Corp. v. Morgan*
16  *Stanley & Co.*, 284 B.R. 355, 365-366 (S.D.N.Y. Bankr. 2002).

17      Moreover, in seeking to apply the alter ego doctrine, it is not sufficient merely to show
18  that a creditor will remain unsatisfied if the corporate veil is not pierced, thereby resulting in
19  inequity. *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 412 (1971);
20  *Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 842 (1962). The purpose of the
21  alter ego doctrine is not to protect every unsatisfied creditor but rather to afford him or her
22  protection where some conduct, undertaken in bad faith, makes it inequitable for the owner of a
23  corporation to hide behind its corporate veil. *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842.

24      **2.**    **Lovesy's Allegations of Alter Ego among the Shuey Defendants, AFBA**
25  **and 5Star Are Not Stated with Any Degree of Specificity.**

26      Paragraph 12, which contains Lovesy's allegations of alter ego with respect to the
27  Defendants as a whole, is severely deficient in that it fails to state any allegations that could
28  /////

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-3-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

support a finding of alter ego. Therefore, paragraph 12 of the SAC should be stricken as immaterial and impertinent, pursuant to Federal Rule of Civil Procedure 12(f).

Lovesy asserts AFBA and 5Star are each the "agent, servant, employee, successor, assign, or alter ego" of the Shuey Defendants, and that AFBA and 5Star performed each of the acts alleged in the complaint "within the scope of [its] authority, and with the permission and consent of each other Defendant." These allegations are simply insufficient to plead alter ego liability under Federal Rule of Civil Procedure 8(a), much less under the heightened pleading requirement placed on alter ego allegations. *See Trs. of the Cement Masons Fund*, 2004 U.S. Dist. LEXIS 5837, *7-9. At an absolute minimum, Lovesy must set forth some *examples* of alleged domination of one defendant over another and provide "sufficiently specific factual allegations" to support an alter ego claim in order to overcome a motion to dismiss. *Official Comm. of Unsecured Creditors of Sunbeam Corp.*, 284 B.R. at 366. Plaintiff has failed to do this. As a result, the allegations in paragraph 12 cannot establish alter ego liability and therefore, have no possible bearing on any issue involved in this litigation. *See Colaprico*, 758 F. Supp. at 1339. The Court should strike paragraph 12 as irrelevant and immaterial. Fed. R. Civ. Proc. 12(f).

### 3. Lovesy's Allegations of Alter Ego among AFBA, 5Star, and 5Star Financial Are Insufficient to Establish Injustice or Unfairness.

Although Lovesy makes numerous conclusory allegations about the relationship among AFBA, 5Star, and 5Star Financial in paragraph 7 of the SAC, none are sufficient to demonstrate the element of injustice or unfairness that must be present in order to establish alter ego liability. As the allegations in paragraph 7 of the SAC cannot support a finding of alter ego liability, they must be stricken as immaterial and impertinent. Fed. R. Civ. Proc. 12(f).

Critically, in order to withstand a motion to strike, Lovesy must allege that AFBA, 5Star, and 5Star Financial abused their corporate status to effectuate a fraud or injustice. *See Erkenbrecher*, 187 Cal. at 11; *see also Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 2d 203, 207 (S.D.N.Y. 2002) (an overall element of injustice or unfairness *must always be present* in alter ego allegations). The fact that Lovesy might remain unsatisfied if AFBA, 5Star, and 5Star Financial are not deemed alter egos of one another is not sufficient to save his claims

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-4-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

from dismissal. *Roman Catholic Archbishop*, 15 Cal. App. 3d at 412; *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842.

Admittedly, Lovesy alleges numerous (albeit unsupported and often incorrect) allegations that AFBA, 5Star, and 5Star Financial are related enterprises; however, Lovesy's only allegation that a fraud would result from failure to deem these entities alter egos of one another states as follows: "Plaintiffs are informed and believe and upon that basis allege that honoring the corporate form of [AFBA, 5Star, and 5Star Financial] would perpetrate a fraud upon the creditors of [the same], including Mr. Lovesy. (SAC, at ¶ 7.) This allegation is no more than a claim that Lovesy and other creditors will remain unsatisfied unless AFBA, 5Star, and 5Star Financial are not deemed alter egos of one another. As such, this allegation cannot save Lovesy's alter ego allegations from a motion to strike. *Roman Catholic Archbishop*, 15 Cal. App. 3d at 412; *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842.

Indeed, Lovesy cannot allege AFBA and 5Star abused their corporate forms in a manner that resulted in fraud upon Lovesy. 5Star – not AFBA – signed the various contracts at issue in this litigation. Lovesy's allegations – *e.g.,* that 5Star breached contractual obligations owed to Lovesy (including obligations of good faith and fair dealing) and limited his ability to engage in his trade – relate solely to 5Star, the signatory of any purported agreements with Lovesy. No "elaborate shell game" can be ascertained from the facts of the SAC, which is not surprising, as Lovesy's dispute with the Defendants has not been affected by purported corporate game-playing. *See Official Comm. of Unsecured Creditors of Sunbeam Corp.*, 284 B.R. at 365-366.

Lovesy fails to allege that AFBA, 5Star, and 5Star Financial abused their corporate forms in order to perpetrate a fraud on Lovesy. Accordingly, none of the allegations in paragraph 7 are sufficient to establish alter ego liability. Paragraph 7 must be stricken.

**4.    Without a More Definite Statement, AFBA and 5Star Cannot Respond to the SAC, as Lovesy Fails to Distinguish among AFBA, 5Star, and 5Star Financial.**

Further, given that Lovesy's alter ego allegations are subject to this Motion to Strike, AFBA and 5Star move for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e), with respect to all joint references to "AFBA/5Star." Fed. R. Civ. Proc. 12(e). Absent

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-5-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC        CASE NO. C 07-2745 SBA

sufficient allegations of alter ego, Lovesy's references to "AFBA/5Star" are vague and ambiguous such that AFBA and 5Star cannot reasonably frame a response to the pleading. Specifically, without further clarification, AFBA and 5Star cannot determine which allegations in the SAC are made against each of them. Lovesy refers to AFBA, 5Star, and 5Star Financial collectively as "AFBA/5Star," and fails to delineate which of them (absent alter ego liability) are charged with the various allegations in the SAC. (*See* SAC at ¶ 7.) AFBA and 5Star cannot be expected to respond to the SAC when they do not know which allegations are made against each of them. AFBA and 5Star request a more definite statement so that they may adequately respond to the SAC. *See* Fed. R. Civ. Proc. 12(e).

**B.     Lovesy's Allegations Regarding Nonrestitutionary Disgorgement Must Be Stricken Because Lovesy, as a Matter of Law, Is Not Entitled to Such Relief.**

With respect to his eighth cause of action for violation of California's Unfair Competition Law, California Business & Professions Code Section 17200, ("UCL"), Lovesy fails to request restitutionary relief in his prayer. Nevertheless, Lovesy alludes to improper restitution in the charging allegations of his eighth cause of action. Even if Lovesy had properly requested restitutionary relief, he would not be entitled to such relief as a matter of law. Lovesy's allegations are insufficient to establish a right to a constructive trust for two reasons. First, the allegations are not sufficiently definite. Second, Lovesy had no vested interest in the commissions Lovesy alleges are held in constructive trust for him. As Lovesy's references to restitutionary relief fail to support his cause of action under the UCL, they are impertinent and immaterial, and must be stricken. *See Bureerong*, 922 F. Supp. at 1479 n.34.

**1.     Lovesy's UCL Allegations Are Not Sufficiently Definite Such that a Claim for Restitution Is Apparent from the Face of the SAC.**

In his UCL cause of action, Lovesy fails to explain the nature of the benefits to which he claims to be entitled and how Defendants deprived him of those benefits. For this reason, his constructive trust allegations should be stricken.

In connection with his UCL cause of action, Lovesy claims that AFBA and 5Star "deprived [Lovesy] of the benefits to which he is entitled" and therefore "Defendants are

DLA PIPER US LLP
  SAN DIEGO

SD\1775914.2
332602-3

-6-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC       CASE NO. C 07-2745 SBA

involuntary trustees holding any proceeds obtained therefrom in constructive trust." (SAC at ¶ 102.) Lovesy then alleges, "defendants have been unjustly enriched by their wrongful conduct, which thereby justifies the imposition of a constructive trust." (SAC at ¶ 103.) Lovesy fails to explain the nature of the benefits of which he was purportedly deprived, and how Defendants were unjustly enriched by their alleged conduct. These allegations are simply insufficient to give AFBA and 5Star fair notice of what Lovesy's claim is and on what grounds it rests. *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). For this reason alone, Lovesy's constructive trust allegations in paragraphs 102 and 103 of the SAC must be stricken.

AFBA and 5Star have attempted to discern a number of theories on which Lovesy's constructive trust relief might be based. Lovesy may have intended to allege either of the following: (1) Lovesy was deprived of commissions on sales of non-AFBA products, such as the Colorado Banker product; or (2) Lovesy was entitled to commissions for work he would have performed in the region he alleges was assigned directly to him.[2] Out of an abundance of caution, AFBA and 5Star proceeds to argue that Lovesy is not entitled to restitutionary relief based on either of these theories.

### 2. Lovesy's Constructive Trust Claims Can Only Be Construed as Claims for Improper Nonrestitutionary Disgorgement.

Nonrestitutionary disgorgement is not available under the UCL. *Id.* at 1147-48; *see also* Cal. Bus. & Prof. Code § 17203. To be proper, restitutionary relief, such as establishment of a constructive trust, is only permissible in a UCL claim if defendants are in possession of money or property (1) that defendants took directly from the plaintiff or (2) in which the plaintiff has a vested interest. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003). Lovesy fails to allege a cause of action for constructive trust, and cannot allege such a cause of action based on the facts of this case because Defendants have not taken any money or property

/////

---

[2] As explained more fully in the Motion to Dismiss, Lovesy is not entitled to relief based on this theory because, as is evident from the contracts underlying this dispute, Lovesy was not entitled to operate in any region on an exclusive basis.

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-7-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

1    directly from Lovesy and because Lovesy has no vested interests in the commissions he seeks.
2    Each potential theory of constructive trust relief will be addressed in turn.

3    **a.    Commissions on Sales of Non-AFBA Products.**

4    First, as a general matter, Lovesy has no vested interest in the commissions he may have
5    received as a result of selling non-AFBA life insurance products. An interest in a commission
6    vests only after a sale is made and the commission becomes due. *See Vikco Ins. Servs., Inc. v.*
7    *Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 67 (1999). In *Vikco*, the court denied restitutionary
8    relief under the UCL to an insurance agent for recovery of commissions he may have earned had
9    his employment not been terminated. The *Vikco* court declined to impose a constructive trust,
10   irrespective of the fact that the defendant's alleged misconduct caused the plaintiff to be denied
11   commissions. Similar to the *Vikco* case, Lovesy has no vested interest in the commissions he
12   might have made, absent the defendants' purported limitation on his right to sell non-AFBA
13   products to California guardsmen. Lovesy has not, to date, earned these commissions, and
14   therefore, he has no vested interest in them. *Vikco*, 70 Cal. App. 4th at 67.

15   Further, AFBA and 5Star could not have taken commissions earned from non-AFBA
16   products directly from Lovesy, because Lovesy was never in possession of such commissions.
17   As Lovesy has no vested interest in commissions from non-AFBA products and was never in
18   possession of such commissions, he cannot state a claim for restitutionary relief under this first
19   theory. *See Korea Supply Co.*, 29 Cal. 4th at 1146-47

20   **b.    Commissions for Work Performed in the Assigned Region.**

21   Lovesy's second potential claim for restitutionary relief must fail for many of the same
22   reasons as his first potential claim for restitutionary relief: Lovesy never had a vested interest in
23   commissions from the assigned region. Again, an interest in a commission vests only after a sale
24   is made and the commission becomes due. *Vikco*, 70 Cal. App. 4th at 67. Assuming, for a
25   moment, Lovesy's claim is that he was denied opportunities to make sales in the assigned region,
26   Lovesy never had a vested interest in commissions for those sales because the sales have not been
27   made. *See id.* Moreover, as Lovesy was never in possession of commissions for work performed
28   in the region he claims was assigned to him on an exclusive basis, AFBA and/or 5Star could not

DLA PIPER US LLP
  SAN DIEGO
SD\1775914.2
332602-3
-8-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE
STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

1  have directly taken such commissions from Lovesy.  Lovesy has no vested interest in
2  commissions from sales in region purportedly assigned to him and was never in possession of
3  such commissions.  Therefore, Lovesy cannot state a claim for restitutionary relief under this
4  second theory of constructive trust.  *See Korea Supply Co.*, 29 Cal. 4th at 1146-47.

### 3. For the Above Described Reasons, Lovesy Cannot Establish an Entitlement to Constructive Trust.

Lovesy cannot establish an entitlement to a constructive trust; rather, his request for restitution under the UCL, if ascertainable at all, is nothing more than an impermissible request for nonrestitutionary disgorgement.  *See Korea Supply Co.*, 29 Cal. 4th at 1146-47.  As a matter of law, Lovesy is not entitled to nonrestitutionary disgorgement.  *See id*.  Lovesy's allegations in paragraphs 102 and 103 of the SAC can support only a claim for nonrestitutionary disgorgement, and are in that respect, impertinent and immaterial.  *Bureerong*, 922 F. Supp. at 1479 n.34.  For these reasons, AFBA and 5Star request that the Court strike paragraphs 102 and 103 from the SAC.

### C. Lovesy's Prayer for Damages in Conjunction with His UCL Claim Must Be Stricken Because Lovesy, as a Matter of Law, Is Not Entitled to Such Relief.

With respect to his eighth cause of action for violation of the UCL, Lovesy seeks "damages according to proof." (SAC at 22, ln. 7.)  Under California law, there can be no doubt that damages are not permissible under the UCL.  Cal. Bus. & Prof. Code § 17203; *see also*, *e.g.*, *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under Section 17203"); *Heller v. Norcal Mut. Ins. Co.*, 8 Cal. 4th 30, 45 (1994) ("damages are not available for claims under the [UCL]").  Federal courts have uniformly applied California law declaring damages impermissible under the UCL.  *See*, *e.g.*, *Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 624 (9th Cir. 1999); *Indep. Housing Servs. v. Fillmore*, 840 F. Supp. 1328, 1358 (N.D. Cal. 1993); *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 n.14 (N.D. Cal. 1990).

As Lovesy requests damages in his prayer for relief, although such relief is clearly not recoverable as a matter of law, Lovesy's prayer for damages under the UCL is subject to this

1  motion to strike. *Bureerong*, 922 F. Supp. at 1479 n.34. AFBA and 5Star respectfully request the
2  Court to strike line 7 of page 22 of the SAC, which states: "1. For damages according to proof."
3  (SAC at 22, ln. 7.)

4      **D.**    **Lovesy's Prayer for Attorneys' Fees Is Impermissible and Must Be Stricken.**

5  Lovesy's prayer includes a request for attorneys' fees in connection with his breach of
6  contract and breach of covenant claims. (SAC at 20, ln. 15, 22.) Attorneys' fees are not taxable
7  as costs against a losing party and are not generally recoverable as an element of damages.
8  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Fogerty*, 510 U.S. at 533. Lovesy has asserted
9  no contract provision under which he is entitled to attorneys' fees, nor has Lovesy establish an
10 equitable right to attorneys' fees.[3] Accordingly, Lovesy is not entitled to attorneys' fees, as a
11 matter of law, with respect to his breach of contract and breach of covenant claims. Lines 15 and
12 22 of page 20 of the SAC, which request such attorneys' fees, must be stricken as impertinent and
13 immaterial. *Bureerong*, 922 F. Supp. at 1479 n.34.
14 /////
15 /////
16 /////
17 /////
18 /////
19 /////
20 /////
21 /////
22 /////
23 /////

---

[3] The Court has the equitable power to award attorneys' fees if (1) a party willfully disobeys a Court order, *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004), (2) a party prosecutes an action "in bad faith, vexatonly, wantonly, or for oppressive reasons," *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 258-59 (1975), or (3) a successful litigant conferred a common benefit on a class of individuals not participating in the litigation, *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). None of these situations are present in the present matter.

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-10-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC    CASE NO. C 07-2745 SBA

## IV. CONCLUSION.

For the reasons set out above, Defendants Armed Forces Benefit Association and 5Star Life Insurance Company request that the Court strike in their entirety paragraphs 7, 12, 102, and 103, and lines 15 and 22 of page 20, and line 7 of page 22 of Lovesy's Second Amended Complaint for Damages, pursuant to Federal Rules of Civil Procedure 12(f), and grant their Motion for a More Definite Statement, pursuant to Federal Rule of Civil Procedure 12(e), with respect to all joint references to "AFBA/5Star" in the Second Amended Complaint.

Dated: December 7, 2007

DLA PIPER US LLP

By   /s/ Charles L. Deem
CHARLES L. DEEM
Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY

DLA PIPER US LLP
SAN DIEGO

SD\1775914.2
332602-3

-11-
AFBA AND 5STAR'S NOM AND MOTION TO STRIKE / FOR A MORE DEFINITE STATEMENT RE PORTIONS OF LOVESY'S SAC       CASE NO. C 07-2745 SBA