1   CHARLES L. DEEM, Bar No. CA-110557
    BROOKE L. KILLIAN, Bar No. CA-239298
2   charles.deem@dlapiper.com
    DLA PIPER US LLP
3   401 B Street, Suite 1700
    San Diego, CA  92101-4297
4   Tel:  619.699.2700
    Fax:  619.699.2701
5
    Attorney for Defendants
6   ARMED FORCES BENEFIT ASSOCIATION and
    5STAR LIFE INSURANCE COMPANY
7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11  BRAD LOVESY and PACIFIC              CASE NO.  C 07-2745 SBA
    CONSOLIDATED INVESTMENTS,
12  INC., a Nevada corporation,          **DEFENDANTS ARMED FORCES
                                         BENEFIT ASSOCIATION AND 5STAR
13              Plaintiff,               LIFE INSURANCE COMPANY'S NOTICE
                                         OF MOTION AND MOTION TO DISMISS
14       v.                             PLAINTIFF BRAD LOVESY'S SECOND
                                         AMENDED COMPLAINT;
15  ARMED FORCES BENEFIT                 MEMORANDUM OF POINTS AND
    ASSOCIATION, THE 5STAR               AUTHORITIES IN SUPPORT OF
16  ASSOCIATION, 5 STAR FINANCIAL,       MOTION TO DISMISS**
    LLC, 5STAR FINANCIAL SERVICES
17  COMPANY, and 5STAR LIFE             Date:       February 5, 2008
    INSURANCE COMPANY; TED SHUEY,        Time:       1:00 p.m.
18  individually, doing business as THE  Courtroom:  3
    SHUEY AGENCY, INC., and TGS          Judge:      Hon. Saundra B. Armstrong
19  GROUP, INC.,

20

21

22

23

24

25

26

27

28

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND .............................................................................. 2

    A.    The Court May Consider the Contracts between and among the Parties as Part of the SAC. ................................................................................... 2

    B.    Facts Assumed To Be True for Purpose of the Motion to Dismiss. ........ 3

III.  LEGAL STANDARD .......................................................................................... 4

    A.    Under Rule 12(b)(6), the Court May Dismiss a Complaint that Fails To State a Claim Upon Which Relief May Be Granted. ................................. 4

IV.   THE COURT SHOULD GRANT DEFENDANTS AFBA AND 5STAR'S MOTIONS TO DISMISS ................................................................................... 5

    A.    Lovesy Has Not Stated a Cause of Action for Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, or Accounting against AFBA. ..................................................................................................... 5

        1.    Existence of a Contractual Relationship Is a Required Element of Each of Lovesy's Contract Claims. ............................................. 6

        2.    AFBA Is Not a Party to Any of the Agreements, Nor the So-Called Alter Ego of a Party to Any of the Agreements. ........................... 6

    B.    Lovesy Fails to Allege Facts Sufficient To State a Cause of Action under California's Unfair Competition Law. .................................................... 8

        1.    A Cause of Action under the Unfair Competition Law Must Be Stated with a Reasonable Degree of Particularity. ....................... 8

        2.    Lovesy's Fails to Allege Facts Sufficient to Constitute an Unfair, Unlawful, or Fraudulent Conduct. ............................................... 8

            a.    Lovesy's UCL Claim Based on California Business & Professions Code Section 16600 Must Fail. ..................... 9

                (1)    Lovesy's UCL Claim Is Not Properly Asserted against AFBA and/or 5Star. ................................ 9

                (2)    The TGS Agreement Did Not Impermissibly Preclude Lovesy from Engaging in His Profession Because the Provision at Issue Is Narrow in Scope. ......... 10

            b.    AFBA and 5Star Played No Role in the Processing of Policies. ..................................................................... 11

            c.    Lovesy Had No Right to Operate Exclusively in Any Region. ...................................................................... 12

        3.    Lovesy Has No Proper Claim for Relief Under the UCL and Therefore, Lovesy's UCL Cause of Action Must Be Dismissed. ............. 12

    C.    Lovesy Fails To Allege Any Breach by Defendants AFBA or 5Star of Any Agreement between Lovesy and AFBA or 5Star. ................................... 13

    D.    Defendants AFBA and 5Star Did Not Breach the Agreements or Act in Bad Faith, and Therefore, No Action Lies for a Breach of the Implied Covenant of Good Faith and Fair Dealing. ........................................... 15

-i-

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

**TABLE OF CONTENTS**
(continued)

Page

1.    Requiring Lovesy to "rely upon" the Shuey Defendants To Process Policies Is Not a Breach the Covenant of Good Faith and Fair Dealing. ................................................................................ 16

2.    Permitting the Shuey Defendants To Solicit Policies in the Alleged Assigned Region Is Not a Breach the Covenant of Good Faith and Fair Dealing. ........................................................................ 17

3.    Failing To Pay "amounts due to [Lovesy]" Is Not a Breach of the Covenant of Good Faith and Fair Dealing. ............................... 18

4.    Terminating the Representative and Service Agreements "in response to [Lovesy's] efforts to obtain performance from Defendants AFBA and 5Star and their agents, the Shuey Defendants" Is Not a Breach of the Covenant of Good Faith and Fair Dealing. .................................................................... 19

E.   Lovesy Is Not Entitled to an Accounting Because Defendants AFBA and 5Star Have Not Engaged in Misconduct, Do Not Owe Money to Lovesy, and Have No Fiduciary Relationship with Lovesy. ............................. 20

V.    AFBA AND 5STAR'S MOTION TO DISMISS SHOULD BE GRANTED WITH PREJUDICE. ...................................................................................... 21

VI.   CONCLUSION. .................................................................................. 21

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-ii-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

# TABLE OF AUHORITIES

**Page**

### CASES

Allen v. City of Beverly Hills,
    911 F.2d 367 (9th Cir. 1990).................................................................................... 21

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
    459 U.S. 519, 103 S. Ct. 897 (1983)................................................................. 5, 14

Bell Atl. Corp. v. Twombly,
    550 U.S. ___, 127 S. Ct. 1955 (2007) ...................................................................... 5

Branch v. Tunnell,
    14 F.3d 449 (9th Cir. 1994)....................................................................................... 2

Brea v. McGlashan,
    3 Cal. App. 2d 454 (1934)...................................................................................... 20

Burton v. Sec. Pac. Nat'l Bank,
    197 Cal. App. 3d 972 (1988)................................................................................... 16

Cahill v. Liberty Mut. Ins. Co.,
    80 F.3d 336 (9th Cir. 1996)....................................................................................... 5

Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,
    222 Cal. App. 3d 1371 (1990)............................................................................ 6, 13

Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.,
    2 Cal. 4th 342 (1992) ......................................................................................... 16, 19

Comunale v. Traders & Gen. Ins. Co.,
    50 Cal. 2d 654 (1958) ......................................................................................... 6, 15

Conley v. Gibson,
    355 U.S. 41, 78 S. Ct. 99 (1957)........................................................................ 5, 14

Durning v. First Boston Corp.,
    815 F.2d 1265 (9th Cir. 1987)................................................................................... 5

Epis, Inc. v. Fid. & Guar. Life Ins. Co.,
    156 F. Supp. 2d 1116 (N.D. Cal. 2001) ..................................................... 15, 16, 18

Gen. Comm. Packaging v. TPS Package,
    126 F.3d 1131 (9th Cir. 1997)........................................................................... 10, 11

Guz v. Bechtel Nat'l, Inc.,
    24 Cal. 4th at 317 (2000) ..................................................................... 16, 18, 19

Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club,
    407 F.3d 1027 (9th Cir. 2005).................................................................................... 5

-iii-

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006)..................................................................................... 2, 3

*Marshall v. Standard Ins. Co.*,
  214 F. Supp. 2d 1062 (C.D. Cal. 2000) ............................................................... 8

*Motors, Inc. v. Times Mirror Co.*,
  102 Cal. App. 3d 735 (1980)................................................................................... 8

*Nishi-matsu Const. Co. v. Houston Nat'l Bank*,
  515 F.2d 1200 (9th Cir. 1987).............................................................................. 5

*Ove v. Gwinn*,
  264 F.3d 817 (9th Cir. 2001)................................................................................. 5

*Roberts v. Lomanto*,
  112 Cal. App. 4th 1553 (2003) ........................................................................ 20

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984)................................................................................. 4

*San Pedro Lumber Co. v. Reynolds*,
  111 Cal. 588 (1896) ......................................................................................... 20

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
  983 F. Supp. 1303 (N.D. Cal. 1997) ................................................................. 8

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
  88 F.3d 780 (9th Cir. 1996)................................................................................... 4

*St. James Church of Christ Holiness v. Superior Court*,
  135 Cal. App. 2d 352 (1955) ......................................................................... 20

*Tameny v. Atlantic Richfield Co.*,
  27 Cal. 3d 167 (1980) .................................................................................... 14

*Union Bank v. Superior Court*,
  31 Cal. App. 4th 573 (1995) ....................................................................... 6, 20

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003)............................................................................... 2

## STATUTES

Cal. Bus. & Prof. Code § 16600 ............................................................... 2, 9, 10, 11

Cal. Bus. & Prof. Code § 17200 ........................................................................ 8, 9

Cal. Bus. & Prof. Code § 17204 .............................................................................. 8

Fed. R. Civ. P. 12(b)(6)......................................................................... 1, 4, 13, 23

DLA Piper US LLP
SAN DIEGO

SD\1775894.2
332602-3

-iv-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, February 5, 2008 at 1:00 p.m., or as soon thereafter as can be heard, in Courtroom 3 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Third Floor, Oakland, CA 94612-5212, Defendants Armed Forces Benefit Association, erroneously sued herein as Armed Forces Benefit Association, The Five Star Association ("AFBA") and 5Star Life Insurance Company, formerly known as AFBA Life Insurance Company ("AFBA Life"), and erroneously named herein as 5Star Life Insurance, LLC, ("5Star") (sometimes, collectively "Defendants"), and each of them individually, will and hereby do move the Court for an order dismissing Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint ("SAC") for damages as to each of them.

This motion is made pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that the SAC fails to state any cause of action upon which relief can be granted. In the SAC, Lovesy asserts four counts against Defendants AFBA and 5Star: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of California's Unfair Competition Law; and (4) accounting. Each of these causes of action, as asserted against AFBA and 5Star individually and collectively, must fail for the following reasons:

1.    AFBA Is Not a Proper Party to the Lawsuit:  Lovesy has no contractual relationship with AFBA, nor is AFBA the alter ego of any entity with whom Lovesy had a contractual relationship, and therefore, none of Lovesy's causes of action against AFBA can withstand the Motion to Dismiss;

2.    Breach of Contract:  Lovesy fails to identify any provision of the contract that was breached by the alleged acts or omissions of AFBA and/or 5Star;

3.    Breach of Covenant of Good Faith and Fair Dealing:  Lovesy can assert no facts that AFBA and/or 5Star acted in any way to frustrate the purpose of the contracts between Lovesy and Defendants AFBA and/or 5Star;

/////

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-1-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1       4.    <u>Unfair Competition Law</u>:  Lovesy fails to establish a violation of California

2  Business & Professions Code Section 16600, the alleged unlawful conduct underlying his Unfair

3  Competition Law claim, and is not entitled to the relief requested, even if a violation were

4  established.  Further, Lovesy has no standing to assert an Unfair Competition Law action based

5  on Section 16600 and no grounds on which to assert that cause of action against AFBA and/or

6  5Star, who are non-parties to the allegedly offending agreement between Lovesy and the other

7  Defendants;

8       5.    <u>Accounting</u>:  Lovesy fails to allege facts essential to state a cause of action for

9  accounting, namely, that AFBA and/or 5Star owed Lovesy a fiduciary obligation or otherwise

10  engaged in misconduct for which Lovesy is owed money.

11      Defendants base this motion on this Notice, the attached Memorandum of Points and

12  Authorities, the attached Declaration of Michael Kimo Wong in Support of Defendants Armed

13  Forces Benefit Association and 5Star Life Insurance Company's Motions to Dismiss and Strike

14  Portions of Plaintiff Brad Lovesy's Second Amended Complaint and exhibits attached thereto, the

15  attached Request for Judicial Notice in Support of Defendants Armed Forces Benefit Association

16  and 5Star Life Insurance Company's Motions to Dismiss and Strike Portions of Plaintiff Brad

17  Lovesy's First Amended Complaint, the pleadings and records on file with this Court, all matters

18  of which this Court may take judicial notice, and such argument as may be presented at the

19  hearing on this motion.

20      Counsel for Defendants AFBA and 5Star certify that they have met and conferred in good

21  faith with Counsel for Lovesy regarding this Motion and were unable to resolve the issue.

22  Dated:  December 7, 2007

23                       DLA PIPER US LLP

24

25                     By    /s/ Charles L. Deem
                            CHARLES L. DEEM

26                            Attorneys for Defendants
                            ARMED FORCES BENEFIT ASSOCIATION

27                            and 5STAR LIFE INSURANCE COMPANY

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2   Defendants Armed Forces Benefit Association, erroneously sued herein as Armed Forces

3   Benefit Association, the 5Star Association ("AFBA") and 5Star Life Insurance Company,

4   formerly known as AFBA Life Insurance Company ("AFBA Life"), and erroneously named

5   herein as 5Star Life Insurance, LLC ("5Star"), submit the following points and authorities in

6   support of their motion to dismiss Plaintiff Brad Lovesy's ("Lovesy") Second Amended

7   Complaint ("SAC") for Damages.

8

## I.    INTRODUCTION

9   Central to this dispute is an independent contractor relationship between an insurance

10   company, 5Star, on the one hand, and one of its sales representatives, Lovesy, on the other hand.

11   One or more of Defendants TGS Group, Inc. ("TGS"), Ted Shuey ("Shuey"), and The Shuey

12   Agency, Inc. contracted with Lovesy to provide certain services related to processing payments

13   for 5Star's insurance policies.

14   On May 24, 2007, Lovesy filed a complaint for civil damages (the "Initial Complaint")

15   against Defendants AFBA, 5Star, TGS, and Shuey alleging causes of action for breach of

16   contract, breach of the covenant of good faith and fair dealing, interference with contract,

17   interference with prospective economic advantage, fraud, unfair business practices, and

18   accounting.   AFBA and 5Star moved to dismiss the Initial Complaint on June 20, 2006.

19   At Lovesy's request, AFBA, 5Star, TGS, and Shuey stipulated to permit Lovesy to file a

20   First Amended Complaint ("FAC").[1]  The FAC, which was filed on September 27, 2007, alleges

21   four causes of action against AFBA and 5Star, including (1) breach of contract, (2) breach of the

22   covenant of good faith and fair dealing, (3) unfair business practices, and (4) an accounting.  The

23   FAC incorporated minor changes to the allegations related to the substantive causes of action, and

24   added a new party, The Shuey Agency, Inc.

25   AFBA and 5Star met and conferred with Lovesy regarding the deficiencies in the FAC.

26   Lovesy acknowledged that the FAC was also deficient and requested that Defendants stipulate to

27
28

---

[1]   At the time of Lovesy's request to file an amended complaint, TGS and Shuey had not responded to the Initial Complaint.

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-1-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    permit him to file a second amended complaint.  Defendants agreed.  At the November 7, 2007

2    case management conference, the Court ordered Lovesy to file a Second Amended Complaint

3    ("SAC") on or before November 16, 2007.  The SAC, filed on November 16, 2007, contains

4    largely the same allegations as the FAC, but adds a new plaintiff, Pacific Consolidated

5    Investments, Inc., and one new defendant, 5Star Financial, LLC, erroneously sued herein as 5Star

6    Financial, LLC, 5Star Financial Services Company.

7         AFBA and 5Star bring this motion to dismiss because, in the SAC, Lovesy fails to state a

8    claim upon which relief can be granted.  Accordingly, Defendants AFBA and 5Star request that

9    the Court dismiss Lovesy's SAC in its entirety as to AFBA and 5Star.

10    **II.    FACTUAL BACKGROUND**

11    **A.    The Court May Consider the Contracts between and among the Parties as Part**

12    **of the SAC.**

13         For purposes of a motion to dismiss, the allegations in the complaint are generally

14    assumed to be true.  In addition, material submitted with the complaint may be considered as part

15    of the complaint for purposes of a motion to dismiss.  Moreover, the Ninth Circuit permits a court

16    to consider in conjunction with a motion to dismiss any document referenced in a complaint.

17    *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994).  The Court may consider such extrinsic

18    evidence if three factors are present:  (1) the complaint refers to the document; (2) the document

19    is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy of the

20    document attached to the motion.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  The

21    Court may treat any document meeting this standard as part of the complaint, meaning that the

22    contents of the document are ***deemed true for the purpose of the motion to dismiss***.  *United*

23    *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

24         In the instant matter, the Court should consider four agreements specifically referenced in

25    the SAC as part of the SAC for the purpose of the motion to dismiss.  The three-part test is met.

26    First, Lovesy specifically references four agreements in the SAC:  (1) Regional Sales Director

27    Agreement dated on or about September 10, 2001 (the "Director Agreement"); (2) Regional Sales

28    Director Compensation Addendum amending the Regional Sales Director Agreement and dated

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-2-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1   on or about June 19, 2003 (the "Compensation Addendum"); (3) Independent Field Service

2   Representative Agreement dated on or about March 22, 2001 (the "Representative Agreement");

3   and (4) Memorandum of Agreement between Lovesy and Ted Shuey Agency dated on or about

4   August 31, 2004 (the "TGS Agreement").  (SAC at ¶¶ 19, 22, 28.)  These four agreements

5   constitute the basis of Lovesy's causes of action for breach of contract, breach of covenant of

6   good faith and fair dealing, interference with contract, interference with prospective economic

7   advantage, fraud, unfair business practices, and accounting.  (*See* SAC at ¶¶ 51-109.)

8        Copies of the Director Agreement, the Representative Agreement, and the Compensation

9   Addendum are included in this motion.  (Declaration of Michael Kimo Wong in Support of

10   Defendants AFBA and 5Star Life's Motion to Dismiss, at ¶¶ 4-6 and Exhibits A-C.)  The

11   Memorandum of Understanding is attached to The Shuey Defendants' motion to dismiss.  (*See*

12   Declaration of Theodore G. Shuey, Jr. in Support of Defendants Theodore G. Shuey, TGS Group,

13   Inc., and The Shuey Agency, Inc.'s Motion to Dismiss, Exhibit 1.)  No party has questioned the

14   authenticity of these documents.  Accordingly, the three-pronged test is met, and the Court may

15   consider the content of the four agreements in connection with this motion.  *See Marder*, 450 F.3d

16   at 448.

17        **B.      Facts Assumed To Be True for Purpose of the Motion to Dismiss.**

18        For purposes of this motion, the following allegations in the SAC and the Agreements

19   attached to the Declaration of Michael Kimo Wong are deemed to be true:  Lovesy entered into

20   the Representative Agreement and the Director Agreement (sometimes collectively, the

21   "Agreements") with AFBA Life Insurance Company (the "AFBA Life") and/or 5Star on

22   March 22, 2001 and September 10, 2001, respectively.  (SAC at ¶¶ 19, 22.)  Pursuant to the

23   Agreements, Lovesy was to serve as a Regional Sales Director for AFBA and was permitted to

24   sell 5Star's Life Insurance products as a Field Service Representative.  (*Id.* at ¶¶ 20, 23.)

25   Contrary to Lovesy's allegations, the Director Agreement does not authorize Lovesy to operate

26   exclusively in the states of Arizona, California, Nevada, New Mexico, and Utah (the "Alleged

27   Assigned Region").  (Director Agreement, at ¶¶ I – VIII.)  Further, the Agreements provide that

28   any parsty may terminate the Agreements with or without cause; the Representative Agreement

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-3-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1    requires 30 days' written notice prior to termination.  (Representative Agreement, at ¶ VI(A);

2    Director Agreement, at ¶ VIII.)

3        In approximately August 2004, Lovesy entered into a Memorandum of Agreement with

4    The Shuey Agency, Inc. (the "TGS Agreement"), under which The Shuey Agency, Inc. would

5    provide administrator services to Lovesy, including implementation of payroll deductions for the

6    premiums due for all 5Star policies.  (*Id*. at ¶¶ 28-29; TGS Agreement, at pp. 1.)  The TGS

7    Agreement prohibits Lovesy from marketing life insurance products other than those provided by

8    AFBA in presentations for the California National Guard.  (TGS Agreement, at ¶ 1(a).)  None of

9    the other agreements between Lovesy and any of the Defendants contains a similar provision.

10   (*See* Director Agreement, generally; Representative Agreement, generally; Field Service

11   Compensation Addendum, generally.)

12       Early in his relationship with TGS, Lovesy became unhappy with the manner in which

13   TGS processed applications.  (SAC ¶¶ 32.)  Lovesy also claims that TGS began to solicit business

14   in portions of the Alleged Assigned Region.  (*Id*. at ¶ 40.)  Purportedly, as a result of Lovesy

15   raising concerns about the propriety of the marketing of AFBA and 5Star's insurance offerings,

16   TGS cancelled the TGS Agreement at some point after February 28, 2006.  (*Id*. at ¶ 45.)

17   Lovesy's relationship with 5Star ended when, on May 7, 2007, 5Star sent Lovesy notice of

18   "intent to terminate his agreement" as of June 7, 2007.  (*Id*. at ¶ 50.)

19                    **III.    LEGAL STANDARD**

20   **A.    Under Rule 12(b)(6), the Court May Dismiss a Complaint that Fails To State a**

21   **Claim Upon Which Relief May Be Granted.**

22       Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained

23   within a complaint, may be dismissed if it fails to state a claim upon which relief may be granted.

24   Fed. R. Civ. P. 12(b)(6).  "The court may dismiss a complaint as a matter of law for '(1) lack of a

25   cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'"  *SmileCare*

26   *Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting

27   *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).  In ruling on a

28   motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-4-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80

2    F.3d 336, 337-38 (9th Cir. 1996).  The Court may disregard allegations in the complaint if

3    contradicted by facts contained in documents that may be considered as part of the complaint.

4    *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co.*

5    *v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

6         Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

7    requires more than labels and conclusions, and a formulaic recitation of a cause of action's

8    elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007); *see also*

9    *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted

10   inferences are insufficient to defeat a motion to dismiss").  Furthermore, courts will not assume

11   that plaintiffs "can prove facts that [they have] not alleged or that the defendants have violated . . .

12   laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

13   *Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983); *see also Jack Russell*

14   *Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027, 1035 (9th Cir. 2005).  At a

15   minimum, the complaint's allegations also must "give the defendant fair notice of what the

16   plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78

17   S. Ct. 99, 103 (1957).

18                    **IV.    THE COURT SHOULD GRANT DEFENDANTS**

19                        **AFBA AND 5STAR'S MOTIONS TO DISMISS**

20        **A.    Lovesy Has Not Stated a Cause of Action for Breach of Contract, Breach of**

21   **the Covenant of Good Faith and Fair Dealing, or Accounting against AFBA.**

22        Lovesy's causes of action for breach of contract, breach of the covenant of good faith and

23   fair dealing, and accounting (the "Contract claims") should be dismissed with respect to

24   Defendant AFBA for failing to allege facts sufficient to state a cause of action against AFBA.

25   For any of Lovesy's Contract claims against AFBA to be proper, Lovesy must allege facts, not

26   contradicted by facts of which the Court may take judicial notice, suggesting that AFBA has a

27   contractual relationship with Lovesy or that AFBA is an alter ego of a party who has a contractual

28   relationship with Lovesy.  In this respect, the SAC fails.

DLA PIPER US LLP
SAN DIEGO
SD\1775894.2
332602-3
-5-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    **1.    Existence of a Contractual Relationship Is a Required Element of Each**

2  **of Lovesy's Contract Claims.**

3    Each of the Contract claims asserted in the SAC requires, at a minimum, that Lovesy

4  allege the existence of a contract between Lovesy and AFBA:

5    • Breach of Contract / Breach of Covenant of Good Faith and Fair Dealing:  The

6    existence of a contact is an element of Lovesy's breach of contract and breach of

7    covenant of good faith and fair dealing causes of action.  *See Careau & Co. v. Sec.*

8    *Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990); *Comunale v. Traders*

9    *& Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958).

10    • Accounting:  Lovesy's fourth cause of action against AFBA—for an accounting—

11    requires Lovesy to allege either a fiduciary relationship or an obligation to pay

12    money.  *See Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593-94 (1995).

13    Both a fiduciary relationship and an obligation to pay money can only arise under

14    the facts alleged in the SAC if a contract exists between AFBA and Lovesy.

15    Consequently, Lovesy's claims against AFBA can only survive a motion to dismiss if a

16  valid contract exists between Lovesy and AFBA, or an alter ego of AFBA.

17    **2.    AFBA Is Not a Party to Any of the Agreements, Nor the So-Called**

18  **Alter Ego of a Party to Any of the Agreements.**

19    Four agreements are referenced in the SAC—AFBA is party to none of them.[2]  For this

20  reason, the SAC cannot state a cause of action against AFBA.

21    *AFBA Life*, which is a party to the Representative Agreement,[3] is a separate and distinct

22  legal entity from AFBA.  (*See* Decl. of Wong, Exh. E.)  Whereas AFBA is, according to the SAC,

23

_____

24    [2]    The parties to the four agreements referenced in the SAC are as follows:  (1) Representative

25    Agreement:  Brad Lovesy and 5Star Life Insurance Company, formerly known as AFBA Life
    Insurance Company; (2) Compensation Addendum:  Brad Lovesy and 5Star Life Insurance Company;

26    (3) Director Agreement:  Pacific Consolidated LLC and 5Star Life Insurance Company; (4) TGS
    Agreement:  Brad Lovesy Group and The Shuey Agency Inc.

27    [3]    Presumably, Lovesy confused AFBA Life for AFBA, and therefore named AFBA, as opposed to

28    AFBA Life, as a defendant in this lawsuit.

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-6-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    a "non-profit voluntary membership association" that "was established in February 1947 with the

2    approval of the Chief of Staff, General of the Army, Dwight David Eisenhower," (SAC at 2, 15),

3    AFBA Life was formed in 1996 and was an insurance company registered with the Louisiana

4    Commissioner of Insurance.  (*See* Decl. of Wong, Exhs. D & E.)

5         In fact, AFBA Life is the former name of Defendant 5Star.  Thus, 5Star—not AFBA—is

6    the signatory to the operative Agreements.  As a result, AFBA cannot be held directly liable

7    based on the Agreements for any cause of action, including Lovesy's breach of contract, breach

8    of the covenant of good faith and fair dealing, and accounting causes of action.

9         AFBA is also not liable for any of the Contract claims based on an alter ego theory.

10   AFBA and 5Star's Motion to Strike, filed concurrently herewith, describes in detail several

11   deficiencies present in Lovesy's alter ego allegations.  Without reviewing those deficiencies in

12   their entirety here, Lovesy's allegations are insufficient to establish alter ego liability for two

13   reasons:  first, Lovesy failed to aver any specific alter ego facts with respect to the relationship

14   between AFBA and the Shuey Defendants, and second, Lovesy failed to provide facts

15   establishing that AFBA, 5Star, and/or 5Star Financial abused their corporate forms in a manner

16   that might subject them to alter ego liability.  (*See* Motion to Strike at pp. 2 – 5.)

17        Further, with respect to his allegations that AFBA is the later ego of the Shuey

18   Defendants, Lovesy fails to allege that Defendants AFBA maintained any control over the Shuey

19   Defendants, much less control sufficient to warrant alter ego liability.  In fact, in the Original

20   Complaint, Lovesy concedes that Kimo Wong told Lovesy that AFBA "had no control of the

21   TGS Group," an alter ego of the Shuey Defendants according to Lovesy.  (Request for Judicial

22   Notice, Plaintiff Brad Lovesy's Complaint for Damages (Case No. C 07-2745 SBA) (Docket No.

23   1), at ¶ 33; SAC at ¶ 11.)  If AFBA had no control over the Shuey Defendants, they cannot fairly

24   be said to be the alter egos of the Shuey Defendants for the purposes if this lawsuit.

25        AFBA cannot be held indirectly liable on Lovesy's Contract claims as the alter ego of any

26   of the other Defendants.  Thus, no viable theory of AFBA liability exists with respect to the

27   Contract claims, and Lovesy's claims for breach of contract, breach of the covenant of good faith

28   and fair dealing, and for an accounting should be dismissed as alleged against AFBA.

DLA PIPER US LLP
SAN DIEGO

-7-

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

**B.    Lovesy Fails to Allege Facts Sufficient To State a Cause of Action under California's Unfair Competition Law.**

**1.    A Cause of Action under the Unfair Competition Law Must Be Stated with a Reasonable Degree of Particularity.**

California Business and Professions Code Section 17200 *et seq*., known as California's Unfair Competition Law (the "UCL"), provides a statutory framework under which a private litigant may seek redress for "unfair competition," which is defined by the UCL as an "unlawful, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code §§ 17200, 17204.

Allegations of unlawful, unfair, or fraudulent acts under the UCL must be pleaded with a reasonable degree of particularity.  *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997).  At a minimum, to sufficiently plead a cause of action under the UCL, a plaintiff must state the practice it believes is unfair, unlawful, or fraudulent; allege facts showing the unfair, unlawful, or fraudulent nature of the practice; and generally aver that the harm associated with the unfair, unlawful, or fraudulent practice outweighs its benefits.  *See Marshall v. Standard Ins. Co*., 214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000) (claim dismissed where party failed to specify, with sufficient clarity, particular practices which the party had alleged were unlawful); *Motors, Inc. v. Times Mirror Co*., 102 Cal. App. 3d 735, 740 (1980) (claim under the UCL requires a showing that the gravity of harm outweighs the utility of the defendant's conduct).

**2.    Lovesy's Fails to Allege Facts Sufficient to Constitute an Unfair, Unlawful, or Fraudulent Conduct.**

Lovesy's UCL claim is based on the unlawful and unfair prongs of that Act.  (SAC at ¶¶ 98-100.)  Specifically, Lovesy asserts three theories upon which his UCL claims are based: (1) AFBA and 5Star encouraged Lovesy to enter into an agreement with the Shuey Defendants, and that agreement restricted on Lovesy's ability to engage in his business or profession, in violation of California Business and Professions Code Section 16600; (2) Defendants, collectively, failed to properly process policies sold to the public; and (3) Defendants, collectively, interfered with Lovesy's right to commissions and other payments in the Alleged

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-8-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Assigned Region.  (SAC at ¶¶ 98-100.)  Lovesy can state no UCL cause of action based on any of

2    these theories, and therefore, his UCL claim is subject to dismissal.  Each theory of Lovesy's

3    claims under the UCL will be addressed in turn.

4                        **a.        Lovesy's UCL Claim Based on California Business &**

5    **Professions Code Section 16600 Must Fail.**

6                              **(1)        Lovesy's UCL Claim Is Not Properly Asserted against**

7    **AFBA and/or 5Star.**

8              Lovesy alleges that AFBA and 5Star violated California Business and Professions Code

9    Section 16600, which prohibits contracts that restrain an individual from engaging in a lawful

10   profession.  (*Id.* at ¶ 98.)  Cal. Bus. & Prof. Code § 16600.  According to Lovesy, in 2003, AFBA

11   and 5Star required Lovesy to enter into an agreement with the Shuey Defendants, thereby violated

12   Section 16600:  "AFBA/5Star advised [Lovesy] that they wished to engage the Shuey Defendants

13   to administer the policies being issued."  (SAC at ¶¶ 26, 97.)  The agreement eventually entered

14   into by Lovesy and one or more of the Shuey Defendants, the TGS Agreement, restricted Lovesy

15   from selling non-AFBA products to members of the California National Guard.  (TGS

16   Agreement, at ¶ 1(a).)

17            Lovesy allegations are insufficient to establish liability on behalf of AFBA and/or 5Star.

18   According to the facts on the face of the SAC, AFBA and/or 5Star instructed Lovesy to enter into

19   an agreement with the Shuey Defendants that employed the Shuey Defendants to administer

20   policies sold by Lovesy.  (SAC at ¶¶ 26, 97.)  Lovesy makes no allegations that AFBA and/or

21   5Star dictated any of the terms of the TGS Agreement, or that AFBA and/or 5Star knew of the

22   allegedly improper term.  Further, it is unreasonable to infer that AFBA and/or 5Star could have

23   foreseen in 2003, when they purportedly required Lovesy to enter into the agreement, that the

24   TGS Agreement, which was not entered into until September of 2004, might have had an

25   impermissible clause in it.  (*Compare* SAC at ¶ 97 *and* TGS Agreement, at pp. 3.)  The

26   relationship between AFBA and 5Star's alleged actions concerning the TGS Agreement are

27   simply too tenuous to establish a claim against AFBA and/or 5Star.  As such, Lovesy's UCL

28   claim must fail.

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-9-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1                             **(2)       The TGS Agreement Did Not Impermissibly Preclude**

2 **Lovesy from Engaging in His Profession Because the Provision at Issue Is Narrow in Scope.**

3         The alleged limitation provision in the TGS Agreement between The Shuey Agency, Inc.

4 and Brad Lovesy Group does not violate Section 16600's prohibition against covenants not to

5 compete.  Under Section 16600, "every contract by which anyone is restrained from engaging in a

6 lawful profession, trade, or business of any kind is to that extent void."  Cal. Bus. & Prof. Code

7 § 16600.  A contract only violates Section 16600, however, when a person is precluded ***entirely***

8 from pursuing his trade or business.  *Gen. Comm. Packaging v. TPS Package*, 126 F.3d 1131,

9 1133 (9th Cir. 1997).  In order to state a violation of Section 16600, a plaintiff is required to

10 allege, at a minimum, that the contract placed a "substantial segment of the market off limits,"

11 such that the contract "effectively destroy[ed] the signatory's ability to conduct a trade or

12 business."  *Id.* (citing *Campbell v. Bd. of Tr. of Leland Stanford Junior Univ.*, 817 F.3d 499, 502

13 (9th Cir. 1987)).

14         The TGS Agreement only narrowly limits Brad Lovesy Group's sales of non-AFBA

15 products:  "[o]nly the group SSLI program, Better Alternative, and Select products offered

16 through AFBA will be marketed and any other product presentation *in the California National*

17 *Guard* will be reason for immediate termination of this agreement."  (TGS Agreement, at ¶ 1(a)

18 (emphasis added).)  As is obvious from the face of the TGS Agreement, Brad Lovesy Group was

19 not restrained entirely from pursuing his profession by operation of the agreement.  In accordance

20 with the TGS Agreement, Lovesy was permitted to market AFBA products to members of the

21 California National Guard, and any other product he desired to members of the general public.

22 (*See id.*)

23         In fact, there can be no reasonable inference that Lovesy was completely restrained from

24 engaging in his profession, whether literally or in effect, after consideration of other judicially

25 noticeable facts.  In the Joint Case Manage Conference Statement, Lovesy alleges that, even

26 during the years he was unable to sell non-AFBA products, he made $43,000 monthly ($516,000

27 annually) from sales of AFBA products.  (*See* Request for Judicial Notice, Joint Case

28 Management Statement and [Proposed] Order (Case No. C 07-2745 SBA) (Docket No. 21), at

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

pp. 13-14, ¶ 11(3).)  Lovesy claims he earned over half a million dollars per year engaging in his profession during the years he was not permitted to sell products other than AFBA products to California National Guard members.  It can hardly be said that Lovesy was completely restrained from participating in, or effectively unable to engage in, his trade if he earned $516,000 annually from engaging in that very profession.[4]

Moreover, the TGS Agreement constitutes an attempt to facilitate Lovesy's employment in the life insurance industry by providing him with certain services regarding the processing of life insurance payments.  (TGS Agreement, at pp. 1.)  The TGS Agreement does not restrain Lovesy from engaging in his profession (*i.e.* marketing and selling life insurance); rather, the TGS Agreement actually *facilitates Lovesy's work within his profession*.

Lovesy fails to allege that the agreement entirely precludes him from engaging in his profession.  In fact, Lovesy cannot make this allegation:  The TGS Agreement does not "completely restrain" Lovesy from engaging in his profession.  No violation of Section 16600 occurred, and therefore, Lovesy's UCL claim must fail.

### b.    AFBA and 5Star Played No Role in the Processing of Policies.

Lovesy also alleges that all of the Defendants, including AFBA and 5Star "routinely" failed to properly process policies sold to the public.  As clearly alleged by Lovesy, AFBA and 5Star were not processing payments during the times Lovesy purportedly experienced problems with policy processing.  (*See*, *e.g.*, SAC ¶¶ 25-29 (Lovesy operated "smoothly and profitably" prior to August of 2004, at which point the Shuey Defendants took over the processing of payments).)  This theory of UCL relief cannot state a claim for relief against AFBA and 5Star, who had no duty to "process policies."

/////

---

[4]  By contrast, Lovesy claims only to have lost $72,000 annually, or roughly 12% of his total income, as a result of not being able to sell Colorado Banker products.  (*See* Request for Judicial Notice, Joint Case Management Statement and [Proposed] Order (Case No. C 07-2745 SBA) (Docket No. 21), at pp. 13, ¶ 11(1).)  An agreement resulting in an alleged loss of 12% of Lovesy's annual income cannot, under any circumstances, amount to placing a "substantial segment of the market off limits" such that Lovesy is effectively unable to engage in his profession.  *See Gen. Comm. Packaging*, 126 F.3d at 1133.

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1

**c.      Lovesy Had No Right to Operate Exclusively in Any Region.**

2          Third, Lovesy claims that AFBA and 5Star violated the UCL by interfering with his right

3    to commissions, overrides, and bonuses in the Alleged Assigned Region.  (SAC at ¶ 100.)

4    Presumably, AFBA and 5Star interfered with Lovesy's "right" to commission by accepting policy

5    applications solicited by the Shuey Defendants in the Alleged Assigned Region, and issuing

6    policies pursuant to the applications.  (SAC at ¶ 42.)

7          Lovesy's allegations necessarily assume that Lovesy had a right to operate on an exclusive

8    basis in the Alleged Assigned Region.  However, Lovesy was never given an exclusive right to

9    operate in any region.  None of the Agreements referenced by Lovesy contain such an exclusivity

10   provision.  (*See* Director Agreement, generally; Representative Agreement, generally; TGS

11   Agreement, generally; Compensation Addendum, generally).  In fact, the Director Agreement

12   provides that Lovesy is entitled to an override only on business produced by field service

13   representatives ***recruited by or assigned to*** Lovesy.  (Director Agreement, at ¶ I.)  Inherent in this

14   provision is the assumption that field service representatives recruited by or assigned to someone

15   other than Lovesy might operate in the same region as Lovesy.  (*See id.*)  Lovesy's claim to

16   exclusivity is baseless,[5] and therefore, Lovesy's claims for commissions for all policies secured in

17   the Alleged Assigned Region must fail.

18        **3.      Lovesy Has No Proper Claim for Relief Under the UCL and**

19   **Therefore, Lovesy's UCL Cause of Action Must Be Dismissed.**

20        Even assuming, *arguendo*, that Lovesy sufficiently pleaded his UCL claim, as a matter of

21   law, the Court may not grant the relief requested by Lovesy.  The only specific request for

22   compensatory relief under Lovesy's UCL's cause of action is damages.  (SAC at 22, ln. 7.)

23   Although he does not specifically request restitutionary relief, Lovesy includes allegations

24   regarding involuntary trust, constructive trusts, and unjust enrichment in paragraphs 103 and 104

25   _____

26   [5]   In a recent meet and confer letter, Lovesy indicated that he will offer parol evidence supporting his
      claim to exclusive rights to operate in the Alleged Assigned Region.  Parol evidence, however, is not

27   considered on a motion to dismiss.  Moreover, if parol evidence is necessary to establish Lovesy's
      claim to exclusivity, Lovesy must allege facts regarding the nature and existence of parol evidence in

28   order to rely on such evidence in opposition to a motion to dismiss.

DLA PIPER US LLP
SAN DIEGO

-12-

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1   of the SAC.  Lovesy is not entitled to damages or the restitutionary relief as requested.  (*See*

2   Motion to Strike at pp. 6 – 9.)  On the face of the SAC, Lovesy is entitled to no relief for AFBA

3   and 5Star's purported violation of the UCL.  Lovesy's UCL claim cannot stand.  *See* Fed. R. Civ.

4   Proc. 12(b)(6).

5       **C.      Lovesy Fails To Allege Any Breach by Defendants AFBA or 5Star of Any**

6   **Agreement between Lovesy and AFBA or 5Star.**

7           Under California law, the essential elements that must be pleaded in an action for breach

8   of contract are (1) the fact of the contract; (2) the plaintiff's performance of the contract or excuse

9   for nonperformance; (3) the nature of the defendant's breach; and (4) the resulting harm to the

10  plaintiff.  *Careau & Co.*, 222 Cal. App. 3d at 1388.  In the SAC, Lovesy essentially alleges that

11  AFBA and 5Star breached the Director Agreement and the Representative Agreement by refusing

12  to pay Lovesy "commissions and overrides due to him"[6] and for "terminating the agreements in

13  response to [Lovesy]'s efforts to obtain performance from Defendants [AFBA and 5Star] and

14  their agents, the Shuey Defendants."  (SAC at ¶¶ 54-56.)  Lovesy's SAC is deficient because it

15  fails to assert the specific provisions of the contract that were breached by Defendants AFBA and

16  5Star's purported actions.

17  _____

18  [6]   Lovesy alleges three separate theories under which AFBA and 5Star allegedly owe him money:
19       (1) "failing and refusing and continuing to fail to pay amounts due [Lovesy]"; (2) "[refusing] to pay
         commissions and overrides due [Lovesy] under the agreement permitting him exclusive rights within
20       the Assigned Region and, instead, [paying] such commissions and overrides to the Shuey Defendants";
         and (3) "[refusing] to pay commissions and overrides due to him, asserting that [AFBA and 5Star] have
21       a right of offset on such commissions and overrides due to charge backs for policies sold."  The
         essence of each of these allegations is AFBA and 5Star allegedly owe Lovesy money under the
22       Agreements, as stated generally in the first theory.  The second assertion refers to Lovesy's theory
         regarding the person to whom the money purportedly due him was allegedly paid; the third theory
23       addresses one of AFBA and 5Star's defenses to the contract.

24       For two reasons, these three theories will be addressed together, and treated as if Lovesy simply asserts
         a claim that Lovesy is owed money.  First, the allegations are not supported by the Agreements.  As the
25       Representative and Director Agreements make clear, Lovesy was not entitled to operate exclusively in
         the Alleged Assigned Region, and AFBA and 5Star are entitled to an offset of charge backs for policies
26       sold.  (*See* Director Agreement, generally and ¶ II; Representative Agreement, generally and ¶ V(F).)
         Second, AFBA and 5Star's defenses to payment of sums allegedly owed to Lovesy, as well as
27       allegations with respect to whom those sums were allegedly paid, are irrelevant.  Neither of these
         statements are helpful to Lovesy in describing *which provisions* of the contract were breached and *what*
28       *conduct* allegedly breached those provisions.

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-13-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1    First, Lovesy states no facts to support his claim that he was due any sum of money under

2    the contract.  Lovesy asserts that under the Director Agreement, "[Lovesy] was to receive an

3    override on all business produced by the Field Sales Representatives."  (SAC at ¶ 21.)  An

4    override is a commission paid to managers on sales made by their subordinates, and is calculated

5    as a percentage of the gross sales or commissions earned by the subordinates.  Based on the

6    allegations in the SAC, then, in order to be owed money under the contract, Lovesy must allege

7    that his subordinates made sales or commissions from which he is owed an override.  Further,

8    under the Independent Field Service Representative Agreement, Lovesy is due a commission only

9    "after the due date of the payment and after receipt of the [insurance premium] by the Company

10   at its administrative office."  (Representative Agreement, at ¶ IV(C).)  Lovesy has not made these

11   allegations, nor has he alleged any set of facts, other than his summary conclusions, under which

12   he is "owed money."  This is hardly sufficient to give AFBA and 5Star "fair notice of what the

13   plaintiff's claim is and the ground upon which it rests."  *See Conley*, 355 U.S. at 47.

14   In addition, Lovesy fails to allege that any provision of the agreement was breached by his

15   purported termination.  Indeed, the Representative Agreement plainly permits AFBA and 5Star to

16   terminate the agreement with Lovesy "***without cause***…upon at least thirty (30) days prior written

17   notice to the other party."  (Representative Agreement, at VI(A) (emphasis added).)  The Director

18   Agreement does not even require 30 days' notice before either party is permitted to terminate the

19   agreement "with or without cause."  (Director Agreement, at ¶ VIII.)  Per Lovesy's own

20   allegations, 5Star purportedly terminated Lovesy's agreement on June 6, 2007, after providing a

21   letter (*i.e.* written notice) exactly 30 days prior on May 7, 2007.  (SAC at ¶ 50.)  This method of

22   termination complies with both Agreements, and therefore, cannot constitute a breach of contract,

23   regardless of the ***reason for termination***.[7]

24

---

25   [7]  In a meet and confer letter, Lovesy claimed that his breach of contract claims were appropriately plead
     as retaliatory termination claims.  In California, retaliatory termination claims call for ***tort relief***, and
26   may not be pursued as a breach of contract claim.  *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167,
     175 (1980) (a cause of action arising from a breach of a promise set forth in the agreement gives rise of
27   an *ex contractu* cause of action, but a claim arising from a breach of duty growing out of the contract is
     *ex delicto*).  Even styled as a tort claim, Lovesy's breach of contract cause of action must fail.  In the
28   SAC, Lovesy claims that two actions resulted from his "raising of concerns":  (1) the Shuey

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Finally, the SAC is void of any allegation that specific harm to Lovesy has resulted from

2    Defendants AFBA and 5Star's alleged breach. Although Lovesy states that he "sustained damage

3    in an amount according to proof," there is no indication of the type or amount of damages he

4    sustained. (*See* SAC at ¶ 57.)

5    Lovesy's failure to assert any facts indicating that AFBA and 5Star's alleged termination

6    or conduct in connection with the agreement was improper, inability to establish that Lovesy was

7    owed money under the contract, and failure to allege specific harm resulting from the alleged

8    breach are fatal deficiencies in Lovesy's breach of contract claim. Accordingly, the Court should

9    dismiss the purported breach of contract count.

10   **D.     Defendants AFBA and 5Star Did Not Breach the Agreements or Act in Bad**

11   **Faith, and Therefore, No Action Lies for a Breach of the Implied Covenant of Good Faith**

12   **and Fair Dealing.**

13   Every contract contains an implied covenant of good faith and fair dealing. *Comunale*, 50

14   Cal. 2d at 658. To meet the "good faith" standard, a party must refrain from acting with intent

15   injure the right of the other to receive the benefits of the agreement.[8] *Id.*; *Epis, Inc. v. Fid. &*

16   *Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1127-28 (N.D. Cal. 2001). In the employment or

17   agency context, the covenant of good faith and fair dealing requires only that the employer or

18   /////

---

19   Defendants cancelled the TGS Agreement; and (2) AFBA stopped providing Lovesy with the Birthday
20   List. The former has no application to AFBA and/or 5Star. That AFBA purportedly stopped providing
     Lovesy with the Birthday List is inconsequential – AFBA has never had an employment relationship
21   with Lovesy, and no contract referenced by Lovesy obligates AFBA or any other Defendant to provide
     the Birthday List to Lovesy. Lovesy does not claim that his purported termination resulted from his
22   claimed whistleblowing activities, and a court may not assume that a defendant has "violated … laws
     in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc.*, 459 U.S. at 526.

23   [8]  In the SAC, Lovesy alleges that, pursuant to the covenant of good faith and fair dealing implied in the
24   Director and Representative Agreements, AFBA and 5Star "promised, among other things, that they
     would take no action to deny [Lovesy] the benefits of those agreements *in retaliation for lawful action*
25   *taken to assure performance of those agreements*." (SAC at ¶ 59 [emphasis added].) This is not an
     allegation of fact, but a statement of law—and a misstatement, at that. No provision in the Agreements
26   supports Lovesy's allegation that Defendants AFBA and 5Star made any promises above and beyond
     the implied covenant of good faith and fair dealing, which, in California, is a promise that neither party
27   will do anything that will injure the right of the other to receive the benefits of the agreement. (*See*
     Director Agreement, generally; Representative Agreement, generally); *Epis, Inc.*, 156 F. Supp. 2d at
28   1127-28.

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-15-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1    principal act fairly and in good faith in terminating an employment or agency agreement.  *See*

2    *Burton v. Sec. Pac. Nat'l Bank*, 197 Cal. App. 3d 972, 979 (1988).

3         The covenant "cannot be endowed with an existence independent of its contractual

4    underpinnings.  Therefore it cannot impose substantive duties or limits on the contracting parties

5    beyond those incorporated in the specific terms of their agreement."  *Epis, Inc.*, 156 F. Supp. 2d

6    at 1127-28 (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (2000)) (internal citations and

7    quotations omitted).  If an act is expressly authorized in the contract, the covenant of good faith

8    cannot forbid that act.  *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342,

9    374 (1992).

10        Lovesy alleges AFBA and 5Star engaged in four types of conduct in violation of the

11   covenant of good faith and fair dealing:  (1) requiring Lovesy to "rely upon" the Shuey

12   Defendants to process policies; (2) permitting the Shuey Defendants to solicit policies in the

13   Alleged Assigned Region; (3) failing to pay "amounts due to [Lovesy]"; and (4) terminating the

14   Representative and Service Agreements "in response to [Lovesy's] efforts to obtain performance

15   from Defendants AFBA and 5Star Life and their agents, the Shuey Defendants."  None of these

16   assertions is sufficient allegation that AFBA and/or 5Star acted in bad faith to deny Lovesy the

17   benefits of the Agreements.  Each allegation will be addressed in turn.

18        **1.    Requiring Lovesy to "rely upon" the Shuey Defendants To Process**

19   **Policies Is Not a Breach the Covenant of Good Faith and Fair Dealing.**

20        Lovesy bases his breach of implied covenant claim on allegations that AFBA and 5Star

21   improperly required Lovesy to "rely upon TGS and Shuey to process policies."  (SAC at ¶ 61.)

22   Lovesy fails entirely to explain how AFBA and 5Star's alleged actions requiring Lovesy to rely

23   upon TGS and Shuey amounts to intentional conduct by AFBA and 5Star to deny Lovesy the

24   benefits of the Agreements, and for that reason alone, the claim should be denied.

25        Presumably, Lovesy intended to allege that he was not happy with the manner in which

26   the Shuey Defendants processed premiums, which purportedly resulted in delayed processing and

27   chargebacks to Lovesy and thereby denied him rights to various commissions under the

28   /////

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-16-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1   Agreements.  (*See* SAC at ¶ 31.)  Even assuming these allegations were made, Lovesy has not

2   stated a claim for breach of the covenant of good faith and fair dealing.

3          It is unreasonable to conclude from Lovesy's conclusory allegation that AFBA and 5Star

4   required Lovesy to rely on TGS and Shuey, that AFBA and 5Star intended Lovesy's relationship

5   with any of the Shuey Defendants to injure Lovesy's rights under the Agreements.  Put simply –

6   AFBA and 5Star had nothing to gain and everything to lose if Lovesy failed at his job.  According

7   to Lovesy, AFBA and 5Star believed "the Shuey Defendants had a unique ability to process

8   payroll deductions from service members."  (*Id*. at ¶ 26.)  AFBA and 5Star's intentions in

9   allegedly requiring Lovesy to use the Shuey Defendant's services were to capitalize on the Shuey

10  Defendant's strengths for more efficient payment of payroll deductions.  (*See id*.)  Regardless of

11  Lovesy's growing distaste for his relationship with the Shuey Defendants, Lovesy has not, and

12  cannot, allege that AFBA and/or 5Star demanded that Lovesy use the Shuey Defendants' services

13  with the intent that premiums be processed slower and Lovesy be denied commissions and sales

14  under the Agreements.

15          **2.     Permitting the Shuey Defendants To Solicit Policies in the Alleged**

16  **Assigned Region Is Not a Breach the Covenant of Good Faith and Fair Dealing.**

17          Lovesy next argues that AFBA and 5Star purportedly breached a covenant of good faith

18  and fair dealing by permitting the Shuey Defendants to solicit policies in the Alleged Assigned

19  Region.  (SAC at ¶ 561)  This claim is without merit for two reasons.

20          First, an exclusive right to solicit policies in the Alleged Assigned Region is not a benefit

21  guaranteed under the Agreements.  Neither the Director Agreement, nor the Representative

22  Agreement, grants Lovesy an exclusive license to operate in any state.  (*See* Director Agreement,

23  generally; Representative Agreement, generally.)  As exclusive rights to solicit policies in the

24  Alleged Assigned Region were not guaranteed to Lovesy under the Agreements, Lovesy can

25  hardly argue that any actions by AFBA or 5Star operated to deny him these "rights."  As a matter

26  of law, AFBA and 5Star cannot be held liable for breaching a covenant of good faith by acting in

27  a manner that allegedly denied Lovesy a benefit to which he was not entitled to receive under the

28  contract.  The law will not impose additional substantive rights on the parties beyond those

-17-

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1  incorporated into the terms of the agreement. *Epis, Inc.*, 156 F. Supp. 2d at 1127-28 (citing *Guz*,

2  24 Cal. 4th at 349) (internal citations and quotations omitted).

3      Second, in the Initial Complaint, Lovesy acknowledged that Defendants AFBA and 5Star

4  did not maintain any control over TGS and Shuey such that AFBA or 5Star could prevent TGS

5  and Shuey from soliciting policies in the Assigned Region.  (Request for Judicial Notice, Plaintiff

6  Brad Lovesy's Complaint for Damages (Case No. C 07-2745 SBA) (Docket No. 1), at ¶ 33.)  In

7  fact, Lovesy noted that Kimo Wong told Lovesy that AFBA "had no control of the TGS Group."

8  (*Id.*)  If Defendants AFBA and 5Star had no control over TGS and Shuey, they cannot fairly be

9  said to have *acted* in any way that denied Lovesy a benefit under the Agreements.  Lovesy fails to

10  allege that AFBA and 5Star had sufficient control over the actions of the Shuey Defendants such

11  that AFBA and 5Star were in a place to take action to stop the Shuey Defendants from

12  purportedly soliciting policies in the Alleged Assigned Region.

13      Lovesy has alleged no set of facts from which a cause of action for breach of the covenant

14  of good faith can be made based on AFBA and 5Star's alleged failure to stop the Shuey

15  Defendants from soliciting policies in the Assigned Region.

16          **3.      Failing To Pay "amounts due to [Lovesy]" Is Not a Breach of the**

17  **Covenant of Good Faith and Fair Dealing.**

18      Lovesy's contention that AFBA and 5Star's alleged failure to pay him amounts due under

19  the contract constitutes a breach of the covenant of good faith and fair dealing claim must also

20  fail.  (SAC at ¶ 61.)  As described in the previous section, Lovesy fails to allege facts sufficient to

21  establish that any amount was due him under the Agreements in question.  Even assuming Lovesy

22  could prove that AFBA and/or 5Star wrongly denied him moneys owed under the Agreements,

23  this would merely amount to a breach of the contract.

24      Lovesy makes no allegation—nor could he—that any failure of AFBA and/or 5Star to pay

25  him under the contract was undertaken in bad faith and with the intention to deny him a right

26  under the contracts.  In fact, Lovesy alleges that AFBA and 5Star "refused to pay commissions

27  and overrides due to [Lovesy], *asserting that they had a right of offset on such commissions and*

28  *overrides due to charge backs*."  (SAC at ¶ 55 (emphasis added).)  If, as Lovesy alleges, AFBA

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    and 5Star refused to pay Lovesy because they believed they were entitled to an offset, Lovesy

2    cannot thereafter contend that AFBA and 5Star were acting in *bad faith* to deny Lovesy the

3    benefits of the Agreements.  (*See* Director Agreement, ¶ II (permitting 5Star to deduct

4    chargebacks from monies earned under the agreement); Representative Agreement, at ¶ V(F)

5    (permitting AFBA Life to deduct chargebacks from Lovesy's account).)  To the contrary, if

6    AFBA and/or 5Star believed they were entitled to an offset of any moneys owed, as conceded by

7    Lovesy, then AFBA and 5Star were acting in good faith to protect their own rights under the

8    Agreements.  Again, Lovesy has failed to establish facts supporting a claim of breach of the

9    covenant of good faith and fair dealing.

10            **4.      Terminating the Representative and Service Agreements "in response**

11   **to [Lovesy's] efforts to obtain performance from Defendants AFBA and 5Star and their**

12   **agents, the Shuey Defendants" Is Not a Breach of the Covenant of Good Faith and Fair**

13   **Dealing.**

14            Finally, Lovesy's breach of the covenant of good faith and fair dealing claim based on

15   AFBA and 5Star's alleged termination of Lovesy's contracts must fail.  Lovesy has never alleged

16   that AFBA and/or 5Star had anything but an "at-will" relationship with Lovesy.  If an

17   employment or agency relationship is terminable without cause by either party, termination of the

18   agreement, even if unfair, cannot be said to injure the right of the employee or agent to any

19   benefit of the agreement *because no benefit is guaranteed in an at-will contract*.  *Guz*, 24 Cal.

20   4th at 350.  "Where the employment contract itself allows the employer to terminate at will, its

21   motive and lack of care in doing so are, in most cases at least, irrelevant."  *Id.*  The Director and

22   Representative Agreement permit either party to terminate the contract without cause.

23   (Representative Agreement, at ¶ VI(A); Director Agreement, at ¶ VIII.)  No breach of covenant of

24   good faith claim can rest on acts that are expressly permitted in the contract.  *Carma Developers*

25   *(Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 374 (1992).  Accordingly, Lovesy's claim

26   that AFBA and 5Star breached the covenant of good faith by terminating the agreement, as

27   permitted by the contract, must be dismissed.

28   /////

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-19-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    A critical element of Lovesy's breach of implied covenant claim is the allegation that his

2    relationship with Defendants AFBA and 5Star was purportedly only terminable upon good cause

3    or that Defendants AFBA and/or 5Star otherwise frustrated a purpose of the Agreements in bad

4    faith.  Lovesy failed to allege this and other critical facts and, therefore, the breach of implied

5    covenant of good faith and fair dealing claim should be dismissed.

6    **E.    Lovesy Is Not Entitled to an Accounting Because Defendants AFBA and 5Star**

7    **Have Not Engaged in Misconduct, Do Not Owe Money to Lovesy, and Have No Fiduciary**

8    **Relationship with Lovesy.**

9    An action for accounting only lies where a fiduciary relationship exists between the

10    parties or in cases in which the accounts involved are so complicated that an ordinary action at

11    law demanding a fixed sum is not practicable.  *See San Pedro Lumber Co. v. Reynolds*, 111 Cal.

12    588, 596-97 (1896); *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934) (an accounting is only

13    permissible in an employer-employee relationship where misconduct is shown and the facts

14    relating to sums due are exclusively within the possession of the employer).  Still, the mere

15    existence of a complicated accounting issue, without more, is insufficient to establish a right to an

16    accounting.  Rather, the plaintiff must also allege that the defendant committed some form of

17    misconduct, violated a fiduciary duty, or otherwise owes money to the plaintiff.  *See Union Bank*,

18    31 Cal. App. 4th at 593-94.  Moreover, an action for an accounting will not lie if it appears from

19    the complaint that none is necessary or that there is an adequate remedy at law.  *St. James Church*

20    *of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955).

21    Lovesy has not alleged any facts that warrant an accounting.  Although Lovesy has not

22    defined his relationship with Defendants AFBA and 5Star as being one of agency, employment,

23    or contractor, none of these relationships which may fairly be read in the complaint would create

24    a fiduciary relationship among the parties.[9]  Further, as described in the preceding sections,

25

26    _____

27    [9]  Although an agency relationship may impose a fiduciary duty to act with loyalty on the *agent* (in this
      case, Lovesy), the principal generally has no fiduciary duties with respect to the agent.  *See* Neil A.

28    Helfman, *California Jurisprudence* § 97 (3d ed. 2007); *see also Roberts v. Lomanto*, 112 Cal. App. 4th
      1553 (2003).

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-20-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1   Lovesy has not alleged facts sufficient to support Lovesy's claim that Defendants AFBA and/or

2   5Star have engaged in misconduct or otherwise owe money to Lovesy.  Lovesy's cause of action

3   for accounting cannot stand in light of his failure to allege facts sufficient to establish that

4   Defendants AFBA and 5Star acted wrongfully and, as a result, own Lovesy money.

5   **V.    AFBA AND 5STAR'S MOTION TO DISMISS SHOULD**

6   **BE GRANTED WITH PREJUDICE.**

7   Lovesy should not be permitted to amend his Second Amended Complaint, due to his

8   repeated failure to cure deficiencies in the complaint and utter refusal to appropriately limit his

9   claims in good faith.  This is Lovesy's third attempt to properly plead his causes of action.  With

10  respect to each incarnation of the complaint, AFBA and 5Star have engaged in extensive meet

11  and confer efforts and have prepared a motion to dismiss.  Lovesy has stubbornly refused to

12  exclude any defendant or any whole cause of action from each successive attempt at drafting a

13  complaint, and instead, has broadened the complaint by adding new defendants, seemingly

14  without investigating the nature of those defendants' involvement in this lawsuit.  Therefore,

15  although leave to amend is typically granted where a motion to dismiss a first complaint is

16  granted, here, leave to amend is not appropriate.  *See Allen v. City of Beverly Hills*, 911 F.2d 367,

17  373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad

18  where plaintiff has previously amended the complaint").

19  This is not Lovesy's first complaint, but his third.  Lovesy's repeated failure to cure

20  deficiencies perpetuated in each version of the complaint, and questionable inclusion of irrelevant

21  and, in at least two cases, non-existent defendants warrants dismissal with prejudice.  *Id.*  AFBA

22  and 5Star respectfully request that the Court grant its motion to dismiss, and grant the motion

23  with prejudice and without leave to amend.

24  **VI.    CONCLUSION.**

25  Lovesy's Second Amended Complaint must be dismissed for failing to state a claim upon

26  which the Court may grant relief.  Each of Lovesy's causes of action is insufficient, and Lovesy

27  has unfairly, and without basis, refused to dismiss AFBA as a defendant to this lawsuit.

28  /////

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-21-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Lovesy's UCL claim is severely deficient in a number of respects. First, the UCL

2   allegations are vague and conclusory, and therefore, insufficient to state a cause of action against

3   AFBA and 5Star. The allegedly offensive contract provision, which limits Lovesy's right to sell

4   non-AFBA products to members of the California National Guard, does not violate the UCL

5   because the provision is limited scope and does not deny Lovesy the right to engage in his

6   profession. Even if Lovesy could state a cause of action under the UCL, he is entitled to none of

7   the relief he requests, namely, damages and nonrestitutionary disgorgement, and on that basis, his

8   UCL claim must be dismissed.

9    In particular, the UCL claim is vulnerable to dismissal with respect to AFBA and 5Star.

10   AFBA and 5Star cannot be liable under the UCL as they did not dictate the terms of the allegedly

11   improper contract. AFBA and 5Star, according to Lovesy, merely required Lovesy to employ the

12   Shuey Defendants to process policies. AFBA and 5Star did not require Lovesy to enter into a

13   purportedly unfair contract provision. Further, AFBA and 5Star had no obligation to process

14   policies under the Agreements, and Lovesy had no right to operate exclusively in any region. As

15   such, Lovesy alleges no viable theory under which he can state a UCL cause of action against

16   AFBA and 5Star.

17   Lovesy's breach of contract claim is deficient because it fails to explain what, if any,

18   provision of the contract was breached by his purported termination. The contracts between

19   Lovesy and 5Star are terminable at will, and therefore, Lovesy had no rightful expectation that his

20   employment would continue indefinitely. Similarly, Lovesy makes no allegation that AFBA

21   and/or 5Star acted in bad faith to deny him the benefits of any of the Agreements. Additionally,

22   absent a showing that AFBA and 5Star owed a fiduciary obligation to Lovesy, or otherwise

23   engaged in misconduct for which Lovesy is owed money – which have not been properly alleged

24   in this case – Lovesy's claim for an accounting must fail.

25   Finally, Lovesy's persistent refusal to dismiss AFBA from this case, despite his complete

26   lack of allegations to support AFBA's inclusion in this case, is unwarranted. As neither a party to

27   any of the Agreements referenced by Lovesy in the SAC, nor an alter ego of a party to any of

28   those Agreements, AFBA cannot be liable for Lovesy's Contract claims based on any theory of

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-22-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    recovery.  Lovesy's UCL allegations against AFBA are similarly misplaced.  AFBA did not

2    dictate the terms of the purportedly offensive contract, did not have any obligation to process

3    policies under the Agreements, and did not issue insurance policies submitted by the Shuey

4    Defendants in any manner that violated Lovesy's rights under the Agreements (none of which

5    granted Lovesy an exclusive right to operate in any region).

6           For the reasons set out above, Defendants Armed Forces Benefit Association and 5Star

7    Life Insurance Company request that the Court dismiss Lovesy's Second Amended Complaint in

8    its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(6).

9    Dated:  December 7, 2007

10                                              DLA PIPER US LLP

11

12                                       By    /s/ Charles L. Deem
                                              CHARLES L. DEEM
13                                            Attorneys for Defendants
                                              ARMED FORCES BENEFIT ASSOCIATION
14                                            and 5STAR LIFE INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1775894.2
332602-3

-23-
DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA