SEYFARTH SHAW LLP
Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
Patty H. Lee (SBN 245192) plee@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously sued as Ted Shuey);
TGS GROUP, INC., and THE SHUEY AGENCY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada Corporation<br><br>Plaintiffs,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, 5STAR ASSOCIATION, 5STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.<br><br>Defendants. | Case No. 4:07 CV 02745 SBA<br><br>**THEODORE G. SHUEY, JR. (erroneously sued as Ted Shuey); TGS GROUP, INC., and THE SHUEY AGENCY, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 5, 2008<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra B. Armstrong<br>Dept./Place: Courtroom 3<br><br>Accompanying Documents:<br>1. [Proposed] Order |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT ................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 3

I. INTRODUCTION .................................................................................................... 3

II. LEGAL STANDARD ............................................................................................... 4

    A. Rule 12(f) Authorizes the Court to Strike Any Portion of the Complaint that Is Redundant, Immaterial, Impertinent, or Scandalous ................................................................................................... 4

    B. Pursuant to Rule 12(e), the Court May Grant a Motion for a More Definite Statement if a Pleading Is Vague and Ambiguous ....................... 4

III. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE ........ 4

    A. Plaintiffs' Alter Ego Allegations Are Improper and Subject to a Motion to Strike ................................................................................................... 4

        1. Standard for pleading alter ego liability ........................................... 5

        2. Plaintiffs' alter ego allegations among all defendants are not stated with any degree of specificity ......................................... 5

        3. Plaintiffs fail to state sufficient facts to support their alter ego allegations against Defendants .................................................. 6

        4. Plaintiffs' allegations of alter ego among Defendants are insufficient to establish injustice or unfairness ................................ 7

    B. Without a More Definite Statement, Defendants Cannot Respond to the SAC, as Plaintiffs Fail to Distinguish among The Shuey Agency, TGS, and Mr. Shuey ...................................................................... 8

    C. Plaintiffs' Prayer for Relief for Punitive Damages Must Be Stricken Because Punitive Damages are Not Recoverable as a Matter of Law ............................................................................................ 8

        1. Punitive damages are improper in a contract action ....................... 9

        2. Defendants have not acted oppressively, fraudulently, or maliciously ........................................................................................ 10

        3. Plaintiffs' fraud allegations lack the particularity required under Rule 9(b) ................................................................................. 10

    D. Plaintiffs Are Not Entitled to Damages Under the UCL, and Plaintiffs' Prayer for Damages Must Thus Be Stricken .......................... 11

IV. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207 (C.D. Cal. 2002) .................................................. 9
*Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825 (1962) ................................. 6, 7
*Bank of the West v. Superior Court*, 2 Cal. 4th 1254 (1992) .......................................................... 11
*Bureerong v. Uvawas*, 922 F. Supp. 1450 (C.D. Cal. 1996) ...................................................... 4, 11
*Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619 (9th Cir. 1999) .............................................. 11
*Calvert v. Huckins*, 875 F. Supp. 674 (E.D. Cal. 1995) ................................................................... 5
*Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313 (C.D. Cal. 2004) ....................... 5, 6, 7
*Colaprico v. Sun Microsystems*, 758 F. Supp. 1335 (N.D. Cal. 1991) ......................................... 4, 6
*College Hosp. v. Superior Court*, 8 Cal. 4th 704 (1994) .................................................................. 9
*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197 (1983) ....................... 9
*Erkenbrecher v. Grant*, 187 Cal. 7 (1921) ....................................................................................... 7
*Estate of John Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095 (C.D. Cal. 2006) 4
*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ................................................................. 4
*Freeman & Mills*, 11 Cal. 4th at 102-103 ...................................................................................... 10
*Hannon v. Madden*, 214 Cal. 251 (1931) ..................................................................................... 8, 9
*Heller v. Norcal Mut. Ins. Co.*, 8 Cal. 4th 30 (1994) ..................................................................... 11
*Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636 (C.D. Cal. 1983) ......................................... 5
*Indep. Housing Servs. v. Fillmore*, 840 F. Supp. 1328 (N.D. Cal. 1993) ...................................... 11
*JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168 (2004) ........... 10
*Las Palmas Assoc. v. Las Palmas Ctr. Assoc.*, 235 Cal. App. 3d 1220 (1991) ............................... 5
*Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496 (1950) .......................................................... 5
*Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290 (1985) ........................................................................ 5
*Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306 (1992) ............................................. 9
*Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101 (C.D. Cal. 2003) ................................... 5, 6
*Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347 (2007) ......................................................... 8
*Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d. 405 (1971) ............................ 6, 7
*Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849 (1953) ................................................................ 7
*Vess v. CIBA –Geigy Corp. USA*, 317 F.3d 1097 ....................................................................... 7, 10
*Wells v. Board of Trs. Of Cal. State Univ.*, 393 F. Supp. 2d 990 (N.D. Cal. 2005) ......................... 4
*Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542 (N.D. Cal. 1990) ................................. 11

**Statutes**

California Business & Professions Code Section 17203 .................................................................. 11
California Civil Code Section 3294 ................................................................................................. 10
California Civil Code Section 3294(a) .......................................................................................... 8, 9
California Civil Code Section 3294(c)(1) ................................................................................... 9, 10
California Civil Code Section 3294(c)(2) ................................................................................... 9, 10
California Civil Code Section 3294(c)(3) ......................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 12(e) ..................................................................................... 4, 8, 11
Federal Rule of Civil Procedure 12(f) .................................................................................... 4, 5, 6, 7
Federal Rule of Civil Procedure 9(b) ............................................................................................... 10

## NOTICE OF MOTION AND MOTION TO STRIKE,

## OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 5, 2008 at 1:00 p.m., or as soon thereafter as can be heard before the Honorable Saundra B. Armstrong in Courtroom 3, 3rd Floor, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc., and The Shuey Agency, Inc. (collectively "Defendants") will and hereby do move the Court for an order striking Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s (collectively "Plaintiffs") alter ego allegations, prayer for relief for punitive damages, and prayer for relief for damages under California's Unfair Competition Law ("UCL"), or in the alternative, for a more definite statement regarding portions of Plaintiffs' Second Amended Complaint ("SAC") for Damages.

This motion is made pursuant to: Federal Rule of Civil Procedure ("Rule") 12(f), on the grounds that Plaintiffs' alter ego allegations, prayer for relief for punitive damages, and prayer for relief for damages under the UCL are improper as a matter of law, or in the alternative, Rule 12(e), on the grounds that Plaintiffs' SAC is vague and ambiguous. This motion is made following an exchange of meet and confer correspondence with Plaintiffs' counsel.

This motion is based on this Notice and the Memorandum of Points and Authorities, the pleadings and records on file with this Court, and such evidence and argument as may be presented at the hearing on this motion.

DATED: December 7, 2007

SEYFARTH SHAW LLP

By /s/Robin M. Cleary
    Michael T. McKeeman
    Robin M. Cleary

Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously sued as Ted Shuey); TGS GROUP, INC., and THE SHUEY AGENCY, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc. ("TGS"), and The Shuey Agency, Inc. ("The Shuey Agency") (collectively "Defendants") submits the following points and authorities in support of their Motion to Strike, or in the alternative Motion for More A Definite Statement regarding portions of Plaintiffs Brad Lovesy ("Mr. Lovesy") and Pacific Consolidated Investments, Inc.'s ("Pacific Consolidated") (collectively "Plaintiffs") Second Amended Complaint ("SAC") for Damages.

## I.   INTRODUCTION

This action has been pending for over seven months, since May 2007. During these seven months, Plaintiffs have attempted three times to state a cause of action against Defendants. Plaintiffs' efforts to cure their complaint's deficiencies have been unsuccessful because they cannot plead around the factual and legal defects in their claims against Defendants. At issue in this motion are Plaintiffs' irrelevant, immaterial and improper allegations that must be stricken as a matter of law. The claims that must be stricken from the SAC include:[1]

    (1)    Plaintiffs' improper alter ego allegations;

    (2)    Plaintiffs' failure to state a claim for punitive damages; and

    (3)    Plaintiffs' improper request for damages as relief for Defendants' purported violations of California's Unfair Competition Law.

Accordingly, pursuant to Federal Rule of Civil Procedure ("Rule") 12(f) Defendants respectfully request the Court to order portions of Plaintiffs' SAC stricken.

---

[1] Additional factual background is included in the Introduction and Factual Background sections of Defendants' Motion to Dismiss, filed concurrently herewith.

## II. LEGAL STANDARD

### A. Rule 12(f) Authorizes the Court to Strike Any Portion of the Complaint that Is Redundant, Immaterial, Impertinent, or Scandalous

When a complaint contains allegations that are redundant, immaterial, impertinent, or scandalous, Rule 12(f) permits the Court to strike such improper allegations. Fed. R. Civ. P. 12(f). The court may also strike a prayer for relief which is not recoverable as a matter of law. *Estate of John Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006); *Wells v. Board of Trs. Of Cal. State Univ.*, 393 F. Supp. 2d 990, 994-95 (N.D. Cal. 2005); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). Moreover, a motion to strike may be granted where the matter to be stricken has no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

A motion to strike operates to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues." *Bureerong*, 922 F. Supp. at 1478 (*quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

### B. Pursuant to Rule 12(e), the Court May Grant a Motion for a More Definite Statement if a Pleading Is Vague and Ambiguous

Under Rule 12(e), a party may move for a more definite statement if a pleading to which the party must respond is vague an ambiguous. Fed. R. Civ. P. 12(e). A motion for a more definite statement may be granted if the pleading is so vague or ambiguous that the responding party cannot reasonably be expected to formulate a response. *Id.*

## III. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE

### A. Plaintiffs' Alter Ego Allegations Are Improper and Subject to a Motion to Strike

Plaintiffs' summarily, and without sufficient investigation, allege that The Shuey Agency, TGS, and Mr. Shuey are alter egos of one another, and of Defendants AFBA, The 5Star Association, 5Star Financial, LLC, 5Star Life Insurance Company, and 5Star Life (collectively the "AFBA/5Star Defendants"). (SAC at ¶¶ 11-12.) Plaintiffs' allegations are over-reaching,

over-broad, and without basis. For this reason, Defendants move to strike paragraphs 11 and 12 of the SAC.

### 1.  Standard for pleading alter ego liability

In order to successfully plead alter ego liability for an underlying cause of action, a plaintiff must specifically allege both the elements of the alter ego doctrine as well as facts in support of each element. *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101, 1115 (C.D. Cal. 2003); *see Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496, 499 (1950) (plaintiff must make allegations of fact from which it appears that recognition of the corporate entity would sanction a fraud or promote injustice). Conclusory allegations of alter-ego status are not sufficient. *Neilson*, 290 F. Supp. at 1116; *see Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983) (citation omitted). Furthermore, where a plaintiff seeks to impose liability by disregarding the corporate form, public policy dictates that imposition of alter ego liability be approached with caution. *Las Palmas Assoc. v. Las Palmas Ctr. Assoc.*, 235 Cal. App. 3d 1220, 1249 (1991) (stating that society recognizes the benefit of allowing persons and organizations to limit their business risks through incorporation and thus, alter ego liability should be imposed with caution). Accordingly, there is a general presumption in favor of respecting the corporate entity. *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995).

To invoke the alter ego doctrine, a plaintiff must plead and prove: (1) unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow. *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004) (quoting *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).

### 2.  Plaintiffs' alter ego allegations among all defendants are not stated with any degree of specificity

Paragraph 12 of the SAC, which contains Plaintiffs' allegations of alter ego with respect to Defendants and the AFBA/5Star Defendants as a whole is severely deficient in that it fails to state any allegations that could support a finding of alter ego. Therefore, paragraph 12 of the SAC should be stricken as immaterial and impertinent, pursuant to Rule 12(f).

Plaintiffs assert that Defendants are each the "agent, servant, employee, successor, assign, or alter ego" of the AFBA/5Star Defendants, and that Defendants performed each of the acts alleged in the complaint "within the scope of [its] authority, and with the permission and consent of each other Defendant." (SAC at ¶ 12.) These allegations are simply insufficient to plead alter ego liability under the applicable heightened pleading requirement. *See Neilson*, 290 F. Supp. at 1115. At an absolute minimum, Plaintiffs' must set forth factual allegations of domination of one defendant. *Id.* Plaintiffs have failed to do this. As a result, the allegations in paragraph 12 cannot establish alter ego liability and therefore, have no possible bearing on any issue involved in this litigation. *See Colaprico*, 758 F. Supp. at 1339. The Court should strike paragraph 12 as irrelevant and immaterial. Fed. R. Civ. P. 12(f).

    3.    <u>Plaintiffs fail to state sufficient facts to support their alter ego allegations against Defendants</u>

In paragraph 11, Plaintiffs have done nothing more than recite boilerplate language to contend The Shuey Agency, TGS, and Mr. Shuey are alter egos of each other. (SAC at ¶ 11.) Plaintiffs fail to state any facts, let alone sufficient facts, to allege that The Shuey Agency, TGS, or Mr. Shuey have a unity of interest and ownership such that the separate personalities of The Shuey Agency, TGS, and Mr. Shuey no longer exist. Rather, Plaintiffs contend "TSA [The Shuey Agency] and TGS have shared ownership," "TSA [The Shuey Agency] and TGS are managed in a haphazard manner," and "the assets of TSA [The Shuey Agency] and TGS are intermingled and treated by Ted Shuey as his own." (SAC at ¶ 11.) These conclusory allegations amount to nothing more than a recitation of some of the factors courts have considered in deciding whether to invoke the alter ego doctrine. *See Cambridge Elec. Corp.*, 227 F.R.D. at 326 (*citing Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d. 405, 411 (1971)) (stating that courts consider a number of factors in applying the doctrine of alter ego); *Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 837 (1962). As such, these allegations must be stricken from the SAC.

    4.    <u>Plaintiffs' allegations of alter ego among Defendants are insufficient to establish injustice or unfairness</u>

A key element of any assertion of alter ego liability is that one corporate entity abused the corporate form of another corporate entity to the prejudice of the third party plaintiff. *Erkenbrecher v. Grant*, 187 Cal. 7, 11 (1921); *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849, 862 (1953). Mere ownership and control of a corporation is an insufficient ground for holding a corporation to be the instrumentality or conduit of another corporation. Rather, a plaintiff must offer evidence that recognition of the separateness of the corporation would aid in the consummation of a wrong. *Erkenbrecher*, 187 Cal. at 11; *Shafford*, 119 Cal. App. 2d at 862.

Moreover, in seeking to apply the alter ego doctrine, it is not sufficient merely to show that a creditor will remain unsatisfied if the corporate veil is not pierced, thereby resulting in inequity. *Roman Catholic Archbishop*, 15 Cal. App. 3d at 412; *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842. The purpose of the alter ego doctrine is not to protect every unsatisfied creditor but rather to afford him or her protection where some conduct, undertaken in bad faith, makes it inequitable for the owner of a corporation to hide behind its corporate veil. *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842.

Plaintiffs contend that honoring the corporate form of The Shuey Agency and TGS "would perpetrate a fraud upon the creditors of TSA [The Shuey Agency] and TGS, including Mr. Lovesy." (SAC at ¶ 11.) This allegation lacks the particularity required to indicate Defendants abused their corporate forms in a manner that resulted in fraud upon Plaintiffs. *Vess v. CIBA –Geigy Corp. USA*, 317 F.3d 1097, 1104 (finding that the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements). In addition, there is nothing in Plaintiffs' SAC to suggest that this is a situation where the alter ego doctrine is warranted because there are no facts to support any claim that The Shuey Agency or TGS abused their corporate privilege in bad faith or with the intent of prejudicing creditors, such as Mr. Lovesy. *See Cambridge Elec. Corp.*, 227 F.R.D. at 326. Accordingly, Plaintiffs conclusory allegations are insufficient to support a finding of alter ego liability, and thus, paragraph 11 of the SAC must be stricken as immaterial and impertinent. Fed. R. Civ. P. 12(f).

For the reasons stated hereinabove, Defendants respectfully request the Court to strike paragraphs 11 and 12 of the SAC.

### B.  Without a More Definite Statement, Defendants Cannot Respond to the SAC, as Plaintiffs Fail to Distinguish among The Shuey Agency, TGS, and Mr. Shuey

Alternatively, Defendants move for a more definite statement, pursuant to Rule 12(e), with respect to all joint references in the SAC to "the Shuey Defendants." (SAC at ¶ 11.) Absent sufficient allegations of alter ego, Plaintiffs' references to "the Shuey Defendants" are vague and ambiguous such that Defendants cannot reasonably frame a response to the pleading. Specifically, without further clarification, Defendants cannot determine which allegations in the SAC are made against each of them. Plaintiffs refer to The Shuey Agency, TGS, and Mr. Shuey collectively as "the Shuey Defendants," and fail to delineate which of them (absent alter ego liability) are charged with the various allegations in the SAC. (*See* SAC at ¶ 11.) Defendants cannot be expected to respond to the SAC when they do not know which allegations are made against each of them. Accordingly, pursuant to Rule 12(e) Defendants request a more definite statement so that they may adequately respond to the SAC. Fed. R. Civ. P. 12(e).

### C.  Plaintiffs' Prayer for Relief for Punitive Damages Must Be Stricken Because Punitive Damages are Not Recoverable as a Matter of Law

To be awarded punitive damages, Plaintiffs must show: (1) breach of an obligation by Defendants not arising from contract (*i.e.* that Defendants committed a tort); (2) Defendants committed a tort by clear and convincing evidence; and (3) in doing so, Defendants were was guilty of oppression, fraud or malice. Cal. Civ. Code § 3294(a).

It is a "cardinal rule of pleading that fraud must be pled in specific language descriptive of the acts which are relied upon to constitute fraud." *Hannon v. Madden*, 214 Cal. 251, 267 (1931). The pleading of fraud is the "last remaining habitat of the common law notion that a complaint should be sufficiently specific that the court can weed out nonmeritorious actions on the basis of the pleadings," and the pleading should be sufficient "to enable the court to determine whether, on the facts pleaded, there is any foundation, prima facie at least, for the charge of fraud. [citations]." *Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347, 362 (2007)

(citing to *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 216–217 (1983)). It is not sufficient to allege fraud in general terms, or in terms which amount to mere conclusions. *Hannon,* 214 Cal. at 267.

The "clear and convincing" standard requires a finding under California Civil Code section 3294(a) of oppression, fraud or malice by "evidence (that is) so clear as to leave no substantial doubt" and "sufficiently strong to command the unhesitating assent of every reasonable mind." *Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 332 (1992). This higher "clear and convincing" evidentiary standard is applied at every stage of the litigation process. *See, e.g., Adams v. Allstate Ins. Co.*, 187 F. Supp. 2d 1207, 1218-19 (C.D. Cal. 2002). "Malice" is defined to mean: "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "Oppression" is defined to mean: "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Cal. Civ. Code § 3294(c)(2). "[D]espicable' is a powerful term that refers to circumstances that are 'base,' 'vile,' or 'contemptible.'" *College Hosp. v. Superior Court,* 8 Cal. 4th 704, 725 (1994). "Fraud" is defined to mean an "intentional misrepresentation, deceit or concealment of a material fact known to defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury. Cal. Civ. Code § 3294(c)(3).

Plaintiffs have not, and cannot, plead any facts sufficient to support a claim for punitive damages because: (1) Plaintiffs' claims sound in contract, not tort; (2) Plaintiffs cannot show by clear and convincing evidence that Defendants' conduct was oppressive, fraudulent, or malicious; and (3) no allegation of fraud has been properly pled by Plaintiffs. Accordingly, the prayer for relief for punitive damages must be stricken from the SAC.

        1.    <u>Punitive damages are improper in a contract action</u>

As a preliminary matter, Plaintiffs' claims for punitive damages are based on Defendants' alleged breach of the Shuey Agreement. (SAC at ¶¶ 63-69, 80-83, 84-88, 89-90, 96-104.)

Defendants' Motion to Dismiss, filed concurrently herewith, describes in detail how Plaintiffs' tort causes of action are an improper attempt to transform their contract claim into tort liability. (*See* Mot. To Dismiss, at 12-15.) As stated in Defendants' Motion to Dismiss, Plaintiffs allege the conduct which gave rise to their tort claims is Defendants' purported breach of the Shuey Agreement. (*Id.*) Therefore, Plaintiffs' claims sound in contract. *See JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168, 181 (2004) (stating that the essential nature of the conduct giving rise to a plaintiff's claims determines whether the action sounds in contract or in tort). Civil Code section 3294 precludes the imposition of punitive damages for claims arising out of a breach of contract. *See Freeman & Mills,* 11 Cal. 4th at 102-103 (breach of contract, even in bad faith, does not give rise to a cause of action for tort damages). Accordingly, Plaintiffs' claims for punitive damages for Defendants' alleged breach of the Shuey Agreement is improper as a matter of law.

### 2. Defendants have not acted oppressively, fraudulently, or maliciously

Notwithstanding the fact that punitive damages are not allowed in a breach of contract action, Plaintiffs have also failed to allege any facts showing oppression, fraud, or malice on the part of Defendants. Plaintiffs merely conclude that Defendants engaged in such conduct. (SAC at ¶¶ 69, 79, 95.) Such conclusory allegations are insufficient to maintain a claim for punitive damages. Furthermore, Plaintiffs cannot show by clear and convincing evidence that Defendants engaged in any despicable, vile, base or contemptible conduct in "willful and conscious disregard of the rights" of Plaintiffs. Cal. Civ. Code § 3294(c)(1), (2). These failings are fatal to Plaintiffs' claim for punitive damages.

### 3. Plaintiffs' fraud allegations lack the particularity required under Rule 9(b)

Further, Plaintiffs have failed to plead any facts, much less plead with the requisite particularity, in support of their fraud allegation. *See* Fed. R. Civ. P. 9(b); *Vess*, 317 F.3d at 1104. Plaintiffs must, at a minimum, allege how Mr. Shuey's statements were misleading or false. Because Plaintiffs have failed to do so, there can be no allegation of fraud by Plaintiffs.

SF1 28309673.1                              10
DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE, OR IN THE ALTERNATIVE,
MOTION FOR A MORE DEFINITE STATEMENT

Accordingly, Plaintiffs' prayer for relief for punitive damages must be stricken from the SAC. *Bureerong*, 922 F. Supp. at 1479 n.34.

Therefore, as a matter of law, Plaintiffs' prayer for relief for punitive damages with respect to their third, fourth, and seventh causes of action is improper. (*See* SAC at 21, ln. 1-2, 9-10; at 22, ln. 1-2.) Defendants respectfully request the Court to strike these portions of the SAC.

### D. Plaintiffs Are Not Entitled to Damages Under the UCL, and Plaintiffs' Prayer for Damages Must Thus Be Stricken

With respect to their eighth cause of action for violation of the UCL, Plaintiffs' seek "damages according to proof." (SAC at 22, ln. 7.) Under California law, there is no doubt that damages are not permissible under the UCL. Cal. Bus. & Prof. Code § 17203; *see also, e.g., Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under Section 17203"); *Heller v. Norcal Mut. Ins. Co.*, 8 Cal. 4th 30, 45 (1994) ("damages are not available for claims under the [UCL]"). Federal courts have uniformly applied California law declaring damages impermissible under the UCL. *See, e.g., Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 624 (9th Cir. 1999); *Indep. Housing Servs. v. Fillmore*, 840 F. Supp. 1328, 1358 (N.D. Cal. 1993); *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 n.14 (N.D. Cal. 1990).

To the extent Plaintiffs request damages in their prayer for relief for violation of the UCL, such relief is clearly not recoverable as a matter of law. Accordingly, Plaintiffs' prayer for damages under the UCL is subject to a motion to strike. *Bureerong*, 922 F. Supp. at 1479 n.34. Defendants respectfully request the Court to strike line 7 of page 22 of the SAC, which states: "1. For damages according to proof." (SAC at 22, ln. 7.)

### IV. CONCLUSION

Based on the reasons set forth above and pursuant to Rule 12(f), Defendants request that the Court strike in their entirety paragraphs 11 and 12, lines 1-2 and 9-10 of page 21, and lines 1-2 and 7 of page 22 of Plaintiffs' SAC. Alternatively, to the extent that the alter ego allegations of paragraphs 11 and 12 are not stricken, Defendants request, pursuant to Rule 12(e), that this

1  Court grant their Motion for a More Definite Statement with respect to all joint references to "the
2  Shuey Defendants" in the SAC.
3  DATED: December 7, 2007                    SEYFARTH SHAW LLP

By /s/ Robin M. Cleary
    Michael T. McKeeman
    Robin M. Cleary

Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously
sued as Ted Shuey); TGS GROUP, INC.,
and THE SHUEY AGENCY, INC.