1   SEYFARTH SHAW LLP
    Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2   Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
    Patty H. Lee (SBN 245192) plee@seyfarth.com
3   560 Mission Street, Suite 3100
    San Francisco, California 94105
4   Telephone: (415) 397-2823
    Facsimile: (415) 397-8549
5
6   Attorneys for Defendants
    THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY),
7   TGS GROUP, INC., AND THE SHUEY AGENCY, INC.

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11  BRAD LOVESY and PACIFIC              )   Case No. 4:07 CV 02745 SBA
    CONSOLIDATED INVESTMENTS, INC., a    )
12  Nevada corporation,                  )   **THEODORE G. SHUEY, JR.**
                                         )   **(erroneously sued as TED SHUEY), TGS**
13                 Plaintiffs,           )   **GROUP, INC., AND THE SHUEY**
                                         )   **AGENCY, INC.'S NOTICE OF**
14          v.                           )   **MOTION AND MOTION TO DISMISS**
                                         )   **TGS FOR LACK OF PERSONAL**
15  ARMED FORCES BENEFIT ASSOCIATION,    )   **JURISDICTION, AND PLAINTIFFS'**
    5STAR ASSOCIATION, 5STAR FINANCIAL,  )   **THIRD, FOURTH, SEVENTH, AND**
16  LLC, 5STAR FINANCIAL SERVICES        )   **EIGHTH CAUSES OF ACTION IN THE**
    COMPANY, and 5STAR LIFE INSURANCE,   )   **SECOND AMENDED COMPLAINT;**
17  COMPANY; TED SHUEY, individually, doing )  **MEMORANDUM OF POINTS AND**
    business as THE SHUEY AGENCY, INC., and ) **AUTHORITIES IN SUPPORT**
18  TGS GROUP, INC.                      )   **THEREOF**
                                         )
19                 Defendants.           )   Date: February 5, 2008
                                         )   Time: 1:00 p.m.
20                                       )   Judge: Hon. Saundra B. Armstrong
                                         )   Courtroom: 3
21                                       )
                                         )   Accompanying Documents:
22                                       )   1. Declaration of Theodore G. Shuey, Jr.
                                         )   2. [Proposed] Order
23  _____ )

24

25

26

27

28

SF 1234567.1   DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
               COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

1

## NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

2

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3   **PLEASE TAKE NOTICE THAT** on February 5, 2008 at 1:00 p.m., or as soon

4   thereafter as can be heard before the Honorable Saundra B. Armstrong in Courtroom 3, 3rd

5   Floor, of the United States District Court, Northern District of California, located at 1301 Clay

6   Street, Oakland, California 94612, Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted

7   Shuey), TGS Group, Inc., and The Shuey Agency, Inc. (collectively "Defendants") will and

8   hereby do move the Court for an order dismissing TGS Group, Inc. for lack of personal

9   jurisdiction, and Plaintiff Brad Lovesy and Pacific Consolidated Investments, Inc.'s (collectively

10   "Plaintiffs") third, fourth, seventh, and eighth causes of action alleged in the Second Amended

11   Complaint for Damages ("SAC").

12   This motion to dismiss is made pursuant to:  Federal Rule of Civil Procedure ("Rule")

13   12(b)(2) on the grounds that the Court lacks personal jurisdiction over TGS Group, Inc., and

14   Rule 12(b)(6) on the grounds that the third, fourth, seventh, and eighth causes of action in the

15   SAC fails to state a claim upon which relief can be granted.  This motion is made following an

16   exchange of meet and confer correspondence with Plaintiffs' counsel.

17   This motion is based on this Notice, the Memorandum of Points and Authorities, the

18   Declaration of Theodore G. Shuey, Jr. and exhibit attached thereto, the pleadings and records on

19   file with this Court, and such evidence and argument as may be presented at the hearing on this

20   motion.

21   DATED:  December 7, 2007                SEYFARTH SHAW LLP

22

23                                                            By /s/ Robin M. Cleary

24                                                                   Michael T. McKeeman
                                                                       Robin M. Cleary

25                                                            Attorneys for Defendants
                                                                 THEODORE G. SHUEY, JR. (erroneously
26                                                              sued as TED SHUEY), TGS GROUP, INC.,
                                                                 AND THE SHUEY AGENCY, INC.

27

28

SFDEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

## Table of Contents

Page

1  I.    INTRODUCTION ...................................................................................3

2  II.   STATEMENT OF FACTS .......................................................................4

3  III.  LEGAL STANDARD................................................................................6

4        A.    The Court May Dismiss a Complaint That Fails To State a Claim Upon Which
5              Relief Can Be Granted Pursuant to Rule 12(b)(6)....................................6

6        B.    The Court May Consider Documents Outside the Pleadings in Ruling on a Motion
               to Dismiss........................................................................... 7

7  IV.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS .................8

8        A.    The Court Lacks Personal Jurisdiction Over TGS................................................8

9              1.    Rule 12(b)(2) permits the Court to dismiss a defendant for lack of personal
                     jurisdiction ........................................................................ 8
10
11             2.    Absent a showing of minimum contacts between TGS and California,
                     personal jurisdiction over TGS is improper......................................9

12       B.    Plaintiffs Lack Standing to Maintain the Instant Action Against Defendants.......10

13             1.    Pacific Consolidated was not a party to the Shuey Agreement, and is thus
                     an improper plaintiff ...........................................................10
14
15             2.    Brad Lovesy may not maintain the instant action on behalf of The Brad
                     Lovesy Group.................................................................11

16       C.    Plaintiffs Fail to Plead Sufficient Facts to Warrant Invoking the Alter Ego
17             Doctrine to Hold TGS and Mr. Shuey Liable For Any of the Alleged Causes of
               Action........................................................................12

18       D.    Plaintiffs' Claims Arise From and Relate to an Alleged Breach of the Shuey
19             Agreement, and As Such,  Plaintiffs' Claims for Tort Recovery are Improper.....14

20             1.    Plaintiffs' claims are based on a purported breach of contract.................14

21             2.    Absent a showing that Defendants owed Plaintiffs an independent duty
                     arising from principles of tort law, tort recovery is improper...................15

22       E.    Plaintiffs Fail to Plead Sufficient Facts to State a Claim Against  Defendants for
23             Intentional Interference with a Contract and Intentional Interference with
               Plaintiffs' Prospective Economic Advantage ........................................17

24             1.    The AFBA/5Star Agreements represent "at-will" contracts, and thus,
25                   Plaintiffs cannot state a claim for interference with contract as a matter of
                     law............................................................................17

26

27                                                  i

28

Table of Contents
(continued)

Page

2.   Notwithstanding Plaintiffs' failure to state a claim for interference with an at-will contract, Plaintiffs fail to sufficiently plead Defendants' acts were designed to induce a breach or disrupt the contractual relationship of Plaintiffs and AFBA and 5Star ............................................................ 18

3.   Plaintiffs fail to plead Defendants engaged in an independently wrongful act, and thus, the cause of action for interference with prospective economic advantage fails as a matter of law ............................................ 19

F.   Plaintiffs Fails to Plead with Particularity Facts Sufficient to Support a Claim of Fraud Against Defendants ....................................................................... 20

1.   Plaintiffs' fail to plead Defendants knew their representations were false 21

2.   Plaintiffs cannot allege they justifiably relied on Defendants' representations ............................................................................................ 21

3.   Plaintiffs' allegations of suffering damages lacks the particularity required under Rule 9(b) ................................................................................... 22

G.   Plaintiffs Fail to Allege Sufficient Facts to State a Cause of Action for Unfair Business Practices .................................................................................... 22

1.   A cause of action for unfair business practices must be pled with a reasonable degree of particularity .............................................................. 22

2.   Plaintiffs cannot state a claim that Defendants violated California Business & Professions Code section 16600 ........................................... 23

V.   CONCLUSION ......................................................................................................... 25

Table of Authorities

Page

**Cases**

*Albrecht v. Lund*, 845 F.2d 193 (9th Cir. 1988).................................................................. 7
*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994) ......................... 16
*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464 (1996) ...... 14, 15
*Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) .................... 6
*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988).................................... 6
*Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007) ...................................... 7
*Branch v. Tunnell*, 14 F.3d 449 (9th Cir. 1994)............................................................ 7
*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996)........................................... 6
*Calvert v. Huckins*, 875 F. Supp. 674 (E.D. Cal. 1995)................................................... 13
*Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313 (C.D. Cal. 2004) ......................... 13
*Campbell v. Bd. of Tr. of Leland Stanford Junior Univ.*, 817 F.3d 499 (9th Cir. 1987).............. 24
*Conley v. Gibson*, 355 U.S. 41 (1957) ....................................................................... 7
*Cooper v. Pickett*, 131 F.3d 616 (9th Cir. 1997)............................................................ 21
*CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099 (9th Cir. 2007)......................... 19
*Data Disc, Inc. v. Systems Technology Assocs., Inc.* 557 F.2d 1280 (9th Cir. 1977).................. 9
*Decker v. GlenFed, Inc.*, 42 F.3d 1541 (9th Cir. 1994) .................................................... 21
*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376 (1995)............................ 19
*Durning v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1987) .......................................... 7
*Foley v. Interactive Data Corp.*, 47 Cal. 3d 654 (1988)................................................... 16
*Freeman & Mills v. Belcher Oil Co.*, 11 Cal. 4th 85 (1995) ............................................ 16
*Gen. Comm. Packaging v. TPS Package*, 126 F.3d 1131 (9th Cir. 1997)............................. 23
*Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1986)....... 9
*Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636 (C.D. Cal. 1983) .............................. 12
*Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174 (1993).......................................................... 16
*Hydrotec Systems, Ltd. v. Oasis Waterpark*, 52 Cal. 3d 988 (1991) .................................. 12
*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)........................................................ 9
*Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027 (9th Cir. 2005)....... 6
*JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168 (2004) .......... 14
*JRS Products, Inc.*, 115 Cal. App. 4th at 182............................................................... 14
*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 (1993)........................... 14, 15, 23
*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003)........................... 18, 19
*Las Palmas Assoc. v. Las Palmas Ctr. Assoc.*, 235 Cal. App. 3d 1220 (1991) ...................... 13
*Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006) ............................................................. 7
*Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062 (C.D. Cal. 2000)............................... 23
*Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496 (1950) ........................................... 12
*Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290 (1985) ..................................................... 13
*Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735 (1980) ..................................... 23
*Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101 (C.D. Cal. 2003) ........................... 12
*Nishi-matsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200 (9th Cir. 1987)...................... 7
*Noll v. Carlson*, 809 F.2d 1446 (9th Cir. 1987)............................................................ 7
*North Star Int'l v. Ariz. Corps. Comm'n*, 720 F.2d 578 (9th Cir. 1983)............................... 6
*Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001)................................................................ 7
*Pacific Atlantic Trading Co. v. M.V. Main Express*, 758 F.2d 1325 (9th Cir. 1985)................. 9
*Philipson & Simon v. Gulsvig*, 154 Cal. App. 4th 347 (2007) .......................................... 20
*Pillsbury v. Karmgard*, 22 Cal. App. 4th 743 (1994)..................................................... 11
*Quelimane Co., Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26 (1998) .......................... 18
*Reeves v. Hanlon*, 33 Cal. 4th 1140 (2004) ......................................................... 17, 18
*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ...................... 8, 9, 10

i

Table of Authorities

Page

1  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984)...................................... 6
   *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303 (N.D. Cal. 1997)............. 22
2  *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780 (9th Cir. 1996) ........... 6
   *Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.,* 138 Cal. App. 4th
3      1215 (2006).......................................................................................................................... 20
   *Stocks v. City of Irvine*, 114 Cal. App. 3d 520 (1981) ............................................................. 11
4  *United States v. Ritchie*, 342 F. 3d 903 (9th Cir. 2003)............................................................. 7
   *Vess*, 317 F.3d at 1104 .................................................................................................... 20, 21
5  *W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981)......................................................... 6

6

**Statutes**
7
   California Business & Professions Code Section 16600 .......................................................... 23
8  California Business & Professions Code Section 17200 .......................................................... 22
   California Business & Professions Code Section 17204 .......................................................... 22
9  California Business & Professions Code Section 17915 .......................................................... 11
   California Business & Professions Code Section 17918 .......................................................... 11
10

11 **Rules**

12 Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 6, 7, 8
   Federal Rule of Civil Procedure 9(b)............................................................................ 20, 21, 22
13

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc. ("TGS"),  and The Shuey Agency, Inc. ("The Shuey Agency") (collectively "Defendants") submit the following points and authorities in support of their Motion to Dismiss TGS for lack of personal jurisdiction, and Plaintiffs Brad Lovesy ("Mr. Lovesy") and Pacific Consolidated Investments, Inc.'s ("Pacific Consolidated") (collectively "Plaintiffs") third, fourth, seventh, and eighth causes of action alleged in the Second Amended Complaint ("SAC") for Damages.

**I.    INTRODUCTION**

This action has been pending for over seven months, since May 2007.  During these seven months, Plaintiffs have attempted three times to state a cause of action against Defendants. Among the countless deficiencies, Plaintiffs have named TGS, a Virginia corporation, who does not engage in any business activities in California, as a defendant.  There is no reasonable basis for personal jurisdiction over TGS because TGS is not a party to any of the agreements at issued in the instant action.  Thus, Defendants request the Court to dismiss TGS for lack of personal jurisdiction.

Furthermore, Plaintiffs' efforts to cure the deficiencies of their complaint have been unsuccessful because they cannot plead around the factual and legal defects in their claims against Defendants.  These defects include:

    (1)    Failure to state sufficient facts to warrant invoking the alter ego doctrine;

    (2)    Failure to state a claim for interference with contract;

    (3)    Failure to state a claim for interference with prospective economic advantage;

    (4)    Failure to plead with particularity facts sufficient to support a claim of fraud; and

    (5)    Failure to state a cause of action for unfair business practices.

Defendants bring this motion because Plaintiffs have not and cannot state a claim for which relief can be granted.  Accordingly, Defendants request that the Court dismiss Plaintiffs' third, fourth, seventh, and eighth cases of action of the SAC without leave to amend.

3

## II.    STATEMENT OF FACTS

On September 10, 2001, Pacific Consolidated entered a Regional Sales Director Agreement with Armed Forces Benefit Association ("AFBA") and 5Star Life Insurance, LLC ("5Star"), which was later amended to add a Regional Director Compensation Addendum on or about June 19, 2003.  (SAC at ¶ 19; *see* Declaration of Michael Kimo Wong ("Mr. Wong") in Support of Defendants AFBA and 5Star Life's Motion to Dismiss, at ¶¶ 4-6 and Ex. C.)  The agreement was signed by Mr. Lovesy, on behalf of Pacific Consolidated.  (*See* Decl. of Mr. Wong in Support of Defendants AFBA and 5Star Life's Motion to Dismiss, Ex. C.)  Pursuant to this agreement, Pacific Consolidated was to serve as a Regional Sales Director for AFBA.  (SAC at ¶ 20; *see* Decl. of Mr.  Wong in Support of Defendants AFBA and 5Star Life's Motion to Dismiss, Ex. C.)  On March 22, 2001, Mr. Lovesy entered into a Field Service Representative Agreement. (SAC at ¶ 22.)  Pursuant to this agreement, Mr. Lovesy was authorized to solicit and obtain applications for approved life insurance products offered by AFBA and 5Star.  (SAC at ¶ 23; *see* Decl. of Mr.  Wong in Support of Defendants AFBA and 5Star Life's Motion to Dismiss, at Ex. A.)

On or about August 31, 2004, The Brad Lovesy Group and The Shuey Agency entered into a Memorandum of Agreement (the "Shuey Agreement"), under which The Shuey Agency would provide administrator services to The Brad Lovesy Group, including implementation of payroll deductions and direct bill for the premiums due for life insurance products offered by AFBA and 5Star and sold to members of the National Guard Association of California ("NGAC").  (SAC at ¶ 28; *see* Declaration of Theodore G. Shuey, Jr. ("Mr. Shuey") in Support of Defendants Theodore G. Shuey, TGS Group, Inc., and The Shuey Agency, Inc.'s ("Defendants") Motion to Dismiss, at ¶ 3 and Ex. 1.)  The Shuey Agreement was an at-will contract between the parties. (*Id.*)

4

1   Plaintiffs' allege that on or about February 28, 2006, Defendants terminated the Shuey

2   Agreement.  (SAC at ¶ 45.)

3   On or about June 6, 2007, AFBA and 5Star terminated the Regional Sales Director

4   Agreement and Field Service Representative Agreement (collectively "AFBA/5Star

5   Agreements") due to Mr. Lovesy's persistent failure to maintain proper communications with

6   5Star Life and his non-performance under the terms of the contracts.  (*See* SAC at ¶ 50.)

7   On May 24, 2007, Mr. Lovesy filed a complaint for damages ("Complaint") against

8   Armed Forces Benefit Association ("AFBA"), 5Star Life Insurance, LLC ("5Star"), TGS, and

9   Mr. Shuey.  AFBA and 5Star filed a motion to dismiss the Complaint on June 20, 2007.  In

10  response to AFBA and 5Star's motion to dismiss, Mr. Lovesy voluntarily agreed to amend his

11  Complaint.  The allegations of Mr. Lovesy's First Amended Complaint ("FAC") changed very

12  little from the original Complaint.  In fact, many of the same deficiencies set forth in the original

13  Complaint were present in the FAC.  In response to the FAC, Defendants sent Plaintiffs lengthy

14  meet and confer letters detailing the factual and legal defects of the FAC.  Thereafter, Plaintiffs,

15  again, voluntarily agreed to amend their complaint.  Plaintiffs' SAC was filed on November 16,

16  2007.  Surprisingly, the SAC did not remedy any of the deficiencies of the FAC.  The SAC

17  contains the following causes of action against Defendants:

- Third Cause of Action for Interference with Contract (SAC at ¶¶ 63-69);
- Fourth Cause of Action for Interference with Prospective Economic Advantage (SAC at ¶¶ 70-79);
- Fifth Cause of Action for Breach of Contract (SAC at ¶¶ 80-83);
- Sixth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing (SAC at ¶¶ 84-88);
- Seventh Cause of Action for Fraud (SAC at ¶¶ 89-90); and
- Eighth Cause of Action for Unfair Business Practices (SAC at ¶¶ 96 – 104).

1    Plaintiffs also seek punitive damages for Defendants alleged malicious, fraudulent and

2  oppressive conduct. (SAC at ¶¶ 69, 79, 95.)

3    Because many of the same fatal factual and legal defects remain in the SAC, Defendants

4  filed this Motion to Dismiss.

5  **III.    LEGAL STANDARD**

6          **A.    The Court May Dismiss a Complaint That Fails To State a
                   Claim Upon Which Relief Can Be Granted Pursuant to Rule
7                  12(b)(6)**

8    Pursuant to Rule 12(b)(6), a complaint or any claim contained within a complaint may be

9  dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

10  Dismissal is appropriate as a matter of law for "(1) lack of a cognizable legal theory, or (2)

11  insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan*

12  *of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (*quoting Robertson v. Dean Witter Reynolds, Inc.*,

13  749 F.2d 530, 534 (9th Cir. 1984)); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

14  Cir. 1988).  Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any

15  material facts in support of the allegation.  *See North Star Int'l v. Ariz. Corps. Comm'n*, 720 F.2d

16  578, 583 (9th Cir. 1983).

17    In ruling on a motion to dismiss under Rule 12(b)(6), "all allegations of material fact are

18  taken as true and construed in the light most favorable to the nonmoving party." *Cahill v.*

19  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  However, the court need not accept

20  as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations

21  cast in the form of factual allegations.  *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th

22  Cir. 1981).  Nor does the court need to assume a plaintiff can prove different facts from those he

23  has alleged. *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

24  (1983); *see also Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027,

25  1035 (9th Cir. 2005).  Moreover, the court may disregard allegations in the complaint if

26  contradicted by facts contained in documents that may be considered as part of the complaint.

27

28

1    *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co.*

2    *v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

3         Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief

4    requires more than labels and conclusions, and a formulaic recitation of a cause of action's

5    elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955 (2007); *see also*

6    *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory legal allegations of law and

7    unwarranted inferences are insufficient to defeat a motion to dismiss").  At a minimum, the

8    complaint's allegations also must "give the defendant fair notice of what the plaintiff's claim is

9    and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

10        For the reasons discussed below, Plaintiffs have failed to assert facts sufficient to state

11   claims against Defendants upon which relief can be granted.  Moreover, further amendments to

12   the complaint will not save Plaintiffs' claims against Defendants. Where it is clear amendment

13   would be futile and the deficiencies of the complaint cannot be cured by amendment, the court

14   may dismiss the complaint without leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th

15   Cir. 1988); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Accordingly,

16   Plaintiffs' claims for intentional interference with contract, intentional interference with

17   prospective economic advantage, fraud, and unfair business practices should be dismissed

18   without leave to amend.

19        **B.    The Court May Consider Documents Outside the Pleadings in
                   Ruling on a Motion to Dismiss**
20

21        In ruling on a motion to dismiss, a court may consider evidence on which the complaint

22   "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the

23   plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Rule

24   12(b)(6) motion.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Branch v. Tunnell*, 14

25   F.3d 449, 454 (9th Cir. 1994).  The court may treat a document meeting this test as part of the

26   complaint and may assume that its contents are true for purposes of a motion to dismiss.  *United*

27   *States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003).

28

SF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

1    In the instant matter, for purposes of the motion to dismiss the Court should consider four

2    agreements specifically referenced in the SAC and which are central to Plaintiffs' claims as part

3    of the SAC.  First, Plaintiffs specifically reference four agreements in the SAC: (1) Regional

4    Sales Director Agreement dated on or about September 10, 2001; (2) Regional Sales Director

5    Compensation Addendum amending the Regional Sales Director Agreement dated on or about

6    June 19, 2003; (3) Independent Field Service Representative Agreement dated on or about

7    March 22, 2001; and (4) Memorandum of Agreement between The Brad Lovesy Group and The

8    Shuey Agency dated on or about August 31, 2004.  (SAC at ¶¶ 19, 22, 28.)  These four

9    agreements constitute the basis of Plaintiffs' causes of action for interference with contract,

10   interference with prospective economic advantage, fraud, and unfair business practices.  (*See*

11   SAC at ¶¶ 63-104.)  The authenticity of these documents has not been questioned.

12   All three elements required to consider evidence on which the complaint necessarily

13   relies, but that is beyond the pleading, have been met.  Accordingly, the Court may consider the

14   content of the four agreements as true in connection with this motion. *See Marder*, 450 F.3d at

15   448.

16   A copy of the Shuey Agreement is included in this motion.  (Decl. of Mr. Shuey in

17   Support of Defendants' Motion to Dismiss, at ¶ 3 and Ex. 1.)  The AFBA/5Star Agreements are

18   attached to AFBA/5Star's motion to dismiss.  (*See* Decl. of Mr. Wong in Support of Defendants

19   AFBA and 5Star Life's Motion to Dismiss, at ¶¶ 4-6 and Exs. A-C.)

## IV.    THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS

### A.    The Court Lacks Personal Jurisdiction Over TGS

#### 1.    Rule 12(b)(2) permits the Court to dismiss a defendant for lack of personal jurisdiction

To establish that personal jurisdiction over a defendant is proper, Plaintiffs must show

that (1) California's long-arm statute confers personal jurisdiction over a defendant, and (2) that

the exercise of jurisdiction comports with the constitutional principles of due process. *See Rio*

*Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *Haisten v. Grass*

8

1  *Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). This second

2  element is satisfied if a defendant has minimum contacts with the forum state "such that

3  maintenance of the suit does not offend traditional notions of fair play and substantial justice."

4  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

5       In a motion to dismiss based on lack of personal jurisdiction, the plaintiff bears the

6  burden of proving the necessary facts invoking the court's jurisdiction, *i.e.*, minimum contacts

7  between the defendant and the forum state. *See Rio Properties, Inc.*, 284 F.3d at 1019. In

8  determining whether a plaintiff has met his burden, uncontroverted allegations in the complaint

9  are taken as true. *Id.* However, a court may not assume the truth of allegations in a pleading that

10 are contradicted by a sworn affidavit. *Data Disc, Inc. v. Systems Technology Assocs., Inc.* 557

11 F.2d 1280, 1284 (9th Cir. 1977).

12              2.    <u>Absent a showing of minimum contacts between TGS and
                      California, personal jurisdiction over TGS is improper</u>

13       A state may assert general or specific jurisdiction over a non-resident defendant.

14 *Haisten*, 784 F.2d at 1396. General jurisdiction over a defendant is appropriate if the defendant's

15 activities in the state are "substantial" or "continuous and systematic." *Haisten*, 784 F.2d at

16 1396; *Data Disc.*, 557 F.2d at 1287. With respect to specific jurisdiction, the Ninth Circuit has

17 adopted the following test:

18          (1) The nonresident defendant must do some act or consummate

19          some transaction with the forum or perform some act by which he

20          purposefully avails himself of the privilege of conducting activities

21          in the forum, thereby invoking the benefits and protections of its

22          laws.

23          (2) The claim must be one which arises out of or results from the

24          defendant's forum-related activities.

25          (3) Exercise of jurisdiction must be reasonable.

26 *Pacific Atlantic Trading Co. v. M.V. Main Express*, 758 F.2d 1325, 1326 (9th Cir. 1985).

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

1    Here, neither general or specific jurisdiction over TGS is appropriate.  TGS is a Virginia

2   corporation and does not do business in California.  (Decl. Mr. Shuey in Support of Defendants'

3   Motion to Dismiss Plaintiffs' SAC, at ¶ 2.)  Thus, TGS does not have "substantial" or

4   "continuous and systematic" activities in California to make general jurisdiction over TGS

5   proper.

6    In addition, TGS lacks the minimum contacts with California to make specific

7   jurisdiction over TGS proper.  TGS is not a party to the Shuey Agency Agreement, or the

8   AFBA/5Star Agreements, nor did TGS have any obligations arising from those agreements.  (*See*

9   Decl. Mr. Wong in Support of Defendants AFBA and 5Star Life's Motion to Dismiss, at Exs. A-

10  C; *see* Decl. of Mr. Shuey in Support of Defendants' Motion to Dismiss Plaintiffs' SAC, at ¶ 3.)

11  As such, TGS has not purposefully availed itself to the privileges and benefits of California.

12  Also, because TGS is not a party to any of the agreements at issue in the instant action,

13  Plaintiffs' cannot argue that the claims in the SAC arise from TGS' activities in California.

14  Therefore, no reasonable basis exists for this Court to exercise specific jurisdiction over TGS.

15  The SAC is completely devoid of any allegations to establish TGS had the requisite minimum

16  contacts.  In light of Plaintiffs' failure to meet their burden in proving the existence of minimum

17  contacts between TGS and California, the Court may not exercise personal jurisdiction over

18  TGS.  *See Rio Properties,*  284 F.3d at 1019.  Accordingly, pursuant to Rule 12(b)(2), the Court

19  should dismiss TGS for lack of personal jurisdiction.

20      **B.    Plaintiffs Lack Standing to Maintain the Instant Action**
               **Against Defendants**
21

22          1.    Pacific Consolidated was not a party to the Shuey
                  Agreement, and is thus an improper plaintiff

23    As a threshold matter, Pacific Consolidated does not have standing in the instant action

24  against Defendants.  The claims stated against Defendants in the SAC, as discussed in detail

25  *infra*, arise out of the Shuey Agreement, which was an agreement between The Shuey Agency

26  and The Brad Lovesy Group, signed by Mr. Shuey and Mr. Lovesy, respectively.  (*See* Decl. of

27  Mr. Shuey in Support of Defendants' Motion to Dismiss, Ex. 1.)  Nowhere in the Shuey

28

10

1    Agreement does it reference Pacific Consolidated as a party to the contract, nor has Mr. Lovesy

2    alleged any facts to indicate Pacific Consolidated was a party to the contract.  To the extent that

3    the claims in the SAC against Defendants arise from the Shuey Agreement, Pacific Consolidated

4    has not suffered any injury, and thus, does not have standing to state a claim for relief against

5    Defendants.  *See Pillsbury v. Karmgard*, 22 Cal. App. 4th 743, 757-758 (1994) (finding standing

6    to sue goes to the existence of a cause of action); *Stocks v. City of Irvine*, 114 Cal. App. 3d 520,

7    531 (1981) (stating standing requires a plaintiff to have suffered or is about to suffer an injury).

8         Therefore, Pacific Consolidated may not maintain the instant action against Defendants.

9                2.    Brad Lovesy may not maintain the instant action on behalf
                       of The Brad Lovesy Group
10

11        The face of the Shuey Agreement clearly indicates the contract was between The Brad

12   Lovesy Group and The Shuey Agency.  (*See* Decl. of Mr. Shuey in Support of Defendants'

13   Motion to Dismiss, Ex. 1.)  Therefore, the only proper party with standing to maintain an action

14   for an alleged breach of the Shuey Agreement is The Brad Lovesy Group.

15        Mr. Lovesy appears to rely on the theory that he has standing to maintain the instant

16   action because "Defendants knew that when engaging in business with The Lovesy Group, that

17   Defendant[s] was doing business with Brad Lovesy, an individual."  (SAC at ¶ 1.)  Mr. Lovesy's

18   theory neglects to account for the threshold requirement under California law that a fictitious

19   business name statement must be properly executed, filed, and published with the clerk of the

20   county in which Mr. Lovesy has his principal place of business in order to have standing to

21   maintain an action in court.  *See* Cal. Bus. & Prof. Code §§ 17915, 17918.

22        Mr. Lovesy fails to state any facts in the SAC to support a finding that The Brad Lovesy

23   Group is his properly registered fictitious business name.  The conclusory allegation that

24   Defendants knew that they were doing business with Brad Lovesy, an individual, is not enough

25   for Mr. Lovesy to have standing to maintain this action.  (*See* SAC at ¶ 1.)  Absent sufficient

26   facts to evidence that Mr. Lovesy has properly executed, filed and published his fictitious

27   business name of The Brad Lovesy Group in compliance with the applicable statutory authority,

28

1    Mr. Lovesy is precluded from maintaining this action. *See Hydrotec Systems, Ltd. v. Oasis*

2    *Waterpark*, 52 Cal. 3d 988, 1001 n.8 (1991) (indicating that a party's failure to comply with

3    fictitious business name precludes it from enforcing the agreement until it complies with the

4    statutory requirements).[1]

5        Therefore, Mr. Lovesy may not maintain the instant action against Defendants.[2]

6        **C.    Plaintiffs Fail to Plead Sufficient Facts to Warrant Invoking**
                 **the Alter Ego Doctrine to Hold TGS and Mr. Shuey Liable For**

7                     **Any of the Alleged Causes of Action**

8        The instant action involves a contract dispute arising from the Shuey Agreement, and

9    Plaintiffs agreements with AFBA and 5Star.  The face of the Shuey Agreement clearly indicates

10   TGS and Theodore G. Shuey, Jr. ("Mr. Shuey") are not parties to the contract, and thus, they are

11   not the proper defendants in the instant lawsuit.  (*See* Decl. of Mr. Shuey in Support of

12   Defendants' Motion to Dismiss, Ex. 1.)  However, Plaintiffs summarily, and without sufficient

13   investigation, allege that The Shuey Agency, TGS, and Mr. Shuey are alter egos of one another,

14   and of Defendants AFBA, The 5Star Association, 5Star Financial, LLC, 5Star Life Insurance

15   Company, and 5Star Life (collectively "the AFBA/5Star Defendants").  (SAC at ¶¶ 11-12.)

16   As discussed below, Plaintiffs' alter ego allegations are over-reaching and without basis.

17       In order to successfully plead alter ego liability for an underlying cause of action, a

18   plaintiff must specifically allege both the elements of the alter ego doctrine as well as facts in

19   support of each element.  *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101, 1115 (C.D.

20   Cal. 2003); *see Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496, 499 (1950) (plaintiff must

21   make allegations of fact from which it appears that recognition of the corporate entity would

22   sanction a fraud or promote injustice).  Conclusory allegations of alter-ego status are not

23   sufficient.  *Neilson*, 290 F. Supp. at 1116; *see Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp.

24   636, 647 (C.D. Cal. 1983) (citation omitted).  Furthermore, where a plaintiff seeks to impose

25

26   [1]  Notwithstanding Plaintiffs' lack of standing, Defendants will also address the sufficiency of
the SAC to state a claim for relief with regards to Plaintiffs' third, fourth, seventh, and eighth

27   causes of action.
[2]  In light of the SAC identifying Pacific Consolidated and Mr. Lovesy as plaintiffs jointly, for

28   the purposes of consistency and clarity, this motion refers to them collectively as "Plaintiffs."

SF:145634.2  DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

1    liability by disregarding the corporate form, public policy dictates that imposition of alter ego

2    liability be approached with caution. *Las Palmas Assoc. v. Las Palmas Ctr. Assoc.*, 235 Cal.

3    App. 3d 1220, 1249 (1991) (stating that society recognizes the benefit of allowing persons and

4    organizations to limit their business risks through incorporation and thus, alter ego liability

5    should be imposed with caution).  Accordingly, there is a general presumption in favor of

6    respecting the corporate entity. *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995).

7         To invoke the alter ego doctrine, plaintiff must plead and prove: (1) unity of interest and

8    ownership such that the separate personalities of the corporation and the individual no longer

9    exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result

10   will follow. *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004)

11   (*quoting Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).

12        Defendants' Motion to Strike, filed concurrently herewith, describes in detail several

13   deficiencies present in Plaintiffs' alter ego allegations.  Without reviewing those deficiencies in

14   their entirety here, Plaintiffs' allegations are insufficient to establish liability because (1)

15   Plaintiffs fail to plead any specific facts to demonstrate Defendants and the AFBA/5Star

16   Defendants are alter egos of one another, and (2) Plaintiffs alter ego allegations against

17   Defendants lack particularity and fail to establish Defendants The Shuey Agency and TGS

18   abused their corporate forms in a manner that would subject them to alter ego liability. (*See*

19   Defendants' Mot. to Strike, at 5-8.)

20        Accordingly, Mr. Shuey and TGS cannot be held liable for the actions of and obligations

21   purportedly created by The Shuey Agency.  Also, Defendants cannot be held liable for any

22   purported wrongful conduct of AFBA and 5Star.  Consequently, Mr. Shuey and TGS are not

23   proper parties to this litigation and must be dismissed.

24

25

26

27

28

SF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

**D.    Plaintiffs' Claims Arise From and Relate to an Alleged Breach of the Shuey Agreement, and As Such, Plaintiffs' Claims for Tort Recovery are Improper**

    1.    <u>Plaintiffs' claims are based on a purported breach of contract</u>

Plaintiffs claims against Defendants rest on a purported breach of the Shuey Agreement. However, Plaintiffs' third, fourth, and seventh causes of action for intentional interference with contract, intentional interference with prospective advantage, and fraud, respectively, attempt to transmute the instant contract action into tort liability. As such, Plaintiffs' claims for intentional interference with contract, intentional interference with prospective advantage, and fraud are improper and should be dismissed without leave to amend.

Where a plaintiff alleges tort liability in relation to a breach of contract claim, the court must "determine whether the essence of the claim is fundamentally based on conduct that sounds in contract or in tort." *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168, 181 (2004). The essential nature of the conduct determines whether the action sounds in contract or in tort, and thus, the court must scrutinize the conduct a plaintiff alleges gave rise to the tort claims. *JRS Products, Inc.*, 115 Cal. App. 4th at 182; *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464 (1996); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 (1993).

In the instant matter, the conduct Plaintiffs allege gave rise to their tort claims is Defendants purported failure to perform their obligations as administrator of the AFBA and 5Star policies pursuant to the Shuey Agreement. (SAC at ¶ 29-31.) Plaintiffs specifically allege that Defendants breached the Agreement "by failing to collect and submit to AFBA all payroll deductions and direct billed premiums no later than the thirtieth (30th) of each month." (SAC at ¶ 82.) As a consequence of Defendants' purported failure to perform under the Shuey Agreement, Plaintiffs allege that AFBA and 5Star assessed charge-backs to Mr. Lovesy, and eventually, terminated the AFBA/5Star Agreements. (SAC at ¶¶ 50, 83.)

Here, Plaintiffs' claims are analogous to the claims raised by the plaintiffs in *Khoury* and *Arntz, supra.* In *Khoury*, the plaintiff filed a complaint against a distributor of hair products for,

14

1    *inter alia*, breach of contract and intentional interference with advantageous business

2    relationships. *Khoury*, 14 Cal. App. 4th at 615. There, the court determined that the sole

3    conduct alleged was the defendant's breach of contract in refusing to supply hair products to the

4    plaintiff, and consequently, any effect on the plaintiff's business was simply a consequence of

5    the breach of contract. *Id*. at 618. As a result, the court affirmed the trial court's decision to

6    dismiss the plaintiffs' tort claim of intentional interference with advantageous business

7    relationships without leave to amend. *Id*. Likewise, in *Arntz*, the court held that the plaintiff's

8    complaint was essentially based on a breach of contract, where the defendant purportedly

9    terminated the parties' relationship without good cause. *Arntz*, 47 Cal. App. 4th at 478. Thus,

10   the plaintiff could not transmute a breach of contract action "into tort liability by claiming that

11   the breach detrimentally affected the plaintiff's business." *Id*. at 479. Consequently, the court

12   held that no action for interference with prospective economic relations was established. *Id*. at

13   480.

14           Plaintiffs' intentional interference with contract, intentional interference with prospective

15   advantage, and fraud claims are based on Defendants' purported breach of the Shuey Agreement.

16   (SAC at ¶¶ 31, 35, 39, 49, 50, 74.) Any alleged damage to Plaintiffs' business or contractual

17   relationship with AFBA and 5Star is simply a consequence of the purported breach of the Shuey

18   Agreement. Accordingly, Plaintiffs' claims for intentional interference with contract, intentional

19   interference with prospective advantage, and fraud should be deconstructed to what they truly are

20   - an attempt to transmute a contract action into tort causes of action. Therefore, the causes of

21   action for intentional interference with contract, intentional interference with prospective

22   advantage, and fraud alleged in the SAC are improper and must be dismissed without leave to

23   amend.

24           2.    <u>Absent a showing that Defendants owed Plaintiffs an</u>
                   <u>independent duty arising from principles of tort law, tort</u>
25                 <u>recovery is improper</u>

26           Moreover, it is a generally accepted principle that tort recovery is improper for a non-

27   insurance contract breach, unless such breach also violates an independent duty arising from

28

                                                    15

1   principles of tort law.  *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal. 4th 503, 515

2   (1994) (conduct amounting to a breach of contract becomes tortious only when it also violates a

3   duty independent of the contract arising from principles of tort law.); *Freeman & Mills v.*

4   *Belcher Oil Co.*, 11 Cal. 4th 85, 94-95 (1995) (courts should limit tort recovery in contract

5   breach situations to the insurance area, at least in the absence of violation of an independent duty

6   arising from principles of tort law);  *see also Foley v. Interactive Data Corp.*, 47 Cal. 3d 654,

7   683-84 (1988) (holding that the implied covenant of good faith and fair dealing in noninsurance

8   contracts is a contract term and, as a result, compensation for its breach has almost always been

9   limited to contract rather than tort remedies); *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1180

10  (1993) (with the exception of insurance contracts, remedies for breach of the implied covenant of

11  good faith and fair dealing have almost always been limited to contract damages).

12      The primary reasons for limiting noninsurance contract breaches to contract damages

13  include the "different objectives underlying tort and contract breach; the importance of

14  predictability in assuring commercial stability in contractual dealings; the potential for

15  converting every contract breach into a tort, with accompanying punitive damage recovery, and

16  the preference for legislative action in affording appropriate remedies." *Freeman & Mills,* 11

17  Cal. 4th at 98 (restrictions on contract remedies serve to protect the freedom to bargain over

18  special risks and promote contract formation by limiting liability to the value of the promise)

19  (internal citation omitted); *Applied Equip.,* 7 Cal. 4th at 515 (limiting contract breach damages to

20  those within the reasonably foreseeable contemplation of the parties when the contract was

21  formed serves to encourage contractual relations and commercial activity by enabling parties to

22  estimate in advance the financial risks of their enterprise).

23      Other than the contractual obligations defined by the Shuey Agreement, Defendants owe

24  no duty "independent of the contract arising from principles of tort law," which would authorize

25  the imposition of tort remedies. *See Applied Equip.,* 7 Cal. 4th at 515.  The SAC lacks any facts

26  to support a finding that Defendants owed an independent duty arising from tort law.  As such,

27

28

1  Plaintiffs' intentional interference with contract, intentional interference with prospective

2  economic advantage, and fraud should be dismissed without leave to amend.

3      Notwithstanding that Plaintiffs are not entitled to tort recovery for claims alleged breach

4  of the Shuey Agreement, Plaintiffs have failed to state a claim for intentional interference with

5  contract, intentional interference with prospective economic advantage, and fraud as discussed

6  *infra*.

7      **E.    Plaintiffs Fail to Plead Sufficient Facts to State a Claim
           Against  Defendants for Intentional Interference with a
8           Contract and Intentional Interference with Plaintiffs'
           Prospective Economic Advantage**
9

10     The gravamen of Plaintiffs' causes of action for intentional interference with contract and

11 intentional interference with prospective economic advantage is that Defendants interfered with

12 the AFBA/5Star Agreements by breaching the Shuey Agreement.  (SAC at ¶¶ 64-65, 72-73.)  As

13 discussed herein, Plaintiffs fail to plead sufficient facts to state a cause of action for intentional

14 interference with contract or intentional interference prospective economic advantage.

15     Plaintiffs' claim for intentional interference with contract fails as a matter of law because

16 the AFBA/5Star Agreements permitted either Plaintiffs or AFBA and 5Star to terminate the

17 agreements with or without cause, thereby making them "at-will" contracts.  (*See* Decl. of Mr.

18 Wong in Support of AFBA and 5Star Life's Motion to Dismiss, Exs. A and C.)  As a matter of

19 law, a claim for interference with contract is improper if the contract is "at-will."  Plaintiffs'

20 claim for interference with prospective economic advantage fails as a matter of law because

21 Plaintiffs have failed to plead that Defendants engaged in an independently wrongful act.

22         1.    The AFBA/5Star Agreements represent "at-will" contracts,
                and thus, Plaintiffs cannot state a claim for interference
23              with contract as a matter of law

24     The economic relationship between parties to contracts that are terminable at-will is

25 distinguishable from the relationship between parties to other legally binding contracts.  *Reeves*

26 *v. Hanlon*, 33 Cal. 4th 1140, 1151 (2004).  Specifically, "if a party to a contract with the plaintiff

27 is free to terminate the contractual relation when he chooses, 'there is still a subsisting contract

28

                                      17

1  relation; but any interference with it that induces its termination is primarily an interference with

2  the future relation between the parties, and the plaintiff has no legal assurance of them.'" *Id.*

3  Thus, interference with an at-will contract is properly viewed as an interference with prospective

4  economic advantage claim.  Accordingly, because the AFBA/5Star Agreements constituted at-

5  will contracts Plaintiffs' interference with contract claim fails as a matter of law. *See* Reeves, 33

6  Cal. 4th at 1151.

7              2.    <u>Notwithstanding Plaintiffs' failure to state a claim for</u>
                     <u>interference with an at-will contract, Plaintiffs fail to</u>
8                    <u>sufficiently plead Defendants' acts were designed to induce</u>
                     <u>a breach or disrupt the contractual relationship of Plaintiffs</u>
9                    <u>and AFBA and 5Star</u>

10             Essentially, the elements of interference with prospective economic advantage are

11  identical to those of intentional interference with contract.  They are: "(1) an economic

12  relationship between the plaintiff and some third party, with the probability of future economic

13  benefit to the plaintiff; (2) the defendants' knowledge of the relationship; (3) intentional acts on

14  the part of the defendant designed to disrupt the relationship; (4) actual disruption of the

15  relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the

16  defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003) (citation

17  and internal quotation marks omitted).

18             Plaintiffs fail to state sufficient facts to plead Defendants engaged in intentional acts to

19  disrupt Mr. Lovesy's relationship with AFBA and 5Star, or alternatively, that Defendants knew

20  that interference of Mr. Lovesy's relationship with AFBA and 5Star was certain or substantially

21  certain to occur. *See Korea Supply Co.*, 29 Cal. 4th at 1154; *Quelimane Co., Inc. v. Stewart Title*

22  *Guaranty Co.*, 19 Cal. 4th 26, 55 (1998) (plaintiff must plead defendant's intentional acts were

23  designed to induce a breach or disruption of the contractual relationship).

24             To the extent that Plaintiffs are alleging that Defendants interfered with the AFBA/5Star

25  Agreements by failing to perform its obligations under the Shuey Agreement (*i.e.*, failing to

26  timely collect and deduct premiums and failing to timely process applications) such a

27

28

SF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES

1    contention, as discussed *supra*, is a breach of contract action against Defendants, and not a tort

2    claim. (*See* Section IV.C.)

3        To the extent that Plaintiffs are alleging that Defendants interfered with the AFBA/5Star

4    Agreements by soliciting insurance policy applications in Plaintiffs' purported "exclusive

5    Assigned Region," Plaintiffs fail to state a claim because an exclusive Assigned Region does not

6    exist. (*See* SAC at ¶¶ 40, 42.)  Nowhere in the AFBA/5Star Agreements do they grant Plaintiffs

7    the exclusive right to solicit insurance policy applications in the "Assigned Region" of Arizona,

8    California, Nevada, New Mexico, and Utah. (*See* Decl. of Mr. Wong in Support of AFBA and

9    5Star Life's Motion to Dismiss, Exs. A and C.)  Also, AFBA and 5Star never agreed, orally or in

10   writing, to grant Plaintiffs the exclusive rights to solicit insurance policy applications in any

11   region.  No allegation in this respect is made in the SAC.  Thus, Defendants could not have

12   interfered with the AFBA/5Star Agreements because the contract provisions, which Plaintiffs

13   allegedly base their claim of interference on, do not exist.

14       Accordingly, Plaintiffs fail to state a claim for intentional interference with contract, and

15   this claim should be dismissed without leave to amend.

16               3.    Plaintiffs fail to plead Defendants engaged in an
                       independently wrongful act, and thus, the cause of action
17                     for interference with prospective economic advantage fails
                       as a matter of law
18

19       In order for Plaintiffs to recover for Defendants' alleged interference with prospective

20   economic advantage, Plaintiffs "must plead and prove that the defendant engaged in an

21   independently wrongful act – *i.e.* an act 'proscribed by some constitutional, statutory or

22   regulatory, common law, or other determinable legal standard' – that induced the at-will

23   employee to leave the plaintiff." *Id.* at 1145 *(citing Korea Supply Co.*, 29 Cal. 4th at 1159).

24   Unlike intentional interference with contract, interference with prospective economic advantage

25   requires a plaintiff to allege an act that is "wrongful independent of the interference itself."

26   *CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1108 (9th Cir. 2007); *Della Penna*

27   *v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-93 (1995).  A plaintiff must plead and

28

                                          19

1   prove that the conduct alleged to constitute the interference was unlawful for reasons other than

2   that it interfered with a prospective advantage.  *Stevenson Real Estate Servs., Inc. v. CB Richard*

3   *Ellis Real Estate Servs., Inc.,* 138 Cal. App. 4th 1215, 1224 (2006).

4          In the SAC, Plaintiffs allege that Defendants "engaged in intentional acts designed to

5   disrupt the relationship" including "failing and refusing to collect the initial premiums on

6   contracts that were sold, failing and refusing to follow up when service members were not

7   making timely payments, and engaging in direct sales within the Assigned Region."  (SAC at ¶

8   74.)  However, such alleged wrongful acts are not independent of Defendants' purported

9   interference with the AFBA/5Star Agreements, but rather, demonstrative of the interference

10  itself, if assumed true.  Moreover, to the extent that Plaintiffs attempt to meet the "independent

11  wrongful act" requirement by alleging "the Shuey Defendants' actions were wrongful in that

12  they constituted a fraud upon the service members who purchased the policies" (SAC at ¶ 75),

13  such an allegation is wholly conclusory as it does not specifically identify the independent

14  wrongful acts Defendants committed, nor does it plead fraud with any particularity.  *See* Fed. R.

15  Civ. P. 9(b); *Vess,* 317 F.3d at 1104.  Nowhere in the SAC do Plaintiffs allege any conduct by

16  Defendant that would be considered "independently actionable" as proscribed by some

17  constitutional, statutory, regulatory, or common law, or other well-defined and established legal

18  standard.  *See Stevenson Real Estate Servs.*, 138 Cal. App. 4 at 1220.

19          Accordingly, absent any evidence to demonstrate an independent wrongful act by

20  Defendants, Plaintiffs fail to state a claim for intentional interference with prospective economic

21  advantage.

22          **F.    Plaintiffs Fails to Plead with Particularity Facts Sufficient to**
              **Support a Claim of Fraud Against Defendants**
23

24          In California, common law fraud requires pleading and proving five elements: (1)

25  misrepresentation; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4)

26  justifiable reliance; and (5) resulting damage.  Cal. Civ. Code § 1709; *see Philipson & Simon v.*

27  *Gulsuig,* 154 Cal. App. 4th 347, 363 (2007).  Moreover, fraud must be plead with particularity.

28  Fed. R. Civ. P. 9(b).  Allegations of fraud must be "specific enough to give defendants notice of

                                               20

1    the particular misconduct . . . so that they can defend against the charge and not just deny that

2    they have done anything wrong." *Vess,* 317 F.3d at 1106 (internal citations omitted).

3                    1.    Plaintiffs' fail to plead Defendants knew their
                          representations were false

4

5            Plaintiffs' fraud cause of action rests on the allegation that, "[i]n or about September

6    2004, Ted Shuey made a verbal representation to Mr. Lovesy that *all* premiums due for the

7    AFBA and 5Star polices would be timely collected through payroll deduction and there would be

8    *no* resulting charge backs." (SAC at ¶ 90.)  Plaintiffs' allegation lacks the particularity demanded

9    under Rule 9(b).  In particular, Plaintiffs' allegation does not set forth what is false or misleading

10   about Mr. Shuey's statements and why his statements were false.  *See Vess*, 317 F.3d at 1106;

11   *Cooper v. Pickett*, 131 F.3d 616, 627 (9th Cir. 1997) (fraud allegations require the who, what,

12   when, where and how of the misconduct charged); *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548

13   (9th Cir. 1994).  To state a cause of action for fraud, Plaintiffs must allege, at a minimum, that

14   Defendants knew, at the time of the alleged misrepresentation, that they could not collect the

15   premiums due for the AFBA and 5Star policies as represented and that AFBA and 5Star would

16   assess charge backs to Plaintiffs.  Also, with regard to Plaintiffs' contention that Defendants

17   represented to him that there would be no charge backs, Plaintiffs have not alleged that they

18   wrongfully incurred "charge backs" pursuant to any representation by Defendants.

19                    2.    Plaintiffs cannot allege they justifiably relied on
                          Defendants' representations

20

21           In addition, Plaintiffs fail to state sufficient facts to support their claim that they

22   justifiably and reasonably relied on Mr. Shuey's representations.  Plaintiffs contend that they

23   relied on Mr. Shuey's representations and altered their position by entering into the Shuey

24   Agreement and permitting Defendants to assume duties from AFBA and 5Star.  (SAC at ¶ 93.)

25   However, Plaintiffs' argument is wholly inconsistent with their previous allegations.  First,

26   Plaintiffs cannot logically argue that they altered their position by entering the Shuey Agreement

27   "on or about August 31, 2004" (SAC at ¶ 28) in reliance on purported representations made to

28   them "in or about September 2004." (SAC at ¶¶ 27, 90.)  Second, Plaintiffs cannot argue that

                                                21

1    they relied on Defendants purported representations to enter the Shuey Agreement, while

2    concurrently alleging they entered the Shuey Agreement because AFBA and 5Star advised them

3    that they had to use the administrator services of Defendants to continue their employment with

4    AFBA and 5Star.  (SAC at ¶¶ 25, 61.)  Therefore, Plaintiffs fails to state sufficient facts to plead

5    justifiable reliance on Defendants' purported representations.

6                            3.    Plaintiffs' allegations of suffering damages lacks the
                                  particularity required under Rule 9(b)
7

8         Moreover, Plaintiffs have also failed to allege with any degree of specificity, much less

9    the degree of particularity required by Rule 9(b), the type and general nature of the damages they

10   sustained as a result of Defendants' alleged representations.  Plaintiffs' claim that they "sustained

11   damages in an amount according to proof" necessarily indicates that Plaintiffs cannot state their

12   damages claim with any specificity. (*See* SAC at ¶ 94.)

13        Accordingly, Plaintiffs' complete failure to allege facts sufficient to support a cause of

14   action for fraud under Rule 9(b)'s heightened pleading requirement demands that his count for

15   fraud be dismissed without leave to amend.

16        **G.    Plaintiffs Fail to Allege Sufficient Facts to State a Cause of
                 Action for Unfair Business Practices**
17

18        California Business and Professions Code section 17200 *et seq.*, known as California's

19   Unfair Competition law (the "UCL"), provides a statutory framework under which a private

20   litigant may seek redress for "unfair competition," which is defined by the UCL as an "unlawful,

21   unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code §§ 17200, 17204.

22                            1.    A cause of action for unfair business practices must be pled
                                  with a reasonable degree of particularity
23

24        Allegations of unlawful, unfair, or fraudulent acts under the UCL must be pled with a

25   reasonable degree of particularity.  *Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F.

26   Supp. 1303, 1316 (N.D. Cal. 1997).  At a minimum, to sufficiently plead a cause of action under

27   the UCL, a plaintiff must state the practice it believes is unfair, unlawful, or fraudulent; allege

28   facts showing the unfair, unlawful, or fraudulent nature of the practice; and generally aver that

                                                    22

1  the harm associated with the unfair, unlawful, or fraudulent practice outweighs its benefits.  *See*

2  *Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000) (claim dismissed

3  where party failed to specify, with sufficient clarity, particular practices which the party had

4  alleged were unlawful); *Khoury*, 14 Cal. App. 4th at 619 (to plead a cause of action for unfair

5  business practices, a plaintiff must state with reasonable particularity the facts supporting the

6  statutory elements of the violation); *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740

7  (1980) (claim under the UCL requires a showing that the gravity of harm outweighs the utility of

8  the defendant's conduct).

9        Here, Plaintiffs' allegations that Defendants conduct of "failing to properly process

10  policies they sold to the public" and interfering with "Mr. Lovesy's right to commissions

11  overrides, and/or bonuses in the Assigned Region" lack the reasonable particularity required in

12  pleading a cause of action under the UCL.  (*See* SAC at ¶¶ 99, 100.)  In particular, the allegations

13  lack any facts to indicate why Defendants' purported wrongful conduct would constitute "unfair

14  and unlawful business acts or practices" within the meaning of the UCL.  (*Id.*)  Therefore,

15  Plaintiffs' UCL claim must be dismissed without leave to amend.

16              2.    Plaintiffs cannot state a claim that Defendants violated
                     California Business & Professions Code section 16600

17

18        The alleged limitation provision in the Shuey Agreement between The Shuey Agency and

19  The Brad Lovesy Group does not violate California Business & Professions Code section

20  16600's prohibition against covenants not to compete.  Under section 16600, "every contract by

21  which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is

22  to that extent void."  Cal. Bus. & Prof. Code § 16600.  A contract only violates section 16600,

23  however, when a person is precluded *entirely* from pursuing his trade or business.  *Gen. Comm.*

24  *Packaging v. TPS Package*, 126 F.3d 1131, 1133 (9th Cir. 1997).  In order to state a violation of

25  section 16600, a plaintiff is required to allege, at a minimum, that the contract placed a

26  "substantial segment of the market off limits," such that the contract "effectively destroy[ed] the

27

28

1  signatory's ability to conduct a trade or business." *Id.* (citing *Campbell v. Bd. of Tr. of Leland*

2  *Stanford Junior Univ.*, 817 F.3d 499, 502 (9th Cir. 1987)).

3      The Shuey Agreement only limits Mr. Lovesy's[3] sale of non-AFBA products to a narrow

4  segment of the market: "[o]nly the group SSLI program, Better Alternative, and Select products

5  offered through AFBA will be marketed and any other product presentation in the California

6  National Guard will be reason for immediate termination of this agreement." (Decl. of Mr.

7  Shuey in Support of Defendants' Motion to Dismiss, Ex. 1.)  As is obvious from the face of the

8  Shuey Agreement, Mr. Lovesy was not restrained entirely from pursuing his profession by

9  operation of the agreement.  In accordance with the Shuey Agreement, Mr. Lovesy was

10  permitted to market AFBA products to NGAC members, and any other product he desired to the

11  general public. (*See id.*)

12      Moreover, the Shuey Agreement constitutes an attempt to facilitate Mr. Lovesy's

13  employment in the life insurance industry by providing him with certain services regarding the

14  processing of life insurance payments.  (Decl. of Mr. Shuey in Support of Defendants' Motion to

15  Dismiss, Ex. 1.)  The Shuey Agreement does not restrain Mr. Lovesy from engaging in his

16  profession (*i.e.,* marketing and selling life insurance); rather, the Shuey Agreement actually

17  *facilitates Mr. Lovesy's work within his profession.*  Mr. Lovesy fails to allege that the agreement

18  entirely precludes him from engaging in his profession.  In fact, Mr. Lovesy cannot make this

19  allegation:  The Shuey Agreement does not "completely restrain" Mr. Lovesy from engaging in

20  his profession.  No violation of section 16600 occurred, and therefore, Mr. Lovesy's UCL claim

21  must fail.  Therefore, the Court should dismiss this claim against Defendants without leave to

22  amend.

23

24

25

26

27
28

---

[3]  Although the Shuey Agreement was between The Shuey Agency and The Brad Lovesy
Group, based on allegations in the SAC this claim purportedly implicates Mr. Lovesy's ability to
sell insurance products.

1    V.    **CONCLUSION**

2          Based on the foregoing, TGS must be dismissed for lack of personal jurisdiction, and

3    Plaintiffs' claims for interference with contract, intentional interference with prospective

4    economic advantage, fraud, and unfair business practices alleged in the third, fourth, seventh,

5    and eighth causes of action, respectively, in the SAC must be dismissed without leave to amend.

6

7    DATED:  December 7, 2007                    SEYFARTH SHAW LLP

8

9                                        By /s/ Robin M. Cleary
                                             Michael T. McKeeman
                                             Robin M. Cleary
10

                                         Attorneys for Defendants
11                                       THEODORE G. SHUEY, JR. (erroneously
                                         sued and served as TED SHUEY),
12                                       TGS GROUP, INC., AND THE SHUEY
                                         AGENCY, INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
COMPLAINT AND MOTION TO STRIKE PUNITIVE DAMAGES