|  |  |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., | CASE NO.  C 07-2745 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFF BRAD LOVESY'S SECOND AMENDED COMPLAINT**<br><br>Date:         February 5, 2008<br>Time:        1:00 p.m.<br>Courtroom: 3<br>Judge:       Hon. Saundra B. Armstrong |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

Before the Court is the Motion to Dismiss Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint filed by Defendants Armed Forces Benefit Association, erroneously sued herein as Armed Forces Benefit Association, the 5Star Association ("AFBA") and 5Star Life Insurance Company, formerly known as AFBA Life Insurance Company ("AFBA Life").  For the following reasons, the Court GRANTS the Motion to Dismiss.

### I.   BACKGROUND

On May 24, 2007, Lovesy filed a complaint for civil damages (the "Initial Complaint") against Defendants AFBA, 5Star, TGS, and Shuey alleging causes of action for breach of

DLA PIPER US LLP
SAN DIEGO
SD\1777190.1
13415-1471
-1-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT          CASE NO. C 07-2745 SBA

contract, breach of the covenant of good faith and fair dealing, interference with contract, interference with prospective economic advantage, fraud, unfair business practices, and an accounting. AFBA and 5Star moved to dismiss the Initial Complaint on June 20, 2006, and in response, Lovesy filed a First Amended Complaint ("FAC") alleging four causes of action against AFBA and 5Star, including (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) unfair business practices, and (4) an accounting. The FAC incorporated minor changes to the allegations related to the substantive causes of action, and added a new party, The Shuey Agency, Inc.

After the parties met and conferred, Lovesy acknowledged the FAC was deficient. At the November 7, 2007 case management conference, the Court ordered Lovesy to file a Second Amended Complaint ("SAC") on or before November 16, 2007. The SAC, filed on November 16, 2007, contains largely the same allegations as the FAC, but adds a new plaintiff, Pacific Consolidated Investments, Inc., and one new defendant, 5Star Financial, LLC, erroneously sued herein as 5Star Financial, LLC, 5Star Financial Services Company.

Defendants AFBA and 5Star filed this Motion to Dismiss on December 7, 2007, seeking dismissal of the SAC in its entirety with prejudice.

## II.    FACTUAL BACKGROUND

For purposes of this motion, the following allegations in the SAC and facts contained in four contracts referenced in the SAC[1] are deemed to be true: Lovesy entered into the Representative Agreement and the Director Agreement (sometimes collectively, the "Agreements") with AFBA Life Insurance Company ("AFBA Life") and/or 5Star on or about March 22, 2001 and September 10, 2001, respectively. (SAC at ¶¶ 19, 22.) Pursuant to the

---

[1] The Court may consider documents referenced in a complaint if the documents are central to the plaintiff's claims. For the purpose of this motion, the Court considers the following documents referenced in Lovesy's SAC: (1) Regional Sales Director Agreement dated on or about September 10, 2001 (the "Director Agreement"); (2) Regional Sales Director Compensation Addendum amending the Regional Sales Director Agreement and dated on or about June 19, 2003 (the "Compensation Addendum"); (3) Independent Field Service Representative Agreement dated on or about March 22, 2001 (the "Representative Agreement"); and (4) Memorandum of Agreement between Lovesy and Ted Shuey Agency dated on or about August 31, 2004 (the "TGS Agreement").

DLA PIPER US LLP
SAN DIEGO

SD\1777190.1
13415-1471

-2-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT        CASE NO. C 07-2745 SBA

Agreements, Lovesy was to serve as a Regional Sales Director for AFBA Life and was permitted to sell 5Star's Life Insurance products as a Field Service Representative. (*Id*. at ¶¶ 20, 23.) The Director Agreement does not authorize Lovesy to operate exclusively in any region. (Director Agreement, at ¶¶ I – VIII.) Further, the Agreements provide that any party may terminate the Agreements with or without cause; the Representative Agreement requires 30 days' written notice prior to termination. (Representative Agreement, at ¶ VI(A); Director Agreement, at ¶ VIII.)

In approximately August 2004, Lovesy entered into a Memorandum of Agreement with The Shuey Agency, Inc. (the "TGS Agreement"), under which The Shuey Agency, Inc. would provide administrator services to Lovesy, including implementation of payroll deductions for the premiums due for all 5Star policies. (*Id*. at ¶¶ 28-29; TGS Agreement, at pp. 1.) The TGS Agreement prohibits Lovesy from marketing life insurance products other than those provided by AFBA Life in presentations for the California National Guard. (TGS Agreement, at ¶ 1(a).) None of the other agreements between Lovesy and any of the Defendants contains a similar provision. (*See* Director Agreement, generally; Representative Agreement, generally; Field Service Compensation Addendum, generally.)

Early in his relationship with TGS, Lovesy became unhappy with the manner in which TGS processed applications. (SAC ¶¶ 32.) Lovesy also claims TGS began to solicit business in portions of the Alleged Assigned Region. (*Id*. at ¶ 40.) Purportedly, as a result of Lovesy raising concerns about the propriety of the marketing of AFBA Life and 5Star's insurance offerings, TGS cancelled the TGS Agreement at some point after February 28, 2006. (*Id*. at ¶ 45.) Lovesy's relationship with 5Star ended when, on May 7, 2007, 5Star sent Lovesy notice of "intent to terminate his agreement" as of June 7, 2007. (*Id*. at ¶ 50.)

### III.  LEGAL STANDARD

**A.  Under Rule 12(b)(6), the Court May Dismiss a Complaint that Fails To State a Claim Upon Which Relief May Be Granted.**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained within a complaint, may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "The court may dismiss a complaint as a matter of law for '(1) lack of a

DLA PIPER US LLP
SAN DIEGO

SD\1777190.1
13415-1471

-3-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'" *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)). In ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court may disregard allegations in the complaint if contradicted by facts contained in documents that may be considered as part of the complaint. *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

## IV.    LEGAL ANALYSIS

### A.    Unfair Competition Law Claim.

Lovesy alleges AFBA and 5Star violated section 17200 of California's Business & Professions Code, commonly referred to as California's Unfair Competition Law ("UCL"). Lovesy's allegations regarding his UCL claim fail to state a cause of action.

Lovesy claims AFBA and 5Star failed to properly process policies and interfered with his rights to operate in a region allegedly assigned exclusively to him. Both claims were disregarded by the Court upon review of the underlying contracts at issue in the litigation. The Agreements indicate AFBA and 5Star had no responsibility for processing policies and that Lovesy had no right to operate exclusively in any region. (*See* Director Agreement, generally; Representative Agreement, generally; TGS Agreement, generally; Compensation Addendum, generally). Lovesy's allegations to the contrary must be ignored. *Durning*, 815 F.2d at 1267; *Nishi-matsu Const. Co.*, 515 F.2d at 1206.

Consequently, Lovesy's remaining theory of AFBA and 5Star's liability under the UCL is based on his claims that AFBA and 5Star violated the UCL by requiring him to engage in a contract that limited his right to participate in his trade or profession in violation of California Business and Professions Code section 16600. Lovesy's theory of relief based on a violation of section 16600 of the California Business and Professions Code is deficient for three reasons. First, Lovesy's cursory allegations are insufficient to establish liability for AFBA and 5Star.

DLA PIPER US LLP
SAN DIEGO

SD\1777190.1
13415-1471

-4-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT           CASE NO. C 07-2745 SBA

1  AFBA and 5Star are not parties to the allegedly offensive agreement, and although Lovesy
2  alleges that AFBA and 5Star required Lovesy to enter into the allegedly offensive agreement,
3  Lovesy makes no allegations that AFBA and/or 5Star dictated any of the terms of the TGS
4  Agreement, or that AFBA and/or 5Star knew of the allegedly improper term.  Further, it is
5  unreasonable to infer that AFBA and/or 5Star could have foreseen in 2003, when they
6  purportedly required Lovesy to enter into the agreement, that the TGS Agreement, which was not
7  entered into until September 2004, might have had an impermissible clause in it.  (*Compare* SAC
8  at ¶ 97 *and* TGS Agreement, at pp. 3.)
9  In addition, the provision to which Lovesy refers does not violate section 16600.  A
10 contract only violates Section 16600, when it precludes a person ***entirely*** from pursuing his trade
11 or business, that is, the contract must place a "substantial segment of the market off limits," such
12 that the contract "effectively destroys the signatory's ability to conduct a trade or business." *Gen.*
13 *Comm. Packaging v. TPS Package*, 126 F.3d 1131, 1133 (9th Cir. 1997).  The purportedly
14 offensive contract provision narrowly limits Lovesy's ability to engage in his trade:  In
15 accordance with the TGS Agreement, Lovesy was permitted to market AFBA products to
16 members of the California National Guard, and any product he desired to members of the general
17 public. (TGS Agreement, at pp. 1.)  Therefore, the TGS Agreement does not "completely
18 restrain" Lovesy from engaging in his profession.
19 Third, the Court granted AFBA and 5Star's Motion to Strike Lovesy's only claims for
20 relief under the UCL.  As Lovesy is not entitled to any of the relief requested under the UCL, his
21 UCL claim cannot stand.  *See* Fed. R. Civ. Proc. 12(b)(6).
22 **B.    Breach of Contract and the Covenant of Good Faith and Fair Dealing.**
23 Similarly, Lovesy fails to allege facts sufficient to constitute a cause of action for breach
24 of contract and breach of the covenant of good faith and fair dealing.  Lovesy's breach of contract
25 claim is deficient because it fails to assert the specific provisions of the contract that were
26 breached by Defendants AFBA and 5Star's purported actions.  Indeed, the Agreements plainly
27 permit any party to terminate at will. (Representative Agreement, at VI(A); Director Agreement,
28 at ¶ VIII.)  Lovesy's allegations are insufficient and do not amount to a claim for breach of

DLA PIPER US LLP
SAN DIEGO
SD\1777190.1
13415-1471
-5-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S  MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT          CASE NO. C 07-2745 SBA

1  contract. *Careau & Co.*, 222 Cal. App. 3d at 1388 (existence of a contract and breach of a provision of the contract are elements of a breach of contract cause of action).

Further, Lovesy fails to explain how any of AFBA or Lovesy's actions in connection with the Agreements amount to an intentional act to deny Lovesy the right to receive a benefit of the agreement. As such, Lovesy fails to state a cause of action for breach of the covenant of good faith and fair dealing. *See Comunale*, 50 Cal. 2d at 658; *Epis, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1127-28 (N.D. Cal. 2001); *Burton v. Sec. Pac. Nat'l Bank*, 197 Cal. App. 3d 972, 979 (1988) (In the employment or agency context, the covenant of good faith and fair dealing requires only that the employer or principal act fairly and in good faith in terminating an employment or agency agreement.)

**C.    Accounting.**

Lovesy has not alleged any facts that warrant an accounting. An action for accounting only lies where a fiduciary relationship exists between the parties or in cases in which the accounts involved are so complicated that an ordinary action at law demanding a fixed sum is not practicable. *See San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588, 596-97 (1896); *Brea v. McGlashan*, 3 Cal. App. 2d 454, 460 (1934). The mere existence of a complicated accounting issue, without more, is insufficient to establish a right to an accounting. The plaintiff must also allege that the defendant committed some form of misconduct, violated a fiduciary duty, or otherwise owes money to the plaintiff. *See Union Bank*, 31 Cal. App. 4th at 593-94. Lovesy's cause of action for accounting cannot stand in light of his failure to allege facts sufficient to establish that Defendants AFBA and 5Star acted wrongfully and, as a result, owed Lovesy money.

**D.    The Contract Claims Must Be Dismissed As To AFBA.**

In addition to the reasons set forth above, Lovesy's causes of action for breach of contract, breach of the covenant of good faith and fair dealing, and accounting (the "Contract claims") must be dismissed against AFBA. Under no set of facts can AFBA be liable under Lovesy's Contract claims. AFBA is not a party to the Agreements referenced in the SAC, (*See* Director Agreement, generally; Representative Agreement, generally; Field Service Compensation

DLA PIPER US LLP
SAN DIEGO

SD\1777190.1
13415-1471

-6-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT     CASE NO. C 07-2745 SBA

1  Addendum, generally; TSG Agreement, generally.), and is not the alter ego of any entity who has
2  a contractual relationship with Lovesy.

3  Lovesy's allegations are insufficient to establish alter ego liability for two reasons. First,
4  Lovesy fails to aver any specific alter ego facts with respect to the relationship between AFBA
5  and 5Star, on the one hand, and the Shuey Defendants, on the other, and therefore, AFBA and
6  5Star cannot be deemed the alter egos of the Shuey Defendants. *See Trs. of the Cement Masons*
7  *Fund, Local 502 v. F & V Cement Contrs., Inc.*, No. 02 C 3979, 2004 U.S. Dist. LEXIS 5837, *7-
8  9 (N.D. Ill. 2004); *Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp.*,
9  343 B.R. 444, 460 (S.D.N.Y. Bankr. 2006). Specifically, Lovesy fails to allege that Defendants
10 AFBA maintained any control over the Shuey Defendants, much less control sufficient to warrant
11 alter ego liability.

12 Second, Lovesy fails to provide facts establishing that AFBA, 5Star, and/or 5Star
13 Financial abused their corporate forms in a manner that might subject them to alter ego liability.
14 Lovesy cannot successfully allege alter ego liability without averments that AFBA, 5Star, and/or
15 5Star Financial abused their corporate forms in a manner that defrauded Lovesy. *Erkenbrecher v.*
16 *Grant*, 187 Cal. 7, 11 (1921); *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849, 862 (1953); *see*
17 *also Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 842 (1962) (In seeking to
18 apply the alter ego doctrine, it is not sufficient merely to show that a creditor will remain
19 unsatisfied if the corporate veil is not pierced).

20 Thus, AFBA is not liable on Lovesy's Contract claims directly or as the alter ego of any
21 of the other Defendants. As no viable theory of liability as to AFBA exists with respect to the
22 Contract claims, Lovesy's claims for breach of contract, breach of the covenant of good faith and
23 fair dealing and an accounting, are dismissed to the extent they are alleged against AFBA.

### V.    DISMISSAL WITH PREJUDICE

25 Although leave to amend is typically granted, the Court grants AFBA and 5Star's Motion
26 to Dismiss with prejudice. This is Lovesy's third attempt to state a cause of action against AFBA
27 and 5Star. Lovesy's amendments have been insignificant, except to the extent Lovesy has added
28 additional improper defendants. Therefore, dismissal with prejudice is appropriate. *See Allen v.*

DLA PIPER US LLP
SAN DIEGO

SD\1777190.1
13415-1471

-7-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S  MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT          CASE NO. C 07-2745 SBA

1  *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny

2  leave to amend is particularly broad where plaintiff has previously amended the complaint").

3  Lovesy's repeated failure to cure deficiencies perpetuated in each version of the complaint, and

4  questionable inclusion of irrelevant and, in at least two cases, non-existent defendants warrants

5  dismissal with prejudice. *See id.*

6  **VI.   CONCLUSION**

7  For the foregoing reasons, AFBA and 5Star's Motion to Dismiss Lovesy's Second

8  Amended Complaint is GRANTED. The Motion to Dismiss is granted WITH PREJUDICE and

9  WITHOUT LEAVE TO AMEND.

10  IT IS SO ORDERED.

11  Dated: _____

12  By  _____

13  UNITED STATES DISTRICT JUDGE

DLA PIPER US LLP
SAN DIEGO

SD\1777190.1
13415-1471

-8-
[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT          CASE NO. C 07-2745 SBA