UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>           Plaintiff,<br><br>        v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., | CASE NO. C 07-2745 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S MOTION TO STRIKE PORTIONS OF PLAINTIFF BRAD LOVESY'S SECOND AMENDED COMPLAINT**<br><br>Date:      February 5, 2008<br>Time:      1:00 p.m.<br>Courtroom: 3<br>Judge:    Hon. Saundra B. Armstrong |

Before the Court is the Motion to Strike and for a More Definite Statement Regarding Portions of Brad Lovesy's ("Lovesy") Second Amended Complaint filed by Defendants Armed Forces Benefit Association, erroneously sued herein as Armed Forces Benefit Association, the 5Star Association ("AFBA") and 5Star Life Insurance Company, formerly known as AFBA Life Insurance Company ("AFBA Life"). For the following reasons, the Court GRANTS the motion.

## I.    BACKGROUND

On May 24, 2007, Lovesy filed a complaint for civil damages (the "Complaint"). The currently operative complaint, the Second Amended Complaint ("SAC"), was filed on

1   November 16, 2007.  The SAC asserts four causes of action against AFBA and 5Star:  (1) breach

2   of contract; (2) breach of the covenant of good faith and fair dealing; (3) violation of California's

3   unfair competition law; and (4) an accounting.  Several of Lovesy's theories of recovery are

4   dependent on his allegations that AFBA and 5Star are the alter egos of the other defendants,

5   including 5Star Financial, LLC, erroneously sued herein as 5Star Financial, LLC, 5Star Financial

6   Services Company ("5Star Financial"), Ted Shuey, the Shuey Agency, Inc., and TGS Group Inc.

7   (Ted Shuey, the Shuey Agency, Inc., and TGS Group Inc. are collectively referred to as the Shuey

8   Defendants).  Further, in connection with his unfair competition law claim, California Business

9   and Professions Code section 17200 ("UCL"), Lovesy seeks only damages and nonrestitutionary

10  disgorgement.  For the following reasons, the Court grants AFBA and 5Star's motion to strike

11  portions of the SAC regarding Lovesy's alter ego allegations and prayer for damages.

## II.    LEGAL STANDARD

13  **A.    Under Rule 12(f), the Court May Strike Any Portion of a Complaint that Is**

14  **Redundant, Immaterial, Impertinent, or Scandalous.**

15          When a complaint contains allegations that are redundant, immaterial, impertinent, or

16  scandalous, Federal Rule of Civil Procedure 12(f) provides a mechanism by which the Court may

17  strike such improper allegations.  Fed. R. Civ. Proc. 12(f).  A motion to strike may be granted

18  where the matter to be stricken has no possible bearing on the subject matter of the litigation.

19  *Colaprico v. Sun Microsystems,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  Further, a motion to

20  strike may be used to strike any part of the prayer for relief when the relief sought is not

21  recoverable as a matter of law.  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

22  **B.    Pursuant to Federal Rule of Civil Procedure 12(e), the Court May Grant a**

23  **Motion for a More Definite Statement if a Pleading Is Vague and Ambiguous.**

24          Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite

25  statement if a pleading to which the party must respond is vague or ambiguous.  Fed. R. Civ.

26  Proc. 12(e).  A motion for a more definite statement may be granted if the pleading is so vague or

27  ambiguous that the responding party cannot reasonably be expected to formulate a response.  *Id.*

28  /////

DLA PIPER US LLP
SAN DIEGO

SD\1777231.1
332602-3

-2-

[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT        CASE NO. C 07-2745 SBA

1    **III.    LEGAL ANALYSIS**

2    **A.    Lovesy's Alter Ego Allegations.**

3    Lovesy's alter ego allegations are over-reaching, over-broad, and without basis. For this

4    reason, the Court strikes paragraphs 7 and 12 of the SAC.

5    **1.    Standard for Pleading Alter Ego Liability.**

6    Allegations of alter ego liability are subject to a heightened pleading standard. At the very

7    least, alter ego liability must be pleaded with a reasonable degree of particularity, and courts

8    require such allegations to meet the heightened pleading standards of Rule 9(b). *Trs. of the*

9    *Cement Masons Fund, Local 502 v. F & V Cement Contrs., Inc.*, No. 02 C 3979, 2004 U.S. Dist.

10   LEXIS 5837, *7-9 (N.D. Ill. 2004); *Typographics Plus, Inc. v. I.M. Estrada & Co.*, No. 98 C 886,

11   2000 U.S. Dist. LEXIS 10351, at *13 (N.D. Ill. July 14, 2000) (Rule 9(b) applies to alter ego

12   allegations); *Official Comm. of Unsecured Creditors of Verestar, Inc. v. Am. Tower Corp.*, 343

13   B.R. 444, 460 (S.D.N.Y. Bankr. 2006).

14   A key element of any assertion of alter ego liability is that one corporate entity abused the

15   corporate form of another corporate entity to the prejudice of the third party plaintiff.

16   *Erkenbrecher v. Grant*, 187 Cal. 7, 11 (1921); *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849,

17   862 (1953). Mere ownership and control of a corporation is an insufficient ground for holding a

18   corporation to be the instrumentality or conduit of another corporation. Rather, a plaintiff must

19   offer evidence that recognition of the separateness of the corporation would aid in the

20   consummation of a wrong. *Erkenbrecher*, 187 Cal. at 11; *Shafford*, 119 Cal. App. 2d at 862.

21   Further, it is not sufficient merely to show that a creditor will remain unsatisfied if the corporate

22   veil is not pierced, thereby resulting in inequity. *Roman Catholic Archbishop v. Superior Court*,

23   15 Cal. App. 3d 405, 412 (1971); *Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d

24   825, 842 (1962).

25   **2.    Alter Ego Allegations Related to the Shuey Defendants, AFBA, and**

26   **5Star.**

27   In Paragraph 12, Lovesy asserts AFBA and 5Star are each the "agent, servant, employee,

28   successor, assign, or alter ego" of the Shuey Defendants, and that AFBA and 5Star performed

1    each of the acts alleged in the complaint "within the scope of [its] authority, and with the

2    permission and consent of each other Defendant."  These allegations are simply insufficient to

3    plead alter ego liability under Federal Rule of Civil Procedure 8(a), much less under the

4    heightened pleading requirement placed on alter ego allegations.  *See Trs. of the Cement Masons*

5    *Fund*, 2004 U.S. Dist. LEXIS 5837, *7-9.  At an absolute minimum, Lovesy must set forth some

6    *examples* of alleged domination of one defendant over another and provide "sufficiently specific

7    factual allegations" to support an alter ego claim in order to overcome a motion to dismiss.

8    *Official Comm. of Unsecured Creditors of Sunbeam Corp.*, 284 B.R. at 366.  Plaintiff has failed

9    to do this.  As a result, the allegations in paragraph 12 cannot establish alter ego liability and

10   therefore, have no possible bearing on any issue involved in this litigation.  *See Colaprico*, 758 F.

11   Supp. at 1339.  The Court grants AFBA and 5Star's motion to strike paragraph 12 as irrelevant

12   and immaterial.  Fed. R. Civ. Proc. 12(f).

13              **3.      Alter Ego Allegations Related to AFBA, 5Star, and 5Star Financial.**

14            In order to withstand a motion to strike, Lovesy must allege that AFBA, 5Star, and 5Star

15   Financial abused their corporate status to effectuate a fraud or injustice.  *See Erkenbrecher*, 187

16   Cal. at 11; *see also Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 2d 203, 207

17   (S.D.N.Y. 2002) (an overall element of injustice or unfairness *must always be present* in alter ego

18   allegations). The fact that Lovesy might remain unsatisfied if AFBA, 5Star, and 5Star Financial

19   are not deemed alter egos of one another is not sufficient to save his claims from dismissal.

20   *Roman Catholic Archbishop*, 15 Cal. App. 3d at 412; *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at

21   842.  Lovesy makes no specific allegations that fraud or injustice would result from failure to

22   disregard AFBA, 5Star, and 5Star Financial's corporate structures.  As such, the corporate forms

23   of AFBA, 5Star, and 5Star Financial must be honored, and paragraph 7, containing Lovesy's alter

24   ego allegations, is stricken as irrelevant and immaterial.  Fed. R. Civ. Proc. 12(f).

25              **4.      Motion for a More Definite Statement.**

26            Absent Lovesy's alter ego allegations, the SAC is vague and ambiguous in that it

27   references AFBA, 5Star, and 5Star Financial jointly in all charging allegations.  AFBA and 5Star

28   cannot determine which allegations are made against each of them, and therefore, cannot

DLA PIPER US LLP
SAN DIEGO

SD\1777231.1
332602-3

-4-

[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    reasonably be expected to formulate a response to the SAC.  *See* Fed. R. Civ. Proc. 12(e).

2    Accordingly, AFBA and 5Star's Motion for a More Definite Statement is granted with respect to

3    all references to "AFBA/5Star."  Lovesy must file a more definite statement clarifying each

4    reference to "AFBA/5Star" by specifying to which of AFBA, 5Star, and/or 5Star Financial the

5    phrase refers each time it appears in the SAC.

6        **B.    Lovesy's Request for Restitution.**

7        In connection with his cause of action under the UCL, Lovesy appears to request

8    restitution.  Specifically, Lovesy claims that AFBA and 5Star "deprived [Lovesy] of the benefits

9    to which he is entitled" and therefore "Defendants are involuntary trustees holding any proceeds

10   obtained therefrom in constructive trust."  (SAC at ¶ 102.)  Lovesy then alleges, "defendants have

11   been unjustly enriched by their wrongful conduct, which thereby justifies the imposition of a

12   constructive trust."  (SAC at ¶ 103.)  Lovesy fails to explain the nature of the benefits of which he

13   was purportedly deprived, and how Defendants were unjustly enriched by their alleged conduct.

14   These allegations are simply insufficient to give AFBA and 5Star fair notice of what Lovesy's

15   claim is and on what grounds it rests.  *See Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103

16   (1957).

17       Moreover, Lovesy is not entitled to restitution under any theory.  Lovesy has no vested

18   right to the commissions purportedly deprived of him, and therefore, his request for restitution is

19   improper.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003); *Vikco*

20   *Ins. Servs., Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 67 (1999).  Lovesy's allegations in

21   paragraphs 102 and 103 of the SAC can only relate to an improper claim for nonrestitutionary

22   disgorgement, and are in that respect, impertinent and immaterial.  *Bureerong*, 922 F. Supp. at

23   1479 n.34.  Accordingly, AFBA and 5Star's motion to strike is granted with respect to paragraphs

24   102 and 103 of the SAC.

25       **C.    Lovesy's Request for Damages.**

26       With respect to his eighth cause of action for violation of the UCL, Lovesy seeks

27   "damages according to proof."  (SAC at 22, ln. 7.)  Damages are not permissible under the UCL.

28   Cal. Bus. & Prof. Code § 17203; *see also*, *e.g.*, *Bank of the West v. Superior Court*, 2 Cal. 4th

DLA PIPER US LLP
SAN DIEGO

-5-

SD\1777231.1
332602-3          [PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
                  LOVESY'S SECOND AMENDED COMPLAINT          CASE NO. C 07-2745 SBA

1  1254, 1266 (1992); *Heller v. Norcal Mut. Ins. Co.*, 8 Cal. 4th 30, 45 (1994); *Cacique, Inc. v.*

2  *Robert Reiser & Co.*, 169 F.3d 619, 624 (9th Cir. 1999); *Indep. Housing Servs. v. Fillmore*, 840

3  F. Supp. 1328, 1358 (N.D. Cal. 1993); *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542,

4  1550 n.14 (N.D. Cal. 1990).  Lovesy's request for damages under the UCL, memorialized in line

5  7 of page 22 of the SAC, is therefore, stricken.

6  **D.    Lovesy's Request for Attorneys' Fees.**

7  Lovesy's prayer for relief includes a request for attorneys' fees in connection with his

8  breach of contract and breach of covenant claims.  (SAC at 20, ln. 15, 22.)  Attorneys' fees are

9  not taxable as costs against a losing party and are not generally recoverable as an element of

10  damages.  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Fogerty v. Fantasy, Inc.*, 510 U.S.

11  517, 533 (1994).  Lovesy has asserted no contract provision under which he is entitled to

12  attorneys' fees, nor has Lovesy establish an equitable right to attorneys' fees.  Accordingly,

13  Lovesy is not entitled to attorneys' fees, as a matter of law, with respect to his breach of contract

14  and breach of covenant claims.  Lines 15 and 22 of page 20 of the SAC, which contain Lovesy's

15  request for attorneys' fees, are therefore, stricken.

16  **IV.    CONCLUSION**

17  For the foregoing reasons, AFBA and 5Star's Motion to Strike Lovesy's Second

18  Amended Complaint is GRANTED.  The following portions of the Second Amended Complaint

19  are hereby stricken:

20  1.    Paragraph 7 in its entirety;

21  2.    Paragraph 12 in its entirety;

22  3.    Paragraph 103 in its entirety;

23  4.    Paragraph 104 in its entirety;

24  5.    Page 20, lines 15 and 22; and

25  6.    Page 7, line 22

26  Further, the Court GRANTS AFBA and 5Star's Motion for a More Definite Statement

27  with respect to all references to "AFBA/5Star."  Within 10 days of entry of this Opinion, Lovesy

28  is ordered to file a more definite statement clarifying each reference to "AFBA/5Star."

DLA PIPER US LLP
SAN DIEGO

SD\1777231.1
332602-3

-6-

[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT     CASE NO. C 07-2745 SBA

1    Specifically, Lovesy must state, with respect to each reference to "AFBA/5Star," whether the

2    phrase refers to AFBA, 5Star, and/or 5Star Financial.

3          IT IS SO ORDERED.

4    Dated: _____

5                                                    By   _____

6                                                         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1777231.1
332602-3

-7-

[PROPOSED] ORDER GRANTING AFBA AND 5STAR'S MOTION TO DISMISS
LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA