CHARLES L. DEEM, Bar No. CA-110557
BROOKE L. KILLIAN, Bar No. CA-239298
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION,
5STAR LIFE INSURANCE, LLC, and
5STAR FINANCIAL LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., | CASE NO. C 07-2745 SBA<br><br>**SPECIAL APPEARANCE**<br><br>**DEFENDANT 5STAR FINANCIAL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF BRAD LOVESY'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: February 26, 2008<br>Time: 1:00 p.m.<br>Courtroom: 3<br>Judge: Hon. Saundra B. Armstrong |

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-1-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, February 26, 2008 at 1:00 p.m., or as soon thereafter as can be heard, in Courtroom 3 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Third Floor, Oakland, CA 94612-5212, Defendant 5Star Financial, LLC, erroneously sued herein as 5Star Financial LLC, 5Star Financial Services Company ("5Star Financial"), will specially appear, and will and hereby does move the Court for an order dismissing Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint ("SAC") for lack of personal jurisdiction.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground the Court does not have authority to exercise general or specific jurisdiction over 5Star Financial. More specifically, 5Star Financial asserts the following:

- General Jurisdiction: The Court lacks general jurisdiction over 5Star Financial because 5Star Financial has no contacts with the State of California, and is not the alter ego of any entity with systematic or continuous contacts in California.

- Specific Jurisdiction: Specific jurisdiction does not exist over 5Star Financial because 5Star Financial has not purposefully availed itself of the privilege of conducting activities in California and Lovesy's causes of action against 5Star Financial do not arise out of California. Further, exercise of jurisdiction over 5Star Financial would be unreasonable in this case because judicial economy favors a Virginia forum and 5Star Financial wholly lacks contacts with the State of California.

Defendants base this motion on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss for Lack of Personal Jurisdiction and Exhibits A, B, and C thereto, the pleadings and records on file with this Court, all matters of which this Court may take judicial notice, and such argument as may be presented at the hearing on this motion.

/////

/////

-2-
SD\1776451.3
332602-3
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

1  Counsel for Defendant 5Star Financial LLC certifies that they have met and conferred in
2  good faith with Counsel for Lovesy regarding this Motion and were unable to resolve the issue.
3  Dated: December 20, 2007

DLA PIPER US LLP

By   /s/ Charles L. Deem
      CHARLES L. DEEM
      Attorneys for Defendants
      5STAR FINANCIAL LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant 5Star Financial LLC, erroneously sued herein as 5Star Financial LLC, 5Star Financial Services Company, ("5Star Financial" or the "LLC") specially appears and hereby submits the following points and authorities in support of its Motion to Dismiss Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint for Damages.

## I.   INTRODUCTION

By virtue of the fact that 5Star Financial has no contacts with the State of California, exercise of personal jurisdiction over 5Star Financial in this matter, thereby requiring 5Star Financial to defend itself cross-country in this lawsuit, is constitutionally impermissible. 5Star Financial, a Virginia-based company with no operations, property, employees, or ongoing business in the State of California, should not be made to answer Lovesy's SAC in this Court. 5Star Financial is not the alter ego or agent of Defendants Armed Forces Benefit Association ("AFBA") and 5Star Life Insurance Company ("5Star Life"). To the contrary, 5Star Financial exists to create distinction among AFBA, 5Star Life, and 5Star Financial. Accordingly, exercise of jurisdiction over 5Star Financial is not appropriate. 5Star Financial appears specially to respectfully request that the Court grant its motion to dismiss for lack of personal jurisdiction.

## II.   FACTUAL BACKGROUND PERTINENT TO JURISDICTION

On November 16, 2007, Lovesy filed a Second Amended Complaint ("SAC") for damages, naming for the first time 5Star Financial as a defendant. (SAC at ¶ 4.) By stipulation, 5Star Financial agreed to accept service of summons and the SAC, deemed effective on December 6, 2007, without waiving its right to object to the SAC on the ground that the Court lacks personal jurisdiction over 5Star Financial.

5Star Financial is a limited liability company existing under the laws of the Commonwealth of Virginia, with its only place of business in Alexandria, Virginia. (*See* Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss for Lack of Personal Jurisdiction ("Wong Decl.") at ¶¶ 3-4.) The LLC is a financial services holding company that owns for-profit corporations in which AFBA, a non-profit voluntary employees' beneficiary association, has made arm's length investments and, which in turn, provide services

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-1-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

1   and products to the general marketplace, including to members of AFBA.  (Wong Decl. at ¶¶ 6-
2   7.)  Under 5Star Financial's umbrella are three for-profit entities, 5Star Bank, 5Star Life, and
3   AFBA 5Star Investment Management Co., as well as four limited operational subsidiaries.
4   (Wong Dec. at ¶ 6.)

5       5Star Financial has no operations of its own, other than its role as landlord of a single
6   Virginia-based commercial premise.  (Wong Dec. at ¶ 8.)  It does not have any offices,
7   employees, telephone listings, or mailing addresses in California, and has never paid taxes to or
8   owned real property in California.  (Wong Dec. at ¶¶ 9-11.)  The LLC is not, and has never been,
9   required to have a designated agent for service of process in California and has never held board
10  or shareholder meetings in California.  (Wong Dec. at ¶¶ 12-13.)  In fact, 5Star Financial owns
11  only one piece of real property and has only one member (shareholder) – both of which are
12  located in Virginia. (Wong Dec. at ¶¶ 4-5.)

13      **III.**    **THE COURT LACKS JURISDICTION OVER 5STAR FINANCIAL LLC.**

14      **A.**    **Jurisdiction Is Appropriate Only If Minimum Contacts with the Forum State**
15  **Exist Such That Exercise of Personal Jurisdiction Is Fair and Just.**

16      The starting point for any analysis of personal jurisdiction in a federal case is the "long
17  arm" statute of the state where the case is pending.  *See Data Disc, Inc. v. Sys. Tech. Assoc, Inc.*,
18  557 F.2d 1280, 1286 (9th Cir. 1977); Fed. R. Civ. Proc. 4(k)(1)(A).  Under California's "long-
19  arm" statute, California courts may exercise jurisdiction over nonresident defendants only to the
20  extent permitted under the Due Process clause of the U.S. Constitution.  Cal. Civ. Proc. Code
21  § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the
22  Constitution of this state or of the United States"); *see also Data Disc*, 557 F.2d at 1286.  In
23  interpreting the extent of a state's long arm statute, federal law is controlling, although the court
24  may consider state court cases as persuasive authority.  *Data Disc*, 557 F.2d at 1286 n.3.

25      Constitutional due process allows California courts to assert personal jurisdiction over a
26  nonresident defendant only if that defendant has "certain minimum contacts with [the forum] such
27  that the maintenance of the suit does not offend traditional notions of fair play and substantial
28  justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-2-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION   CASE NO. C 07-2745 SBA

1  The concept of minimum contacts "protects the defendant against the burdens of litigating in a
2  distant or inconvenient forum" and "acts to ensure that the States through their courts, do not
3  reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal
4  system." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

5  Personal jurisdiction may arise as either general jurisdiction over the defendant for all
6  purposes or as specific jurisdiction over a specific cause or causes of action involving the
7  defendant. *See Data Disc*, 557 F.2d at 1287. Lovesy cannot show that this Court has either
8  general or specific jurisdiction over 5Star Financial because that entity has no contacts with the
9  State of California. The SAC should therefore be dismissed under Rule 12(b)(2) of the Federal
10 Rules of Civil Procedure.

11 **B.    Plaintiff Bears the Burden of Proof on a Motion to Dismiss for Lack of**
12 **Personal Jurisdiction.**

13 A defendant may bring a motion to dismiss challenging the Court's exercise of
14 jurisdiction over the defendant. Fed. R. Civ. Proc. 12(b)(2). Although the defendant is the
15 moving party, the plaintiff bears the burden of proving that the court has jurisdiction over the
16 defendant. *Data Disc*, 557 F.2d at 1285 ("[i]t is clear that the party seeking to invoke the
17 jurisdiction of the federal court has the burden of establishing that jurisdiction exists."). **A court**
18 **"may not assume the truth of allegations in a pleading which are contradicted by affidavit."**
19 *Id.* at 1284 (emphasis added) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th
20 Cir. 1967)).

21 **C.    The Court Cannot Exercise General Jurisdiction Over 5Star Financial.**

22 The burden on Lovesy to present evidence of contacts between 5Star Financial and the
23 forum state sufficient for the purposes of general jurisdiction is high. *See Stomp, Inc. v. Neato,*
24 *LLC*, 61 F. Supp. 2d 1074, 1077 n.5 (C.D. Cal. 1999) (assertion of general jurisdiction requires a
25 higher threshold showing of minimum contacts than the showing necessary to establish special
26 jurisdiction). "This is an exacting standard, as it should be, because a finding of general
27 jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its
28 activities anywhere in the world." *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d

DLA PIPER US LLP
  SAN DIEGO
SD\1776451.3
332602-3
-3-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

1013, 1017 (N.D. Cal. 2005) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). General jurisdiction can only exist if 5Star Financial's contacts with California are so pervasive that they take the place of physical presence in the forum state as a basis for jurisdiction—in short, the contacts must be <u>substantial</u>, <u>continuous</u>, and <u>systematic</u>. *Vons Cos. v. Seabest Foods, Inc.*, 14 Cal. 4th 434, 445-46 (1996); *Data Disc*, 557 F.2d at 1287 (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)).

### 1. 5Star Financial Has No Direct Contacts with California.

5Star Financial does not have any contacts with California that might traditionally warrant imposition of personal jurisdiction over a nonresident corporate defendant. 5Star Financial has no employees, offices, telephone listings, or mailing addresses in California. (Wong Decl. at ¶ 9.) As 5Star Financial's only operations involve serving as the landlord for a commercial building in Virginia, 5Star Financial has no business activities that occur in California. (Wong Decl. at ¶ 8.) The LLC has never paid taxes or owned real property California. (Wong Decl. at ¶¶ 10-11.) None of 5Star Financial's limited activities are directed at California, and therefore, personal jurisdiction is not proper.

### 2. Lovesy's Allegations and Legal Conclusions Regarding Jurisdiction Are Incorrect and Unreasonable.

Lovesy's factual allegations related to jurisdiction are contradicted by Mr. Wong's declaration, and Lovesy's legal conclusions are improper. Lovesy makes two basic assertions relevant to the question of jurisdiction. First, Lovesy alleges on information and belief that 5Star Financial is "doing business in the City and County of San Francisco, State of California." (SAC at ¶ 4.) Second, Lovesy implies that 5Star Financial is the alter ego and/or agent of AFBA and/or 5Star Life, who purportedly do business in California. (SAC at ¶ 7.) Each of Lovesy's factual allegations and legal conclusions are improper, and cannot serve as a basis for personal jurisdiction.

#### a. 5Star Financial Is Not "Doing Business" in California.

Lovesy makes the factual and/or legal conclusion that 5Star Financial is "doing business" in California. (SAC at ¶ 4.) Lovesy's allegation is absolutely wrong. "Doing business" is a

vague term, but regardless of how the term is defined, 5Star Financial's non-existent contacts with California cannot constitute "doing business" in California.

In its legal sense, "doing business" in a state subjects a corporation to taxation in that state. *See* Cal. Rev. & Tax Code § 23151.  5Star Financial has never been subject to taxation, nor paid taxes, in California; consequently, 5Star Financial is not "doing business" in California in the legal sense of that phrase. (Wong Decl. at ¶ 10.)  Even in the colloquial context, in which "doing business" typically means buying or offering for sale goods or services, 5Star Financial does not qualify as "doing business" in California.  To the contrary, 5Star Financial has no independent operations of its own, aside from managing a Virginia-based property, and therefore, conducts no independent operations in California.  (Wong Decl. at ¶ 8.)  5Star Financial operates no facilities in California at which it could possibly "do business," and has no employees in California through which it could conduct business.  Further, Californians cannot directly access 5Star Financial services or goods.  Aside from not having any goods or services to access, 5Star Financial has no independent website, catalogue, or phone number through which goods or services could be accessed.  (Wong Decl. at ¶¶ 14-15.)  Lovesy's allegations that 5Star Financial is "doing business" in California are conclusory and without basis in fact.  As such, 5Star Financial cannot be subjected to personal jurisdiction in California based on Lovesy's incorrect allegations that 5Star Financial is "doing business" in California.

### b.     5Star Financial Is Not the Alter Ego of AFBA

Next, Lovesy claims that 5Star Financial is an "umbrella corporation of the for-profit businesses operated under the umbrella of, and in reliance upon the name, reputation, and membership list of, AFBA." (SAC at ¶ 4.)  5Star Financial anticipates Lovesy will argue that 5Star Financial is subject to personal jurisdiction in California based on AFBA's purported contacts with the State of California.  Lovesy's argument, if asserted, requires Lovesy to make a prima facie showing that 5Star Financial is the alter ego of AFBA, a showing that Lovesy cannot make.

A foreign corporation's contacts with the forum state do not automatically subject a corporation in which it invests to jurisdiction in the forum state. *See Am. Tel. & Tel. Co. v.*

-5-

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION     CASE NO. C 07-2745 SBA

1 *Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).  A subsidiary corporation is
2 only subject to jurisdiction in the state of its parent if it is the alter ego of the parent.  *Id.*

3       To establish that a subsidiary corporation is the alter ego of its parent, a plaintiff must
4 make out a prima facie case of alter ego liability, namely, by demonstrating that (1) there is such
5 a unity of interest and ownership that the separate personalities of the parent and subsidiary no
6 longer exist, and (2) failure to disregard the parent and subsidiary's separate entities would result
7 in fraud or injustice.  *Id.* (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir.
8 1984)).  Neither element is present in this case.

9       To demonstrate a unity of interest, it is not sufficient that the parent conducted activities
10 such as guaranteeing loans, reviewing and approving the subsidiary's major decisions, placing its
11 own directors on the subsidiary's board, and/or involving itself closely with the subsidiary's
12 pricing decisions; rather, the plaintiff must submit affidavits demonstrating facts such as
13 converting corporate assets for shareholder use, dealing with two corporations as if they were
14 one, and transferring assets among the corporations in a manner that leaves some of them
15 undercapitalized.  Compare *Kramer Motors, Inc. v. British Leyland, Ltd.,* 628 F.2d 1175, 1177
16 (9th Cir. 1980) and *Flynt Distrib. Co.,* 734 F.2d at 1393-94.

17       5Star Financial does not share a "unity of interest" with AFBA such that their separate
18 personalities cease to exist.  At the most basic level, the very corporate structures of 5Star
19 Financial and AFBA prevent them from ever sharing a unity of interest:  5Star Financial exists as
20 a for-profit corporation, while AFBA is a non-profit organization.  (Wong, at ¶¶ 3, 7.)  The
21 interests of for-profit and non-profit organizations are entirely distinct.  Further, with one
22 exception, AFBA and 5Star Financial have no overlapping officers, directors, or employees.
23 (Wong, at ¶ 16.)  AFBA does not control, or exercise oversight of, 5Star Financial's decisions, in
24 large part because 5Star Financial *makes virtually no operational decisions*.  (Wong, at ¶ 17.)
25 AFBA plays no role in the day-to-day management of 5Star Financial, and interacts with 5Star
26 Financial only to the extent that such interaction is necessary to invest in 5Star Financial's
27 subsidiary companies.  (Wong, at ¶¶ 18-19.)  Based on these facts, Lovesy cannot make a prima
28 /////

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-6-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

facie showing that AFBA and 5Star have a minimal commonality, much less a showing of facts supporting conversion or purposeful asset transferring.

But the inquiry does not end there. In order to make a prima facie showing of alter ego liability, Lovesy must also demonstrate that fraud or injustice would result from failure to disregard the independent status of the corporations. *Am. Tel. & Tel. Co.*, 94 F.3d 586 at 591. That is, Lovesy must make a prima facie showing that one corporate entity abused the corporate form of another to the prejudice of the third party plaintiff. *Erkenbrecher v. Grant*, 187 Cal. 7, 11 (1921); *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849, 862 (1953). "There must be an abuse of the corporate form to effect a fraud or an injustice—some sort of 'elaborate shell game.'" *Official Comm. of Unsecured Creditors of Sunbeam Corp. v. Morgan Stanley & Co.*, 284 B.R. 355, 365-366 (S.D.N.Y. Bankr. 2002). Lovesy fails to articulate any type of conduct by 5Star Financial that would amount to abuse of its corporate form.

Lovesy has not – and cannot – make a prima facie showing that 5Star Financial and/or AFBA have a unity of interest and abused their corporate forms. A parent-subsidiary-like relationship, absent more, will not subject the subsidiary to jurisdiction because of the parent's contact in the forum state. *Am. Tel. & Tel. Co.*, 94 F.3d at 591. 5Star Financial cannot be subjected to personal jurisdiction in California based on Lovesy's incorrect allegations that 5Star Financial is the alter ego of AFBA.

### c. 5Star Financial Is Not the Agent or Alter Ego of 5Star Life.

Lovesy also alleges that 5Star Financial is the alter ego of 5Star Life. (SAC at ¶ 7.) 5Star Financial anticipates that Lovesy will argue that 5Star Financial is subject to jurisdiction in California because of 5Star Life's purported contacts with the State of California. Lovesy's argument, if made, must fail as Lovesy cannot state a prima facie case of alter ego liability or an agency relationship between 5Star Financial and 5Star Life.

Again, 5Star Financial cannot be subject to jurisdiction based solely on 5Star Life's contacts with the forum state. *Am. Tel. & Tel. Co.*, 94 F.3d at 591. 5Star Financial, a financial services holding company, can be subject to jurisdiction in the forum state based on the contacts of its affiliated entity only if the holding company it is the alter ego of the affiliate, or if the

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-7-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION   CASE NO. C 07-2745 SBA

1  affiliate acts as the holding company's general agent.  *See Harris Rutsky & Co. Ins. Servs., Inc. v.*
2  *Bell & Clements Ltd.*, 328 F.3d 1122, 1134–35 (9th Cir. 2003).  5Star Financial is not the alter
3  ego of 5Star Life, nor is 5Star Life the agent of 5Star Financial.

### (1) 5Star Financial Is Not the Alter Ego of 5Star Life.

Lovesy cannot make a prima facie case for alter ego liability among 5Star Financial and 5Star Life.  As described above, to establish alter ego liability, Lovesy must demonstrate that (1) there exists a unity of interest among 5Star Financial and 5Star Life, such that the separate personalities of the entities cease to exist, and (2) failure to disregard the corporate entity would result in fraud or injustice.  *Am. Tel. & Tel. Co.*, 94 F.3d at 591.  5Star Life is only one of three for-profit organizations owned by 5Star Financial. (Wong Decl. at ¶ 6.)  As such, 5Star Financial's purpose and goals as a financial services holding company are much broader than those of 5Star Life, which is principally purposed with selling insurance.  Moreover, as a matter of structure and management, 5Star Financial and 5Star Life share no unity of interest:  With one exception, 5Star Life and 5Star Financial share no officers and/or directors, and 5Star Financial does not control or exercise oversight of 5Star Life's decisions, nor participate in 5Star Life's day-to-day management.  (Wong Decl. at ¶¶ 21-23.)  Moreover, as discussed above, Lovesy has not made a prima facie showing of any specific fraud or injustice that would result from failure to disregard the corporate status.  Accordingly, 5Star Financial is not the alter ego of 5Star Life.

### (2) 5Star Life Is Not the Agent of 5Star Financial.

Lovesy has identified no facts supporting a prima facie showing that 5Star Life is an agent of 5Star Financial.  An affiliate is a general agent of a parent company if the affiliate engaged in activities that, but for the existence of the affiliate, the parent would have to undertake itself.  *Harris Rutsky & Co.*, 328 F.3d at 1134–35.  To satisfy the agency test, a plaintiff must make a prima facie showing that the affiliate performed activities "that, but for the existence of the subsidiary, the parent would have to undertake itself."  *Id.* (quoting *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1405-06 n.9 (9th Cir. 1994).  Such is not the case here.  5Star Life is purposed with providing life insurance products to members of the armed forces.  (Wong Decl. at ¶ 20.)

/////

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-8-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

5Star Financial would not engage in the business of selling life insurance products in the absence of 5Star Life. (Wong Decl. at ¶ 24.)

As Lovesy cannot establish a prima facie case that, but for the existence of 5Star Life, 5Star Financial would undertake to sell life insurance in California, 5Star Life is not the agent of 5Star Financial, and 5Star Financial is not subject to jurisdiction on an agency theory. Furthermore, as Lovesy cannot state a prima facie case of general jurisdiction over 5Star Financial on any theory, this Court must decline to exercise general jurisdiction over 5Star Financial.

### D.    The Court Cannot Exercise Specific Jurisdiction Over 5Star Financial.

Similarly, Lovesy's allegations are insufficient to make out the prima facie showing necessary to warrant imposition of specific jurisdiction over 5Star Financial. A nonresident defendant may be subject to specific jurisdiction in California only if (1) the nonresident defendant purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws, (2) the claim "arises out of or results from the defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable. *Data Disc*, 557 F.2d at 1287. Lovesy cannot make a prima facie showing with respect to any one of these elements.

#### 1.    Lovesy's Claims Do Not Arise From 5Star Financial's Purposeful Availment of the Privilege of Conducting Business in California.

Lovesy has not alleged facts, other than facts contradicted by Mr. Wong's declaration, that 5Star Financial directly conducts business in California or otherwise directed any action in the forum state, and therefore, Lovesy cannot meet his burden of establishing a prima facie case that his causes of actions arise out of 5Star Financial's purposeful availment of the privilege of conducting business in California.

Specific jurisdiction may be imposed only where the plaintiff's cause of action arises out of or is related to the nonresident's forum-related activities. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). To satisfy the "purposeful availment" prerequisite to specific jurisdiction, the nonresident defendant must have purposefully directed activities at forum
DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-9-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

residents or purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of local law. *Kulko v. Superior Court*, 436 U.S. 84, 94 (1978). The purposeful availment requirement protects nonresident defendants from being haled into court unforeseeably and as the result of "random, fortuitous or attenuated" contacts in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Imposition of specific personal jurisdiction on a nonresident is proper only when the defendant could reasonably anticipate being haled into court in the forum state. *World-Wide Volkswagen Corp.*, 444 U.S. at 297.

5Star Financial's contacts with California do not even arise to the level of "random, fortuitous or attenuated": They are nonexistent. Aside from managing a Virginia-based commercial premise, 5Star Financial conducts no independent business operations *anywhere*, much less in California. (Wong Decl. at ¶ 8.) The LLC owns no property, pays no taxes, and employs no personnel in California. (Wong Decl. at ¶¶ 9-11.) As a result of its complete lack of contact with the State of California, 5Star Financial could not reasonably anticipate being haled into court in California.[1]

Even if Lovesy could demonstrate that 5Star Financial had contacts with the State of California, none of these contacts could possibly relate to Lovesy's causes of action. Lovesy's claims are primarily contractual in nature.[2] 5Star Financial is not party to any of these contracts. (Wong Decl., Exhs. A through C.) Thus, absent alter ego liability (which is inappropriate, as described above), none of 5Star Financial's actions *anywhere*, much less in California, were the "but for" or proximate cause of Lovesy's purported damages. Lovesy's causes of action against

/////

---

[1] Lovesy may argue that 5Star Financial has purposefully availed itself of the forum state through its purported alter ego, 5Star Life. For all the reasons described in the previous section, 5Star Financial is not the alter ego of 5Star Life.

[2] Lovesy also alleges a cause of action under California Business Code section 17200. Even if Lovesy could show that this cause of action arose from activities by 5Star Financial in the forum state, Lovesy could not assert personal jurisdiction over 5Star Financial. Specific jurisdiction is permissible only if it exists with respect to each claim. *Data Disc*, 557 F.2d at 1289 n.8.

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-10-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

5Star Financial, therefore, do not arise out of California. *See Ballard v. Savage*, 65 F.3d 1496, 1500 (9th Cir. 1995).

Lovesy cannot make a prima facie showing that his causes of action each arose out of 5Star Financial's purposeful availment of California. Accordingly, exercise of specific jurisdiction over 5Star Financial is inappropriate. *See Burger King Corp.*, 471 U.S. at 476.

### 2.  Exercise of Jurisdiction over 5Star Financial Is Unreasonable.

Exercise of jurisdiction by the forum court must comport with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 477-78. In this case, however, exercise of jurisdiction over 5Star Financial would be unreasonable because the LLC has no contacts with the forum state and because judicial economy weighs heavily in favor of an alternative forum.

In determining whether the exercise of jurisdiction is constitutionally reasonable, courts consider a variety of factors including the extent of the defendant's availment of the forum state, judicial efficiency and the economic burden on the defendant in litigating in the forum state, and the interests of the forum state and the plaintiff in adjudicating the dispute in the forum state.[3] While it is true that California has some interest in litigating this dispute, brought by one of its residents, judicial economy requires a Virginia forum. All of the AFBA and 5Star Life witnesses with knowledge related to this suit, as well as any relevant documents, are located in Virginia, where Defendants AFBA, 5Star Life, and 5Star Financial reside. (Wong Decl. at ¶ 25.) Only one key witness, Lovesy, resides outside of Virginia.[4] Further, though Virginia may be less convenient for Lovesy, 5Star Financial is aware of no reason why Lovesy could not seek effective relief in that forum. Given that 5Star Financial has <u>no</u> contacts with the forum state, exercise of jurisdiction in this case would be particularly unreasonable, such that it would not accord with

---

[3] The complete list of factors considered by courts are as follows: (1) the extent of the defendant's purposeful interjection into the forum state; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1486-87 (9th Cir. 1994); *Burger King Corp.*, 471 U.S. at 476-77.

[4] According to the SAC, Defendant Theodore Shuey resides in Virginia. (SAC at ¶ 8.)

fair play and substantial justice. As such, 5Star Financial should not be subject to personal jurisdiction in the State of California.

Accordingly, 5Star Financial cannot be subjected to personal jurisdiction in California based on Lovesy's summary allegations that 5Star Financial is the alter ego of 5Star Life. Moreover, as Lovesy cannot establish a prima facie case for jurisdiction based on any theory, the Court cannot exercise personal jurisdiction over 5Star Financial.

### IV.   CONCLUSION

For the reasons set out above, Defendant 5Star Financial LLC, erroneously sued herein as 5Star Financial LLC, 5Star Financial Services Company, requests that the Court dismiss Lovesy's Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), on the ground that the Court lacks personal jurisdiction over 5Star Financial LLC.

Dated: December 20, 2007

DLA PIPER US LLP

By   /s/ Charles L. Deem
     CHARLES L. DEEM
     Attorneys for Defendants
     5STAR FINANCIAL LLC

DLA PIPER US LLP
SAN DIEGO

SD\1776451.3
332602-3

-12-
DEFENDANT 5STAR FINANCIAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION   CASE NO. C 07-2745 SBA