CHARLES L. DEEM, Bar No. CA-110557
BROOKE L. KILLIAN, Bar No. CA-239298
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION,
5STAR LIFE INSURANCE, LLC, and
5STAR FINANCIAL LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,<br><br>Defendants. | CASE NO. C 07-2745 SBA<br><br>**DECLARATION OF MICHAEL KIMO WONG IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:       February 26, 2008<br>Time:       1:00 p.m.<br>Courtroom: 3<br>Judge:      Hon. Saundra B. Armstrong |

I, Michael Kimo Wong, hereby declare as follows:

1. I am a resident of the State of Virginia and over the age of eighteen years. I have personal knowledge of each of the facts set forth in this declaration and if required, could and would competently testify thereto.

2. I am the Senior Vice President for Regional Operations for 5Star Life Insurance Company ("5Star Life"). Through the course of my employment at 5Star, I have become familiar with the corporate structure and business of 5Star Financial LLC ("5Star Financial"), a financial services holding company that owns of 5Star Life and other corporate entities.

DLA PIPER US LLP
SAN DIEGO

SD\1776950.1
332602-3

1
DECLARATION OF MICHAEL KIMO WONG IN SUPPORT OF DEFENDANT 5STAR FINANCIAL LLC'S MOTION TO DISMISS        CASE NO. C 07-2745 SBA

3. 5Star Financial is a limited liability company existing under the laws of the Commonwealth of Virginia. 5Star Financial is a for-profit corporation.

4. The only piece of real property owned by 5Star Financial is its place of business in Alexandria, Virginia. This is 5Star Financial's only place of business.

5. 5Star Financial has only one member/shareholder, who resides in Virginia.

6. 5Star Financial is a financial services holding company, with three for-profit, fully operational subsidiaries, 5Star Bank, 5Star Life, and AFBA 5Star Investment Management Co. (the "For-Profit Entities"), and four limited operational subsidiaries.

7. Armed Forces Benefit Association ("AFBA"), a non-profit voluntary employees' beneficiary association, has made arm's length investments in the For-Profit Entities. The For-Profit Entities provide services and products to the general marketplace, including to members of AFBA.

8. 5Star Financial has no business operations of its own, other than its role as landlord of a single Virginia-based commercial premise. 5Star Financial does not produce, market, purchase, or sell any goods or services.

9. 5Star Financial does not have any offices, facilities, places of business, employees, telephone listings, or mailing addresses in California.

10. 5Star Financial has never been subject to, or paid taxes in, California.

11. 5Star Financial has never owned real property in California.

12. 5Star Financial is not, and has never been, required to have a designated agent for service of process in California.

13. 5Star Financial has never held board or shareholder meetings in California.

14. 5Star Financial has no independent website and produces no catalogues.

15. 5Star Financial does not maintain a phone number through which consumers may access 5Star Financial.

16. With one exception, AFBA and 5Star Financial have no overlapping officers, directors, or employees.

/////

17. AFBA does not control, or exercise oversight of, 5Star Financial's decisions. In fact, except with respect to ownership of the Virginia-based premises described above in Paragraph 8, 5Star Financial makes no operational decisions.

18. AFBA plays no role in the day-to-day management of 5Star Financial.

19. AFBA only interacts with 5Star Financial to the extent that such interaction is necessary to invest in the subsidiary companies of 5Star Financial.

20. 5Star Life is purposed principally with providing life insurance products to members of the Armed Forces. 5Star Financial's purpose and goals as a financial services holding company are much broader than those of 5Star Life.

21. With one exception, 5Star Life and 5Star Financial share no officers and/or directors.

22. 5Star Financial does not control and does not review 5Star Life's decisions.

23. 5Star Financial does not participate in 5Star Life's day-to-day management.

24. 5Star Financial would not engage in the business of selling life insurance products in the absence of 5Star Life.

25. All of the AFBA, 5Star Financial, and 5Star Life witnesses with knowledge related to this suit, as well as any relevant documents, are located in Virginia, where defendants AFBA, 5Star Life, and 5Star Financial reside.

26. 5Star Financial is not party to any of the contracts referenced in Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint ("SAC").

27. Attached hereto as Exhibit A is a true and correct copy of an agreement between Brad Lovesy and AFBA Life Insurance Company titled "Field Service Representative Agreement." Mr. Lovesy executed the agreement on March 22, 2001. I executed the agreement on behalf of AFBA Life on April 6, 2001. The Field Service Representative Agreement is referenced by Mr. Lovesy in paragraph 22 of the SAC.

28. Attached hereto as Exhibit B is a true and correct copy of an agreement between Brad Lovesy and 5Star titled "Field Service Representative Compensation Addendum." Mr. Lovesy executed the agreement on June 4, 2003. I executed the agreement on behalf of 5Star

1  on June 20, 2003.  The Field Service Representative Compensation Addendum is referenced by
2  Mr. Lovesy in paragraph 19 of the SAC.
3       29.    Attached hereto as Exhibit C is a true and correct copy of an agreement between
4  Pacific Consolidated LLC and 5Star titled "Regional Sales Director Agreement."  Pacific
5  Consolidated LLC was the broker under whom Mr. Lovesy formerly operated.  Mr. Lovesy and
6  Blossom S. Osofsky executed the agreement on behalf of Pacific Consolidated LLC on May 31,
7  2001 and May 14, 2001, respectively.  I executed the agreement on behalf of 5Star on
8  September 10, 2001.  The Regional Sales Director Agreement is referenced by Mr. Lovesy in
9  paragraph 19 of the SAC.
10      I declare under penalty of perjury under the laws of the State of California and the United
11  States of the America that the foregoing is true and correct and that this declaration was executed
12  on December ____, 2007 in Alexandria, Virginia.

                                               MICHAEL KIMO WONG

DLA PIPER US LLP
SAN DIEGO

SD\1776950.1
332602-3

4
DECLARATION OF MICHAEL KIMO WONG IN SUPPORT OF DEFENDANT 5STAR
FINANCIAL LLC'S MOTION TO DISMISS    CASE NO. C 07-2745 SBA