UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,<br><br>Defendants. | CASE NO.  C 07-2745 SBA<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT 5STAR FINANCIAL LLC'S MOTION TO DISMISS PLAINTIFF BRAD LOVESY'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**<br><br>Date:        February 26, 2008<br>Time:       1:00 p.m.<br>Courtroom: 3<br>Judge:      Hon. Saundra B. Armstrong |

Defendant 5Star Financial LLC, erroneously sued as 5Star Financial LLC, 5Star Financial Services Company ("5Star Financial) moves to dismiss Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure on the ground this Court lacks personal jurisdiction over 5Star Financial.  Lovesy opposes the motion.

**I.        BACKGROUND**

On November 16, 2007, Lovesy filed the Second Amended Complaint ("SAC"), alleging causes of action against 5Star Financial for breach of contract, breach of the covenant of good faith and fair dealing, violation of California Business & Professions Code section 17200, and

DLA PIPER US LLP
SAN DIEGO

SD\1777217.1
332602-3

-1-
[PROPOSED] ORDER GRANTING DEFENDANT 5STAR FINANCIAL LLC'S
MOTION TO DISMISS FOR LACK OF JURISDICTION     CASE NO. C 07-2745 SBA

accounting. Lovesy served 5Star Financial with summons and the SAC on December 6, 2007. On December 26, 2007, 5Star Financial specially appeared and filed a timely motion to dismiss the SAC for lack of personal jurisdiction. Lovesy filed an opposition to the motion on **[DATE]**; Lovesy filed a reply brief on **[DATE]**. [The Court heard oral argument on 5Star Financial's Motion to Dismiss on **[DATE]**.] For the foregoing reasons, the Court grants 5Star Financial's Motion to Dismiss.

## II. FACTUAL BACKGROUND PERTINENT TO JURISDICTION

5Star Financial submitted the declaration of Michael Kimo Wong in support of its contention that 5Star Financial has no direct contacts with the State of California. The Court finds that Mr. Wong's declaration contradicts the allegations in the SAC, and recites the factual background of this case as stated therein.

5Star Financial is a limited liability company existing under the laws of the Commonwealth of Virginia, with its only place of business in Alexandria, Virginia. (*See* Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss for Lack of Personal Jurisdiction ("Wong Decl.") at ¶ 3.) 5Star Financial is a holding company, which houses for-profit corporations in which AFBA, a non-profit voluntary employees' beneficiary association, has made arm's length investments and, which in turn, provide services and products to the general marketplace, including to members of AFBA. (Wong Decl. at ¶ 7.) Under 5Star Financial's umbrella are three for-profit entities, 5Star Bank, 5Star Life, and AFBA 5Star Fund, Inc., as well as four limited operational subsidiaries. (Wong Dec. at ¶ 6.)

5Star Financial has no operations of its own. (Wong Dec. at ¶ 8.) It does not have any offices, employees, telephone listings, or mailing addresses in California, and has never paid taxes to or owned real property in California. (Wong Dec. at ¶ 9.) 5Star Financial is not, and has never been, required to have a designated agent for service of process in California, and has never held board or shareholder meetings in California. (Wong Dec. at ¶¶ 12-13.) 5Star Financial owns only one piece of real property and has only one member (shareholder) – both of which are located in Virginia. (Wong Dec. at ¶¶ 4-5.)

/////

DLA PIPER US LLP
SAN DIEGO

SD\1777217.1
332602-3

-2-
[PROPOSED] ORDER GRANTING DEFENDANT 5STAR FINANCIAL LLC'S
MOTION TO DISMISS FOR LACK OF JURISDICTION   CASE NO. C 07-2745 SBA

## III. DISCUSSION

### A. Legal Standard.

A defendant may bring a motion to dismiss challenging the Court's exercise of jurisdiction over the defendant. Fed. R. Civ. Proc. 12(b)(2). Although the defendant is the moving party, the plaintiff bears the burden of proving that the court has jurisdiction over the defendant. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) ("[i]t is clear that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists."). A court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Id.* at 1284 (emphasis added) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634,639 (9th Cir. 1967)).

Personal jurisdiction may arise as either general jurisdiction over the defendant for all purposes or as specific jurisdiction over a specific cause or causes of action involving the defendant. *See Data Disc*, 557 F.2d at 1287. 5Star Financial is not subject to personal jurisdiction in the State of California under either theory.

### B. General Jurisdiction.

A plaintiff's burden to present evidence of contacts between a defendant and the forum state sufficient to warrant imposition of general jurisdiction is high. *See Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1077 n.5 (C.D. Cal. 1999). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Coremetrics, Inc. v. AtomicPark.com, LLC*, 370 F. Supp. 2d 1013 (N.D. Cal. 2005) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). General jurisdiction can only exist if 5Star Financial's contacts with California are so pervasive that they take the place of physical presence in the forum state as a basis for jurisdiction—in short, the contacts must be <u>substantial</u>, <u>continuous</u>, and <u>systematic</u>. *Vons Cos. v. Seabest Foods, Inc*., 14 Cal. 4th 434, 445-46 (1996); *Data Disc*, 557 F.2d at 1287 (quoting *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952)).

/////

-3-
SD\1777217.1
332602-3
[PROPOSED] ORDER GRANTING DEFENDANT 5STAR FINANCIAL LLC'S
MOTION TO DISMISS FOR LACK OF JURISDICTION     CASE NO. C 07-2745 SBA

DLA PIPER US LLP
SAN DIEGO

1    Such is not the case here.  5Star Financial has no contacts with the State of California that
2 might warrant imposition of personal jurisdiction.  5Star Financial has no business activities,
3 employees, offices, telephone listings, or mailing addresses in California, and has never paid
4 taxes or owned real property in California.  Lovesy has presented no facts sufficient to subject
5 5Star Financial to personal jurisdiction in California directly.  *See Vons Cos.*, 14 Cal. 4th at 445-
6 46; *Data Disc*, 557 F.2d at 1287.

7    Further, Lovesy's allegations regarding alter ego and agency are not sufficient to
8 indirectly subject 5Star Financial to personal jurisdiction in California.  Lovesy has not presented
9 a prima facie case supporting his superficial assertions that 5Star Financial is the alter ego of
10 AFBA and/or 5Star Life, or that 5Star Life is the agent of 5Star Financial.  In particular, the SAC
11 is void of any allegations, and Lovesy fails to present any evidence, supporting a finding that
12 5Star Financial abused, in any way, the corporate structure of AFBA, 5Star Life, or 5Star
13 Financial in a manner that constituted a fraud or injustice on Lovesy.  Accordingly, Lovesy's
14 allegations of alter ego and agency liability must fail, and consequently, 5Star Financial cannot be
15 properly subject to general jurisdiction in California.  *See Am. Tel. & Tel. Co. v. Compagnie*
16 *Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996).

17    **C.    Specific Jurisdiction.**

18    Similarly, Lovesy's allegations are insufficient to make out the prima facie showing
19 necessary to warrant imposition of specific jurisdiction over 5Star Financial.  A nonresident
20 defendant may be subject to specific jurisdiction in California only if (1) the nonresident
21 defendant purposefully avails himself of the privilege of conducting activities in the forum,
22 thereby invoking the benefits and protections of its laws, (2) the claim "arises out of or results
23 from the defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable.
24 *Data Disc*, 557 F.2d at 1287.  Lovesy's opposition is deficient with respect to each of these
25 elements.
26    First, to satisfy the "purposeful availment" prerequisite to specific jurisdiction, the
27 nonresident defendant must have purposefully directed activities at forum residents or
28 purposefully availed itself of the privilege of conducting activities within the forum state, thereby

DLA PIPER US LLP
SAN DIEGO

SD\1777217.1
332602-3

-4-
[PROPOSED] ORDER GRANTING DEFENDANT 5STAR FINANCIAL LLC'S
MOTION TO DISMISS FOR LACK OF JURISDICTION    CASE NO. C 07-2745 SBA

invoking the benefits and protections of local law. *Kulko v. Superior Court*, 436 U.S. 84, 94 (1978). The purposeful availment requirement protects nonresident defendants from being haled into court unforeseeably and as the result of "random, fortuitous or attenuated" contacts in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). 5Star Financial's contacts with California do not even arise to the level of "random, fortuitous or attenuated": They are nonexistent. As a result of its complete lack of contact with the State of California, 5Star Financial could not reasonably anticipate being haled into court in California. Moreover, Lovesy's causes of action, which are based in contract, could not possibly relate to any activities by 5Star Financial in California, as 5Star Financial is not a party to any of the underlying contracts and consequently, could not have engaged in any activities in California related to the contracts. Lovesy's causes of action against 5Star Financial, therefore, do not arise out of California. *See Ballard v. Savage*, 65 F.3d 1496, 1500 (9th Cir. 1995).

Finally, the exercise of personal jurisdiction by this Court would not comport with notions of fair play and substantial justice. *See Burger King Corp.*, 471 U.S. at 477-78. The exercise of jurisdiction over 5Star Financial is unreasonable because 5Star Financial has no contacts with the forum state and because judicial economy weighs heavily in favor of a Virginia forum.

Accordingly, Lovesy fails to establish a prima facie case for jurisdiction based on any theory, and this Court will not subject 5Star Financial to personal jurisdiction in California based on Lovesy's summary allegations.

## IV. CONCLUSION

For the foregoing reasons, 5Star Financial's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. Lovesy's Second Amended Complaint is dismissed in its entirety with respect to 5Star Financial LLC.

IT IS SO ORDERED.

Dated: _____

By _____
UNITED STATES DISTRICT JUDGE

DLA PIPER US LLP
SAN DIEGO

SD\1777217.1
332602-3

-5-
[PROPOSED] ORDER GRANTING DEFENDANT 5STAR FINANCIAL LLC'S
MOTION TO DISMISS FOR LACK OF JURISDICTION     CASE NO. C 07-2745 SBA