1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Elizabeth J. Gehlhar (Bar No. 213054)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, CA 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiff BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7  Charles L. Deem (Bar No. CA-110557)
   Brooke L. Killian (Bar No. CA-239298)
8  DLA PIPER US LLP
   401 B Street, Suite 1700
9  San Diego, CA 92101-4297
   Telephone: 619.699.2700
10 Facsimile: 619.699.2701

11 Attorney for Defendants
   ARMED FORCES BENEFIT ASSOCIATION
12 and 5STAR LIFE INSURANCE COMPANY

13 Michael T. McKeeman (Bar No. 173662)
   Robin M. Cleary (Bar No. 192489)
14 SEYFARTH SHAW LLP
   560 Mission Street, Suite 3100
15 San Francisco, California 94105
   Telephone: 415.397.2823
16 Facsimile: 415.397.8549

17 Attorneys for Defendants
   THE SHUEY AGENCY, INC.,
18 TGS GROUP, INC. and TED SHUEY

19                    UNITED STATES DISTRICT COURT

20                 NORTHERN DISTRICT OF CALIFORNIA

21 BRAD LOVESY and PACIFIC                Case No. C 07-2745 SBA
   CONSOLIDATED INVESTMENTS, INC., a
   Nevada corporation,                    **JOINT CASE MANAGEMENT
22                                         STATEMENT**
               Plaintiffs,
23                                         Hearing Type: Initial Case Management
           vs.                                          Conference
24 ARMED FORCES BENEFIT                    Date:       November 7, 2007
   ASSOCIATION; THE 5STAR                  Time:       2:45 p.m.
25 ASSOCIATION, 5STAR FINANCIAL, LLC,      Ctrm:       3
   5STAR FINANCIAL SERVICES               Judge:      Hon. Saundra B. Armstrong
26 COMPANY, and 5STAR LIFE INSURANCE,
   LLC; TED SHUEY, individually, doing    Complaint Filed:   May 24, 2007
27 business as, THE SHUEY AGENCY, INC.,
   AND TGS GROUP, INC.,
28
               Defendants.

1      Plaintiffs Brad Lovesy ("Mr. Lovesy") and Pacific Consolidated Investments, Inc.

2 ("Pacific Consolidated") (collectively "Plaintiffs") and Defendants Armed Forces Benefit

3 Association ("AFBA"), 5Star Life Insurance Company, formerly known as AFBA Life

4 Insurance Company ("5Star Life"), TGS Group, Inc. ("TGS"), The Shuey Agency, Inc.

5 ("Shuey Agency") and Ted Shuey ("Mr. Shuey") (collectively "Defendants" unless

6 otherwise noted) jointly submit this Case Management Statement and Proposed Order and

7 request the Court to adopt it as its Case Management Order in this case.

8      Defendant 5Star Financial, LLC ("5Star Financial") did not participate in the

9 preparation of this Joint Case Management Statement.  By special appearance and motion,

10 5Star Financial has objected to the Court's exercise of personal jurisdiction over it for

11 purposes of this lawsuit.

12    **1.**    **Jurisdiction and Service:**

13      With respect to subject matter jurisdiction, this Court has jurisdiction over this

14 matter pursuant to 28 U.S.C. Section 1332, as the matter in controversy exceeds

15 $75,000.00, exclusive of interest and costs, and is between citizens of different States.

16 Two challenges to personal jurisdiction have been made at this time:  Defendants 5Star

17 Financial and TGS Group, Inc. have filed motions to dismiss the Second Amended

18 Complaint ("SAC") on the ground that the Court lacks personal jurisdiction over 5Star

19 Financial and TGS Group, Inc.

20      With the exception of Defendants the 5Star Association and 5Star Financial

21 Services Company, all Defendants named in the SAC have been served.[1]  Defendants the

22 5Star Association and 5Star Financial Services Company are not entities with legal

23 existence under the laws of any state or country.  On December 5, 2007, Counsel for

24 Defendants AFBA, 5Star Life, and 5Star Financial informed Counsel for Plaintiffs by

25 letter that "the 5Star Association" is an informal name associated with Defendant AFBA.

26

27

28    [1] Counsel for AFBA and 5Star Life offered to accept service of process on behalf of 5Star Financial, subject to 5Star Financial's right to object on the grounds of personal jurisdiction.  By letter dated December 6, 2007, Counsel for Lovesy accepted the offer.

1  Further, purported Defendant 5Star Financial Services Company is not an independent,

2  legal entity, and appears to refer to "5Star Financial LLC," which is an independent, legal

3  entity.  AFBA responded to the SAC on behalf of Armed Forces Benefit Association,

4  erroneously sued as Armed Forces Benefit Association, the 5Star Association; 5Star

5  Financial specially appeared and responded to the SAC on behalf of 5Star Financial LLC,

6  erroneously sued as 5Star Financial, LLC, 5Star Financial Services Company.

7      **2.**   <u>**Facts:**</u>

8      **The following factual issues are not in dispute:**

9      Plaintiff Brad Lovesy served as Regional Sales Director and Field Service

10  Representative for insurance products underwritten by 5Star Life, and formerly, by AFBA

11  Life Insurance Company.

12      **Plaintiffs provide the following disputed factual issues:**

13      What is the relationship between and among AFBA, AFBA Life Insurance

14  Company, The 5Star Association, 5Star Financial, LLC, 5Star Financial Services

15  Company, and 5Star Life.

16      Whether the corporate form of AFBA, AFBA Life Insurance Company, The 5Star

17  Association, 5Star Financial, LLC, 5Star Financial Services Company, and 5Star Life is

18  merely a sham and should be disregarded.

19      Whether the corporate form of Defendants 5Star Life Insurance, LLC, and The

20  5Star Association; 5Star Financial, LLC; and 5Star Financial Services Company, are

21  merely a sham and should be disregarded, in that, among other things:  5Star Life and The

22  5Star Association; 5Star Financial, LLC; and 5Star Financial Services Company, have

23  shared ownership; that 5Star Life and the other 5Star entities are managed in a haphazard

24  manner, such that each participates in the others' business; the assets of 5Star Life

25  Insurance, LLC, and The 5Star Association; 5Star Financial, LLC; and 5Star Financial

26  Services Company, are intermingled and treated interchangeably.

27  /////

28  /////

1       Whether Mr. Lovesy was appointed as the exclusive Regional Sales Director and

2  was, as a result, entitled to an override of all business for the states of Arizona, California,

3  Nevada, New Mexico, and Utah (the Assigned Region).

4       Whether AFBA advised Mr. Lovesy that, unless he agreed to use the services of the

5  Shuey Defendants as administrators for 5Star Life policies, Mr. Lovesy would no longer

6  be able to conduct business in the Assigned Region.

7       Whether Ted Shuey, on behalf of the Shuey Defendants, falsely stated that, if

8  Mr. Lovesy signed an agreement with TGS as administrator, the agreement would be

9  mutually beneficial and there would be no charge backs for policies procured in the

10  Assigned Region.

11       Whether Ted Shuey, on behalf of the Shuey Defendants, stated that, if Mr. Lovesy

12  signed an agreement with TGS as- administrator, the agreement would be mutually

13  beneficial and there would be no charge backs for policies procured in the Assigned

14  Region for the purpose of inducing Mr. Lovesy to sign an agreement, and with the

15  eventual goal of assuming Mr. Lovesy's profitable business in the Assigned Region.

16       Whether the Shuey Defendants failed to process in a timely manner the insurance

17  policies procured by Mr. Lovesy and the agents who worked in the Assigned Region.

18       Whether the Shuey Defendants failed to obtain payment in a timely manner for

19  those insurance policies procured by Mr. Lovesy and the agents who worked in the

20  Assigned Region and failed to establish payroll deductions for the service members.

21       Whether the Shuey Defendants failed to perform their promises as administrator

22  under the Memorandum of Agreement at issue in this case.

23       Whether AFBA ignored Mr. Lovesy's efforts to correct the Shuey Defendants'

24  failure to follow up with service members and to take all steps necessary to assure that

25  payroll deductions were processed in a timely manner.

26       Whether AFBA and 5Star Life refused to provide Mr. Lovesy with information

27  about the processing of policies and payment of premiums that would have enabled

28  /////

1  Mr. Lovesy to increase significantly the number of policies upon which payment was made
2  in a timely manner.

3          Whether AFBA and 5Star Life improperly withheld payments from Mr. Lovesy or
4  purported to make charge backs against amounts owed to Mr. Lovesy claiming that
5  policies had not been processed or payment had not been received, but denying
6  Mr. Lovesy the information and ability to rectify the purported deficiencies.

7          Whether AFBA and 5Star Life improperly terminated Mr. Lovesy's services and
8  refused to provide him with the Birthday List.

9          Whether the Shuey Defendants improperly canceled the Memorandum of
10  Agreement with Mr. Lovesy.

11          Whether the Shuey Defendants began to solicit business in Arizona, Nevada, and
12  Utah, all of which were within the region assigned to Mr. Lovesy on an exclusive basis.

13          Whether the Shuey Defendants began to solicit business in Washington, a state for
14  which Mr. Lovesy had received approval from AFBA to operate as a new territory.

15          Whether AFBA and 5Star Life accepted business procured by the Shuey
16  Defendants in the Assigned Regions during the time that the region was assigned to
17  Mr. Lovesy on an exclusive basis.

18          Whether AFBA and 5Star Life established deceptive practices in the pricing of life
19  insurance policies to service members.

20          Whether the corporate form of Defendants TGS and TSA is merely a sham and
21  should be disregarded, in that, among other things: TGS and TSA have shared ownership
22  in that Ted Shuey is the sole or controlling shareholder of each; TGS and TSA are
23  managed in a haphazard manner, such that each participates in the others' business, as may
24  be directed by Ted Shuey; TGS and TSA are undercapitalized; the assets of TGS and TSA
25  are intermingled and treated by Ted Shuey as his own.

26          Whether honoring the corporate form of Defendants TGS and TSA would
27  perpetrate a fraud upon the creditors of TGS and TSA, including Mr. Lovesy.
28  /////

1　　　　Whether administrative services for the NGAC-sponsored group life insurance

2　applications procured by the Field Service Representatives associated with AFBA and

3　5Star Life are provided by The Shuey Agency, TGS, and/or Mr. Shuey.

4　　　　Whether The Shuey Agency, TGS, and/or Mr. Shuey provide administrative

5　services consisting of: (1) completing and forwarding allotments to the California Finance

6　Office, a federal governmental entity, for processing of the guard member's payroll

7　deduction; and (2) upon receipt of the guard member's payroll deducted premiums from

8　the Department of Defense, submitting such premiums to AFBA no later than the thirtieth

9　day of the month in which the premium is received by the Shuey Agency.

10　　**Defendants provide the following additional disputed facts:**

11　　　　Whether 5Star Life underwrites most of AFBA's group life insurance programs and

12　offers individual life insurance products.

13　　　　Whether AFBA was a party to any agreement with Mr. Lovesy.

14　　　　Whether the Regional Sales Director Agreement Lovesy signed on March 22, 2001

15　(on behalf of Pacific Consolidated, LLC), and 5Star Life representatives signed on April 6,

16　2001, stated: "VIII.  Termination With or Without Cause.  This Agreement may be

17　terminated by either party with or without cause, upon written notice sent to the last known

18　address."

19　　　　Whether the Field Service Representative Agreement Lovesy signed on March 22,

20　2001, and 5Star Life representatives signed on April 6, 2001, stated: "VI.  Termination.  A.

21　This Agreement may be terminated without cause by either party upon at least thirty (30)

22　days prior written notice to the other party.  Such termination shall be effective thirty (30)

23　days after the mailing of written notice thereof, or on the date specified in such notice, if

24　later."

25　　　　Whether the Independent Field Service Representative Agreement Lovesy signed

26　on June 4, 2003, and 5Star Life representatives signed on June 20, 2003, stated: "VI.

27　Termination.  A.  Termination by Notice: This Agreement may be terminated without

28　cause by either party upon at least thirty (30) days prior written notice to the other party.

1  Such termination shall be effective thirty (30) days after the mailing of written notice
2  thereof, or on the date specified in such notice, if later."

3    Whether AFBA and/or 5Star Life, were obligated under any contractual agreement
4  with Mr. Lovesy to provide Mr. Lovesy with "information" about the processing of
5  policies and payments of premiums "that would have enabled Mr. Lovesy to increase
6  significantly the number of policies upon which payment was made in a timely manner,"
7  as alleged by Mr. Lovesy, and if so, whether AFBA and/or 5Star Life fulfilled such
8  obligations under the agreements.

9    Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligates
10  AFBA and/or 5Star Life to take action in the face of Mr. Lovesy's purported complaints to
11  AFBA and/or 5Star Life regarding the "Shuey Defendants' failure to follow up with
12  service members and to take all steps necessary to assure that payroll deductions were
13  processed in a timely manner," as alleged by Mr. Lovesy.

14    Whether Mr. Lovesy improperly or fraudulently submitted life insurance
15  applications with falsified dates.

16    Whether Mr. Lovesy impermissibly or fraudulently advertised multiple life
17  insurance policies as a single policy.

18    Whether Mr. Lovesy impermissibly or fraudulently failed to inform service
19  members that they were "actually purchasing two separate policies."

20    Whether AFBA or 5Star Life contracted to permit Mr. Lovesy to operate in the
21  states of Arizona, California, Nevada, New Mexico, Washington, and/or Utah on an
22  exclusive basis.

23    Whether TGS, Mr. Shuey, and/or The Shuey Agency were prohibited from
24  soliciting business in the States of Arizona, California, Nevada, New Mexico, Washington,
25  and/or Utah.

26    Whether 5Star Life contracted to permit Mr. Shuey, as either an Independent Field
27  Service Representative or Regional Sales Director, to sell AFBA/5Star Life products in the
28  States of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

1    Whether TGS, Ted Shuey, and/or The Shuey Agency solicited business in the States
2  of Arizona, California, Nevada, New Mexico, Washington, and/or Utah.

3    Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life prohibited
4  AFBA and/or 5Star Life from accepting life insurance policy applications sold or brokered
5  by TGS, Ted Shuey, and/or The Shuey Agency in the states of Arizona, California,
6  Nevada, New Mexico, Washington, and/or Utah.

7    Whether TGS, The Shuey Agency, and/or Mr. Shuey had knowledge of
8  Mr. Lovesy's alleged exclusivity in the states of Arizona, California, Nevada, New
9  Mexico, Washington, and/or Utah.

10    Whether any contract between Mr. Lovesy and AFBA and/or 5Star Life obligated
11  AFBA or 5Star Life to provide Mr. Lovesy with the "Birthday List."

12    Whether AFBA and/or 5Star Life are currently obligated under any contract
13  between Mr. Lovesy and AFBA and/or 5Star Life to make payments to Mr. Lovesy related
14  to alleged "chargebacks."

15    Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such
16  termination occurred.

17    Whether 5Star Life terminated any agreement with Mr. Lovesy and if so, when such
18  termination occurred.

19    Whether The Shuey Agency terminated the Memorandum of Agreement with The
20  Brad Lovesy Group.

21    Whether The Brad Lovesy Group terminated the Memorandum of Agreement with
22  the Shuey Agency.

23    Whether The Brad Lovesy Group breached the terms of the Memorandum of
24  Agreement with the Shuey Agency.

25    Whether governmental or agency regulations prohibited Mr. Lovesy and/or The
26  Brad Lovesy Group from selling non-National Guard Association of California ("NGAC")
27  sponsored products.

28  /////

1    Whether, prior to the execution of the Memorandum of Agreement between The
2  Brad Lovesy Group and The Shuey Agency, The Brad Lovesy Group and/or Mr. Lovesy
3  were permitted to sell the NGAC-sponsored group life insurance products.

4    Whether, under the Memorandum of Agreement, The Shuey Agency was required
5  to "follow up with service members and take all steps necessary to assure that payroll
6  deductions were processed in a timely manner and that other problems be promptly
7  resolved."

8    Whether the processing of applications and payroll deductions is dependent on
9  actions by third parties not within Defendants' control.

10    Whether TGS, The Shuey Agency, and/or Mr. Shuey engaged in any misleading or
11  deceptive conduct.

12    Whether Mr. Lovesy engaged in misleading or deceptive conduct.

13    Whether the provisions in the contracts at issue allowed for charge backs to The
14  Brad Lovesy Group and/or Mr. Lovesy.

15    **3.    Legal Issues:**

16    **The parties agree that the following legal issues are present in this case:**

17    Whether the alleged actions of Defendants breached any contracts with
18  Mr. Lovesy?

19    Whether The Shuey Agency, Inc., TGS Group, Inc., or Ted Shuey interfered with
20  any contractual relationship between Mr. Lovesy and AFBA or 5Star Life?

21    Whether The Shuey Agency, Inc., TGS Group, Inc., or Ted Shuey interfered with
22  the prospective economic advantage of Mr. Lovesy and AFBA or 5Star Life?

23    Whether The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey breached the
24  covenant of good faith and fair dealing with respect to the 2004 Memorandum of
25  Agreement?

26    Whether the actions of The Shuey Agency, Inc., TGS Group, Inc. or Ted Shuey
27  constituted fraud?

28  /////

1   Whether Defendants purported requirement that Mr. Lovesy stop selling products

2   other than those offered through AFBA constituted a violation of California Business and

3   Professions Code section 16600, and consequently a violation of California Business and

4   Professions Code section 17200?

5   Whether Plaintiffs are entitled to an accounting as against Defendants AFBA and

6   5Star Life?

7   Whether Mr. Lovesy suffered damages as the result of the Defendants' alleged acts

8   or omissions, and, if so, the amount of such alleged damages?

9   Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and Ted Shuey in

10  respect to the interference with prospective economic advantage cause of action merit the

11  award of exemplary damages?

12  Whether the actions of The Shuey Agency, Inc., TGS Group, Inc, and/or Ted Shuey

13  in respect to the interference with contract cause of action merit the award of exemplary

14  damages?

15  **The following are additional legal issues included by Plaintiffs:**

16  Whether all Defendants' actions constituted unfair business practices?

17  What damages Mr. Lovesy is entitled to recover as the result of the Defendants'

18  unlawful behavior?

19  **The following are additional legal issues included by Defendants:**

20  Whether AFBA terminated any agreement with Mr. Lovesy, and if so, when such

21  termination occurred?

22  Whether The Brad Lovesy Group and/or Brad Lovesy breached any contracts with

23  Defendants?

24  Whether Mr. Lovesy has standing to assert a breach of contract and breach of the

25  implied covenant of good faith and fair dealing on behalf of The Brad Lovesy Group?

26  Whether Mr. Lovesy has standing to assert a breach of contract and breach of the

27  implied covenant of good faith and fair dealing on behalf of Pacific Consolidated, LLC?

28  /////

1    Whether the claims alleged in the SAC arise from the alleged breach of the subject
2    contracts and, if yes, whether tort recovery is proper?

3    Whether Mr. Lovesy's SAC, and each purported claim for relief alleged therein, fail
4    to state a claim upon which relief can be granted?

5    Whether Mr. Lovesy's SAC, and each of its alleged counts, fail to allege any
6    purported wrong attributable to Defendants?

7    Whether any and all events and happenings alleged in the SAC and the purported
8    resulting injuries and damages, if any, referred to therein, were proximately caused by the
9    negligent, wrongful, and/or tortious conduct of Mr. Lovesy or parties other than
10   Defendants?

11   Whether Defendants have fully performed their obligations, if any, under the
12   purported agreements at issue in this action, and therefore Defendants' obligations to
13   perform have been discharged?

14   Whether Mr. Lovesy is barred from relief on his claims because Defendants'
15   purported performance, if any, was excused by the acts and/or omissions of Plaintiffs
16   and/or others?

17   Whether Mr. Lovesy's purported claims are barred by the doctrine of estoppel?

18   Whether Mr. Lovesy's purported claims are barred by the doctrine of waiver?

19   Whether Mr. Lovesy's purported claims are barred by the doctrine of laches?

20   Whether Mr. Lovesy's purported claims are barred by the doctrine of unclean
21   hands?

22   Whether Mr. Lovesy had failed to act reasonably to mitigate or minimize the
23   purported damages or harm he claims?

24   Whether Mr. Lovesy failed to exercise ordinary care, caution or prudence to avoid
25   the purported injuries and damages, if any, referred to in the SAC, and whether
26   Mr. Lovesy's alleged negligence proximately caused and contributed to some or all of the
27   purported damages, if any, claimed by Lovesy?

28   /////

1       Whether Mr. Lovesy's alleged injuries or damages were proximately caused by the

2 intervening or supervening conduct, including, but not limited to, negligent, reckless, or

3 intentional acts or omissions, of persons and entities other than Defendants?

4       Whether Mr. Lovesy breached the implied covenant of good faith and fair dealing

5 owed to Defendants, and Defendants' performance is thereby excused?

6       Whether Mr. Lovesy's SAC, and each of its alleged counts, are barred, in whole or

7 in part, as a result of an accord and satisfaction?

8       Whether Mr. Lovesy's complaint, and each of its alleged counts, is barred by the

9 applicable statutes of limitation, including, but not limited to, those set forth in California

10 Code of Civil Procedure Sections 337, 337a, 338, 339, 340, 343, and 344?

11       Whether Mr. Lovesy is barred from relief on the SAC, and each of its alleged

12 counts, because no conditions have occurred that would (rigger liability of Defendants for

13 any loss allegedly suffered by Lovesy?

14       Whether Mr. Lovesy is barred from relief on the SAC, and each of its alleged

15 counts, by the provisions, terms, conditions and limitations under the purported

16 agreement(s) upon which Lovesy bases his purported counts?

17       Whether Mr. Lovesy's SAC, and each of its alleged counts, are barred because of

18 lack of consideration?

19       Whether Mr. Lovesy's SAC, and each of its alleged counts, are barred because of

20 failure of consideration?

21       Whether Mr. Lovesy is barred from any recovery on his SAC, and each of its

22 alleged counts, under the doctrine of unjust enrichment?

23       Whether Defendants are entitled to a set-off against Mr. Lovesy's money demands.

24       Whether Mr. Lovesy's SAC, and each of its alleged counts, fail to state facts

25 sufficient to justify an award of punitive damages?

26       Whether Mr. Lovesy's purported claims for punitive damages are barred by the

27 provisions of California Civil Code Sections 3300 and 3301?

28 /////

1  Whether Mr. Lovesy's purported claims for punitive damages violate the Due
2  Process Clause of the Fourteenth Amendment to the United States Constitution?
3  Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
4  Section 7(a) of the Constitution of the State of California?
5  Whether Mr. Lovesy's purported claims for punitive damages violate the Eighth
6  Amendment to the United States Constitution barring the imposition of excessive fines?
7  Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
8  Section 17 of the Constitution of the State of California barring the imposition of excessive
9  fines?
10 Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
11 Section 10 of the United States Constitution barring the impairment of contracts?
12 Whether Mr. Lovesy's purported claims for punitive damages violate Article I,
13 Section 9 of the Constitution of the State of California barring the impairment of contracts?

14 **4.    Motions:**

15 The Court granted Mr. Lovesy leave to file the SAC. Defendants have each filed a
16 motion to dismiss the SAC, which are scheduled for hearing before the Court on February
17 5, 2008 (AFBA, 5Star Life, The Shuey Agency, Inc., TGS Group, Inc., and Ted Shuey's
18 motions) and February 26, 2008 (5Star Financial's motion). The Shuey Defendants,
19 AFBA, and 5Star Life also filed motions to strike and/or motions for a more definite
20 statement. Defendants may file motions for summary judgment.
21 Mr. Lovesy may file a motion to strike pleadings filed by The Shuey Agency, Inc.,
22 and/or TGS Group, Inc. Mr. Lovesy may also file a motion for summary judgment or
23 partial summary judgment as to one or more of the affirmative defenses.

24 **5.    Amendment of Pleadings:**

25 Mr. Lovesy filed the Second Amended Complaint on November 16, 2007. The
26 Shuey Agency may file a cross-complaint against Mr. Lovesy for breach of contract.
27 Defendants AFBA and 5Star Life are evaluating counterclaims against Mr. Lovesy.
28 /////

1    ### 6.   Evidence Preservation:

2        Mr. Lovesy has retained most relevant evidence only in hard copy, as he does not

3    control the server on which his electronic mail is stored. Mr. Lovesy does not have any

4    document destruction program and has not knowingly erased any electronic mail messages

5    or other electronically-recorded material.

6        Defendants have taken steps to preserve evidence relevant to this litigation.

7    Specifically, Defendants have taken steps to preserve documents, including electronic

8    communications, which existed at the time Mr. Lovesy served his complaint against

9    Defendants. Defendants have terminated their ordinary document destruction policy and

10   placed a litigation hold on those documents and data that they reasonably believe are

11   relevant.

12   ### 7.   Disclosures:

13       The parties completed a discovery planning conference on December 26, 2007, as

14   required by Federal Rule of Civil Procedure 26(f). Although Defendants The Shuey

15   Agency, Inc., TGS Group, Inc., and Ted Shuey were unable to participate in the discovery

16   planning conference on December 26, 2007, due to illness, the parties previously

17   communicated regarding discovery deadlines.

18       By their stipulation filed November 1, 2007, the parties agreed to comply with the

19   initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure on or

20   before November 21, 2007, as required by Rule 26(a)(1). During the Case Management

21   Conference hearing on November 7, 2007, Mr. Lovesy obtained leave of court to file the

22   SAC on or before November 16, 2007. In light of Plaintiffs' SAC, the Court continued the

23   Case Management Conference to January 16, 2008. On November 8, 2007, counsel for

24   Defendants advised counsel for Plaintiffs in writing that the new date for exchange of

25   initial disclosures would be January 9, 2008 in accordance with the Court's order

26   continuing the Case Management Conference January 16, 2008.

27       On November 16, 2007, Plaintiffs filed the SAC, which added an additional

28   plaintiff and named three new defendants. Mr. Lovesy served Plaintiff's Initial Disclosure

1  Statement [FRCivP 26(a)(1)] on Defendants on November 21, 2007.  Defendants will
2  comply with the initial disclosure requirements of Rule 26 of the Federal Rules of Civil
3  Procedure on or before January 9, 2008, as required by Rule 26(a)(1).  Plaintiffs contend
4  Defendants initial disclosures are untimely.

5      **8.    Discovery:**

6      Mr. Lovesy served initial requests for production of documents on AFBA and 5Star
7  Life in September 2007.  At that time, Mr. Lovesy initially stipulated in writing to stay
8  AFBA and 5Star Life's discovery responses until after the parties completed an Early
9  Settlement Conference, which the parties had jointly requested.  As of November 29, 2007,
10  the Court had yet to schedule an Early Settlement Conference.  On November 29, 2007,
11  counsel for Plaintiffs wrote to counsel for AFBA and 5Star Life, requiring AFBA and
12  5Star Life to respond to the outstanding discovery requests within 30 days.  AFBA and
13  5Star Life complied.  Plaintiffs' counsel's letter requiring production did not address the
14  stipulation of counsel to stay AFBA and 5Star Life's discovery responses.

15      The parties intend to take the depositions of relevant individuals and corporate
16  persons most knowledgeable.  The parties also intend to propound discovery requests.
17  Should the situation warrant it, subpoenas for the deposition of and/or documents from
18  third parties may be issued.

19      The parties do not presently anticipate requesting any limitations or modifications
20  of the discovery rules.

21  **Plaintiffs' Proposed Discovery Plan**

22      Mr. Lovesy proposes the following discovery plan:

| | |
|---|---|
| Document Requests to Each Defendant | February 2008 |
| Depositions of Corporate Person(s) Most Knowledgeable | February or March 2008 |
| Deposition of Ted Shuey | March or April 2008 |
| Deposition of 5Star Life and other 5Star entities' witness/es | March or April 2008 |
| Deposition of AFBA witness | March or April 2008 |

| | |
|---|---|
| Deposition of the Shuey Defendants' witness | March or April 2008 |
| Contention Interrogatories to each Defendant | May 2008 |
| Depositions of Third Parties | May 2008 |
| Additional Written Discovery | May and June 2008 |
| Expert Witness Discovery | July 2008 |

**Defendants' Proposed Discovery Plan**

The Defendants propose the following discovery plan, which takes into consideration the parties' intentions to engage in ADR and the fact that the Defendants' motions related to the pleadings are not scheduled to be heard until February 5, 2008 and February 25, 2008:

| | |
|---|---|
| Request for Production of Documents to the parties | March through June 2008 |
| Interrogatories to the parties | March through June 2008 |
| Requests for Admission to the Parties | March through June 2008 |
| Depositions of Mr. Lovesy and Mr. Shuey | April through September 2008 |
| Depositions, of Corporate Person(s) Most Knowledgable | April through September 2008 |
| Additional Depositions | June through November 2008 |
| Contention Interrogatories to Mr. Lovesy | November 2008 |
| Additional Written Discovery | June through December 2008 |
| Expert Witness Discovery | January 2009 through March 2009 |

**9.    Class Actions:**

This case is not a class action.

**10.    Related Actions:**

No other cases are related to the present case.

**11.   Relief:**

**Plaintiffs include the following with respect to the amount and types of damages claimed by Mr. Lovesy:**

Mr. Lovesy seeks to recover damages that are in excess of $700,000 to date. If this loss is projected for the period that Mr. Lovesy anticipated working with AFBA, the amount is significantly higher. Damages include, but are not limited to, the following:

1.      In August 2004, Mr. Lovesy was unlawfully forced to give up business opportunities selling products offered by Colorado Banker. This business produced a revenue stream of approximately $6,000 per month. To date, Mr. Lovesy estimates his loss of this line to be $216,000. He had every reason to believe that he would be able to continue this profit stream for the next 15 years. Thus, his total loss resulting from the inability to sell Colorado Banker products will exceed $1,200,000.00.

2.      To date, Mr. Lovesy has been charged nearly $60,000 in charge backs. TGS promised there would be no charge backs if Mr. Lovesy did business with it as administrator. The number of charge backs, however, increased dramatically once TGS took over responsibility for collecting premiums and are a direct result of TGS's failure to perform its contractual obligations in a reasonable manner.

3.      Mr. Lovesy has been denied the opportunity to continue acting as Field Service Representative and Regional Sales Director. From these contracts, Mr. Lovesy earned more than $43,000 per month on average. To date, the total loss is $731,000. Mr. Lovesy reasonably believed he would be able to continue this business for the next 15 years. Thus, his total damages related to loss of his Field Service Representative and Regional Sales Director positions exceed $8,000,000.00.

4.      Mr. Lovesy has been denied the opportunity to procure sales through the Birthday List. When Mr. Lovesy personally worked the Birthday List, it produced sales generating a monthly income to Mr. Lovesy averaging $22,000. Even had this income not increased, Mr. Lovesy's losses to date are $242,000. Again, Mr. Lovesy expected to

/////

1  continue this business for the next 15 years.  Thus, his future damages related to loss of the
2  Birthday List are at least $3,960,000.00.

3      5.    Mr. Lovesy lacks sufficient information to estimate the losses due to
4  interference in his assigned region.  Mr. Lovesy will be seeking all records of sales in the
5  Assigned Region, so as to determine what he should have been paid.

6      6.    Interest, costs, and attorneys' fees.

7  **Defendants include the following facts with respect to the amount and types of**
8  **damages claimed by Mr. Lovesy:**

9      Defendants dispute that Mr. Lovesy has been injured or damaged in the manner and
10  sum described above, or at all.  Furthermore, Defendants dispute that Mr. Lovesy would be
11  entitled to the damages described, even if each and every allegation in the SAC were true.

12  **12.    Settlement and APR:**

13      The parties request an Early Settlement Conference with a Magistrate Judge.  The
14  parties are not aware of any discovery or motions needed to pursue settlement discussions.
15  To avoid the amount of attorneys' fees becoming a barrier to resolution, the parties request
16  that the Early Settlement Conference be scheduled at the earliest opportunity.

17  **13.    Consent to Magistrate Judge for All Purposes:**

18      The parties do not consent to have a magistrate judge conduct any proceedings in
19  the matter, including trial other than those proceedings typically handled by the magistrate
20  judge under the direction of the United States District Judge

21  **14.    Other References:**

22      The matter is not suitable for reference to binding arbitration, a special master, or
23  the Judicial Panel on Multidistrict Litigation.

24  **15.    Narrowing of Issues:**

25      As the parties have conducted only limited discovery, they lack sufficient
26  information about the matter to narrow the issues by agreement, but agree to engage in
27  good faith discussions of narrowing the issues as the case progresses.

28  /////

**16.    Expedited Schedule:**

The parties do not believe this case is suitable for an expedited schedule.

**17.    Scheduling:**

Plaintiffs propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cut Off | July 31, 2008 |
| Hearing of Dispositive Motions: | August 19, 2008 |
| Initial Designation of Experts | August 25, 2008 |
| Disclosure of Rebuttal Experts | September 8, 2008 |
| Expert Discovery Cut Off | September 29, 2008 |
| Pretrial Conference | October 13, 2008 |
| Trial | November 3, 2008 |

Defendants propose the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cut Off | December 31, 2008 |
| Initial Designation of Experts | February 6, 2009 |
| Disclosure of Rebuttal Experts | February 28, 2009 |
| Expert Discovery Cut Off | March 30, 2009 |
| Hearing of Dispositive Motions: | April 6, 2009 |
| Pretrial Conference | April 27, 2009 |
| Trial | May 11, 2009 |

**18.    Trial:**

Mr. Lovesy requests a jury trial. The parties anticipate the trial will last 10 court days.

**19.    Disclosure of Non-Party Interested Entities or Persons:**

Mr. Lovesy and Defendants have filed the Certificates of Interested Entities or Persons required by Civil Local Rule 3-16, attached as Exhibit A to this Case Management

/////

1  Statement.  Pacific Consolidated will file a Certificate of Interested Entities or Persons
2  within a reasonable time.
3      **20.**    **Other Matters:**
4      There are no other matters that may facilitate the just, speedy and inexpensive
5  disposition of this matter.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL:**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochures entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: January 2, 2008                HAIGHT BROWN & BONESTEEL LLP

By: _____ /s/ Margaret J. Grover _____
Margaret J. Grover
Attorneys for Plaintiffs
BRAD LOVESY and PACIFIC
CONSOLIDATED INVESTMENTS,
INC.

Dated: January 2, 2008                DLA PIPER US LLP

By: _____ /s/ Charles L. Deem _____
Charles L. Deem
Attorneys for Defendants ARMED
FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

Dated: January 2, 2008                SEYFARTH SHAW LLP

By: _____ /s/ Patty H. Lee _____
Michael T. McKeeman
Attorneys for Defendants THE SHUEY
AGENCY, INC., TGS GROUP, INC, and
TED SHUEY

1

**Attestation Pursuant to General Order No. 45, Section X**

2    The concurrence in the electronic filing of this document has been obtained from the

3  signatories.

4        Dated:  January 2, 2008            By:  _____/s/ Brooke L. Killian_____

5                                                    **BROOKE L. KILLIAN**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1   Margaret J. Grover (Bar No. 112701)
    Daniel J. Kelly (Bar No. 145088)
2   Elizabeth J. Gehlhar (Bar No. 213054)
    HAIGHT BROWN & BONESTEEL LLP
3   71 Stevenson Street, 20th Floor
    San Francisco, California 94105-2981
4   Telephone: 415.546.7500
    Facsimile: 415.546.7505

5

    Attorneys for Plaintiff
6   BRAD LOVESY

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11   BRAD LOVESY,                Case No. 4:07-cv-02745-SBA

12          Plaintiff,         DISCLOSURE OF NON-PARTY
                       INTERESTED ENTITIES OR
       vs.                  PERSONS
13

14   ARMED FORCES BENEFIT
    ASSOCIATION, 5STAR LIFE        Civil Local Rule 3-16
    INSURANCE, LLC, THE SHUEY
15   AGENCY, INC., TGS GROUP, INC.,
    AND TED SHUEY,
16

            Defendants.
17

18       Pursuant to Rule 3-16 of the Local Rules for the United States District Court for the

19   Northern District of California, counsel for Plaintiff Brad Lovesy certifies that, as of this

20   date, counsel is not aware of any person or entity having either: (i) a financial interest (of

21   any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any

22   other kind of interest that could be substantially affected by the outcome of the proceeding,

23   other than the named parties.

24   Dated: August 28, 2007         HAIGHT BROWN & BONESTEEL LLP

25

26              By:

27                 Elizabeth J. Gehlhar
                  Attorneys for Plaintiff
                  BRAD LOVESY

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3289538.1

1

Case No. 4:07-cv-02745-SBA
DISCLOSURE OF NON-PARTY INTERESTED
PERSONS OR ENTITIES

1  CHARLES L DEEM, Bar No. CA-110557
   charles.deem@dlapiper.com
2  DLA PIPER US LLP
   401 B Street, Suite 1700
3  San Diego, CA  92101-4297
   Tel: 619.699.2700
4  Fax:  619.699.2701

5  Attorneys for Defendants
   ARMED FORCES BENEFIT ASSOCIATION and
6  5STAR LIFE INSURANCE

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY,                          CASE NO. C 07-2745 JL

12          Plaintiff,                    DEFENDANTS ARMED FORCES
                                          BENEFIT ASSOCIATION AND 5STAR
13       v.                               LIFE INSURANCE COMPANY'S
                                          CERTIFICATION OF INTERESTED
14  ARMED FORCES BENEFIT                  ENTITIES OR PERSONS
    ASSOCIATION, 5STAR LIFE
15  INSURANCE, LLC, TSG GROUP, INC.       Date:     August 1, 2007
    AND TED SHUEY,                        Time:     9:30 a.m.
16                                        Courtroom: F
            Defendants.                   Judge:    Hon. James Larson
17

18          Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than

19  the named parties, there is no such interest to report.

20

21  Dated: June 20, 2007

22                                   DLA PIPER US LLP

23

24                              By    /s/ Charles L. Deem
                                      CHARLES L. DEEM
25                                    Attorneys for Defendants
                                      ARMED FORCES BENEFIT ASSOCIATION
26                                    and 5STAR LIFE INSURANCE, LLC

27

28

DLA PIPER US LLP
   SAN DIEGO

SD\1742526.1                              -1-
332602-3        DEFENDANTS ARMED FORCES BENEFITS ASS'N AND 5STAR LIFE INSURANCE
                CO.'S CERTIFICATION OF INTERESTED PARTIES       CASE NO. C 07-2745

1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendants
   TED SHUEY, TGS GROUP, INC., and THE SHUEY AGENCY, INC.
6

7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11  BRAD LOVESY,                        )   Case No. C 07-2745 SBA
                                        )
12              Plaintiff,              )   CERTIFICATION OF INTERESTED
                                        )   ENTITIES OR PERSONS
13       v.                             )
                                        )
14  ARMED FORCES BENEFIT ASSOCIATION,   )
    et al.,                             )
15                                      )
                Defendants.             )
16                                      )

17

18       Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons,

19  associations of persons, firms, partnerships, corporations (including parent corporations) or other

20  entities (i) have a financial interest in the subject matter in controversy or in a party to the

21  proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

22  substantially affected by the outcome of this proceeding:

23       All parties named in the action.

24

25  DATED: October 24, 2007                    SEYFARTH SHAW LLP

26                                             By
                                               Attorneys for Defendants
27                                             THE SHUEY AGENCY, INC., TGS
                                               GROUP, INC., AND TED SHUEY
28  SF1 28305312.1

                                           1
                Certification of Interested Entities or Persons / Case No. C 07-2745 SBA

1  CHARLES L DEEM, Bar No. CA-110557
   charles.deem@dlapiper.com
2  DLA PIPER US LLP
   401 B Street, Suite 1700
3  San Diego, CA  92101-4297
   Tel:  619.699.2700
4  Fax:  619.699.2701

5  Attorneys for Defendants
   ARMED FORCES BENEFIT ASSOCIATION,
6  5STAR LIFE INSURANCE, LLC, and
   5STAR FINANCIAL LLC
7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11 BRAD LOVESY and PACIFIC            CASE NO.  C 07-2745 SBA
   CONSOLIDATED INVESTMENTS,
12 INC., a Nevada corporation,        **DEFENDANT 5STAR FINANCIAL LLC'S
                                      CERTIFICATION OF INTERESTED
13             Plaintiffs,            ENTITIES OR PERSONS**

14        v.                          Courtroom:   3
                                      Judge:       Hon. Saundra B. Armstrong
15 ARMED FORCES BENEFIT
   ASSOCIATION, THE 5STAR
16 ASSOCIATION, 5 STAR FINANCIAL,
   LLC, 5STAR FINANCIAL SERVICES
17 COMPANY and 5STAR LIFE
   INSURANCE COMPANY; TED SHUEY,
18 individually, doing business as THE
   SHUEY AGENCY, INC., and TGS
19 GROUP, INC.,

20             Defendants.

21

22

23

24

25

26

27

28

DLA PIPER US LLP
   San Diego

SD\1777207.1
332602-3

-1-
DEFENDANT 5STAR FINANCIAL LLC'S CERTIFICATION OF INTERESTED
PARTIES
                              CASE NO. C 07-2745 SBA

1    Pursuant to Civil Local Rule 3-16, the undersigned counsel for 5Star Financial LLC

2    certifies that as of this date, other than the named parties, there is no such interest to report.

3    Dated:  December 19, 2007

4                                                    DLA PIPER US LLP

5

6                                    By   /s/ Charles L. Deem
                                         CHARLES L. DEEM
7                                        Attorneys for Defendants
                                         5STAR FINANCIAL LLC

8

9                                              .

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
San Diego

SD\1777207.1
332602-3

-2-
DEFENDANT 5STAR FINANCIAL LLC'S CERTIFICATION OF INTERESTED
PARTIES                                    CASE NO. C 07-2745 SBA