Margaret J. Grover (Bar No. 112701)
Daniel J. Kelly (Bar No. 145088)
Africa E. Davidson (Bar No. 225680)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505

Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
CONSOLIDATED INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC. a Nevada corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., <br><br> Defendants. | Case No. 4:07-cv-02745-SBA <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Date: February 5, 2008 <br> Time: 1:00 p.m. <br> Ctrm: 3 <br> Judge: Hon. Saundra B. Armstrong |

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II. ARGUMENT ...................................................................................................... 1

  A.  THE CONTRACT CAUSES OF ACTION ARE PROPERLY
      STATED AGAINST AFBA. ....................................................................... 1

      1.  AFBA Is a Party to the Contracts, Or an Alter Ego of a Party
          to the Contracts. ................................................................................. 2

      2.  Consideration of Exhibits D and E to the Declaration of
          Michael Kimo Wong Would Convert this Motion to Dismiss
          to a Motion for Summary Judgment. ................................................. 3

      3.  Alter Ego Liability Under the Contracts as to AFBA and
          5Star. ................................................................................................. 4

      4.  Plaintiffs Sufficiently Alleged Breaches of Contract by
          AFBA and 5Star. ............................................................................... 5

      5.  Parol Evidence Proper in This Instance. ............................................ 6

      6.  Termination of Contracts Not a Defense to Sufficiency of
          Claims. ............................................................................................... 7

  B.  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
      DEALING SUFFICIENTLY PLEAD AS TO AFBA AND 5STAR. ............ 8

      1.  Forced Relationship With The Shuey Defendants and
          Allowance of Their Solicitation in the Assigned Region
          Constitutes Bad Faith and Unfair Dealing. ....................................... 8

      2.  AFBA and 5Star's Failure to Pay And Termination of the
          Agreements Constitutes A Bad Faith Act. ......................................... 9

  C.  AN ACCOUNTING IS PROPER IN THIS CASE. ...................................... 10

  D.  UNFAIR COMPETITION LAW CLAIMS ................................................. 11

      1.  The Section 17200 *et seq.* Claim Was Plead With
          Particularity. ..................................................................................... 11

      2.  The Section 16600 Claims Against AFBA and 5Star Are
          Sufficient. ......................................................................................... 12

      3.  Alter Ego Liability as to AFBA, 5Star, and The Shuey
          Defendants. ....................................................................................... 13

      4.  The Agreement Impermissibly Precluded Mr. Lovesy from
          Engaging in His Profession. ............................................................. 14

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

i

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

**Page**

5.    The Loss Resulting From the Impermissible Restriction is Substantial. ........................................................................ 15

6.    AFBA and 5Star Had Control Over the Processing of Policies. ...................................................................................... 16

7.    Plaintiffs Have a Right to Seek Damages Under the UCL Claims. ...................................................................................... 16

III.    CONCLUSION ................................................................................ 17

**LAW OFFICES**

HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

ii

Case No.  4:07-cv-02745-SBA

OPPOSITION TO MOTION TO DISMISS SAC

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3 **Cases**

4 *Bautista v. Los Angeles County,*
    216 F .3d 837 (9th Cir. 2000) ................................................................. 5

5

6 *Burton v. Sec. Pac. Nat'l Bank,*
    197 Cal. App. 3d 972 (1988) ................................................................. 8

7 *Careau & Co. v. Sec. Pac. Bus. Credit,*
    222 Cal. App. 3d 1371 (1990) ............................................................... 6

8

9 *Casa Herrera, Inc. v. Beydoun,*
    32 Cal. 4th 336 (2004) .......................................................................... 7

10 *Cauchi v. Brown,*
    51 F. Supp. 2d 1014 (E.D.C.A. 1999) .................................................. 1

11

12 *Conley v. Gibson,*
    355 U.S. 41 (1957) ............................................................................. 3, 6

13 *Dayton Time Lock Service, Inc. v. Silent Watchman Corp.,*
    52 Cal. App. 3d. 1 (1975) .................................................................... 14

14

15 *Dion LLC v. Infotek Wireless, Inc.,*
    2007 U.S. Dist. LEXIS 83980, *9 ........................................................ 5

16 *Foley v. Interactive Data Corp.,*
    47 Cal. 3d 654 (1988) ......................................................................... 10

17

18 *Gen. Comm. Packaging v. TPS Package Eng'g,*
    126 F. 3d 1131 (9th Cir. 1997) ........................................................... 14

19 *Guz v. Bechtel Nat'l, Inc.,*
    24 Cal. 4th 317 (2000) ........................................................................ 10

20

21 *Hearn v. R.J. Reynolds Tobacco Co.,*
    279 F. Supp. 2d 1096 (D. AZ 2003) ..................................................... 3

22 *Hearns v. Terhune,*
    413 F. 3d 1036 (9th Cir. 2005) .............................................................. 1

23

24 *In Re Daou Sys., Inc.,*
    411 F .3d 1006 (9th Cir. 2005) .............................................................. 1

25 *Intri-Plex Techs., Inc. v. Crest Group, Inc.,*
    499 F .3d 1048 (9th Cir. 2007) .............................................................. 1

26

27 *Kelton v. Stravinski,*
    138 Cal. App. 4th 941 (2006) .............................................................. 14

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

iii

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

**Page(s)**

*Khoury v. Maly's of Cal.,*
14 Cal. App. 4th 612 (1993)......................................................................................... 12

*Laugharn v. Zimmelman,*
28 F. Supp. 348 (S.D. Cal. 1939) .................................................................................. 6

*Marder v. Lopez,*
450 F .3d 445 (9th Cir. 2006) ....................................................................................... 3

*Marshall v. Standard Ins. Co.,*
214 F. Supp. 2d 1062 (C.D. Cal. 2000) ....................................................................... 12

*Motors, Inc. v. Times Mirror Company,*
102 Cal. App. 3d 735 (1980) ........................................................................................ 12

*Neilson v. Union Bank of Cal., N.A.,*
290 F. Supp. 2d 1101 (C.D. Cal. 2003) .................................................................. 5, 13

*Southern Pac. Co. v. Conway,*
115 F .2d 746 (9th Cir. 1940) ....................................................................................... 6

*St. James Church of Christ Holiness v. Superior Court,*
135 Cal. App. 2d 352 (1955).......................................................................................... 10

*State Farm Fire & Casualty Co. v. Sup. Court,*
45 Cal. App. 4th 1093 (1996) ................................................................................. 12, 16

*Tahoe Nat'l Bank v. Phillips,*
4 Cal. 3d 11 (1971)....................................................................................................... 7

*Tollis Inc. v. County of San Diego,*
505 F. 3d 935 (9th Cir. 2007) ...................................................................................... 3

*U.S. v. White,*
893 F. Supp. 1423 (C.D.C.A. 1995)........................................................................... 1, 3

*Union Bank v. Superior Court,*
31 Cal. App. 4th 573 (1995) ........................................................................................ 10

*United States v. Ritchie,*
342 F .3d 903 (9th Cir. 2003).................................................................................. 4, 15

**Statutes**

Business and Professions Code section 17200 *et seq*................................................... 11

Code of Civil. Procedure § 1856 (a) ............................................................................ 7

**Rules**

Fed. R. Civil Proc. 8(a) ................................................................................................. 5

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

iv

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1

**Page(s)**

2

Fed. R. Civil Procedure, Rule 8 ........................................................................ 6

3

Fed. R. Evid. 201(a) .................................................................................. 4, 15

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

v

Case No.  4:07-cv-02745-SBA

OPPOSITION TO MOTION TO DISMISS SAC

I.   **INTRODUCTION**

Defendants Armed Forces Benefit Association (AFBA) and 5Star Life Insurance (5Star)[1] have no grounds for dismissal of the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. ("Plaintiffs") have provided facts and reasonable inferences sufficient to plead each cause of action. AFBA and 5Star, in bringing this motion, ask the Court to go beyond determining whether there are facts that support Plaintiffs' claims and instead ask the Court to evaluate the evidence, which is improper in a motion challenging the pleadings. *Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1016 (E.D.C.A. 1999). A determination as to whether Plaintiffs will be able to prevail is not proper in a motion to dismiss. *U.S. v. White*, 893 F. Supp. 1423, 1428 (C.D.C.A. 1995); *Hearns v. Terhune*, 413 F. 3d 1036, 1043 (9th Cir. 2005).

The allegations of insufficiency lack merit. Defendants are attempting a premature motion for summary judgment, requiring a weighing of the evidence, under the guise of a pre-answer motion. Finally, Defendants have no basis for requesting that the SAC be dismissed with prejudice. This is the first motion on the pleadings to be ruled on by the Court and Defendants cannot show that Plaintiffs' complaint lacks such factual basis that amendment would be "an exercise in futility.[2]" *In Re Daou Sys., Inc.*, 411 F. 3d 1006, 1013 (9th Cir. 2005); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F. 3d 1048, 1056 (9th Cir. 2007).

II.   **ARGUMENT**

A.   **THE CONTRACT CAUSES OF ACTION ARE PROPERLY STATED AGAINST AFBA.**

Plaintiffs' contract causes of action relating to breach of contract, breach of the covenant of good faith and fair dealing, and for an accounting, have each been sufficiently plead and the Motion to Dismiss these claims must fail.

---

[1]  AFBA and 5Star are jointly referred to as "Defendants".

[2]  Plaintiffs amended their Complaint twice, simply in an effort to appease Defendants and avoid motion practice. In so doing, Plaintiffs did not admit that either prior pleading was deficient, either legally or factually.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1  **1.    AFBA Is a Party to the Contracts, Or an Alter Ego of a Party to the Contracts.**

2  Defendants argue that AFBA is not a proper party to this lawsuit, being neither a party in

3  contract with Mr. Lovesy, nor the alter ego of any entity in contract with Mr. Lovesy. However,

4  the SAC alleges that AFBA is either one or both. Defendants introduced several agreements

5  attached to the Declaration of Michael Kimo Wong. Exhibit C to that Declaration, the Regional

6  Sales Director Agreement entered into between 5Star Life Insurance Company and Plaintiffs,

7  clearly shows a logo for 5Star which incorporates the name "AFBA," not "AFBA Life Insurance

8  Company." Since other documentation, namely the Field Service Representative Agreement,

9  clearly indicates the contracting party is AFBA Life Insurance Company, questions of fact exist as

10  to the relationship between AFBA, AFBA Life Insurance Company, and 5Star Life Insurance

11  Company.

12  Plaintiffs have asserted a contractual relationship with AFBA based on those contracts

13  specifically mentioned in the pleadings, as well as other documentary evidence in their possession

14  which has not been produced due to the lack of progression of discovery in this case. The

15  contracts introduced with Defendants' motion do not contradict Plaintiffs' allegations at all. The

16  Regional Sales Director Agreement displays the AFBA logo. At the very least, this infers that

17  AFBA is affiliated with 5Star. It may also indicate that AFBA is an alter ego of a contracting

18  party, and/or that AFBA inserted itself into the contractual relationship. Further, Plaintiffs plainly

19  stated as much in the SAC. As Plaintiffs noted,

20  AFBA either does business under the name The 5Star Association or formed The
   5Star Association to further its activities, including the for-profit activities of the
21  remaining named defendants; … AFBA actively promotes the products of 5Star
   Life by, among other things, linking its website to the website of 5Star Life and
22  prominently displaying the AFBA logo on training, marketing, and promotional
   materials; AFBA and 5Star Life, in their interactions with each disregarded their
23  corporate entities, both purporting to engage in business with him as to the subject
   matter of the contracts referenced herein…

24

25  SAC at ¶ 7. Plaintiffs have alleged that AFBA does business under the names AFBA Life

26  Insurance Company and 5Star Life Insurance Company, or that the entities interrelate to such an

27  extent that distinguishing them from one another is not feasible. These allegations are not

28  contradicted by the contracts themselves.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

2

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    Dismissal of the contract claims as to AFBA is not proper, because Plaintiffs' pleading is

2  sufficient to implicate the company's involvement and because the documents submitted by

3  Defendants do not clearly contradict allegations made in the pleadings.  At this stage in the

4  proceedings, the "court must resolve any ambiguities in the considered documents in the

5  plaintiff's favor." *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F. Supp. 2d 1096, 1102 (D. AZ

6  2003).

7    Plaintiffs' claims against AFBA for breach of contract, breach of the covenant of good

8  faith and fair dealing, and for an accounting, all hinge on the fact that AFBA purported to perform

9  under the contracts.  Plaintiffs have clearly alleged that AFBA acted as a party and inserted itself

10  into the contractual relationships.  Plaintiffs believe a contractual relationship has been shown

11  sufficiently both in the pleading and by the AFBA logo contained in the Regional Sales Director

12  Agreement.

13    In asking for a dismissal because AFBA is not a signatory to the contracts, Defendants

14  have "confused pleading with proof.  Rule 8(a) of the Federal Rules requires 'a short plain

15  statement of the claim showing that the pleader is entitled to relief.'" *White*, 893 F. Supp. at 1428.

16  Here, Plaintiffs have pled violations of the law, specifying facts, where known, and have identified

17  specific statutory and common law basis for the relief sought.  Specific facts are not necessary to a

18  sufficiently pled complaint under Rule 8, as long as the statement gives the defendant fair notice

19  of what the claim is and the grounds upon which it rests. *Tollis Inc. v. County of San Diego*, 505

20  F. 3d 935, 943 (9th Cir. 2007), citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

21    **2.**    **Consideration of Exhibits D and E to the Declaration of Michael Kimo Wong**

22        **Would Convert this Motion to Dismiss to a Motion for Summary Judgment.**

23    Defendants improperly include as exhibits to their motion to dismiss the Articles of

24  Incorporation for AFBA Life, and an Amendment to the Articles of Incorporation.  Those

25  documents, attached as Exhibits D and E to the Declaration of Michael Kimo Wong, are not

26  documents on which the complaint necessarily relies, are not directly or indirectly referenced in

27  the complaint, and are not central to plaintiffs' claims.  Thus, they should not be considered in this

28  motion to dismiss. *Marder v. Lopez*, 450 F. 3d 445, 448 (9th Cir. 2006).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    The rule excluding extraneous materials from a Rule 12(b)(6) motion should be upheld, as

2  these corporate documents raise peripheral questions outside of Plaintiffs' claims which are more

3  properly suited to a motion for summary judgment.  The information regarding the corporate

4  history of AFBA Life and 5Star does not show whether either entity is affiliated with AFBA, and

5  does not contradict Plaintiffs' claims that AFBA should be considered a party to the contracts.

6  Thus, the documents ask the Court to resolve a factual dispute, not determine the sufficiency of the

7  pleadings.

8    If this were a motion for summary judgment, Plaintiffs would argue and attach as exhibits

9  documentary evidence showing that AFBA, AFBA Life, and 5Star all held themselves out as the

10  same or interchangeable entities in their dealings with Mr. Lovesy, and that AFBA sent Mr.

11  Lovesy correspondence and field service newsletters related to the contracts.   Should the Court

12  wish to consider Exhibits D and E, it should properly convert this motion to dismiss to a motion

13  for summary judgment, and allow Plaintiffs the opportunity to respond in kind.  *United States v.*

14  *Ritchie*, 342 F. 3d 903, 907-09 (9th Cir. 2003).

15    Nor should such documents be incorporated by reference under the doctrine of judicial

16  notice.  Judicial notice is proper only if the facts are adjudicative of some matter in dispute.  Fed.

17  R. Evid. 201(a); *Ritchie*, 342 F. 3d at 908.  The disputed fact here is whether 5Star has or had an

18  affiliation with AFBA.  This is not a mere misunderstanding as to the properly named entities.  As

19  stated in the SAC, AFBA purported to act under the agreements.  AFBA, AFBA Life, and 5Star

20  each dealt with Mr. Lovesy under his performance of the contracts.  The Articles attached as

21  Exhibits D and E do nothing to resolve that dispute, and thus are not appropriate for judicial

22  notice.

23    **3.    Alter Ego Liability Under the Contracts as to AFBA and 5Star.**

24    The SAC contains sufficient allegations to proceed against AFBA on a theory of alter ego

25  liability.  Plaintiffs alleged that AFBA assumed the obligations of 5Star and AFBA Life under the

26  contracts through its interactions with Mr. Lovesy.  In so doing, Plaintiffs stated facts tending to

27  show that AFBA, AFBA Life, and 5Star shared a unity of interest or ownership, and that if the

28  acts complained of were treated as those of 5Star and AFBA Life alone, inequity would result.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

4

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1  SAC at ¶ 7; *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1115-16 (C.D. Cal. 2003).

2  This is more than adequate. A pleading need only "provide the bare outlines of a claim" within

3  the federal notice pleading framework under Fed. R. Civil Proc. 8(a). *Bautista v. Los Angeles*

4  *County*, 216 F. 3d 837, 843 (9th Cir. 2000); *Dion LLC v. Infotek Wireless, Inc.*, 2007 U.S. Dist.

5  LEXIS 83980, *9.

6  The case of *Dion* is especially persuasive, as the facts are nearly identical, and the case was

7  decided in this very court. There, a dispute arose between a single owner company, Dion, and

8  Wireless over monies owed under a consulting agreement. Dion filed suit against Wireless and a

9  sister corporation, Associates, for breach of contract, claiming that Associates had both sufficient

10 connections to Wireless and sufficient assets that it should be properly joined under the theories of

11 alter ego and agency. *Id.* at *1-3.

12 Associated filed a motion to dismiss, arguing that the lack of a written agreement between

13 itself and Dion precluded a basis for contractual liability. *Id.* at 4. Dion's complaint stated that:

14 [t]he unity of interest and ownership between Wireless and Associates . . .

15 prevented the two from functioning as separate entities . . . . [The two companies]

16 conduct the same type of business, shared the same office space, used the same

17 business address... [i]t would be inequitable to allow Associates to now assert a

18 distinction between the corporations to avoid liability...

19 *Id.* at *8-9.

20 The Dion court found this pleading sufficient, and disavowed the idea that a claim of alter

21 ego liability requires heightened pleading standards. *Id.* at 10. AFBA, AFBA Life, and 5Star

22 associate themselves in literature and on the internet. They each cite their physical location as

23 being the same. Under these facts, and the reasoning of *Dion*, dismissal for failure to state a claim

24 of alter ego liability is unwarranted.

25 **4.      Plaintiffs Sufficiently Alleged Breaches of Contract by AFBA and 5Star.**

26 Defendants argue that Plaintiffs have failed to plead the essential elements of breach of

27 contract by not indicating the specific contract provisions which were breached. No case law is

28 cited for this proposition, and Plaintiffs cannot find any deficiency of notice in their claims.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

5

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    Plaintiffs specifically claimed breach through: Defendants' failure to pay monies due in
2 exchange for services performed by Lovesy under the contracts; breach through Defendants'
3 failure to pay monies due in exchange for commissions on sales made in his assigned region;
4 breach through improper offsets and charge backs; and breach through termination of the contracts
5 in retaliation for Mr. Lovesy attempting to obtain Defendants' performance.  (SAC, ¶¶ 53-56).
6 This is sufficient, because the purpose of a pleading "is to state ultimate facts and not evidence."
7 *Southern Pac. Co. v. Conway*, 115 F. 2d 746, 750 (9th Cir. 1940).  All that is required is that a
8 cause of action "sufficiently disclose the ultimate facts which plaintiff will be required to prove in
9 trial." *Laugharn v. Zimmelman*, 28 F. Supp. 348, 349 (S.D. Cal. 1939).

10    Defendants' motion, however, asks the Court to require Plaintiffs to plead with
11 particularity in contravention of Fed. R. Civil Procedure, Rule 8.  Plaintiffs' complaint clearly
12 describes and defines the relevant contracts, which satisfies the requirement of establishing the
13 fact of the contract, and which is not in dispute.  The SAC alleges, at ¶ 52, that they "performed all
14 conditions, covenants, and promised required under the [Agreements], except where excused from
15 performance."  This shows Plaintiffs' performance under the contract.  Plaintiffs describe with
16 particularity, at ¶ 53-56 the nature of Defendants' breach.  Finally, Plaintiffs alleged their resultant
17 harm, or monies owed, at ¶ 57 of the complaint.  This is all that is required under the authorities
18 cited by Defendants.  *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Careau & Co. v. Sec. Pac. Bus.*
19 *Credit*, 222 Cal. App. 3d 1371, 1388 (1990).

20    There is no law, statute, or case which stands for the position that a claim for breach of
21 contract fails unless the specific provision is enumerated in the complaint.  Further, the idea that
22 there can be no breach of contract for the payment of commissions and overrides due in the
23 Assigned Region, because the contract is silent on exclusivity is proof positive of a live issue.

24       **5.    Parol Evidence Proper in This Instance.**

25    The Regional Sales Director Agreement contains an empty field for the assigned region,
26 and does not mention the nature of the assignment.  The contract is incomplete, yet there is no
27 dispute that it was duly accepted as giving rise to an employment relationship between the parties.
28 Because the entirety of performance cannot be determined on the face of the contract, it is not

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

6

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1  subject to the parol evidence rule as directed by Cal. Code of Civil. Procedure § 1856 (a), but

2  rather is governed by subsections (b) and (c) of that statute, which state:

3         (b)  The terms set forth in a writing described in subdivision (a) may be

4      explained or supplemented by evidence of consistent additional terms unless the

5      writing is intended also as a complete and exclusive statement of the terms of the

6      agreement.

7         (c)  The terms set forth in a writing described in subdivision (a) may be

8      explained or supplemented by course of dealing or usage of trade or by course of

9      performance.

10  *Id.*

11      The Regional Sales Director Agreement is not an integrated document capable of

12  comprising the entirety of the agreement between the parties. Since neither the applicable sales

13  region nor the terms of exclusivity are addressed in the four corners of either document, other

14  evidence may be used to establish those terms. The parol evidence rule bars consideration of

15  extrinsic evidence of prior or contemporaneous agreements *at variance* with the written

16  agreement. *Casa Herrera, Inc. v. Beydoun*, 32 Cal. 4th 336, 344 (2004), emphasis added. The

17  contract between the parties is silent on issues in dispute. Because there are terms of the contract

18  left undefined and undetermined by the instrument itself, extrinsic evidence must be included to

19  prove what those terms were. *Tahoe Nat'l Bank v. Phillips*, 4 Cal. 3d 11, 23 (1971).

20      Defendants argue later in their motion that additional language in the Regional Director

21  Agreement is indicative of non-exclusivity. (Motion to Dismiss, p. 12). However, that portion of

22  the contract refers to "attached schedules" which have not been attached to either Plaintiffs' or

23  Defendants' copies of this agreement, and are further indication that the operative terms were to be

24  determined outside of the document.

25      **6.**    **Termination of Contracts Not a Defense to Sufficiency of Claims.**

26      Defendants' next argument, that they terminated the contract under the methods specified

27  in the contract, is not a defense to Plaintiff's claims of non-performance, failure to pay monies

28  owed, and retaliatory discharge. Non-performance and failure to pay are breaches of the contracts

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

7

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1  which existed prior to Defendants' termination of the contracts.  Defendants' duty to perform

2  those tasks was not extinguished by termination.  The termination of Mr. Lovesy in retaliation for

3  seeking performance under the contracts may not give rise to a separate cause of action, but is

4  indicative of Defendants' ratification of their breaches.

5  **B.    BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

6      **SUFFICIENTLY PLEAD AS TO AFBA AND 5STAR.**

7      Defendants' arguments as to the sufficiency of Plaintiffs' claims of breach of the covenant

8  of good faith and fair dealing are superfluous.  They arise out of the contract causes of action,

9  which are sufficiently plead to withstand a motion to dismiss.

10     The covenant of good faith and fair dealing requires "that the employer act fairly and in

11 good faith." *Burton v. Sec. Pac. Nat'l Bank*, 197 Cal. App. 3d 972, 979 (1988).  "To be entitled to

12 a trial for breach of the covenant of good faith and fair dealing, [Plaintiffs] must bring forth facts

13 to show that [Defendants] acted in bad faith and without probable cause." *Id.*, (internal citations

14 and quotations omitted).  Plaintiffs have alleged facts showing Defendants acted in bad faith.

15     **1.    Forced Relationship With The Shuey Defendants and Allowance of Their**

16         **Solicitation in the Assigned Region Constitutes Bad Faith and Unfair Dealing.**

17     Mr. Lovesy specifically alleged that AFBA and 5Star threatened to allow the Shuey

18 Defendants to take over his business region under the operative agreements, unless he agreed to

19 utilize the Shuey Defendants as administrators.  (SAC, at ¶ 25)  Threatening to deny Mr. Lovesy

20 the benefits of their agreement constitutes an unfair dealings and a bad faith act.  After entering the

21 Memorandum of Agreement with The Shuey Defendants, AFBA and 5Star still allowed them to

22 conduct business in Mr. Lovesy's assigned region, further frustrating the purpose of the Field

23 Service and Regional Sales Director Agreements.  (SAC, at ¶ 40).   Both of these allegations are

24 sufficient, if substantiated, to support a finding that AFBA and 5Star intended to deny Plaintiffs

25 the benefits of the agreements.  Whether Mr. Lovesy can substantiate his allegations is a matter

26 properly heard either on a motion for summary judgment or at trial, and not on a motion to

27 dismiss.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

8

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    Defendants state that Mr. Lovesy acknowledged in previous pleadings that AFBA and

2  5Star had no control over the Shuey Defendants. (First Complaint for Damages, ¶ 33). This is

3  incorrect. That pleading states, "Mr. Lovesy's objections to the usurpation of the territory were

4  ignored by Kimo Wong of AFBA, who claimed he had no control of the TGS Group." *Id.* A

5  plain reading of the text shows no indication that Plaintiffs acknowledged the truth of that

6  statement; for Defendants to so claim in a Request for Judicial Notice is a most creative

7  interpretation indeed. The truth of the statement is in contention. As the originator of policies,

8  and the entities who assigned regions, directors, and representatives, AFBA and 5Star were in the

9  strongest position to prevent The Shuey Defendants from soliciting sales in the region assigned to

10  Mr. Lovesy, and certainly had the ability to cease engaging in business with The Shuey

11  Defendants in regard to sales. They did not, and damaged Mr. Lovesy's ability to perform and

12  benefit under the agreements.

13    **2.    AFBA and 5Star's Failure to Pay And Termination of the Agreements**

14    **Constitutes A Bad Faith Act.**

15    Defendants state that Plaintiffs have failed to allege sufficient facts to establish that monies

16  are due to Mr. Lovesy under the agreements. However, Plaintiffs claimed that Defendants

17  allowed The Shuey Defendants to conduct business in Mr. Lovesy's exclusive Assigned Region,

18  resulting in unpaid and owed payments and commissions, and then further demanded set-offs and

19  charge backs from Mr. Lovesy based upon sales made by The Shuey Defendants. (SAC, at ¶ 42,

20  50).

21    Should the fact that Mr. Lovesy was owed exclusivity of his region be found credible by a

22  jury, he will have established a basis for his claims of money owed. Further, regardless of

23  exclusivity, if Defendants demanded charge backs from Mr. Lovesy based on sales made by The

24  Shuey Defendants, then additional monies may be owed, or a basis for bad faith established.

25  Defendants point to their assertion that they had a right of set off on the commissions as a prima

26  facie showing of good faith, but again, that is only a defense to the claims of bad faith if the

27  statement is true. Whether Defendants intended to deny Mr. Lovesy the benefit of the agreements,

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

9

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1   thus constituting bad faith acts, are questions of fact for a jury, and not questions of sufficiency

2   determinable in a motion to dismiss.

3       Finally, the termination of Mr. Lovesy's at-will employment was a breach of the covenant

4   of good faith and fair dealing not because Mr. Lovesy had an expectation of continued

5   employment, but because in terminating the agreements, Defendants wrongfully sought to

6   preclude their duty to perform under the contracts. The purpose of the covenant of good faith is to

7   protect the express promises of the contract. *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 683

8   (1988).

9       Defendants erroneously rely upon *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317 (2000) in

10  arguing that termination cannot be a bad faith act. *Guz* held that, "if the employer's termination

11  decisions, however arbitrary, do not breach [] a substantive contract provision, they are not

12  precluded by the covenant." However, the Court in Guz explained, "We do not suggest the

13  covenant of good faith and fair dealing has no function whatever in the interpretation and

14  enforcement of employment contracts. As indicated above, the covenant prevents a party from

15  acting in bad faith to frustrate the contract's *actual* benefits. Thus, for example, the covenant

16  might be violated if termination of an at-will employee was a mere pretext to cheat the worker out

17  of another contract benefit to which the employee was clearly entitled, such as compensation

18  already earned." *Id.* at 353, n. 18. Plaintiffs' position is that Defendants had a duty to perform

19  and pay under the contracts, which they sought to avoid by terminating the contract. The Field

20  Service Representative Agreement, at section IV (B) and (C), and the Regional Sales Director

21  Agreement, at I, II, and III, each confer a duty upon Defendants to perform. There is no provision

22  excusing their duty to do so.

23  **C.    AN ACCOUNTING IS PROPER IN THIS CASE.**

24      An accounting is proper where the sum Plaintiffs allege and seek to recover is not certain,

25  and where it has been alleged that money is owed or property must be returned. *St. James Church*

26  *of Christ Holiness v. Superior Court*, 135 Cal. App. 2d 352, 359 (1955); *Union Bank v. Superior*

27  *Court*, 31 Cal. App. 4th 573, 593-94 (1995).

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

10

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1   The amount owed Mr. Lovesy can only be determined through discovery and detailed
2   review of the books and records maintained by AFBA, 5Star, and The Shuey Defendants. Given
3   the difficulty in ascertaining the amounts due, the complexity requirement is met. Because
4   Plaintiffs have also claimed misconduct on the part of Defendants, the wrongful act prong of an
5   action for an accounting is also met. Fully half of the causes of action in Plaintiffs' complaint
6   assert misconduct and wrongdoing on the part of AFBA and 5Star. The sufficiency of those facts
7   is argued at length above, and so will not be reiterated here. On this basis, Plaintiffs have made
8   sufficient factual allegations to support an accounting, and this cause of action should not be
9   dismissed.

10  **D.**      **UNFAIR COMPETITION LAW CLAIMS**

11       **1.**      **The Section 17200 *et seq*. Claim Was Plead With Particularity.**

12   Contrary to Defendants' argument, Plaintiffs' claim of unfair competition under Business
13  and Professions Code section 17200 *et seq.* was stated with sufficient particularity to withstand a
14  motion to dismiss. Plaintiffs contended that Mr. Lovesy told AFBA and 5Star on numerous
15  occasions that The Shuey Defendants were not processing insurance policies in a timely manner,
16  that policies were lapsing as a result, and that Mr. Lovesy was being asked to back date policies
17  that had not been processed. (SAC, at ¶¶ 32-39). Plaintiffs also contended that, as a result of
18  actions by The Shuey Defendants and knowing inaction by AFBA and 5Star, many members of
19  the Armed Forces who had purchased policies and believed themselves to be covered were not,
20  and that soldiers at times ended up in combat zones without coverage, believing that they had life
21  insurance, and without any way to reinstate that protection for their families and loves ones. *Id.*

22   Consequently, Plaintiffs alleged that "Defendants' conduct in routinely failing to properly
23  process policies they sold to the public constituted unfair and unlawful business acts or practices
24  within the meaning of the Unfair Competition Law, California Business and Professions Code
25  Section 17200, et seq." (SAC, ¶ 99). Plaintiffs showed the practice it believes is unfair, unlawful,
26  or fraudulent, i.e., the failure to process insurance policies; and alleged facts showing the unfair,
27  unlawful, or fraudulent nature of the practice, that being each Defendants' knowing refusal to

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

11

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    legally and ethically conduct business. *Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062, 1071

2    (C.D. Cal. 2000).

3           Plaintiffs identified the portion of the statutory scheme which was violated, described the

4    facts supporting the fraud committed on the public, described the manner in which the public was

5    deceived and misled, and the manner in which Defendants' actions were unlawful or unfair.

6    *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (1993); *State Farm Fire & Casualty Co. v.*

7    *Sup. Court*, 45 Cal. App. 4th 1093, 1103-05 (1996), This is a sufficient showing under the law to

8    preclude a motion to dismiss.

9           A case that illustrates the disfavor shown towards pre-answer challenges is *Motors, Inc. v.*

10   *Times Mirror Company*.  There, the Court of Appeals held that if the "pleading states a prima facie

11   case of harm, having its genesis in an apparently unfair business practice, the defendant should be

12   made to present its side of the story." *Motors, Inc. v. Times Mirror Company*, 102 Cal. App. 3d

13   735, 740 (1980).  It is the court's duty to "weigh the utility of defendants' conduct against the

14   gravity of harm to the alleged victim," a process that "is really quite impossible if only the

15   plaintiff has been heard from, as is the case when it is sought to decide the issue of unfairness on

16   [a pre-answer challenge to the pleadings]." *Id.*  If the Defendants can show that the utility of their

17   conduct justifies the practice, a motion for summary judgment is proper.  *Id.*

18           **2.    The Section 16600 Claims Against AFBA and 5Star Are Sufficient.**

19          Plaintiffs' claims based on restraint of trade are properly asserted against Defendants

20   AFBA and 5Star.  The SAC asserted that AFBA and 5Star instructed Plaintiffs to enter into an

21   agreement with The Shuey Defendants to administer the policies Plaintiffs sold, or risk losing their

22   sales business in the Assigned Regions. (SAC at ¶¶ 25, 97).  The SAC also alleged that the terms

23   of the agreement with The Shuey Defendants restricted what products Plaintiffs could sell, to

24   those offered exclusively through AFBA and 5Star. (SAC at ¶¶ 28, 30, 97-98).  The agreement

25   with The Shuey Defendants concerned much more than their administration of the policies

26   Plaintiffs sold; it purported to restrict the terms of Plaintiffs' contracts with AFBA and 5Star by

27   limiting what products Plaintiffs could offer. *Id.*

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

12

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    The contract with The Shuey Defendants, which was ostensibly for claim administration,

2  imposed substantive and restrictive terms on the agreements between AFBA/5Star and Plaintiffs.

3  That fact gives rise to a strong indication that AFBA and 5Star had knowledge of the terms

4  contained therein.  Defendants cite to a typo in the SAC, mistakenly stating that AFBA/5Star

5  advised Plaintiffs in 2003 to enter into an agreement with The Shuey Defendants, as proof that the

6  passage of time makes such knowledge unlikely.  *Id.* at ¶ 97.  The SAC correctly cites the year

7  AFBA and 5Star began advocating use of the The Shuey Defendants as 2004 in the Common

8  Allegations.  *Id.* at 25.  Thus, it is not unreasonable to infer that AFBA and 5Star had ample

9  knowledge that The Shuey Defendants' agreement would improperly restrict their prior contracts

10  with Plaintiffs.

11        **3.       Alter Ego Liability as to AFBA, 5Star, and The Shuey Defendants.**

12        Plaintiffs alleged that all defendants were liable for unfair business practices under

13  Business and Professions Code sections 17200 and 16600 under a theory of alter ego liability.

14  Plaintiffs have alleged that AFBA and 5Star began to require the use of The Shuey Defendants for

15  processing purposes, threatening Mr. Lovesy with the loss of his Assigned Region if he did not

16  comply.  (SAC, at ¶ 25).  This indicates a unity of interest between the parties.  Plaintiffs also

17  alleged that the Memorandum of Agreement ("MOA") entered into with The Shuey Defendants

18  purportedly for administrative services, contained substantial limitations on what business

19  Mr. Lovesy could engage in under his agreements with AFBA and 5Star.  (SAC, at ¶¶ 28, 30).

20  That allegation supports a finding of united interest and overlapping control of the entities.

21  *Neilson*, 290 F. Supp. 2d at 1115-16.

22        In addition, Plaintiffs alleged that AFBA and 5Star were complicit in the failure to process

23  the insurance policies of members of the Armed Forces the Plaintiffs had enrolled.  (SAC, at ¶¶

24  33-35, 39).  While moving parties and The Shuey Defendants may have had differing ownership,

25  they exercised joint control of the business enterprise.  Given the results of their actions, holding

26  only The Shuey Defendants, or only AFBA/5Star liable for these wrongful acts, would result in

27  injustice.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

13

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

4.    **The Agreement Impermissibly Precluded Mr. Lovesy from Engaging in His**
      **Profession.**

Defendants erroneously state that the standard for bringing a section 16600 claim is to show a complete and entire preclusion from the pursuit of a trade. (Defendant AFBA and 5Star's Motion to Dismiss, at 10:7-8). California courts recognize that "a contract does not have to impair a party's access to every potential customer to contravene section 16600. …a contract can effectively destroy a signatory's ability to conduct a trade or business by placing a substantial segment of the market off limits." *Gen. Comm. Packaging v. TPS Package Eng'g*, 126 F. 3d 1131, 1134 (9th Cir. 1997).

Mr. Lovesy's profession was and had been, since at least 1993, the sale of insurance products to members of the Armed Forces. The majority of his sales, if not all, were to the National Guard, with whom he had spent nearly fifteen years cultivating relationships. Defendants' assertion that the agreement with The Shuey Defendants only narrowly limited Mr. Lovesy's ability to pursue his profession is incorrect. The restriction of sales to the majority of Mr. Lovesy's target market effectively destroyed his ability to conduct business because it placed a substantial segment of his market off limits.

Covenants not to compete during the term of an agreement are "proscribed when it is probable that performance of the contract will foreclose competition in a substantial share of the affected line of commerce." *Dayton Time Lock Service, Inc. v. Silent Watchman Corp.*, 52 Cal. App. 3d. 1, 6 (1975). The examination of the majority of covenants not to compete have been in post-employment situations. The few cases which discuss in-term covenants not to compete have been examined almost entirely in the arena of a franchise relationship, which is not comparable to Mr. Lovesy's situation. However, outside of a franchise context, there is no need to protect or maintain a trademark, trade name, or goodwill, and so there is even less willingness by the courts to approve covenants not to compete. *Kelton v. Stravinski*, 138 Cal. App. 4th 941, 948 (2006).

Numerous questions of fact have been raised by Plaintiffs' complaint, which will affect the determination of whether the restraint of trade clause in The Shuey Defendants' contract was impermissible: the extent of the restriction on Mr. Lovesy's ability to work within the military

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

14

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1  market, especially with members of the National Guard; the owner or progenitor of the goodwill

2  utilized by Mr. Lovesy in the performance of his work over the 15 year period; the extent of the

3  control of AFBA and 5Star over the structure of Mr. Lovesy's operations prior to the contract with

4  The Shuey Defendants; and the validity of the clause on contracts to which The Shuey Defendants

5  were not a party.  None of these are issues which can be determined on a motion to dismiss.

6          **5.    The Loss Resulting From the Impermissible Restriction is Substantial.**

7          Defendants allege that Mr. Lovesy's loss of the non-AFBA products resulted in only a

8  minor decrease in his earnings as a prima facie showing that the restraint of trade was minimal,

9  and further attempt to introduce that opinion as a judicially noticeable fact.  Once again, this issue

10  is non-adjudicative, and therefore improper for judicial notice. Fed. R. Evid. 201(a); *Ritchie*, 342

11  F .3d at 908.  It is immaterial that Mr. Lovesy made half a million dollars per year from his sales;

12  it is a matter of fact, not law, as to whether a fourteen percent decrease in earnings might implicate

13  an improper restraint of trade.

14          Defendants argue that The Shuey Defendants' agreement facilitated Mr. Lovesy by

15  performing payroll deductions and policy processing.  Mr. Lovesy's stance is that the purpose of

16  the agreement was not to offer processing assistance, a task Mr. Lovesy performed adequately.

17  Indeed, when Mr. Lovesy was responsible for assuring collections, he had information as to

18  whether the service member had made payments and could, therefore, follow up when payments

19  were not timely.  Once The Shuey Defendants took over the processing, AFBA refused to provide

20  Mr. Lovesy with this information, preventing him from assuring that he would be paid for the

21  work he had performed.  The purpose of the agreement with The Shuey Defendants was

22  apparently to reduce processing costs of AFBA and 5Star, a cost reduction that was done at

23  Mr. Lovesy's expense.  In the agreement, the Shuey Defendants do not limit themselves to

24  performing payroll and deduction services only for AFBA products.  Instead, a contract for

25  administrative services purported to restrict the type of products Mr. Lovesy could sell, and to

26  whom.

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

15

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

6.    **AFBA and 5Star Had Control Over the Processing of Policies.**

AFBA and 5Star say they played no role in the processing of policies, making them improper parties to claims of unfair competition. However, Defendants offer insurance policies that require processing in order to be implemented; a task the purchaser does not and cannot perform. Plaintiffs allege that AFBA and 5Star pressured Mr. Lovesy to retain The Shuey Defendants to perform processing. AFBA and 5Star had previously performed processing internally, with assistance from Mr. Lovesy. AFBA and 5Star certainly had some control over The Shuey Defendants, as AFBA and 5Star could have terminated The Shuey Defendants' services in connection with processing, held The Shuey Defendants accountable for processing policies in a timely manner, or provided Mr. Lovesy with the ability to resume the former practices or, at a minimum, the information necessary to follow up on policies he had procured. (SAC, at ¶ 25). The restrictive nature of the agreement, which benefits AFBA and 5Star significantly more than Plaintiffs or The Shuey Defendants, also indicates control by AFBA and 5Star. (MOA, at 1.a).

Thus, whether AFBA and 5Star participate in or are found to be responsible for the processing of policies is a question of fact, allegations of which Plaintiffs have substantively made. AFBA and 5Star knowingly allowed The Shuey Defendants to continue not processing policies; a practice which resulted in the payment of initial premium fees by service members, without AFBA and 5Star having to provide any coverage at all. (SAC at ¶¶ 39, 43-44). As far as Plaintiffs are informed, The Shuey Defendants still perform processing services for Defendants AFBA and 5Star. A jury could very well find that this amounts to complicity, and impose a duty to act or oversee, even in the absence of a duty to process policies.

7.    **Plaintiffs Have a Right to Seek Damages Under the UCL Claims.**

Under California law, "a claim for injunctive or restitutive relief under the UCA can be based on *any* fraudulent or unlawful or unfair business activity." *State Farm Fire & Casualty Co.*, 45 Cal. App. 4th at 1107. If the pleadings allege the type of business activity prohibited by the UCL, the only question for the Court to decide is whether such allegations are sufficient to state a cause of action for relief. *Id.* As discussed, the pleadings allege unfair and illegal business

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

16

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC

1    activity. Assuming those causes of action are found to be sufficiently plead, Plaintiffs may request

2    a constructive trust as to discernable and ascertainable monies.

3                                    **III.    CONCLUSION**

4         Federal pleadings may be general and satisfy the requirements of Rule 8 if they give the

5    opposing side notice of the claims being asserted. Motions to dismiss on the basis of failure to

6    state a claim for relief are disfavored for precisely that reason. The SAC gives each Defendant

7    ample notice of the claims against it. No Defendant has yet served an answer, and Defendants

8    have not yet served any documents. Thus, Plaintiff has been unable to develop the facts and legal

9    theories, further making the requested dismissal excessive.

10         Far from simply arguing the sufficiency of Plaintiffs' allegations, Defendants AFBA and

11    5Star spend the majority of their motion offering rebuttals to Plaintiffs' claims which call for

12    further exploration of the facts. Far from showing the absence of Plaintiffs' claims, Defendants'

13    motion primarily indicates the existence of issues of fact ripe for discovery.

14         For the reasons stated above, Plaintiffs urge the Court to deny in full Defendants AFBA

15    and 5Star's Motion to Dismiss the Second Amended Complaint. In the alternative, Plaintiffs seek

16    leave to amend the complaint.

17

18    Dated: January 15, 2008                    HAIGHT BROWN & BONESTEEL LLP

19

20                                    By: _____
                                          Margaret J. Grover
21                                        Africa E. Davidson
                                          Attorneys for Plaintiffs
22                                        BRAD LOVESY and PACIFIC
                                          CONSOLIDATED INVESTMENTS, INC.

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337576.1

17

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS SAC