1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC          )  Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a )
12  Nevada corporation,              )  **PLAINTIFFS' OPPOSITION TO**
                                     )  **DEFENDANTS ARMED FORCES**
13          Plaintiffs,              )  **BENEFIT ASSOCIATION AND 5STAR**
                                     )  **LIFE INSURANCE COMPANY'S**
14      vs.                          )  **MOTION TO STRIKE AND FOR A**
                                     )  **MORE DEFINITE STATEMENT**
15  ARMED FORCES BENEFIT             )  **REGARDING PORTIONS OF THE**
    ASSOCIATION, THE 5STAR           )  **SECOND AMENDED COMPLAINT**
16  ASSOCIATION, 5STAR FINANCIAL, LLC,)
    5STAR FINANCIAL SERVICES         )  Date:    February 5, 2008
17  COMPANY, and 5STAR LIFE INSURANCE)  Time:    1:00 p.m.
    COMPANY; TED SHUEY, individually,)  Ctrm:    3
18  doing business as THE SHUEY AGENCY,)  Judge:  Hon. Saundra B. Armstrong
    INC., and TGS GROUP, INC.,       )
19                                   )
            Defendants.              )
20  _____)

21                    **I.    INTRODUCTION**

22         The Second Amended Complaint (SAC) is adequately pled. Defendants' motion to strike

23  takes the allegations out of context and misconstrues them. Motions to strike, like motions for a

24  more definite statement, are generally viewed with disfavor because they are often used as

25  delaying tactics. *Bowoto v. Chevron Corp.*, WL 2349338 (N.D. Cal. 2007); *Rosales v. Citibank*,

26  133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). Defendants' motion is nothing more. In bringing

27  their motion to dismiss and motion to strike, AFBA and 5Star focus on the alter ego and damages

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1 claims, both of which relate directly to the subject matter of the breach of contract and UCL

2 claims made against them.

3     Defendants are clearly attempting to use this Rule 12(f) motion to whittle down portions of

4 the complaint that are sufficiently pled under Rule 8. Because Defendants' sufficiency arguments

5 in their Motion to Dismiss should fail, their Motion to Strike, which alleges no separate basis to

6 strike portions of the Second Amended Complaint, should also fail.

7 **II.  ARGUMENT**

8 **A.  PLAINTIFFS' ALTER EGO ALLEGATIONS ARE PROPER.**

9     The crux of Defendants' arguments regarding Plaintiffs' claims of alter ego liability

10 contained in paragraphs 7 and 12 of the SAC are that they have not been investigated to

11 Defendants' satisfaction. However, specific facts are not necessary to a sufficiently pled

12 complaint under Rule 8, as long as the statement gives the defendant fair notice of what the claim

13 is and the grounds upon which it rests. *Tollis Inc. v. County of San Diego*, 505 F. 3d 935, 943 (9th

14 Cir. 2007), citing, *Conley v. Gibson,* 355 U.S. 41, 47 (1957). In depth investigation is not required

15 for the pleadings stage, only statements that alert the defendants about the claims against them,

16 and the grounds for so stating. Because Plaintiffs have informed each member of The 5Star

17 Defendants, each member of The Shuey Defendants, and AFBA of the claims against them, and

18 the general nature of the facts supporting those claims, the allegations are proper for the pleadings

19 stage and should not be struck.

20     **1.  Pleading With Particularity.**

21     The alter ego allegations are sufficient. Defendants rely upon inapplicable legal authority

22 to conclude that "allegations of alter ego liability are subject to a heightened pleadings standard."

23 (Motion to Strike, at 2:26). Defendants cite no case law indicating that California or Ninth Circuit

24 courts examine allegations of alter ego liability with any heightened level of scrutiny. Instead,

25 Defendants rely upon cases that specifically apply Illinois state law, inapplicable to Mr. Lovesy's

26 claims. Mr. Lovesy has located no cases in the Ninth Circuit that follow the standard offered by

27 Defendants, and Defendants have cited none.

28

1  The case upon which Defendants rely, *Trustees of the Cement Masons Fund, Local 502 v.*
2  *F&V Cement Contr., Inc.*, 2004 U.S. Dist. LEXIS 5837, 6-11 (2004), is an Illinois case very
3  specifically citing Illinois law in making its decision.  No court outside of the Seventh Circuit has
4  followed the holding.  *Typographics Plus, Inc. v. I.M. Estrada & Co.*, 2000 U.S. Dist. LEXIS
5  10351, is also an Illinois Case citing Illinois law.  *Official Comm. Of Unsecured Creditors of*
6  *Verestar, Inc. v. Am. Tower Corp.*, 343 B.R. 444, 460 (S.D.N.Y. Bankr. 2006), is a New York case
7  citing largely to Delaware law, which does *not* adopt the heightened pleadings standard of the state
8  of Illinois.  Defendants have provided no basis for the Court to impose a heightened pleadings
9  standard on Plaintiffs in regards to the claims of alter ego liability.

10  The sufficiency of the pleadings have been addressed in Defendants' Motion to Dismiss,
11  and this same argument is improper in a Motion to Strike, which does not allege that the
12  insufficiency has resulted in either prejudice to a defendant, or is completely irrelevant to the
13  claims made in the complaint.  *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830
14  (N.D. Ca. 1992).

15  Plaintiffs have not simply alleged the satisfaction of Mr. Lovesy's monetary claims as a
16  basis for finding alter ego liability between the Defendants.  Plaintiffs alleged the resultant
17  injustice upon the public as a basis for a finding of alter ego as to AFBA, the various 5Star
18  Defendants, and The Shuey Defendants.  Plaintiffs alleged that AFBA assumed the obligations of
19  The 5Star Defendants under the contracts through its interactions with Mr. Lovesy by purporting
20  to act on those contracts, and through the pronounced use of their logo on promotional material
21  and correspondence with Mr. Lovesy. (SAC at ¶ 7).  Plaintiffs stated facts tending to show that
22  AFBA and the 5Star Defendants shared a unity of interest or ownership.  *Id.*

23  Plaintiffs also alleged a shared unity of interest and control between AFBA, The 5Star
24  Defendants, and The Shuey Defendants in regards to the subject matter of the MOA, entered into
25  between Plaintiffs and The Shuey Defendants.  (SAC at ¶¶ 12, 25, 28, 30).  Further, Plaintiffs
26  alleged a concerted illegal or unfair business practice on the part of each of the Defendants, and
27  that if the acts complained of were treated as those of one entity alone, inequity would result.
28  *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1115-16 (C.D. Cal. 2003); SAC at ¶¶

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1  32-35, 39, 43-44. Thus, Plaintiffs have alleged abuses of the corporate form in order to affect a

2  fraud or injustice. *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849,862 (1953).

3      The allegations are not immaterial. They relate to the claims for breach of contract, breach

4  of the covenant of good faith and fair dealing, and the claims of unfair business practices under

5  California's unfair competition laws. The allegations are not so broad as to have no bearing on the

6  controversy before the court, given that they identify the charged parties, and identify the ways in

7  which Plaintiffs believe the various named defendants to be alter egos of one another (easily

8  provable once the parties begin discovery). *In re Wagner*, 87 B.R. 612, 619 (C.D. Cal. 1988),

9  citing, *Johnson v. American Aviation Corp.*, 64 F.R.D. 435 (D. N.D. 1974). Nor are the

10 allegations prejudicial or derogatory enough to be deemed scandalous. *San Bernardino Pub.*

11 *Emples. Ass'n v. Stout*, 946 F. Supp. 790, 803 (C.D. Cal. 1996). For this reason, Plaintiffs'

12 of alter ego liability, contained in paragraphs 7 and 12 of the SAC should not be stricken.

13      **2.    Specificity of the Alter Ego Allegations.**

14      Defendants urge that paragraph 12 of the SAC should be stricken as immaterial, or for

15 having no bearing on the controversy before the court, in alleging alter ego liability as between

16 each of the Defendants. However, Defendants' argument falls back on a repetitive sufficiency

17 argument, again attempts to impose the standards of the state of Illinois, and at no point claims

18 that the alter ego allegations are unrelated to the claims in the complaint. *In re Wagner*, 87 B.R. at

19 619.

20      Defendants' claims of lack of specificity do not challenge whether the allegations are

21 material or relevant to the claims being made in the complaint. That determination cannot be

22 made in a vacuum. The fact that one paragraph does not establish alter ego liability does not

23 determine that the entire complaint fails to properly allege alter ego liability. It is not the practice

24 of this court to view paragraphs of a complaint in isolation. *Colaprico v. Sun Microsystems, Inc.*,

25 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Paragraph 12 claims alter ego liability as between

26 each Defendant. Paragraphs 25-26, 28-30, 39, 43-45 provide facts giving rise to those claims.

27 Therefore, Defendants' claims of lack of specificity as to paragraph 12 must fail, as it is not

28 determinative to a finding of specificity or sufficiency.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

4

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

3.    **Plaintiffs' Alter Ego Claims Are Sufficient to Establish Injustice and Unfairness.**

Defendants urge this court to strike paragraph 7 of the SAC because, standing alone, it does not establish the element of injustice or unfairness required of a claim of alter ego liability. This argument fails for the same reasons Defendants' claims of specificity as to paragraph 12, discussed above, fail.  Courts should not consider paragraphs of a complaint in isolation. *Colaprico*, 758 F. Supp. at 1339.

Plaintiffs have alleged a shared unity of interest and control between AFBA, The 5Star Defendants, and The Shuey Defendants in regards to the subject matter of the MOA, entered into between Plaintiffs and The Shuey Defendants.  (SAC at ¶¶ 12, 25, 28, 30).  Plaintiffs also alleged a concerted illegal or unfair business practice on the part of each of the Defendants as to Mr. Lovesy and the public, such that if the acts complained of were treated as those of one entity alone, inequity would result. *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1115-16 (C.D. Cal. 2003); SAC at ¶¶ 32-35, 39, 43-44.  Thus, Plaintiffs have alleged abuses of the corporate form in order to affect a fraud, unfairness, or injustice.  *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849, 862 (1953).

The weight or sufficiency of Lovesy's allegations has not yet been ascertained, as no discovery has been done in this case.  Further, this is not a reason to strike an allegation from a pleading, provided some basis for the allegations has been made, which relates to the causes in the complaint. *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (C.D. Cal. 2004).

4.    **A More Definite Statement is Not Required to Distinguish Amongst the AFBA and 5Star Defendants.**

Defendants seek a more definite statement with respect to all joint references to "AFBA/5Star" on the basis that the alter ego claims are insufficient, and result in such ambiguity that AFBA and 5Star cannot respond to the complaint.  For the reasons stated above, and discussed in Plaintiffs' opposition to the motion to dismiss, the alter ego claims are sufficiently plead, and further, are not properly the subject of this motion to strike.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

5

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1    Each allegation as to AFBA and a 5Star Defendant is so identified.  Paragraph 7 identifies
2  the interaction and overlap between AFBA and each 5Star Defendant named in the complaint,
3  noting that AFBA, The 5Star Association, 5Star Financial LLC, 5Star Life Insurance Company,
4  and 5Star Life "are collectively referred to as "AFBA/5Star."" (SAC at ¶ 7).  To that end, each
5  allegation made against AFBA/5Star is made against AFBA and each and every 5Star Defendant.
6  That fact is abundantly clear, and does not require a more definite statement.  Should any entity
7  within the group identified as AFBA/5Star be dismissed from this action, the allegations and
8  claims made by Plaintiffs refer to each and every remaining Defendant.

9    Motions for a more definite statement are viewed with the same disfavor as motions to
10  dismiss and motions to strike, and are rarely granted because of the minimal pleading
11  requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (N.D.
12  Cal. 1994).  "Parties are expected to use discovery, not the pleadings, to learn the specifics of the
13  claims being asserted." *Id.*  Here, the complaint is not so general that determining the nature of
14  the claim or the parties against whom it is being made. *Id.*  Thus, a motion for a more definite
15  statement is unnecessary.

16  **B.    PLAINTIFFS ARE ENTITLED TO RELIEF UNDER THE UNFAIR**
17  **COMPETITION LAW CLAIMS.**

18    Defendants allege that the eighth cause of action in the SAC fails to request restitutionary
19  relief.  Paragraphs 102 and 103 of the SAC cover Plaintiffs' prayers for the claims made pursuant
20  to sections 16600 and 17200 of the California Business & Professions Code.  Those paragraphs do
21  not allude to the relief sought, they state it outright:

22    102.  By reason of the wrongful manner in which Defendants have deprived
23    Plaintiffs of the benefits to which they are entitled, Defendants are involuntary
24    trustees holding any proceeds obtained therefrom in constructive trust for
25    Plaintiffs' benefit, with the duty to account for and to convey those proceeds to Mr.
26    Lovesy.

27
28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

6

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1    103.  Plaintiffs are informed and on that basis allege that Defendants have been

2    unjustly enriched by their wrongful conduct, which thereby justifies the imposition

3    of a constructive trust, penalties imposed by statute, and any other remedy allowed

4    by law.

5        Defendants next state that Plaintiffs' request is unavailable as a matter of law, the basis of

6    their request to strike the relief requested.  Defendants are wrong.

7        1.    **The UCL Allegations Are Sufficiently Definite That A Claim for Restitution**

8            **Should Stand.**

9        Defendants allege that the eighth cause of action fails to explain the nature of the benefits

10   Mr. Lovesy is entitled to, and how Defendants deprived him of those benefits.  This is yet another

11   request that the Court view each paragraph of the SAC separately, rather than as a whole

12   document.

13       Paragraphs 97-98 clearly state that the benefit Mr. Lovesy sought was the continuation of

14   his ability to engage in business, and that through their restraint of his trade by placing a

15   substantial portion of the market off limits, AFBA and 5Star were violating section 16600 of the

16   UCL.  Paragraphs 99-100 similarly detail the section 17200 claim.  Plaintiffs identified the portion

17   of the statutory scheme which was violated, described the facts supporting the fraud committed on

18   the public, described the manner in which the public was deceived and misled, and the manner in

19   which Defendants' actions were unlawful or unfair.  *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th

20   612, 619 (1993); *State Farm Fire & Casualty Co. v. Sup. Court*, 45 Cal. App. 4th 1093, 1103-05

21   (1996).

22       As argued in Plaintiffs' opposition to Defendants' motion to dismiss, the UCL claims are

23   sufficiently plead to provide notice and grounds, and the request to strike should be denied.

24       2.    **The Claims for Constructive Trust Are Proper.**

25       A claim for injunctive or restitutive relief under the UCL can be based on *any* fraudulent or

26   unlawful or unfair business activity.  *State Farm Fire & Casualty Co.*, 45 Cal. App. 4th 1093, 1107

27   (1996).  Plaintiffs have alleged that Mr. Lovesy is owed the commissions, overrides, and bonuses

28   on sales made in the regions to which he was assigned.  Defendants' argument is, in reality, an

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

7

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1  attack upon the validity of Plaintiffs' claims of exclusivity in the Assigned Region.  This is a

2  question of fact that cannot properly be resolved on a motion to dismiss or motion to strike.  The

3  issue of exclusivity is discussed at length in Plaintiffs' opposition to the motion to dismiss and will

4  not be examined here.  However, this issue cannot be decided at the pleadings stage, as the face of

5  the contract does not rule out an exclusive assignment (*See*, Regional Sales Director Agreement)

6  and the course of conduct between the parties demonstrated that Mr. Lovesy had an exclusive right

7  to sell in the Assigned Region.

8      Moreover, Mr. Lovesy seeks to recover income he earned, but which was withheld, as a

9  direct result AFBA, The 5Star Defendants, and The Shuey Defendants' unfair business practice of

10  failing and refusing to process insurance policies.  (SAC, at ¶¶ 32-35, 39, 99-100).  In this

11  situation, AFBA and The 5Star Defendants transferred the insurance processing costs to The

12  Shuey Defendants, who did not perform the services.  Defendants summarily argue that

13  Mr. Lovesy had no vested interest in these monies, yet he seeks recompense for an actual or

14  traceable *res*, for AFBA and the 5Star Defendants' increased profits, and for sales made in his

15  Assigned Region under the contracts made with AFBA and 5Star, which were withheld and/or

16  offset once The Shuey Defendants ostensibly began to perform the processing.  Where money or

17  property identified as belonging in good conscience to the plaintiff can be traced to particular

18  funds or property in the defendant's possession, a constructive trust will lie.  *Great-West Life &*

19  *Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002); citing *Restatement of Restitution* § 160,

20  Comment a.

21      Plaintiffs also seek a constructive trust as to those monies misappropriated from the public

22  through the Defendants' wrongful actions.  (SAC, at ¶¶ 32-39, 99, 103).  As those funds are also

23  identifiable and traceable, a constructive trust is proper.  *Great-West Life & Annuity Ins. Co.*, 534

24  U.S. at 213.

25      Finally, Plaintiffs argue that Mr. Loevsy is due the lost profits he would have made on the

26  Colorado Banker products had Defendants not improperly restrained his trade.  (SAC, at ¶¶ 97-

27  98).  Mr. Lovesy did in fact have a vested interest in those sales and commissions attributable to

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

8

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1  the Colorado Banker products.  He had sold those products in his region for three years, and had

2  an established pattern of income from that product.

3       In arguing that there is no right of constructive trust in unearned commissions, Defendants

4  cite the case of *Vicko Ins. Servs., Inc. v Ohio Indemnity Co.*, 70 Cal. App. 4th 55 (1999).  That case

5  is not on point.  In *Vicko*, an insurance agent brought action against an insurer for terminating the

6  parties' written agency contract with 60 days' notice instead of the 120 days the contract called

7  for.  *Id*. at 59-60.  The complaint alleged four causes of action, most notably a private right of

8  action to bring suit under section 769 of the Insurance Code, which was lost at the issue

9  conference.  *Id*. at 60.  Plaintiff dismissed all other causes of action, and judgment was directed for

10  the defendant.  *Id*.  On appeal, the private right of action was again rejected.  *Id*. at 65-66.

11       For the first time, on appeal, Vicko raised a right of action under Business & Professions

12  Code 17200.  *Id*. at 66.  The court found that Vicko sought "to recover unrealized commissions

13  and general compensatory damages it claims it suffered as a result of being given less than 120

14  days' written notice of termination." *Id*. at 67.  That is the extent of the Court's comment on the

15  commissions.  *Id*.  There is no examination of the commissions claimed by the Plaintiff, no

16  discussion as to whether he had a vested interest, and no discussion of what factors comprise a

17  vested interest in a commission.  *Id*.  Defendants' conclusion that "an interest in a commission

18  vests only after a sale is made and the commission becomes due," overreaches badly.

19       Nor do Defendants cite any other case law or statute purporting to establish what

20  constitutes a "vested interest."  Plaintiffs can show a past history and pattern of sales in the area,

21  the amount he seeks is not purely speculative, and is ascertainable.  Whether Mr. Lovesy had,

22  based on his history of sales in the area, a vested right in those profits, is a question of fact for the

23  jury which is improper in a motion to strike.

24       Because Plaintiffs have in fact established a right to a constructive trust, Defendants'

25  request to strike paragraphs 102 and 103 of the SAC should fail.

26  **C.    PLAINTIFFS' REQUEST FOR RELIEF HAS BEEN AMENDED.**

27       In reviewing the Motion to Strike, Plaintiffs agreed that the request for relief should be

28  revised.  Plaintiffs have attached a Proposed Amendment to Second Amended Complaint, which

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

9

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

1 | clarifies the request for relief, as Exhibit A to this Motion.  Plaintiffs respectfully request that the
2 | Court permit it to be filed.

### III.     CONCLUSION

4 |     For the reasons stated above, the Court should deny Defendants AFBA and 5Star's motion
5 | to strike.

7 | Dated:  January 15, 2008                          HAIGHT BROWN & BONESTEEL LLP

By: _____
Margaret J. Grover
Africa E. Davidson
Attorneys for Plaintiffs
BRAD LOVESY and PACIFIC
CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337577.1

10

Case No.  4:07-cv-02745-SBA
OPPOSITION TO MOTION TO STRIKE SAC

# EXHIBIT A

1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC              )  Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a     )
12  Nevada corporation,                  )  **AMENDMENT TO SECOND AMENDED**
                                         )  **COMPLAINT FOR DAMAGES**
13              Plaintiffs,              )
                                         )
14         vs.                           )
                                         )
15  ARMED FORCES BENEFIT                 )
    ASSOCIATION, THE 5STAR               )
16  ASSOCIATION, 5STAR FINANCIAL, LLC,   )
    5STAR FINANCIAL SERVICES             )
17  COMPANY, and 5STAR LIFE INSURANCE    )
    COMPANY; TED SHUEY, individually,    )
18  doing business as THE SHUEY AGENCY,  )
    INC., and TGS GROUP, INC.,           )
19                                       )
                Defendants.              )
20  _____)

21

22         Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. amend the Request for

23  Relief of the Second Amended Complaint as follows:

24                          **REQUEST FOR RELIEF**

25         WHEREFORE, Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.,

26  respectfully request entry of judgment and relief as follows:

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1                              1

Case No. 4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT

First Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Second Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Third Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.    For interest in accordance to proof;

4.    For cost of suit; and

5.    For such other and further relief as the Court deems just and proper.

Fourth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.    For interest in accordance to proof;

4.    For cost of suit; and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

2

Case No.  4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT

5.    For such other and further relief as the Court deems just and proper.

Fifth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Sixth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Seventh Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.    For interest in accordance to proof;

4.    For cost of suit; and

5.    For such other and further relief as the Court deems just and proper.

Eighth Cause of Action:

1.    For disgorgement or restitution of amounts improperly held by Defendants;

2.    For reasonable attorneys' fees;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Ninth Cause of Action:

1.    For an accounting;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

3

Case No.  4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT

1    2.    For disgorgement or restitution of amounts improperly held by Defendants;

2    3.    For cost of suit; and

3    4.    For such other and further relief as the Court deems just and proper.

4

5    Dated:  January 15, 2008                    HAIGHT BROWN & BONESTEEL LLP

6

7                                        By:  _____

8                                             Margaret J. Grover
                                             Africa E. Davidson
                                             Attorneys for Plaintiffs
9                                             BRAD LOVESY and PACIFIC
                                             CONSOLIDATED INVESTMENTS, INC.

10

11                              **JURY DEMAND**

12        Mr. Lovesy demands a trial by jury.

13

14   Dated:  January 15, 2008                    HAIGHT BROWN & BONESTEEL LLP

15

16                                        By:  _____

                                             Margaret J. Grover
17                                             Africa E. Davidson
                                             Attorneys for Plaintiffs
18                                             BRAD LOVESY and PACIFIC
                                             CONSOLIDATED INVESTMENTS, INC.

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

4

Case No.  4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT