1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California  94105-2981
4  Telephone:  415.546.7500
   Facsimile:  415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 BRAD LOVESY and PACIFIC              )  Case No. 4:07-cv-02745-SBA
   CONSOLIDATED INVESTMENTS, INC. a     )
12 Nevada corporation,                  )  **PLAINTIFFS' OPPOSITION TO**
                                        )  **DEFENDANTS ARMED FORCES**
13            Plaintiffs,               )  **BENEFIT ASSOCIATION AND 5STAR**
                                        )  **LIFE INSURANCE COMPANY'S**
14        vs.                           )  **REQUEST FOR JUDICIAL NOTICE IN**
                                        )  **SUPPORT OF THEIR MOTION TO**
15 ARMED FORCES BENEFIT                 )  **DISMISS AND STRIKE PORTIONS OF**
   ASSOCIATION, THE 5STAR               )  **THE SECOND AMENDED COMPLAINT**
16 ASSOCIATION, 5STAR FINANCIAL, LLC,   )
   5STAR FINANCIAL SERVICES             )  Date:   February 5, 2008
17 COMPANY, and 5STAR LIFE INSURANCE    )  Time:   1:00 p.m.
   COMPANY; TED SHUEY, individually,    )  Ctrm:   3
18 doing business as THE SHUEY AGENCY,  )  Judge:  Hon. Saundra B. Armstrong
   INC., and TGS GROUP, INC.,           )
19                                      )
            Defendants.                 )
20 _____ )

21                    I.    **INTRODUCTION**

22        Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. oppose the request for

23 judicial notice made by Defendants Armed Forces Benefit Association, The 5Star Association,

24 and 5Star Life Insurance Company because the documents submitted for judicial notice do not

25 meet the threshold requirement that they be adjudicative of some issue in contention, pursuant to

26 the Federal Rules of Evidence, Rule 201 (a).

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337701.1

1

Case No.  4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL
NOTICE

## II.    ARGUMENT

Judicial notice is improper when the documents are not adjudicative of any matter. Defendants summarily conclude that the documents they wish to have judicially noticed are proper, without arguing the threshold matter of whether the documents are adjudicative of any matter in contention.  The Federal Rules of Evidence, Rule 201 states, in part:

> (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
>
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

The term "adjudicative fact" was coined by Professor Kenneth Davis, adopted by the Advisory Committee in the notes on subdivision (a) of the statute.  Adjudicative facts are simply the facts of a particular case that ordinarily go to the jury.  They concern the issues of who did what, where, when, how, and with what motive or intent.  *Id.*

The usual method of establishing adjudicative facts is through the introduction of evidence, such as witnesses' testimony.  *Id.*  If particular facts are outside of reasonable controversy, this process is dispensed with as unnecessary; however, a high degree of indisputability is the essential prerequisite.  *Id.*

## A.    The Complaint and Case Management Statement May Be Noticed Only For Limited Purposes.

Defendants do not state why they believe this Court should take judicial notice of the complaint and the case management statement.  Official records, including court records, may be judicially noticed in order to establish the fact of litigation and filings, or decisions rendered, but not for the facts asserted therein.  *Sandpiper Village v. Louisiana-Pacific Corp.,* 428 F. 3d 831, 837 n. 4 (9th Cir. 2005) (on appeal, circuit court took judicial notice of portions of trial transcript that were previously unavailable); *Meredith v. Oregon*, 321 F. 3d 807, 817 n. 10 (9th Cir. 2003)*, amended,* 326 F. 3d 1030 (9th Cir. 2003) (taking judicial notice of plaintiff's filing in state court); *Smith v. Duncan*, 297 F. 3d 809, 815 (9th Cir. 2002) (taking judicial notice of relevant state court

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337701.1

2

Case No.  4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL
NOTICE

1 documents in determining whether federal habeas petition was timely filed, in light of tolling of

2 statute of limitations during pendency of petitioner's state habeas petitions, because those

3 documents had direct relationship to petitioner's appeal).

4      In their Motion to Dismiss, Defendants attempt to characterize part of an allegation made

5 by Plaintiffs in their complaint as an uncontested fact. Defendants state: "In fact, in the Original

6 Complaint, Lovesy conceded that Kimo Wong told Lovesy that AFBA "had no control of the TGS

7 Group, and alter ego of the Shuey Defendants according to Lovesy." *Id.,* at 7:19-21. The full

8 allegation contained in the complaint was that "Mr. Lovesy's objections to the usurpation of the

9 territory were ignored by Kimo Wong of AFBA and 5Star, who *claimed* he had no control of the

10 Shuey Defendants." *See*, Plaintiff Brad Lovesy's Complaint for Damages, at ¶ 33; Second

11 Amended Complaint, at ¶ 41. To the extent that Defendants seek to establish a lack of control by

12 reliance on the Complaint, they cannot do so.

13      Similarly, in their motion to dismiss, Defendants attribute Mr. Lovesy's stated monthly

14 income under the agreements as purporting to be solely the profits of AFBA products. *See*,

15 Motion to Dismiss, at 10:25-27; Joint Case Management Statement and [Proposed] Order, pp. 13-

16 14, ¶ 11(3). Again, this mischaracterizes the pleading and is not the proper subject of a request for

17 judicial notice.

18      Defendants have raised no issue that can be determined solely by the fact that the initial

19 complaint and the joint case management statement were filed on a particular day at a particular

20 time, thus judicial notice of statements contained in these documents is not proper. Defendants

21 apparently seek to have the Court take judicial notice of the facts asserted within these documents

22 in an attempt to establish as undisputed facts that are in contention. This is not the purpose of

23 judicial notice. *In re Tyrone F. Conner Corp.*, 140 B. R. 771, 781-782 (Bankr. E. D. Cal. 1992)

24 (bankruptcy court refused to take judicial notice of allegation in motion that debtor had failed to

25 make certain required post-petition payments, because allegation was subject to dispute).

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337701.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL
NOTICE

1  **B.     The Articles Of Incorporation And Amendment To The Articles Are Not Proper For**

2  **Judicial Notice.**

3        Defendants contend that as public records, the articles of incorporation and amendment to

4  the articles are proper for judicial notice.  While the documents are of a *type* that is subject to

5  judicial notice, that is insufficient to make them judicially noticeable.  These documents purport to

6  establish that AFBA Life Insurance Company changed its name to 5Star Life Insurance Company

7  in 2000.  This does not clarify any issue in dispute, but will add substantial confusion.  Since there

8  is a significant dispute as to whether a third company, AFBA, is connected to 5Star Life Insurance

9  Company or any of the other 5Star defendants, these documents are too close to a controverted

10  issue to be judicially noticed.

11        Where there is a dispute over whether and how a judicially noticed fact would be

12  applicable to the facts of the case, judicial notice is not proper, especially where the issue is only

13  marginally probative, and the fact is closely joined to a controverted issue.  *Wooden v. Missouri*

14  *Pacific R.R.*, 862 F. 2d 560, 563 (5th Cir. 1989); Federal R. Evid. 201, *Commentary.*

15        Moreover, the documents sought to be introduced do not clarify the parties' relationship to

16  AFBA, they comment on the predecessor name of 5Star Life Insurance Company.  To that end,

17  the articles of incorporation and their amendment do not help establish who did what, where,

18  when, how, and with what motive or intent, but only serve to further complicate the issues.  This

19  Court should decline to take judicial notice of these documents, because to do so would confuse

20  the jury's consideration of the facts at issue, without adding any probative value to the case at all.

21                              **III.    CONCLUSION**

22        Because none of these documents are properly adjudicative of a matter before this Court,

23  each request for judicial notice should be denied.

24  Dated:  January 15, 2008                    HAIGHT BROWN & BONESTEEL LLP

25

26                                             By:  _____

27                                                  Africa E. Davidson
                                                   Attorneys for Plaintiffs
                                                   BRAD LOVESY and PACIFIC
28                                                 CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3337701.1

4

Case No.  4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL
NOTICE