1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC                )  Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a       )
12  Nevada corporation,                    )  **PLAINTIFFS' OPPOSITION TO**
                                           )  **DEFENDANTS TED SHUEY; TGS**
13              Plaintiffs,                 )  **GROUP, INC.; and THE SHUEY**
                                           )  **AGENCY, INC.'S MOTION TO STRIKE,**
14      vs.                                )  **OR FOR A MORE DEFINITE**
                                           )  **STATEMENT REGARDING PORTIONS**
15  ARMED FORCES BENEFIT                   )  **OF THE SECOND AMENDED**
    ASSOCIATION, THE 5STAR                 )  **COMPLAINT**
16  ASSOCIATION, 5STAR FINANCIAL, LLC,     )
    5STAR FINANCIAL SERVICES               )  Date:    February 5, 2008
17  COMPANY, and 5STAR LIFE INSURANCE      )  Time:    1:00 p.m.
    COMPANY; TED SHUEY, individually,      )  Ctrm:    3
18  doing business as THE SHUEY AGENCY,    )  Judge:   Hon. Saundra B. Armstrong
    INC., and TGS GROUP, INC.,             )
19                                         )
                Defendants.                )
20  _____)

21                  I.    **INTRODUCTION**

22          The Second Amended Complaint (SAC) is adequately pled.  Defendants' motion to strike

23  takes the allegations out of context and misconstrues them.  Motions to strike, like motions for a

24  more definite statement, are generally viewed with disfavor because they are often used as

25  delaying tactics. *Bowoto v. Chevron Corp.,* WL 2349338 (N.D. Cal. 2007); *Rosales v. Citibank,*

26  133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).  Plaintiffs believe this to be the case here.  In

27  bringing their motion to strike, Defendants Ted Shuey, The Shuey Agency, Inc., and TGS Group,

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1  Inc. (hereinafter "The Shuey Defendants") focus largely on the alter ego claims contained in

2  paragraphs 11 and 12, and damages claims in the prayer for relief.

3      The request to strike two paragraphs is erroneous when the basis is that each paragraph

4  does not state in its entirety a claim of alter ego liability.  The determination of the sufficiency of a

5  claim cannot be made in a vacuum.  It is not the practice of this court to view paragraphs of a

6  complaint in isolation.  *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal.

7  1991).

8      Defendants are attempting to use this Rule 12(f) motion to whittle down portions of the

9  complaint which are sufficiently plead under Rule 8.  Because Defendants' claims regarding the

10  sufficiency of the pleadings should fail, their motion to strike should likewise be denied.

11  **II.    ARGUMENT**

12  **A.    PLAINTIFFS' ALTER EGO ALLEGATIONS ARE PROPER.**

13      The crux of The Shuey Defendants' arguments regarding Plaintiffs' claims of alter ego

14  liability contained in paragraphs 11 and 12 of the SAC are that they have not been investigated to

15  Defendants' satisfaction and are conclusory.  However, specific facts are not necessary to a

16  sufficiently plead complaint under Rule 8, as long as the statement gives the defendant fair notice

17  of what the claim is and the grounds upon which it rests.  *Tollis Inc. v. County of San Diego*, 505

18  F. 3d 935, 943 (9th Cir. 2007), citing, *Conley v. Gibson,* 355 U.S. 41, 47 (1957).  In depth

19  investigation is not required for the pleadings stage, only statements which alert the defendants of

20  the claims against them, and the grounds for so stating.  Because Plaintiffs have informed each

21  member of The Shuey Defendants of the claims against them, and their reasons for so stating, the

22  allegations are proper for the pleadings stage, and should not be struck.

23      Lastly, The Shuey Defendants, in arguing that the alter ego claims are over-broad, do not

24  assert that the allegations are so broad as to have no bearing on the controversy before the court, a

25  requirement for a motion to strike.  *In re Wagner*, 87 B.R. 612, 619 (C.D. Cal. 1988), citing

26  *Johnson v. American Aviation Corp.*, 64 F.R.D. 435 (D. N.D. 1974).  Nor could they, given that

27  Plaintiffs identify the charged parties, and identify the ways in which Plaintiffs believe them to be

28  alter egos of one another (easily provable once the parties begin discovery).  *Id.*  Nor are the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

2

Case No. 4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1  allegations immaterial.  They relate to the claims for interference with contract, breach of contract,

2  interference with prospective economic advantage, breach of the covenant of good faith and fair

3  dealing, and the claims of unfair business practices under California's unfair competition laws.

4  The allegations are not prejudicial or derogatory, and cannot be deemed scandalous.  *San*

5  *Bernardino Pub. Emples. Ass'n v. Stout*, 946 F. Supp. 790, 803 (C.D. Cal. 1996).  Because

6  Defendants do not allege sufficient grounds for a motion to strike, Plaintiffs' claims of alter ego

7  liability, contained in paragraphs 11 and 12 of the SAC, should be sustained.

8              **1.    Standard for Pleading Alter Ego Liability.**

9          The Shuey Defendants argue that in order to plead alter ego liability, Plaintiffs "must plead

10  and prove" unity of interest and ownership and an inequitable result.  (The Shuey Defendants'

11  Motion to Strike, at 5:18).  Proving any argument is not the purpose or requirement of a pleading.

12  *U.S. v. White*, 893 F. Supp. 1423, 1428 (C.D. Cal. 1995).  Rule 8(a) of the Federal Rules only

13  requires 'a short plain statement of the claim showing that the pleader is entitled to relief.'"  *Id.*

14  Specific facts are not necessary to a sufficiently pled complaint under Rule 8, as long as the

15  statement gives the defendant fair notice of what the claim is and the grounds upon which it rests.

16  *Tollis Inc. v. County of San Diego*, 505 F. 3d 935, 943 (9th Cir. 2007), citing *Conley v. Gibson*,

17  355 U.S. 41, 47 (1957).

18          Defendants point to the case of *Neilson v. Union Bank of Cal., N.A.*, as supportive of their

19  assertion that there exists a heightened pleading requirement for claims of alter ego liability.  This

20  is not the case.  *Neilson* merely stands for the long acknowledged rule that conclusory allegations

21  of alter ego status are insufficient to state a claim.  290 F. Supp. 2d 1101, 1115-16 (C.D. Cal.

22  2003).

23          In order to place a Defendant on notice about a theory it should be prepared to defend,

24  what is required are two general requirements: "(1) that there be such unity of interest and

25  ownership that the separate personalities of the corporation and the individual no longer exist and

26  (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."

27  *Neilson* at 1116, citing *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985); *Automotriz del*

28  *Golfo de California S.A. De C.V. v. Resnick,* 47 Cal. 2d 792, 796 (1957).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

3

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1    In the Second Amended Complaint, Plaintiffs alleged that Defendants AFBA and 5Star

2  began to require the use of The Shuey Defendants for processing purposes, threatening Mr.

3  Lovesy with the loss of his Assigned Region if he did not comply. (SAC, at ¶ 25). This indicates

4  a unity of interest between the parties. Plaintiffs also alleged that the Memorandum of Agreement

5  ("MOA") entered into with The Shuey Defendants purportedly for administrative services,

6  contained substantial limitations on what business Mr. Lovesy could engage in under his

7  agreements with AFBA and 5Star. (SAC, at ¶¶ 28, 30). That allegation supports a finding of

8  united interest and overlapping control of the entities. *Neilson*, 290 F. Supp. 2d at 1115-16.

9    Plaintiffs also alleged that both parties were complicit in the failure to process the

10  insurance policies of members of the Armed Forces they had enrolled. (SAC, at ¶¶ 33-35, 39).

11  These two groups of Defendants may have had differing ownership, but they exercised joint

12  control of each other for a common interest under the MOA. Given the result of their actions,

13  holding only The Shuey Defendants, or only AFBA/5Star liable for these wrongful acts, would

14  result in injustice.

15    Based on the allegations, Plaintiffs have put The Shuey Defendants on notice of what the

16  claims are and the grounds upon which they rest. *Tollis Inc.*, 505 F. 3d at 943 (9th Cir. 2007).

17  They have also alleged a unity of interest, ownership, and inequity sufficient to state a claim for

18  relief. *Neilson*, 290 F. Supp. 2d at 1115-16.

19                    **2.    Specificity of the Alter Ego Allegations.**

20    The Shuey Defendants next claim that paragraph 12 of the SAC is so lacking in specificity

21  that it fails to support a finding of alter ego liability. The fact that one paragraph does not

22  establish alter ego liability does not determine that the entire complaint fails to properly allege

23  alter ego liability. That determination cannot be made in a vacuum. It is not the practice of this

24  court to view paragraphs of a complaint in isolation. *Colaprico v. Sun Microsystems, Inc.*, 758 F.

25  Supp. 1335, 1339 (N.D. Cal. 1991). Paragraph 12 claims alter ego liability as between each

26  Defendant. Paragraphs 25-26, 28-30, 39, 43-45 provide facts giving rise to those claims.

27  Defendants' claims of lack of specificity solely as to paragraph 12 must fail, as it is not

28  determinative to a finding of specificity or sufficiency.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

4

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1    ### 3.    Sufficiency of the Alter Ego Claims.

2    The Shuey Defendants argue that paragraph 11 is boilerplate language insufficient to allege

3    alter ego liability as to the various Shuey Defendants.  However, at the pleadings stage, allegations

4    comprising the factors which invoke alter ego status is all that is required, because it is not the

5    function of a motion to dismiss or a motion to strike to evaluate the weight of the evidence.

6    *Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1016 (E.D.Cal. 1999).

7    What is required to allege alter ego liability are references to one company being the alter

8    ego of the other, allegations that one company treats the assets of the other as its own,

9    commingling of funds, controlling the finances of the other company, sharing officers or directors,

10    or asserting that the separateness of the subsidiary has ceased.  *Wady v. Provident Life and*

11    *Accident Ins. Co. of Am.,* 216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002).  This is precisely what

12    paragraph 11 of the SAC does, and all that Rule 8 requires.  These allegations are proper, and

13    should not be stricken from the SAC.

14    ### 4.    Plaintiffs' Claims of Alter Ego Liability Alleged Injustice and

15    ### Unfairness.

16    The Shuey Defendants argue that Plaintiffs failed to assert that any Shuey entity abused the

17    form of another, resulting in prejudice to Plaintiffs.  As argued above, this assertion need not be

18    contained solely within paragraph 11 of the SAC in order to withstand a motion to strike.

19    Plaintiffs asserted that while the Memorandum of Agreement was entered into between

20    Plaintiffs and the Ted Shuey Agency, Inc., all subsequent communications in regards to the MOA

21    were thereafter with TGS Group, Inc. or Ted Shuey individually.  (SAC, at ¶ 29).  This fact tends

22    to show "that there is a unity of interest and ownership [such] that the separate personalities of the

23    corporation and the individual no longer exist."  *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227

24    F.R.D. 313, 326 (2004), citing, *Mesler*, 39 Cal. 3d at 300.

25    Defendants next assert that no harm other than unsatisfied creditors can be shown.  This is

26    also incorrect.  Plaintiffs' stated basis for The Shuey Defendants' liability is not simply that of an

27    unsatisfied creditor, but the injustice upon the public resulting from The Shuey Defendants'

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

5

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1  unlawful or unfair actions in regards to their failure to process insurance policies. (SAC, at ¶¶ 31-

2  38).

3       Defendants also assert that a claim of alter ego liability is subject to Rule 9(b)'s heightened

4  pleading requirement for fraud, and cite to the case of *Vess v. CIBA-Geigy Corp. USA*, 317 F. 3d

5  1097, 1104 (9th Cir. 2003) to support their contention.  Plaintiffs disagree with this assertion, as

6  *Vess* cites almost entirely to claims brought under the 1933 Securities Act.  Further, Plaintiffs'

7  alter ego claim asserted fraud as a result of the failure to pierce the corporate veil, not fraud in the

8  underlying actions giving rise to the alter ego claim. (SAC, at ¶ 11).  However, even should this

9  cause of action be found to be subject to the heightened pleadings requirement, Plaintiffs allege

10  that paragraphs 31 through 38, paragraph 44, and paragraphs 89 through 95, are sufficient to state

11  "the time, place, and nature of the alleged fraudulent activities … [so as to] inform the defendants

12  of the conduct which plaintiff believes fraudulent, giving the defendants more than enough notice

13  to prepare their defense." *Anspach v. Bestline Products, Inc.*, 382 F. Supp. 1083, 1091 (N.D. Cal.

14  1974), citing *Walling v. Beverly Enterprises*, 476 F. 2d 393, 397 (9th Cir. 1973).

15       Plaintiffs have made sufficient allegations to support a finding of alter ego liability as to

16  the various Shuey Defendants, because they specifically alleged the "commingling of funds and

17  other assets… identical equitable ownership… use of the same offices and employees, and use of

18  one as a mere shell or conduit for the affairs of the other." *Cambridge Elecs. Corp.,* 227 F.R.D. at

19  326, citing *Roman Catholic Archbishop of San Francisco v. Superior Court,*15 Cal. App. 3d 405,

20  411 (1961).  The allegations are not merely conclusory, support a finding of alter ego liability, and

21  relate directly to the claims before the court.  Thus the claims are not immaterial or impertinent,

22  and do not constitute grounds to strike paragraphs 11 and 12 of the SAC.

23      **B.**    **A MORE DEFINITE STATEMENT IS NOT NEEDED.**

24       Defendants seek a more definite statement with respect to all joint references to "The

25  Shuey Defendants" on the basis that the alter ego claims are insufficient, and result in such

26  ambiguity that the various Shuey entities cannot respond to the complaint.  For the reasons stated

27  above, and discussed in Plaintiffs' opposition to the motion to dismiss, the alter ego claims are

28  sufficiently plead.

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

6

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1    Motions for a more definite statement are viewed with the same disfavor as motions to

2  dismiss and motions to strike, and are rarely granted because of the minimal pleading

3  requirements of the Federal Rules. *Sagan v. Apple Computer, Inc.,* 874 F. Supp. 1072, 1077 (N.D.

4  Cal. 1994). "Parties are expected to use discovery, not the pleadings, to learn the specifics of the

5  claims being asserted." *Id.* Here, the complaint is not so general that Defendants cannot

6  determine the nature of the claim or the parties against whom it is being made. *Id.* Thus, a motion

7  for a more definite statement is unnecessary.

8    Each allegation as to The Shuey Defendants is so identified. Paragraph 11 identifies the

9  interaction and overlap between Ted Shuey, an individual, The Shuey Agency, Inc. (TSA), and

10  TGS Group, Inc. (TGS), and indicated that they are collectively referred to as "The Shuey

11  Defendants." (SAC at ¶ 12). To that end, each allegation made against The Shuey Defendants is

12  made against each and every Shuey entity. That fact is abundantly clear, and does not require a

13  more definite statement. Should any entity within the group identified as The Shuey Defendants

14  be dismissed from this action, the allegations and claims made by Plaintiffs refer to each and every

15  remaining Shuey entity.

16    **C.    PLAINTIFFS ARE ENTITLED TO PUNITIVE DAMAGES AS A MATTER**

17    **OF LAW.**

18    Defendants allege that punitive damages are unwarranted where the claim arises from a

19  contract cause of action. However, interference with contract and interference with prospective

20  economic advantage each sound in tort. Restatement 2d of Torts, Section 774A, Comment (a).

21  Plaintiffs have alleged that Defendants' conduct was malicious in that it was intended to produce

22  harm, in the third, fourth, and seventh cause of action. Further, there is no requirement that such

23  allegations of malice be shown "by clear and convincing evidence" at the pleadings stage. *Tollis*

24  *Inc. v. County of San Diego*, 505 F. 3d 935, 943 (9th Cir. 2007), citing, *Conley v. Gibson,* 355 U.S.

25  41, 47 (1957).

26    **1.    Punitive Damages Properly Sound in Tort.**

27    Defendants allege that only the breach of the MOA gave rise to the interference with

28  contract, interference with prospective advantage, and fraud claims; and that these claims should

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

7

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

1  sound in contract, not tort.  Unlike breach of contract, the crux of these intentional torts is

2  Defendants' malice or knowing intent to commit harm.  Plaintiffs have alleged malice in the

3  failure to perform and the desire to cause the resultant harm.  (SAC, at ¶¶ 63-79, 89-95).  Plaintiffs

4  have not alleged only that Defendants failed to perform, but that they did so with the intent to

5  commit a larger wrongful act, the collection of premiums without the processing of insurance

6  policies.  (SAC, at ¶¶ 31-38, 44).  Thus, unlike the examples given in *JRS Products, Inc. v.*

7  *Matsushida Elec. Corp. of America*, 115 Cal. App. 4th 168, 182 (2004), there can be no finding

8  that the breach of contract is the sole wrongful conduct alleged here.  These are properly

9  enunciated tort actions, each of which give rise to punitive damages.

10        **2.        Plaintiffs Have Alleged Fraud, Oppression, and Malice.**

11        Defendants again cite the clear and convincing evidence standard for a showing of malice.

12  This is not the proper standard for a pleading.  *Tollis Inc. v. County of San Diego*, 505 F. 3d 935,

13  943 (9th Cir. 2007), citing, *Conley v. Gibson,* 355 U.S. 41, 47 (1957).  Plaintiffs have alleged such

14  conduct, and have alleged facts sufficient to show such conduct.  (SAC, at ¶¶ 31-38, 44, 63-79, 89-

15  95).  Whether such allegations can be substantiated are matters to be determined either in a motion

16  for summary judgment or at trial.

17        **3.        The Fraud Allegation Has Been Plead With Particularity.**

18        Defendants argue that the fraud cause of action has not been plead with particularity in

19  accordance with Rule 9(b)'s heightened pleading requirement.  Plaintiffs allege that paragraphs 31

20  through 38, paragraph 44, and paragraphs 89 through 95, are sufficient to state "the time, place,

21  and nature of the alleged fraudulent activities … [so as to] inform the defendants of the conduct

22  which plaintiff believes fraudulent, giving the defendants more than enough notice to prepare their

23  defense."  *Anspach v. Bestline Products, Inc.*, 382 F. Supp. 1083, 1091 (N.D. Cal. 1974), citing

24  *Walling v. Beverly Enterprises*, 476 F. 2d 393, 397 (9th Cir. 1973).

25        Plaintiffs have satisfied the heightened pleading requirement, have sufficiently alleged

26  malice, and have shown the tort origin of their claims.  Therefore Plaintiffs' prayer for punitive

27  damages with respect to their third, fourth, and seventh causes of action is proper.

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

8

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

**D.    PLAINTIFFS' REQUEST FOR RELIEF HAS BEEN AMENDED.**

In reviewing the Motion to Strike, Plaintiffs agreed that the request for relief should be revised.  Plaintiffs have attached a Proposed Amendment to Second Amended Complaint, which clarifies the request for relief, as Exhibit A to this Motion.  Plaintiffs respectfully request that the Court permit it to be filed.

### III.    CONCLUSION

For the reasons stated above, the Court should deny The Shuey Defendants' motion to strike.

Dated:  January 15, 2008                          HAIGHT BROWN & BONESTEEL LLP

By: _____
        Margaret J. Grover
        Africa E. Davidson
        Attorneys for Plaintiffs
        BRAD LOVESY and PACIFIC
        CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338872.1

9

Case No.  4:07-cv-02745-SBA
OPPOSITION TO TGS DEFENDANTS'
MOTION TO STRIKE SAC

# EXHIBIT A

1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC          )   Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a )
12  Nevada corporation,              )   **AMENDMENT TO SECOND AMENDED**
                                     )   **COMPLAINT FOR DAMAGES**
13              Plaintiffs,          )
                                     )
14       vs.                         )
                                     )
15  ARMED FORCES BENEFIT             )
    ASSOCIATION, THE 5STAR           )
16  ASSOCIATION, 5STAR FINANCIAL, LLC, )
    5STAR FINANCIAL SERVICES         )
17  COMPANY, and 5STAR LIFE INSURANCE )
    COMPANY; TED SHUEY, individually, )
18  doing business as THE SHUEY AGENCY, )
    INC., and TGS GROUP, INC.,       )
19                                   )
                Defendants.          )
20  _____ )

21

22       Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. amend the Request for

23  Relief of the Second Amended Complaint as follows:

24                       **REQUEST FOR RELIEF**

25       WHEREFORE, Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.,

26  respectfully request entry of judgment and relief as follows:

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

1

Case No. 4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT

First Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For interest in accordance to proof;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Second Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For interest in accordance to proof;

3. For cost of suit; and

4. For such other and further relief as the Court deems just and proper.

Third Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3. For interest in accordance to proof;

4. For cost of suit; and

5. For such other and further relief as the Court deems just and proper.

Fourth Cause of Action:

1. For general and special damages in an amount to be proven at trial together with interest thereon;

2. For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3. For interest in accordance to proof;

4. For cost of suit; and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

2

Case No. 4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT

5.    For such other and further relief as the Court deems just and proper.

Fifth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Sixth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Seventh Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.    For interest in accordance to proof;

4.    For cost of suit; and

5.    For such other and further relief as the Court deems just and proper.

Eighth Cause of Action:

1.    For disgorgement or restitution of amounts improperly held by Defendants;

2.    For reasonable attorneys' fees;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Ninth Cause of Action:

1.    For an accounting;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

3

Case No. 4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT

1    2.    For disgorgement or restitution of amounts improperly held by Defendants;

2    3.    For cost of suit; and

3    4.    For such other and further relief as the Court deems just and proper.

4

5    Dated:  January 15, 2008                    HAIGHT BROWN & BONESTEEL LLP

6

7                                                By: _____
                                                    Margaret J. Grover
8                                                   Africa E. Davidson
                                                    Attorneys for Plaintiffs
9                                                   BRAD LOVESY and PACIFIC
                                                    CONSOLIDATED INVESTMENTS, INC.
10

11                              **JURY DEMAND**

12        Mr. Lovesy demands a trial by jury.

13

14    Dated:  January 15, 2008                    HAIGHT BROWN & BONESTEEL LLP

15

16                                               By: _____
                                                    Margaret J. Grover
17                                                  Africa E. Davidson
                                                    Attorneys for Plaintiffs
18                                                  BRAD LOVESY and PACIFIC
                                                    CONSOLIDATED INVESTMENTS, INC.
19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3338913.1

4

Case No.  4:07-cv-02745-SBA
AMENDMENT TO SECOND AMENDED
COMPLAINT