1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California  94105-2981
4  Telephone:  415.546.7500
   Facsimile:  415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC            )   Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a   )
12  Nevada corporation,                )   **PLAINTIFFS' OPPOSITION TO**
                                       )   **DEFENDANTS TED SHUEY, THE**
13               Plaintiffs,           )   **SHUEY AGENCY, INC., AND TGS**
                                       )   **GROUP, INC.'S MOTION TO DISMISS**
14          vs.                        )   **THE SECOND AMENDED COMPLAINT**
                                       )
15  ARMED FORCES BENEFIT               )   Date:    February 5, 2008
    ASSOCIATION, THE 5STAR             )   Time:    1:00 p.m.
16  ASSOCIATION, 5STAR FINANCIAL, LLC, )   Ctrm:    3
    5STAR FINANCIAL SERVICES           )   Judge:   Hon. Saundra B. Armstrong
17  COMPANY, and 5STAR LIFE INSURANCE  )
    COMPANY; TED SHUEY, individually,  )
18  doing business as THE SHUEY AGENCY,)
    INC., and TGS GROUP, INC.,         )
19                                     )
                 Defendants.           )
20  _____   )

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT ......................................................................................................1

    A.   THE TGS GROUP, INC IS PROPERLY SUBJECT TO PERSONAL JURISDICTION IN THE NORTHERN DISTRICT OF CALIFORNIA..............................................................................1

        1.   The TGS Group, Inc. Has Engaged In Business With Mr. Lovesy. ......................................................................2

        2.   If The Evidence Of Business By The TGS Group, Inc. Is Insufficient, This Hearing Should Be Continued To Allow Plaintiffs To Conduct Discovery On The Jurisdictional Issues. ...................................................................3

    B.   PLAINTIFFS HAVE STANDING TO PURSUE CLAIMS AGAINST THE SHUEY DEFENDANTS. ........................................4

        1.   Pacific Consolidated May Recover For The Harm Done To It By The Shuey Defendants.................................................4

        2.   Brad Lovesy May Is A Party To The Agreement with The Shuey Defendants...................................................5

    C.   PLAINTIFFS PLEAD SUFFICIENT FACTS TO WARRANT INVOKING THE ALTER EGO DOCTRINE AS TO TGS AND MR. SHUEY. .....................................................................6

    D.   PLAINTIFFS' THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION ARE TORT CLAIMS. ..................................................8

    E.   THE SHUEY DEFENDANTS OWED PLAINTIFFS AN INDEPENDENT TORT DUTY..............................................8

        1.   This is Not a Case of At-Will Employment...................................8

        2.   Plaintiffs Plead Sufficient Intentional Acts to Support a Cause of Action for Intentional Interference With Prospective Economic Advantage and Interference With a Contract...................................9

        3.   Defendants Engaged In An Independently Wrongful Act.....................9

    F.   THE FRAUD CLAIM IS STATED WITH PARTICULARITY.....................10

    G.   THE UNFAIR COMPETITION CLAIMS HAVE BEEN SUFFICIENTLY PLEAD. ...........................................................11

        1.   The Section 17200 *et seq*. Claim Was Plead With Particularity. ..................................................................11

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

i

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

**Page**

2.    The Section 16600 Claims Against The Shuey Defendants
Are Sufficient. ..........................................................................12

III.    CONCLUSION ...............................................................................14

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anspach v. Bestline Products, Inc.*, 382 F. Supp. 1083, 1091 (N.D. Cal. 1974)....10.

*Bautista v. Los Angeles County,*
    216 F .3d 837 (9th Cir. 2000)............................................................. 6

*Cauchi v. Brown,*
    51 F. Supp. 2d 1014 (E.D.C.A. 1999) ...................................... 1

*Dayton Time Lock Service, Inc. v. Silent Watchman Corp.,*
    52 Cal. App. 3d. 1 (1975) ............................................................ 13

*Dion LLC v. Infotek Wireless, Inc.,*
    2007 U.S. Dist. LEXIS 83980, *9 ............................................ 6

*Gen. Comm. Packaging v. TPS Package Eng'g,*
    126 F. 3d 1131 (1997) ................................................................ 12

*Hearns v. Terhune,*
    413 F. 3d 1036 (9th Cir. 2005) ................................................. 1

*In Re Daou Sys., Inc.,*
    411 F .3d 1006 (9th Cir. 2005) ................................................. 1

*Intri-Plex Techs., Inc. v. Crest Group, Inc.,*
    499 F .3d 1048 (2007) ................................................................ 1

*JRS Products, Inc. v. Matsushida Elec. Corp. of America,*
    115 Cal. App. 4th 168 (2004)..................................................8

*Kelton v. Stravinski,*
    138 Cal. App. 4th 941 (2006)................................................. 13

*Khoury v. Maly's of Cal.,*
    14 Cal. App. 4th 612 (1993)..............................................8, 11

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2002)...........................................................9

*Marshall v. Standard Ins. Co.,*
    214 F. Supp. 2d 1062 (C.D. Cal. 2000).............................. 11

*Motors, Inc. v. Times Mirror Company,*
    102 Cal. App. 3d 735 (1980).................................................. 12

*Neilson v. Union Bank of Cal., N.A.,*
    290 F. Supp. 2d 1101 (2003)............................................... 6, 7

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

iii

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

|  | Page(s) |
|---|---|
| *Pacific Atlantic Trading Co. v. M.V. Main Express,* 75 F.2d 1325 (9th Cir. 1985) | 2 |
| *Pillsbury v. Karmgard,* 22 Cal. App. 4th 743 (1994) | 5 |
| *Reeves v. Hanlon,* 33 Cal. 4th 1140 (2004) | 9 |
| *State Farm Fire & Casualty Co. v. Sup. Court,* 45 Cal. App. 4th 1093 (1996) | 11 |
| *Stocks v. City of Irvine,* 114 Cal. App. 3d 520 (1981) | 5 |
| *U.S. v. White,* 893 F. Supp. 1423 (C.D.C.A. 1995) | 1 |
| *Walling v. Beverly Enterprises,* 476 F. 2d 393 (9th Cir. 1973) | 10 |
| *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F. 2d 406 (9th Cir. 1977) | 3 |

**Statutes**

Business and Professions Code section 17200 *et seq.* ... 11

**Rules**

Fed. R. Civil Proc. 8(a) ... 6

**LAW OFFICES**

HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

iv

## I.    INTRODUCTION

Defendants Ted Shuey, The Shuey Agency, Inc., and TGS Group, Inc. (collectively, "The Shuey Defendants") have no grounds for dismissal of the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(2) and 12 (b)(6) of the Federal Rules of Civil Procedure, because Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. ("Plaintiffs") have demonstrated ample contacts to establish personal jurisdiction, and have provided facts and reasonable inferences sufficient to plead each cause of action. The Shuey Defendants, in bringing this motion, ask the Court to go beyond determining whether there are facts that support Plaintiffs' claims and instead ask the Court to evaluate the evidence, which is improper in a motion challenging the pleadings. *Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1016 (E.D.C.A. 1999). A determination as to whether Plaintiffs will be able to prevail is not proper in a motion to dismiss. *U.S. v. White*, 893 F. Supp. 1423, 1428 (C.D.C.A. 1995); *Hearns v. Terhune*, 413 F. 3d 1036, 1043 (9th Cir. 2005).

The allegations of insufficiency lack merit. Defendants are attempting a premature motion for summary judgment, requiring a weighing of the evidence, under the guise of a pre-answer motion. Finally, Defendants have no basis for requesting that the SAC be dismissed with prejudice. This is the first motion on the pleadings to be ruled on by the Court and Defendants cannot show that Plaintiffs' complaint lacks such factual basis that amendment would be "an exercise in futility.[1]" *In Re Daou Sys., Inc.*, 411 F. 3d 1006, 1013 (9th Cir. 2005); *Intri-Plex Techs., Inc. v. Crest Group, Inc.*, 499 F. 3d 1048, 1056 (9th Cir. 2007).

## II.    ARGUMENT

### A.    THE TGS GROUP, INC IS PROPERLY SUBJECT TO PERSONAL JURISDICTION IN THE NORTHERN DISTRICT OF CALIFORNIA.

The evidence available to Plaintiffs demonstrates that Defendant TGS Group, Inc. participated in the transactions that form the basis of this lawsuit and, as a result, are properly subject to personal jurisdiction. Moreover, Plaintiffs have been unable to conduct any discovery

---

[1] Plaintiffs amended their Complaint twice, simply in an effort to appease Defendants and avoid motion practice. In so doing, Plaintiffs did not admit that either prior pleading was deficient, either legally or factually.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1   on the jurisdictional issue, as counsel for TGS Group, Inc. did not participate in either of the Rule

2   26(f) conferences. If the Court is inclined to dismiss the claims against TGS Group, Inc. for lack

3   of personal jurisdiction, Plaintiffs request that this hearing be continued for a reasonable period of

4   time to allow discovery on this issue.

5       **1.    The TGS Group, Inc. Has Engaged In Business With Mr. Lovesy.**

6           This Court may exercise specific jurisdiction over TGS Group, Inc. because that Defendant

7   regularly injected itself into the insurance program at issue in this lawsuit. A finding of specific

8   jurisdiction requires three things: (1) the nonresident defendant must do some act or consummate

9   some transaction within the forum or perform some act by which he purposefully avails himself of

10  the privilege of conducting activities in the forum, thereby invoking the benefits and protections of

11  its laws; (2) the claim must be one that arises out of or results from the defendant's forum-related

12  activities; and (3) the exercise of jurisdiction must be reasonable. *Pacific Atlantic Trading Co. v.*

13  *M.V. Main Express*, 75 F.2d 1325, 1326 (9th Cir. 1985).

14          In this case, TGS Group, Inc. regularly corresponded with Mr. Lovesy, both in letters and

15  through electronic mail messages. On March 6, 2006, TGS Group, Inc. wrote Mr. Lovesy a letter

16  that stated, in part, "AFBA has an agreement with NGAC to provide coverage through the basic

17  SSLI program and their "Better Alternative." *The TGS Group, through The Shuey Agency, Inc.,*

18  *has a contract with NGAC to provide administrative services and marketing for NGAC.*" The

19  letter from TGS Group, Inc. continued to demand that Mr. Lovesy immediately cease

20  corresponding with the National Guard association. Declaration of Margaret J. Grover in

21  Opposition to Motion to Dismiss (Grover Decl.), Exh. A.

22          Mr. Lovesy communicated directly with The TGS Group, Inc. regarding billing issues and

23  The TGS Group, Inc. responded. Grover Decl., Exh B. Mr. Lovesy communicated directly with

24  The TGS Group, Inc. regarding questions as to when policies would issue and The TGS

25  Group, Inc. responded. Grover Decl., Exh C. Mr. Lovesy communicated directly with The TGS

26  Group, Inc. regarding policy cancellations and The TGS Group, Inc. responded. Grover Decl.,

27  Exh D. These communications demonstrate that The TGS Group, Inc. has regularly taken actions

28  and consummated transaction within California, and has purposefully availed itself of the privilege

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

2

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1   of conducting activities in California.  Mr. Lovesy's claims arise directly from these activities.  As

2   Theodore Shuey, the President of The TGS Group, Inc., and The Shuey Agency, Inc., an

3   intertwined business, are subject to jurisdiction in California, the exercise of jurisdiction is

4   reasonable.  Accordingly, this Court may exercise personal jurisdiction over The TGS Group, Inc.

5   in this action.

6       **2.    If The Evidence Of Business By The TGS Group, Inc. Is Insufficient, This**

7           **Hearing Should Be Continued To Allow Plaintiffs To Conduct Discovery On**

8           **The Jurisdictional Issues.**

9       Plaintiffs have been denied any opportunity to conduct discovery on the jurisdictional

10  issues.  Rule 26(d)(1) of the Federal Rules of Civil Procedure precludes a party from seeking

11  discovery "from any source before the parties have conferred as required by Rule 26(f)."  In this

12  action, there have been two Rule 26(f) conferences.  The Shuey Group, Inc. was not a party when

13  the first was held.  The second Rule 26(f) conference was scheduled for December 26, 2007, a

14  time that would have precluded Plaintiffs from conducting any discovery in sufficient time to

15  respond to this Motion to Dismiss.  Moreover, counsel for The Shuey Group, Inc. did not

16  participate in that conference.[2]

17      Before dismissing claims against The Shuey Group, Inc. for lack of personal jurisdiction,

18  this Court should continue the hearing for a reasonable time to permit Plaintiffs to conduct

19  discovery on the jurisdictional issue.  "[I]t is clear that a court may allow discovery to aid in

20  determining whether it has *in personam* or subject matter jurisdiction."  *Wells Fargo & Co. v.*

21  *Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977).  "Discovery, however, 'should

22  be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or

23  where a more satisfactory showing of the facts is necessary.'"  *Id.*  The Shuey Group, Inc.

24  contends that it never conducted business in California.  Plaintiffs have provided documents

25  showing that, not only did The Shuey Group, Inc. conduct business in California, it injected itself

26  into Plaintiffs' business.  Because pertinent facts bearing on the question of jurisdiction are

27  _____

28      [2]  Counsel has subsequently informed Plaintiffs' counsel that the non-attendance was due
    to illness and has taken the position that all necessary matters have been discussed.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1  controverted, if the Court does not feel that Plaintiffs showing is sufficiently strong, it is

2  appropriate to continue the hearing on this motion to allow Plaintiffs to conduct discovery.

3  **B.    PLAINTIFFS HAVE STANDING TO PURSUE CLAIMS AGAINST THE SHUEY**

4  **DEFENDANTS.**

5  The Shuey Defendants ignore essential allegations of the SAC and the contracts at issue in

6  order to argue that neither Pacific Consolidated nor The Brad Lovesy Group may pursue claims

7  against those defendants.  The complaint adequately alleges facts sufficient for the named

8  Plaintiffs to pursue their claims.

9  **1.    Pacific Consolidated May Recover For The Harm Done To It By The Shuey**

10  **Defendants.**

11  Pacific Consolidated may properly bring claims against The Shuey Defendants.  The

12  Shuey Defendants assert that Pacific Consolidated lacks standing "to the extent that the claims in

13  the SAC against [The Shuey] Defendants arise from the Shuey Agreement." The Shuey

14  Defendants then leap to the conclusion that Pacific Consolidated may not pursue claims against

15  The Shuey Defendants.

16  The Shuey Defendants' conclusion is neither supported nor supportable.  The bulk of the

17  claims against The Shuey Defendants do not sound in contract.  Claims against The Shuey

18  Defendants include:  the Third Cause of Action, for interference with the contracts between

19  Plaintiffs and the AFBA/5Star Defendants; the Fourth Cause of Action, for interference with

20  Plaintiffs' prospective economic advantage arising from the contracts with AFBA/5Star and the

21  sales that Plaintiffs made in the Assigned Territories; the Fifth Cause of Action, for interference;

22  and, the Sixth Cause of Action, for unfair business practices.  The Shuey Defendants offer no

23  explanation as to why Pacific Consolidated is not a proper party to these claims.

24  Moreover, to the extent that Pacific Consolidated was the entity with rights to procure

25  insurance for the AFBA/5Star Defendants and receive commissions and overrides, The Shuey

26  Agreement necessarily included duties to Pacific Consolidated.  Therefore, Pacific Consolidated

27  was likely to suffer injury if the contract was not performed, and they can assert standing as to

28

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

4

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1   causes of action arising out of the Shuey Agreement. *Pillsbury v. Karmgard*, 22 Cal. App. 4ᵗʰ 743,

2   758 (1994); *Stocks v. City of Irvine*, 114 Cal. App. 3d 520, 531 (1981).

3        The Shuey Agreement and those between Plaintiffs and AFBA/5Star are clearly drafted to

4   work in tandem.  Both describe duties and obligations with respect to the marketing of

5   AFBA/5Star products to members of the National Guard.  The Shuey Defendants erroneously

6   included a non-existent entity, The Brad Lovesy Group, in the preamble of The Shuey Agreement.

7   They cannot use their own error to avoid their obligations under that agreement.

8        **2.   Brad Lovesy Is A Party To The Agreement with The Shuey Defendants.**

9        Brad Lovesy, who individually signed the agreement with The Shuey Defendants, may

10  pursue claims under that contract.  In its introductory paragraph, the Shuey Agreement claims to

11  be "by and between The Shuey Agency, Inc. hereinafter referred to as 'Administrator' and the

12  Brad Lovesy Group, hereinafter referred to a 'Marketing Company."  There is no further mention

13  of the Brad Lovesy Group.  Notices to the Marketing Company are to be provided to Brad Lovesy,

14  with no corporate or business name.  Indeed, a review of the signature blocks shows that

15  Mr. Lovesy signed the Shuey Agreement in an individual capacity.  The signature block for The

16  Shuey Agency, Inc. states the full corporate name, "The Shuey Agency, Inc." followed by the

17  word "Administrator," the defined term for The Shuey Agency, Inc.  Theodore G. Shuey, Jr.'s

18  name is typed below the signature line, with his title, "President" provided to show his

19  representative capacity.  In contract, the signature block for Brad Lovesy says only "Brad

20  Lovesy," followed by the words "Marketing Company."  Mr. Lovesy's name is not repeated

21  below the signature block, nor is there any indication that he signed the document in a

22  representative capacity.  Mr. Lovesy is properly a party to the agreement with The Shuey

23  Defendants and may pursue contract claims in his own name.

24       Moreover, the Shuey Agreement was clearly intended to coordinate with the agreement

25  under which Mr. Lovesy was procuring insurance for the AFBA/5Star Defendants.  The Shuey

26  Defendants should have avoided all confusion by assuring that the same entities were parties to

27  both agreements.  The Shuey Defendants created confusion by ignoring the parties to the existing

28  contracts, including a non-existent entity in the introductory paragraph of The Shuey Agreement,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

5

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1  and having Brad Lovesy sign The Shuey Agreement in his individual capacity.  The Shuey

2  Defendants should not be able to rely on confusion they created to avoid their contractual

3  obligations.

4        Finally, if the Court concludes that the Brad Lovesy Group is the only Plaintiff party to

5  The Shuey Agreement, Mr. Lovesy requests that he be given a reasonable period of time within

6  which to file a fictitious business name statement.[3]

7  **C.**    **PLAINTIFFS PLEAD SUFFICIENT FACTS TO WARRANT INVOKING THE**

8        **ALTER EGO DOCTRINE AS TO TGS AND MR. SHUEY.**

9        The SAC contains sufficient allegations to proceed against each Shuey Defendant on a

10  theory of alter ego liability.  Plaintiffs alleged that TGS and Mr. Shuey purported to act under the

11  Memorandum of Agreement, and assumed the obligations of The Shuey Agency, Inc. under the

12  MOA through their interactions with Mr. Lovesy.  (SAC, at ¶¶ 8-12, 29).  In so doing, Plaintiffs

13  stated facts tending to show that Mr. Shuey, The Shuey Agency, and TGS Group shared a unity of

14  interest or ownership, and that if the acts complained of were treated as those of any Shuey

15  Defendant alone, inequity would result. SAC at ¶¶ 11-12; *Neilson v. Union Bank of Cal., N.A.*, 290

16  F. Supp. 2d 1101, 1115-16 (C.D. Cal. 2003).  This is more than adequate.  A pleading need only

17  "provide the bare outlines of a claim" within the federal notice pleading framework under Fed. R.

18  Civil Proc. 8(a).  *Bautista v. Los Angeles County,* 216 F. 3d 837, 843 (9th Cir. 2000); *Dion LLC v.*

19  *Infotek Wireless, Inc.*, 2007 U.S. Dist. LEXIS 83980, *9.

20        The case of *Dion* is especially persuasive, as the facts are nearly identical, and the case was

21  decided in this very court.  There, a dispute arose between a single owner company, Dion, and

22  Wireless over monies owed under a consulting agreement.  Dion filed suit against Wireless and a

23  sister corporation, Associates, for breach of contract, claiming that Associates had both sufficient

24  connections to Wireless and sufficient assets that it should be properly joined under the theories of

25  alter ego and agency.  *Id.* at *1-3.

26  _____

27        [3]   Mr. Lovesy would certainly be willing to grant the same courtesy to The Shuey
   Defendants, none of whom are licensed to conduct business in the State of California.  *See*,
28  printout from the California Secretary of State Business Portal, attached as Exhibit A to this
   Opposition.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

6

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1      Associated filed a motion to dismiss, arguing that the lack of a written agreement between

2  itself and Dion precluded a basis for contractual liability. *Id*. at 4. Dion's complaint stated that:

3          [t]he unity of interest and ownership between Wireless and Associates . . .

4          prevented the two from functioning as separate entities . . . . [The two companies]

5          conduct the same type of business, shared the same office space, used the same

6          business address... [i]t would be inequitable to allow Associates to now assert a

7          distinction between the corporations to avoid liability...

8  *Id*. at *8-9.

9      The Dion court found this pleading sufficient, and disavowed the idea that a claim of alter

10  ego liability requires heightened pleading standards. *Id*. at 10.  Each Shuey Defendant purported

11  to act under the MOA, stating or inferring that the various corporate entities were interchangeable.

12  (SAC, at ¶ 29; Grover Decl., Exhs. A-D).  They each cite their physical location as being the

13  same.  Under these facts, and the reasoning of *Dion*, Plaintiffs have made an adequate showing of

14  a claim of alter ego liability, subjecting Mr. Shuey and TGS to the same liability as The Shuey

15  Agency.

16      Rather summarily, and with no argument, The Shuey Defendants also assert that they

17  cannot be held liable for any wrongful conduct of AFBA and 5Star.  Plaintiffs argued in their

18  Opposition to AFBA and 5Star's Motion to Dismiss the Second Amended Complaint, that the

19  Memorandum of Agreement ("MOA") entered into with The Shuey Defendants purportedly for

20  administrative services, contained substantial limitations on what business Mr. Lovesy could

21  engage in under his agreements with AFBA and 5Star. (SAC, at ¶¶ 28, 30).  That allegation

22  supports a finding of united interest and overlapping control of the entities. *Neilson*, 290 F. Supp.

23  2d at 1115-16.

24      In addition, Plaintiffs alleged that AFBA and 5Star were complicit with The Shuey

25  Defendants in the failure to process the insurance policies of members of the Armed Forces the

26  Plaintiffs had enrolled.  (SAC, at ¶¶ 33-35, 39).  AFBA/5Star and The Shuey Defendants may

27  have had differing ownership, but they exercised joint control of the business enterprise.  Given

28  the results of their actions, holding only The Shuey Defendants, or only AFBA/5Star liable for

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

7

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1   these wrongful acts, would result in injustice; thus the claims of alter ego liability should not be

2   dismissed.

3   **D.    PLAINTIFFS' THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION ARE**

4   **TORT CLAIMS.**

5       **1.    Plaintiffs' Claims Are Not Based On A Breach Of Contract, But An**

6          **Intentional Tort.**

7       Defendants allege that each of these causes of action must fail because they arise solely

8   from The Shuey Defendants' failure to perform, rendering these claims subsumed by a breach of

9   contract action. Defendants cite several cases all standing for this proposition, however they are

10  not on point. The flaw in those cases was a complaint which failed "to state any factual basis for

11  the assertion that [defendants] interfered with [plaintiffs'] business relations, having the improper

12  malicious purpose to destroy appellant's business." *Khoury v. Maly's of California, Inc.*, 14 Cal.

13  App. 4th 613, 618 (1993).

14      Here, Plaintiffs have alleged a knowing intention by The Shuey Defendants to disrupt

15  Plaintiffs' contractual relationship. (SAC, at ¶¶ 65-66, 73-75, 90-92). Further, they have alleged

16  facts tending to support those allegations. (SAC, at ¶¶ 27-29, 31-38, 44). Thus, the "essential

17  conduct" complained of is the knowing attempt to do harm by The Shuey Defendants, and not

18  merely their failure to perform under the MOA. *JRS Products, Inc. v. Matsushida Elec. Corp. of*

19  *America*, 115 Cal. App. 4th 168, 182 (2004).

20      Plaintiffs have asserted that the damage to their business and to their contractual

21  relationships are not merely a consequence of The Shuey Defendants' failure to perform, but are

22  an intended result of their deliberate acts. These causes of action are proper and sufficiently plead,

23  and should not be dismissed.

24  **E.    AS STRANGERS TO THE CONTRACTS, THE SHUEY DEFENDANTS OWED**

25  **PLAINTIFFS AN INDEPENDENT DUTY, AND TORT RECOVERY IS PROPER.**

26      **1.    This is Not A Case of At-Will Employment.**

27      Defendants cite *Reeves v. Hanlon* as standing for the proposition that at-will contracts do

28  not sustain a cause of action for interference. *Reeves* involved the solicitation of one company's at

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

8

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1  will employees by another company, and did not involve the examination of interference with

2  stated contractual terms outside of the employment sphere. 33 Cal. 4th 1140, 1152 (2004).

3      While the contracts between Plaintiffs and AFBA/5Star may have been at-will, the

4  performance of their stated terms was not. The case of *Reeves* does not provide a basis for

5  dismissing the interference with contract claim.

6      **2.    Plaintiffs Plead Sufficient Intentional Acts to Support a Cause of Action for**

7          **Intentional Interference With Prospective Economic Advantage and**

8          **Interference With a Contract.**

9      Plaintiffs have alleged that The Shuey Defendants engaged them in the MOA with the

10  intention to use their procurement of insurance policies to commit fraud upon the public. (SAC, at

11  ¶ 75). Intentionally engaging in an unlawful or unfair act is sufficient to find that an interference

12  in Plaintiffs' relationship with AFBA and 5Star was certain or substantially certain to occur.

13  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2002).

14      Plaintiffs' claims regarding the exclusivity of the assigned region is discussed in detail in

15  their Opposition to Defendant AFBA and 5Star's Motion to Dismiss. Suffice it to say that the

16  element of exclusivity is subject to proof by parol evidence, and that the contract referring to the

17  Assigned Region is not a complete agreement capable of being performed based only on the

18  information within the four corners of the document.

19      Plaintiffs have sufficiently alleged: (1) an economic relationship between the plaintiff and

20  some third party, with the probability of future economic benefit to the plaintiff; (2) the

21  defendants' knowledge of the relationship; (3) intentional acts on the part of the defendants

22  designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic

23  harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply*, 29 Cal. 4th at

24  1153, SAC at ¶¶ 70-79. There is no basis to dismiss the claims.

25      **3.    Defendants Engaged In An Independently Wrongful Act.**

26      In order to recover on a claim for interference with prospective economic advantage,

27  Plaintiffs sufficiently plead an independently wrongful act, i.e. the fraud committed upon the

28  public by The Shuey Defendants. (SAC, at ¶¶ 44-45, 75). Defendants mistakenly base the fraud

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

9

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1  upon their failure to perform under the MOA, however, this does not supply the independent basis

2  required.

3  **F.    THE FRAUD CLAIM IS STATED WITH PARTICULARITY.**

4          Defendants argue that the fraud cause of action has not been plead with particularity in

5  accordance with Rule 9(b)'s heightened pleading requirement.  Plaintiffs allege that paragraphs 31

6  through 38, paragraph 44, and paragraphs 89 through 95, are sufficient to state "the time, place,

7  and nature of the alleged fraudulent activities … [so as to] inform the defendants of the conduct

8  which plaintiff believes fraudulent, giving the defendants more than enough notice to prepare their

9  defense." *Anspach v. Bestline Products, Inc.*, 382 F. Supp. 1083, 1091 (N.D. Cal. 1974), citing

10  *Walling v. Beverly Enterprises*, 476 F. 2d 393, 397 (9th Cir. 1973).

11          Plaintiffs have satisfied the heightened pleading requirement.  The SAC illustrates that

12  facts which support the contention that when Mr. Shuey made his representations, he either knew

13  he could not perform his duties or had no intention to perform.  (SAC, at ¶¶ 32-38).  Plaintiffs

14  have also alleged facts sufficient to find that they justifiably relied upon The Shuey Defendants'

15  representations.  (SAC, at ¶¶ 27, 29).  Defendants cite no case law for the proposition that

16  Plaintiffs are not allowed to plead alternate theories of liability in the complaint; thus the fact that

17  Plaintiffs have also alleged that they were induced to enter into the MOA with The Shuey

18  Defendants is allowable.

19          Finally, Defendants' argument regarding the failure to plead damages with particularity is

20  unconvincing.  The basis for the fraud claim has been amply set out, yet no discovery has been

21  conducted.  Plaintiffs have alleged damages from unearned commissions and bonuses as a result

22  of The Shuey Defendants' failure to perform under the MOA, and have also alleged that AFBA

23  and 5Star notified Plaintiffs of their intention to collect for future charge backs even after the

24  MOA had been terminated. (SAC, at ¶¶ 32, 39, 50).  The claim for damages is as specific as

25  possible at this stage of the proceedings, and further gives Defendants ample notice of how to

26  prepare their defense.  For these reasons, the fraud claim has been sufficiently stated, and should

27  not be dismissed.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

10

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

G.  **THE UNFAIR COMPETITION CLAIMS HAVE BEEN SUFFICIENTLY PLEAD.**

    1.  **The Section *17200 et seq.* Claim Was Plead With Particularity.**

Contrary to Defendants' argument, Plaintiffs' claim of unfair competition under Business and Professions Code section 17200 *et seq.* was stated with sufficient particularity to withstand a motion to dismiss.  Plaintiffs contended that Mr. Lovesy told The Shuey Defendants that they were not processing insurance policies in a timely manner, and that policies were lapsing as a result.  (SAC, at ¶¶ 32-35).  Plaintiffs also contended that, as a result of actions by The Shuey Defendants, many members of the Armed Forces who had purchased policies and believed themselves to be covered were not, and that soldiers at times ended up in combat zones without coverage, believing that they had life insurance, and without any way to reinstate that protection for their families and loves ones.  (SAC, at ¶¶ 36-38).

Consequently, Plaintiffs alleged that "Defendants' conduct in routinely failing to properly process policies they sold to the public constituted unfair and unlawful business acts or practices within the meaning of the Unfair Competition Law, California Business and Professions Code Section 17200, et seq."  (SAC, ¶ 99).  Plaintiffs showed the practice it believes is unfair, unlawful, or fraudulent, i.e., the failure to process insurance policies; and alleged facts showing the unfair, unlawful, or fraudulent nature of the practice, that being each Defendants' knowing refusal to legally and ethically conduct business.  *Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000).

Plaintiffs identified the portion of the statutory scheme which was violated, described the facts supporting the fraud committed on the public, described the manner in which the public was deceived and misled, and the manner in which Defendants' actions were unlawful or unfair.  *Khoury v. Maly's of Cal.*, 14 Cal. App. 4th 612, 619 (1993); *State Farm Fire & Casualty Co. v. Sup. Court*, 45 Cal. App. 4th 1093, 1103-05 (1996).  This is a sufficient showing under the law to preclude a motion to dismiss.

A case that illustrates the disfavor shown towards pre-answer challenges is *Motors, Inc. v. Times Mirror Company*.  There, the Court of Appeals held that if the "pleading states a prima facie case of harm, having its genesis in an apparently unfair business practice, the defendant should be

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

11

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1    made to present its side of the story." *Motors, Inc. v. Times Mirror Company*, 102 Cal. App. 3d

2    735, 740 (1980). It is the court's duty to "weigh the utility of defendants' conduct against the

3    gravity of harm to the alleged victim," a process that "is really quite impossible if only the

4    plaintiff has been heard from, as is the case when it is sought to decide the issue of unfairness on

5    [a pre-answer challenge to the pleadings]." *Id.* If the Defendants can show that the utility of their

6    conduct justifies the practice, a motion for summary judgment is proper. *Id.*

7        **2.**    <u>The Section 16600 Claims Against The Shuey Defendants Are Sufficient.</u>

8        Plaintiffs' claims based on restraint of trade are properly asserted against The Shuey

9    Defendants. The SAC asserted that the terms of the agreement with The Shuey Defendants

10   restricted what products Plaintiffs could sell to those offered exclusively through AFBA and 5Star.

11   (SAC at ¶¶ 28, 30, 97-98). The agreement with The Shuey Defendants concerned much more than

12   their administration of the policies Plaintiffs sold; it purported to restrict the terms of Plaintiffs'

13   contracts with AFBA and 5Star by limiting what products Plaintiffs could offer. *Id.*

14       The contract with The Shuey Defendants, which was ostensibly for claim administration,

15   imposed substantive and restrictive terms on the agreements between AFBA/5Star and Plaintiffs.

16   As the author of the MOA, The Shuey Defendants cannot reasonably argue that they had no

17   knowledge of the terms contained therein. Thus, it is not unreasonable to infer that The Shuey

18   Defendants knew that the MOA would improperly restrict their prior contracts with Plaintiffs.

19       Defendants erroneously state that the standard for bringing a section 16600 claim is to

20   show a complete and entire preclusion from the pursuit of a trade. California courts recognize that

21   "a contract does not have to impair a party's access to every potential customer to contravene

22   section 16600. ...a contract can effectively destroy a signatory's ability to conduct a trade or

23   business by placing a substantial segment of the market off limits." *Gen. Comm. Packaging v.*

24   *TPS Package Eng'g*, 126 F. 3d 1131, 1134 (9th Cir. 1997).

25       Mr. Lovesy's profession was and had been, since at least 1993, the sale of insurance

26   products to members of the Armed Forces. The majority of his sales, if not all, were to the

27   National Guard, with whom he had spent nearly fifteen years cultivating relationships. The

28   assertion that the agreement with The Shuey Defendants only narrowly limited Mr. Lovesy's

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

12

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

1    ability to pursue his profession is incorrect. The restriction of sales to the majority of

2    Mr. Lovesy's target market effectively destroyed his ability to conduct business because it placed

3    a substantial segment of his market off limits.

4         Covenants not to compete during the term of an agreement are "proscribed when it is

5    probable that performance of the contract will foreclose competition in a substantial share of the

6    affected line of commerce." *Dayton Time Lock Service, Inc. v. Silent Watchman Corp.*, 52 Cal.

7    App. 3d. 1, 6 (1975). The examination of the majority of covenants not to compete have been in

8    post-employment situations. The few cases which discuss in-term covenants not to compete have

9    been examined almost entirely in the arena of a franchise relationship, which is not comparable to

10   Mr. Lovesy's situation. However, outside of a franchise context, there is no need to protect or

11   maintain a trademark, trade name, or goodwill, and so there is even less willingness by the courts

12   to approve covenants not to compete. *Kelton v. Stravinski*, 138 Cal. App. 4th 941, 948 (2006).

13        Numerous questions of fact have been raised by Plaintiffs' complaint, which will affect the

14   determination of whether the restraint of trade clause in The Shuey Defendants' contract was

15   impermissible: the extent of the restriction on Mr. Lovesy's ability to work within the military

16   market, especially with members of the National Guard; the owner or progenitor of the goodwill

17   utilized by Mr. Lovesy in the performance of his work over the 15 year period; the extent of the

18   control of AFBA and 5Star over the structure of Mr. Lovesy's operations prior to the contract with

19   The Shuey Defendants; and the validity of the clause on contracts to which The Shuey Defendants

20   were not a party. None of these are issues which can be determined on a motion to dismiss.

21        While The Shuey Defendants argue that the MOA facilitated Mr. Lovesy by requiring

22   them to perform payroll deductions and policy processing, Mr. Lovesy's stance is that the purpose

23   of the agreement was not to offer processing assistance, but to reduce processing costs of AFBA

24   and 5Star, a cost reduction that was done at Mr. Lovesy's expense. In the agreement, the Shuey

25   Defendants do not limit themselves to performing payroll and deduction services only for AFBA

26   products. Instead, a contract for administrative services purported to restrict the type of products

27   Mr. Lovesy could sell, and to whom.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

13

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

### III.    CONCLUSION

Federal pleadings may be general and satisfy the requirements of Rule 8 if they give the opposing side notice of the claims being asserted. Motions to dismiss on the basis of failure to state a claim for relief are disfavored for precisely that reason. The SAC gives each Defendant ample notice of the claims against it. No Defendant has yet served an answer, and Defendants have not yet served any documents. Thus, Plaintiff has been unable to develop the facts and legal theories, further making the requested dismissal excessive.

Far from simply arguing the sufficiency of Plaintiffs' allegations, The Shuey Defendants spend the majority of their motion offering rebuttals to Plaintiffs' claims which call for further exploration of the facts. Far from showing the absence of Plaintiffs' claims, Defendants' motion primarily indicates the existence of issues of fact ripe for discovery.

Further, with the information at hand, standing and personal jurisdiction over each Shuey Defendant has been sufficiently alleged. For the reasons stated above, Plaintiffs urge the Court to deny in full The Shuey Defendants' Motion to Dismiss the Second Amended Complaint. In the alternative, Plaintiffs seek leave to amend the complaint.

Dated:  January 15, 2008

HAIGHT BROWN & BONESTEEL LLP

By: _____
　　　Margaret J. Grover
　　　Africa E. Davidson
　　　Attorneys for Plaintiffs
　　　BRAD LOVESY and PACIFIC
　　　CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3339043.1

14

Case No.  4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS SAC

# EXHIBIT A

# California Business Portal

**Secretary of State DEBRA BOWEN**

SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES

Business Search
Corporations

**New Search**

**Search Tips**

**Field Definitions**

**Status Definitions**

**Name Availability**

**Corporate Records**

**Business Entities
Records Order Form**
   Certificates
   Copies
   Status Reports

**FAQs**

**Corporations Main Page**

**Site Search**

# Corporations

The information displayed here is current as of "JAN 11, 2008" and is updated weekly. It is not a complete or certified record of the Corporation.

For information about certification of corporate records or for additional corporate information, please refer to **Corporate Records**. If you are unable to locate a record, you may request a more extensive search by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**. Certificates and/or certified copies can also be requested using the order form.

Results of search for **" Shuey "**

### Click on the name of the corporation for additional information.

| Corp Number | Date Filed | Status | Corporation Name | Agent for Service of Process |
|---|---|---|---|---|
| C0977733 | 3/14/1980 | suspended | **SACK/SHUEY PRODUCERS IN MEDIA, INC.** | |
| C0560177 | 1/6/1969 | suspended | **SHUEY AIRCRAFT, INC.** | JOHN ARTHUR SHUEY |
| C0227106 | 4/30/1948 | merged out | **SHUEY CATTLE COMPANY** | |
| C0359097 | 8/20/1958 | suspended | **SHUEY CONSTRUCTION CO.** | |
| C0339074 | 6/3/1957 | suspended | **SHUEY MUSIC COMPANY** | |
| C2051767 | 5/17/2000 | suspended | **SHUEY, INC.** | JOHN W. HOWARD |
| C0214397 | 2/21/1947 | dissolved | **SHUEY-DIAMOND DAIRY CO.** | |
| C0469720 | 4/27/1964 | suspended | **STETSON SHUEY, INC.** | |
| C0611996 | 11/20/1970 | dissolved | **STETSON SHUEY, INC.** | MICHAEL D KOCH |
| C1203090 | 6/10/1983 | dissolved | **YONG SHUEY CORPORATION** | PETER LIOU |

Copyright ©2001 California Secretary of State. **Privacy Statement.**

# California Business Portal

## Secretary of State DEBRA BOWEN

| SECRETARY OF STATE | ELECTIONS & VOTER INFO | POLITICAL REFORM | CA BUSINESS PORTAL | ARCHIVES & MUSEUM | OTHER SERVICES |

**Business Search LP/LLC**

### Limited Partnerships/Limited Liability Companies — LP/LLC

| New Search |
| Search Tips |
| Field Definitions |
| Status Definitions |
| LLC Name Availability |
| LP Name Availability |
| **Business Entities Records Order Form** |
|   Certificates |
|   Copies |
|   Status Reports |
| LLC FAQS |
| LP FAQS |
| LLC Main Page |
| LP Main Page |
| Site Search |

The information displayed here is current as of "Jan 11, 2008" and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

If you are unable to locate a record, you may request a more extensive search by ordering a status report. Fees and instructions for ordering a status report are included on the **Business Entities Records Order Form**. Certificates and/or certified copies can also be requested using the order form.

## No results matched the search term : "Shuey"

### Need help with your search?

Copyright ©2001 California Secretary of State. **Privacy Statement.**