1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
   Patty H. Lee (SBN 245192) plee@seyfarth.com
3  560 Mission Street, Suite 3100
   San Francisco, California 94105
4  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
5
   Attorneys for Defendants
6  THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY),
   TGS GROUP, INC., AND THE SHUEY AGENCY, INC.
7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  BRAD LOVESY and PACIFIC              )   Case No. 4:07 CV 02745 SBA
    CONSOLIDATED INVESTMENTS, INC., a    )
12  Nevada corporation,                  )   **THEODORE G. SHUEY, JR.**
                                         )   **(erroneously sued as TED SHUEY), TGS**
13              Plaintiffs,              )   **GROUP, INC., AND THE SHUEY**
                                         )   **AGENCY, INC.'S REPLY TO**
14       v.                             )   **PLAINTIFFS' OPPOSITION TO**
                                         )   **MOTION TO STRIKE, OR FOR A**
15  ARMED FORCES BENEFIT ASSOCIATION, )   **MORE DEFINITE STATEMENT**
    5STAR ASSOCIATION, 5STAR FINANCIAL,)   **REGARDING PORTIONS OF THE**
16  LLC, 5STAR FINANCIAL SERVICES        )   **SECOND AMENDED COMPLAINT**
    COMPANY, and 5STAR LIFE INSURANCE, )
17  COMPANY; TED SHUEY, individually, doing )
    business as THE SHUEY AGENCY, INC., and )
18  TGS GROUP, INC.                      )   Date: February 5, 2008
                                         )   Time: 1:00 p.m.
19              Defendants.              )   Judge: Hon. Saundra B. Armstrong
                                         )   Courtroom: 3
20  _____)

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

Page

I.  INTRODUCTION .................................................................................................. 1

II.  LEGAL ANALYSIS ............................................................................................. 2

    A.  Plaintiffs' Alter Ego Allegations are Insufficient and Must Be Stricken from the Second Amended Complaint ........................................................................... 2

        1.  Standard for pleading alter ego liability ....................................................... 2

        2.  Plaintiffs fail to plead unity of interest and ownership among the Shuey Defendants and the AFBA/5Star Defendants .............................................. 3

        3.  Plaintiffs fail to plead facts supporting its alter ego theory against the Shuey Defendants ..................................................................................... 4

        4.  Plaintiffs fail to plead that an inequitable result would follow if the purported acts of the Shuey Defendants and the AFBA/5Star Defendants are treated as theirs alone .......................................................................... 4

        5.  Alter ego allegations are immaterial and must be stricken from the SAC .. 6

    B.  Without a More Definite Statement, the Shuey Defendants Cannot Properly Respond to the Allegations of the SAC .................................................................. 6

    C.  Plaintiffs Are Not Entitled to Punitive Damages as a Matter of Law .................... 7

        1.  By Plaintiffs' own admission, Plaintiffs' claims are based on alleged breaches of the Shuey Agreement ............................................................. 8

        2.  Plaintiffs have not sufficiently pled fraud, oppression and malice ............. 9

        3.  Plaintiffs fail to plead fraud with particularity ........................................... 10

III.  CONCLUSION ................................................................................................... 10

1

## TABLE OF AUTHORITIES

2

### FEDERAL CASES

3

Page

*999 v. C.I.T. Corp.*

4          776 F.2d 866 (9th Cir. 1985) ................................................................................8

5    *Campanelli v. Bockrath*

6          100 F.3d 1476 (9th Cir. 1996) ...........................................................................4

7    *Conley v. Gibson*

          355 U.S. 41 (1957)..............................................................................................9

8

*Neilson v. Union Bank of Cal.*

9          290 F. Supp. 2d 1101 (C.D. Cal. 2003) .....................................................2, 3, 4, 6

10   *Tollis Inc. v. County of San Diego*

11          505 F.3d 935 (9th Cir. 2007) .............................................................................9

12   *Wady v. Provident Life and Accident Ins. Co. of Am.*

          216 F. Supp. 2d 1060 (C.D. Cal. 2002) ...........................................................4

13

### STATE CASES

14

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*

15          7 Cal. 4th 503 (1994) .........................................................................................8

16   *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*

17          47 Cal. App. 4th 464 (1996) ..............................................................................7

18   *Erkenbrecher v. Grant*

19          187 Cal. 7 (1921) ................................................................................................6

20   *Freeman & Mills v. Belcher Oil Co.*

          11 Cal. 4th 85 (1995) .........................................................................................8

21

*Hannon v. Madden*

22          214 Cal. 251 (1931) ............................................................................................9

23   *Harris v. Atl. Richfield Co.*

24          14 Cal. App. 4th 70 (1993) ................................................................................9

25   *JRS Products, Inc. v. Matsushita Elec. Corp. of America*

26          115 Cal. App. 4th 168 (2004) ............................................................................7

27   *Khoury v. Maly's of California, Inc.*

          14 Cal. App. 4th 612 (1993) ..............................................................................7

28

1

<u>**TABLE OF AUTHORITIES**</u>
(continued)

2

<span style="float:right">Page</span>

3

4

*Shafford v. Otto Sales Co.*
    119 Cal. App. 2d 849 (1953) ...................................................................................6

5

6

**FEDERAL STATUTE**

7

Federal Rules of Civil Procedure
    Rule 12(f) ...................................................................................1, 8, 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc.

2 ("TGS"), and The Shuey Agency, Inc. ("The Shuey Agency") (collectively the "Shuey

3 Defendants") submit the following Reply to Plaintiffs' Opposition to Defendants Ted Shuey,

4 TGS, and The Shuey Agency's Motion to Strike or for a More Definite Statement Regarding

5 Portions of the Second Amended Complaint ("Motion").

6 **I.    INTRODUCTION**

7    Despite three failed attempts to cure the factual and legal defects that infect their Second

8 Amended Complaint ("SAC"), Plaintiffs remain unable to state viable alter ego allegations and a

9 claim for punitive damages against the Shuey Defendants.[1] In a weak attempt to conceal the

10 defects in the SAC, Plaintiffs' Opposition overstates, and in doing so misrepresents, the

11 allegations of the SAC. Plaintiffs' Opposition also improperly construes and misinterprets the

12 legal authority relied upon by the Shuey Defendants.

13    After weeding through Plaintiffs' arguments, no viable basis, legal and factual, exists in

14 support of Plaintiffs' alter ego allegations and claim for punitive damages. Plaintiffs have not

15 sufficiently pled alter ego liability among the Shuey Defendants or between the Shuey

16 Defendants and the AFBA/5Star Defendants, and, as such, Plaintiffs' alter ego allegations are

17 improper and must be stricken from the SAC. In addition, because Plaintiffs' claims against the

18 Shuey Defendants sound in contract, not tort, Plaintiffs are not entitled to punitive damages as a

19 matter of law.

20    Accordingly, pursuant to Federal Rule of Civil Procedure 12(f), the Shuey Defendants

21 respectfully request the Court to strike Plaintiffs' improper alter ego allegations and claim for

22 punitive damages.

23

24

25

26

27
_____

[1] Plaintiffs have agreed that the relief requested by Plaintiffs' under the Unfair Competition Law
28 for damages is improper and have proposed to amend their complaint accordingly. (Opp'n at 9.)

1

## II.    LEGAL ANALYSIS

### A.    Plaintiffs' Alter Ego Allegations are Insufficient and Must Be Stricken from the Second Amended Complaint

Plaintiffs misinterpret the Shuey Defendants' arguments regarding the alter ego allegations in the SAC. The crux of the Shuey Defendants' argument is not that Plaintiffs failed to investigate the alter ego allegations to the Shuey Defendants' satisfaction. (*See* Opp'n at 2). Rather, Plaintiffs' failed to specifically allege the two elements of alter ego liability (unity of interest and ownership and an inequitable result if the acts in question are treated as those of one corporation alone) and failed to plead facts supporting each element. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003).

Plaintiffs attempt to amend their deficient pleading through factual statements in their Opposition and by arguing that various paragraphs in the SAC contain facts supporting their alter ego allegations, when they in fact do not. Plaintiffs' Opposition is a blatant attempt to save their woefully inadequate pleading. Plaintiffs cannot now be permitted to amend the deficiencies in their SAC by supplemental information or explanation in their Opposition. Plaintiffs' arguments in their Opposition are not allegations and cannot rescue the SAC from its pleading deficiencies.

#### 1.    Standard for pleading alter ego liability

Contrary to Plaintiffs' assertion that "*Neilson* merely stands for the long acknowledged rule that conclusory allegations of alter ego status are insufficient to state a claim," *Neilson* states:

> *Before the [alter ego] doctrine may be invoked, two elements must be alleged:* First, there must be such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone.
> …
> Conclusory allegations of 'alter ego status' are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each.

*Neilson*, 290 F. Supp. at 1115-16. (internal citations omitted and emphasis added). Accordingly, Plaintiff is required to specifically plead both elements of alter ego liability and specific facts in

2

1 | support of each element.

2 |            2.        Plaintiffs fail to plead unity of interest and ownership among the
3 |                      Shuey Defendants and the AFBA/5Star Defendants

4 | In their Opposition, Plaintiffs assert that they "alleged that Defendants AFBA and 5Star

5 | began to require the use of The Shuey Defendants for processing purposes, threatening Mr.

6 | Lovesy with the loss of his Assigned Regions if he did not comply." (Opp'n at 4:1-3.) Plaintiffs

7 | then conclude "[t]his indicates a unity of interest between the parties." (*Id.*) Plaintiffs' argument

8 | is completely illogical and requires an impossible mental leap. There is no way for the Shuey

9 | Defendants to know or conclude that Plaintiffs' allegation that the AFBA/5Star Defendants'

10 | action of requiring use of the Shuey Defendants stands for the allegation that "there is such a

11 | unity of interest" that the separate personalities of the Shuey Defendants and the AFBA/5Star

12 | Defendants do not exist.

13 | In addition, Plaintiffs argue that they "alleged that both parties were complicit in the

14 | failure to process the insurance polices." (Opp'n at 4:9-10.) The standard for pleading alter ego

15 | allegations is "unity of interest and ownership between the corporation and its equitable owner

16 | that the separate personalities of the corporation and the shareholder do not in reality exist."

17 | *Neilson*, 290 F. Supp. 2d at 1115. Whether both parties were "complicit" is irrelevant.

18 | Moreover, Plaintiffs argue that "[Defendants] exercised joint control of each other for a

19 | common interest under the MOA." (Opp'n at 4:11-14.) This is an argument, not an allegation in

20 | the SAC. The SAC does not contain any allegation that the Shuey Defendants controlled or

21 | owned any of the AFBA/5Star Defendants, or that the AFBA/5Star Defendants controlled or

22 | owned the Shuey Defendants.

23 | When identifying the Shuey Defendants and the AFBA/5Star Defendants as alter egos of

24 | one another, Plaintiffs only allege that "each Defendant is, and at all times relevant hereto, was

25 | the agent, servant, employee, successor, assign or alter ego of each other Defendant." (SAC at ¶

26 | 12.) The SAC does not specifically mention any "unity of interest" between Defendants and the

27 | AFBA/5Star Defendants. Plaintiffs may not overcome their pleading deficiency by identifying

28 | an allegation after the fact that *could* indicate a unity of interest. In deciding the adequacy of a

3

1  pleading, the court's review is limited to the contents of the complaint. *Campanelli v. Bockrath,*

2  100 F.3d 1476, 1479 (9th Cir. 1996).  Here, on the face of the SAC, Plaintiffs have not

3  sufficiently pled alter ego liability because Plaintiffs have failed to specifically allege a unity of

4  interest between the Shuey Defendants and the AFBA/5Star Defendants.  Facts simply do not

5  exist to support such an allegation.  Absent such specific allegations as to the unity of ownership

6  of the Shuey Defendants and the AFBA/5Star Defendants, Plaintiffs alter ego allegations fail.

7         3.    Plaintiffs fail to plead facts supporting its alter ego theory against the
              Shuey Defendants

8

9         Plaintiffs also fail to go beyond boilerplate language in alleging the Shuey Defendants are

10  alter egos of one another.  Plaintiffs cite *Wady v. Provident Life and Accident Ins. Co. of Am.,*

11  216 F. Supp. 2d 1060, 1067 (C.D. Cal. 2002) for the proposition that "references to one company

12  being the alter ego of the other, allegations that one company treats the assets of the other as its

13  own, commingling of funds, controlling the finances of the other company, sharing officers or

14  directors or asserting that the separateness of the subsidiary has ceased" are sufficient to plead

15  alter ego liability.  (Opp'n at 5:7-13.)  Plaintiffs' reliance on *Wady* is misplaced.  The *Wady* court

16  did not hold "references" to alter ego liability were sufficient for deciding the adequacy of a

17  pleading for purposes of a motion to dismiss.  Pleading alter ego liability requires more than

18  mere "references."  Plaintiff must specifically allege facts to support an allegation of unity of

19  interest and ownership. *Neilson*, 290 F. Supp. 2d at 1115.  Here, the SAC is completely devoid

20  of any facts to support Plaintiffs' allegation that the Shuey Defendants have shared ownership in

21  one another or that the Shuey Defendants are the alter ego of one another.

22         4.    Plaintiffs fail to plead that an inequitable result would follow if the
              purported acts of the Shuey Defendants and the AFBA/5Star
23            Defendants are treated as theirs alone

24         Plaintiffs also failed to adequately plead the second element of alter ego liability, that an

25  "inequitable result [would occur] if the acts in question are treated as those of the corporation

26  alone." *Neilson*, 290 F. Supp. 2d at 1115.

27         First, Plaintiffs' SAC does not contain any allegations that an inequitable result would

28

1   follow if the Shuey Defendants were not held liable for the purported acts of the AFBA/5Star

2   Defendants or if the AFBA/5Star Defendants were not held liable for the purported acts of the

3   Shuey Defendants.  In fact, Plaintiffs' Opposition does not even attempt to address how

4   Plaintiffs' adequately alleged the second element of alter ego liability with respect to the Shuey

5   Defendants and the AFBA/5Star Defendants.

6          Second, with respect to the Shuey Defendants being the alter ego of each other, Plaintiffs

7   assert the following, without any supporting facts: "Plaintiffs are informed and believe and upon

8   that basis allege that honoring the corporate form of Defendants TSA [The Shuey Agency] and

9   TGS would perpetrate a fraud upon the creditors of TSA [The Shuey Agency] and TGS,

10  including Mr. Lovesy." (SAC at ¶ 11.)  Plaintiffs fail to set forth any facts in the SAC to explain

11  how and why recognizing The Shuey Agency and TGS as separate entities would perpetrate a

12  fraud upon their creditors.  Furthermore, Plaintiffs' argument in its Opposition that honoring the

13  corporate form of The Shuey Agency and TGS would result in "injustice upon the public" is just

14  that, an argument, not an allegation in the SAC. (Opp'n at 5:25-27; 6:1-2.)  A review of the

15  paragraphs Plaintiffs refer to in support of this argument shows that Plaintiffs are once again

16  representing that the SAC contains more than what was actually pled.  Paragraphs 31-38 do not

17  specifically allege that recognizing TGS and The Shuey Agency as separate corporate entities

18  from each other and from Ted Shuey individually would aid in the consummation of a wrong, or

19  "injustice to the public."  Plaintiffs cannot attempt to remedy the deficiency of their pleading by

20  supplemental information or explanation in their Opposition.

21         Plaintiffs also assert that they sufficiently alleged injustice and unfairness would result if

22  Defendants were not found to be the alter egos of one another because they alleged in the SAC

23  "while the Memorandum of Agreement was entered into between Plaintiffs and the Ted Shuey

24  Agency, Inc. all subsequent communications in regards to the MOA were thereafter with TGS

25  Group, Inc. or Ted Shuey, individually.  This fact tends to show there is a unity of interest and

26  ownership . . . ." (Opp'n 5:19-24.)  This argument by Plaintiff completely misses the point of the

27  second element of alter ego liability.  Mere ownership and control of a corporation is an

28  insufficient ground for holding a corporation to be the instrumentality or conduit of another

5

1  corporation. Rather, Plaintiff must plead that recognition of the separateness of the corporation

2  would aid in the consummation of a wrong. *Erkenbrecher v. Grant*, 187 Cal. 7, 11 (1921);

3  *Shafford v. Otto Sales Co.*, 119 Cal. App. 2d 849, 862 (1953). Absent specific allegations and

4  supporting facts that an inequitable result would follow if the purported acts of The Shuey

5  Agency, TGS, and Theodore G. Shuey, Jr. were treated as theirs alone, Plaintiffs cannot state a

6  claim for alter ego liability.

7          5.      <u>Alter ego allegations are immaterial and must be stricken from the</u>
                   <u>SAC</u>
8

9          A review of the SAC as a whole indicates Plaintiffs' alter ego allegations are deficient.

10 The Shuey Defendants are not viewing Plaintiffs' alter ego allegations in paragraphs 11 and 12

11 of the SAC in isolation. Other paragraphs in the SAC do not specifically reference or even imply

12 that they relate to or support Plaintiffs' alter ego allegations in paragraphs 11 and 12, nor do they

13 set forth facts related to unity of interest or ownership or an inequitable result.

14         Alter ego allegations must be specifically pled by alleging both elements of alter ego

15 liability and alleging specific facts in support of each. *Neilson*, 290 F. Supp. 2d at 1115.

16 Because Plaintiffs' have failed to sufficiently plead the alter ego liability of the Shuey

17 Defendants and the AFBA/5Star Defendants, Plaintiffs cannot proceed on a theory that the

18 Shuey Defendants and the AFBA/5Star Defendants should be held liable for the purported acts

19 of the other.

20         For the reasons set forth above, the insufficient alter ego allegations in Paragraphs 11 and

21 12 have no possible bearing on the subject matter of this litigation and therefore must be stricken

22 from the SAC.

23     **B.    Without a More Definite Statement, the Shuey Defendants**
              **Cannot Properly Respond to the Allegations of the SAC**
24

25         Absent sufficient allegations of alter ego liability, Plaintiffs' references to "the Shuey

26 Defendants" are vague and ambiguous such that the Shuey Defendants cannot reasonably frame

27 a response to the pleading. Plaintiffs' repeated references to "the Shuey Defendants" in the SAC

28 assumes, without pleading sufficient facts, that The Shuey Agency, TGS, and Theodore Shuey,

6

1    Jr. are interchangeable. They are not. The Shuey Agency, TGS, and Theodore Shuey, Jr. are

2    separate and distinct. Accordingly, without a more definite statement Defendants cannot be

3    expected to respond to the various allegations in the SAC which do not distinguish among the

4    purported wrongful conduct of each Defendant. As such, the Shuey Defendants in the alternative

5    request a more definite statement so that they may adequately respond to the SAC.

6           **C.     Plaintiffs Are Not Entitled to Punitive Damages as a Matter of
                      Law**
7

8           As discussed in detail in the Shuey Defendants' Motion to Dismiss, Plaintiffs' claim for

9    punitive damages must be stricken for the simple reason that Plaintiffs' claims sound in contract,

10   not tort.   Where a plaintiff alleges tort liability in relation to a breach of contract claim, the court

11   must "determine whether the essence of the claim is fundamentally based on conduct that sounds

12   in contract or in tort." *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App.

13   4th 168, 181 (2004). The essential nature of the conduct determines whether the action sounds in

14   contract or in tort, and thus, the court must scrutinize the conduct a plaintiff alleges gave rise to

15   the tort claims. *See Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th

16   464 (1996); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 (1993). Accordingly, it is

17   the Shuey Defendants' conduct that determines whether Plaintiffs' claims sound in contract or

18   tort, not, as Plaintiffs argue, the Shuey Defendants' motivation of purported malice or intent to

19   cause harm.

20          In the instant action, the conduct of the Shuey Defendants complained of by Plaintiffs is

21   their alleged failure to timely collect insurance premiums on policies sold by Plaintiffs. These

22   allegations are set forth in the General Allegations of the SAC (*see* SAC at ¶¶ 28-45) and in

23   paragraph 82 of Plaintiffs' Breach of Contract cause of action. These allegations are also set

24   forth in support of Plaintiffs' causes of action for Interference with Contract, Interference with

25   Prospective Economic Advantage, and Fraud in paragraphs 66, 74, and 90 of the SAC,

26   respectively.[2]  The Shuey Defendants' alleged conduct, failure to timely collect premiums,

27   _____

28   [2] The allegations of Paragraph 66 of Plaintiffs' cause of action for Interference with Contract are
     extremely vague ("[D]efendants intentionally engaged in acts designed to induce breaches or

7

1    relates to a contractual obligation set forth in paragraph 4 of the Shuey Agreement (*See* Decl. of

2    Theodore G. Shuey in Support of Defendants' Motion to Dismiss, Ex. A, at 2, ¶ 4.)  As such, the

3    conduct complained of and giving rise to both Plaintiffs' contract and tort claims stems from the

4    alleged breach of the Shuey Agreement.  In the SAC, Plaintiffs' are simply attempting to

5    bootstrap that alleged conduct into something it is not, *i.e.*, a tort cause of action and, moreover,

6    a basis for punitive damages.  These allegations are improper and therefore Plaintiffs' claim for

7    punitive damages must be stricken from the SAC in accordance with Federal Rule of Civil

8    Procedure 12(f).

9              1.    By Plaintiffs' own admission, Plaintiffs' claims are based on alleged
                     breaches of the Shuey Agreement
10

11         Plaintiffs' Opposition ignores the initial hurdle that their claims sound in contract, not

12    tort.  Instead of addressing this hurdle, Plaintiffs contend that by simply alleging "malice" or

13    "knowing intent" on behalf of the Shuey Defendants, their claims necessarily sound in tort.

14    (Opp'n at 8:1-6.)  Plaintiffs' argument is unsupported by any case law.

15         In fact, Plaintiffs' argument supports the conclusion that Plaintiffs are simply trying to

16    transform a breach of contract claim into tort liability.  Plaintiffs state that "Plaintiffs have not

17    alleged only that Defendants failed to perform, but that they did so with the intent to commit a

18    larger wrongful act, the collection of premiums without the processing of insurance policies."

19    (Opp'n at 8:3-6.)  If proven, the failure to process insurance policies is simply a breach of the

20    Shuey Defendants' obligations under the Shuey Agreement because an allegation of failure to

21    perform, regardless of whether it was done intentionally or in bad faith, amounts to nothing more

22    than a contract action.  *See, e.g., 999 v. C.I.T. Corp.*, 776 F.2d 866, 872  (9th  Cir. 1985)

23    ("punitive damages are not available for mere breaches of contract, even if fraudulent or in bad

24    faith"); *Freeman & Mills v. Belcher Oil Co.*, 11 Cal. 4th 85, 102-03 (1995) (finding breach of

25    contract, even in bad faith, does not give rise to a cause of action for tort damages); *Applied*

26    *Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th  503, 516 (1994) ("the law generally does not

27    disruptions of the contractual relationship.").  However, because the general allegations are
      incorporated by reference into this cause of action, the intentional acts are the previously
28    referenced alleged failures of Defendants to collect insurance premiums.

8

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE, OR FOR A MORE DEFINITE
STATEMENT REGARDING PORTIONS OF THE SECOND AMENDED COMPLAINT

1   distinguish between good and bad motives for breaching a contract"); *Harris v. Atl. Richfield*

2   *Co.*, 14 Cal. App. 4th 70, 77 (1993) (finding willful breaches have not been distinguished from

3   other types of breaches).

4                   2.        Plaintiffs have not sufficiently pled fraud, oppression and malice

5           Notwithstanding that Plaintiffs' cannot state any tort causes of action against the Shuey

6   Defendants, Plaintiffs' also fail to sufficiently plead that the Shuey Defendants acted

7   fraudulently, oppressively or maliciously to warrant an award of punitive damages. Plaintiffs

8   conclude, without any supporting facts, that the Shuey Defendants engaged in "fraud,

9   oppression, and malice." (SAC at ¶¶ 69, 79, & 95). In their Opposition, Plaintiffs allege that

10  these allegations are sufficient because the clear and convincing evidence standard is not

11  applicable at the pleading stage.[3] (Opp'n at 8:11-16.) Plaintiffs again miss the point.

12          At the pleading stage, conclusory allegations of fraud, oppression or malice are

13  insufficient. Based on a reading of paragraphs 69, 79 and 95 of the SAC, it is unclear what

14  fraudulent acts were committed against Plaintiffs by the Shuey Defendants. As stated in *Hannon*

15  *v. Madden*, 214 Cal. 251, 267 (1931), it is the "cardinal rule of pleading that fraud must be pled

16  in specific language descriptive of the acts that which are relied upon to constitute fraud." It is

17  not sufficient to allege fraud in general terms, or in terms that amount to mere conclusions. *Id.*

18  Plaintiffs are guilty of alleging fraud in general terms against the Shuey Defendants, and

19  therefore those allegations are insufficient to state a claim for punitive damages. As such,

20  Plaintiffs' claim for punitive damages must be stricken from the SAC.

21          Plaintiffs also contend that the allegations set forth in paragraphs 31-38, 44, and 89-95

22  are sufficient to meet the heightened pleading requirements of Federal Rule of Civil Procedure

23  9(b). This contention is wrong. A simple reading of paragraphs 31-38 and 44 of the SAC

24  establishes that no allegations of false or misleading statements were made by the Shuey

25  Defendants or that, even if such statements were made, that Plaintiffs relied on them. As such,

26  ────────────────
    [3] Plaintiffs cite to *Tollis Inc. v. County of San Diego*, 505 F.3d 935, 943 (9th Cir. 2007) (*citing
    Conley v. Gibson*, 355 U.S. 41, 47 (1957)) for the proposition that malice allegations need not be

27  shown by clear and convincing evidence. However, *Tollis* concerns a constitutional challenge to
    a county's ordinances and regulations. The case has nothing to do with the adequacy of pleading

28  malice.

                                                    9
────────────────────────────────────────────────────────────
        REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE, OR FOR A MORE DEFINITE
         STATEMENT REGARDING PORTIONS OF THE SECOND AMENDED COMPLAINT

1  there are insufficient allegations to support Plaintiffs' claims of fraud, oppression and malice as

2  set forth in Plaintiffs' Third Cause of Action for Interference with Contract (SAC at ¶¶ 63-69)

3  and Fourth Cause of Action for Interference with Prospective Economic Advantage (SAC at ¶¶

4  70-79).

5                           3.        Plaintiffs fail to plead fraud with particularity

6          Similarly, Plaintiffs' Seventh Cause of Action for fraud is insufficient.  This cause of

7  action relies on the allegation that "[i]n or about September 2004, Ted Shuey made a verbal

8  representation to Mr. Lovesy that all premiums due for the AFBA and 5Star polices would be

9  timely collected through payroll deduction and there would be no resulting charge backs." (SAC

10  at ¶ 90.) Paragraphs 31-38, 44, and 89-95 do not set forth any allegations that Mr. Shuey knew,

11  at the time he purportedly made the representation in or about September 2004, that he could not

12  collect the premiums due for the AFBA and 5Star polices as represented and that the

13  AFBA/5Star Defendants would purport to wrongfully assess charge backs to Plaintiffs.

14  Moreover, Plaintiffs' allegation that they justifiably relied on Mr. Shuey's representation is

15  inadequate and inconsistent.  In paragraph 93, Plaintiffs allege they relied on Mr. Shuey's

16  representation to enter the Shuey Agreement.  However, in paragraph 25, Plaintiffs' allege that

17  the AFBA/5Star Defendants required Plaintiffs to use the services of the Shuey Defendants,

18  necessarily prompting Plaintiffs to enter the Shuey Agreement.  Plaintiffs' allegations are

19  inconsistent and fail to specify with sufficient clarity Plaintiffs' justifiable reliance on Mr.

20  Shuey's purported representations.  Plaintiffs' allegations of damages are also woefully

21  inadequate.  Plaintiffs' claim for damages under their fraud cause of action is limited to

22  "damages in an amount according to proof." (SAC at ¶ 94.) Allegations of damages suffered

23  from unearned commissions and bonuses relate to Defendants' purported breach of the Shuey

24  Agreement, and not any damages resulting from Defendants' purported fraud.  Therefore,

25  Plaintiffs' Seventh Cause of Action for fraud does not warrant an award of punitive damages.

26  **III.    CONCLUSION**

27          Plaintiffs' alter ego allegations against the Shuey Defendants fail to meet the applicable

28  pleading standard.  Plaintiffs have not specifically alleged: (1) unity of interest and ownership

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE, OR FOR A MORE DEFINITE
STATEMENT REGARDING PORTIONS OF THE SECOND AMENDED COMPLAINT

1    among the Shuey Defendants and between the Shuey Defendants and the AFBA/5Star

2    Defendants; and (2) that an inequitable result would result if purported acts of the Shuey

3    Defendants and the AFBA/5Star Defendants were treated as theirs alone. Therefore, Plaintiffs

4    cannot proceed on a theory of alter ego liability against the Shuey Defendants and the

5    AFBA/5Star Defendants. Accordingly, the insufficient alter ego allegations in paragraphs 11

6    and 12 of the SAC have no possible bearing on the subject matter of this litigation and must be

7    stricken from the SAC.

8         In addition, because Plaintiffs' claims for Interference with Contract, Interference with

9    Prospective Economic Advantage and Fraud are based on the Shuey Defendants' purported

10    breach of the Shuey Agreement, these causes of action sound in contract and not in tort.

11    Accordingly, Plaintiffs' claim for punitive damages is improper as a matter of law and must be

12    stricken from the SAC.

13    DATED: January 22, 2008                SEYFARTH SHAW LLP

14

15                                  By   /s/ Patty H. Lee

16                                      Michael T. McKeeman
Robin M. Cleary

17                                    Patty H. Lee

18                                    Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously

19                                    sued and served as TED SHUEY),
TGS GROUP, INC., AND THE SHUEY

20                                    AGENCY, INC.

21    SF1 28313174.1

22

23

24

25

26

27

28

11