1    CHARLES L. DEEM, Bar No. CA-110557
     BROOKE L. KILLIAN, Bar No. CA-239298
2    charles.deem@dlapiper.com
     DLA PIPER US LLP
3    401 B Street, Suite 1700
     San Diego, CA  92101-4297
4    Tel:  619.699.2700
     Fax:  619.699.2701
5
     Attorney for Defendants
6    ARMED FORCES BENEFIT ASSOCIATION and
     5STAR LIFE INSURANCE COMPANY
7

8                        UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10
     BRAD LOVESY and PACIFIC                  CASE NO.  C 07-2745 SBA
11   CONSOLIDATED INVESTMENTS,
     INC., a Nevada corporation,              **REPLY MEMORANDUM OF POINTS
12                                            AND AUTHORITIES IN SUPPORT OF
                    Plaintiff,                DEFENDANTS ARMED FORCES
13                                            BENEFIT ASSOCIATION AND 5STAR
          v.                                  LIFE INSURANCE COMPANY'S
14                                            MOTION TO DISMISS PLAINTIFF'S
     ARMED FORCES BENEFIT                     SECOND AMENDED COMPLAINT**
15   ASSOCIATION, THE 5STAR
     ASSOCIATION, 5 STAR FINANCIAL,           Date:        February 5, 2008
16   LLC, 5STAR FINANCIAL SERVICES            Time:        1:00 p.m.
     COMPANY, and 5STAR LIFE                  Courtroom: 3
17   INSURANCE COMPANY; TED SHUEY,            Judge:       Hon. Saundra B. Armstrong
     individually, doing business as THE
18   SHUEY AGENCY, INC., and TGS
     GROUP, INC.,
19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2            REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
332602-3                PLAINTIFFS' SECOND AMENDED COMPLAINT        CASE NO. C 07-2745 SBA

Defendants Armed Forces Benefit Association[1] and 5Star Life Insurance Company[2] (collectively "Defendants") submit the following reply memorandum of points and authorities in support of their motion to dismiss Plaintiffs Brad Lovesy ("Lovesy") and Pacific Consolidated Investments, Inc.'s (collectively, "Plaintiffs") Second Amended Complaint.

## I.    INTRODUCTION

The Court should grant Defendants' motion to dismiss because Plaintiffs' Second Amended Complaint is severely deficient and fails to state a cause of action for any claim upon which this Court may grant relief.  The Second Amended Complaint should be dismissed with respect to one defendant, Armed Forces Benefit Association, regardless of the sufficiency of Plaintiffs' allegations because it is not party to the underlying Agreements and is not an alter ego of the other defendants.  Additionally, Plaintiffs' allegations are insufficient with respect to both Armed Forces Benefit Association and 5Star Life Insurance Company.  Plaintiffs' claims under California's Unfair Competition Law ("UCL"), even if true, are not sufficient to allege that Defendants engaged in an unfair, unlawful, or fraudulent practice, or that Plaintiffs are entitled to any relief under the UCL.  Further, pursuant to the allegations in the Second Amended Complaint, Defendants did not breach any of the underlying contracts or deny Plaintiffs the benefits of those contracts.  Finally, Plaintiffs' claim for an accounting cannot stand in light of the failure of his other claims.

Defendants' move to dismiss all causes of action in the Second Amended Complaint against Armed Forces Benefit Association and 5Star Life Insurance Company.  To avoid repeating arguments previously set forth in Defendants' moving papers, Defendants' reply brief will focus on clarifying arguments made by Plaintiffs regarding their UCL and breach of contract claims and the impropriety of Armed Forces Benefit Association as a defendant.

---

[1] Defendant Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, the 5Star Association."

[2] Defendant 5Star Life Insurance Company was formerly known as AFBA Life Insurance Company.

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-1-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    **II.    THE COURT SHOULD DISMISS THE SECOND AMENDED COMPLAINT.**

2        **A.    Armed Forces Benefit Association Is Not the Alter Ego of Any Defendant and**

3    **Is Not a Party to the Contracts and, Therefore, Is Not a Proper Party to the Lawsuit.**

4        Armed Forces Benefit Association cannot be liable, as a matter of law, for any of the

5    causes of action in Plaintiffs' Second Amended Complaint.  Armed Forces Benefit Association is

6    not the alter ego of any defendant and is not party to any of the contracts underlying Plaintiffs'

7    causes of action.  As such, the Court should dismiss the Second Amended Complaint in its

8    entirety with respect to Armed Forces Benefit Association.

9        Plaintiffs' claims against Armed Forces Benefit Association are based on one of two

10    theories:  (1) Armed Forces Benefit Association is *indirectly* liable because it is the alter ego of

11    5Star Life Insurance Company, 5Star Financial LLC,[3] and/or the Shuey Defendants;[4]  and

12    (2) Armed Forces Benefit Association is *directly* liable because it is a party to the underlying

13    contracts.  As a matter of law, in order to state a cause of action against Armed Forces Benefit

14    Association, Plaintiffs must properly allege that Armed Forces Benefit Association is a party to

15    one or more of the underlying contracts or the alter ego of 5Star Life Insurance Company, 5Star

16    Financial LLC, and/or the Shuey Defendants.  Plaintiffs cannot do either.

17        First, as set forth fully in Defendants' motion to strike and reply memorandum of points

18    and authorities in support of the motion to strike, Plaintiffs' alter ego allegations are deficient and,

19    as a matter of law, cannot establish that Armed Forces Benefit Association is the alter ego of any

20    other defendant.

21        Second, Armed Forces Benefit Association is not a party to the underlying contracts.  The

22    only contracts asserted by Plaintiffs in the Second Amended Complaint are the Regional Sales

23    Director Agreement (as amended by the Compensation Addendum) (the "Director Agreement"),

24    the Field Service Representative Agreement (the "Representative Agreement"), and the

25    _____

26    [3] 5Star Financial LLC was erroneously sued herein as "5Star Financial LLC, 5Star Financial Services
        Company."

27

28    [4] The "Shuey Defendants" refers collectively to Defendants Ted Shuey, the Shuey Agency, Inc., and TGS
        Group, Inc.

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-2-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Memorandum of Understanding (collectively, the "Agreements").[5]  Armed Forces Benefit

2    Association did not sign any of the Agreements.  Rather, Plaintiffs would have this Court believe

3    that Armed Forces Benefit Association is a party to the Director Agreement solely by virtue of

4    the fact that 5Star Life Insurance Company's logo incorporates the acronym "AFBA."[6]

5    (Plaintiffs' Opp'n to Motion to Dismiss, at 2.)  Plaintiffs' argument runs afoul of basic contract

6    principles.

7            As a matter of law, Armed Forces Benefit Association is not deemed party to a contract

8    merely because its acronym appears within the four corners of the contract.  Rather, a contract is

9    only formed and entered into upon mutual consent of all parties to the contract.  Cal. Civ. Code

10   §§ 1550, 1565.  "[T]he outward *manifestation* or *expression* of consent is controlling."  1 Witkin,

11   Summary 10th (2005) Contracts, § 116, p. 155.  Armed Forces Benefit Association did not

12   express consent to the Director Agreement anywhere in its four corners.  (*See* Director

13   Agreement, generally, Declaration of Michael Kimo Wong in support of Motion to Dismiss and

14   Strike Portions of Plaintiff Brad Lovesy's First Amended Complaint, Ex. C.)  Further, in the

15   Second Amended Complaint, Plaintiffs do not assert that Armed Forces Benefit Association

16   orally manifested consent to any of the Agreements.  Accordingly, Armed Forces Benefit

17   Association is not a party to any of the contracts underlying Plaintiffs' causes of action and,

18   therefore, is not directly liable for any of Plaintiffs' claims.  *See* Cal. Civ. Code §§ 1550, 1565.

19   /////

20

21   _____

22   [5] Plaintiffs assert for the first time in their opposition papers that they have other evidence of a contractual
     relationship with Armed Forces Benefit Association.  The fact that such evidence may or may not exist
     must not be considered in connection with this motion to dismiss.  *Broam v. Bogan*, 320 F.3d 1023,

23   1026 n.2 (9th Cir. 2003) (in deciding a motion to dismiss, a court may not consider new facts raised in
     a plaintiff's opposition papers).

24

25   [6] Plaintiffs also include a host of other allegations in their opposition papers that relate to the relationship
     between Armed Forces Benefit Association and the other defendants.  For example, Plaintiffs argue
     that Armed Forces Benefit Association "is affiliated with," "does business under the name,"

26   "interrelate[s] to" and "inserted itself into the contractual relationship [between Lovesy and]" 5Star
     Life Insurance Company.  (Plaintiffs' Opp'n to Motion to Dismiss, at 2.)  These arguments play no role

27   in establishing whether Armed Forces Benefit Association is a *party* to the underlying agreements.
     Rather than addressing these arguments here, Defendants respond to the issue of alter ego liability in

28   the reply memorandum of points and authorities in support of the motion to strike.

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-3-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT     CASE NO. C 07-2745 SBA

1   As Plaintiffs have not stated a cause of action for which Armed Forces Benefit

2   Association could be held directly or indirectly liable, the Court should dismiss the Second

3   Amended Complaint as to Armed Forces Benefit Association.

4   **B.    As a Matter of Law, Defendants Did Not Violate the UCL.**

5   Considering only the facts contained in the Second Amended Complaint and underlying

6   Agreements,[7] Defendants cannot be liable under the UCL.  As a matter of law, Defendants have

7   not improperly limited Lovesy's ability to engage in his profession, have no responsibility to

8   process policies, and have not interfered with any commissions owed to Lovesy.

9   The Second Amended Complaint describes three theories under which Defendants

10  allegedly violated the UCL:  (1) Defendants allegedly required Lovesy to employ the Shuey

11  Defendants to process policies, as a condition of continuing his terminable at-will contracts; the

12  contract into which Lovesy and the Shuey Defendants entered prohibited Lovesy from selling

13  insurance products to members of the California National Guard other than those offered by

14  Defendants; (2) Defendants allegedly failed to process policies sales representatives, like Lovesy,

15  sold to the public; and (3) Defendants allegedly refused to pay Lovesy commissions, overrides,

16  and bonuses on sales made in the region purportedly assigned to him.  (SAC, at 18-19.)  As a

17  matter of law, none of these theories are sufficient to state a cause of action against Defendants.

18  Each will be discussed in turn.

19  **1.    Shuey Contract Limitation.**

20  As a matter of law, Defendants did not violate Section 16600 of the California Business &

21  Professions Code because Defendants are not a party to the contract, which allegedly limited

22  Lovesy's ability to engage in his profession.  Further, the contract provision at issue is proper.

23  ――――――――――――

24  [7] At various points in the opposing papers, Plaintiffs imply that the Court may not weigh facts in the Agreements and judicially noticed documents against the allegations in the Second Amended

25  Complaint, or that the Court must resolve any ambiguities in Plaintiffs' favor.  This is not true. Although any ambiguities *within the pages of the contract* may be resolved in Plaintiffs' favor, if the

26  Agreements or the judicially noticed documents contradict or fail to support any of Plaintiffs' allegations that are necessary to state a cause of action, the Court should dismiss the Second Amended

27  Complaint.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d

28  1119, 1127 (9th Cir. 2002).

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-4-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT     CASE NO. C 07-2745 SBA

1    The Second Amended Complaint alleges that Defendants required Plaintiffs to "enter into

2    an agreement with the Shuey Defendants."  (SAC, at ¶ 97.)  The "agreement presented by the

3    Shuey Defendants" prohibits Plaintiffs from selling to members of the California National Guard

4    products other than those offered by Defendants.  (*Id.*)  The Second Amended Complaint fails to

5    allege that Defendants were aware of the allegedly offensive provision or that they played any

6    role in ensuring that clause would be included in the Shuey Defendants' contract.  Plaintiffs do

7    not dispute this fact.  (Plaintiffs' Opp'n to Motion to Dismiss, at 13.)  Rather, Plaintiffs argue that

8    the Court can infer that Defendants had knowledge of the provision.  (*Id.*)

9    In deciding a motion to dismiss, the Court should not accept conclusory allegations as true

10    and should not assume that a plaintiff can prove facts different from those it has alleged.

11    *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993); *Assoc. Gen.*

12    *Contractors of Cal., Inc. v. Cal. State Council of Carpenters, Inc.*, 459 U.S. 519, 526 (1983).

13    Plaintiffs' conclusion is particularly unwarranted and unreasonable in this case as 5Star Life

14    Insurance Company had an opportunity to include a provision like the one at issue in its own

15    contracts, but did not do so.  (*See* Director Agreement, generally; Representative Agreement,

16    generally.)  In is unreasonable to infer from the facts alleged in the Second Amended Complaint

17    that Defendants conspired with the Shuey Defendants to include a contract provision in the

18    Memorandum of Understanding that Defendants could have included in their own contracts with

19    Plaintiffs.  The Court should not imply facts and conclusions into the complaint that are not there.

20    *Assoc. Gen. Contractors*, 459 U.S. at 526.

21    Plaintiffs' failure to allege knowledge is fatal to their UCL cause of action against

22    Defendants.  Defendants are not signatories to the Shuey Defendants' contract.  (*See*

23    Memorandum of Understanding, generally.)  Therefore, Defendants cannot be held liable under

24    the UCL unless Plaintiffs alleged that Defendants knowingly participated in an unfair practice

25    undertaken by the Shuey Defendants.  A defendant is liable for a violation of the UCL only if he

26    personally participated in and had "unbridled control" over the unlawful practice.  *Emery v. Visa*

27    *Int'l Serv. Ass'n*, 95 Cal. App. 4th 952, 960 (2002).  Plaintiffs' Second Amended Complaint fails

28    to assert that Defendants personally participated in the drafting of the contract containing the

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-5-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    provision, the negotiations related to that contract, or the decision by Plaintiffs to sign the

2    contract. Accordingly, Plaintiffs' UCL claim, as alleged, is insufficient to state a cause of action,

3    and should be dismissed with respect to Defendants.

4        Moreover, the provision at issue is lawful. To violate Section 16600, a contract must

5    "entirely preclude []" a person from engaging in his trade. *Gen. Comm. Packaging v. TPS*

6    *Package*, 126 F.3d 1131, 1133 (9th Cir. 1997). That is, the contract must "***effectively destroy the***

7    ***signatory's ability to conduct a trade or business***." *Id.* (emphasis added). Plaintiffs allege that

8    the provision "purported to inhibit" Plaintiffs from doing business with a substantial portion of

9    the market. (SAC, at 18.) This conclusory allegation is insufficient. A contract does not violate

10   Section 16600 merely because it places portions of the market off limits; rather, the test is

11   whether the plaintiff ***was effectively unable to participate in his profession*** because of the

12   restrictions. *See id.* (a contract that places a substantial segment of the market off limits *may* –

13   but does not invariably – destroy a signatory's ability to engage in his profession). Plaintiffs do

14   not contend they were "effectively unable" to engage in or "entirely precluded" from participating

15   in their profession.[8] Thus, as a matter of law, the contract provision does not violate

16   Section 16600 or, by extension, the UCL.

17              **2.    Failure to Process Policies.**

18       Plaintiffs' second claim for relief under the UCL must fail because Defendants had no

19   duty to process policies and did not process policies unfairly. In their opposing papers, Plaintiffs

20   cite no facts from the Second Amended Complaint tending to show that Defendants processed

21   any payments unfairly. All of the facts cited by Plaintiffs in their opposition papers are being

22   raised for the first time in connection with this motion, and may not be considered by the Court.

23   (*See* Plaintiffs' Opp'n to Motion to Dismiss, at 16); *Broam*, 320 F.3d at 1026 n.2.

24   _____

25   [8] Nor should the Court infer from any allegations in the Complaint that Plaintiffs were "entirely precluded"
         from engaging in their profession as Plaintiffs have made contrary representations to this Court. In the
26       CMC Statement, Lovesy claims to have made $516,000 annually by selling Defendants' life insurance
         products, indicating he was not "effectively precluded" from engaging in his profession. Defendants
27       do not ask the Court to accept the truth of Plaintiffs' statements in the CMC Statement. However, any
         inferences the Court could make from the allegations in the Second Amended Complaint that contradict
28       Plaintiffs' allegations in the CMC Statement are unwarranted.

DLA PIPER US LLP
   SAN DIEGO

SD\1780227.2
332602-3

-6-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT          CASE NO. C 07-2745 SBA

1    Defendants can be liable under the UCL only if they personally participated in the

2    unlawful conduct. *Emery*, 95 Cal. App. 4th 952. To the contrary, the Second Amended

3    Complaint clearly states that Lovesy operated "smoothly and profitably" prior to 2004 (while

4    Defendants were purportedly processing payments), until the Shuey Defendants "took over the

5    processing of payments." (SAC, at ¶¶ 25-29.) Accordingly, Defendants cannot, as a matter of

6    law, be liable under the UCL with respect to Plaintiffs' failure to process policies theory.

7              **3.      Interference with Income from the Assigned Region.**

8    Plaintiffs' third theory of relief under the UCL also fails as a matter of law because, based

9    on the Agreements and the facts in the Second Amended Complaint, Plaintiffs have no right to

10    commissions in the region purportedly assigned to Lovesy. The allegations regarding exclusivity

11    in the Second Amended Complaint are contracted by the Agreements. Further, Plaintiffs may not

12    use parol evidence to defend against a motion to dismiss.

13    In the Second Amended Complaint, Plaintiffs make vague claims that Lovesy was entitled

14    to sell Defendants' insurance products exclusively in five states. These vague claims must be

15    viewed in light of the unambiguous Agreements. For example, in the Second Amended

16    Complaint, Plaintiffs allege that, "[u]nder the September 10, 2001 Regional Sales Director

17    Agreement," Lovesy was entitled to serve as regional director in the States of Arizona, California,

18    Nevada, New Mexico, and Utah. (SAC, at ¶ 20.) This allegation is clearly contradicted by the

19    very agreement referenced by Plaintiffs, which does not grant Lovesy permission to operate in

20    *any* particular state (much less to act exclusively in five states). (*See* Director Agreement,

21    generally.) Further, the Director Agreement, incorporated into the Second Amended Complaint

22    by reference, entitled Lovesy to overrides on business produced only by the field service

23    representatives *recruited by or assigned to* Lovesy, which implies that other directors would earn

24    overrides on field service representatives recruited by or assigned to someone other than Lovesy.

25    (Director Agreement, at ¶ I.) The Court should not accept Lovesy's improper conclusions

26    regarding exclusivity in light of these statements contradicting exclusivity.

27    Further, Plaintiffs' parol evidence cannot save the deficient complaint. Plaintiffs claim

28    they are entitled to demonstrate exclusivity through parol evidence. Plaintiffs fail to reference

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-7-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    this purported parol evidence in the Second Amended Complaint.  Even if parol evidence might

2    demonstrate the existence of an exclusivity agreement, Plaintiffs must provide Defendants with

3    notice of the fact of the agreement.  Without providing these facts, Plaintiffs skirt a motion to

4    dismiss by reference to phantom parol evidence.  The Ninth Circuit has expressed distaste for

5    such tactics, which allow Plaintiffs to deliberately omit references to documents upon which their

6    claims are based, in order to withstand a motion to dismiss.  *Parrino v. FHP, Inc.*, 146 F.3d 699,

7    706 (1998).  As exclusivity in the alleged assigned region is a key element in most of Plaintiffs'

8    causes of action, it is essential that Plaintiffs allege in the Second Amended Complaint the basis

9    for their purported right to operate in any region exclusively.  *See id.*

10    Based on the facts alleged in the Second Amended Complaint, Plaintiffs cannot state a

11    cause of action under the UCL.  Accordingly, Plaintiffs' UCL claim should be dismissed.

12    **C.      Plaintiffs Are Entitled to No Relief Under The UCL.**

13    Even if Plaintiffs could properly state a claim under the UCL, they are not entitled to any

14    of the relief that they seek.  Despite conceding the opposite in their opposition to Defendants'

15    motion to strike, Plaintiffs' appear to claim, in a heading in their opposition papers, they have a

16    right to seek "damages" under the UCL.  (Plaintiffs' Opp'n to Motion to Dismiss, at 16.)  Without

17    question, damages are not available under the UCL.  *Bank of the West v. Superior Court*, 2 Cal.

18    4th 1254, 1266 (1992).  Further, Plaintiffs have not set forth in the Second Amended Complaint

19    (nor have they asserted in their opposition papers) any cognizable theory under which they may

20    seek a constructive trust under the UCL.  As set forth more fully in Defendants' motion to strike,

21    Plaintiffs' prayer is for a constructive trust is nothing more than an impermissible request for non-

22    restitutionary disgorgement.  As Plaintiffs failed to assert facts sufficient to establish a right to

23    relief under the UCL, the Court should dismiss Plaintiffs' UCL cause of action.

24    **D.      Plaintiffs' Fail to Allege Facts Supporting the Element of Breach in Their**

25    **Contract Claim.**

26    Plaintiffs failed to allege any facts, not contradicted by the Agreements, suggesting that

27    any of the Agreements was breached.  As such, the Court should dismiss the breach of contract

28    claim.

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-8-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT      CASE NO. C 07-2745 SBA

1    Breach is an essential element of any breach of contract action. *Careau & Co. v. Sec.*

2    *Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1388 (1990). Plaintiffs allege that Defendants

3    breached the Agreements by refusing to pay various commissions, bonuses, and overrides

4    purportedly owed to Lovesy. Specifically, Plaintiffs claim an entitlement to commissions that

5    Lovesy would have earned (1) selling products offered by Defendants' competitors, (2) selling

6    products in the assigned region, and (3) selling products under the Agreements had Defendants

7    not terminated the Agreements. However, based on the facts alleged in the Second Amended

8    Complaint, Plaintiffs were not entitled to any of these commissions, bonuses, and overrides and

9    therefore, Defendants could not have breached the Agreements by failing to pay them.

10    As has been argued at length, Lovesy was not impermissibly restrained from selling

11    products offered by Defendants' competitors, and was not entitled to sell products exclusively in

12    the alleged assigned region. As such, Defendants, as a matter of law, did not breach the

13    Agreements by purportedly failing to pay these commissions. Further, as set forth in Defendants'

14    moving papers, Defendants' alleged termination[9] of the Agreements was proper, and therefore,

15    Defendants do not owe Plaintiffs any commissions for sales Lovesy may have made but for the

16    proper termination of the Agreements. Thus, none of Defendants' alleged actions in connection

17    with the Agreements breached any obligation owed to Plaintiffs under those Agreements. As a

18    matter of law, Plaintiffs' breach of contract cause of action cannot withstand the motion to

19    dismiss.

20    **III.    DISMISSAL WITH PREJUDICE IS APPROPRIATE**

21    Defendants seek dismissal without leave to amend. Defendants recognize that leave to

22    amend is generally granted with respect to a first motion to dismiss. However, this is not the first

23    motion to dismiss. To the contrary, Defendants have previously prepared three motions to

24    dismiss and have met and conferred with Plaintiffs, often in writing, on at least four occasions.

25    Indeed, in the motion to strike, ***Plaintiffs seek to amend the complaint yet again, but the***

26

27

28

[9] As Armed Forces Benefit Association was not party to any of the Agreements, it did not terminate any of the Agreements.

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-9-

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    *proposed amendment still fails to cure the deficiencies plainly outlined in the motion to strike*.

2    (*See* Defendants' Reply in Support of Motion to Strike, at 9-10.)  The Court has broad discretion

3    to deny leave to amend where a plaintiff has previously amended the complaint.  *See Allen v. City*

4    *of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  The Court should exercise this discretion

5    here, where Plaintiffs have had ample opportunity to amend, and have refused to do so.

6                               **IV.     CONCLUSION**

7            Defendants request that the Court grant their motion to dismiss Plaintiffs' Second

8    Amended Complaint for failure to state a cause of action for which relief may be granted.

9    Defendant Armed Forces Benefit Association is improperly named as a defendant in the Second

10   Amended Complaint as it is not a party to any of the underlying contracts and is not the alter ego

11   of any defendant.  Further, Plaintiffs' UCL cause of action is insufficient because none of

12   Defendants' alleged actions constitute an unfair, unlawful, or fraudulent practice.  Defendants

13   cannot be held liable for actions in which they did not participate.  Even if Plaintiffs could state a

14   claim under the UCL, they are not entitled to any of the relief they request.

15           Plaintiffs' breach of contract claims must fail because Plaintiffs' allegations do not

16   establish that a breach occurred.  Similarly, Plaintiffs fail to establish that Defendants attempted,

17   in bad faith, to deny Plaintiffs any of the benefits of the Agreements.  Finally, Plaintiffs'

18   accounting claim cannot stand alone, and therefore, must be dismissed.  Dismissal with prejudice

19   is appropriate, as Plaintiffs have filed three complaints and a motion to amend portions of the

20   third complaint, all of which have been wholly deficient.  For these reasons, Defendants

21   respectfully request that the Court grant their motion to dismiss with prejudice.

22   Dated:  January 22, 2008

23                               DLA PIPER US LLP

24                               By ___/s/ Charles L. Deem_____

25                                  CHARLES L. DEEM
                                   Attorneys for Defendants
26                                  ARMED FORCES BENEFIT ASSOCIATION
                                   and 5STAR LIFE INSURANCE COMPANY

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1780227.2
332602-3

-10-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO DISMISS
PLAINTIFFS' SECOND AMENDED COMPLAINT     CASE NO. C 07-2745 SBA