1 | CHARLES L. DEEM, Bar No. CA-110557
  | BROOKE L. KILLIAN, Bar No. CA-239298
2 | charles.deem@dlapiper.com
  | DLA PIPER US LLP
3 | 401 B Street, Suite 1700
  | San Diego, CA  92101-4297
4 | Tel:  619.699.2700
  | Fax:  619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., | CASE NO.  C 07-2745 SBA<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:         February 5, 2008<br>Time:        1:00 p.m.<br>Courtroom: 3<br>Judge:       Hon. Saundra B. Armstrong |

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND
MOTION FOR A MORE DEFINITE STATEMENT            CASE NO. C 07-2745 SBA

Defendants Armed Forces Benefit Association[1] and 5Star Life Insurance Company[2] (collectively "Defendants"), submit the following reply memorandum of points and authorities in support of their motion to strike and for a more definite statement regarding portions of Plaintiffs Brad Lovesy ("Lovesy") and Pacific Consolidated Investments, Inc.'s (collectively, "Plaintiffs") Second Amended Complaint.

## I. INTRODUCTION

The Court should grant Defendants' motion to strike because Plaintiffs' allegations regarding alter ego liability and requests for relief to which they are not entitled are impertinent and immaterial to the litigation. Defendants are not the alter egos of co-defendants Ted Shuey, the Shuey Agency, Inc., TGS Group, Inc. (collectively, the "Shuey Defendants"), or 5Star Financial LLC, nor are they alter egos of one another. Defendants have not abused the corporate forms of any other defendant. Additionally, Plaintiffs are not entitled to a constructive trust because Defendants are not in possession, and never have been in possession, of any funds to which Lovesy has a vested interest. Finally, the parties agree that Plaintiffs are not entitled to damages under the UCL or attorneys fees in connection with their contract claims. Accordingly, Defendants' motion to strike should be granted with respect to these impertinent and immaterial allegations.

Defendants' motion to strike focused on three basic arguments: (1) Plaintiffs' alter ego allegations are insufficient to establish alter ego liability; (2) Plaintiffs improperly seek non-restitutionary disgorgement in connection with their unfair competition law ("UCL") claim; and (3) Plaintiffs' prayer for damages under the UCL and attorneys' fees in connection with their contract claims is improper. Plaintiffs concede they are not entitled to damages under the UCL or attorneys' fees in connection with their contract claims and request that the Court grant leave to amend the Second Amended Complaint to cure these deficiencies. Defendants request that the

---

[1] Defendant Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, the 5Star Association."

[2] Defendant 5Star Life Insurance Company was formerly known as AFBA Life Insurance Company.

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-1-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND
MOTION FOR A MORE DEFINITE STATEMENT       CASE NO. C 07-2745 SBA

1  Court grant its motion to strike in their entirety paragraphs 7, 12, 102, and 103, and lines 15 and
2  22 of page 20, and line 7 of page 22 of the Second Amended Complaint. Further, Defendants ask
3  the Court to deny Plaintiffs request to amend their prayer for relief in the Second Amended
4  Complaint, absent a properly noticed motion.

## II. THE COURT SHOULD GRANT DEFENDANTS MOTION TO STRIKE.

### A. Lovesy's Alter Ego Allegations Cannot, As a Matter of Law, Establish Alter Ego Liability and, Therefore, Are Impertinent and Immaterial to the SAC.

Defendants' corporate forms cannot be disregarded, as a matter of law, even assuming all of the facts in the Second Amended Complaint are true. No injustice would result from respecting the corporate forms of Defendants, 5Star Financial LLC, and the Shuey Defendants. Further, no unity of interest exists between Defendants and the Shuey Defendants. As such, the alter ego allegations contained in Paragraphs 7 and 12 of the Second Amended Complaint should be stricken as immaterial and impertinent to the litigation.

In order to survive a motion to strike, Plaintiffs' allegation must bear some relevance to the issues involved in the lawsuit. *Colaprico v. Sun Microsystems,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). That is, the allegations must not be immaterial or impertinent to the litigation. Fed. R. Civ. Proc. 12(f). Plaintiffs' allegations that Defendants are alter egos of the other defendants are only relevant to establish that Defendants are liable for the actions of the other defendants. If Plaintiffs' allegations pertaining to alter ego liability are insufficient as a matter of law to establish alter ego liability, then they are immaterial and impertinent to the litigation and should be stricken. *See* Fed. R. Civ. Proc. 12(f). Indeed, Plaintiffs' allegations are insufficient to establish alter ego liability and are subject to this motion to strike.[3]

In California, a plaintiff must allege two facts in order to withstand dismissal of alter ego allegations. First, the plaintiff must allege one corporation has such a unity of interest with and

---

[3] Plaintiffs' opposition papers attempt to underplay Plaintiffs' responsibility to investigate the allegations in the Second Amended Complaint. Rule 11 of the Federal Rules of Civil Procedure plainly imposes on Plaintiffs a duty to perform a reasonable investigation of those allegations. Fed. R. Civ. Proc. 11. While Defendants question the reasonableness of Plaintiffs' investigation, Defendants do not ask the Court to evaluate Plaintiffs lack of investigation in connection with this motion.

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-2-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT     CASE NO. C 07-2745 SBA

ownership of another that the individuality and separateness of the corporations have ceased. Second, the plaintiff must allege that adherence to the fiction of the separate existence of the corporations would, under the circumstances of the *particular case*, sanction a fraud and promote injustice. *Assoc. Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 837 (1962); *Trans-World Int'l v. Smith-Hemion Prods.*, 972 F. Supp. 1275, 1294 (C.D. Cal. 1997).

### 1. Injustice Would Not Result from Recognition of Defendants' and 5Star Financial LLC's Corporate Forms.

No injustice would result from respecting the independent corporate forms of Armed Forces Benefit Association, 5Star Life Insurance Company, and 5Star Financial, LLC.[4] Plaintiffs' failure to assert a resulting injustice sufficient to establish alter ego liability is fatal to their claims of alter ego liability.

Although Defendants disagree with Plaintiffs' unity of interest allegations, Defendants' motion is based on Plaintiffs' failure to allege facts sufficient meet the second element of the alter ego liability test: resulting injustice. *Assoc. Vendors, Inc.*, 210 Cal. App. at 837. The only allegation in the Second Amended Complaint that speaks to resulting injustice is as follows: "Plaintiffs are informed and believe and upon that basis allege that honoring the corporate form of Defendants [Armed Forces Benefit Association, 5Star Financial, LLC and 5Star Life Insurance Company] would perpetrate a fraud upon the creditors of [the same], including Mr. Lovesy." (SAC, at ¶ 7.) In their opposing papers, Plaintiffs clarify that the "creditors" of Defendants include Mr. Lovesy and the public. (Plaintiffs' Opp'n to Motion to Strike, at 3.) Plaintiffs fail to state the nature of the injustice that would result to Mr. Lovesy and the public by this Court's failure to disregard the separate corporate entities of Defendants.

Further, the Second Amended Complaint broadly characterizes the injustice to Mr. Lovesy and the public as "fraud upon the *creditors* of Defendants." (SAC, at ¶ 7 (emphasis added).) The fact that creditors may remain unsatisfied if the Court were to decline to disregard Defendants'

---

[4] 5Star Financial LLC was erroneously named herein as "5Star Financial LLC, 5Star Financial Services Company."

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-3-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT          CASE NO. C 07-2745 SBA

corporate forms is insufficient, as a matter of law, to meet the resulting injustice requirement of alter ego liability. *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d 405, 412 (1971); *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842. "The purpose of the doctrine is not to protect every unsatisfied creditor, but rather to afford him protection, where some conduct amounting to bad faith makes it inequitable … for the equitable owner of a corporation to hide behind its corporate veil." *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842. Plaintiffs' resulting injustice allegations are deficient as a matter of law.[5]

Based on the facts contained in the Second Amended Complaint, Defendants simply do not have fair notice of the nature of the injustice purportedly suffered by Plaintiffs and the public as a result of respecting Defendants' corporate form. Even accepting each fact in the Second Amended Complaint as true, Plaintiffs cannot establish that alter ego liability should be imposed on Defendants, as Plaintiffs have not alleged any resulting injustice recognized by California law. Defendants cannot even begin to defend against these charges without further elucidation. As Plaintiffs' pleading cannot, as a matter of law, support a claim for alter ego liability, the alter ego allegations in Paragraph 7 are immaterial and impertinent to the complaint and should be stricken.

---

[5] In their opposition to Defendants' motion to dismiss, Plaintiffs cite this Court's decision in *Dion LLC v. Infotek Wireless, Inc.*, 2007 U.S. Dist. LEXIS 83980 (N.D. Cal. Oct. 30, 2007) in support of their alter ego allegations. *Dion* is distinguishable from the instant case. In *Dion*, the plaintiff alleged the following resulting injustices: (1) the defendant companies *misled* plaintiff regarding the businesses with whom he was contracting and did not assert a distinction until litigation ensued; and (2) one of the defendant companies was insolvent and, *prior to the filing of the complaint*, asserted its corporate form to protect the other from liability. *Id.* at 10-11 n.3. The Court held that plaintiff's allegation that he lost money as a result of the "allegedly insolvent sister corporation" satisfied the resulting inequity requirement. In other words, the Court found that the allegations demonstrated that one defendant abused the corporate form of another. The instant case must be distinguished. Plaintiffs in this action have not alleged that they will be unable to recover money purportedly owed to them due to the insolvency of one of the Defendants, nor that one entity abused the corporate form of another. Further, in *Dion*, the defendant failed to argue, and consequently the Court did not consider, California's rule that mere failure to satisfy a creditor is not sufficient, as a matter of law, to meet the resulting injustice requirement of alter ego liability. *Roman Catholic Archbishop v. Superior Court*, 15 Cal. App. 3d at 412; *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 842. Here, Plaintiffs cannot meet the resulting injustice requirement of the alter ego test, which requires Plaintiffs to allege facts beyond mere failure to satisfy a creditor.

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-4-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT          CASE NO. C 07-2745 SBA

**2. The Alter Ego Allegations Related to the Shuey Defendants Fail Both Factors in the Two-Prong Alter Ego Test.**

As a matter of law, Defendants have no unity of interest with the Shuey Defendants and no injustice would result from recognition of the corporation forms of these entities. As Plaintiffs' alter ego allegations regarding Defendants and the Shuey Defendants are insufficient to establish either prong of the alter ego liability test, the alter ego allegations should be dismissed.

First, Defendants do not share a unity of interest with the Shuey Defendants. California courts look to a variety of factors in determining whether a unity of interest exists among two corporate entities, including (among other factors), commingling of funds and assets, unauthorized diversion of corporate funds or assets, the confusion of the records of the separate entities, the identical equitable ownership in the two entities, the use of the same office or business location, and the employment of the same employees and/or attorney. *Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 838-40. Plaintiffs fail to allege any of these factors. Rather, Plaintiffs summarily allege that Defendants are the agents and alter egos of the Shuey Defendants, and that each acted with the consent of the other. (SAC, at ¶ 12.) This is egregiously deficient. *See Assoc. Vendors, Inc.*, 210 Cal. App. 2d at 838-40 (listing factors sufficient to establish unity of interest); *Official Comm. of Unsecured Creditors of Sunbeam Corp. v. Morgan Stanley & Co.*, 284 B.R. 355, 366 (S.D.N.Y. Bankr. 2002) (must allege specific examples); *In re iPCS, Inc.*, 297 B.R. 283, 294-95 (N.D. Ga. Bankr. 2003) (specific factors must be asserted). Plaintiffs fail to allege facts sufficient under the first prong of the alter ego test and, for this reason alone, Defendants motion to strike should be granted.

Second, Plaintiffs' Second Amended Complaint makes no attempt to allege that injustice would result from failing to disregard the corporate entities of Defendants and the Shuey Defendants. (*See* SAC, at ¶ 12, and generally.)

Accordingly, even assuming all the facts in the Second Amended Complaint to be true, Plaintiffs cannot establish alter ego liability among Defendants and the Shuey Defendants because they fail to assert facts sufficient to meet both prongs of the two-part alter ego liability test. Thus, the alter ego allegations should be stricken as immaterial and impertinent.

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-5-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT     CASE NO. C 07-2745 SBA

**B.    A Constructive Trust Is Inappropriate Because Defendants Have Not Been Unjustly Enriched by Funds to Which Lovesy Has a Vested Interest.**

Plaintiffs are not entitled to a constructive trust because Defendants are not in possession of (and never have been in possession of) money in which Lovesy has a vested interest. Defendants have not profited from the commissions Plaintiffs purportedly lost from selling products offered from a competitor, such as Colorado Banker, or products that were eventually sold by another 5Star Life Insurance Company sales representative who received a commission. Defendants have not profited from policies and premiums that were not properly processed. Further, Lovesy has no vested interest in unrealized commissions and money purportedly owed to the public. For these reasons, Defendants ask the Court to dismiss Plaintiffs' request for imposition of a constructive trust.

Based on the SAC and opposing papers, Defendants ascertain three theories under which Plaintiffs claim entitlement to a constructive trust:[6] (1) Plaintiffs claim an interest in commissions Lovesy may have earned selling Colorado Banker products or selling Armed Forces Benefit Association products in the purported assigned region; (2) Plaintiffs claim an interest in commissions Lovesy may have earned had Defendants processed policies according to his standards; and (3) Plaintiffs claims an interest in money allegedly owed to the public. (Plaintiffs' Opp'n to Motion to Strike, at 7-9.) As a matter of law, none of Plaintiffs' theories of constructive trust can succeed because Defendants are not in possession of any funds in which Plaintiffs have a vested interest. Each of Plaintiffs' theories will be addressed in turn.

**1.    Lovesy Has No Vested Interest in Future Commissions.**

Plaintiffs are not entitled to future commissions Lovesy allegedly may have earned but for Defendants' conduct. Plaintiffs claim an entitlement to future commissions on Lovesy's sales of Colorado Banker products and sales in the region purportedly assigned to Lovesy. (Plaintiffs'

---

[6] The fact that Defendants could not guess the theories under which Plaintiffs seek a constructive trust based on the Second Amended Complaint alone, and are therefore addressing some of these theories for the first time in their Reply Brief, supports the fact that the Second Amended Complaint is simply too vague and ambiguous and does not provide Defendants fair notice of Plaintiffs' claims.

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-6-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND
MOTION FOR A MORE DEFINITE STATEMENT    CASE NO. C 07-2745 SBA

1  Opp'n to Motion to Strike, at 7-9.)  Even assuming, *arguendo*, the region was assigned to Lovesy,
2  a constructive trust is not appropriate.
3      A constructive trust is permissible in connection with a cause of action under the UCL
4  only if the defendants are in possession of money or property (1) that the defendants took directly
5  from the plaintiff or (2) in which the plaintiff has a vested interest.  *Korea Supply Co. v. Lockheed*
6  *Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003).  Plaintiffs do not contend that Defendants took
7  money directly from Lovesy; rather, Plaintiffs' allegations are based on a theory that Lovesy has
8  a vested interest in funds in Defendants' possession.
9      A "vested interest" is one that is unconditional, absolute, and not contingent.  *Nat'l Rural*
10 *Tel. Co-op v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1080 (C.D. Cal. 2003).  A contingent
11 interest is dependent upon an uncertain future event.  *Id.*
12     Lovesy's interest in the lost commissions is a *future* interest, dependent on his actual sale
13 of commissions.  Lovesy claims an interest in the commissions he *would have made* had others
14 not impeded on his purported assigned region[7] and the commissions he *would have made* on
15 Colorado Banker products had Defendants not allegedly restrained his trade.  (Plaintiffs' Opp'n to
16 Motion to Strike, at 7-8.)  Lovesy's interests in future commissions is not unconditional and
17 absolute; rather, Lovesy's interest is contingent on future events, namely, the completion of sales
18 for which a commission is owed.  Lovesy's interest in future, unrealized commissions is not a
19 vested interest.  *See Vikco Ins. Servs., Inc.*, 70 Cal. App. 4th at 67 (characterizing commissions
20 not yet earned by Plaintiff as "unrealized" and denying recovery for unrealized commissions
21 under the UCL because "The [UCL] simply does not provide a means for recovery of such
22 damages"); *Nat'l Rural Tel. Co-op*, 319 F. Supp. 2d at 1080.  Accordingly, Plaintiffs are not
23 entitled to a constructive trust for Lovesy's unrealized commissions.

---

[7] Plaintiffs claim an interest in commissions paid to other sales representatives for sales made in the regions purportedly assigned to Lovesy.  (Plaintiffs' Opp'n to Motion to Strike, at 7.)  As Lovesy never earned commissions paid to other sales representatives, Lovesy cannot be certain that he would have made the same commissions in those regions.  Lovesy's interest is a future, contingent interest.  *See Nat'l Rural Tel. Co-op*, 319 F. Supp. 2d at 1080.  Moreover, according to Plaintiffs, Defendants paid these commissions to *other individuals*.  Therefore, Defendants were not unjustly enriched.  A constructive trust related to these commissions is improper.  *See* Restatement (First) Restitution, § 160.

DLA PIPER US LLP
SAN DIEGO

-7-
SD\1779867.1
332602-3

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND
MOTION FOR A MORE DEFINITE STATEMENT    CASE NO. C 07-2745 SBA

**2.   A Constructive Trust Cannot Be Established over Funds Not Received Due to Defendants Purported Failure to Process Policies.**

Defendants have retained no funds as a result policies that were not processed and therefore, Plaintiffs have no entitlement to a constructive trust. Plaintiffs claim Defendants are unjustly enriched by the income they withheld from Lovesy when policies he sold were not properly processed. A fundamental prerequisite to establishing a constructive trust is a showing that the defendant was unjustly enriched by maintaining possession of money owed to the plaintiff. Restatement (First) Restitution, § 160; *Pac. Lumber Co. v. Superior Court*, 226 Cal. App. 3d 371, 429 (1990) (Defendant must have *acquired* the property by the wrongful act). Accepting Plaintiffs' allegations as true, if Defendants failed and refused to process insurance policies, then Defendants did not receive money for the policy, a portion of which purportedly should go to pay Lovesy's commission. As Defendants were never in possession of the commission, they were not unjustly enriched, and a constructive trust is inappropriate. *See* Restatement (First) Restitution, § 160; *Pac. Lumber Co.*, 226 Cal. App. 3d at 429.

**3.   Plaintiffs Cannot Establish a Constructive Trust on Behalf of the Public.**

Plaintiffs claim for the first time in their Opposition that they are entitled to a constructive trust on behalf of the public. This claim should be rejected. As an initial matter, Plaintiffs may not raise new facts in their opposition papers. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (court may not consider facts raised for the first time in plaintiff's opposition for the purpose of a Rule 12(b)(6) motion to dismiss, but may consider such facts in deciding whether to grant leave to amend). In the SAC, Plaintiffs claim that Defendants are in possession of funds owed to Plaintiffs, *but make no allegation that Defendants are in possession of the public's funds*. (*See* SAC at ¶¶ 101-103.) In arguing for the first time in its opposition papers that they are seeking relief on behalf of the public, Plaintiffs attempt to turn this action into a representative or class action under the UCL. This is plainly impermissible and fundamentally unfair to Defendants. *See id.* As Plaintiffs' claim for a constructive trust on behalf of the public is based on new facts the Court may not consider, the Court should ignore these new allegations.

Further, even if properly requested, Plaintiffs cannot, as a matter of law, recover a constructive trust on behalf of the public. Plaintiffs have no interest whatsoever in funds purportedly owed to the public, and therefore, cannot establish a right to constructive trust under the test enumerated by *Korea Supply*. *See Korea Supply Co.*, 29 Cal. 4th at 1146-47.

None of Plaintiffs' three theories of constructive trust pass muster under *Korea Supply* and the fundamental principals of restitutionary relief. As Plaintiffs have failed to state facts adequate to support imposition of a constructive trust, Plaintiffs' prayer seeking a constructive trust should be stricken. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

### III. THE COURT SHOULD DENY PLAINTIFFS' MOTION TO AMEND

Despite at least two attempts to meet and confer with respect to the Second Amended Complaint's prayer for damages, Plaintiffs only now concede that additional amendments to the Second Amended Complaint's prayer for damages are necessary.

Defendants urge the Court to deny Plaintiffs' request to amend portions of the Complaint for two reasons. First, there is no precedent for a party to request the partial amendment of a complaint in opposing a motion to dismiss. Procedural rules require that Plaintiffs' request for an order from this Court be made through a properly noticed motion. N.D. Cal. Civ. L-R 7-1(a). Plaintiffs' "motion to amend," couched in their opposition papers, is nothing more than a veiled request to file a Third Amended Complaint without giving Defendants sufficient time to respond to the new allegations. (Notably, Plaintiffs do not merely amend the defects in the prayer; they add a claim for attorneys' fees in connection with their UCL claim.)

Second, and more importantly, Plaintiffs' proposed amendments are improper and subject to another motion to strike. With respect to their UCL Cause of Action, Plaintiffs request disgorgement. As is plainly set forth in Defendants' motion to strike, *Plaintiffs may not recover for non-restitutionary disgorgement under the UCL. Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003). Plaintiffs' renewed request for disgorgement, this time more blatant than the last request, is subject to a motion to strike. *Bureerong*, 922 F. Supp. at 1478 (a motion to strike may be used to strike any part of the prayer for relief when the relief sought is not recoverable as a matter of law). Further, by virtue of the proposed amendment,

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-9-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT   CASE NO. C 07-2745 SBA

1 Plaintiffs now request attorneys' fees in connection with their UCL cause of action. Attorneys' fees are not specifically recoverable in UCL actions. *Cel-Tech Comm'ncs, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999). Plaintiffs have set forth no special facts that would entitle them to recover attorneys' fees in connection with their UCL cause of action

Plaintiffs' proposed amendment is procedurally defective and does not cure the deficiencies outlined in Defendants' motion to strike. Defendants request that the Court deny Plaintiffs' request. Alternatively, if the Court is inclined to grant Plaintiffs' motion, Defendants request leave to file a responsive pleading, pursuant to Federal Rule of Civil Procedure 12, that fully briefs the defects in Plaintiffs' proposed amendments.

## IV.   CONCLUSION.

Defendants request that the Court grant their motion to strike because Plaintiffs' alter ego allegations and request for imposition of a constructive trust are insufficient to establish or support any claim for relief in the Second Amended Complaint. Such allegations, therefore, are immaterial and impertinent. The parties agree that Plaintiffs' request for damages under the UCL and attorneys' fees in connection with the contract claims are impermissible and subject to the motion to strike. For these reasons, Defendants request that the Court strike in their entirety paragraphs 7, 12, 102, and 103, and lines 15 and 22 of page 20, and line 7 of page 22 of the Second Amended Complaint. As Defendants cannot reasonably be expected to formulate a response to the Second Amended Complaint as stricken, Defendants ask the Court to grant their motion for a more definite statement with respect to all joint references to "AFBA/5Star" in the Second Amended Complaint. Finally, Defendants urge the Court to deny Plaintiffs' motion to amend the Second Amended Complaint as procedurally improper and substantively insufficient.

Dated: January 22, 2008

DLA PIPER US LLP

By  /s/ Charles L. Deem
CHARLES L. DEEM
Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY

DLA PIPER US LLP
SAN DIEGO

SD\1779867.1
332602-3

-10-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND
MOTION FOR A MORE DEFINITE STATEMENT   CASE NO. C 07-2745 SBA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DLA Piper US LLP
San Diego

SD\1779867.1
332602-3

-11-
REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR'S MOTION TO STRIKE AND MOTION FOR A MORE DEFINITE STATEMENT    CASE NO. C 07-2745 SBA