1  CHARLES L. DEEM, Bar No. CA-110557
   BROOKE L. KILLIAN, Bar No. CA-239298
2  charles.deem@dlapiper.com
   DLA PIPER US LLP
3  401 B Street, Suite 1700
   San Diego, CA 92101-4297
4  Tel: 619.699.2700
   Fax: 619.699.2701
5
   Attorney for Defendants
6  ARMED FORCES BENEFIT ASSOCIATION and
   5STAR LIFE INSURANCE COMPANY
7

8                    UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11 BRAD LOVESY and PACIFIC            CASE NO. C 07-2745 SBA
   CONSOLIDATED INVESTMENTS,
   INC., a Nevada corporation,        **REPLY MEMORANDUM OF POINTS**
12                                     **AND AUTHORITIES IN SUPPORT OF**
                Plaintiff,             **DEFENDANTS ARMED FORCES**
13                                     **BENEFIT ASSOCIATION AND 5STAR**
           v.                          **LIFE INSURANCE COMPANY'S**
14                                     **REQUEST FOR JUDICIAL NOTICE IN**
   ARMED FORCES BENEFIT               **SUPPORT OF DEFENDANTS' MOTIONS**
15 ASSOCIATION, THE 5STAR             **TO DISMISS AND TO STRIKE**
   ASSOCIATION, 5 STAR FINANCIAL,     **PORTIONS OF PLAINTIFFS' SECOND**
16 LLC, 5STAR FINANCIAL SERVICES      **AMENDED COMPLAINT**
   COMPANY, and 5STAR LIFE
17 INSURANCE COMPANY; TED SHUEY,      Date:       February 5, 2008
   individually, doing business as THE Time:       1:00 p.m.
18 SHUEY AGENCY, INC., and TGS        Courtroom:  3
   GROUP, INC.,                       Judge:      Hon. Saundra B. Armstrong
19

20

21 I.     INTRODUCTION

22        The facts contained in the documents of which Defendants seek judicial notice are not

23 subject to reasonable dispute, and are capable of reliable determination by resort to sources of

24 unquestionable accuracy. As such, they are judicially noticeable pursuant to Federal Rule of

25 Evidence 201 ("Rule 201"). The Court need not, as Plaintiff invites the Court to do, consider any

26 factors beyond those set forth in Rule 201 in determining whether Defendants' request for judicial

27 notice is proper. As the facts of which Defendants seek judicial notice meet the requirements of

28 Rule 201, the Court should grant Defendants' Request for Judicial Notice.

1   In their moving papers, Defendants Armed Forces Benefit Association[1] and 5Star Life
2   Insurance Company (collectively, "Defendants") sought judicial notice of four documents:

3       A.      Plaintiff Brad Lovesy's Complaint for Damages (Case No. C 07-2745 SBA,
4   Docket No. 1) ("Complaint");

5       B.      Joint Case Management Statement and [Proposed] Order (Case No. C 07-2745
6   SBA, Docket No. 21) submitted by the parties jointly ("CMC Statement");

7       C.      Articles of Incorporation of AFBA Life Insurance Company ("Articles of
8   Incorporation"); and

9       D.      An Amendment to the Articles of Incorporation of AFBA Life Insurance Company
10  ("the Amendment") (collectively, the "Documents").

11      These Documents are subject to judicial notice, pursuant to Rule 201, because no party
12  questions the accuracy of the Documents, which is easily confirmed by reference to sources of
13  unquestionable accuracy.

14  **II.     DEFENDANTS' MOVING PAPERS EXPLAIN THE PURPOSE FOR WHICH**
15  **THE DOCUMENTS ARE TO BE JUDICIALLY NOTICED.**

16      Defendants pause to clarify any confusion regarding the purpose for which the Documents
17  are to be judicially noticed.  The following paragraphs, which summarize portions of Defendants'
18  moving papers, review the purpose for judicial notice of each Document:

19      A.      <u>Complaint</u>:  Defendants seek judicial notice of the fact of the Complaint and the
20  fact that Lovesy made various statements in the Complaint.  Defendants do not seek judicial
21  notice of the truth of Lovesy's allegations in the Complaint, merely the fact that Lovesy made the
22  statements contained in the Complaint.

23      B.      <u>CMC Statement</u>:  Defendants seek judicial notice of the fact of the CMC
24  Statement and the fact that Lovesy made various statements in the CMC Statement.  Defendants
25  /////

26

27

28

[1] Defendant Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, The Five Star Association."

DLA PIPER US LLP
SAN DIEGO

SD\1780073.2
332602-3

2

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. C 07-2745 SBA

1    do not seek judicial notice of the truth of the statements in the CMC Statement, merely the fact

2    that Lovesy made the statements contained in the CMC Statement.

3        C.    Articles of Incorporation:  Defendants seek judicial notice of the Articles of

4    Incorporation and, specifically, the fact that an entity titled "AFBA Life Insurance Company" was

5    formed under the laws of the State of Louisiana on July 20, 1996.  Defendants do not seek

6    judicial notice of any facts related to the relationship between Armed Forces Benefit Association,

7    on the one hand, and AFBA Life Insurance Company and/or 5Star Life Insurance Company, on

8    the other hand.

9        D.    The Amendment:  Defendants seek judicial notice of the Amendment and,

10    specifically, the fact that an entity titled "AFBA Life Insurance Company" changed its name to

11    "5Star Life Insurance Company" on October 11, 2000.  Defendants do not seek judicial notice of

12    any facts related to the relationship between Armed Forces Benefit Association, on the one hand,

13    and AFBA Life Insurance Company and/or 5Star Life Insurance Company, on the other hand.

14  **III.    THE DOCUMENTS TO BE JUDICIALLY NOTICED ARE ADJUDICATIVE**

15  **FACTS SUBJECT TO JUDICIAL NOTICE PURSUANT TO RULE 201.**

16        The Documents implicate adjudicative facts that are properly the subject of analysis under

17    Rule 201.  The facts of which judicial notice are requested pertain to the parties and the damages

18    purportedly suffered by Plaintiffs.  The Documents contain adjudicative facts that must pass

19    muster under Rule 201 before a court may consider them.

20        Adjudicative facts are distinguished from legislative facts for the purpose of Rule 201.

21    Fed. R. Evid. 201, Advisory Committee Note.  Adjudicative facts are the facts of the particular

22    case.  *Id.*  "[A]djudicative facts are those to which the law is applied in the process of

23    adjudication."  *Id.*  They relate to the parties and the activities, properties, and businesses of the

24    parties.  *Id.*  Legislative facts are those with relevance to the legal reasoning of the case, such as

25    facts and policy assumptions used by a court in the process of construing a statute or developing

26    the law.  *Id.*; Fed. R. Evid. 201 *construed in* Stephen A. Saltzburg, *et al.*, Commentary, Federal

27    /////

28    /////

DLA PIPER US LLP
SAN DIEGO

SD\1780073.2
332602-3

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE
CASE NO. C 07-2745 SBA

1    Rule of Evidence 201 (LEXIS Publishing 2008) ("Saltzburg"). Legislative facts are universal

2    truths and principals of general application that do not change from case to case. *Id.*

3          Rule 201 is applicable only to adjudicative facts; however, non-adjudicative facts may still

4    be recognized and considered by a court. Fed. R. Evid. 201 *construed in* Saltzburg. Whereas

5    adjudicative facts are judicially noticeable, legislative facts may be accepted or rejected by a court

6    *without meeting the standard required for judicial notice*: "Judicial notice of legislative facts …

7    is intentionally left unrestricted. It is only where a fact is characterized as adjudicative that the

8    requirements of the Rule must be met." *Id.* Accordingly, Rule 201 does not limit the Court to

9    considering only adjudicative facts; the Rule merely holds that, of legislative and adjudicative

10   facts, only adjudicative facts are subject to Rule 201's threshold requirements before the Court

11   may consider them. *Id.*

12         Admittedly, the Documents of which Defendants seek judicial notice are adjudicative

13   facts properly subject to the requirements under Rule 201. Lovesy's statements in the Complaint,

14   the Articles of Incorporation, and the Amendment relate to the identity of the parties. Lovesy's

15   statements in the CMC Statement relate to his claimed damages. None of these facts embody a

16   principal of universal applicability. Instead, these facts relate to the parties and claims involved

17   in the lawsuit. Such facts are adjudicative, rather than legislative. *See* Fed. R. Evid. 201,

18   Advisory Committee Note. As the facts of which Defendants seek judicial notice are

19   adjudicative, the Court must undergo a Rule 201 analysis.[2]

20   **IV.    THE FACTS CONTAINED WITHIN THE ARTICLES OF INCORPORATION**

21   **AND THE AMENDMENT ARE JUDICIALLY NOTICEABLE AS THEY ARE NOT**

22   **SUBJECT TO REASONABLE DISPUTE.**

23         There is no dispute as to the fact that AFBA Life Insurance Company filed Articles of

24   Incorporation in 1996 and changed its name, by virtue of the Amendment, to 5Star Life Insurance

25   Company in 2000. These facts are readily confirmed by resort to public documents, namely, the

26   _____

27   [2] If, as Lovesy urges, the facts to be judicially noticed are not adjudicative, then no analysis under Federal
        Rule of Evidence 201 is necessary, and the Court may consider the facts regardless the viability of

28      Defendants' Request for Judicial Notice. *See* Fed. R. Evid. 201 *construed in* Saltzburg.

DLA PIPER US LLP
SAN DIEGO

SD\1780073.2
332602-3

4

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE                                    CASE NO. C 07-2745 SBA

1    Articles of Incorporation and the Amendment.  As such, these facts are subject to judicial notice

2    pursuant to Rule 201.  *See* Fed. R. Evid. 201.

3         Rule 210 requires a federal district court to take judicial notice of an adjudicative fact if

4    supplied with sufficient information that the fact is not subject to reasonable dispute and is

5    capable of reliable determination by resort to sources whose accuracy is not reasonably

6    questioned.  Fed. R. Evid. 201(a), (b), (d).

7         The parties agree that AFBA Life Insurance Company's Articles of Incorporation and the

8    Amendment are the *types* of documents that the Court may judicially notice.  (*See* Plaintiffs'

9    Opp'n to Request for Judicial Notice, at 4 ("the documents are of a *type* that is subject to judicial

10   notice").)  That is, there is no dispute regarding the fact that AFBA Life Insurance Company was

11   formed in 1996 and changed its name to 5Star Life Insurance Company in 2000.  These facts can

12   readily be confirmed by resort to public records, the Articles of Incorporation and the

13   Amendment, which are on file with the State of Louisiana.  Additionally, as described above, the

14   Articles of Incorporation and the Amendment to the Articles of Incorporation bear on issues of

15   adjudicative fact, and therefore satisfy Federal Rule of Evidence 201(a).  Without any further

16   analysis, the Court may take judicial notice of the fact that AFBA Life Insurance Company was

17   formed in 1996 by virtue of the Articles of Incorporation, and, via the Amendment, changed its

18   name to 5Star Life Insurance Company in 2000.

19        Judicial notice of these facts establishes that AFBA Life Insurance Company is the

20   predecessor to 5Star Life Insurance Company.  This is important because AFBA Life Insurance

21   Company is signatory to one of the contracts underlying the dispute.  Further, by establishing that

22   AFBA Life Insurance Company incorporated in 1996, Defendants can distinguish that company

23   from Armed Forces Benefit Association, which shares a similar acronym, but is legally distinct

24   from AFBA Life Insurance Company.  While judicial notice will be helpful in clarifying the

25   relationship between AFBA Life Insurance Company and 5Star Life Insurance Company,

26   *helpfulness and clarity are not elements of a Rule 201 analysis*, and therefore, have no bearing on

27   whether a fact may be judicially noticed.  *See* Fed. R. Evid. 201.

28   /////

DLA PIPER US LLP
SAN DIEGO

SD\1780073.2
332602-3

5

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE                                    CASE NO. C 07-2745 SBA

1    Plaintiffs' reliance on *Wooden v. Missouri Pacific Railroad*, 862 F.2d 560, 563 (5th Cir.

2    1989), is misplaced.  Aside from being merely persuasive, the *Wooden* case is procedurally

3    distinct from the instant matter and the precise holding in *Wooden* is significantly more nuanced

4    than Plaintiffs represent.  In *Wooden*, Plaintiff Wooden sued his employer, a railroad company,

5    claiming that he contracted silicosis as a result of being exposed to asbestos while at work.

6    *Wooden*, 862 F.3d at 560.  Wooden moved for directed verdict at the close of his evidence.  *Id.* at

7    563.  For Wooden to succeed, he needed the district court to take judicial notice of the fact that it

8    was common knowledge in the late 1950's that working in a cloud of silicon dust without

9    respiratory gear could cause severe lung diseases.  *Id.*  In support of this fact, Wooden proffered

10    two pre-1950's cases in which the United State Supreme Court and New York Court of Appeals

11    noted that the defendant in those cases should have known of the risk to health of silica dust

12    because it was a matter of common knowledge.

13    In upholding the district court's refusal to take judicial notice of this fact, the Fifth Circuit

14    expressed concern that the fact to be judicially noticed could not be verified by resort to sources

15    of unquestionable accuracy.  While, certainly, the United States Supreme Court and New York

16    Court of Appeals are reliable sources on matters of law, they are "not authoritative on factual

17    questions about industrial knowledge of occupational diseases in the 1950's."  *Id.* at 564.  Thus,

18    *the fundamental principals of Rule 201 were not satisfied in the* Wooden *case*.  *See id.*

19    The *Wooden* holding is inapposite to this case.  The court denied Wooden's request for

20    judicial notice because he could not demonstrate that a source of unquestionable accuracy

21    confirmed the fact to be judicially noticed.  *Id.* at 563.  Thus, the *Wooden* court does not hold that

22    a fact may not be judicially noticed merely because it *relates* to a controverted fact.  The *Wooden*

23    court also held that the fact *itself* was controverted.  In other words, the parties reasonably

24    disputed whether the hazards of silicon dust were part of common knowledge in the 1950's.  *Id.*

25    No such dispute exists in the instant case.  Plaintiffs do not dispute that AFBA Life

26    Insurance Company was formed in 1996 and changed its name to 5Star Life Insurance Company

27    in 2000.  Plaintiffs do not dispute the accuracy of AFBA Life Insurance Company's public

28    /////

DLA PIPER US LLP
SAN DIEGO

SD\1780073.2
332602-3

6

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE
CASE NO. C 07-2745 SBA

1   filings. Simply put, no party has questioned the truth of the facts of which Defendants seek

2   judicial notice, or the sources to which the Court may resort to confirm those facts.

3       Additionally, the *Wooden* court was concerned that the jury may misconstrue the scope of

4   the fact to be judicially noticed, thereby assuming that a closely related fact, which was genuinely

5   disputed, was also judicially noticed. *Id.* at 563. The court declined to take judicial notice of the

6   fact, partly, to avoid jury confusion.[3] *See id.* No similar concerns are present in this case. This

7   case is not being tried before a jury; rather, the Court is determining the viability of the pleadings.

8   Plaintiffs have expressed no concern that the Court may misconstrue the scope of the facts to be

9   judicially noticed. Defendants similarly do not question the competence of this Court. Thus,

10  *Wooden* has no application to this case.

11      The Court should deny Plaintiffs' request that the Court impose additional requirements

12  beyond those imposed by Rule 201 as a prerequisite to judicial notice. The requirements of

13  Rule 201 have been met, and therefore, the Articles of Incorporation and the Amendment are

14  properly the subject of judicial notice.

15  **V.    THE FACT THAT PLAINTIFF MADE VARIOUS STATEMENTS IN THE**

16  **COMPLAINT AND CMC STATEMENT IS NOT DISPUTED AND THE DOCUMENTS**

17  **ARE THEREFORE JUDICIALLY NOTICEABLE.**

18      Defendants properly seek judicial notice of the fact that Lovesy made statements and

19  allegations in the Complaint and CMC Statement. The fact that these statements and allegations

20  exists is properly the subject of judicial notice. Plaintiffs confuse the factors before the Court by

21  arguing irrelevant issues, such as whether the statements and allegations bear on issues in

22  contention and whether Defendants properly characterize the same. Such arguments play no role

23  in the Court's determination of whether judicial notice is appropriate.

24      Judicial notice of Lovesy's statements and allegations in the Complaint and CMC

25  Statement is proper under Rule 201. The parties do not dispute that Lovesy made various

26  _____

27  [3] This is consistent with a judge's power under Federal Rule of Evidence 403 to refuse to admit into
       evidence facts with little probative value (here, the source of the fact was questionable) and substantial

28     risk of confusion. *See* Fed. R. Evid. 201 *construed in* Saltzburg; Fed. R. Evid. 403.

DLA PIPER US LLP
SAN DIEGO

SD\1780073.2
332602-3

7

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE                                          CASE NO. C 07-2745 SBA

1    statements in the Complaint and CMC Statement, and that these statements may be verified

2    readily by reference to the docket of this Court.  Based on Rule 201, no grounds exist to deny

3    judicial notice of these documents, and therefore, the Court should grant Defendant's request.

4    *See* Fed. R. Evid. 201(d).

5        Rather than objecting to the accuracy of the facts to be judicially noticed, Plaintiffs argue

6    Defendants may not seek judicial notice of an "undisputed fact" that is "in contention" in the

7    litigation.  (Plaintiffs' Opp'n to Request for Judicial Notice, at 3.)  A distinction must be made

8    between a fact that is subject to judicial notice because the fact *itself* is not subject to reasonable

9    dispute, and Plaintiffs' argument – that a court should not take judicial notice of a fact simply

10   because is may *bear on an issue* in dispute in the lawsuit.  Plaintiffs do not contend that the

11   Complaint and CMC Statement say something other than what Defendants suggest those

12   document say.  The fact that the Complaint and the CMC Statement say what they say is not

13   subject to reasonable dispute.  Where a fact itself is not subject to reasonable dispute, it is

14   irrelevant that a fact may bear on an issue disputed by the parties.  *See* Fed. R. Evid. 201.

15       Notably, Defendants are not seeking judicial notice of the *truth* of the facts contained

16   within the Complaint and CMC Statement; Defendants merely seek judicial notice of the fact that

17   Lovesy *made* the statements contained in the Complaint and CMC Statement.[4]  This request does

18   not run afoul of the authority cited by Plaintiff.  *See In re Tyrone F. Conner Corp.*, 140 B.R. 771,

19   781-82 (E.D. Cal. Bankr. 1992) (refusing to take judicial notice of the *truth* of the facts

20   underlying a document in the court's file).

21   /////

22

---

23   [4] Defendants are perplexed by Plaintiffs' citation to three cases supporting their assertion that official court
     records may be judicially noticed to establish only the fact of litigation and filing.  (Plaintiffs' Opp'n to

24   Request for Judicial Notice, 2-3.)  None of the cases expressly limits the use of judicially noticed
     official records.  *Sandpiper Village v. Louisiana-Pac. Corp.*, 428 F.3d 831, 837 n.4 (9th Cir. 2005);

25   *Meredith v. Oregon*, 321 F.3d 807, 817 n.10 (9th Cir. 2003); *Smith v. Duncan*, 297 F.3d 809, 815 (9th
     Cir. 2002) (overruled on other grounds).  In fact, in *Sandpiper*, the court appears to consider portions of

26   a judicially noticed trial transcript in deciding an appeal on the merits.  *Sandpiper*, 428 F.3d at 837.
     Moreover, the *Smith* court expressly considered facts contained in judicially noticed "state court

27   documents."  *Smith*, 297 F.3d at 815 (finding that a habeas petition was filed on September 7, 1999
     based solely on a statement in a declaration, *i.e.* testimony made by a witness, contained in the state

28   court documents).

DLA PIPER US LLP
SAN DIEGO

8

SD\1780073.2
332602-3

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE                                    CASE NO. C 07-2745 SBA

1      Further, Defendants' characterization of statements in the Complaint and CMC Statement,

2      are irrelevant to a Rule 201 analysis.  The characterization a party may give to a judicially noticed

3      fact during argument is not a consideration in determining whether a fact should be judicially

4      noticed, provided the party is not seeking judicial notice of his or her *characterization* of or

5      *inference* made from the fact.  Fed. R. Evid. 201.  The Complaint and CMC Statement meet the

6      requirements set forth for judicial notice in the Federal Rules of Evidence.  If Plaintiffs disagree

7      with Defendants' characterization of those facts, they may argue for a different interpretation in

8      their brief in opposition to the motions to dismiss and/or strike the Second Amended Complaint,

9      but not here.

10          Defendants' request for judicial notice of facts in the Complaint and CMC Statement is

11     proper.  The Court should not be sidetracked by Plaintiffs' arguments regarding the manner in

12     which Defendants argue the facts to be judicially noticed and the role which the facts might play

13     in the litigation.  Instead, based on the factors enumerated in Rule 201, the Court should find that

14     judicial notice is permissible since the existence of Lovesy's statements in the Complaint and

15     CMC Statement is not disputed.

16     **VI.    CONCLUSION**

17          The Documents are properly subject to judicial notice as they implicate adjudicative facts

18     to which no objection on the grounds of accuracy have been made.  The accuracy of the

19     Documents may be verified in public records of unquestionable accuracy.  Accordingly,

20     Defendants request that the Court take judicial notice of the following documents in ruling on the

21     Motion to Dismiss and the Motion to Strike:  (A) Plaintiff Brad Lovesy's Complaint for Damages

22     (Docket No. 1); (B) Joint Case Management Statement and [Proposed] Order (Docket No. 21);

23     /////

24     /////

25     /////

26     /////

27     /////

28     /////

DLA PIPER US LLP
SAN DIEGO

9

SD\1780073.2
332602-3

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE                                    CASE NO. C 07-2745 SBA

1  (C) Articles of Incorporation for AFBA Life Insurance Company; and (D) Amendment to the

2  Articles of Incorporation for AFBA Life Insurance Company.

3  Dated:  January 22, 2008

4                                              DLA PIPER US LLP

5

6                              By    /s/ Charles L. Deem
                                    CHARLES L. DEEM
7                                   Attorneys for Defendants
                                    ARMED FORCES BENEFIT ASSOCIATION
8                                   and 5STAR LIFE INSURANCE COMPANY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\1780073.2
332602-3

10

REPLY Ps & As IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR
JUDICIAL NOTICE                                    CASE NO. C 07-2745 SBA