1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
   Patty H. Lee (SBN 245192) plee@seyfarth.com
3  560 Mission Street, Suite 3100
   San Francisco, California 94105
4  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
5
   Attorneys for Defendants
6  THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY),
   TGS GROUP, INC., AND THE SHUEY AGENCY, INC.
7

8

9                          UNITED STATES DISTRICT COURT

10                        NORTHERN DISTRICT OF CALIFORNIA

11 | BRAD LOVESY and PACIFIC            ) Case No. 4:07 CV 02745 SBA
   | CONSOLIDATED INVESTMENTS, INC., a  )
12 | Nevada corporation,                ) THEODORE G. SHUEY, JR.
   |                                    ) (erroneously sued as TED SHUEY), TGS
13 |          Plaintiffs,               ) GROUP, INC., AND THE SHUEY
   |                                    ) AGENCY, INC.'S REPLY TO
14 |    v.                              ) PLAINTIFFS' OPPOSITION TO
   |                                    ) MOTION TO DISMISS THE SECOND
15 | ARMED FORCES BENEFIT ASSOCIATION, ) AMENDED COMPLAINT
   | 5STAR ASSOCIATION, 5STAR FINANCIAL,)
16 | LLC, 5STAR FINANCIAL SERVICES      )
   | COMPANY, and 5STAR LIFE INSURANCE, )
17 | COMPANY; TED SHUEY, individually, doing )
   | business as THE SHUEY AGENCY, INC., and )
18 | TGS GROUP, INC.                    ) Date: February 5, 2008
   |                                    ) Time: 1:00 p.m.
19 |          Defendants.               ) Judge: Hon. Saundra B. Armstrong
   |                                    ) Courtroom: 3

20

21

22

23

24

25

26

27

28

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT/
CASE NO. 4:07 CV 02745 SBA

TABLE OF CONTENTS

Page

I. INTRODUCTION..................................................................................................................1

II. LEGAL ARGUMENT ..........................................................................................................2

    A. TGS Must Be Dismissed Because The Court Lacks Personal Jurisdiction..............2

        1. TGS did not purposefully avail itself to the privileges and benefits of California by communicating with Mr. Lovesy ...........................................2

        2. Plaintiffs are not entitled to additional time to conduct discovery ..............3

    B. Plaintiffs Lack Standing To Maintain the Instant Action.........................................3

        1. Pacific Consolidated has not suffered any injury ........................................3

        2. Mr. Lovesy may not maintain the instant action .........................................4

    C. Plaintiffs Fail to Sufficiently Plead Alter Ego Allegations Against the Shuey Defendants and the AFBA/5Star Defendants..........................................................5

    D. Plaintiffs' Claims for Tort Recovery Are Improper Because the Conduct Plaintiffs Allege Gave Rise to Those Claims Is A Breach of Contract....................................6

        1. Plaintiffs' claims are based on a purported breach of contract....................6

    E. Plaintiffs Cannot State a Claim for Intentional Interference with Contract and Intentional Interference with Prospective Economic Advantage ............................8

        1. Plaintiffs cannot state a claim for interference with contract as a matter of law ................................................................................................................8

        2. Notwithstanding that Plaintiffs cannot state a claim for interference with contract as a matter of law, Plaintiffs' fail to sufficiently plead the Shuey Defendants' acts were designed to induce a breach or disrupt the contractual relationship of Plaintiffs and the AFBA/5Star Defendants ......9

        3. Plaintiffs claim for interference with prospective advantage fails because the Shuey Defendants did not engage in an independent wrongful act.......9

    F. Plaintiffs Fail to Plead with Particularity Facts Sufficient to Support a Claim of Fraud Against the Shuey Defendants .....................................................................10

    G. Plaintiffs' Fail to Sufficiently Plead a Cause of Action for Unfair Business Practices..................................................................................................................11

        1. Plaintiffs have not stated a cause of action for unfair business practices with a reasonable degree of particularity.....................................................11

        2. Plaintiffs cannot state a claim that the Shuey Defendants impermissibly restrained Mr. Lovesy's trade in violation of California Business & Professions Code section 16600..................................................................12

i

## TABLE OF CONTENTS
(continued)

|  | Page |
|---|---|
| III. CONCLUSION | 13 |

## TABLE OF AUTHORITIES

### FEDERAL CASES

*999 v. C.I.T. Corp.*
 776 F.2d 866 (9th Cir. 1985)..................................................................................7

*Dion LLC v. Infotek Wireless, Inc.*
 No. C07-1431 SBA, 2007 U.S. Dist. LEXIS 83980 (Oct. 30, 2007)......................5

*Fjuitsu-ICL Sys. v. Efmakr Serv. Co. of Illinois, Inc.,*
 No. 00-CV-0777 W(LSP), 2000 U.S. Dist. LEXIS 13862 (June 29, 2000)...........2

*Gen. Commercial Packaging v. TPS Packaged, Eng'g*
 126 F.3d 1131 (9th Cir. 1997).................................................................................12

*Marshall v. Standard Ins. Co.*
 214 F. Supp. 2d 1062 (C.D. Cal. 2000)..................................................................11

*Omeluk v. Langsten Slip & Batbyggeri A/S*
 52 F.3d 267 (9th Cir. 1995).....................................................................................2

*Peterson v. Kennedy*
 771 F.2d 1244 (9th Cir. 1985).................................................................................2

*Roth v. Garcia Marquez*
 942 F.2d 617 (9th Cir. 1991)...................................................................................2

*Vess v. CIBA-Geigy Corp., USA*
 317 F.3d 1097 (9th Cir. 2003)................................................................................10

### STATE CASES

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*
 7 Cal. 4th 503 (1994)..............................................................................................7

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*
 47 Cal. App. 4th 464 (1996)....................................................................................6

*Freeman & Mills v. Belcher Oil Co.*
 11 Cal. 4th 85 (1995)...............................................................................................7

*Harris v. Atl. Richfield Co.*
 14 Cal. App. 4th 70 (1993)......................................................................................8

*Hydrotec Systems, Ltd. v. Oasis Waterpark*
 52 Cal. 3d 988 (1991).............................................................................................4

*JRS Products, Inc. v. Matsushita Elec. Corp. of America*
    115 Cal. App. 4th 168 (2004) ........................................................................................6

*Khoury v. Maly's of California, Inc.*
    14 Cal. App. 4th 612 (1993) ..............................................................................6, 7, 11

*Motors, Inc. v. Times Mirror Co.*
    102 Cal. App. 3d 735 (1980) .......................................................................................11

*Reeves v. Hanlon*
    33 Cal. 4th 1140 (2004) ................................................................................................8

*Stevenson Real Estates Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*
    138 Cal. App. 4th 1215 (2006) .....................................................................................9

FEDERAL STATUTES

Fed. R. Civ. P. 9(b) ...............................................................................................................9

STATE STATUTES

Cal. Bus. & Profs. Code 17918 ............................................................................................4

Cal. Civ. Code § 1709 ..........................................................................................................9

Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc. ("TGS") and The Shuey Agency, Inc. ("The Shuey Agency") (collectively "the Shuey Defendants") submit the following Reply to Plaintiffs' Opposition to Defendants Ted Shuey, TGS, and The Shuey Agency's Motion to Dismiss The Second Amended Complaint ("Motion").

## I.   INTRODUCTION

Despite three failed attempts to cure the factual and legal defects that infect their Second Amended Complaint ("SAC"), Plaintiffs remain unable to state viable causes of action against the Shuey Defendants. Plaintiffs' Opposition improperly construes and misinterprets the Shuey Defendants' arguments in support of their Motion in an attempt to overcome the numerous pleading deficiencies in their SAC. Plaintiffs also point to extraneous issues, which do not relate to determining the sufficiency of a pleading, in an apparent attempt to deflect the Court's attention away from the shortcomings of their SAC.

The SAC on its face establishes that: (1) this Court lacks personal jurisdiction over TGS; (2) Plaintiffs' lack standing to maintain the instant action; (3) the Shuey Defendants and the AFBA/5Star Defendants are not alter egos of one another; (4) Plaintiffs' tort causes of action are improper because the conduct allegedly giving rise to those actions is a breach of contract; (5) the Shuey Defendants did not interfere with the AFBA/5Star Agreements or any prospective advantage of Plaintiffs; (6) the Shuey Defendants did not engage in fraud; and (7) the Shuey Defendants did not violate California's Unfair Competition Law ("UCL"). For these reasons, the Shuey Defendants request that this the Court dismiss TGS and Plaintiffs' third, fourth, seventh, and eighth causes of action with prejudice.

## II. LEGAL ARGUMENT

### A. TGS Must Be Dismissed Because The Court Lacks Personal Jurisdiction

#### 1. TGS did not purposefully avail itself to the privileges and benefits of California by communicating with Mr. Lovesy

TGS lacks the minimum contacts with California to permit this Court to exercise personal jurisdiction over it. TGS is not a party to the Shuey Agreement nor has it purposefully availed itself to the privileges and benefits of conducting business in California.

As alleged evidence of TGS' purposeful availment, Plaintiffs submit a handful of written communications between TGS and Mr. Lovesy. These communications amount to, at best, routine business communications, which are inadequate to establish purposeful availment. *See Fujitsu-ICL Sys. v. Efmark Serv. Co. of Illinois, Inc.*, No. 00-CV-0777 W(LSP), 2000 U.S. Dist. LEXIS 13862, at *19 (June 29, 2000) (finding routine business communications were insubstantial contacts with the forum state and therefore inadequate to establish purposeful availment). The Ninth Circuit has expressly held that "ordinarily use of mails, telephone, or other . . . communications simply do not qualify as purposeful activity invoking the benefits and protection of the forum state." *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (*quoting Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). Moreover, the majority of the communications between Mr. Lovesy and TGS occurred in response to contact initiated by Mr. Lovesy. Therefore, these communications cannot be used as evidence of TGS' purposefulness to engage in business activities in California. *See Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 271 (9th Cir. 1995) (finding that the purposefulness of the defendant's contacts with the forum state were made at the plaintiffs' direction, and were not a purposeful choice by defendant).

The communications Plaintiffs rely on to argue personal jurisdiction over TGS is proper are insufficient to demonstrate TGS' purposeful availment to the privileges and benefits of California. Consequently, because Plaintiffs' have failed to make a prima facie showing that personal jurisdiction is proper, the Court must dismiss TGS from this action with prejudice.

2. <u>Plaintiffs are not entitled to additional time to conduct discovery</u>

Plaintiffs argue that they "have been denied any opportunity to conduct discovery on the jurisdictional issues." (Opp'n at 3.) Plaintiffs' statement is false. The Shuey Defendants engaged in numerous meet and confer discussions and have repeatedly communicated with Plaintiffs since Plaintiffs' filed their original complaint in May 2007. At no time since May 2007 have Plaintiffs sought any information or inquired into TGS' business conduct in California. Rather, Plaintiffs' proceeded on their erroneous and factually unsupported assumption that TGS engaged in business in California.

Also, the Shuey Defendants have not prevented Plaintiffs' from propounding and serving discovery in order to ascertain the correct factual information to support their jurisdictional argument with respect to TGS. Plaintiffs' now seek additional time to conduct discovery, despite having filed the action over seven months ago and not having once attempted to seek any information regarding the propriety of personal jurisdiction over TGS. The Shuey Defendants object to Plaintiffs' request to continue the hearing to have additional time to conduct discovery. Plaintiffs have had more than enough time since May 2007 to perform the necessary discovery. The Court should decline to continue the hearing and should dismiss TGS from this action with prejudice.

**B.    Plaintiffs Lack Standing To Maintain the Instant Action**

1. <u>Pacific Consolidated has not suffered any injury</u>

Plaintiffs' argument that "the Shuey Agreement necessarily included duties to Pacific Consolidated" is unsupported by any facts and is wholly without merit. (*See* Opp'n at 4:25-26.) The Shuey Agreement identifies The Brad Lovesy Group and The Shuey Agency as parties to the agreement. The terms and provisions of The Shuey Agreement do not implicitly or explicitly reference Pacific Consolidated. There is also no evidence to indicate that The Shuey Agreement was entered into by The Brad Lovesy Group on behalf of or for the benefit of Pacific

Consolidated. Therefore, Pacific Consolidated does not have standing to sue the Shuey Defendants for a purported breach of the Shuey Agreement.

Furthermore, as detailed in the Shuey Defendants' Motion to Dismiss and *infra*, Pacific Consolidated's various tort causes of action against the Shuey Defendants are improper because the alleged conduct that gives rise to the tort actions is the Shuey Defendants' purported breach of the Shuey Agreement. As such, Pacific Consolidated does not have standing to sue under any of the tort causes of action because any injury is necessarily a result of the purported breach of the Shuey Agreement. As Pacific Consolidated was not a party to the Shuey Agreement nor an intended beneficiary of that agreement, Pacific Consolidated has no basis to argue it has suffered any injury. Therefore, Pacific Consolidated does not have standing to maintain an action against the Shuey Defendants and its claims must be dismissed with prejudice.

### 2. Mr. Lovesy may not maintain the instant action

California Business and Professions Code section 17918 provides, in pertinent part:

> No person transacting business under a fictitious business name contrary to the provisions of this chapter, or his assignee, may maintain any action upon or on account of any contract made, or transaction had, in the fictitious business name in any court of this state until the fictitious business name statement has been executed, filed, and published as required by this chapter.

The Shuey Agreement was between The Brad Lovesy Group and The Shuey Agency. Because Plaintiffs admitted that "Mr. Lovesy conducts business under the name The Lovesy Group" Mr. Lovesy is required to have properly registered his fictitious business name in accordance with the applicable statutory authority to "maintain any action upon or on account of any contract made . . . in the fictitious business name" until he has properly complied with the requirements under Business and Professions code sections 17910 *et al.* (*See* ¶ SAC at 1.) Absent Mr. Lovesy properly complying with the requirements of operating under the fictitious business name of The Brad Lovesy Group, Mr. Lovesy is precluded from maintaining this

action.[1] *See Hydrotec Systems, Ltd. v. Oasis Waterpark*, 52 Cal. 3d 988, 1001 n.8 (1991) (indicating that a party's failure to comply with the fictitious business name precludes it from enforcing the agreement until it complies with the statutory requirements).

Based on the above, Brad Lovesy is precluded from maintaining an action against the Shuey Defendants and his claims must be dismissed.

### C. Plaintiffs Fail to Sufficiently Plead Alter Ego Allegations Against the Shuey Defendants and the AFBA/5Star Defendants

The Shuey Defendants' Reply to Plaintiffs' Opposition to Motion to Strike, filed concurrently herewith, describes in detail Plaintiffs' failure to satisfy the standard for pleading alter ego liability. Without restating the reasons for Plaintiffs' deficient alter ego pleading in their entirety, the Shuey Defendants provide that Plaintiffs have failed to sufficiently allege with supporting facts (1) unity of interest and ownership among the Shuey Defendants, and among the Shuey Defendants and the AFBA/5Star Defendants, and (2) that an inequitable result would follow if the purported acts of the Shuey Defendants and the AFBA/5Star Defendants are treated as theirs alone.

Plaintiffs' reliance on *Dion LLC v. Infotek Wireless, Inc.*, No. C07-1431 SBA, 2007 U.S. Dist. LEXIS 83980, at *9 (Oct. 30, 2007), as providing a basis for finding the instant pleading sufficient because therein the court "disavowed the idea that a claim of alter ego liability requires heightened pleading standards" is misplaced. (Opp'n at 7:9-15.) The court in *Dion* analyzed the sufficiency of plaintiff's alter ego pleading by "assuming that Dion was required to allege both elements of alter-ego liability in its pleading. . ." *Id.* at *10. Moreover, in *Dion*, unlike in the instant action, the plaintiff specifically alleged with supporting facts that the two sister

---

[1] While the Shuey Defendants acknowledge Plaintiffs' gracious offer to give the Shuey Defendants time to file a proper fictitious business name statement, the Shuey Defendants respectfully decline. The requirements of the fictitious business name statement pertains to a party intending to maintain an action upon a contract made in the fictitious business name. The Shuey Defendants have never asserted, nor do they now, that the Shuey Defendants operate under a fictitious business name or that the Shuey Agreement was entered into under a fictitious business name. TGS and The Shuey Agency are separate and distinct corporations, incorporated under the laws of Virginia.

5
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT/
CASE NO. 4:07 CV 02745 SBA

corporations had a unity of interest and ownership, and that it would be inequitable to permit the corporations to assert a distinction between themselves to avoid liability. *Id.* at *8-10. As set forth in the Shuey Defendants' Reply to Plaintiffs' Opposition to Motion to Strike, the SAC does not contain sufficient allegations with specific facts that the Shuey Defendants and the AFBA/5Star Defendants had a unity of interest and ownership such that an inequitable result would follow if a distinction between them were made. Rather, Plaintiffs merely allege the Shuey Defendants and the AFBA/5Star Defendants are alter egos of one another. (*See* SAC at ¶12.) Such an allegation is insufficient to meet the standard for pleading alter ego liability. Accordingly, the Shuey Defendants cannot be held liable for the purported wrongful conduct of the AFBA/5Star Defendants.

Furthermore, Plaintiffs have failed to go beyond boilerplate language in alleging the Shuey Defendants are alter egos of one another. Absent sufficient facts to support their allegations of alter ego liability against the Shuey Defendants, Plaintiffs cannot invoke the alter ego doctrine to hold TGS and Mr. Shuey liable for the actions and obligations purportedly created by The Shuey Agency.

As set forth above, the lack of jurisdiction over TGS and Plaintiffs' lack of standing mandate the dismissal of Mr. Shuey and TGS from this litigation. Plaintiffs' deficient alter ego allegations do not save their claims against TGS and Mr. Shuey from dismissal.

### D. Plaintiffs' Claims for Tort Recovery Are Improper Because the Conduct Plaintiffs Allege Gave Rise to Those Claims Is A Breach of Contract

#### 1. Plaintiffs' claims are based on a purported breach of contract

Where a plaintiff alleges tort liability in relation to a breach of contract claim, the court must "determine whether the essence of the claim is fundamentally based on conduct that sounds in contract or in tort." *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168, 181 (2004). The essential nature of the conduct determines whether the action sounds in contract or in tort, and thus, the court must scrutinize the conduct a plaintiff alleges gave rise to

6

the tort claims. *See Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464 (1996); *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 (1993). Accordingly, it is the Shuey Defendants' conduct that determines whether Plaintiffs' claims sound in contract or tort, not, as Plaintiffs argue, the Shuey Defendants' motivation of purported intent to cause harm. (*See* Opp'n at 8:14-15.)

In the instant action, the conduct of the Shuey Defendants complained of by Plaintiffs is their alleged failure to timely collect insurance premiums on policies sold by Plaintiffs. These allegations are set forth in the General Allegations of the SAC (*see* SAC at ¶¶ 28-45) and in paragraph 82 of Plaintiffs' Breach of Contract cause of action. These allegations are also set forth in support of Plaintiffs' causes of action for Interference with Contract, Interference with Prospective Economic Advantage, and Fraud in paragraphs 66, 74, and 90 of the SAC, respectively.[2] The Shuey Defendants' alleged conduct, failure to timely collect premiums, relates to a contractual obligation set forth in paragraph 4 of the Shuey Agreement (*See* Decl. of Theodore G. Shuey in Support of Defendants' Motion to Dismiss, Ex. A, at 2, ¶ 4.) As such, the conduct complained of and giving rise to both Plaintiffs' contract and tort claims stems from the alleged breach of the Shuey Agreement.

Moreover, Plaintiffs cannot allege tort claims in association with their breach of contract claim by contending "a knowing intention by The Shuey Defendants to disrupt Plaintiffs' contractual relationship" without any supporting facts. (See Opp'n at 8:14-15.) As stated in *Khoury*, 14 Cal. App. 4th at 618, "[i]f a contract plaintiff could plead in a conclusory way that the defendant maliciously intended to drive the plaintiff out of business, the tort of interference with prospective business advantage would be routinely pleaded in breach of contract cases." The court held that allowing such conclusory pleading would be contrary to the cautious policy of the courts about extending tort remedies to ordinary commercial contracts. *Id.*

---

[2] The allegations of Paragraph 66 of Plaintiffs' cause of action for Interference with Contract are extremely vague ("[D]efendants intentionally engaged in acts designed to induce breaches or disruptions of the contractual relationship."). However, because the general allegations are incorporated by reference into this cause of action, the intentional acts are the previously referenced alleged failures of Defendants to collect insurance premiums.

7
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT/
CASE NO. 4:07 CV 02745 SBA

Furthermore, if proven, the failure to process insurance policies is simply a breach of the Shuey Defendants' obligations under the Shuey Agreement because an allegation of failure to perform, regardless of whether it was done intentionally or in bad faith, amounts to nothing more than a contract action. *See, e.g., 999 v. C.I.T. Corp.*, 776 F.2d 866, 872 (9th Cir. 1985) ("punitive damages are not available for mere breaches of contract, even if fraudulent or in bad faith"); *Freeman & Mills v. Belcher Oil Co.*, 11 Cal. 4th 85, 102-03 (1995) (finding breach of contract, even in bad faith, does not give rise to a cause of action for tort damages); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 516 (1994) ("the law generally does not distinguish between good and bad motives for breaching a contract"); *Harris v. Atl. Richfield Co.*, 14 Cal. App. 4th 70, 77 (1993) (finding willful breaches have not been distinguished from other types of breaches).

Plaintiffs fail to allege sufficient conduct to support any tort causes of action against the Shuey Defendants. Plaintiffs' third, fourth, and seventh causes of action must be dismissed with prejudice.

### E. Plaintiffs Cannot State a Claim for Intentional Interference with Contract and Intentional Interference with Prospective Economic Advantage

1. <u>Plaintiffs cannot state a claim for interference with contract as a matter of law</u>

Plaintiffs cannot overcome the deficiency of their interference with contract cause of action by claiming "while the contracts between Plaintiffs and AFBA/5Star may have been at-will, the performance of their stated terms was not." (*See* Opp'n at 9:3-4.) It is inconsistent for Plaintiffs to admit that the agreements as a whole are at-will contracts, but concurrently claim performance of the contract was not. There is nothing in the AFBA/5Star Agreements to support Plaintiffs' proposition that performance of the contract was not at-will. On their face, Plaintiffs' agreements with the AFBA/5Star Defendants are at-will contracts, and thus, Plaintiffs' have no basis to bring an interference with contract claim against the Shuey Defendants. *See Reeves v.*

8

1  *Hanlon*, 33 Cal. 4th 1140, 1151 (2004). Therefore, Plaintiffs' cause of action for interference
2  with contract against the Shuey Defendants must also be dismissed on that basis with prejudice.

    2. <u>Notwithstanding that Plaintiffs cannot state a claim for interference with contract as a matter of law, Plaintiffs' fail to sufficiently plead the Shuey Defendants' acts were designed to induce a breach or disrupt the contractual relationship of Plaintiffs and the AFBA/5Star Defendants</u>

6    In response to the Shuey Defendants' argument that Plaintiffs failed to sufficiently plead
7  a claim for interference with contract, Plaintiffs state that they "alleged that the Shuey
8  Defendants engaged them in the MOA [Shuey Agreement] with the intention to use their
9  procurement of insurance policies to commit fraud upon the public." (Opp'n at 9:9-12.) Even
10 assuming such an allegation was true, which it is not, this does not address Plaintiffs' failure to
11 sufficiently plead that Defendants' purported breach of the Shuey Agreement was designed to
12 induce a breach or disrupt the contractual relationship of Plaintiffs and the AFBA/5Star
13 Defendants. Plaintiffs' allegation that Defendants entered the Shuey Agreement with the
14 purported intent to commit fraud on the public is unrelated to the factual allegation necessary to
15 sustain this cause of action, *i.e.*, Defendants' intended to disrupt the contractual relationship of
16 Plaintiffs and the AFBA/5Star Defendants.

17   Based on Plaintiffs' failure to plead the necessary facts to sustain a cause of action for
18 intentional interference with contract, this cause of action must be dismissed.

    3. <u>Plaintiffs claim for interference with prospective advantage fails because the Shuey Defendants did not engage in an independent wrongful act</u>

21   Plaintiffs must plead that the conduct on which they base their interference with
22 prospective advantage claim was an independently wrongful act. *Stevenson Real Estates Servs.,*
23 *Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215, 1224 (2006). This
24 means that the conduct must be actionable by a third party. Plaintiffs have failed to meet this
25 requirement.

26   The wrongful acts alleged by Plaintiffs are not independent in that they are not actionable
27 by a third party. As stated in the Shuey Defendants' moving papers, Plaintiffs' contention that

28

9

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT/
CASE NO. 4:07 CV 02745 SBA

1   "the Shuey Defendants' actions were wrongful in that they constituted a fraud upon the service
2   members who purchased the polices" is a wholly conclusory allegation that does not specifically
3   identify the independent wrongful act committed by the Shuey Defendants.
4        Even assuming that "fraud committed upon the public" constituted the independent
5   wrongful act, Plaintiffs fail to plead such fraud with the requisite particularity. *See* Fed. R. Civ.
6   P. 9(b). Plaintiffs must plead: (1) misrepresentation; (2) knowledge of falsity; (3) intent to
7   defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. Cal. Civ. Code §
8   1709. Here, Plaintiffs have not sufficiently pled what constitutes the false representation the
9   Shuey Defendants allegedly made to the public, that the Shuey Defendant knew that such
10  representation was false, that the Shuey Defendants intended to induce reliance by the public,
11  that the public actually relied, or that there was any resulting damage.
12       Plaintiffs have not sufficiently pled an independently wrongful act or sufficient facts to
13  support their cause of action for intentional interference with prospective advantage. This cause
14  of action must therefore be dismissed with prejudice.

    **F.    Plaintiffs Fail to Plead with Particularity Facts Sufficient to Support a Claim of Fraud Against the Shuey Defendants**

17       Allegations of fraud must be "specific enough to give defendants notice of the particular
18  misconduct . . . so that they can defend against the charge and not just deny that they have done
19  anything wrong." *Vess v. CIBA-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).
20  Plaintiffs' argue that paragraphs 31-38, 44, and 89-95 sufficiently plead the time, place and
21  nature of the fraudulent activities. The Shuey Defendants disagree. Paragraphs 31-38 and 44
22  allege how the Shuey Defendants failed to perform their promises under the Shuey Agreement,
23  *i.e.*, the Shuey Defendants could not timely process the applications or submit the policies in a
24  timely manner. These allegations do not allege nor do they provide any support that Mr. Shuey
25  made a statement he knew to be false or that he engaged in any misrepresentation.

10
REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT/
CASE NO. 4:07 CV 02745 SBA

In addition, Plaintiffs' allegation that they justifiably relied on Mr. Shuey's representation is inadequate and inconsistent. In paragraph 93, Plaintiffs allege they relied on Mr. Shuey's representation to enter the Shuey Agreement. However, in paragraph 25, Plaintiffs' allege that the AFBA/5Star Defendants required Plaintiffs to use the services of the Shuey Defendants, necessarily prompting Plaintiffs to enter the Shuey Agreement. Plaintiffs' allegations are inconsistent and fail to specify with sufficient clarity Plaintiffs' justifiable reliance on the Shuey Defendants' purported representations.

Plaintiffs also fail to allege in paragraphs 31-38, 44, and 89-95 with any degree of specificity, much less the degree of particularity required by Rule 9(b), the type and general nature of the damages they sustained as a result of the Shuey Defendants' alleged misrepresentations. In their Opposition, Plaintiffs argue that the Shuey Defendants have not conducted any discovery to ascertain the nature of the damages. (Opp'n at 10:19-27.) Such an argument does not address what is at issue on a motion to dismiss, which is the adequacy of the allegations of the complaint.

Therefore, Plaintiffs' failure to allege facts sufficient to support a case of action for fraud under Rule 9(b)'s heightened pleading requirement demands that the fraud cause of action be dismissed.

### G. Plaintiffs' Fail to Sufficiently Plead a Cause of Action for Unfair Business Practices

#### 1. Plaintiffs fail to state a cause of action for unfair business practices with a reasonable degree of particularity

To sufficiently plead a cause of action under California's Unfair Competition Law ("UCL"), Plaintiffs must: (1) state the practice it believes is unfair, unlawful, or fraudulent; (2) allege facts showing the unfair, unlawful, or fraudulent nature of the practice; and (3) generally aver that the harm associated with the unfair, unlawful, or fraudulent practice outweighs its benefits. *See Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000); *Khoury*, 14 Cal. App. 4th at 619; *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980).

Here, despite Plaintiffs' arguments to the contrary, Plaintiffs have failed to state with reasonable particularity the facts showing the unfair, unlawful or fraudulent nature of the practice. Plaintiffs' conclusory allegation that the Shuey Defendants were not processing insurance policies in a timely manner and that many applicants believed they had life insurance lacks the reasonable particularity required to meet the pleading standard applicable to claims under the UCL. The SAC lacks specific facts to show why the Shuey Defendants' purported wrongful conduct would constitute "unfair and unlawful business acts or practices" within the meaning of the UCL. Therefore, Plaintiffs' eighth cause of action for unfair business practices must be dismissed with prejudice.

### 2. Plaintiffs cannot state a claim that the Shuey Defendants impermissibly restrained Mr. Lovesy's trade in violation of California Business & Professions Code section 16600

The Shuey Agreement permitted Mr. Lovesy to market AFBA products to the California National Guard, and any other insurance products to the general public. The Shuey Agreement only limited Mr. Lovesy's sale of non-AFBA products to a narrow segment of the market: "[o]nly the group SSLI program, Better Alternative, and Select products offered through AFBA will be marketed and any other product presentation in the California National Guard will be reasons for immediate termination of this agreement." A contract which only limits or bars a small part of the business or trade will be enforced. *See Gen. Commercial Packaging v. TPS Packaged, Eng'g*, 126 F. 3d 1131, 1134 (9th Cir. 1997) (finding that the contract only precluded plaintiff from dealing with certain consumers, and thus plaintiffs was only limited access to a narrow segment of the packing and shipping market, which did not prohibit plaintiff from engaging in its business of crating and packing).

The Shuey Agreement does not prohibit Mr. Lovesy from engaging in his trade or business of selling insurance products, nor does it preclude him from selling insurance products to the general public. As is obvious on the face of the Shuey Agreement, Mr. Lovesy was only precluded from selling non-AFBA products to the California National Guard. Such a limitation does not place a substantial segment of the insurance market off limits. Therefore, Plaintiffs

12

cannot state a claim under Business and Professions Code section 16600, and thus, Plaintiffs' eighth cause of action against the Shuey Defendants must be dismissed.

## III. CONCLUSION

Based on the foregoing, TGS must be dismissed for lack of personal jurisdiction, the SAC must be dismissed for lack of standing on behalf of Pacific Consolidated and Brad Lovesy and Plaintiffs' claims for Interference with Contract, Intentional Interference with Prospective Economic Advantage, Fraud, and Unfair Business Practices alleged in the Third, Fourth, Seventh, and Eighth causes of action, respectively, in the SAC must be dismissed without leave to amend.

DATED: January 22, 2008                         SEYFARTH SHAW LLP

By  /s/ Patty H. Lee
    Michael T. McKeeman
    Robin M. Cleary
    Patty H. Lee

Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously sued and served as TED SHUEY),
TGS GROUP, INC. AND THE SHUEY AGENCY, INC.

SF1 28313261.1

---

13

REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS THE SECOND AMENDED COMPLAINT/
CASE NO. 4:07 CV 02745 SBA