1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11 | BRAD LOVESY and PACIFIC              ) Case No. 4:07-cv-02745-SBA
   | CONSOLIDATED INVESTMENTS, INC., a    )
12 | Nevada Corporation,                  ) PLAINTIFFS' OPPOSITION TO
   |                                      ) DEFENDANT 5STAR FINANCIAL LLC's
13 |              Plaintiff,              ) MOTION TO DISMISS THE SECOND
   |                                      ) AMENDED COMPLAINT FOR LACK OF
14 |     vs.                              ) PERSONAL JURISDICTION
   |                                      )
15 | ARMED FORCES BENEFIT                 ) Date:  February 26, 2008
   | ASSOCIATION, individually, doing business ) Time:  1:00 p.m.
16 | as 5 STAR ASSOCIATION, 5STAR         ) Ctrm:  3
   | FINANCIAL, LLC, 5STAR FINANCIAL      ) Judge: Hon. Saundra B. Armstrong
17 | SERVICES COMPANY, and 5STAR LIFE     )
   | INSURANCE COMPANY; TED SHUEY,        )
18 | individually, doing business as THE SHUEY )
   | AGENCY, INC., and TGS GROUP, INC.,   )
19 |                                      )
   |              Defendants.             )
20 |_____)

21                          I.    **INTRODUCTION**

22      Defendant 5Star Financial LLC's ("5Star Financial") motion to dismiss the Second

23 Amended Complaint for lack of personal jurisdiction is premature. Discovery has not yet been

24 produced in this case. 5Star Financial's motion for dismissal lacks any evidentiary basis, and its

25 motion fails to allege that the SAC is insufficient to overcome a prima facie showing of

26 jurisdiction; which is currently 5Star Financial's only grounds for dismissal.

27 ///

28 ///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC

## II. LEGAL ARGUMENT

### A. PLAINTIFFS HAVE MADE A PRIMA FACIE SHOWING OF JURISDICTION.

Where the district court receives only written submissions on a motion to dismiss for lack of jurisdiction, the plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. *Rio Props. v. Rio Interlink*, 284 F. 3d 1007, 1019 (9th Cir. 2002); *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996); *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F. 2d 1280, 1285 (9th Cir. 1977). "Any greater burden - such as proof by a preponderance of the evidence - would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavits and supporting materials. Thus a plaintiff could not meet a burden of proof requiring a preponderance of the evidence without going beyond the written materials." *Data Disc, Inc.*, 557 F. 2d at 1285.

Dismissal through controversion of the facts is precisely what 5Star Financial's motion seeks to accomplish. This is not the proper standard. The Ninth Circuit requires only a prima facie showing of jurisdiction, and in determining whether Plaintiff has met this burden, all conflicts between the facts contained in the parties' affidavits must be resolved in Plaintiff's favor. *AT&T*, 94 F.3d at 588.

In the SAC, Plaintiffs alleged that Defendant 5Star Financial was formed in 1989 to act as an umbrella corporation of the for-profit businesses operated by and in reliance upon the name, reputation, and membership lists of AFBA. SAC, at ¶ 7. Plaintiffs further alleged that AFBA, The 5Star Association, 5Star Financial, 5Star Life Insurance Company, and 5Star Life share or have shared an interlocking ownership, direction, or control in that AFBA has created or controls each entity, and participates in the operation and management of the other businesses. *Id.* This information was taken largely from AFBA's own description of its relationship with 5Star Financial. AFBA's web site describes 5Star Financial as a related enterprise, formed as an umbrella organization to house companies which provide a full range of financial services,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

2

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC

including life insurance, to the general public and AFBA members.[1] That site also lists one Alexandria, Virginia address as the place of contact for AFBA, 5Star Financial, 5Star Life Insurance Company, and several other entities.

Umbrella corporations are capable of performing a wide range of activities, from providing resources or identity, to management and responsibility. Because no discovery has been done, the extent of 5Star Financial's management and control over other named Defendants in this case has yet to be ascertained. There is no requirement at the pleadings stage that Plaintiffs produce affidavits demonstrating the conversion of corporate assets or undercapitalization, as 5Star Financial claims. *AT&T*, 94 F.3d at 588. The case cited by 5Star Financial, *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 115 (9th Cir. 1980), is distinguishable in that it was a case where discovery had been done and a substantial evidentiary record was already before the court. A prima facie case of jurisdiction involves pleading sufficient facts and inferences which, if substantiated, amount to a basis for haling the defendant into this court. *Rio Props.*, 284 F. 3d at 1019.

### B. IF PLAINTIFFS' PLEADING IS INSUFFICIENT TO SATISFY JURISDICTION, ADDITIONAL DISCOVERY SHOULD BE ALLOWED BEFORE DISMISSING FOR LACK OF JURISDICTION.

Plaintiffs have been denied any opportunity to conduct discovery on the jurisdictional issues. The parties agreed to stay discovery while settlement discussions took place. When Defendants indicated that they were not prepared to engage in further discussions, Plaintiffs lifted the stay subsequent to the second Rule 26 (f) conference held on December 26, 2007. However, the parties are still in the preliminary stages of conducting discovery, and no meaningful information has changed hands.

///
///
///

---

[1] *See*, AFBA's corporate website, at: http://www.afba.com/afbamain/about-company.shtml.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC

Before dismissing claims against 5Star Financial for lack of personal jurisdiction, this Court should continue the hearing for a reasonable time to permit Plaintiffs to conduct discovery on the jurisdictional issue. "[A]court may allow discovery to aid in determining whether it has *in personam* or subject matter jurisdiction." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430, n. 24 (9th Cir. 1977). Where a more satisfactory showing of the facts is necessary, or where the question of jurisdiction is controverted, additional discovery should be granted. *Id.*

5Star Financial, in support of its motion to dismiss, has introduced the Declaration of Michael Kimo Wong, a Vice President for Regional Operations of 5Star Life Insurance Company, another Defendant in this case. The only stated basis for Mr. Wong's statements is that "through the course of my employment with 5Star, I have become familiar with the corporate structure and business of 5Star Financial LLC." *See*, Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss, at ¶ 2. ("Wong Decl."). Mr. Wong has not claimed that he is an officer, director, or person most knowledgeable of Defendant 5Star Financial, and his statements are objectionable evidence in that they lack foundation and lack personal knowledge.

Nor does Mr. Wong provide any documentary evidence to support his claims. He purports to provide testimony on matters of corporate information for 5Star Financial, such as: their tax status, the extent of their business endeavors, what real property they own, the number of shareholders and officers in common with other named Defendants, yet nowhere in his declaration does Mr. Wong state the basis for his knowledge. Wong Decl. at 4-6, 10-11, 16, 21. Using the statements of Mr. Wong, 5Star Financial summarily states that this information comprises sufficient affidavit evidence to overcome the allegations of Plaintiffs' SAC. Because Mr. Wong's statements lack foundation, and appear to lack personal knowledge, this evidence should be inadmissible.

Further, 5Star Financial's statement regarding the burden of proof at this stage of the proceedings would be erroneous even if the information provided in support of 5Star Financial's motion was from an established source. The burden of proof for 5Star Financial's motion is the same as any other motion to dismiss. Plaintiffs have provided facts and reasonable inferences sufficient to plead personal jurisdiction over 5Star Financial. SAC at ¶¶ 4, 7. 5Star Financial, in

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

4

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC

bringing this motion, asks the Court to go beyond determining whether there are facts that support Plaintiffs' claims and instead ask the Court to evaluate the evidence, which is improper in a motion challenging the pleadings. *Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1016 (E.D.C.A. 1999). A determination as to whether Plaintiffs will be able to prevail is not proper in a motion to dismiss. *U.S. v. White*, 893 F. Supp. 1423, 1428 (C.D.C.A. 1995); *Hearns v. Terhune*, 413 F. 3d 1036, 1043 (9th Cir. 2005). Therefore, the only issue is whether Plaintiffs have made an adequate prima facie claim of jurisdiction in the pleadings.

### C. JURISDICTION IS BASED UPON THE ALLEGATIONS OF ALTER EGO AND/OR AGENCY STATUS BETWEEN IT AND OTHER NAMED DEFENDANTS.

Defendant 5Star Financial is correct in asserting that Plaintiffs' claims of jurisdiction are based upon alter ego and/or agency status between it and Defendants AFBA and 5Star Life. 5Star Financial is so interrelated to AFBA and 5Star Life that it can be said to have: (1) availed itself of the privilege of conducting activities in California, (2) the claims arise out of or result from 5Star Financial's forum related activities, or (3) the exercise of jurisdiction is reasonable. *Data Disc*, 557 F .2d at 1287.

Plaintiffs have alleged that: (1) there is a unity of interest and ownership such that the separate personalities of the parent and subsidiary no longer exist, and (2) failure to disregard the parent and subsidiary's separate entities would result in fraud or injustice. *AT&T*, 94 F.3d at 591. AFBA formed 5Star Financial in 1989 to house various for profit corporations, including 5Star Life. SAC, at ¶ 7. AFBA, 5Star Life, and 5Star Financial all engage in or further the business of the sale of life insurance. *Id.* Plaintiffs alleged that AFBA assumed the obligations of 5Star under the contracts with Mr. Lovesy through its interactions with him, by engaging in business with Mr. Lovesy as to the subject matter of the contracts. *Id.* Plaintiffs stated facts tending to show that AFBA and 5Star shared a unity of interest or ownership, and that if the acts complained of were treated as those of 5Star alone, inequity would result. *Id.*; *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1115-16 (2003).

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

5

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC

1  Similar control and unity of interest and ownership is found in relation to 5Star Financial
2  as well. Mr. Wong admits that AFBA and 5Star Life each share one officer or director with 5Star
3  Financial, but declines to state who that person is. Wong Decl. at 16, 21. He also admits that
4  5Star Financial has only one shareholder, who is likely also a shareholder or director of other
5  named Defendants. *Id.* at 4-5. Additionally, 5Star Financial, AFBA, and 5Star Life each
6  purportedly share the same physical location, as noted on the AFBA website. This is another
7  indicator of interrelatedness and control.

8  This is more than adequate to establish a prima facie showing of jurisdiction. *Bautista v.
9  Los Angeles County,* 216 F.3d 837, 843 (9th Cir. 2000). A written agreement between Plaintiffs
10 and 5Star Financial is not required to assert jurisdiction; jurisdiction can be shown through
11 alleging sufficient connections to AFBA and 5Star Life to satisfy joining it to the existing theories
12 of alter ego and agency. *Dion LLC v. Infotek Wireless, Inc.,* 2007 U.S. Dist. LEXIS 83980, *8-9.
13 As in *Dion,* Plaintiffs have alleged a unity of ownership and interest, have alleged that the
14 companies engage in or exist to further the same type of business, and utilize the same office space
15 and/or business address. *Id.* This is a sufficient showing of alter ego liability, and therefore also
16 satisfies a prima facie showing of jurisdiction sufficient to justify haling this Defendant into court.

## II.  CONCLUSION

18 The crux of 5Star Financial's motion to dismiss is an argument on the merits of their
19 relationship to AFBA and 5Star Life, a claim which calls for further exploration of the facts, given
20 that no discovery has been done in this case. Notably, 5Star Financial does not argue that
21 Plaintiffs failed to allege alter ego and/or agency between the parties, only that such arguments
22 could not succeed. This is improper for a motion to dismiss. Plaintiffs have alleged interrelated or
23 overlapping control, and unity of interest, between the parties, which is sufficient at the pleadings
24 stage to satisfy a showing of alter ego and/or agency status, and consequently, to establish
25 jurisdiction over 5Star Financial.
26 ///
27 ///
28 ///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

6

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC

1  For the reasons stated above, Plaintiffs urge the Court to deny in full Defendant 5Star
2  Financial's Motion to Dismiss the Second Amended Complaint for Lack of Personal Jurisdiction.

3  Dated: February 5, 2008                    HAIGHT BROWN & BONESTEEL LLP

5                                              By: /s/ Africa Davidson
6                                              Margaret J. Grover
                                                Africa E. Davidson
7                                              Attorneys for Plaintiffs
                                                BRAD LOVESY and PACIFIC
                                                CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3345939.1

7

Case No. 4:07-cv-02745-SBA
OPPOSITION TO 5STAR FINANCIAL'S MTN
TO DISMISS SAC