1  CHARLES L. DEEM, Bar No. CA-110557
   BROOKE L. KILLIAN, Bar No. CA-239298
2  charles.deem@dlapiper.com
   DLA PIPER US LLP
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel: 619.699.2700
   Fax: 619.699.2701
5

6  Attorneys for Defendants
   ARMED FORCES BENEFIT ASSOCIATION,
7  5STAR LIFE INSURANCE, LLC, and
   5STAR FINANCIAL LLC
8

9                      UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

11

12 | BRAD LOVESY and PACIFIC                    | CASE NO.  C 07-2745 SBA
   | CONSOLIDATED INVESTMENTS,
13 | INC., a Nevada corporation,                | **SPECIAL APPEARANCE**

14 |            Plaintiff,                      | **REPLY MEMORANDUM OF POINTS
   |                                            | AND AUTHORITIES IN SUPPORT OF
15 |        v.                                  | DEFENDANT 5STAR FINANCIAL'S
   |                                            | MOTION TO DISMISS PLAINTIFF BRAD
16 | ARMED FORCES BENEFIT                       | LOVESY'S SECOND AMENDED
   | ASSOCIATION, THE 5STAR                     | COMPLAINT FOR LACK OF PERSONAL
17 | ASSOCIATION, 5 STAR FINANCIAL,             | JURISDICTION**
   | LLC, 5STAR FINANCIAL SERVICES
18 | COMPANY, and 5STAR LIFE                    | Date:      March 4, 2008
   | INSURANCE COMPANY; TED SHUEY,              | Time:      1:00 p.m.
19 | individually, doing business as THE        | Courtroom: 3
   | SHUEY AGENCY, INC., and TGS                | Judge:     Hon. Saundra B. Armstrong
20 | GROUP, INC.,

21 |            Defendants.

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3    REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
                FOR LACK OF PERSONAL JURISDICTION         CASE NO. C 07-2745 SBA

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................. 1

II. PLAINTIFFS MISAPPREHEND THE PROCEDURE FOR CHALLENGING PERSONAL JURISDICTION .................................................................................. 1

III. THE COURT LACKS PERSONAL JURISDICTION OVER 5STAR FINANCIAL LLC ............................................................................................... 3

    A. Plaintiffs' Jurisdictional Theory Is Based on Alter Ego Liability ............... 3

    B. Even Accepting Plaintiffs' Allegations as True, Which the Court Should Not Do, Plaintiffs Fail to Make Out a Prima Facie Case for Jurisdiction ... 5

    C. The Court Should Not Accept Plaintiffs' Controverted Pleading Allegations as True and, as a Result, Should Dismiss the Complaint as to 5Star Financial .................................................................................. 6

    D. 5Star Financial's Declaratory Evidence Is Admissible ............................ 8

IV. JURISDICTIONAL DISCOVERY IS NOT WARRANTED ................................. 9

V. CONCLUSION ..................................................................................................... 12

## TABLE OF AUTHORITIES

Page

### CASES

*AT&T v. Compagnie Bruxelles Lambert*,
94 F.3d 586 (9th Cir. 1996) ..................................................................................2, 5, 6, 8

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ...........................................................................................2

*Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*,
334 F.3d 390 (4th Cir. 2003) .........................................................................................10

*Cauchi v. Brown*,
51 F. Supp. 2d 1014 (E.D. Cal. 1999) .............................................................................2

*Data Disc, Inc. v. Sys. Tech. Assocs.*,
557 F.2d 1280 (9th Cir. 1977) ...........................................................................2, 3, 7, 10

*Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. Civ. 5-05-583 LKK/GGH,
2007 U.S. Dist. LEXIS 64017 (E.D. Cal. August 17, 2007) .........................................10

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
328 F.3d 1122 (9th Cir. 2003) .........................................................................................2

*Hearns v. Terhune*,
413 F.3d 1026 (9th Cir. 2005) .........................................................................................2

*Kramer Motors, Inc.*,
628 F.2d at 1177 ...........................................................................................................5, 6

*Mitan v. Feeney*,
497 F. Supp. 2d 1113 (C.D. Cal. 2007) ......................................................................2, 10

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ..................................................................................10, 11

*Protrade Sports, Inc. v. Nextrade Holdings, Inc.*,
No. C05-04039 MJJ, 2006 U.S. LEXIS 6631 (N.D. Cal. Feb. 2, 2006) .......................10

*Rano v. Sipa Press, Inc.*,
987 F.2d 580 (9th Cir. 1993) ...........................................................................................3

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) .........................................................................................2

*Taylor v. Portland Paramount Corp.*,
383 F.2d 634 (9th Cir. 1967) ...........................................................................................3

*Terracom v. Valley Nat'l. Bank*,
49 F.3d 555 (9th Cir. 1995) ...........................................................................................11

## TABLE OF AUTHORITIES
### (continued)

**Page**

*U.S. v. White*,
   893 F. Supp. 1423 (C.D. Cal. 1995) .......................................................................................2

*Wells Fargo & Co. v. Wells Fargo Express Co.*,
   556 F.2d 406 (9th Cir. 1977) ...............................................................................................10

*Wenz v. Memery Crystal*,
   55 F.3d 1503 (10th Cir. 1995) ...............................................................................................4

### STATUTES

Fed. R. Civ. P. 12(b)(2) ..............................................................................................................1, 2, 12

Fed. R. Civ. P. 12(b)(6) ....................................................................................................................1, 2

Fed. R. Evid. 601 .................................................................................................................................8

Fed. R. Evid. 602 .................................................................................................................................8

Defendant 5Star Financial LLC[1] ("5Star Financial") specially appears and hereby submits the following reply memorandum of points and authorities in support of its Motion to Dismiss Plaintiffs Brad Lovesy and Pacific Consolidated Investment LLC's ("Plaintiffs") Second Amended Complaint for Damages.

## I.  INTRODUCTION

Dismissal of 5Star Financial for lack of personal jurisdiction is appropriate and timely at this juncture. Plaintiffs fail to present *any* evidence in opposition to 5Star Financial's motion to dismiss for lack of personal jurisdiction. Worse, Plaintiffs misconstrue and twist the procedural rules that govern this motion.

The Court lacks personal jurisdiction over 5Star Financial, whether based on a theory of alter ego jurisdiction or agency jurisdiction. Plaintiffs' allegations of alter ego and agency jurisdiction are insufficient as a matter of law. Moreover, the jurisdictional allegations are contradicted by unobjectionable declaratory evidence submitted by 5Star Financial. Finally, the Court should deny jurisdictional discovery in this case, as Plaintiffs have failed to make *any showing* that jurisdiction exists in this case.

## II.  PLAINTIFFS MISAPPREHEND THE PROCEDURE FOR CHALLENGING PERSONAL JURISDICTION.

Plaintiffs misapprehend the procedure for challenging personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Consequently, Plaintiffs' brief cites cases and procedural rules, which are completely inapplicable in a motion to dismiss for lack of personal jurisdiction. 5Star Financial respectfully urges the Court to disregard Plaintiffs' incorrect procedural statement.

As the Court is aware, a motion to dismiss for lack of personal jurisdiction is brought pursuant to Federal Rule of Civil Procedure **12(b)(2)**, not Rule 12(b)(6), as cited by Plaintiffs. As such, and contrary to Plaintiffs' assertions, the Court is not bound by the procedural and

---

[1] 5Star Financial LLC was erroneously sued herein as "5Star Financial LLC, 5Star Financial Services Company."

evidentiary considerations associated with a traditional motion to dismiss.[2] Rather, in a motion challenging personal jurisdiction, the ***plaintiff*** bears the burden of proving that personal jurisdiction exists, despite the fact the defendant is the moving party. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Moreover, a court is permitted, if not obligated, to consider evidence submitted by the parties in connection with a motion to dismiss for lack of personal jurisdiction.[3] *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1118 (C.D. Cal. 2007). As stated in *Mitan*, "For purposes of a motion to dismiss…*it is appropriate when considering jurisdictional issues to look beyond the pleadings to any evidence before the Court.*" *Id.* (emphasis added).

Where a jurisdictional challenge is made as a defendant's initial response, and the court decides the motion without conducting an evidentiary hearing, the plaintiff must make a prima facie showing that personal jurisdiction exists. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). A prima facie showing means the plaintiff must present facts that, if believed, would be sufficient to establish the existence of personal jurisdiction.[4] *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). While uncontroverted and non-conclusory allegations in the complaint are assumed to be true for the purpose of a jurisdictional

---

[2] Plaintiffs erroneously represented to the Court the "burden of proof for 5Star Financial's motion is the same as any other motion to dismiss" and argued the Court is not permitted to evaluate evidence on a motion to dismiss for lack of personal jurisdiction. (Opp'n to Mot. to Dismiss, at ¶¶ 4-5.) Plaintiffs are dead wrong on both accounts. In fact, the very authority Plaintiffs cite in opposition to 5Star Financial's motion directly contradicts Plaintiffs' assertions. *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) ("As the party seeking to invoke federal jurisdiction, [Plaintiff] has the burden of establishing its existence."); *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1284-85 (9th Cir. 1977) (considering evidence in connection with motion to dismiss for lack of personal jurisdiction.).

[3] Plaintiffs cite three cases that supposedly support their incorrect contention that the Court may not evaluate evidence or consider "whether Plaintiffs will be able to prevail" in connection with this motion. Plaintiffs incredibly cite cases decided under Rule 12(b)(6), rather than Rule 12(b)(2). *See Cauchi v. Brown*, 51 F. Supp. 2d 1014, 1016 (E.D. Cal. 1999); *U.S. v. White*, 893 F. Supp. 1423, 1428 (C.D. Cal. 1995); *Hearns v. Terhune*, 413 F.3d 1026, 1043 (9th Cir. 2005). As the standard for deciding a Rule 12(b)(2) motion is different from the standard for deciding a Rule 12(b)(6) motion, the Court should disregard the 12(b)(6) cases on which Plaintiffs rely.

[4] Contrary to Plaintiffs' assertion, the "preponderance of the evidence" standard is inapplicable to this motion. "Preponderance of evidence" is an evidentiary standard, helpful for weighing conflicting evidence. Here, only one party has submitted evidence. Pleading allegations controverted by affidavits are not weighed against evidence contained in affidavits. *Data Disc, Inc.*, 557 F.2d at 1284.

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3

2
REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION          CASE NO. C 07-2745 SBA

challenge, *a court may not assume the truth of allegations in a pleading that are contradicted by a sworn affidavit*. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977); *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967). Thus, where only one party submits affidavits, "[the court's] task [is] relatively easy." *Data Disc, Inc.*, 557 F.2d at 1284. The court considers the facts contained in the affidavits, as well as any uncontroverted, non-conclusory allegations in the complaint. *Id.*

If a plaintiff makes a prima facie showing of jurisdiction and the defendant contests that showing, an evidentiary hearing is held. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 587 n.3 (9th Cir. 1993). At the evidentiary hearing, the plaintiff must prove the existence of minimum contacts for the purpose of jurisdiction by a preponderance of the evidence. *Id.*

### III. THE COURT LACKS PERSONAL JURISDICTION OVER 5STAR FINANCIAL LLC.

5Star Financial does not have sufficient minimum contacts to be subject to personal jurisdiction in the State of California. 5Star Financial presented the sworn declaration of a person with knowledge contradicting all material jurisdictional allegations in the Second Amended Complaint. In the face of this evidence, Plaintiffs presented no rebuttal evidence whatsoever. As 5Star Financial's declaration is not controverted by any admissible evidence, Plaintiffs have failed to make *any* showing, much less a prima facie showing, that jurisdiction exists in this case. Plaintiffs have failed to meet their burden of proof, and the Court should dismiss 5Star Financial for lack of personal jurisdiction.

#### A. Plaintiffs' Jurisdictional Theory Is Based on Alter Ego Liability.

As a theory of jurisdiction, Plaintiffs assert 5Star Financial is subject to personal jurisdiction in California because it purportedly is the alter ego and/or agent of Defendants Armed Forces Benefit Association[5] ("AFBA") and/or 5Star Life Insurance Company ("5Star"). (Opp'n to Mot. to Dismiss, at 5.) In limiting their theory of jurisdiction to alter ego or agency liability,

/////

---

[5] AFBA was erroneously sued herein as "AFBA, the Five Star Association."

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3

3

REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION     CASE NO. C 07-2745 SBA

1  Plaintiffs essentially concede 5Star Financial is not directly subject to general or specific personal
2  jurisdiction in California.

3       In support of their theory of jurisdiction, Plaintiffs make the following allegations in the
4  Second Amended Complaint: (1) "AFBA formed 5Star Financial, LLC in or about 1989 to act as
5  an umbrella corporation of the for-profit business operated under the umbrella of, and in reliance
6  upon the name, reputation, and membership list of, AFBA"; (2) AFBA, 5Star Financial, and 5Star
7  Life "have shared interlocking ownership, direction, or control in that AFBA has created and/or
8  controls each entity;" and (3) "AFBA participates in the operation and management of the others'
9  businesses." (Compl. at ¶ 7.) In their Opposition, Plaintiffs also assert, without presenting any
10 admissible evidence of, the following allegations: (1) 5Star Financial is listed as a "related"
11 enterprise on AFBA's website; (2) 5Star Financial shares an address in Alexandria, Virginia, with
12 AFBA and 5Star Life; and (3) AFBA, 5Star Life, and 5Star Financial "all engage in or further the
13 business of the sale of life insurance."[6] (Opp'n to Mot. to Dismiss, at 2-3, 5.)

14      Plaintiff also summarily asserts 5Star Financial shares a unity of interest and ownership
15 with AFBA and 5Star Life, and that failure to disregard the corporate form of 5Star Financial will
16 result in fraud or injustice. (Opp'n to Mot. to Dismiss, at 5; Compl. at ¶ 7.) These are legal
17 conclusions with no supporting factual allegations. Even if uncontroverted by an affidavit or
18 other evidence, conclusory allegations and legal conclusions will not be presumed true in
19 considering a motion to dismiss for lack of personal jurisdiction. *Wenz v. Memery Crystal*,
20 55 F.3d 1503, 1505 (10th Cir. 1995). Accordingly, the Court should disregard Plaintiffs' baseless
21 legal conclusions.

22      In sum, Plaintiffs' allegations, if true, merely demonstrate that 5Star Financial is the
23 parent or subsidiary of AFBA and/or 5Star Life, engages in a similar business as AFBA and/or
24 5Star Life, and shares office space and certain leadership with AFBA and/or 5Star Life. Even if

---

[6] In their Opposition, Plaintiffs appear to claim the Second Amended Complaint alleges that AFBA assumed 5Star Financial's obligations under the underlying contracts. In truth, in the Second Amended Complaint, Plaintiffs allege that AFBA assumed *5Star Life's* obligations under the contracts. As the allegation has nothing to do with 5Star Financial, it is irrelevant to this motion. (SAC at ¶ 7.)

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3

4
REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

the Court accepts each of Plaintiffs' allegations as true, which the Court need not do, Plaintiffs have not made out a prima facie case of personal jurisdiction. Further, the Court should not accept Plaintiffs' pleading allegations as true, as they are directly contradicted by evidentiary support submitted by 5Star Financial.

### B. Even Accepting Plaintiffs' Allegations as True, Which the Court Should Not Do, Plaintiffs Fail to Make Out a Prima Facie Case for Jurisdiction.

Plaintiffs cannot state a prima facie case for alter ego or agency jurisdiction, even if the Court were to accept Plaintiffs' controverted allegations as true. To state a prima facie case of jurisdiction based on a parent or subsidiary's contacts with the forum state, a plaintiff must show that the relationship between parent and subsidiary is of the type that justifies disregarding their corporate forms. *AT&T*, 94 F.3d at 591.

At a minimum, a prima facie showing of alter ego or agency jurisdiction requires a plaintiff to set forth facts indicating that the entities have something other than an ordinary parent/subsidiary relationship. *See id.* For example, the Ninth Circuit held that a prima facie showing was made in a case where the plaintiff presented affidavits indicating shareholders converted corporate assets for their own use, dealt with various corporations as if they were one, and left one or more corporations undercapitalized as a result of transferring assets among the corporations. *Id.* (describing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984)). By contrast, the Ninth Circuit found alter ego jurisdiction *did not exist* in a case where the plaintiff merely presented evidence that the parent guaranteed loans for the subsidiary, reviewed and approved the subsidiary's major decisions, placed several of its own directors on the subsidiary's board, and was closely involved in the subsidiary's pricing decisions. *Id.* (discussing *Kramer Motors, Inc. v. British Leyland, Ltd.*, 628 F.2d 1175, 1177 (9th Cir. 1980).

Contrary to Plaintiffs' argument, *Kramer* is applicable. It is inconsequential that the plaintiff in *Kramer* may have had the opportunity to conduct jurisdictional discovery. The legal standard for determining whether jurisdiction exists (*i.e.* minimum contacts) does not change because a plaintiff has or has not had the opportunity to conduct discovery, even if the threshold showing (*i.e.* prima facie showing versus full evidentiary showing) does. 5Star Financial cites

*Kramer* to illustrate the *types* of facts necessary to warrant imposition of alter ego or agency jurisdiction. 5Star Financial does not contend that Plaintiffs must make a full evidentiary showing of such facts (as Plaintiffs would be required to do after jurisdictional discovery); rather, 5Star Financial suggests, in accordance with the law of the Ninth Circuit, Plaintiffs must make a *prima facie* showing of the *types* of facts set forth in *Kramer*.

Moreover, despite to Plaintiffs' representation, *AT&T* does not stand for the proposition that Plaintiffs are excused from presenting affidavits demonstrating conversion and undercapitalization. (Opp'n to Mot. to Dismiss at 3.) Rather, *AT&T* supports the clear rule in the Ninth Circuit that a plaintiff's allegations are not assumed to be true in the face of contradictory affidavits. *AT&T*, 94 F.3d at 588. To overcome a defendant's declarations, therefore, a plaintiff must submit contrary affidavits. *See id.* Further, under *AT&T* and the cases cited therein, facts such as shareholder conversion and undercapitalization are necessary to support a prima facie case for alter ego or agency jurisdiction. *Id.* at 591. By deduction, in cases (such as this one) where a defendant submits affidavits contradicting the jurisdictional allegations in the complaint, a plaintiff must submit evidence, such as affidavits or declarations, establishing a prima facie case of jurisdiction, including evidence of facts such as shareholder conversion and undercapitalization. *See id.* at 588, 591.

Thus, to state a prima facie case of alter ego or agency jurisdiction, Plaintiffs must demonstrate something more than a traditional parent – subsidiary relationship. *AT&T*, 94 F.3d at 591. Plaintiffs' controverted pleading allegations, if assumed true, amount to nothing more than a showing that 5Star Financial is a "related entity" of AFBA. Mere participation by a parent corporation in a subsidiary's business, including through interlocking ownership, use of the same facility, and engaging in the same type of business, is not sufficient to warrant imposition of alter ego or agency jurisdiction. *Id.*; *Kramer Motors, Inc.*, 628 F.2d at 1177.

C. **The Court Should Not Accept Plaintiffs' Controverted Pleading Allegations as True and, as a Result, Should Dismiss the Complaint as to 5Star Financial.**

More importantly, the Court should not accept Plaintiffs' allegations as true, as they are controverted by the sworn declaration presented by 5Star Financial. In support of its motion to

6

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3    REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

1  dismiss, 5Star Financial submitted the declaration of Michael Kimo Wong. To the extent
2  Mr. Wong's declaration controverts Plaintiffs' allegations, Plaintiffs' allegations should not be
3  deemed true for the purposes of the motion to dismiss. *Data Disc, Inc.*, 557 F.2d at 1284.

4        In his declaration, Mr. Wong offers evidence contradicting alter ego and agency
5  jurisdiction. Specifically, Mr. Wong states: (1) 5Star Financial has no business operations, other
6  than its role as landlord of a single Virginia-based commercial premise; (2) with one exception,
7  5Star Financial has no overlapping officers, directors, or employees with AFBA; (3) AFBA does
8  not control, or exercise oversight of, 5Star Financial's decisions because 5Star Financial makes
9  no operational decisions; (4) AFBA plays no role in the day-to-day management of 5Star
10 Financial; (5) AFBA only interacts with 5Star Financial to the extent that such interaction is
11 necessary to invest in the subsidiary companies of 5Star Financial; (6) 5Star Financial's purpose
12 and goals as a financial services holding company are much broader than those of 5Star Life;
13 (7) with one exception, 5Star Financial share no officers or directors with 5Star Life; (8) 5Star
14 Financial does not control and does not review 5Star Life's decisions; and (9) 5Star Financial
15 does not participate in 5Star Life's day-to-day management. (*See generally* Decl. of Michael
16 Kimo Wong in Support of 5Star Financial's Mot. to Dismiss ("Wong Decl.").) These facts
17 contradict Plaintiffs' allegations that AFBA and 5Star control 5Star Financial, as well as
18 Plaintiffs' legal conclusion that a unity of interest exists between AFBA, 5Star Life, and 5Star
19 Financial.

20       Further, Mr. Wong's declaration contradicts Plaintiffs' legal conclusion that failure to
21 disregard the corporate form of 5Star Financial "would result in fraud or injustice." (Opp'n to
22 Mot. to Dismiss, at 5.) Mr. Wong testifies 5Star Financial has no operations of its own, other
23 than its role as the landlord of a single commercial property. 5Star Financial's operation of a
24 single real estate asset in Virginia has nothing to do with Lovesy or the public. Mr. Wong also
25 states AFBA and 5Star Life play no role in the day-to-day management of 5Star Financial and do
26 not oversee 5Star Financial's decisions. Additionally, Mr. Wong states AFBA interacts with
27 5Star Financial only in a limited investment-type capacity. Thus, based on the evidence, AFBA,
28 5Star Life and 5Star Financial are not sufficiently interrelated such that fraud or injustice might

7

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3    REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

result from recognizing their independent corporate entities.[7] Plaintiffs' legal conclusion that alter ego liability exists is absolutely unsupported by the evidence.

After stripping away all of Plaintiffs' conclusory and controverted allegations, the only remaining allegations are: (1) AFBA, 5Star Life and 5Star Financial are each engaged in the business of, or further sales of, insurance; (2) AFBA and 5Star Life each share one officer or director with 5Star Financial; and (3) 5Star Financial leases space in the building it owns to AFBA and 5Star Life. (Opp'n to Mot. to Dismiss, at 5-6.) These facts are hardly sufficient to warrant imposition of personal jurisdiction over 5Star Financial under *AT&T*, the case relied upon by Plaintiffs. *AT&T*, 94 F.3d at 591. As Plaintiffs present no admissible evidence in support of jurisdiction, the Court should dismiss the Second Amended Complaint as to 5Star Financial for lack of personal jurisdiction.

### D. 5Star Financial's Declaratory Evidence Is Admissible.

Unable to produce evidence of actual alter ego or agency jurisdiction, Plaintiffs' erroneously suggest the declaration in support of 5Star Financial's motion to dismiss lacks proper foundation. Plaintiffs' argument is without merit. A proper foundation has been laid for Mr. Wong's declaration.

To satisfy the foundation requirement for testimonial evidence, a declarant must establish only that he or she is competent to testify (competency is generally presumed) and has personal knowledge of the facts to which he or she will testify. Fed. R. Evid. 601, 602. Plaintiffs provide no legal authority for their bald assertion that a declarant must support his or her testimony with documentary evidence. To the contrary, a witness may establish a foundation of personal knowledge through any admissible evidence, including *the witness' own testimony*. Fed. R. Evid. 602.

In his declaration, Mr. Wong establishes a foundation for his personal knowledge through his own testimony. Specifically, Mr. Wong states he has personal knowledge of the facts set forth

---

[7] Indeed, Plaintiffs make no allegations of any specific injustice that might result from recognition of 5Star Financial's corporate form.

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3

8

REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION        CASE NO. C 07-2745 SBA

in his declaration. (Wong Decl. at ¶ 1.) Mr. Wong provides additional support for his personal knowledge by testifying that he is familiar with the corporate structure and business of 5Star Financial as a result of his employment at 5Star Life. (Wong Decl. at ¶ 2.) 5Star Financial is a holding company for 5Star Life and other corporate entities. (*Id.*) Mr. Wong's employment at 5Star Life obviously afforded him the opportunity and ability to learn basic facts about 5Star Financial's business, and therefore, Mr. Wong has sufficient personal knowledge to testify to the facts in his declaration.

Courts generally do not engage in credibility determinations within affidavits. *Id.* In considering an affidavit, a court "has no basis for a determination of credibility" except in rare cases "where the facts alleged in an affidavit are inherently incredible, and can be so characterized solely by a reading of the affidavit." *Id.* The Court should reject Plaintiffs' baseless skepticism of Mr. Wong's declaration in light of Mr. Wong's statements, given under penalty of perjury, that he has personal knowledge of the facts in his declaration.

Additionally, much of Mr. Wong's declaration focuses on the relationship between 5Star Life and 5Star Financial. As an employee of 5Star Life, there can be no reasonable argument Mr. Wong somehow lacks personal knowledge of the relationship between *his own employer* and 5Star Financial, the financial services holding company that owns 5Star Life. Importantly, it hardly seems appropriate Plaintiffs can claim 5Star Financial and 5Star Life are so interrelated that injustice would result if the Court were to recognize the corporate forms of those entities, and in the same breath, argue a Senior Vice President of 5Star Life could not have the opportunity and ability to observe facts about the relationship between 5Star Life and 5Star Financial. Plaintiffs' attack on Mr. Wong's declaration is baseless and nothing more than an attempt to distract the Court from the actual issues involved in this motion. Mr. Wong provided more than an adequate basis for his personal knowledge.

### IV.   JURISDICTIONAL DISCOVERY IS NOT WARRANTED

This is not a case in which jurisdictional discovery is appropriate. In opposition to the motion to dismiss, Plaintiffs failed to come forward with *any evidence* tending to establish personal jurisdiction over 5Star Financial. Even if each of Plaintiffs' allegations in the Second

9

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3    REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION    CASE NO. C 07-2745 SBA

1  Amended Complaint were true, Plaintiffs could not establish personal jurisdiction over 5Star
2  Financial. As such, jurisdictional discovery is unnecessary and unwarranted.

3  District courts have discretion to authorize jurisdictional discovery in appropriate cases.
4  "The matter [of whether to grant jurisdictional discovery] is generally left to the discretion of the
5  trial court," and the trial court's discretion will not be upset on appeal "except upon the clearest
6  showing that the dismissal resulted in *actual and substantial prejudice* to the litigant." *Wells
7  Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977) (emphasis
8  added).

9  To obtain jurisdictional discovery, a plaintiff must generally make a "colorable" showing
10  that the court may exercise personal jurisdiction over the defendant. *Mitan v. Feeney*, 497
11  F. Supp. 2d 1113, 1119 (C.D. Cal. 2007). To make a "colorable" showing, a plaintiff must "come
12  forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.*
13  Jurisdictional discovery should be denied when discovery would create an undue burden and cost
14  for the defendant, or would result in a waste of judicial resources. *See Protrade Sports, Inc. v.
15  Nextrade Holdings, Inc.*, No. C05-04039 MJJ, 2006 U.S. LEXIS 6631, *9 n.2 (N.D. Cal. Feb. 2,
16  2006) (denying jurisdictional discovery); *see also Fru-Con Const. Corp. v. Sacramento Mun.
17  Util. Dist.*, No. Civ. 5-05-583 LKK/GGH, 2007 U.S. Dist. LEXIS 64017, *32-33 (E.D. Cal.
18  August 17, 2007) (denying jurisdictional discovery regarding alter ego jurisdiction).

19  Plaintiffs have not even attempted to make a colorable showing that good cause exists for
20  jurisdictional discovery in this case. Plaintiffs presented no evidence contradicting 5Star
21  Financial's sworn declaration evidencing a lack of personal jurisdiction. Instead, Plaintiffs chose
22  to rely on the allegations in the Second Amended Complaint and bare legal conclusions. As
23  Plaintiffs' allegations are contradicted by the Declaration of Mr. Wong, the allegations are not
24  assumed to be true for the purposes of this motion. *Data Disc, Inc.*, 557 F.2d at 1284.

25  Further, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated
26  and based on bare allegations in the face of specific denials made by the defendants, the Court
27  need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th
28  Cir. 2006), *accord Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402-03

(4th Cir. 2003) (where a plaintiff "offers only speculation of conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery"). A court is also within its discretion to deny jurisdictional discovery if the plaintiff fails to demonstrate how further discovery would contradict affidavits submitted by the defendant. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995). Plaintiffs' complete failure to present "some evidence tending to establish personal jurisdiction" and, separately, to explain how jurisdictional discovery might contradict Mr. Wong's sworn declaration, are each fatal to Plaintiffs' request for jurisdictional discovery. *Pebble Beach Co.*, 453 F.3d at 1160; *Terracom*, 49 F.3d at 562.

Moreover, Plaintiffs' failure to present any evidence in support of jurisdiction is inexcusable. Plaintiffs refer generally to "descriptions" given by AFBA and refer the Court to AFBA's website, but fail to attach as evidence the purported "descriptions" or printouts from the website. Plaintiffs disagree (without basis) with the validity of Mr. Wong's declaration, but fail to file evidentiary objections. As Plaintiffs have failed to take advantage of every opportunity to present this Court with *any* evidence of jurisdiction, or to properly object to the evidence before the Court, 5Star Financial urges the Court to deny Plaintiffs' request for another opportunity through jurisdictional discovery.[8]

Jurisdictional discovery will impose an undue burden on 5Star Financial and will waste judicial resources. The financial burden imposed on 5Star Financial in conducting discovery on the issue of jurisdiction is undue in light of Plaintiffs' failure to present an iota of evidence supporting jurisdiction, despite ample opportunity. Further, as Plaintiffs cannot establish jurisdiction even if each allegation in the Second Amended Complaint were true, *see* Section III, *supra*, jurisdictional discovery would be fruitless in this case. In light of Plaintiffs' severely

/////

---

[8] Plaintiffs claim they "have been denied any opportunity to conduct discovery on the jurisdictional issues." (Opp'n to Mot. to Dismiss, at 3.) This claim is ridiculous. The Second Amended Complaint has been pending since November 16, 2007, and Plaintiffs' have initiated no discovery on 5Star Financial, jurisdictional or otherwise. Plaintiffs cannot seriously contend they have been improperly "denied" any opportunity to conduct discovery. Further, Plaintiffs' representation that they "lifted the stay" of discovery is a mischaracterization. Only a Court may unilaterally "lift" a stay on discovery. Plaintiffs reneged on a signed stipulation to stay discovery.

DLA PIPER US LLP
SAN DIEGO

11

SD\1782177.3        REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
                    FOR LACK OF PERSONAL JURISDICTION          CASE NO. C 07-2745 SBA

deficient case for jurisdiction, the Court should deny Plaintiffs' request to continue their fishing expedition through jurisdictional discovery.

### V. CONCLUSION

5Star Financial is not properly subject to jurisdiction in this Court. Not surprisingly, Plaintiffs fail to present any evidence suggesting the contrary. Plaintiffs' jurisdictional allegations cannot stand in the face of Mr. Wong's declaration, which directly contradicts the allegations in the Second Amended Complaint. Indeed, even if Plaintiffs proved each and every allegation in the Second Amended Complaint, they could not establish a prima facie showing of personal jurisdiction. For these reasons, Defendant 5Star Financial LLC respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(2), on the ground the Court lacks personal jurisdiction over 5Star Financial LLC.

As Plaintiffs fail to present any admissible evidence tending to support jurisdiction, jurisdictional discovery is inappropriate in this case. Therefore, Defendant 5Star Financial LLC requests that the Court deny Plaintiffs' request to conduct jurisdictional discovery.

Dated: February 12, 2008

                                        DLA PIPER US LLP

                                        By   /s/ Charles L. Deem
                                                CHARLES L. DEEM
                                                BROOKE L. KILLIAN
                                                Attorneys for Defendants
                                                ARMED FORCES BENEFIT ASSOCIATION,
                                                5STAR LIFE INSURANCE, LLC, and
                                                5STAR FINANCIAL LLC

DLA PIPER US LLP
SAN DIEGO

SD\1782177.3

12

REPLY PS & AS IN SUPPORT OF 5STAR FINANCIAL LLC'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION         CASE NO. C 07-2745 SBA