1    SEYFARTH SHAW LLP
     Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2    Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
     Patty H. Lee (SBN 245192) plee@seyfarth.com
3    560 Mission Street, Suite 3100
     San Francisco, California 94105
4    Telephone: (415) 397-2823
     Facsimile: (415) 397-8549
5
     Attorneys for Defendants
6    THEODORE G. SHUEY, JR. (erroneously sued as Ted Shuey),
     TGS GROUP, INC., and THE SHUEY AGENCY, INC.
7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11   BRAD LOVESY and PACIFIC           )    Case No. 4:07 CV 02745 SBA
     CONSOLIDATED INVESTMENTS, INC., a )
12   Nevada Corporation                )    **[AMENDED PROPOSED] ORDER
                                        )    GRANTING THEODORE G. SHUEY,
13            Plaintiffs,               )    JR. (erroneously sued as Ted Shuey),
                                        )    TGS GROUP, INC., AND THE SHUEY
14       v.                             )    AGENCY, INC.'S MOTION TO
                                        )    DISMISS TGS FOR LACK OF
15   ARMED FORCES BENEFIT ASSOCIATION, )    PERSONAL JURISDICTION, AND
     5STAR ASSOCIATION, 5STAR FINANCIAL )   PLAINTIFFS' THIRD, FOURTH,
16   SERVICES COMPANY, and 5STAR LIFE   )   SEVENTH, AND EIGHTH CAUSES OF
     INSURANCE COMPANY; TED SHUEY,      )    ACTION IN THE SECOND AMENDED
17   individually, doing business as THE SHUEY )  COMPLAINT
     AGENCY, INC., and TGS GROUP, INC.  )**
18                                      )    Date: March 4, 2008
                                        )    Time: 1:00 p.m.
19            Defendants.               )    Judge: Hon. Saundra B. Armstrong
                                        )    Dept./Place: Courtroom 3
20   _____)

21

22           Before the Court is Defendants Theodore G. Shuey, Jr. (erroneously sued and served as

23   Ted Shuey), TGS Group, Inc., and The Shuey Agency, Inc.'s (collectively "Defendants") Motion

24   to Dismiss ("Motion") TGS for lack of personal jurisdiction pursuant to Federal Rule of Civil

25   Procedure 12(b)(2) and the Second Amended Complaint for lack of standing on behalf of Brad

26   Lovesy and Pacific Consolidated Investments, Inc., and, additionally, to dismiss Plaintiffs Brad

27   Lovesy and Pacific Consolidated Investments, Inc.'s (collectively "Plaintiffs") Third, Fourth,

28   Seventh and Eighth Causes of Action pursuant to Federal Rule of Civil Procedure 12(b)(6).  For

                                            1
     [AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

the following reasons, the Court GRANTS Defendants' Motion to Dismiss without leave to amend.

I.    **BACKGROUND**

    **A.    Procedural History**

On May 24, 2007, Plaintiff Brad Lovesy filed a complaint ("Complaint") against Defendants Armed Forces Benefit Association ("AFBA"), 5Star Life Association ("5Star"), TGS, and Ted Shuey ("Mr. Shuey"). On June 20, 2006, Defendants AFBA and 5Star moved to dismiss the Complaint. In response, on June 20, 2006, Mr. Lovesy filed a First Amended Complaint ("FAC"), adding The Shuey Agency as a new defendant. On November 7, 2007, during a Case Management Conference, this Court ordered Mr. Lovesy to file a Second Amended Complaint ("SAC") to address the deficiencies in the FAC. On November 16, 2007, Mr. Lovesy, and a newly added plaintiff, Pacific Consolidated Investments, Inc. ("Pacific Consolidated") filed a SAC, which is the subject of the Motion that is currently before this Court.

    **B.    Factual Summary**

On September 10, 2001, Pacific Consolidated entered a Regional Sales Director Agreement with AFBA and 5Star, which was later amended to add a Regional Director Compensation Addendum on or about June 19, 2003. (SAC at ¶ 19.) On March 22, 2001, Mr. Lovesy entered into a Field Service Representative Agreement. (SAC at ¶ 22.) Pursuant to this agreement, Mr. Lovesy was authorized to solicit and obtain applications for approved life insurance products offered by AFBA and 5Star. (SAC at ¶ 23.)

On or about August 31, 2004, The Brad Lovesy Group and The Shuey Agency entered into a Memorandum of Agreement (the "Shuey Agreement"), under which The Shuey Agency agreed to provide administrator services to The Brad Lovesy Group, including implementation of payroll deductions and direct bill for the premiums due for life insurance products offered by AFBA and 5Star and sold to members of the National Guard Association of California ("NGAC"). (SAC at ¶ 28.)

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1    On or about June 6, 2007, AFBA and 5Star terminated the Regional Sales Director

2  Agreement and Field Service Representative Agreement (collectively "AFBA/5Star

3  Agreements"). (SAC at ¶ 50.)

4  **II.    LEGAL STANDARD**

5     **A.    Federal Rule of Civil Procedure 12(b)(2)**

6     Pursuant to Rule 12(b)(2), the Court may dismiss a defendant for lack of personal

7  jurisdiction over that defendant. Fed. R. Civ. P. 12(b)(2). On a motion to dismiss based on lack

8  of personal jurisdiction, the plaintiff bears the burden of proving the necessary facts invoking the

9  court's jurisdiction, i.e., minimum contacts between the defendant and the forum state. *See Rio*

10  *Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). In determining

11  whether a plaintiff has met his burden, uncontroverted allegations in the complaint are taken as

12  true. *Id*. However, a court may not assume the truth of allegations in a pleading that are

13  contradicted by a sworn affidavit. *Data Disc, Inc. v. Systems Technology Assocs., Inc. 557 F.2d*

14  *1280, 1284* (9th Cir. 1977).

15     **B.    Federal Rule of Civil Procedure 12(b)(6)**

16     Pursuant to Rule 12(b)(6), a complaint or any claim contained within a complaint may be

17  dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

18  Dismissal is appropriate as a matter of law for "(1) lack of a cognizable legal theory, or (2)

19  insufficient facts under a cognizable legal claim." *SmileCare Dental Group v. Delta Dental Plan*

20  *of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (*quoting Robertson v. Dean Witter Reynolds, Inc.*,

21  749 F.2d 530, 534 (9th Cir. 1984)); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

22  Cir. 1988). Dismissal is proper if a complaint is vague, conclusory, and fails to set forth any

23  material facts in support of the allegation. *See North Star Int'l v. Ariz. Corps. Comm'n*, 720 F.2d

24  578, 583 (9th Cir. 1983).

25     In ruling on a motion to dismiss under Rule 12(b)(6), "all allegations of material fact are

26  taken as true and construed in the light most favorable to the nonmoving party." *Cahill v.*

27  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court need not accept

28

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations

2  cast in the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th

3  Cir. 1981). Nor does the court need to assume a plaintiff can prove different facts from those he

4  has alleged. *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526

5  (1983); *see also Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027,

6  1035 (9th Cir. 2005). Moreover, the court may disregard allegations in the complaint if

7  contradicted by facts contained in documents that may be considered as part of the complaint.

8  *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co.*

9  *v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

10  **III.   ANALYSIS**

11      **A.   The Court Lacks Personal Jurisdiction Over TGS**

12          Defendants have moved to dismiss TGS from this action based on lack of personal

13  jurisdiction. In support of their Motion, Defendants submitted a Declaration from Theodore G.

14  Shuey, Jr. affirming that TGS is a Virginia corporation and that TGS does not engage in any

15  business in California. Consequently, Plaintiff must make some affirmative showing

16  establishing that TGS is subject to personal jurisdiction in California. *See Rio Properties, Inc,*

17  284 F.3d at 1019.

18          To establish that personal jurisdiction over a defendant is proper, Plaintiffs must show

19  that (1) California's long-arm statute confers personal jurisdiction over a defendant, and (2) that

20  the exercise of jurisdiction comports with the constitutional principles of due process. *See Rio*

21  *Properties, Inc.*, 284 F.3d at 1019; *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*,

22  784 F.2d 1392, 1396 (9th Cir. 1986). This second element is satisfied if a defendant has

23  minimum contacts with the forum state "such that maintenance of the suit does not offend

24  traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.

25  310, 316 (1945). Moreover, personal jurisdiction may arise as either general jurisdiction over

26  the defendant for all purposes or as specific jurisdiction over a specific cause of action involving

27  the defendant. *See Data Disc*, 557 F.2d at 1287. A state may assert general or specific

28

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  jurisdiction over a non-resident defendant. *Haisten*, 784 F.2d at 1396. General jurisdiction over

2  a defendant is appropriate if the defendant's activities in the state are "substantial" or

3  "continuous and systematic." *Haisten*, 784 F.2d at 1396; *Data Disc.*, 557 F.2d at 1287. With

4  respect to specific jurisdiction, the Ninth Circuit has adopted the following test:

5          (1) The nonresident defendant must do some act or consummate

6          some transaction with the forum or perform some act by which he

7          purposefully avails himself of the privilege of conducting activities

8          in the forum, thereby invoking the benefits and protections of its

9          laws.

10          (2) The claim must be one which arises out of or results from the

11          defendant's forum-related activities.

12          (3) Exercise of jurisdiction must be reasonable.

13      Here, Plaintiff has not set forth any facts to support a finding that general or specific

14  jurisdiction over TGS is proper. Plaintiff has not specifically set forth any evidence that TGS, a

15  Virginia corporation, has conducted "substantial" or "continuous and systematic" business

16  activities in California. In addition, Plaintiff has not presented any evidence to indicate that TGS

17  purposefully availed itself to the privileges and benefits of doing business in California. As

18  such, this Court cannot exercise personal jurisdiction over TGS, and therefore TGS is dismissed

19  with prejudice.

20

21  **B.    Pacific Consolidated And Brad Lovesy Do Not Have Standing To Maintain The Instant Action**

22      As a threshold matter, this Court must first determine whether either plaintiff, Pacific

23  Consolidated or Brad Lovesy, has standing to maintain this action against Defendants. For the

24  following reasons, the Court holds that Pacific Consolidated and Brad Lovesy do not have

25  standing.

26

27

28

5

1               1.    <u>Pacific Consolidated</u>

2           Plaintiffs' claims against Defendants in the SAC arise out of the Shuey Agreement,

3      which was an agreement between The Shuey Agency and The Brad Lovesy Group, signed by

4      Mr. Shuey and Mr. Lovesy, respectively.  The Shuey Agreement does not reference Pacific

5      Consolidated as a party to the contract, nor has Mr. Lovesy alleged any facts to indicate Pacific

6      Consolidated was a party to the contract.  To the extent that the claims in the SAC against

7      Defendants arise from the Shuey Agreement, Pacific Consolidated has not suffered any injury,

8      and thus, does not have standing to state a claim for relief against Defendants.  *See Pillsbury v.*

9      *Karmgard*, 22 Cal. App. 4th 743, 757-758 (1994) (finding standing to sue goes to the existence

10     of a cause of action); *Stocks v. City of Irvine*, 114 Cal. App. 3d 520, 531 (1981) (stating standing

11     requires a plaintiff to have suffered or is about to suffer an injury).  The claims by Pacific

12     Consolidated against Defendants are therefore dismissed with prejudice.

13              2.    <u>Brad Lovesy</u>

14         California Business and Profession Code section 17918 prohibits a person transacting

15     business under a fictitious business name from maintaining any action upon or on account of any

16     contract made in the fictitious business name, until that person has properly executed, filed, and

17     published a fictitious business name statement.  *See* Cal. Bus. & Prof. Code § 17918.

18          Here, the Shuey Agreement was between The Brad Lovesy Group and The Shuey

19     Agency.  Plaintiffs have admitted that Mr. Lovesy conducted business under the name of The

20     Brad Lovesy Group.  Therefore, for Mr. Lovesy to maintain the instant action, he must have

21     properly registered his fictitious business name of The Brad Lovesy Group in accordance with

22     California Business and Professions Code section 17910 *et al*.  Failure to do so prevents Mr.

23     Lovesy from maintaining this action.  Plaintiffs have offered no evidence to indicate that Mr.

24     Lovesy executed, filed, and published the fictitious business name statement of The Brad Lovesy

25     Group.  Therefore, Mr. Lovesy cannot maintain the instant action against Defendants, and as

26     such, the claims by Brad Lovesy against Defendants are therefore dismissed with prejudice.

27

28

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1    Notwithstanding that Plaintiffs cannot maintain this action against Defendants, the Court

2    will briefly address Plaintiffs' third, fourth, and seventh causes alleged against Defendants.

3

4    **C.    Plaintiff's Tort Causes of Action Are Improper**

        The Court also finds that Plaintiffs' third, fourth, and seventh causes of action for
5
    intentional interference with contract, intentional interference with prospective advantage, and
6
    fraud, respectively, are improper because the gravamen of Plaintiffs' claims rest on a breach of
7
    the Shuey Agreement. Where a plaintiff alleges tort liability in relation to a breach of contract
8
    claim, the court must "determine whether the essence of the claim is fundamentally based on
9
    conduct that sounds in contract or in tort." *JRS Products, Inc. v. Matsushita Elec. Corp. of*
10
    *America*, 115 Cal. App. 4th 168, 181 (2004). The essential nature of the conduct determines
11
    whether the action sounds in contract or in tort, and thus, the court must scrutinize the conduct a
12
    plaintiff alleges gave rise to the tort claims. *JRS Products, Inc.*, 115 Cal. App. 4th at 182; *Arntz*
13
    *Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal. App. 4th 464 (1996); *Khoury v.*
14
    *Maly's of California, Inc.*, 14 Cal. App. 4th 612 (1993).
15
        In the instant matter, the conduct Plaintiffs allege gave rise to their tort claims is
16
    Defendants purported failure to perform their obligations as administrator of the AFBA and
17
    5Star policies pursuant to the Shuey Agreement. (SAC at ¶ 29-31.) Plaintiffs specifically allege
18
    that Defendants breached the Agreement "by failing to collect and submit to AFBA all payroll
19
    deductions and direct billed premiums no later than the thirtieth (30th) of each month." (SAC at
20
    ¶ 82.) As a consequence of Defendants' purported failure to perform under the Shuey
21
    Agreement, Plaintiffs allege that AFBA and 5Star assessed charge-backs to Mr. Lovesy, and
22
    eventually, terminated the AFBA/5Star Agreements. (SAC at ¶¶ 50, 83.) However, such
23
    damage to Plaintiffs' business or contractual relationship with AFBA and 5Star is simply a
24
    consequence of the purported breach of the Shuey Agreement. Accordingly, Plaintiffs' claims
25
    for intentional interference with contract, intentional interference with prospective advantage,
26
    and fraud are improper and are dismissed with prejudice.
27

28

7

**D.    Plaintiffs' Fail to State A Claim For Interference with Contract Or Interference with Prospective Economic Advantage**

The gravamen of Plaintiffs' causes of action for intentional interference with contract and intentional interference with prospective economic advantage is that Defendants interfered with the AFBA/5Star Agreements by breaching the Shuey Agreement.  (SAC at ¶¶ 64-65, 72-73.) For the reasons discussed below, Plaintiffs' fail to state causes of action for intentional interference with contract and intentional interference with prospective economic advantage.

To state a cause of action for interference with contract and intentional interference with prospective economic advantage, Plaintiffs must plead (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendants' knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).  Intentional interference with prospective economic advantage also requires Plaintiffs to allege that the conduct alleged to constitute the interference was unlawful for reasons other than that it interfered with a prospective advantage. See *CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1108 (9th Cir. 2007); *Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.,* 138 Cal. App. 4th 1215, 1224 (2006); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal. 4th 376, 392-93 (1995).

1.    Interference with contract claim

As a matter of law, a claim for interference with contract is improper if the contract is "at-will."  *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1151 (2004).  Plaintiffs' claim for intentional interference with contract fails as a matter of law because the AFBA/5Star Agreements permitted either Plaintiffs or AFBA and 5Star to terminate the agreements with or without cause, thereby making them "at-will" contracts. Therefore, Plaintiffs' claim for interference with contract is dismissed with prejudice.

2.    Intentional interference with prospective economic advantage claim

Here, Plaintiffs allege that Defendants "engaged in intentional acts designed to disrupt the relationship" including "failing and refusing to collect the initial premiums on contracts that were sold, failing and refusing to follow up when service members were not making timely payments, and engaging in direct sales within the Assigned Region." (SAC at ¶ 74.) However, such alleged wrongful acts are not independent of Defendants' purported interference with the AFBA/5Star Agreements. Moreover, Plaintiffs cannot satisfy the independent wrongful act requirement by alleging "the Shuey Defendants' actions were wrongful in that they constituted a fraud upon the service members who purchased the policies" (SAC at ¶ 75) because such an allegation is wholly conclusory and it does not specifically identify the independent wrongful acts Defendants committed, nor does it plead fraud with any particularity. *See* Fed. R. Civ. P. 9(b). Accordingly, Plaintiffs fail to state a claim for intentional interference with prospective economic advantage, and this claim is dismissed with prejudice.

**E.    Plaintiff Fails to State A Cause of Action for Fraud**

In California, common law fraud requires pleading and proving five elements: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and (5) resulting damage. Cal. Civ. Code § 1709; *see Philipson & Simon v. Gulsuig,* 154 Cal. App. 4th 347, 363 (2007). Moreover, fraud must be pled with particularity. Fed. R. Civ. P. 9(b). Allegations of fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess,* 317 F.3d at 1106 (internal citations omitted).

Plaintiffs' allege that Mr. Shuey fraudulently made a verbal representation to Mr. Lovesy that all premiums due for the AFBA and 5Star policies would be timely collected through payroll deduction and there would be no resulting charge backs. However, Plaintiffs have failed to allege that Mr. Shuey knew, at the time of the alleged misrepresentation, that Defendants could not collect the premiums due for the AFBA and 5Star policies as represented and that AFBA and 5Star would assess charge backs to Plaintiffs. In addition, Plaintiffs' allegation that they

9

1  justifiably and reasonably relied on Mr. Shuey's representations are without merit.  Plaintiffs'

2  allegation that they relied on Mr. Shuey's representations and altered their position by entering

3  into the Shuey Agreement and permitting Defendants to assume duties from AFBA and 5Star are

4  inconsistent.  (SAC at ¶ 93.)  Plaintiffs' allegations that they altered their position by entering the

5  Shuey Agreement "on or about August 31, 2004" (SAC at ¶ 28) in reliance on purported

6  representations made to them "in or about September 2004"  (SAC at ¶¶ 27, 90) are also

7  inadequate.   Furthermore, Plaintiffs' claim that they "sustained damages in an amount according

8  to proof" lacks the degree of particularity required by Rule 9(b) regarding the type and general

9  nature of damages sustained resulting from the fraud.

10        Plaintiffs' have failed to allege sufficient facts to plead their fraud cause of action with

11  the requisite particularity demanded under Rule 9(b).  As such, Plaintiffs' seventh cause of action

12  for fraud against Defendants is dismissed with prejudice.

13        **F.    Plaintiffs Fail to State An Unfair Business Practices Claim**

14        Plaintiffs allege the Shuey Defendants engaged in unfair business practices in violation of

15  California's Unfair Competition Law ("UCL") by failing to properly process policies sold to the

16  public and interfering with Mr. Lovesy's right to commissions, overrides, and bonuses under the

17  AFBA/5Star Agreements.  Plaintiffs also allege that Defendants violated the UCL by

18  impermissibly restraining Mr. Lovesy's ability to engage in his trade or profession.

19              1.    Unfair Competition Law

20        California Business and Professions Code section 17200 *et seq.*, known as California's

21  Unfair Competition Law (the "UCL"), provides a statutory framework under which a private

22  litigant may seek redress for "unfair competition," which is defined by the UCL as an "unlawful,

23  unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200 & 17204.

24        Allegations of unlawful, unfair, or fraudulent acts under the UCL must be pled with a

25  reasonable degree of particularity. *Silicon Knights, Inc. v. Crystal Dynamenics, Inc.*, 983 F.

26  Supp. 1303, 1316 (N.D. Cal. 1997).  At a minimum, to sufficiently plead a cause of action under

27  the UCL, a plaintiff must state the practice it believes is unfair, unlawful, or fraudulent; allege

28

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1   facts showing the unfair, unlawful, or fraudulent nature of the practice; and generally aver that

2   the harm associated with the unfair, unlawful, or fraudulent practice outweighs its benefits. *See*

3   *Marshall v. Standard Ins. Co.*, 214 F. Supp. 2d 1062, 1071 (C.D. Cal. 2000) (claim dismissed

4   where party failed to specify, with sufficient clarity, particular practices which the party had

5   alleged were unlawful); *Khoury*, 14 Cal. App. 4th at 619 (to plead a cause of action for unfair

6   business practices, a plaintiff must state with reasonable particularity the facts supporting the

7   statutory elements of the violation); *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740

8   (1980) (claim under the UCL requires a showing that the gravity of harm outweighs the utility of

9   the defendant's conduct).

10          Here, Plaintiffs allege that Defendants violated the UCL by "failing to properly process

11  policies they sold to the public," interfering with "Mr. Lovesy's right to commissions overrides,

12  and/or bonuses in the Assigned Region," and unlawfully restraining Mr. Lovesy's ability to

13  engage in his trade of selling insurance. Plaintiffs' UCL claim fails because Plaintiffs'

14  allegations lack any facts to indicate why Defendants' purported wrongful conduct would

15  constitute "unfair and unlawful business acts or practices" within the meaning of the UCL. (*Id.*)

16          In addition, a contract only violates section 16600, however, when a person is precluded

17  *entirely* from pursuing his trade or business. *Gen. Comm. Packaging v. TPS Package*, 126 F.3d

18  1131, 1133 (9th Cir. 1997). In order to state a violation of section 16600, a plaintiff is required

19  to allege, at a minimum, that the contract placed a "substantial segment of the market off limits,"

20  such that the contract "effectively destroy[ed] the signatory's ability to conduct a trade or

21  business." *Id.* (citing *Campbell v. Bd. of Tr. of Leland Stanford Junior Univ.*, 817 F.3d 499, 502

22  (9th Cir. 1987)). Here, Plaintiff fails to state sufficient facts to support his contention that The

23  Shuey Agreement prevented him from engaging in his profession of selling insurance products

24  by placing a substantial segment of the market off limits. In fact, the Court's review of The

25  Shuey Agreement finds that under that agreement Mr. Lovesy was permitted to market AFBA

26  products to the California National Guard, and any other insurance products to the general

27  public. As such, the Shuey Agreement does not prohibit Mr. Lovesy from engaging in his trade

28

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1  or business of selling insurance products, nor does it preclude him from selling insurance

2  products to the general public.

3       Accordingly, Plaintiffs' eighth cause of action for unfair business practices is dismissed

4  with prejudice.

5  **IV.**   **CONCLUSION**

6       For the foregoing reasons, Defendants' Motion to Dismiss TGS for lack of personal

7  jurisdiction and Motion to Dismiss the SAC for lack of standing on behalf of Plaintiffs, and,

8  additionally, to dismiss Plaintiffs' third, fourth, seventh, and eighth causes of action in the SAC

9  is GRANTED without leave to amend.

10       IT IS SO ORDERED.

11

12  DATED: March ___, 2008          By_____

13                                 SAUNDRA B. ARMSTRONG
                               UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12