SEYFARTH SHAW LLP
Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
Patty H. Lee (SBN 245192) plee@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously sued as Ted Shuey),
TGS GROUP, INC., and THE SHUEY AGENCY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada Corporation<br><br>Plaintiffs,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, 5STAR ASSOCIATION, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.<br><br>Defendants. | Case No. 4:07 CV 02745 SBA<br><br>[AMENDED PROPOSED] ORDER GRANTING THEODORE G. SHUEY, JR. (erroneously sued as Ted Shuey), TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT<br><br>Date: March 4, 2008<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra B. Armstrong<br>Dept./Place: Courtroom 3 |

Before the Court is Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc., and The Shuey Agency, Inc.'s (collectively "Defendants") Motion to Strike, or in the alternative, Motion for a More Definite Statement ("Motion"), regarding portions of Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s (collectively "Plaintiffs") Second Amended Complaint. For the following reasons, the Court GRANTS Defendants' Motion to Strike.

1

[AMENDED PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

## I. BACKGROUND

### A. Procedural History

On May 24, 2007, Plaintiff Brad Lovesy filed a complaint ("Complaint") against Defendants Armed Forces Benefit Association ("AFBA"), 5Star Life Association ("5Star"), TGS, and Ted Shuey ("Mr. Shuey"). On June 20, 2006, Defendants AFBA and 5Star moved to dismiss the Complaint. In response, on June 20, 2006, Mr. Lovesy filed a First Amended Complaint ("FAC"), adding The Shuey Agency as a new defendant. On November 7, 2007, during a Case Management Conference, this Court ordered Mr. Lovesy to file a Second Amended Complaint ("SAC") to address the deficiencies in the FAC. On November 16, 2007, Mr. Lovesy, and a newly added plaintiff, Pacific Consolidated Investments, Inc. ("Pacific Consolidated") filed a SAC, which is the subject of the Motion that is currently before this Court.

### B. Factual Summary

On September 10, 2001, Pacific Consolidated entered a Regional Sales Director Agreement with AFBA and 5Star, which was later amended to add a Regional Director Compensation Addendum on or about June 19, 2003. (SAC at ¶ 19.) On March 22, 2001, Mr. Lovesy entered into a Field Service Representative Agreement. (SAC at ¶ 22.) Pursuant to this agreement, Mr. Lovesy was authorized to solicit and obtain applications for approved life insurance products offered by AFBA and 5Star. (SAC at ¶ 23.)

On or about August 31, 2004, The Brad Lovesy Group and The Shuey Agency entered into a Memorandum of Agreement (the "Shuey Agreement"), under which The Shuey Agency agreed to provide administrator services to The Brad Lovesy Group, including implementation of payroll deductions and direct bill for the premiums due for life insurance products offered by AFBA and 5Star and sold to members of the National Guard Association of California ("NGAC"). (SAC at ¶ 28.)

On or about June 6, 2007, AFBA and 5Star terminated the Regional Sales Director Agreement and Field Service Representative Agreement (collectively "AFBA/5Star Agreements"). (SAC at ¶ 50.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(f)

When a complaint contains allegations that are redundant, immaterial, impertinent, or scandalous, Rule 12(f) permits the Court to strike such improper allegations. Fed. R. Civ. P. 12(f). The court may also strike a prayer for relief which is not recoverable as a matter of law. *Estate of John Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006); *Wells v. Board of Trs. Of Cal. State Univ.*, 393 F. Supp. 2d 990, 994-95 (N.D. Cal. 2005); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996). Moreover, a motion to strike may be granted where the matter to be stricken has no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).

### B. Federal Rule of Civil Procedure Rule 12(e)

Under Rule 12(e), a party may move for a more definite statement if a pleading to which the party must respond is vague an ambiguous. Fed. R. Civ. P. 12(e). A motion for a more definite statement may be granted if the pleading is so vague or ambiguous that the responding party cannot reasonably be expected to formulate a response. *Id.*

## III. ANALYSIS

### A. Plaintiffs' Alter Ego Allegations Are Improper

Plaintiff alleges that The Shuey Agency, TGS, and Mr. Shuey are alter egos of one another, and of Defendants AFBA, The 5Star Association, 5Star Financial, LLC, 5Star Life Insurance Company, and 5Star Life (collectively the "AFBA/5Star Defendants"). (SAC at ¶¶ 11-12.) Plaintiffs' allegations are over-reaching, over-broad, and without basis. Defendants' Motion to strike paragraphs 11 and 12 of the SAC is therefore granted.

#### 1. Standard for pleading alter ego liability

In order to successfully plead alter ego liability for an underlying cause of action, a plaintiff must specifically allege both the elements of the alter ego doctrine as well as facts in support of each element. *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101, 1115 (C.D.

Cal. 2003); *see Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496, 499 (1950) (plaintiff must make allegations of fact from which it appears that recognition of the corporate entity would sanction a fraud or promote injustice). Conclusory allegations of alter-ego status are not sufficient. *Neilson*, 290 F. Supp. at 1116; *see Hokama v. E.F. Hutton & Co., Inc.*, 566 F. Supp. 636, 647 (C.D. Cal. 1983) (citation omitted). Furthermore, where a plaintiff seeks to impose liability by disregarding the corporate form, public policy dictates that imposition of alter ego liability be approached with caution. *Las Palmas Assoc. v. Las Palmas Ctr. Assoc.*, 235 Cal. App. 3d 1220, 1249 (1991) (stating that society recognizes the benefit of allowing persons and organizations to limit their business risks through incorporation and thus, alter ego liability should be imposed with caution). Accordingly, there is a general presumption in favor of respecting the corporate entity. *Calvert v. Huckins*, 875 F. Supp. 674, 678 (E.D. Cal. 1995).

To invoke the alter ego doctrine, a plaintiff must plead and prove: (1) unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow. *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004) (quoting *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).

### 2. Defendants' and AFBA/5Star are not each others alter ego

Paragraph 12 of the SAC, which contains Plaintiffs' allegations of alter ego with respect to Defendants and the AFBA/5Star Defendants as a whole is entirely deficient in that it fails to state any allegations that could support a finding of alter ego liability. Plaintiffs assert that Defendants are each the "agent, servant, employee, successor, assign, or alter ego" of the AFBA/5Star Defendants, and that Defendants performed each of the acts alleged in the complaint "within the scope of [its] authority, and with the permission and consent of each other Defendant." (SAC at ¶ 12.) These allegations are simply insufficient to plead alter ego liability. Plaintiffs have failed to set forth any factual allegations of the domination of one defendant. *Id.* As a result, the allegations in paragraph 12 cannot establish alter ego liability and therefore, have

no possible bearing on any issue involved in this litigation. *See Colaprico*, 758 F. Supp. at 1339. As such, the Court grants Defendants' Motion to Strike paragraph 12.

### 3. Plaintiffs fail to state sufficient facts to support their alter ego allegations against Defendants

In paragraph 11, Plaintiffs contend that honoring the corporate form of The Shuey Agency and TGS "would perpetrate a fraud upon the creditors of TSA [The Shuey Agency] and TGS, including Mr. Lovesy." (SAC at ¶ 11.) This allegation lacks the particularity required to indicate Defendants abused their corporate forms in a manner that resulted in fraud upon Plaintiffs. *Vess v. CIBA –Geigy Corp. USA*, 317 F.3d 1097, 1104 (finding that the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements). In addition, there is nothing in Plaintiffs' SAC to suggest that this is a situation where the alter ego doctrine is warranted because there are no facts to support any claim that The Shuey Agency or TGS abused their corporate privilege in bad faith or with the intent of prejudicing creditors, such as Mr. Lovesy. *See Cambridge Elec. Corp.*, 227 F.R.D. at 326. Accordingly, Plaintiffs' conclusory allegations are insufficient to support a finding of alter ego liability among Defendants. As such, the Court grants Defendants' Motion to Strike paragraph 11.

### B. Without A More Definite Statement, Defendants Cannot Respond To The SAC, As Plaintiffs Fail To Distinguish Among The Shuey Agency, TGS, And Mr. Shuey

Absent Plaintiffs' alter ego allegations, the SAC is vague and ambiguous in that it references Defendants jointly in all causes of action against them. Defendants cannot determine which allegations are made against each of them, and therefore, cannot reasonably be expected to formulate a response to the SAC. Accordingly, Defendants' Motion for a More Definite Statement is GRANTED with respect to all references to "the Shuey Defendants". Plaintiffs' must file a more definite statement clarifying each reference to "the Shuey Defendants" by specifying to which of TGS, The Shuey Agency, or Ted Shuey the phrase refers each time it appears in the SAC.

### C. Plaintiffs' Prayer For Relief For Punitive Damages Is Not Recoverable As A Matter of Law

Plaintiffs' prayer for relief for punitive damages is improper because (1) Plaintiffs' claims sound in contract, not tort; (2) Plaintiffs cannot show by clear and convincing evidence that Defendants' conduct was oppressive, fraudulent, or malicious; and (3) no allegation of fraud has been properly pled by Plaintiffs.

To be awarded punitive damages, Plaintiffs must show: (1) breach of an obligation by Defendants not arising from contract (*i.e.* that Defendants committed a tort); (2) Defendants committed a tort by clear and convincing evidence; and (3) in doing so, Defendants were guilty of oppression, fraud or malice. Cal. Civ. Code § 3294(a).

The conduct which gave rise to Plaintiffs' tort claims is Defendants' purported breach of the Shuey Agreement. Therefore, Plaintiffs' claims sound in contract, not tort. *See JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168, 181 (2004) (stating that the essential nature of the conduct giving rise to a plaintiff's claims determines whether the action sounds in contract or in tort). Civil Code section 3294 precludes the imposition of punitive damages for claims arising out of a breach of contract. *See also Freeman & Mills,* 11 Cal. 4th at 102-103 (breach of contract, even in bad faith, does not give rise to a cause of action for tort damages). Accordingly, Plaintiffs' claim for punitive damages for Defendants' alleged breach of the Shuey Agreement is improper as a matter of law and must be stricken from the SAC.

Notwithstanding the fact that punitive damages are not allowed in a breach of contract action, Plaintiffs have also failed to allege any facts showing oppression, fraud, or malice on the part of Defendants. Plaintiffs merely conclude that Defendants engaged in such conduct. (SAC at ¶¶ 69, 79, 95.) Such conclusory allegations are insufficient to maintain a claim for punitive damages.

Lastly, Plaintiffs have failed to plead any facts, much less plead with the requisite particularity, in support of their fraud allegation. *See* Fed. R. Civ. P. 9(b); *Vess,* 317 F.3d at 1104. As a matter of law, Plaintiffs' prayer for relief for punitive damages with respect to their

third, fourth, and seventh causes of action is improper. (*See* SAC at 21, ln. 1-2, 9-10; at 22, ln. 1-2.) As such, the Court grants Defendants' Motion to Strike Plaintiffs' prayer for relief for punitive damages at lines 1-2, 9-10 on page 21 and lines 1-2 on page 22 of the SAC.

### D. Plaintiffs Are Not Entitled To Damages Under the Unfair Competition law

Plaintiffs' seek "damages according to proof" for violation of the Unfair Competition Law ("UCL"). (SAC at 22, ln. 7.) Under California law, there is no doubt that damages are not permissible under the UCL. Cal. Bus. & Prof. Code § 17203; *see also, e.g., Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under Section 17203"); *Heller v. Norcal Mut. Ins. Co.*, 8 Cal. 4th 30, 45 (1994) ("damages are not available for claims under the [UCL]"). Federal courts have uniformly applied California law declaring damages impermissible under the UCL. *See, e.g., Cacique, Inc. v. Robert Reiser & Co.*, 169 F.3d 619, 624 (9th Cir. 1999); *Indep. Housing Servs. v. Fillmore*, 840 F. Supp. 1328, 1358 (N.D. Cal. 1993); *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 n.14 (N.D. Cal. 1990). Thus, to the extent Plaintiffs request damages in their prayer for relief for violation of the UCL, such relief is clearly not recoverable as a matter of law. Accordingly, Defendants' Motion to strike Plaintiffs' prayer for relief for damages under the UCL is granted, and the Court strikes line 7 on page 22 of the SAC.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike is GRANTED. The following portions of the Second Amended Complaint are hereby stricken with prejudice:

1. Paragraphs 11 and 12 in their entirety;
2. Lines 1-2 on page 21: "For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future."
3. Lines 9-10 on page 21: "For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future."
4. Lines 1-2 on page 22: "For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future."

5. Line 7 on page 22: "For damages according to proof."

Further, Defendants' Motion for a More Definite Statement is GRANTED. Plaintiffs' shall provide a more definite statement with respect to all references to "the Shuey Defendants" in the Second Amended Complaint. Plaintiffs' shall have twenty (20) days from the date of this order to file a more definite statement clarifying each reference to "the Shuey Defendants." Specifically, Plaintiffs must state, with respect to each reference to "the Shuey Defendants", whether the phrase refers to TGS, The Shuey Agency, or Ted Shuey.

IT IS SO ORDERED.

DATED: March ___, 2008                                  By_____
                                                                        SAUNDRA B. ARMSTRONG
                                                                        UNITED STATES DISTRICT JUDGE

SF1 28316541.1