1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California  94105-2981
4  Telephone:  415.546.7500
   Facsimile:  415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC              )   Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a     )
12  Nevada corporation,                  )   **THIRD AMENDED COMPLAINT FOR**
                                         )   **DAMAGES FOR:**
13             Plaintiff,                )
                                         )   **1. BREACH OF CONTRACT,**
14       vs.                             )   **2. BREACH OF THE COVENANT OF**
                                         )   **   GOOD FAITH AND FAIR**
15  ARMED FORCES BENEFIT                 )   **   DEALING,**
    ASSOCIATION, individually, doing business )   **3. INTERFERENCE WITH**
16  as 5 STAR ASSOCIATION; 5STAR LIFE    )   **   PROSPECTIVE ECONOMIC**
    INSURANCE COMPANY; TED SHUEY,        )   **   ADVANTAGE,**
17  individually, doing business as THE SHUEY )   **4. FRAUD,**
    AGENCY, INC., and TGS GROUP, INC.,   )   **5. UNFAIR BUSINESS PRACTICES,**
18                                       )   **   AND**
               Defendants.              )   **6. FOR AN ACCOUNTING**
19  _____)
                                             **DEMAND FOR TRIAL BY JURY**
20

21       Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. allege as follows:

22                        **PARTIES TO THE ACTION**

23       1.      At all times relevant hereto, Plaintiff Brad Lovesy was an individual and a resident

24  of the State of California, employed in the County of San Francisco.  At all times relevant hereto,

25  The Brad Lovesy Group was not a name under which Mr. Lovesy conducted business, and was

26  not an entity formally organized under the laws of any state.[1]  Plaintiffs are informed and believe,

27  _____

28       [1] The Lovesy Group was a name chosen by Defendant Ted Shuey for the purpose of
    drafting the Memorandum of Agreement between Brad Lovesy and Defendant The Shuey Agency,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County
BL23-0000001
3371344.1                              1

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1   and upon that basis allege that Ted Shuey, The Shuey Agency, Inc., and TGS Group, Inc. at all

2   times had actual knowledge that The Lovesy Group was not an independent legal entity. Plaintiffs

3   are further informed and believe, and upon that basis allege that Ted Shuey, The Shuey Agency,

4   Inc., and TGS Group, Inc. knew that in engaging in business with The Lovesy Group, that

5   Defendant was doing business with Brad Lovesy, an individual. At all times relevant hereto,

6   Plaintiff Pacific Consolidated Investments, Inc. a Nevada Corporation, conducted business under

7   the name Pacific Consolidated LLC ("Pacific Consolidated").

8       2.      Plaintiffs are informed and believe and upon that basis allege that Defendant

9   Armed Forces Benefit Association (AFBA) is, and at all times relevant hereto was, a non-profit

10  voluntary membership association, having its principal place of business in Alexandria, Virginia,

11  and doing business in the City and County of San Francisco, State of California.

12      3.      Plaintiffs are informed and believe and upon that basis allege that Defendant The

13  5Star Association is, and at all times relevant hereto was, a business entity, form unknown, having

14  its principal place of business in Alexandria, Virginia, and doing business in the City and County

15  of San Francisco, State of California.

16      4.      Plaintiffs are informed and believe and upon that basis allege that Defendant 5Star

17  Life Insurance Company (5Star Life) is, and at all times relevant hereto was, a business entity,

18  form unknown, having its principal place of business in Alexandria, Virginia, and doing business

19  in the City and County of San Francisco, State of California. Plaintiffs are further informed and

20  believe that 5Star Life was formed by the 5Star Association, and is operated under the umbrella of,

21  and in reliance upon the name, reputation, and membership list of, AFBA. Plaintiffs are further

22  informed and believe that AFBA actively promotes the insurance services provided through 5Star

23  Life.

24      5.      Plaintiffs are informed and believe and upon that basis allege that AFBA either

25  does business under the name The 5Star Association or formed The 5Star Association to further its

---

27  in order to represent both Brad Lovesy and the agents who worked on his behalf soliciting the
    National Guard. Mr. Lovesy did not sign the Memorandum of Agreement on behalf of The Brad

28  Lovesy Group. As noted on the document, the signature line names only Brad Lovesy. However,
    the Court raised issue in their Order of March 13, 2008, and Mr. Lovesy hereby attaches his
    Fictitious Business Name Statement as Exhibit A to this complaint.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

2

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1  activities, including for-profit activities; AFBA actively promotes the products of 5Star Life by,

2  among other things, linking its website to the website of 5Star Life and prominently displaying the

3  AFBA logo on training, marketing, and promotional materials; The 5 Star Association, and 5Star

4  Life both purported to engage in business with Plaintiffs as to the subject matter of the contracts

5  referenced herein; AFBA, The 5Star Association, and 5Star Life, have shared or interlocking

6  ownership, direction, or control in that AFBA has created and/or controls each entity; AFBA

7  participates in the operation and management of the others' businesses.  As such, Plaintiffs are

8  informed and believe that Defendants AFBA, The 5Star Association, and 5Star Life are, each and

9  every one, responsible for Plaintiffs' claims under the contracts referenced herein.

10      6.      Plaintiffs are informed and believe and upon that basis allege that Defendant Ted

11  Shuey is, and at all times relevant hereto was, an individual and a resident of the State of Virginia,

12  doing business in the City and County of San Francisco, State of California.

13      7.      Plaintiffs are informed and believe and upon that basis allege that Defendant The

14  Shuey Agency, Inc. is, and at all times relevant hereto was, a business entity, form unknown,

15  having its principal place of business in Alexandria, Virginia, and doing business in the City and

16  County of San Francisco, State of California.

17      8.      Plaintiffs are informed and believe and upon that basis allege that Defendant TGS

18  Group, Inc. is, and at all times relevant hereto was, a business entity, form unknown, having its

19  principal place of business in Alexandria, Virginia, and doing business in the City and County of

20  San Francisco, State of California.

21      9.      Plaintiffs are informed and believe and upon that basis allege that Defendants Ted

22  Shuey, The Shuey Agency, and TGS Group have shared ownership in that Ted Shuey is the sole

23  or controlling shareholder of each; The Shuey Agency, and TGS Group each participates in the

24  others' business, as may be directed by Ted Shuey, such that each purported to engage in business

25  with Brad Lovesy as to the subject matter of the contracts referenced herein; and the assets of The

26  Shuey Agency, and TGS Group are intermingled and treated by Ted Shuey as his own.  Plaintiffs

27  are informed and believe, and upon that basis allege that Defendants Ted Shuey, The Shuey

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

3

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1   Agency, and TGS Group are, each and every, responsible for Plaintiffs' claims under the contract

2   referenced herein.

3                                **JURISDICTION AND VENUE**

4        10.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1332, as

5   the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between

6   citizens of different States.

7        11.    Venue is appropriate pursuant to 28 U.S.C. Section 1391 because a substantial part

8   of the events or omissions giving rise to the claim occurred in the Northern District of California.

9                                **COMMON ALLEGATIONS**

10       12.    AFBA was established in February 1947 with the approval of the Chief of Staff,

11  General of the Army, Dwight David Eisenhower.  AFBA was "to promote the general welfare and

12  economic interests of its members and their families by providing superior benefits and services

13  principally to military families during peace and war."

14       13.    Plaintiffs are informed and believe and on that basis allege that AFBA, The 5Star

15  Association, and 5Star Life presently provide life insurance and other financial products to nearly

16  300,000 service members and their families.  Insurance is written by for-profit businesses that are

17  part of the AFBA family of corporations, including The 5Star Association and 5Star Life.  The

18  AFBA, The 5Star Association, and 5Star Life entities engage in joint marketing and promotion of

19  the life insurance and other financial products.

20       14.    Plaintiffs are informed and believe and on that basis allege that AFBA established

21  AFBA Life Insurance Company in or about July 1996.  Plaintiffs are further informed and believe

22  that AFBA Life Insurance Company underwrites most of AFBA's group life insurance programs.

23  Plaintiffs are further informed and believe and on that basis allege that AFBA Life Insurance

24  Company did amend its Articles of Incorporation, in October 2000, to change its name to 5Star

25  Life Insurance Company.

26       15.    Plaintiff Pacific Consolidated has a long history of serving as Regional Sales

27  Director and Field Service Representative for AFBA, The 5Star Association, and 5Star Life.  Mr.

28  Lovesy was a member of Pacific Consolidated with his predecessor in the business, Blossom

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

4

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1  Osopsky, and Pacific Consolidated was the sole marketer and solicitor of insurance products to the

2  National Guard. Mr. Osopsky's and Mr. Lovesy's ability to market to the National Guard was the

3  only way AFBA, The 5Star Association, and 5Star Life could get their products to the National

4  Guard.    After Mr. Osopsky's death, Mr. Lovesy became the exclusive person marketing to the

5  National Guard.

6       16.    On or about September 10, 2001, Pacific Consolidated LLC entered a Regional

7  Sales Director Agreement with 5Star Life to oversee the solicitation and sale of approved products

8  to the National Guard, including AFBA insurance policies, by agents under Mr. Lovesy's

9  management.    On or about June 19, 2003, 5Star Life amended the Regional Sales Director

10  Agreement by adding a Regional Director Compensation Addendum.  That Addendum, entered

11  into after the death of Mr. Osopsky, was signed individually by Mr. Lovesy.

12       17.    Under the September 10, 2001 Regional Sales Director Agreement, Mr. Lovesy

13  served as Regional Sales Director to the National Guard for the states of Arizona, California,

14  Nevada, New Mexico, and Utah (the "Assigned Regions").[2]  Where these states listed more than

15  one Regional Director, the other director handled business to other branches of the Armed Forces.

16  Because Pacific Consolidated was the sole marketer to the National Guard, it was the custom and

17  practice of 5Star Life to inform individuals wishing to sell to the National Guard that they were

18  required to contact Mr. Lovesy directly in order to do so.

19       18.    In accordance with that custom and practice, under the September 10, 2001

20  Regional Sales Director Agreement, 5Star Life told Mr. Lovesy that he was to receive overrides

21  on all business produced by the Field Sales Representatives in the Assigned Regions where he

22  served as a Regional Director.

23       19.    On or about March 22, 2001, Mr. Lovesy, Pacific Consolidated LLC, and 5Star

24  Life entered an Independent Field Service Representative Agreement.

25

26

27

28
     _____

     [2]  See, Regional Directors Listings, attached hereto as Exhibit B.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

5

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

20.     Under the Field Service Representative Agreement, Mr. Lovesy was authorized to solicit and obtain applications for approved insurance products, including AFBA products, to members of the National Guard.

21.     Defendant 5Star Life was the recipient of all policies produced by Plaintiffs from the inception in 2001 of both the Regional Director and Field Service Representative Agreements for the purpose of processing.  5Star Life, or AFBA as a related entity, conducted in house processing of all policies until approximately August 2004.

22.     Until approximately August 2004, Mr. Lovesy operated smoothly and profitably as Regional Sales Director and as a Field Service Representative.  He had established procedures for assuring that the policy applications were received by 5Star Life so that they could be processed by them in a timely manner ,and for collecting the initial premiums on contracts that were sold and for following up when service members were not making timely payments.  As a result of these procedures, policies were duly issued, service members were provided the coverage they expected, and only a minimal number of the contracts sold by Mr. Lovesy and his agents were cancelled due to non-payment of premiums.

23.     In or about August 2004, Ted Shuey and The Shuey Agency were injected into the relationship between Mr. Lovesy and 5Star Life.  5Star Life advised Mr. Lovesy that unless he agreed to use the services of Ted Shuey and The Shuey Agency as third party administrators for policies he procured, and those procured by the Field Service Representatives in the Assigned Regions, Mr. Lovesy's business in the Assigned Regions would be taken over by Ted Shuey, who also had a relationship with the National Guard.

24.     5Star Life advised Mr. Lovesy that they wished to engage Ted Shuey and The Shuey Agency to administer the policies being issued as a result of Brad Lovesy's performance under the Regional Director Agreement and Field Service Agreement, as Ted Shuey had a unique ability to process payroll deductions from service members.  Over the course of several meetings held in Sacramento on or about June 2004 between Michael Kimo Wong, Ted Shuey, and Mr. Lovesy, Mr. Wong indicated that under the agreement that would be drawn up by Ted Shuey, Mr. Lovesy could only sell AFBA products.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

6

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

25.    In or about September 2004, Ted Shuey made a presentation, which was attended by Mr. Lovesy and several of the individuals who worked with him soliciting and obtaining applications for 5Star Life. During that presentation, Shuey explained the benefits of The Shuey Agency serving as an administrator. Shuey explained that the The Shuey Agency could assure that *all* premiums due for the 5Star Life policies would be collected through payroll deduction. According to Ted Shuey, The Shuey Agency had a well-established procedure for implementing payroll deductions that was so efficient that, if Mr. Lovesy signed an agreement with The Shuey Agency as administrator, there would be *no* charge backs resulting from failure to collect premiums.

26.    On or about August 31, 2004, and upon the urging of 5Star Life, Plaintiffs signed a Memorandum of Agreement with The Shuey Agency to service the California National Guard. Under that Memorandum to provide processing services, Plaintiffs were required to cease offering products other than the group SSLI program, Better Alternative, and Select Term products offered through AFBA, even though Mr. Lovesy's agreements with 5Star Life were silent as to what kinds of products Mr. Lovesy could offer.

27.    The Memorandum of Understanding between Plaintiffs and The Shuey Agency also provided that The Shuey Agency would collect and submit to AFBA all payroll deduction and direct billed premiums no later than the thirtieth (30th) of each month, and that AFBA would subsequently pay Mr. Lovesy for his services. Although Mr. Lovesy signed the Memorandum of Agreement with The Shuey Agency, all subsequent communications with Mr. Lovesy regarding marketing under the Memorandum was done through TGS Group and/or Ted Shuey, individually, and not through The Shuey Agency.

28.    When Mr. Lovesy expressed his concern that he would have to give up soliciting a product offered through Colorado Banker, which had provided him with a steady income stream for approximately 3 years, Michael Kimo Wong, a Senior Vice President of AFBA and Regional Vice President of 5Star Life, assured Mr. Lovesy that the AFBA products being administered through the Ted Shuey, TGS Group, and The Shuey Agency would be so lucrative that he would not miss the income from the Colorado Banker products.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

7

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1    29.    Ted Shuey, TGS Group, and The Shuey Agency failed to perform their promises as

2  administrator under the Memorandum.   Ted Shuey, TGS Group, and The Shuey Agency had

3  difficulty with properly implementing the payroll deduction for a significant portion of the policies

4  procured by Mr. Lovesy and other Field Service Representatives in the region assigned to

5  Mr. Lovesy.

6    30.    From the onset, it became clear that the Ted Shuey, TGS Group, and The Shuey

7  Agency could not process the applications and follow up appropriately on those that were unpaid.

8  Applications that normally would have taken 4 weeks to process under the old AFBA and/or 5Star

9  Life system took 3 to 12 months or more to process.  When Mr. Lovesy questioned the delays, he

10  was told by Ted Shuey not to worry, because this was "normal."

11    31.    As Mr. Lovesy learned of these and many other problems, he repeatedly requested

12  that Ted Shuey, TGS Group, and The Shuey Agency follow up with service members and take all

13  steps necessary to assure that payroll deductions were processed in a timely manner and that other

14  problems be promptly resolved.

15    32.    Mr. Lovesy's requests were met with resistance and Ted Shuey, TGS Group, and

16  The Shuey Agency failed to take the necessary steps.

17    33.    Ted Shuey, TGS Group, and The Shuey Agency also failed to submit the policies

18  to AFBA in a timely manner, resulting in cancelled policies and charge-backs to Mr. Lovesy.

19    34.    On many occasions, Mr. Lovesy was instructed to place false dates on applications,

20  so that it would appear that the application was current.  Mr. Lovesy was concerned both about the

21  legality of this practice and the potential impact on insurance coverage.   For some service

22  members, the processing delay created significant problems.

23    35.    Some service members had applied for insurance and had been deployed before the

24  Ted Shuey, TGS Group, and The Shuey Agency processed the policy.  When Ted Shuey, TGS

25  Group, and The Shuey Agency requested a re-dated application, Mr. Lovesy could not comply

26  because the service member had been assigned to active duty in Iraq or Afghanistan.

27    36.    Some service members applied for insurance before turning 50 years old and, as a

28  result, were not required to take a physical.  However, by the time Ted Shuey, TGS Group, and

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

8

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1    The Shuey Agency processed the application, the service member had turned 50 and it became

2    necessary for them to complete a physical before their application was completely processed.

3    Service members on active duty in Iraq or Afghanistan could not comply with this requirement

4    and were, as a result, denied the coverage that they believed was already providing security for

5    their family members and loved ones. In some cases the applicant returned from deployment

6    before the policy was processed.

7        37.    Mr. Lovesy's complaints to AFBA and 5Star Life about the Ted Shuey, TGS

8    Group, and The Shuey Agency's failures to follow up with service members and to take all steps

9    necessary to assure that payroll deductions were processed in a timely manner were ignored.

10    AFBA and 5Star Life refused to provide Mr. Lovesy with information about the processing of

11    policies and payment of premiums that would have enabled Mr. Lovesy to increase significantly

12    the number of policies upon which payment was made in a timely manner. AFBA and 5Star Life

13    also refused to process the policies themselves, despite having both the ability to do so and the

14    knowledge of numerous deficiencies on the part of Ted Shuey, TGS Group, and The Shuey

15    Agency.

16        38.    Ted Shuey also began to solicit AFBA products to the National Guard in Arizona,

17    Nevada, and Utah, all of which were within the regions assigned to Mr. Lovesy under his

18    Agreements with 5Star Life. Ted Shuey solicited this business with the approval of 5Star Life,

19    who violated their custom and practice of enforcing Mr. Lovesy's exclusive right to operate in

20    these areas. Ted Shuey was also given the business in Washington, a state for which Mr. Lovesy

21    had received approval from 5Star Life to operate as a new territory. This authorization was

22    subsequently withdrawn in favor of the Ted Shuey.

23        39.    Mr. Lovesy's objections to the usurpation of the territory were ignored by Kimo

24    Wong of AFBA and 5Star Life, who claimed he had no control of the Shuey Defendants, even

25    though 5Star Life had to give their approval for the sale of AFBA products in those regions by

26    Ted Shuey.

27        40.    Plaintiffs are informed and believe, and on that basis allege, that despite 5Star

28    Life's prior agreement to grant him the sole right to solicit in these territories, 5Star Life accepted

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

9

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1   insurance policy applications solicited by the Ted Shuey and/or individuals who had agreements to

2   work with Ted Shuey, TGS Group, or The Shuey Agency.  Plaintiffs are further informed and

3   believe, and on that basis allege, that despite 5Star Life's prior agreement to pay him

4   commissions, overrides, and/or bonus for all policies issued in these territories, 5Star Life issued

5   insurance policies to service members who had been solicited by Ted Shuey, TGS Group, or The

6   Shuey Agency and/or individuals who had agreements to work with those Defendants, and

7   credited commissions and overrides to Ted Shuey, TGS Group, or The Shuey Agency on such

8   policies, without advising Mr. Lovesy of the policies or paying him the commissions, overrides,

9   and/or bonuses to which he was entitled.

10      41.    AFBA refused to provide Mr. Lovesy with information regarding payment of

11   premiums on the policies he solicited under the Memorandum with Ted Shuey, which would have

12   allowed Mr. Lovesy to follow up and assure that payments were received, so that policies could

13   remain in place and he could avoid the imposition of charge-backs.

14      42.    Mr. Lovesy raised some of his concerns regarding Ted Shuey's failures and

15   interference in early 2006 to AFBA, 5Star Life, and Ted Shuey  He also raised concerns that

16   AFBA, 5Star Life, and Ted Shuey were misleading and taking advantage of service members in

17   the pricing of policies.  AFBA had a reasonably priced life insurance policy, which provided

18   $250,000.00 in coverage for a premium of $16.00 per month.  However, Mr. Lovesy was told not

19   to sell that policy unless the service member also purchased a policy that provided only

20   $10,000.00 in coverage but cost $3.66 per month.   The marketing of the two policies was

21   deceptive, at best, as the service members were not told that they were actually purchasing two

22   separate policies.

23      43.    On or about February 28, 2006, Mr. Lovesy advised Michael Kimo Wong of the

24   problems and concerns, including concerns that AFBA, 5Star Life, and Ted Shuey were

25   misleading and taking advantage of service members.  When Mr. Lovesy raised his concerns, Ted

26   Shuey, TGS Group, and The Shuey Agency, in response, promptly purported to cancel the

27   Memorandum of Agreement by a letter of termination erroneously indicating that Mr. Lovesy had

28   not fulfilled the Agreement.  Ted Shuey further notified Mr. Lovesy that he would be taking the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

10

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1  SSLI program under the structure of TGS Group and/or The Shuey Agency.  This caused

2  significant interruption and interference with the business operations of Mr. Lovesy and has

3  resulted in the loss of income and prospective economic advantage.

4      44.    Mr. Lovesy, during his tenure as Regional Sales Director for 5Star Life, was

5  provided by AFBA with a Birthday List, which he could use to solicit potential insureds.  For most

6  of the time that he received the Birthday List, Mr. Lovesy permitted other agents to work the leads

7  contained on the Birthday List.

8      45.    For two months in 2006, Mr. Lovesy personally made sales calls based upon the

9  Birthday List.  Mr. Lovesy's Birthday List solicitation was very successful and resulted in a

10  dramatic increase in sales as compared to the other agents who he had permitted to work the

11  Birthday List, which included the states of Alaska, Arizona, California, Montana, Nevada, New

12  Mexico, Oregon, Utah, and Wyoming.

13      46.    Mr. Lovesy reasonably anticipated that, as he established his own procedures for

14  use of the Birthday List and followed up on policies procured through the Birthday List, it would

15  generate even greater profits for both Mr. Lovesy and AFBA.

16      47.    In or about October 2006, in response to Mr. Lovesy's raising concerns about the

17  deceptive practices and failure to provide service members with insurance coverage, AFBA ceased

18  providing Mr. Lovesy with the Birthday List and has failed and refused to provide the Birthday

19  List.

20                               **FIRST CAUSE OF ACTION**

21                               **(Breach of Contract)**

22                               **(Against 5Star Life)**

23      48.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 47 as

24  though fully set forth herein.

25      49.    Plaintiffs have performed all conditions, covenants, and promises required under

26  the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service

27  Representative Agreement, except where prevented or excused from performance.

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

11

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

50.    Defendants 5Star Life breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, violating the custom and practice under those contracts through the authorization of Ted Shuey, TGS Group, and The Shuey Agency to sell AFBA and 5Star Life products to the National Guard in regions assigned solely to Mr. Lovesy, and by failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy.

51.    Mr. Lovesy is informed and believes that 5Star Life refused to pay commissions and overrides due to him under the Agreements permitting him rights within the Assigned Regions as orally agreed to and practiced for years, and instead, paid such commissions and overrides to the Ted Shuey, TGS Group, and The Shuey Agency and/or persons or entities affiliated with Ted Shuey, TGS Group, and The Shuey Agency.

52.    Defendants 5Star Life breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, frustrating Mr. Lovesy's attempts to perform under the Agreements by and through 5Star Life's refusal to cure the widespread failures to process policies despite having the knowledge and ability to do so, having formerly processed policies under the Agreements.

53.    Mr. Lovesy is further informed and believes that 5Star Life refused to pay commissions and overrides due to him, asserting that they had a right of offset on such commissions and overrides due to charge backs for policies sold when 5Star Life had failed and refused to make reasonable efforts to collect the premiums or process policies after gaining actual knowledge that Ted Shuey, TGS Group, and The Shuey Agency and/or persons or entities affiliated with Ted Shuey, TGS Group, and The Shuey Agency were failing and refusing to collect premiums or process policies.

54.    Defendants further breached the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things, terminating the agreements in response to Mr. Lovesy's efforts to obtain performance from Defendants 5Star Life and their agents, Ted Shuey, TGS Group, and The Shuey Agency.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

12

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

55. As a proximate result of 5Star Life's breach of the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, Plaintiffs have sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

## SECOND CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

### (Against 5Star Life)

56. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 55 as though fully set forth herein.

57. The 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement contained implied covenants of good faith and fair dealing, under which 5Star Life promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of those agreements in retaliation for lawful action taken to assure performance of those agreements.

58. Plaintiffs have performed all conditions, covenants, and promises required under the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, except where prevented or excused from performance.

59. Defendant breached the covenant of good faith and fair dealing implied in the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement by, among other things: requiring Mr. Lovesy to rely upon Ted Shuey, TGS Group, and The Shuey Agency to process policies as a condition of his continued employment with 5Star Life; permitting Ted Shuey, TGS Group, and The Shuey Agency to solicit policies in the Assigned Regions; and failing and refusing and continuing to fail and refuse to pay amounts due to Mr. Lovesy under the Agreements.

60. As a proximate result of the 5Star Life's breach of the covenants of good faith and fair dealing contained in the 2001 Regional Sales Director Agreement, as amended, and the Independent Field Service Representative Agreement, Plaintiffs have sustained damages in an amount according to proof, including prejudgment interest on all unpaid sums as permitted by law.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

13

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

### THIRD CAUSE OF ACTION

#### (Interference with Prospective Economic Advantage)

#### (Against Ted Shuey, TGS Group, and The Shuey Agency)

61.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 60 as though fully set forth herein.

62.     Mr. Lovesy procured numerous insurance policies on behalf of 5Star Life.    In addition, Independent Field Service Representatives in the Assigned Regions procured numerous insurance policies on behalf of 5Star Life.

63.     Pursuant to the terms of his agreements with 5Star Life, Mr. Lovesy was to receive commissions and overrides on each of the policies issued in the Assigned Regions.

64.     Ted Shuey, TGS Group, and The Shuey Agency knew of the sales of insurance policies and Mr. Lovesy's right to receive commissions and overrides on each of the policies issued in the Assigned Regions.

65.     Ted Shuey, TGS Group, and The Shuey Agency engaged in intentional acts designed to disrupt the relationship, including, but not limited to, failing and refusing to collect the initial premiums on contracts that were sold, failing and refusing to follow up when service members were not making timely payments, and engaging in direct sales within the Assigned Regions in contravention of the known custom and practice under the Agreements.

66.     Additionally, Ted Shuey, TGS Group, and The Shuey Agency sought to market combinations of insurance policies which resulted in added costs to service members in exchange for minimal additional insurance coverage.    AFBA's Better Alternative Program offered a significant amount of coverage for a reasonable monthly price.    However, this program was only marketed and offered in conjunction with the sale of the State Program, which offered less than a tenth of the amount of coverage.    The State Program cost a third of the Better Alternative Program, yet provided less than a tenth of the amount of coverage, resulting in lowered risk and increased revenue to AFBA, Ted Shuey, TGS Group, and The Shuey Agency.    The fact that the combinations of insurance policies resulted in very little additional coverage to the service members was not disclosed.    Such actions were wrongful in that they constituted a fraud upon the

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

14

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1  service members who purchased policies, subject to separate legal action and/or professional

2  censure or sanction; and such actions were also wrongful in that they purported to make Plaintiffs

3  instrumentalities of that fraud.

4      67.    All of these actions impeded Mr. Lovesy's ability to: ethically and/or legally

5  perform under his contracts with 5Star Life, collect premiums, and follow up when service

6  members were not making timely payments.

7      68.    As a result of actions or omissions by Ted Shuey, TGS Group, and The Shuey

8  Agency, the relationship between Plaintiffs, the service members who purchased policies, and

9  5Star Life, was breached or disrupted.

10     69.    As a proximate result of the alleged actions, Mr. Lovesy has sustained damages in

11 an amount according to proof, including prejudgment interest on all unpaid sums as permitted by

12 law.

13     70.    Plaintiffs are informed and believe, and on that basis allege, that the Shuey

14 Defendants acted with fraud, oppression, or malice for the purpose of interfering with

15 Mr. Lovesy's operations or for the purpose of competing with Mr. Lovesy, or with the intention of

16 causing or recklessly disregarding the probability of causing injury to Mr. Lovesy.  Defendants'

17 actions, as alleged herein, warrant an assessment of exemplary damages in a sum according to

18 proof at trial.

### FOURTH CAUSE OF ACTION

**(Breach of Contract)**

**(Second Count)**

**(Brad Lovesy Against Ted Shuey, TGS Group, and The Shuey Agency)**

23     71.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 70 as

24 though fully set forth herein.

25     72.    Brad Lovesy had performed all conditions, covenants, and promises required under

26 the 2004 Memorandum of Agreement entered into by and between Mr. Lovesy and The Shuey

27 Agency, and performed by and between Mr. Lovesy and Ted Shuey, TGS Group, and The Shuey

28 Agency, except where prevented or excused from performance.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

15

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

73.   Ted Shuey, TGS Group, and The Shuey Agency breached the 2004 Memorandum by failing to collect and submit to AFBA all payroll deductions and direct billed premiums no later than the thirtieth (30th) of each month.

74.   As a proximate result of Ted Shuey, TGS Group, and The Shuey Agency's breach of the Memorandum, Mr. Lovesy has sustained damages which resulted in AFBA and 5Star Life asserting charge-backs to Mr. Lovesy. These charge-backs were the direct result of Ted Shuey, TGS Group, and The Shuey Agency's failures to collect and promptly submit all payroll deductions and direct billed premiums from servicemen based on policies procured by Mr. Lovesy. As a further direct and proximate result of this breach of contract by Ted Shuey, TGS Group, and The Shuey Agency, Mr. Lovesy's agreements were terminated.

## FIFTH CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

### (Second Count)

### (Brad Lovesy Against Ted Shuey, TGS Group, and The Shuey Agency)

75.   Plaintiffs incorporate the allegations contained in Paragraphs 1 through 74 as though fully set forth herein.

76.   The 2004 Memorandum of Agreement contained an implied covenant of good faith and fair dealing, under which the Defendants promised, among other things, that they would take no action to deny Mr. Lovesy the benefits of that agreement in retaliation for lawful action taken to assure performance of that agreement.

77.   Mr. Lovesy has performed all conditions, covenants, and promises required under the 2004 Memorandum of Agreement, except where prevented or excused from performance.

78.   Ted Shuey, TGS Group, and The Shuey Agency breached the covenant of good faith and fair dealing implied in the 2004 Memorandum of Agreement by, among other things, failing to timely process policies, complete payroll, or direct payment requests, thereby frustrating Mr. Lovesy's attempt to procure new contracts.

79.   In further breach of the covenant of good faith and fair dealing, Defendants terminated the Memorandum of Agreement in retaliation for Mr. Lovesy complaining to AFBA,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

16

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1  5Star Life, and the National Guard Association of California regarding Ted Shuey, TGS Group,

2  and The Shuey Agency's failure to process applications and complete payroll or direct payment

3  requests in a timely manner.

4      80.    As a proximate result of the breach of the covenant of good faith and fair dealing

5  contained in the Memorandum of Agreement, Mr. Lovesy has sustained damages in an amount

6  according to proof, including prejudgment interest on all unpaid sums as permitted by law.

7                              **SIXTH CAUSE OF ACTION**

8                                      **(Fraud)**

9                              **(Against 5Star Life)**

10     81.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 80 as

11 though fully set forth herein.

12     82.    In an effort to induce Mr. Lovesy to permit The Shuey Agency to provide

13 administrative services, 5Star Life represented that unless Mr. Lovesy agreed to be bound to the

14 terms of the Memorandum of Agreement with The Shuey Agency, 5Star Life would breach the

15 Regional Director and Field Service Agreements by allowing Ted Shuey to solicit within the

16 regions assigned to Mr. Lovesy.

17     83.    Mr. Lovesy stood to lose his lucrative income under the Regional Director

18 Agreement and the Field Service Agreement if he did not agree to enter into the Memorandum of

19 Agreement with Ted Shuey and The Shuey Agency.

20     84.    5Star Life knew these statements were false when made, and knew that it intended

21 to permit Ted Shuey, TGS Group, and The Shuey Agency to solicit the National Guard for the sale

22 of AFBA products within regions assigned to Mr. Lovesy.

23     85.    5Star Life made these statements with the intent to induce Mr. Lovesy to agree to

24 be bound to the terms of the Memorandum of Agreement, which restricted him from selling any

25 non-AFBA products.  In particular, 5Star Life sought to prevent Mr. Lovesy from offering a

26 Colorado Banker product, which netted Mr. Lovesy approximately $6,000.00 per month.  5Star

27 Life offered to preserve Mr. Lovesy's ability to perform under the Regional Director and Field

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

17

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1  Service Agreements, with the intent to make him to alter his position and enter into an

2  administrative agreement with The Shuey Agency.

3      86.    Mr. Lovesy did justifiably and reasonably rely on 5Star Life's promises and alter

4  his position by entering in the Memorandum of Agreement, permitting Ted Shuey, TGS Group,

5  and The Shuey Agency to assume the processing of applications and collection of premiums on

6  policies procured in the Assigned Regions.

7      87.    As a proximate result of the alleged actions, Plaintiffs have sustained damages in

8  an amount according to proof, including prejudgment interest on all unpaid sums as permitted by

9  law.

10     88.    Plaintiffs are informed and believe, and on that basis allege, that 5Star Life acted

11 with fraud, oppression, or malice for the purpose of interfering with Mr. Lovesy's operations or

12 with the intention of causing or recklessly disregarding the probability of causing injury to

13 Mr. Lovesy. Defendant's actions, as alleged herein, warrant an assessment of exemplary damages

14 in a sum according to proof at trial.

**SEVENTH CAUSE OF ACTION**

**(Unfair Business Practices)**

**(Against All Defendants)**

18     89.    Plaintiffs incorporate the allegations contained in Paragraphs 1 through 88 as

19 though fully set forth herein.

20     90.    In approximately 2003, 5Star Life advised Plaintiffs that, if they did not enter into

21 an agreement with The Shuey Agency, Ted Shuey would begin to sign up service members

22 directly in California, precluding Plaintiffs and the Field Service Representatives they worked

23 with from selling AFBA and 5Star products.  The Agreement presented by The Shuey Agency

24 prevented Mr. Lovesy from offering any products other than the group SSLI program, Better

25 Alternative, and Select Term products offered through AFBA.  Specifically, Mr. Lovesy was

26 required to give up soliciting a product offered through Colorado Banker, a product that had

27 provided him with a steady income stream for approximately 3 years.  Mr. Lovesy was forced to

28 accept this restriction in order to continue selling the AFBA products.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

18

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

91.    As communicated in several meetings held in Sacramento between Michael Kimo Wong, Ted Shuey, and Mr. Lovesy months before the Memorandum of Agreement was signed, 5Star Life had actual knowledge that the Memorandum would prevent Mr. Lovesy from selling any non-AFBA product.  By insisting that Plaintiffs either lose any realistic ability to sell AFBA products, or give up their ability to sell other products, Defendants violated California Business and Professions Code Section 16600, which states "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."  This Agreement purported to inhibit Plaintiffs from doing business with a substantial portion of the market, and was an impermissible restraint of trade. Defendants' actions constituted unfair business practices, which deprived Mr. Lovesy of the benefits and privileges and concomitant monetary gains to which he was entitled while Defendants continued to accrue unjust gains by virtue of their wrongful conduct.

92.    Defendants Ted Shuey, TGS Group, and The Shuey Agency's conduct in routinely failing to properly process policies they sold to the public, and refusal to act to correct their failure to process policies constituted unfair and unlawful business acts or practices within the meaning of the Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.* The acts were unfair and unlawful in that Defendants knowingly left unprotected service members who had acted to purchase insurance policies, and believed that they were covered by such insurance policies.

93.    Defendants' AFBA, 5 Star Life, Ted Shuey, TGS Group, and The Shuey Agency's conduct in failing to disclose the "piggybacking" of expensive, low coverage insurance products along with the sale of affordable, high coverage insurance products they sold to the public constituted unfair and unlawful business acts or practices within the meaning of the Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*

94.    Defendant 5Star Life's conduct in causing Mr. Lovesy to lose commissions that he would have earned selling Colorado Banker products, and to lose commissions and/or bonuses on sales in the Assigned Regions which went to Defendants Ted Shuey, TGS Group, and The Shuey Agency, further constituted unfair and unlawful business acts or practices within the meaning of

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

19

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1    the Unfair Competition Law, California Business and Professions Code Sections 16600 and

2    17200, *et seq.*

3        95.     As a result of Defendants' unfair and unlawful business acts or practices, Plaintiffs

4    have been denied the benefits to which they are entitled under applicable law.

5        96.     Plaintiffs are informed and believe and upon that basis allege that Defendants have

6    been unjustly enriched by their wrongful conduct, which thereby justifies penalties imposed by

7    statute, and any other remedy allowed by law.

8                                **EIGHTH CAUSE OF ACTION**

9                                 **(For an Accounting)**

10                        **(Against AFBA and 5Star Life)**

11        97.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 96 as

12    though fully set forth herein.

13        98.     The exact amount of money due from 5Star Life as a result of this Defendant's

14    breach of duties, improper charge backs and withholdings, and failure to account for income is

15    unknown and cannot be ascertained without an accounting from Defendants of the amount of

16    money received and distributed.

17        99.     AFBA is now asserting that certain charge-backs apply to Mr. Lovesy's

18    commissions and earnings under the Memorandum. As a result, 5Star Life has failed to pay Mr.

19    Lovesy the commissions that he has earned as a result of his status as a Field Service

20    Representative and Regional Sales Director for 5Star Life. AFBA claims that certain charge-

21    backs apply to off-set the commissions earned. What charge-backs are being alleged and as to

22    which commissions owed these alleged charge-backs have been or will be applied is known only

23    by AFBA and 5Star Life.

24        100.    Plaintiffs request that this Court order an accounting by AFBA and 5Star of all

25    monies received in connection with policies issued in the Assigned Regions and amounts paid to

26    Mr. Lovesy.

27        101.    Plaintiffs further request judgment for all sums due, as shown by such an

28    accounting.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

20

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1

## **REQUEST FOR RELIEF**

2       WHEREFORE, Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.,

3   respectfully request entry of judgment and relief as follows:

4       First Cause of Action:

5       1.      For general and special damages in an amount to be proven at trial together with

6   interest thereon;

7       2.      For interest in accordance to proof;

8       3.      For cost of suit; and

9       4.      For such other and further relief as the Court deems just and proper.

10      Second Cause of Action:

11      1.      For general and special damages in an amount to be proven at trial together with

12  interest thereon;

13      2.      For interest in accordance to proof;

14      3.      For attorneys' fees;

15      4.      For cost of suit; and

16      5.      For such other and further relief as the Court deems just and proper.

17      Third Cause of Action:

18      1.      For general and special damages in an amount to be proven at trial together with

19  interest thereon;

20      2.      For exemplary damages in an amount sufficient to punish Defendants and to

21  prohibit such conduct in the future;

22      3.      For interest in accordance to proof;

23      4.      For cost of suit; and

24      5.      For such other and further relief as the Court deems just and proper.

25      Fourth Cause of Action:

26      1.      For general and special damages in an amount to be proven at trial together with

27  interest thereon;

28      2.      For interest in accordance to proof;

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

21

Case No. 4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Fifth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For interest in accordance to proof;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

Sixth Cause of Action:

1.    For general and special damages in an amount to be proven at trial together with interest thereon;

2.    For exemplary damages in an amount sufficient to punish Defendants and to prohibit such conduct in the future;

3.    For interest in accordance to proof;

4.    For cost of suit; and

5.    For such other and further relief as the Court deems just and proper.

Seventh Cause of Action:

1.    For cost of suit; and

2.    For such other and further relief as the Court deems just and proper.

Eighth Cause of Action:

1.    For an accounting;

2.    For disgorgement or restitution of amounts improperly held by Defendants;

3.    For cost of suit; and

4.    For such other and further relief as the Court deems just and proper.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

22

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

1    Dated:  April 2, 2008                        HAIGHT BROWN & BONESTEEL LLP

2

3                                                 By: /s/ Margaret J. Grover
                                                      Margaret J. Grover
4                                                     Attorneys for Plaintiffs
                                                      BRAD LOVESY and PACIFIC
5                                                     CONSOLIDATED INVESTMENTS, INC.

6                                    **JURY DEMAND**

7            Mr. Lovesy demands a trial by jury.

8

9    Dated:  April 2, 2008                        HAIGHT BROWN & BONESTEEL LLP

10

11                                                By: /s/ Margaret J. Grover
                                                      Margaret J. Grover
12                                                    Attorneys for Plaintiffs
                                                      BRAD LOVESY and PACIFIC
13                                                    CONSOLIDATED INVESTMENTS, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3371344.1

23

Case No.  4:07-cv-02745-SBA
THIRD AMENDED COMPLAINT

# EXHIBIT A

| FILING FEE | COUNTY CLERK'S FILING STAMP |
|---|---|
| $41.00 For first business name on statement<br>$ 2.00 For each additional business name filed on same statement and<br>    doing business at the same location<br>$ 2.00 For each additional owner in excess of one owner<br><br>1 BE SURE TO READ INSTRUCTIONS ON REVERSE<br>2. SEND ALL 4 COPIES TO MENDOCINO COUNTY CLERK. 501 Low Gap<br>    Rd , Room 1020, Ukiah, CA 95482  We will keep original and return<br>    other copies (one certified) after filing. (Please include a stamped, self-<br>    addressed envelope.) | Endorsed Filed<br>on 01/31/2008 as 2008-F0065<br>Mendocino County Clerk-Recorder |

### FICTITIOUS BUSINESS NAME STATEMENT
The following person(s) is (are) doing business as:

THE BRAD LOVESY GROUP

Fictitious Business Name(s)

47920 SIGNAL PORT CREEK RD     PO BOX 1112 GUALALA CA 95445

Street Address, City, State & Zip of Principal Place of Business in California     Mailing Address (if different)

| | |
|---|---|
| BRADLEY JAMES LOVESY | |
| Full Name of Registrant | Full Name of Registrant |
| 47920 SIGNAL PORT CREEK RD | |
| Residence Address | Residence Address |
| GUALALA   CA   95445 | |
| City      State      Zip | City      State      Zip |
| | |
| (If Corporation or Limited Liability Company, show state of incorporation) | (If Corporation or Limited Liability Company, show state of incorporation) |
| | |
| Full Name of Registrant | Full Name of Registrant |
| | |
| Residence Address | Residence Address |
| | |
| City      State      Zip | City      State      Zip |
| | |
| (If Corporation or Limited Liability Company, show state of incorporation) | (If Corporation or Limited Liability Company, show state of incorporation) |

(If More Than 4 Registrants -- Attach Additional Sheet Showing Owner Information)

This business is conducted by:   ☒ an Individual   ☐ Husband and Wife   ☐ a General Partnership   ☐ a Limited Partnership
☐ a Corporation   ☐ Copartners   ☐ a Trust   ☐ Joint Venture   ☐ a Limited Liability Company
☐ an Unincorporated Association - other than a Partnership   ☐ State or Local Registered Domestic Partners

The registrant commenced to transact business under the fictitious business name or names listed above on 8/31/04

I declare that all information in this statement is true and correct.
(A registrant who declares as true information which he or she knows to be false is guilty of a crime.)

SIGNATURE OF REGISTRANT _____

BRAD LOVESY

Print name of person signing. If corporation, also print corporate title of officer. If LLC, also print title of officer or manager.

This statement was filed with the County Clerk of Mendocino County on date indicated by file stamp above.

| NOTICE - IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920:<br>A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END<br>OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE<br>OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN<br>SUBDIVISION (b) OF SECTION 17920; WHERE IT EXPIRES 40 DAYS<br>AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT<br>PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE<br>RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW<br>FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE<br>THE EXPIRATION<br><br>THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE<br>THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN<br>VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE,<br>OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND<br>PROFESSIONS CODE)<br><br>☒ NEW    ☐ RENEWAL | I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY<br>OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.<br><br>SUSAN M. RANOCHAK<br>COUNTY CLERK<br><br>BY _____ DEPUTY<br><br>File No. 2008 FCC65 |

FILE WITH COUNTY CLERK
REVISED 2007

# EXHIBIT B



## Find Your Nearest
## Field Service Representative

**Step 1)**
To find the Regional Director in your area, please enter your State or the area of residence here:

NV : Nevada    [ Submit ]

**Step 2)**
Listed Below are the Regional Director(s) in your area who can assist you with more information about 5Star Insurance Products:

**1**
**BRADLEY J LOVESY**
**PO BOX 1118**
**GUALALA, CA 95445**
**BUSINESS PHONE**        **(866) 884-3011**
**FAX**                   **(707) 884-3011**
**E-MAIL**                **BLovesy@earthlink.net**

To better serve you, please include your name, mailing address, and e-mail address.

Thank You.

[ ✉ ] **E-mail Us**

Home | Life Insurance | Health Insurance
5Star Bank | Mutual Funds



## Find Your Nearest
## Field Service Representative

**Step 1)**
To find the Regional Director in your area, please enter your State or the area of residence here:

UT : Utah          [ Submit ]

**Step 2)**
Listed Below are the Regional Director(s) in your area who can assist you with more information about 5Star Insurance Products:

**1**
**BRADLEY  J  LOVESY**
**PO BOX 1118**
**GUALALA,  CA  95445**
**BUSINESS PHONE**          **(866) 884-3011**
**FAX**                     **(707) 884-3011**
**E-MAIL**                  **BLovesy@earthlink.net**

To better serve you, please include your name, mailing address, and e-mail address.

Thank You.

**E-mail Us**

Home | Life Insurance | Health Insurance
5Star Bank | Mutual Funds

https://secure.afba.com/forms/FSR/Find_fsr/find_fsr.asp?action=disresults          3/23/2006



AFBA The

# 5STAR ASSOCIATION

### Find Your Nearest
### Field Service Representative

**Step 1)**
To find the Regional Director in your area, please enter your State or the area
of residence here:

NM : New Mexico          [ Submit ]

**Step 2)**
Listed Below are the Regional Director(s) in your area who can
assist you with more information about 5Star Insurance Products:

**1**
**BRADLEY  J  LOVESY**
**PO BOX 1118**
**GUALALA,  CA  95445**
**BUSINESS PHONE**          **(866) 884-3011**
**FAX**                          **(707) 884-3011**
**E-MAIL**                      **BLovesy@earthlink.net**

To better serve you, please include your name, mailing address, and e-mail address.

Thank You.

 **E-mail Us**

Home | Life Insurance | Health Insurance
5Star Bank | Mutual Funds



## Find Your Nearest
## Field Service Representative

**Step 1)**
To find the Regional Director in your area, please enter your State or the area of residence here:

AZ : Arizona          [ Submit ]

**Step 2)**
Listed Below are the Regional Director(s) in your area who can assist you with more information about 5Star Insurance Products:

**1**
**GREGORY H SHROPE**
**5804 EAST 27th PLACE**
**YUMA, AZ 85365**
**BUSINESS PHONE**          **(928) 329-6177**
**FAX**                              **(928) 329-1429**
**E-MAIL**                          **gshrope@adelphia.net**

**2**
**BRADLEY J LOVESY**
**PO BOX 1118**
**GUALALA, CA 95445**
**BUSINESS PHONE**          **(866) 884-3011**
**FAX**                              **(707) 884-3011**
**E-MAIL**                          **BLovesy@earthlink.net**

To better serve you, please include your name, mailing address, and e-mail address.

Thank You.

**E-mail Us**

Home | Life Insurance | Health Insurance