1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
   Patty H. Lee (SBN 245192) plee@seyfarth.com
3  560 Mission Street, Suite 3100
   San Francisco, California 94105
4  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
5
6  Attorneys for Defendants
   THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY),
   TGS GROUP, INC., AND THE SHUEY AGENCY, INC.
7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11 | BRAD LOVESY and PACIFIC                    ) Case No. 4:07 CV 02745 SBA
   | CONSOLIDATED INVESTMENTS, INC., a          )
12 | Nevada corporation,                        ) **THEODORE G. SHUEY, JR.**
   |                                            ) **(erroneously sued as TED SHUEY), TGS**
13 |              Plaintiffs,                    ) **GROUP, INC., AND THE SHUEY**
   |                                            ) **AGENCY, INC.'S NOTICE OF**
14 |      v.                                     ) **MOTION AND MOTION TO DISMISS**
   |                                            ) **PLAINTIFFS' THIRD, FOURTH,**
15 | ARMED FORCES BENEFIT ASSOCIATION, ) **FIFTH, AND SEVENTH CAUSES OF**
   | individually, doing business as 5STAR      ) **ACTION IN THE THIRD AMENDED**
16 | ASSOCIATION, 5STAR LIFE INSURANCE,         ) **COMPLAINT; MOTION TO STRIKE;**
   | COMPANY; TED SHUEY, individually, doing    ) **MEMORANDUM OF POINTS AND**
17 | business as THE SHUEY AGENCY, INC., and    ) **AUTHORITIES IN SUPPORT**
   | TGS GROUP, INC.                            ) **THEREOF**
18 |                                            )
   |              Defendants.                    ) Date:  June 3, 2008
19 |                                            ) Time:  1:00 p.m.
   |                                            ) Judge: Hon. Saundra B. Armstrong
20 |                                            ) Courtroom: 3
   |                                            )
21 |                                            ) Accompanying Documents:
   |                                            ) 1.  Declaration of Theodore G. Shuey, Jr.
22 |                                            ) 2.  Request for Judicial Notice
   |                                            ) 3.  [Proposed] Order
23 |_____)

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO DISMISS AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on June 3, 2008 at 1:00 p.m., or as soon thereafter as can be heard before the Honorable Saundra B. Armstrong in Courtroom 3, 3rd Floor, of the United States District Court, Northern District of California, located at 1301 Clay Street, Oakland, California 94612, Defendants Theodore G. Shuey, Jr. (erroneously sued as Ted Shuey), TGS Group, Inc., and The Shuey Agency, Inc. will and hereby do move the Court for an order dismissing Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s third, fourth, fifth, and seventh causes of action alleged in the Third Amended Complaint ("TAC"), and striking paragraph nine of the TAC.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the third, fourth, fifth, and seventh causes of action in the TAC fails to state a claim upon which relief can be granted. This motion is also made pursuant to Federal Rule of Civil Procedure 12(f) on the grounds that Plaintiffs' alter ego allegations contained within paragraph nine of the TAC are improper as a matter of law.

Prior to filing the instant motion, Defendants' counsel attempted in good-faith to meet and confer regarding the instant motion with Plaintiffs' counsel. On April 8, 2008, Defendants' counsel sent a meet and confer correspondence to Plaintiffs' counsel regarding the instant motion. On April 14, 2008, Plaintiffs' counsel informed Defendants' counsel that a response to the meet and confer correspondence would not be provided until Ms. Africa Davidson's return to the office on April 21, 2008.

This motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Mr. Shuey, Request for Judicial Notice, the pleadings and records on file with this Court, and such evidence and oral argument as may be presented at the hearing on this motion.

2

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

1    DATED: April 16, 2008                    SEYFARTH SHAW LLP

2

3                                             By _____

4                                                Michael T. McKeeman
                                                 Robin M. Cleary
                                                 Patty H. Lee
5

6                                             Attorneys for Defendants
                                              THEODORE G. SHUEY, JR. (erroneously
7                                             sued as TED SHUEY),
                                              TGS GROUP, INC., AND THE SHUEY
8                                             AGENCY, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

1

# TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................4

II.     STATEMENT OF FACTS ....................................................................................5

III.    LEGAL STANDARD............................................................................................6

        A.      The Court May Dismiss A Complaint That Fails To State A Claim Upon Which
                Relief Can Be Granted Pursuant to Rule 12(b)(6) ....................................................6

        B.      Rule 12(f) Authorizes The Court To Strike Any Portion Of The Complaint That Is
                Redundant, Immaterial, Impertinent, Or Scandalous................................................7

        C.      The Court May Consider Documents Outside The Pleadings In Ruling On A
                Motion to Dismiss .....................................................................................................8

IV.     LEGAL ARGUMENT ..........................................................................................8

        A.      Plaintiffs Fail To State A Claim For Intentional Interference With Prospective
                Economic Advantage Against Defendants ................................................................8

                1.      Plaintiffs fail to plead conduct that establishes that the interference was
                        independently wrongful ...............................................................................9

                2.      Plaintiffs' allegation of fraud lacks particularity and does not satisfy the
                        independent wrongful act requirement .......................................................10

                3.      The Court should dismiss this cause of action with prejudice...................11

        B.      The Court Should Strike Plaintiffs' Cloaked Alter Ego Allegations....................12

        C.      Plaintiffs Cannot State A Claim Against TGS And Mr. Shuey For Breach of
                Contract, Breach Of The Covenant Of Good Faith and Fair Dealing, Or Unfair
                Business Practices ..................................................................................................13

                1.      TGS and Mr. Shuey were not parties to the Agreement, and thus, they
                        cannot be held liable for any purported breach of the Agreement.............13

                2.      Alter ego liability does not exist as these allegations were previously
                        stricken by this Court ................................................................................15

                3.      Plaintiffs cannot state a claim for unfair business practices against TGS
                        and Mr. Shuey...........................................................................................16

                4.      The Court should dismiss TGS and Mr. Shuey with prejudice .................16

V.      CONCLUSION....................................................................................................17

i

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

# TABLE OF AUTHORITIES

**Cases**

*Albrecht v. Lund,*
    845 F.2d 193 (9th Cir. 1988) ................................................................. 12, 17

*Allen v. Beverly Hills,*
    911 F.2d 367 (9th Cir. 1990) ......................................................................... 11

*Assoc. Gen. Contractors v. Cal. State Council of Carpenters,*
    459 U.S. 519 (1983)...................................................................................... 7

*August Entm't, Inc., v. Philadelphia Indem. Ins. Co.,*
    146 Cal. App. 4th 565 (2007) ..................................................................... 14

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988) ........................................................................ 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. __, 127 S.Ct. 1955 (2007).............................................................. 7

*Branch v. Tunnell,*
    14 F.3d 449 (9th Cir. 1994) ........................................................................... 8

*Bureerong v. Uvawas,*
    922 F. Supp. 1450 (C.D. Cal. 1996) .............................................................. 7

*Cambridge Elec. Corp. v. MGA Elec., Inc.,*
    227 F.R.D. 313 (C.D. Cal. 2004) ................................................................ 13

*Colaprico v. Sun Microsystems,*
    758 F. Supp. 1335 (N.D. Cal. 1991) .............................................................. 7

*Conley v. Gibson,*
    355 U.S. 41 (1957)....................................................................................... 7

*CRST Van Expedited, Inc. v. Werner Enters.,*
    479 F.3d 1099 (9th Cir. 2007) ....................................................................... 8

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
    11 Cal. 4th 376 (1995) ............................................................................. 8, 9

*Durning v. First Boston Corp.,*
    815 F.2d 1265 (9th Cir. 1987) ....................................................................... 7

*Epis, Inc. v. Fid. & Guar. Lif. Ins. Co.,*
    156 F. Supp. 2d 1116 (N.D. Cal. 2001) ....................................................... 15

*Erkenbrecher v. Grant,*
    187 Cal. 7 (1921) ...................................................................................... 13

*Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club,*
    407 F.3d 1027 (9th Cir. 2005) ....................................................................... 7

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ................................................................................. 9

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) .......................................................................... 8

*Navarro v. Mukasey*,
    04-70324, 2008 U.S. App. LEXIS 4550 ...................................................... 14

*Neilson v. Union Bank of Cal. N.A.*,
    290 F. Supp. 1101 (C.D. Cal. 2003) ............................................................ 13

*Neufeld v. Balboa Ins. Co.*,
    84 Cal. App. 4th 759 n.2 (2000) ................................................................... 11

*Nishi-matsu Const. Co. v. Houston Nat'l Bank*,
    515 F.2d 1200 (9th Cir. 1987) ........................................................................ 7

*Noll v. Carlson*,
    809 F.2d 1446 (9th Cir. 1987) ................................................................ 12, 17

*North Star Int'l v. Ariz. Corps. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) .......................................................................... 6

*Ove v. Gwinn*,
    264 F.3d 817 (9th Cir. 2001) .......................................................................... 7

*Schmier v. United States Court of Appeals*,
    279 F.3d 817 (9th Cir. 2002) ........................................................................ 16

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*,
    88 F.3d 780 (9th Cir. 1996) ............................................................................ 6

*Smith v. Simmons*, CV05-01187,
    2007 U.S. Dist. LEXIS 70833 (E.D. Cal. Sept. 25, 2007) ........................... 14

*Sole Energy Co. v. Petrominerals Corp.*,
    28 Cal. App. 4th 212 (2005) ........................................................................... 9

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal. App. 4th 523 (2000) ......................................................................... 14

*Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*,
    138 Cal. App. 4th 1215 (2006) .............................................................. 9, 10, 11

*U.S. Liability Ins. Co. v. Haidinger-Hayes*, Inc.,
    1 Cal. 3d 586 (1970) .................................................................................... 15

*United States v. Ritchie*,
    342 F. 3d 903 (9th Cir. 2003) ......................................................................... 8

*Vess v. CIBA-Geigy Corp., USA*,
    317 F.3d 1097 (9th Cir. 2003) ...................................................................... 10

iii

*W. Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981) ........................................................................... 7

*Welles v. Turner Entm't Co.,*
    05-55742, 2007 U.S. App. LEXIS 21712 ...................................................... 14

**Rules**

Fed. R. Civ. P. 12(f) ....................................................................................... 7

Fed. R. Civ. P. 9(b) ....................................................................................... 10

Federal Rule of Civil Procedure 12(b)(6) .............................................. 6, 7, 8

**Statutes**

Cal. Civ. Code § 1638 ................................................................................... 14

California Business and Profession Code section 16600 ............................ 16

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Theodore G. Shuey, Jr. ("Mr. Shuey"), TGS Group, Inc. ("TGS"), and The Shuey Agency, Inc. ("The Shuey Agency") (collectively "Defendants") submit the following points and authorities in support of their Motion to Dismiss Plaintiffs Brad Lovesy ("Mr. Lovesy") and Pacific Consolidated Investments, Inc.'s ("Pacific Consolidated") (collectively "Plaintiffs") third, fourth, fifth, and seventh causes of action alleged in the Third Amended Complaint ("TAC"), and Motion to Strike paragraph nine in the TAC.

## I.    INTRODUCTION

This action has been pending for eleven months, since May 2007, without any substantial progress towards resolution. Despite four opportunities to state several claims against Defendants, Plaintiffs have been unable to cure numerous deficiencies that infect their pleading. In particular, Plaintiffs continue to assert the same factual allegations in support of their intentional interference with prospective economic advantage claim, which this Court determined on March 13, 2008, were insufficient to state a claim. Furthermore, without any supporting facts or a sufficient basis, Plaintiffs seek to hold TGS and Mr. Shuey liable for The Shuey Agency's purported breaches of an agreement between The Shuey Agency and The Brad Lovesy Group. Simply stated, Mr. Shuey and TGS are not parties to that Agreement, and therefore, cannot be held liable for any alleged breach of that agreement.

Plaintiffs' numerous and unsuccessful attempts at trying to state a claim against Defendants to date establishes one simple fact - that it is factually impossible to do so. Thus, dismissal with prejudice of Plaintiffs' claims is warranted. Any further amendments to Plaintiffs' complaint is severely prejudicial to Defendants because the continuing meritless claims force Defendants to expend significant time and money to defend against them.

Therefore, in the instant motion, Defendants move to dismiss Plaintiffs' claim for intentional interference with prospective economic advantage with prejudice, and to dismiss Mr. Shuey and TGS with prejudice with respect to Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices. Defendants also move

4

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

1   to strike paragraph nine of the TAC as the allegations contained therein are insufficient to

2   support a finding of alter ego liability among Defendants.

3   **II.    STATEMENT OF FACTS**

4       The operative complaint represents Plaintiffs' fourth attempt to state claims against

5   Defendants.  As such, because the Court is undoubtedly familiar with the factual background of

6   this action, Defendants provide the following abbreviated summary, as the facts have not

7   changed since the Court's March 13, 2008 Order granting in part and denying in part

8   Defendants' Motion to Dismiss and Motion to Strike Plaintiffs' Second Amended Complaint

9   ("SAC").

10      On September 10, 2001, Pacific Consolidated entered a Regional Sales Director

11  Agreement with 5Star Life Insurance, LLC ("5Star").  (TAC at ¶ 16.)  On March 22, 2001, Mr.

12  Lovesy entered into a Field Service Representative Agreement with Armed Forces Benefit

13  Association ("AFBA").  (TAC at ¶ 19.)  Pursuant to the Field Service Representative Agreement,

14  Mr. Lovesy was authorized to solicit and obtain applications for approved life insurance products

15  offered by AFBA and 5Star.  Hereinafter, these agreements between Plaintiffs and 5Star and

16  AFBA will be referred to as the "AFBA/5Star Agreements."

17      On or about August 31, 2004, The Brad Lovesy Group and The Shuey Agency entered

18  into a Memorandum of Agreement (the "Agreement"), under which The Shuey Agency would

19  provide administrator services to The Brad Lovesy Group, including implementation of payroll

20  deductions and direct bill for the premiums due for life insurance products offered by AFBA and

21  5Star and sold to members of the National Guard Association of California ("NGAC").  (TAC at

22  ¶ 26; Declaration of Mr. Shuey in support of Defendants' Motion to Dismiss, Ex. 1.)

23      Plaintiffs allege that Defendants failed to perform their obligations under the Agreement

24  by failing to timely process the insurance applications, failing to timely submit the policies to

25  AFBA, failing to follow up with service members, and by directly soliciting AFBA sponsored

26  insurance products in the regions assigned to Mr. Lovesy.  (TAC at ¶¶ 29, 31, 32, 36, and 38.)

27      Plaintiffs filed their TAC on April 2, 2008, following this Court's order dismissing,

28  among other claims, Plaintiffs' claims of interference with contract, intentional interference with

prospective economic advantage, and fraud against Defendants alleged in the SAC.  The TAC
contains the following causes of action against Defendants:

- Third Cause of Action for Interference with Prospective Economic Advantage (TAC at ¶¶ 61-70);

- Fourth Cause of Action for Breach of Contract (TAC at ¶¶ 71-74);

- Fifth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing (TAC ¶¶ 75-80); and

- Seventh Cause of Action for Unfair Business Practices (TAC ¶¶ 89-96)

As stated above and detailed below, Plaintiffs have failed to state claims against
Defendants upon which relief can be granted under each of these causes of action.  Accordingly,
Defendants request the Court to (1) dismiss with prejudice Plaintiffs' claim for intentional
interference with prospective economic advantage against Defendants, (2) dismiss with prejudice
Mr. Shuey and TGS with respect to Plaintiffs' claims for breach of contract, breach of the
covenant of good faith and fair dealing and unfair business practices, and (3) strike paragraph
nine of the TAC.

## III.    LEGAL STANDARD

### A.    The Court May Dismiss A Complaint That Fails To State A Claim Upon Which Relief Can Be Granted Pursuant to Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or any claim contained
within a complaint may be dismissed if it fails to state a claim upon which relief can be granted.
Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate as a matter of law for "(1) lack of a cognizable
legal theory, or (2) insufficient facts under a cognizable legal claim."  *SmileCare Dental Group
v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (*quoting Robertson v. Dean
Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)); *Balistreri v. Pacifica Police Dep't*,
901 F.2d 696, 699 (9th Cir. 1988).  Dismissal is proper if a complaint is vague, conclusory, and
fails to set forth any material facts in support of the allegation.  *See North Star Int'l v. Ariz.
Corps. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

1       In ruling on a motion to dismiss under Rule 12(b)(6), the court need not accept as true

2   unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in

3   the form of factual allegations. *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

4   1981). Nor does the court need to assume a plaintiff can prove different facts from those he has

5   alleged. *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983);

6   *see also Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027, 1035 (9th

7   Cir. 2005). Moreover, the court may disregard allegations in the complaint if contradicted by

8   facts contained in documents that may be considered as part of the complaint. *See Durning v.*

9   *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co. v. Houston*

10  *Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

11      Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

12  requires more than labels and conclusions, and a formulaic recitation of a cause of action's

13  elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955 (2007); *see also*

14  *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory legal allegations of law and

15  unwarranted inferences are insufficient to defeat a motion to dismiss"). At a minimum, the

16  complaint's allegations also must "give the defendant fair notice of what the plaintiff's claim is

17  and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

18  **B.      Rule 12(f) Authorizes The Court To Strike Any Portion Of The Complaint**
19  **That Is Redundant, Immaterial, Impertinent, Or Scandalous**

        When a complaint contains allegations that are redundant, immaterial, impertinent, or
20
    scandalous, Rule 12(f) permits the Court to strike such improper allegations. Fed. R. Civ. P.
21
    12(f). A motion to strike operates to "avoid the expenditure of time and money that must arise
22
    from litigating spurious issues by dispensing with those issues." *Bureerong v. Uvawas*, 922 F.
23
    Supp. 1450, 1478 (C.D. Cal. 1996) (*quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th
24
    Cir. 1993)). Moreover, a motion to strike may be granted where the matter to be stricken has no
25
    possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems,* 758 F.
26
    Supp. 1335, 1339 (N.D. Cal. 1991).
27

28

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

C.    **The Court May Consider Documents Outside The Pleadings In Ruling On A Motion to Dismiss**

In ruling on a motion to dismiss, a court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). The court may treat a document meeting this test as part of the complaint and may assume that its contents are true for purposes of a motion to dismiss. *United States v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003).

For purposes of the instant motion to dismiss, Defendants request the Court to consider the Agreement between The Brad Lovesy Group and The Shuey Agency. (TAC at ¶ 26; *see* Declaration of Mr. Shuey in Support of Defendants' Motion to Dismiss Plaintiff's TAC, at Ex. 1.) The Agreement constitutes the basis of Plaintiffs' causes of action against Defendants for interference with prospective economic advantage, breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices. (*See* TAC at ¶¶ 61-80, 89-96.) The authenticity of this document has not been questioned. All three elements required to consider evidence on which the TAC necessarily relies, but that is beyond the pleading, have been met. Accordingly, the Court may consider the content of the Agreement as true in connection with this motion. *See Marder*, 450 F.3d at 448.

A true and correct copy of the Agreement is attached to the Declaration of Mr. Shuey in Support of Defendants' Motion to Dismiss Plaintiffs' TAC as Exhibit 1, concurrently filed herewith.

## IV.    LEGAL ARGUMENT

A.    **Plaintiffs Fail To State A Claim For Intentional Interference With Prospective Economic Advantage Against Defendants**

Intentional interference with prospective economic advantage requires a plaintiff to allege an act that is "wrongful independent of the interference itself." *CRST Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1108 (9th Cir. 2007); *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392-93 (1995). A plaintiff must plead that the conduct alleged to

8

1   constitute the interference was "wrongful by some measure beyond the fact of the interference

2   itself." *Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal.

3   App. 4th 1215, 1220 (2006); *Sole Energy Co. v. Petrominerals Corp.*, 28 Cal. App. 4th 212, 24

4   (2005); *Della Penna*, 11 Cal. 4th at 392-93. An act is independently wrongful if it is unlawful,

5   meaning that the act is "proscribed by some constitutional, statutory, regulatory, common law, or

6   other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

7   1134, 1159 (2003). "The act of interference with prospective economic advantage is not tortious

8   in and of itself, but requires pleading that a defendant has engaged in an act that was

9   independently wrongful in order to distinguish lawful competitive behavior from tortious

10  interference." *Stevenson Real Estate Servs., Inc.*, 138 Cal. App. 4th at 1220.

1.   <u>Plaintiffs fail to plead conduct that establishes that the interference was<br>independently wrongful</u>

12      The TAC contains the same substantive allegations Plaintiffs alleged in their SAC.

13  (Request for Judicial Notice, Ex. B at ¶ 74.) Despite the Court's March 13, 2008 Order finding

14  that Plaintiffs' allegations failed to state a claim for intentional interference with prospective

15  economic advantage, Plaintiffs continue to allege that Defendants interfered with their

16  prospective economic advantage by "engag[ing] in intentional acts designed to disrupt the

17  relationship, including, but not limited to failing and refusing to collect the initial premiums on

18  contracts that were sold, failing and refusing to follow up when service members were not

19  making timely payments, and engaging in direct sales within the Assigned Regions . . . ." (TAC

20  at ¶ 65; *see* Request for Judicial Notice, Ex. A at 18.) These alleged acts of Defendants, which

21  Plaintiffs contend constitute the interference with the AFBA/5Star Agreements, are not

22  independently wrongful but rather, if assumed true, demonstrative of the interference itself.

23  Furthermore, they are the exact same allegations set forth in the SAC. As previously determined

24  by this Court, these alleged acts of Defendants cannot from the basis of an intentional

25  interference with prospective economic advantage claim. (Request for Judicial Notice, Ex. A at

26  18.) As such, Plaintiffs have failed to state a claim for intentional interference with prospective

27  economic advantage, and thus, this claim must be dismissed with prejudice.

28

9

1    Furthermore, Plaintiffs' new allegations set forth in paragraph 66 of the TAC have no

2  bearing on the alleged interference with the AFBA/5Star Agreements by Defendants.  In

3  paragraph 66 of the TAC, Plaintiffs allege that Defendants committed fraud by seeking "to

4  market combinations of insurance policies which resulted in added costs to service members in

5  exchange for minimal additional insurance coverage," but fail to explain how such conduct

6  constituted an interference with the AFBA/5Star Agreements.  In fact, Plaintiffs have not pled

7  any facts to show that such conduct is at all inconsistent with lawful competitive behavior by

8  Defendants, *i.e.*, that Defendants have committed an independent wrongful act.

9    Plaintiffs apparently misunderstand the element of "independently wrongful act."  To

10  state a claim for intentional interference with prospective economic advantage, Plaintiffs cannot

11  merely allege some unrelated conduct of Defendants that they believe to be wrongful.  Rather,

12  the conduct which constitutes the interference, *i.e.*, failing to timely collect premiums, failing to

13  follow-up with service members, and engaging in direct sales in the Assign Region, must be the

14  independent wrongful act, not some totally unrelated conduct of Defendant (which, by the way,

15  does not constitute an independent wrongful act in and of itself).  *Stevenson Real Estate Servs.,*

16  *Inc.*, 138 Cal. App. 4th at 1220.

17    Absent any allegation to demonstrate an independent wrongful act by Defendants that

18  interfered with the AFBA/5Star Agreements, Plaintiffs have, yet again, failed to state a claim for

19  intentional interference with prospective economic advantage.  This claim must thus be

20  dismissed with prejudice.

21              2.    Plaintiffs' allegation of fraud lacks particularity and does not satisfy the
                     independent wrongful act requirement
22

23    Notwithstanding that Plaintiffs' allegation of fraud in paragraph 66 of the TAC is

24  unrelated to the conduct which constitutes the interference with the AFBA/5Star Agreements,

25  this allegation is nonetheless improper, entirely conclusory, and lacks the particularity demanded

26  under Federal Rule of Civil Procedure 9(b).  Fed. R. Civ. P. 9(b); *see also Vess v. CIBA-Geigy*

27  *Corp., USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (finding that averments of fraud supporting a

28  claim are subject to Rule 9(b)'s heightened pleading requirements).

1    Plaintiffs allege that Defendants did not disclose to service members that "the

2    combination of insurance policies resulted in very little additional coverage to the service

3    members," and such actions "constituted a fraud upon the service members who purchased

4    policies . . . ." (TAC at ¶ 66.) This allegation cannot support a claim of any fraudulent conduct

5    by Defendants. Under the Agreement, The Shuey Agency's only contractual obligation was to

6    act as the administrator of the policies by collecting premiums for the insurance policies offered

7    by AFBA/5Star and submitting them to AFBA/5Star. (*See* Request for Judicial Notice, Ex. C at

8    Ex. 1.) The Shuey Agency is not an insurer and did not issue the insurance policies, and thus,

9    did not have any duty to disclose any information regarding the policies. *See Neufeld v. Balboa*

10   *Ins. Co.*, 84 Cal. App. 4th 759 n.2 (2000) (*citing* Cal. Code of Regs. tit. 10, § 2695.4 ("Every

11   insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or

12   other provisions of any insurance policy. . . .")). If any duty to disclose information regarding

13   the insurance policies existed, such a duty would be imposed on the insurer, AFBA/5Star, and

14   arguably Plaintiffs, as AFBA/5Star's agent. *See id.* Thus, the TAC lacks any supporting facts to

15   show that Defendants engaged in any conduct that was wrongful or fraudulent. Accordingly,

16   Plaintiffs allegation of "fraud upon the service members" is improper and entirely conclusory.

17   Plaintiffs cannot state a claim for intentional interference with prospective economic advantage

18   based on Defendants purported "fraud upon the service members."

19       Plaintiffs have not alleged any conduct by Defendants that would be considered

20   "independently actionable" as proscribed by some constitutional, statutory, regulatory, or

21   common law, or other well-defined and established legal standard. *See Stevenson Real Estate*

22   *Servs.*, 138 Cal. App. 4 at 1220. Thus, Plaintiffs' claim for intentional interference with

23   prospective advantage must be dismissed with prejudice.

24       3.    The Court should dismiss this cause of action with prejudice

25       With respect to Plaintiffs' claim for intentional interference with prospective economic

26   advantage, dismissal with prejudice is proper. The court's discretion to deny leave to amend is

27   particularly broad where a plaintiff has previously amended the complaint. *Allen v. Beverly*

28   *Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Where it is clear amendment would be futile and the

11

1    deficiencies of the complaint cannot be cured by amendment, the court may dismiss the

2    complaint without leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir. 1988); *see*

3    *also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

4           Here, Plaintiffs have had four opportunities to state a claim for intentional interference

5    with prospective economic advantage.  Each time Plaintiffs have failed to state a claim.  In fact,

6    the Court ordered this claim in Plaintiffs' SAC, based on the same substantive allegations in the

7    TAC, dismissed.  (Request for Judicial Notice, Ex. A at 18.)  Plaintiffs have not cured any of the

8    deficiencies that caused the Court to previously dismiss this claim.  Also, any further

9    amendments would be prejudicial to Defendants as they have spent significant amounts of time

10   and money over the past eleven months to defend against this meritless claim.  Therefore,

11   Defendants request this claim to be dismissed with prejudice.

12          **B.     The Court Should Strike Plaintiffs' Cloaked Alter Ego Allegations**

13          In an effort to plead around the Court's March 13, 2008 Order, which found that

14   "Plaintiffs' conclusory allegations [were] insufficient to support a finding of alter ego liability

15   among Defendants" (Request for Judicial Notice, Ex. A at 8), Plaintiffs omit the express term of

16   "alter ego."  Plaintiffs assert "that Defendants Ted Shuey, The Shuey Agency, and TGS Group

17   are, each and every, responsible for Plaintiffs' claims under the contract referenced herein."

18   (TAC at ¶ 9.)

19          Plaintiffs' allegations are nothing more than a veiled attempt at asserting alter ego

20   liability.  TGS and Mr. Shuey are not parties to the Agreement, which forms the basis of

21   Plaintiffs' claims against Defendants.  (*See* Mr. Shuey Decl., Ex. 1.)  Based on the allegations in

22   the TAC, the only theory under which TGS or Mr. Shuey could be "responsible" for

23   performance of the Agreement, for any terms and conditions contained in the Agreement, or for

24   any purported breaches of the Agreement by The Shuey Agency is alter ego.  As such, paragraph

25   nine of the TAC serves no purpose other than to establish alter ego liability.

26          To have any basis to hold TGS and Mr. Shuey liable for any purported breach of the

27   Agreement by The Shuey Agency, Mr. Lovesy must adequately plead alter ego liability.  To

28   invoke the alter ego doctrine, a plaintiff must plead:  (1) unity of interest and ownership such that

                                                     12

1  the separate personalities of the corporation and the individual no longer exist, and (2) that, if the

2  acts are treated as those of the corporation alone, an inequitable result will follow. *Cambridge*

3  *Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004) (*quoting Mesler v. Bragg*

4  *Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).  Facts in support of each element must also be pled.

5  *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101, 1115 (C.D. Cal. 2003).

6        Here, Mr. Lovesy has not alleged each element of alter ego liability, and the TAC is

7  devoid of any supporting facts.  Rather, Plaintiffs assert the same conclusory and boilerplate

8  allegations regarding Defendants shared ownership, intermingling of assets, and participation in

9  the other's business.  (TAC at ¶ 9.)  As the Court noted in its Order, the alter ego allegations in

10 the SAC were deficient as a matter of law because Plaintiffs failed to allege that The Shuey

11 Agency or TGS abused their corporate privilege in bad faith or with the intent of prejudicing

12 creditors.  (Request for Judicial Notice, Ex. A at 8.); *Erkenbrecher v. Grant*, 187 Cal. 7, 11

13 (1921); *see also Neilson*, 290 F. Supp. 2d at 1115-16.  Such allegations are also absent from the

14 TAC.  Therefore, Plaintiffs veiled alter ego allegations remain insufficient to establish alter ego

15 liability and serve no valid purpose.  Consequently, the alter ego allegations are impertinent and

16 immaterial.  As such, Defendants request the Court to strike paragraph nine of the TAC in its

17 entirety.

18        **C.**    **Plaintiffs Cannot State A Claim Against TGS And Mr. Shuey For Breach of**
              **Contract, Breach Of The Covenant Of Good Faith and Fair Dealing, Or**
19            **Unfair Business Practices**

20        On the face of the Agreement, the contracting parties are clearly identified as The Shuey

21 Agency and The Brad Lovesy Group.  (Request for Judicial Notice, Ex. C at Ex. 1.)  The

22 Agreement does not contain any references to TGS or Mr. Shuey, in his individual capacity.  As

23 such, Plaintiffs cannot state a claim against TGS or Mr. Shuey based on any breaches of the

24 Agreement, or any unlawful terms and conditions in the Agreement.

25        1.    TGS and Mr. Shuey were not parties to the Agreement, and thus, they
              cannot be held liable for any purported breach of the Agreement
26

27        With respect to the breach of contract cause of action, Mr. Lovesy alleges that

28 Defendants breached the Agreement "by failing to collect and submit to AFBA all payroll

---

13

DEFENDANTS THEODORE G. SHUEY, JR. TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S
MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

1  deductions and direct billed premiums no later than the thirtieth (30th) of each month." (TAC at

2  ¶ 73.)  Under the cause of action for breach of the covenant of good faith and fair dealing, Mr.

3  Lovesy alleges that Defendants breached the implied covenant of good faith and fair dealing in

4  the Agreement.  (TAC at ¶¶ 76-79.)  However, these allegations fail to state a claim against TGS

5  and Mr. Shuey because they were not parties to the Agreement, and thus, had no obligations

6  under the Agreement.

7       A corporation, such as The Shuey Agency, is a legal entity, that is separate and distinct

8  from its officers, such as Mr. Shuey.  *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th

9  523, 538 (2000).  As such, officers acting in an official capacity cannot be held liable for breach

10  of a corporate contract.  *August Entm't, Inc., v. Philadelphia Indem. Ins. Co.*, 146 Cal. App. 4th

11  565, 576 (2007); *see also Smith v. Simmons*, CV05-01187, 2007 U.S. Dist. LEXIS 70833, at * 8

12  (E.D. Cal. Sept. 25, 2007) (finding that vice-president of corporation had executed a contract in

13  his official capacity, and thus, could not be a proper party to plaintiff's breach of contract claim).

14  Here, in the Agreement, the title of "President" appears below Mr. Shuey's signature.  (Shuey

15  Decl., Ex. 1.)  Thus, on the face of the Agreement, it is clear that Mr. Shuey executed the

16  Agreement as President of The Shuey Agency.  At all times relevant to the Agreement, Mr.

17  Shuey acted in his official capacity as President of The Shuey Agency, and Mr. Lovesy has not

18  pled otherwise.  Therefore, Mr. Shuey cannot be held liable in his official capacity for any

19  purported breach of the Agreement by The Shuey Agency.

20       Furthermore, the language of the contract governs its interpretation if the language is

21  clear and explicit.  Cal. Civ. Code § 1638; *see also Navarro v. Mukasey*, 04-70324, 2008 U.S.

22  App. LEXIS 4550, at *10 (9th Cir. March 4, 2008); *Welles v. Turner Entm't Co.*, 05-55742, 2007

23  U.S. App. LEXIS 21712, at *12 (9th Cir. Sept. 11, 2007).  Here, the plain language of the

24  Agreement clearly identifies the parties to the Agreement as The Shuey Agency and The Brad

25  Lovesy Group.  (Request for Judicial Notice, Ex. C at Ex. 1.)  The Agreement does not contain

26  any terms or conditions that impose any obligations on Mr. Shuey, in an individual capacity, nor

27  does it identify Mr. Shuey as the real party in interest who will perform the Agreement.  The

28

1    Agreement also does not identify TGS as party to the Agreement, or an entity who will perform

2    the obligations under the Agreement.

3         Accordingly, Mr. Shuey cannot be liable in an individual capacity for The Shuey

4    Agency's purported breach of the Agreement.  *U.S. Liability Ins. Co. v. Haidinger-Hayes*, Inc., 1

5    Cal. 3d 586, 594-595 (1970) ("Directors and officers are not personally liable on contracts signed

6    by them for and on behalf of the corporation unless they purport to bind themselves

7    individually.")  Likewise, there is no basis, and Mr. Lovesy has not pled any basis, to hold TGS

8    liable for any purported breach of the Agreement by The Shuey Agency.  Therefore, TGS and

9    Mr. Shuey must be dismissed with prejudice with respect to the breach of contract claim.

10        In addition, Plaintiffs cannot state a claim against TGS or Mr. Shuey for breach of the

11   covenant of good faith and fair dealing.  The covenant of good faith and fair dealing is implied

12   by law in every contract, and cannot exist "independent of its contractual underpinnings."  *Epis,*

13   *Inc. v. Fid. & Guar. Lif. Ins. Co.*, 156 F. Supp. 2d 1116, 1127 (N.D. Cal. 2001) (*citing Guz v.*

14   *Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000).  Plaintiffs cannot, as a matter of law, state that

15   TGS and Mr. Shuey breached the covenant of good faith and fair dealing implied in the

16   Agreement, to which, as discussed above, they were not contracting parties to or had any duties

17   or obligations.  Therefore, TGS and Mr. Shuey must be dismissed with prejudice with respect to

18   the breach of covenant of good faith and fair dealing claim.

19            2.    <u>Alter ego liability does not exist as these allegations were previously
               stricken by this Court</u>

20

21        To the extent that Mr. Lovesy is attempting to impose liability on TGS and Mr. Shuey by

22   contending that Defendants "have shared ownership" and as such, are each "responsible for

23   Plaintiffs' claims under the contract" (TAC at ¶ 9), such an argument is essentially based on a

     theory of alter ego liability among Defendants.  As set forth above, Mr. Lovesy has failed to

24   sufficiently plead alter ego liability among Defendants.  Absent sufficient alter ego allegations,

25   Mr. Lovesy cannot state a claim against TGS and Mr. Shuey for breach of contract and breach of

26   the covenant of good faith and fair dealing.  Therefore, TGS and Mr. Shuey must be dismissed

27

28

                                                15

1   with prejudice with respect to Plaintiffs' fourth and fifth causes of action for breach of contract

2   and breach of the covenant of good faith and fair dealing.

3            3.      Plaintiffs cannot state a claim for unfair business practices against TGS
                     and Mr. Shuey
4

5            To the extent that Plaintiffs' unfair business practices claim against Defendants are based

6   on the terms and conditions in the Agreement, TGS and Mr. Shuey are improper defendants.

7   Plaintiffs' unfair business practices claim against Defendants is based on the following

8   allegations:  1) the Agreement constituted an "impermissible restraint of trade" in violation of

9   California Business and Profession Code section 16600 (TAC at ¶ 91); and (2) Defendants

10  "routinely fail[ed] to properly process policies they sold to the public, and refusal to act to

11  correct their failure to process policies" which "constituted unfair and unlawful business acts or

12  practices within the meaning of the Unfair Competition Law. . . ." (TAC at ¶ 92.)

13           Again, there is no basis to hold TGS and Mr. Shuey liable for a contractual provision

14  contained in the Agreement, to which they were not parties.  Absent sufficient alter ego

15  allegations, TGS and Mr. Shuey cannot be liable for the purported violation of section 16600.

16  Furthermore, TGS and Mr. Shuey cannot be held liable for any purported unlawful and unfair

17  business practices of The Shuey Agency because they were not obligated in anyway to perform

18  under the Agreement.  Therefore, with respect to Plaintiffs' seventh cause of action for unfair

19  business practices, TGS and Mr. Shuey are improper defendants and must be dismissed with

20  prejudice.

21           4.      The Court should dismiss TGS and Mr. Shuey with prejudice

22           Defendants request the Court to dismiss TGS and Mr. Shuey with prejudice with respect

23  to Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing,

24  and unfair business practices.  For the reasons discussed hereinabove, Plaintiffs' cannot factually

25  plead that TGS and Mr. Shuey are liable for performance of the Agreement, for any terms and

26  conditions contained in the Agreement, or for any purported breaches of the Agreement.

27  Accordingly, any further amendments would be futile. *Schmier v. United States Court of*

28  *Appeals*, 279 F.3d 817, 824 (9th Cir. 2002) (stating leave to amend may be denied where

1    amendment would be futile, meaning it is not factually possible for plaintiff to amend the

2    complaint); *see also Albrecht*, 845 F.2d at 195-96; *Noll*, 809 F.2d at 1448. Here, dismissal of

3    TGS and Mr. Shuey with prejudice is warranted and proper.

4    **V.    CONCLUSION**

5        Based on the foregoing, Plaintiffs' claim for intentional interference with prospective

6    economic advantage must be dismissed with prejudice, and Mr. Shuey and TGS must be

7    dismissed with prejudice with respect to Plaintiffs' claims for breach of contract, breach of the

8    covenant of good faith and fair dealing, and unfair business practices. Defendants also request

9    the Court to strike paragraph nine of the TAC.

10   DATED: April 16, 2008                    SEYFARTH SHAW LLP

11

12                                            By _____

13                                               Michael T. McKeeman
                                                 Robin M. Cleary
14                                               Patty H. Lee

15                                            Attorneys for Defendants
                                              THEODORE G. SHUEY, JR. (erroneously
16                                            sued and served as TED SHUEY),
                                              TGS GROUP, INC., AND THE SHUEY
17                                            AGENCY, INC.

     SF1 28320026.1
18

19

20

21

22

23

24

25

26

27

28

                                            17