SEYFARTH SHAW LLP
Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
Patty H. Lee (SBN 245192) plee@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
THEODORE G. SHUEY (erroneously sued and served as TED SHUEY),
TGS GROUP, INC. and THE SHUEY AGENCY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY, et al., | Case No. C 07-2745 SBA |
| Plaintiff, | DECLARATION OF THEODORE G. SHUEY, JR. IN SUPPORT OF THEODORE G. SHUEY, TGS GROUP, INC. AND THE SHUEY AGENCY, INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT |
| v. | |
| ARMED FORCES BENEFIT ASSOCIATION, et al., | |
| Defendants. | |

I, Theodore G. Shuey, Jr., declare:

1. I am President of TGS Group, Inc. and President of The Shuey Agency, Inc. I have knowledge of the facts stated herein and, if called as a witness, could and would testify competently to them under oath.

2. I make this declaration in support of Theodore G. Shuey, TGS Group, Inc. and The Shuey Agency, Inc.'s (collectively "Defendants") Motion to Dismiss Plaintiff's Third Amended Complaint.

3. On September 27, 2004, I executed the Memorandum of Agreement between The Shuey Agency, Inc. and The Brad Lovesy Group, in my capacity as President of The Shuey

1

1-28

Agency, Inc. A true and correct copy of the Memorandum of Agreement is attached hereto as Exhibit 1.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April  14th , 2008, at Stanton, Virginia.

*[signature]*
Theodore G. Shuey, Jr.

SF1 28320643.1

# EXHIBIT 1

*Memorandum of Agreement*

This memorandum of agreement executed this 31st day of August, 2004, is by and between The Shuey Agency, Inc., hereinafter referred to as "Administrator" and the Brad Lovesy Group, hereinafter referred to as ""Marketing Company."

*WHEREAS*, the Administrator requires the services of a marketing organization to enroll the State Sponsored Life Insurance (SSLI) benefit for members of the California National Guard, and

*WHEREAS*, the Marketing Company requires the services of an administrator to collect premium through payroll deduction and direct bill,

NOW, THEREFORE, in consideration of the foregoing, of the mutual promises herein contained, and of other good and valuable consideration, the receipt And sufficiency of which are hereby acknowledged, the parties, intending legally to be bound agree as follows:

1. <u>Duties of the Marketing Company.</u> The Marketing Company agrees to begin the SSLI enrollment in California effective the 11th day of September 2004 adhering to the following:
    a. Only the group SSLI program, Better Alternative, and Select products offered through AFBA will be marketed and any other product presentation in the California National Guard will be reason for immediate termination of this agreement.
    b. Enrollments will insure that every unit of the California Army and Air National Guard is briefed every 12-18 months.
    c. Briefings will be limited to the 15 minute presentation scripted and provided to the Marketing Company by the Administrator.
    d. The Marketing Company will make available no less than three trained enrollment teams consisting of not less than two licensed individuals appointed with AFBA and 5Star Life.
    e. All applications will be forwarded to the Administrator not later than five business days after being written.
    f. A minimum of 200 applications will be taken by the Marketing Company monthly, with an annual first year goal of ~~5,000~~ 2,500 new [handwritten initials] applications, followed by 2,500 in all subsequent years. Failure to meet these goals will be cause for termination of this agreement.
    g. The Marketing Company will provide the Administrator and the National Guard Association of California, hereinafter referred to as the NGAC, a visitation schedule NLT the 15th of each month, for units to be seen the following month.
    h. Presentations by the Marketing Company will be reviewed quarterly by the Administrator to insure the appropriate scrip is being followed.
    i. The Marketing Company will participate in <u>all</u> SRPs, pre and post mob events, and NGAC meetings and conferences as needed.

2. <u>Compensation</u> to the Marketing Company will be on an FSR-1 schedule and will be paid by AFBA on their regular monthly schedule to include appropriate charge backs.

3. <u>Term.</u> The term of this agreement shall begin on the date first written and continue as long as the duties of the Marketing Company and Administrator are being fulfilled, and the Administrator's contract with NGAC remains in effect.

4. <u>Duties of the Administrator.</u> Collect and submit to AFBA, all payroll deducted and direct billed premium NLT the thirtieth of each month. The Administrator will compensate the NGAC $25.00 for each application written by the Marketing Company and will be responsible for the payment of all claims submitted from the NGAC.

5. <u>Termination.</u> Notwithstanding the provisions of paragraph 2 hereof, the Administrator may terminate this Agreement at any time for cause. The termination shall be evidenced by written notice thereof, to the Marketing Company, which shall specify the cause for termination. For purposed hereof, the term "cause" shall include, without limitation, the following: dishonesty; theft; conviction of a felony; drunkenness; unethical business conduct; loss of license; becoming non-bondable; or material breach of, or failure on the part of the Marketing Company to perform its obligations under, this Agreement.

The term "cause" shall also include, without limitation, the failure of the Marketing Company for any reason, within ten (10) business days after receipt by the Marketing Company of written notice thereof from the Administrator to correct, cease, or otherwise alter insubordination, failure to comply with instructions, or other action or omission to act which the Administrator reasonably believes may materially or adversely affect the SSLI program, business, or operations. Marketing of any product to the National Guard of California which is not approved by the Administrator or the NGAC will constitute cause for immediate termination.

6. <u>Assignment.</u> This Agreement may not be assigned by either party without the prior written consent of the other party. Subject to the foregoing, this Agreement shall be binding upon, and shall inure to the benefit of, the Administrator and the Marketing Company, and their respective heirs, personal and legal representatives, successors, and assigns.

7. <u>Notices.</u> Any notice shall be deemed to have been received by any party hereto and be effective on the day on which delivered to such party at the address set forth below or such other address as such party shall specify to

the other in writing, or if send prepaid by certified or registered mail, on the third business day after the day on which mailed addressed to such party at the following addresses:

If to the Marketing Company:

Brad Lovesy
707 884-5436
707 889-0666

If to the Administrator:

Theodore G. Shuey, Jr.
The Shuey Agency, Inc.
584 Lee Highway
Verona, Virginia 24482

8. <u>Captions Not Controlling.</u> Section headings used in this Agreement are for Reference purposes only and shall be of no effect in the construction or interpretation of this agreement.

8. <u>Waiver.</u> No failure on the part of either party in the enforcement or exercise of any right or privilege hereunder shall operate as a waiver of any such right or privilege; nor shall any single or partial exercise of any right or privilege preclude any other or further exercise thereof.

9. <u>Execution and Amendment.</u> This agreement shall be executed in duplicate and each executed copy shall constitute an original, but the two copies shall be deemed one and the same instrument. No amendment to this Agreement shall be effective unless it is in writing and signed by the duly authorized representatives of both parties.

10. <u>Entire Agreement.</u> This Agreement constitutes the entire agreement between the parties with respect to the subject matter.

IN WITNESS WHEREOF, the parties have executed this Agreement on this 27th day of September 2004

Brad Lovesy
Marketing Company

By: [signature]

The Shuey Agency, Inc.
Administrator

By: [signature]
Theodore G. Shuey, Jr.
President