1  SEYFARTH SHAW LLP
   Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
2  Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
   Patty H. Lee (SBN 245192) plee@seyfarth.com
3  560 Mission Street, Suite 3100
   San Francisco, California 94105
4  Telephone: (415) 397-2823
   Facsimile: (415) 397-8549
5
6  Attorneys for Defendants
   THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY),
7  TGS GROUP, INC., AND THE SHUEY AGENCY, INC.

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11 BRAD LOVESY and PACIFIC              )  Case No. 4:07 CV 02745 SBA
   CONSOLIDATED INVESTMENTS, INC., a    )
12 Nevada corporation,                  )  [PROPOSED] ORDER GRANTING
                                        )  THEODORE G. SHUEY, JR.
13             Plaintiffs,              )  (erroneously sued as TED SHUEY), TGS
                                        )  GROUP, INC., AND THE SHUEY
14     v.                               )  AGENCY, INC.'S MOTION TO
                                        )  DISMISS PLAINTIFFS' THIRD,
15 ARMED FORCES BENEFIT ASSOCIATION,    )  FOURTH, FIFTH, AND SEVENTH
   individually, doing business as 5STAR )  CAUSES OF ACTION IN THE THIRD
16 ASSOCIATION, 5STAR LIFE INSURANCE,   )  AMENDED COMPLAINT AND
   COMPANY; TED SHUEY, individually, doing )  MOTION TO STRIKE
17 business as THE SHUEY AGENCY, INC., and )
   TGS GROUP, INC.                      )
18                                      )
               Defendants.             )  Date:  June 3, 2008
19                                      )  Time: 1:00 p.m.
                                        )  Judge: Hon. Saundra B. Armstrong
20 ─────────────────────────────────── )  Courtroom: 3

21         Currently before the Court are Defendants Theodore G. Shuey, Jr. (erroneously sued and

22 served as Ted Shuey), TGS Group, Inc., and The Shuey Agency, Inc.'s (collectively

23 "Defendants"):

24         1.      Motion to Dismiss Plaintiffs Brad Lovesy and Pacific Consolidated Investments,

25 Inc.'s (collectively "Plaintiffs") Third, Fourth, Fifth, and Seventh Causes of Action pursuant to

26 Federal Rule of Civil Procedure 12(b)(6); and

27         2.      Motion to Strike paragraph nine of Plaintiffs' Third Amended Complaint pursuant

28 to Federal Rule of Civil Procedure 12(f).

                                        1

1    For the following reasons, the Court GRANTS Defendants' Motion to Dismiss with

2    prejudice and Motion to Strike.

3    **I.     BACKGROUND**

4        **A.     Factual Background**

5        The following allegations are contained in the Third Amended Complaint ("TAC") and

6    the Memorandum of Agreement between The Shuey Agency and The Brad Lovesy Group,

7    referenced in the TAC.

8        On September 10, 2001, Pacific Consolidated entered a Regional Sales Director

9    Agreement with 5Star Life Insurance, LLC ("5Star").  (TAC at ¶ 16.)  On March 22, 2001, Mr.

10   Lovesy entered into a Field Service Representative Agreement with Armed Forces Benefit

11   Association ("AFBA").  (TAC at ¶ 19.)  Pursuant to the Field Service Representative Agreement,

12   Mr. Lovesy was authorized to solicit and obtain applications for approved life insurance products

13   offered by AFBA and 5Star.  Hereinafter, these agreements between Plaintiffs and 5Star and

14   AFBA will be referred to as the "AFBA/5Star Agreements."

15       On or about August 31, 2004, The Brad Lovesy Group and The Shuey Agency entered

16   into a Memorandum of Agreement (the "Agreement"), under which The Shuey Agency would

17   provide administrator services to The Brad Lovesy Group, including implementation of payroll

18   deductions and direct bill for the premiums due for life insurance products offered by AFBA and

19   5Star and sold to members of the National Guard Association of California ("NGAC").  (TAC at

20   ¶ 26.)

21       Plaintiffs allege that Defendants failed to perform their obligations under the Agreement

22   by failing to timely process the insurance applications, failing to timely submit the policies to

23   AFBA, failing to follow up with service members, and by directly soliciting AFBA sponsored

24   insurance products in the regions assigned to Mr. Lovesy.  (TAC at ¶¶ 29, 31, 32, 36, and 38.)

25       **B.     The Instant Lawsuit**

26       On May 24, 2007, Mr. Lovesy filed a complaint for civil damages.  Plaintiffs filed the

27   current operative complaint, the TAC, on April 2, 2008, following this Court's order dismissing,

28   among other claims, Plaintiffs' claims of interference with contract, intentional interference with

2

1   prospective economic advantage, and fraud against Defendants alleged in the SAC.  The TAC

2   contains the following causes of action against Defendants:

3       • Third Cause of Action for Interference with Prospective Economic Advantage (TAC

4         at ¶¶ 61-70);

5       • Fourth Cause of Action for Breach of Contract (TAC at ¶¶ 71-74);

6       • Fifth Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing

7         (TAC ¶¶ 75-80); and

8       • Seventh Cause of Action for Unfair Business Practices (TAC ¶¶ 89-96)

9   **II.    LEGAL STANDARD**

10      **A.    Motion to Dismiss: Federal Rule of Civil Procedure 12(b)(6)**

11          Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or any claim contained

12  within a complaint may be dismissed if it fails to state a claim upon which relief can be granted.

13  Fed. R. Civ. P. 12(b)(6).  Dismissal is appropriate as a matter of law for "(1) lack of a cognizable

14  legal theory, or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Group*

15  *v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (*quoting Robertson v. Dean*

16  *Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)); *Balistreri v. Pacifica Police Dep't*,

17  901 F.2d 696, 699 (9th Cir. 1988).  Dismissal is proper if a complaint is vague, conclusory, and

18  fails to set forth any material facts in support of the allegation.  *See North Star Int'l v. Ariz.*

19  *Corps. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

20          In ruling on a motion to dismiss under Rule 12(b)(6), the court need not accept as true

21  unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in

22  the form of factual allegations.  *See W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

23  1981).  Nor does the court need to assume a plaintiff can prove different facts from those he has

24  alleged.  *Assoc. Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983);

25  *see also Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027, 1035 (9th

26  Cir. 2005).  Moreover, the court may disregard allegations in the complaint if contradicted by

27  facts contained in documents that may be considered as part of the complaint.  *See Durning v.*

28

1   *First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co. v. Houston*

2   *Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

3         Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief

4   requires more than labels and conclusions, and a formulaic recitation of a cause of action's

5   elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. __, 127 S.Ct. 1955 (2007); *see also*

6   *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory legal allegations of law and

7   unwarranted inferences are insufficient to defeat a motion to dismiss").  At a minimum, the

8   complaint's allegations also must "give the defendant fair notice of what the plaintiff's claim is

9   and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

10        **B.        Motion to Strike: Federal Rule of Civil Procedure 12(f)**

11        When a complaint contains allegations that are redundant, immaterial, impertinent, or

12  scandalous, Rule 12(f) permits the Court to strike such improper allegations.  Fed. R. Civ. P.

13  12(f).  A motion to strike operates to "avoid the expenditure of time and money that must arise

14  from litigating spurious issues by dispensing with those issues."  *Bureerong v. Uvawas*, 922 F.

15  Supp. 1450, 1478(C.D. Cal. 1996) (*quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th

16  Cir. 1993)).  Moreover, a motion to strike may be granted where the matter to be stricken has no

17  possible bearing on the subject matter of the litigation.  *Colaprico v. Sun Microsystems,* 758 F.

18  Supp. 1335, 1339 (N.D. Cal. 1991).

19        **C.        Request for Judicial Notice**

20        Federal Rule Evidence 201(b) permits judicial notice of facts "not subject to reasonable

21  dispute" in that they are either "(1) generally known within the territorial jurisdiction or the tiral

22  court or (2) capable of accurate and ready determination by resort to sources whose accuracy

23  cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court may take judicial notice of

24  matters of public record outside the pleadings on a motion to dismiss.  *MGIC Indem. Corp. v.*

25  *Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  Specifically, a court may take judicial notice of the

26  authenticity and existence of a particular order, motion or pleading.  *See U.S. v. Southern Cal.*

27  *Edison Corp.*, 200 F. Supp. 2d 1208 (N.D. Cal. 2002) (taking judicial notice of two state court

28

1   decisions and a legal memorandum filed in a state court action on the grounds that they are

2   public documents).

3   **III.     ANALYSIS**

4           **A.     Plaintiffs' Claim For Intentional Interference With Prospective Economic**
                      **Advantage Against Defendants**

5

6           Intentional interference with prospective economic advantage requires a plaintiff to allege

7   an act that is "wrongful independent of the interference itself." *CRST Van Expedited, Inc. v.*

8   *Werner Enters.*, 479 F.3d 1099, 1108 (9th Cir. 2007); *Della Penna v. Toyota Motor Sales,*

9   *U.S.A., Inc.*, 11 Cal. 4th 376, 392-93 (1995).  A plaintiff must plead that the conduct alleged to

10  constitute the interference was "wrongful by some measure  beyond the fact of the interference

11  itself."  *Stevenson Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal.

12  App. 4th 1215, 1220 (2006); *Sole Energy Co. v. Petrominerals Corp.*, 28 Cal. App. 4th 212, 24

13  (2005); *Della Penna*, 11 Cal. 4th at 392-93.  An act is independently wrongful if it is unlawful,

14  meaning that the act is "proscribed by some constitutional, statutory, regulatory, common law, or

15  other determinable legal standard."  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

16  1134, 1159 (2003).  "The act of interference with prospective economic advantage is not tortious

17  in and of itself, but requires pleading that a defendant has engaged in an act that was

18  independently wrongful in order to distinguish lawful competitive behavior from tortious

19  interference."  *Stevenson Real Estate Servs., Inc.*, 138 Cal. App. 4th at 1220.

20                      1.     Plaintiffs fail to plead conduct that establishes that the interference was
                               independently wrongful

21

22          On March 13, 2008, the Court dismissed this claim because Plaintiffs' allegation that

23  Defendants interfered with their prospective economic advantage by "engag[ing] in intentional

24  acts designed to disrupt the relationship, including, but not limited to failing and refusing to

25  collect the initial premiums on contracts that were sold, failing and refusing to follow up when

26  service members were not making timely payments, and engaging in direct sales within the

27  Assigned Regions . . . ."  was insufficient to state a claim for intentional interference with

28  prospective economic advantage because these alleged acts of Defendants were not

1  independently wrongful of the interference itself.   These alleged acts of Defendants cannot from

2  the basis of an intentional interference with prospective economic advantage claim.

3         To the extent that Plaintiffs seek to satisfy the independent wrongful act requirement by

4  alleging Defendants committed fraud by seeking "to market combinations of insurance policies

5  which resulted in added costs to service members in exchange for minimal additional insurance

6  coverage," (TAC at ¶ 66) Plaintiffs fail to explain how such conduct constituted an interference

7  with the AFBA/5Star Agreements.   Plaintiffs cannot satisfy the independent wrongful act

8  requirement by alleging some unrelated conduct.  Rather, the conduct which constitutes the

9  interference must be the independent wrongful act.  Moreover, the allegations contained in

10  paragraph 66, do not show any conduct by Defendants which is inconsistent with lawful

11  competitive behavior by Defendants.

12         Absent any allegation to demonstrate an independent wrongful act by Defendants that

13  interfered with the AFBA/5Star Agreements, Plaintiffs fail to state a claim for intentional

14  interference with prospective economic advantage.  Therefore, this claim is dismissed.

15                        2.   Plaintiffs' allegation of fraud lacks particularity and does not satisfy the
                                independent wrongful act requirement

16

17         Notwithstanding that Plaintiffs' allegation of fraud in paragraph 66 of the TAC is

18  unrelated to the conduct which constitutes the interference with the AFBA/5Star Agreements,

19  this allegation is nonetheless improper, entirely conclusory, and lacks the particularity demanded

20  under Federal Rule of Civil Procedure 9(b).   Fed. R. Civ. P. 9(b); *see also Vess v. CIBA-Geigy*

21  *Corp., USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (finding that averments of fraud supporting a

22  claim are subject to Rule 9(b)'s heightened pleading requirements).

23         Plaintiffs allege that Defendants did not disclose to service members that "the

24  combination of insurance policies resulted in very little additional coverage to the service

25  members," and such actions "constituted a fraud upon the service members who purchased

26  policies . . . ."   (TAC at ¶ 66.)  This allegation cannot support a claim of any fraudulent conduct

27  by Defendants.  The Court finds nothing in the Agreement which would impose a duty on The

28  Shuey Agency to disclose any information regarding the policies.  *See Neufeld v. Balboa Ins.*

1    *Co.*, 84 Cal. App. 4th 759 n.2 (2000) (*citing* Cal. Code of Regs. tit. 10, § 2695.4 ("Every insurer

2    shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other

3    provisions of any insurance policy. . . .")).  Under the Agreement, The Shuey Agency's only

4    contractual obligation was to act as the administrator of the policies by collecting premiums for

5    the insurance policies offered by AFBA/5Star and submitting them to AFBA/5Star.  Thus, the

6    TAC lacks any supporting facts to show that Defendants engaged in any conduct that was

7    wrongful or fraudulent.  Accordingly, Plaintiffs allegation of "fraud upon the service members"

8    is improper and entirely conclusory.  Plaintiffs cannot state a claim for intentional interference

9    with prospective economic advantage based on Defendants purported "fraud upon the service

10   members."

11                      3.      Plaintiffs' third cause of action is dismissed with prejudice

12        With respect to Plaintiffs' claim for intentional interference with prospective economic

13   advantage, the Court finds dismissal with prejudice is proper.  The court's discretion to deny

14   leave to amend is particularly broad where a plaintiff has previously amended the complaint.

15   *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Where it is clear amendment would be

16   futile and the deficiencies of the complaint cannot be cured by amendment, the court may

17   dismiss the complaint without leave to amend.  *Albrecht v. Lund*, 845 F.2d 193, 195-96 (9th Cir.

18   1988); *see also Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

19        Here, Plaintiffs have had four opportunities to state a claim for intentional interference

20   with prospective economic advantage.  Each time Plaintiffs have failed to state a claim.  In fact,

21   the Court ordered this claim in Plaintiffs' SAC, based on the same substantive allegations in the

22   TAC, dismissed.  Plaintiffs have not cured any of the deficiencies that caused the Court to

23   previously dismiss this claim.  Thus, any further amendments would be futile, and Plaintiffs'

24   claim for intentional interference with prospective economic advantage is dismissed with

25   prejudice.

26   **B.      Plaintiffs' Veiled Alter Ego Allegations Are Stricken**

27        Plaintiffs allege "that Defendants Ted Shuey, The Shuey Agency, and TGS Group are,

28   each and every, responsible for Plaintiffs' claims under the contract referenced herein."  (TAC at

                                                        7

¶ 9.)  Plaintiffs also allege that they have "shared ownership," they participate in the others' business, and their assets are intermingled.  (*Id.*)  The Court finds that these allegations are nothing more than Plaintiffs' veiled attempt at asserting alter ego liability.  As such, Plaintiffs much sufficiently plead: (1) unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow, to impose alter ego liability among Defendants.  *Cambridge Elec. Corp. v. MGA Elec., Inc.*, 227 F.R.D. 313, 326 (C.D. Cal. 2004) (*quoting Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).  Facts in support of each element must also be pled. *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 1101, 1115 (C.D. Cal. 2003).

Plaintiffs have not alleged each element of alter ego liability, and the TAC is devoid of any facts to support a finding of alter ego liability.  Plaintiffs have asserted the same conclusory and bolierplate allegations, which this Court previously held was insufficient to support a finding of alter ego liability.  In particular, Plaintiffs failed to allege that The Shuey Agency or TGS abused their corporate privilege in bad faith or with the intent of prejudicing creditors.

TGS and Mr. Shuey are not parties to the Agreement, which forms the basis of Plaintiffs' claims against Defendants.  The only theory under which TGS or Mr. Shuey could be "responsible" for performance of the Agreement, for any terms and conditions contained in the Agreement, or for any purported breaches of the Agreement by The Shuey Agency is alter ego.  Plaintiffs veiled alter ego allegations are insufficient to establish alter ego liability and serve no valid purpose.  Consequently, the alter ego allegations are impertinent and immaterial.  As such, the Court strikes paragraph nine of the TAC in its entirety.

C.    **Plaintiffs Cannot State A Claim Against TGS And Mr. Shuey For Breach of Contract, Breach Of The Covenant Of Good Faith and Fair Dealing, Or Unfair Business Practices**

On the face of the Agreement, the contracting parties are clearly identified as The Shuey Agency and The Brad Lovesy Group.  The Agreement does not contain any references to TGS or Mr. Shuey, in his individual capacity.  As such, Plaintiffs cannot state a claim against TGS or

8

1    Mr. Shuey based on any breaches of the Agreement, or any unlawful terms and conditions in the

2    Agreement.

3                    1.    <u>TGS and Mr. Shuey were not parties to the Agreement, and thus, they</u>
     <u>cannot be held liable for any purported breach of the Agreement</u>

4          A corporation, such as The Shuey Agency, is a legal entity, that is separate and distinct

5    from its officers, such as Mr. Shuey. *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th

6    523, 538 (2000). As such, officers acting in an official capacity cannot be held liable for breach

7    of a corporate contract. *August Entm't, Inc., v. Philadelphia Indem. Ins. Co.*, 146 Cal. App. 4th

8    565, 576 (2007); *see also Smith v. Simmons*, CV05-01187, 2007 U.S. Dist. LEXIS 70833, at * 8

9    (E.D. Cal. Sept. 25, 2007) (finding that vice-president of corporation had executed a contract in

10   his official capacity, and thus, could not be a proper party to plaintiff's breach of contract claim).

11   Here, in the Agreement, the title of "President" appears below Mr. Shuey's signature. (Shuey

12   Decl., Ex. 1.) Thus, on the face of the Agreement, it is clear that Mr. Shuey executed the

13   Agreement as President of The Shuey Agency. There is nothing in the Agreement or in the TAC

14   to indicate that at all times relevant to the Agreement, Mr. Shuey did not act in his official

15   capacity as President of The Shuey Agency Therefore, Mr. Shuey cannot be held liable in his

16   official capacity for any purported breach of the Agreement by The Shuey Agency.

17         Furthermore, the language of the Agreement is clear and explicit, and thus, the Court

18   defers to the language to interpret the contract. Cal. Civ. Code § 1638; *see also Navarro v.*

19   *Mukasey*, 04-70324, 2008 U.S. App. LEXIS 4550, at *10 (9th Cir. March 4, 2008); *Welles v.*

20   *Turner Entm't Co.*, 05-55742, 2007 U.S. App. LEXIS 21712, at *12 (9th Cir. Sept. 11, 2007).

21   Here, the plain language of the Agreement clearly identifies the parties to the Agreement as The

22   Shuey Agency and The Brad Lovesy Group. The Agreement does not contain any terms or

23   conditions that impose any obligations on Mr. Shuey, in an individual capacity, nor does it

24   identify Mr. Shuey as the real party in interest who will perform the Agreement. The Agreement

25   also does not identify TGS as party to the Agreement, or an entity who will perform the

26   obligations under the Agreement.

27

28

1    Accordingly, the Court finds no basis to hold Mr. Shuey liable in an individual capacity

2    for The Shuey Agency's purported breach of the Agreement.  *U.S. Liability Ins. Co. v.*

3    *Haidinger-Hayes*, Inc., 1 Cal. 3d 586, 594-595 (1970) ("Directors and officers are not personally

4    liable on contracts signed by them for and on behalf of the corporation unless they purport to

5    bind themselves individually.")   Likewise, there is no basis to hold TGS liable for any purported

6    breach of the Agreement by The Shuey Agency.  Therefore, TGS and Mr. Shuey are dismissed

7    with respect to the breach of contract claim.

8        In addition, Plaintiffs cannot state a claim against TGS or Mr. Shuey for breach of the

9    covenant of good faith and fair dealing.  The covenant of good faith and fair dealing is implied

10   by law in every contract, and cannot exist "independent of its contractual underpinnings." *Epis,*

11   *Inc. v. Fid. & Guar. Lif. Ins. Co.*, 156 F. Supp. 2d 1116, 1127 (N.D. Cal. 2001) (*citing Guz v.*

12   *Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000).  Plaintiffs cannot, as a matter of law, state that

13   TGS and Mr. Shuey breached the covenant of good faith and fair dealing implied in the

14   Agreement, to which, as determined above, they were not contracting parties to or had any duties

15   or obligations.  Therefore, TGS and Mr. Shuey are dismissed with respect to the breach of

16   covenant of good faith and fair dealing claim.

17            2.    <u>Alter ego liability does not exist as these allegations are stricken</u>

18       To the extent that Mr. Lovesy is attempting to impose liability on TGS and Mr. Shuey by

19   contending that Defendants "have shared ownership" and as such, are each "responsible for

20   Plaintiffs' claims under the contract" (TAC at ¶ 9), such an argument is essentially based on a

21   theory of alter ego liability among Defendants.  As set forth above, Mr. Lovesy has failed to

22   sufficiently plead alter ego liability among Defendants.  Absent sufficient alter ego allegations,

23   Mr. Lovesy cannot state a claim against TGS and Mr. Shuey for breach of contract and breach of

24   the covenant of good faith and fair dealing.  Therefore, TGS and Mr. Shuey are dismissed with

25   respect to Plaintiffs' fourth and fifth causes of action for breach of contract and breach of the

26   covenant of good faith and fair dealing.

27

28

3.     Plaintiffs cannot state a claim for unfair business practices against TGS
and Mr. Shuey

To the extent that Plaintiffs' unfair business practices claim against Defendants are based on the terms and conditions in the Agreement, the Court finds TGS and Mr. Shuey are improper defendants.  (TAC at ¶¶ 91-92.)

There is no basis to hold TGS and Mr. Shuey liable for a contractual provision contained in the Agreement, to which they were not parties.  Absent sufficient alter ego allegations, TGS and Mr. Shuey cannot be liable for the purported violation of section 16600.  Furthermore, TGS and Mr. Shuey cannot be held liable for any purported unlawful and unfair business practices of The Shuey Agency because they were not obligated in anyway to perform under the Agreement. Therefore, with respect to Plaintiffs' seventh cause of action for unfair business practices, TGS and Mr. Shuey are dismissed.

4.     TGS and Mr. Shuey are dismissed with prejudice

TGS and Mr. Shuey are dismissed with prejudice with respect to Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices.  For the reasons discussed hereinabove, Plaintiffs' cannot factually plead that TGS and Mr. Shuey are liable for performance of the Agreement, for any terms and conditions contained in the Agreement, or for any purported breaches of the Agreement.  Accordingly, any further amendments would be futile.  *Schmier v. United States Court of Appeals*, 279 F.3d 817, 824 (9th Cir. 2002) (stating leave to amend may be denied where amendment would be futile, meaning it is not factually possible for plaintiff to amend the complaint); *see also Albrecht*, 845 F.2d at 195-96; *Noll*, 809 F.2d at 1448.  Here, the Court finds dismissal of TGS and Mr. Shuey with prejudice is warranted and proper.

IV.     **CONCLUSION**

For the foregoing reasons, the Court rules as follows:

1.     Defendants' Motion to Dismiss is GRANTED WITH PREJUDICE with respect

1 | to the intentional interference with prospective economic advantage claim, and with respect to

2 | the breach of contract, breach of the covenant of good faith and fair dealing, and unfair business

3 | practices claims as to TGS and Mr. Shuey.

4 |       2.     Defendants' Motion to Strike is GRANTED with respect to Paragraph 9 in its

5 | entirety.

6 |       3.     Defendants' Request for Judicial Notice of the Second Amended Complaint and

7 | the Court's March 13, 2008 Order is GRANTED.

8 |       IT IS SO ORDERED.

9

10 | DATED: _____, 2008

                                      _____
SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE

11

12 | SF1 28320693.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28