1  CHARLES L. DEEM, Bar No. CA-110557
   BROOKE L. KILLIAN, Bar No. CA-239298
2  charles.deem@dlapiper.com
   DLA PIPER US LLP
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel:  619.699.2700
   Fax:  619.699.2701
5
   Attorney for Defendants
6  ARMED FORCES BENEFIT ASSOCIATION and
   5STAR LIFE INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT

9        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11 BRAD LOVESY and PACIFIC                 CASE NO.  C 07-2745 SBA
   CONSOLIDATED INVESTMENTS,
12 INC., a Nevada corporation,             **DEFENDANTS 5STAR LIFE INSURANCE
                                           COMPANY AND ARMED FORCES
13          Plaintiff,                     BENEFIT ASSOCIATION'S NOTICE OF
                                           MOTION AND MOTIONS TO DISMISS
14     v.                                  AND STRIKE PORTIONS OF
                                           PLAINTIFFS BRAD LOVESY AND
15 ARMED FORCES BENEFIT                    PACIFIC CONSOLIDATED
   ASSOCIATION, individually, doing        INVESTMENTS, INC.'S THIRD
16 business as 5STAR ASSOCIATION,          AMENDED COMPLAINT;
   5STAR LIFE INSURANCE COMPANY;           MEMORANDUM OF POINTS AND
17 TED SHUEY, individually, doing business AUTHORITIES IN SUPPORT OF
   as THE SHUEY AGENCY, INC., and          MOTIONS TO DISMISS AND STRIKE**
18 TGS GROUP, INC.,
                                           Date:        June 3, 2008
19                                         Time:        1:00 p.m.
                                           Courtroom:  3
20                                         Judge:      Hon. Saundra B. Armstrong

21

22

23

24

25

26

27

28

SD\1814369.4
332602-3

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that on Tuesday, June 3, 2008 at 1:00 p.m., or as soon

4  thereafter as can be heard, in Courtroom 3 of the United States District Court for the Northern

5  District of California, Oakland Division, located at 1301 Clay Street, Third Floor, Oakland, CA

6  94612-5212, Defendants Armed Forces Benefit Association[1] and 5Star Life Insurance Company

7  ("5Star Life") (sometimes, collectively "Defendants"), and each of them individually, will and

8  hereby do move the Court for an order dismissing and striking portions of Plaintiffs Brad Lovesy

9  and Pacific Consolidated Investments, Inc.'s (collectively, "Lovesy") Third Amended Complaint

10  for damages as to each of the Defendants.

11          This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds

12  that certain causes of action in the Third Amended Complaint fail to state a claim upon which

13  relief can be granted.  This motion is further made pursuant to Federal Rule of Civil

14  Procedure 9(b) on the grounds Lovesy's purported sixth cause of action against 5Star Life fails to

15  allege a claim for fraud with reasonable particularity.  This motion is also made pursuant to

16  Federal Rule of Civil Procedure 12(f) on the grounds that the Third Amended Complaint contains

17  immaterial and impertinent allegations that do not support any cause of action or claim for relief

18  in the Third Amended Complaint.

19          In the Third Amended Complaint, Lovesy asserts five purported counts against

20  Defendants Star Life and/or Armed Forces Benefit Association:  (1) breach of contract; (2) breach

21  of the covenant of good faith and fair dealing; (3) fraud; (4) violation of California's Unfair

22  Competition Law; and (5) for an accounting.  For the reasons set forth below, Defendants move

23  to dismiss the following causes of action:

24  /////

25  /////

26

27  _____

28  [1] Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association,
individually, doing business as 5Star Association."

DLA PIPER US LLP
SAN DIEGO
SD\1814369.4
332602-3
-1-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1.    <u>Unfair Competition Law</u>:  Lovesy's purported UCL cause of action is deficient because Lovesy is entitled to no relief under the UCL and because Lovesy fails to allege Armed Forces Benefit Association had knowledge of the contract provision of which Lovesy complains;

2.    <u>Fraud</u>:  Lovesy fails to plead fraud with particularity and fails to allege a misrepresentation;

3.    <u>Accounting (Armed Forces Benefit Association Only</u>):  Lovesy has not stated a cause of action against Armed Forces Benefit Association, and therefore, Armed Forces Benefit Association owes no money to Lovesy and Lovesy's accounting cause of action fails as to that Defendant.

Additionally, and for the reasons set forth, Defendants move to strike the portions of the complaint described below.  Unless otherwise specified, Defendants move to strike the paragraphs listed in their entirety.

1.    <u>Alter Ego Allegations</u> (Paragraph 5):  Lovesy's veiled alter ego allegations are not adequate to support alter ego liability.

2.    <u>Exclusivity Allegations</u> (Paragraphs 15, 17, 18, 23, 29, 38, 39, 40, 50, 51, 59, 62, 63, 64, 65, 82, 84, 86, 90, 91, 94, and 100):  Lovesy makes no new allegations overcoming the fact that he was not permitted to operate exclusively in any region pursuant to the underlying agreements.  Defendants move to strike the following paragraphs only as to the portions described below:

- Paragraph 15:  "was the sole marketer and solicitor of insurance products to the National Guard" and "After Mr. Osopsky's [sic] death, Mr. Lovesy became the exclusive person marketing to the National Guard;"

- Paragraphs 23:  "5Star Life advised Mr. Lovesy that unless he agreed to use the services of Ted Shuey and The Shuey Agency as third party administrators for policies he procured, and those procured by the Field Service Representatives in the Assigned Regions, Mr. Lovesy's business in the Assigned Regions would be taken over by Ted Shuey, who also had a relationship with the National Guard;"

- Paragraph 29:  "in the region assigned to Mr. Lovesy;"

-2-

- Paragraph 50: "by, among other things, violating the custom and practice under those contracts through the authorization of Ted Shuey, TGS Group, and the Shuey Agency to sell AFBA and 5Star Life products to the National Guard in regions assigned solely to Mr. Lovesy, and;"
- Paragraph 59: "permitting Ted Shuey, TGS Group, and The Shuey Agency to solicit policies in the Assigned Regions;"
- Paragraph 65: "and engaging in direct sales within the Assigned Regions in contravention of the known custom and practice under the Agreements;"
- Paragraph 86: "procured in the Assigned Regions;"
- Paragraph 90: "precluding Plaintiffs and the Field Service Representative they worked with from selling AFBA and 5Star products" and "Mr. Lovesy was forced to accept this restriction in order to continue selling the AFBA products;"
- Paragraph 91: "lose any realistic ability to sell AFBA products;"
- Paragraph 94: "and to lose commissions and/or bonuses on sales in the Assigned Regions which went to Defendants Ted Shuey, TGS Group, and The Shuey Agency"
- Paragraph 100: "all monies received in connection with policies issued in the Assigned Regions."

3.    <u>Duty to Process Policies Allegations</u>:  (Paragraphs 21, 37, 52, and 53):  Lovesy makes no new allegations overcoming the fact that Defendants had no duty to process insurance policies pursuant to the underlying agreements.  Defendants move to strike the following paragraph only as to the portion described below:

- Paragraph 37: "AFBA and 5Star Life also refused to process the policies themselves, despite having both the ability to do so and the knowledge of numerous deficiencies on the part of Ted Shuey, TGS Group, and the Shuey Agency."

4.    <u>Unfair Competition Law ("UCL") Allegations Regarding Section 16600</u> (Paragraphs 90 and 91):  Lovesy's allegations related to California Business & Professions Code

-3-

Section 16600 should be stricken because they necessarily and improperly assume Lovesy was entitled to operate exclusively in several Western states.

5.    <u>UCL Allegations Regarding Section 16600 (Armed Forces Benefit Association Only)</u> (Paragraphs 90 and 91): Lovesy's allegations related to California Business & Professions Code Section 16600 should be stricken with respect to Armed Forces Benefit Association because Lovesy fails to allege Armed Forces Benefit Association had knowledge of the allegedly offensive provision.

6.    <u>UCL Allegations Regarding Duty to Process Policies</u> (Paragraph 92): Lovesy's allegations that Defendants violated the UCL by failing to process insurance policies should be stricken because Lovesy fails to include allegations sufficient to overcome the fact that Defendants had no duty to process insurance policies pursuant to the underlying agreements.

7.    <u>UCL Allegations Regarding "Piggybacking"</u> (Paragraphs 42 and 93): Lovesy has no standing to allege a UCL cause of action based on purported policy "piggybacking," as Lovesy suffered no injury-in-fact as a result of Defendants' alleged actions. Defendants move to strike the following paragraph only as to the portion described below:

- Paragraph 42: "He also raised concerns that AFBA, 5Star Life, and Ted Shuey were misleading and taking advantage of service members in the pricing of policies. AFBA and 5Star had a reasonably priced life insurance policy, which provided $250,000.00 in coverage for a premium of $16.00 per month. However, Mr. Lovesy could was told not to sell that policy unless the service member also purchased a policy that provided only $10,000.00 in coverage but cost $3.66 per month. The marketing of the two policies was deceptive, at best, as the service members were not told that they were actually purchasing two separate policies."

8.    <u>UCL Allegations Regarding Future Commissions</u> (Paragraph 94): Lovesy is not entitled to future lost commissions.

9.    <u>Prayer for Relief In Connection With UCL</u> (Paragraphs 94, 95, and 96; Page 22, Subparagraphs 1 and 2 under "Seventh Cause of Action"): As Lovesy's purported cause of action

/////

-4-

SD\1814369.4
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    under the UCL fails and he is entitled to no relief, his prayer for relief under the UCL should be

2    stricken.

3            10.    <u>Prayer for Relief In Connection With Fraud</u> (Paragraphs 87 and 88; Page 22,

4    Subparagraphs 1 through 5 under "Sixth Cause of Action"):  As Lovesy's purported cause of

5    action for fraud fails and he is entitled to no relief, his prayer for relief for fraud should be

6    stricken.

7            11.    <u>Prayer for Attorneys' Fees In Connection With Breach of Covenant</u> (Page 21,

8    Subparagraph 3 under "Second Cause of Action"):  Attorneys' fees are not permissible in an

9    action for breach of the covenant of good faith and fair dealing.

10           12.    <u>Prayer for Prejudgment Interest In Connection With Contract Claims</u>

11    (Paragraphs 55 and 60; Page 21, Subparagraph 2 under "First Cause of Action" and

12    Subparagraph 2 under "Second Cause of Action"):  Lovesy is not entitled to prejudgment interest

13    because his alleged damages cannot be estimated with certainty without an accounting.

14    Defendants move to strike the following paragraphs only as to the portion described below:

15        •    Paragraph 55:  "including prejudgment interest on all unpaid sums as permitted by

16             law."

17        •    Paragraph 60:  "including prejudgment interest on all unpaid sums as permitted by

18             law."

19           Defendants request that the Court grant the Motion to Dismiss and Strike with prejudice

20    and without leave to amend.

21           Defendants base this motion on this Notice, the attached Memorandum of Points and

22    Authorities, the Declaration of Michael Kimo Wong in Support of Defendants' 5Star Life and

23    Armed Forces Benefit Association's Motion to Dismiss and Strike Portions of Plaintiffs Brad

24    Lovesy and Pacific Consolidate Investments, Inc.'s Third Amended Complaint, the Request for

25    Judicial Notice In Support of 5Star Life and Armed Forces Benefit Association's Motion to

26    Dismiss and Strike Portions of Plaintiffs Brad Lovesy and Pacific Consolidate Investments, Inc.'s

27    Third Amended Complaint, the pleadings and records on file with this Court, all other matters of

28    /////

1    which this Court may take judicial notice, and such argument as may be presented at the hearing

2    on this motion.

3         Counsel for Defendants 5Star Life and Armed Forces Benefit Association certify they

4    have met and conferred in good faith with Counsel for Lovesy regarding this Motion and were

5    unable to resolve the issue.

6    Dated:  April 16, 2008

7                                    DLA PIPER US LLP

8

9                         By  ___/s/ Charles L. Deem_____
                              CHARLES L. DEEM
10                            Attorneys for Defendants
                              ARMED FORCES BENEFIT ASSOCIATION
11                            and 5STAR LIFE INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\1814369.4                   DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
332602-3                       DISMISS LOVESY'S SECOND AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1

## TABLE OF CONTENTS

2
**Page**

3   I.      INTRODUCTION ...................................................................................................... 1

4   II.     FACTUAL BACKGROUND ..................................................................................... 2

5   III.    PROCEDURAL BACKGROUND ............................................................................. 4

6   IV.     LEGAL STANDARD ................................................................................................ 5

7           A.      Under Rule 12(b)(6), the Court May Dismiss a Complaint that Fails to
                    State a Claim upon Which Relief May Be Granted. ...................................... 5
8
9           B.      Under Rule 9(b), the Court May Dismiss a Count for Fraud if the Plaintiff
                    Fails to State the Claim with Particularity. ................................................... 6

10          C.      Under Rule 12(f), the Court May Strike Any Portion of a Complaint that Is
                    Redundant, Immaterial, Impertinent, or Scandalous...................................... 6
11
12  V.      THE COURT SHOULD GRANT 5STAR LIFE AND ARMED FORCES
            BENEFIT ASSOCIATION'S MOTION TO DISMISS ............................................. 7

13          A.      Lovesy Is Not Entitled to Relief Under California's Unfair Competition
                    Law; Accordingly, the Cause of Action Should Be Dismissed in its
14                  Entirety......................................................................................................... 7

15          B.      Lovesy's Fraud Claim Is Seriously Deficient, as a Matter of Procedure, as a
                    Matter of Law, and as a Matter of Logic. ..................................................... 8
16
17                  1.      Lovesy's Purported Fraud Allegations against the Defendants Lack
                            the "Who, What, Where, Why and When" Needed to Plead Fraud
                            with Particularity ............................................................................... 9
18
19                  2.      Lovesy Does Not Identify Any Misrepresentations Purportedly
                            Made by Defendants AFBA or 5Star........................................... 9

20                  3.      Lovesy Fails to Cure the Exclusivity Allegations Previously
                            Dismissed by this Court ................................................................. 10
21
22          C.      Armed Forces Benefit Association Owes No Money to Lovesy, and
                    Therefore, Lovesy's Cause of Action for Accounting Must Fail as to
                    Armed Forces Benefit Association .............................................................. 10
23
24  VI.     THE COURT SHOULD GRANT 5STAR LIFE AND ARMED FORCES
            BENEFIT ASSOCIATION'S MOTION TO STRIKE............................................ 12

25          A.      Lovesy's Cloaked Alter Ego Allegations Have No Bearing on the Subject
                    Matter of the Lawsuit.................................................................................. 12
26
27          B.      Lovesy Was Not Entitled to Operate in Any Region Exclusively;
                    Therefore, All Allegations Relating to Exclusivity Should Be Stricken. ..... 13

28

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-i-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

**TABLE OF CONTENTS**
(continued)

Page

C.  5Star Life and Armed Forces Benefit Association Had No Duty to Process Policies; All Allegations Regarding Processing of Policies Should Be Stricken. ................................................................................................ 14

D.  Lovesy's Unfair Competition Law Allegations Are Immaterial and Impertinent ........................................................................................... 15

1.  Lovesy Was Not Entitled to Operate Exclusively in the Assigned Region; the Section 16600 Allegations Should Be Stricken................... 15

2.  Armed Forces Benefit Association Had No Knowledge of the Contract Provision At Issue; The Section 16600 Allegations Should Be Stricken as to Armed Forces Benefit Association .............................. 15

3.  Defendants Had No Duty to Process Policies; Lovesy's UCL Allegations Regarding Defendants' Failure to Process Policies Should Be Stricken.................................................................................... 16

4.  Lovesy Lacks Standing to Allege Injuries Suffered By the Public; Lovesy's "Piggybacking" Allegations Should Be Stricken. .................... 16

5.  Lovesy Is Not Entitled to Future Commissions, as Described in the March 2008 Order; Accordingly, Lovesy's Allegations Related to Commissions Should Be Stricken ........................................................... 17

6.  Lovesy's Prayer For Damages And Other Relief In Connection With His UCL Cause of Action Should Be Stricken. ............................... 17

E.  Lovesy's Prayer for Punitive Damages and Other Relief in Connection with His Fraud Cause of Action Should Be Stricken............................ 17

F.  Portions of Lovesy's Prayer Seek Impermissible Relief and Should Be Stricken. ........................................................................................ 18

1.  Attorneys' Fees in Connection with Breach of Covenant........................ 18

2.  Prejudgment Interest on "Sum Certain." ................................................. 18

VII.  PORTIONS OF THE COMPLAINT SHOULD BE DISMISSED AND STRICKEN WITH PREJUDICE.................................................................... 19

VIII.  CONCLUSION ........................................................................................... 19

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### **CASES**

4

*Acciai Speciali Terni USA, Inc. v. Momene,*
　202 F. Supp. 3d 203, 207 (S.D.N.Y. 2002) ....................................................... 13

5

*Allen v. City of Beverly Hills,*
6
　911 F.2d 367 (9th Cir. 1990) ........................................................................... 19

7

*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
　459 U.S. 519, 103 S. Ct. 897 (1983) ................................................................. 6

8

*Bank of the West v. Superior Court,*
9
　2 Cal. 4th 1254 (1992) .................................................................................... 11

10

*Beck v. Cantor, Fitzgerald & Co.,*
　621 F. Supp. 1547 (D. Ill. 1985) ....................................................................... 9

11

*Bell Atl. Corp. v. Twombly,*
12
　550 U.S. ___, 127 S. Ct. 1955 (2007) ................................................................ 5

13

*Branch v. Tunnell,*
　14 F.3d 449 (9th Cir. 1994) .............................................................................. 2

14

*Bureerong v. Uvawas,*
15
　922 F. Supp. 1450 (C.D. Cal. 1996) .................................................................. 6

16

*Cahill v. Liberty Mut. Ins. Co.,*
　80 F.3d 336 (9th Cir. 1996) .............................................................................. 5

17

*Cal. Fair Plan Ass'n v. Politi,*
18
　220 Cal. App. 3d 1612 (1990) ......................................................................... 18

19

*Chesapeake Indus., Inc. v. Togova Enters., Inc.,*
　149 Cal. App. 3d 901 (1983) ........................................................................... 18

20

*Colaprico v. Sun Microsystems,*
21
　758 F. Supp. 1335 (N.D. Cal. 1991) .................................................................. 6

22

*Conley v. Gibson,*
　355 U.S. 41, 78 S. Ct. 99 (1957) ...................................................................... 6

23

*Czechowski v. Tandy Corp.,*
24
　731 F. Supp. 406 (N.D. Cal. 1990) .................................................................... 7

25

*Durning v. First Boston Corp.,*
　815 F.2d 1265 (9th Cir. 1987) ........................................................................... 5

26

*Erkenbrecher v. Grant,*
27
　187 Cal. 7 (1921) ........................................................................................... 12

28

SD\1814369.4
332602-3

-iii-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

# TABLE OF AUTHORITIES
**(continued)**

**Page**

*Fantasy, Inc. v. Fogerty,*
    984 F.2d 1524 (9th Cir. 1993)................................................................. 6

*Foley v. Interactive Data Corp.,*
    47 Cal. 3d 654 (1988) ....................................................................... 18

*Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club,*
    407 F.3d 1027 (9th Cir. 2005)............................................................. 6

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal. 4th 1134 (2003) ..................................................................... 17

*Kritzer v. Lancaster,*
    96 Cal. App. 2d 1 (1950)..................................................................... 11

*Lineman v. Schmid,*
    32 Cal. 2d 201 (1948) ......................................................................... 18

*Lovesy v. Armed Forces Benefit Association, C 07-2745 SBA,*
    Docket Nos. 42, 51........................................................................... 16

*Lovesy v. Armed Forces Benefit Association, No. C 07-2745 SBA,*
    Docket No. 37 ................................................................................. 4

*Neilson v. Union Bank of Cal., N.A., /////,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ......................................... 12

*Nishi-matsu Const. Co. v. Houston Nat'l Bank,*
    515 F.2d 1200 (9th Cir. 1987)............................................................. 5

*Nissim v. McNeil Consumer Prod. Co.,*
    957 F. Supp. 604 (E.D. Pa. 1997) ..................................................... 7

*Ove v. Gwinn,*
    264 F.3d 817 (9th Cir. 2001)............................................................... 5

*Robertson v. Dean Witter Reynolds, Inc.,*
    749 F.2d 530 (9th Cir. 1984)............................................................... 5

*Robinson v. City of St. Charles,*
    972 F.2d 974 (8th Cir. 1992)............................................................... 7

*Seeger v. Odell,*
    18 Cal. 2d 409 (1941) ......................................................................... 9

*SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.,*
    88 F.3d 780 (9th Cir. 1996)................................................................. 5

*Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.,*
    975 F.2d 1134 (5th Cir. 1992)........................................................... 6, 9

DLA PIPER US LLP
SAN DIEGO

-iv-

SD\1814369.4
332602-3

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS AND STRIKE LOVESY'S TAC    CASE NO. C 07-2745 SBA

1
2

### TABLE OF AUTHORITIES
#### (continued)

**Page**

3
4

*Tunison v. Continental Airlines Corp.*,
        162 F.3d 1187 (D.C. Cir. 1998) ........................................ 7

*United States v. Ritchie*,
        342 F.3d 903 (9th Cir. 2003) .................................... 2, 16

5
6

*Westamerica Bank v. MBG Indus., Inc.*,
        158 Cal. App. 4th 109 (2007) ........................................ 7

7
8

*Whann v. Doell*,
        192 Cal. 680 (1923) ........................................ 11

9

### STATUTES

10
Cal. Bus. & Prof. Code § 16600 ........................................ 3, 4

11
Cal. Bus. & Prof. Code § 17203 ........................................ 7, 8, 11

12
Cal. Bus. & Prof. Code § 17204 ........................................ 17

13
Cal. Civ. Code § 1709 ........................................ 9

14
Cal. Civ. Code § 3287 ........................................ 18, 19

15
Cal. Code Civ. Proc. § 1021 ........................................ 18

16
Fed. R. Civ. Proc. 9(b) ........................................ 6, 7, 8

17
Fed. R. Civ. P. 12(b)(6) ........................................ 5

18

### MISCELLANEOUS

19
Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297 (3d ed. 2007) ......... 6, 9

20
21
22
23
24
25
26
27
28

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-v-

DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS AND STRIKE LOVESY'S TAC    CASE NO. C 07-2745 SBA

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

Defendants 5Star Life Insurance Company ("5Star Life") and Armed Forces Benefit

3

Association,[2] submit the following points and authorities in support of their motions to dismiss

4

and strike portions of Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s

5

(collectively, "Lovesy") Third Amended Complaint for Damages.

6

## I.    INTRODUCTION

7

This dispute arises out of the ending of an independent contractor relationship between an

8

insurance underwriter, 5Star Life, and its former insurance salesperson, Lovesy.  At times,

9

Lovesy did business under the name Pacific Consolidated Investments, Inc.  Defendant Armed

10

Forces Benefit Association is a non-profit benefit association that provides services to members

11

of the Armed Forces.  Through a holding company, Armed Forces Benefit Association makes

12

arms-length investments in 5Star Life, who in turn, sells life insurance products to members of

13

the Armed Forces.  Lovesy also sued Ted Shuey, The Shuey Agency, Inc., and TGS Group, Inc.

14

(collectively, the "Shuey Defendants").  One or more of the Shuey Defendants processed

15

payments for insurance policies sold by Lovesy and underwritten by 5Star Life.

16

This, Lovesy's Third Amended Complaint, suffers from many of the same deficiencies as

17

his three previous attempts at stating a cause of action.  5Star Life and Armed Forces Benefit

18

Association, having incurred significant expense in responding to three prior iterations of the

19

complaint, move to dismiss and strike portions of Lovesy's Third Amended Complaint with

20

prejudice and without leave to amend.  5Star Life and Armed Forces Benefit Association move to

21

dismiss two causes of action in their entirety, one additional cause of action in its entirety as to

22

Armed Forces Benefit Association only, and to strike numerous impertinent and immaterial

23

allegations.

24

Lovesy's causes of action for fraud and violation of California's Unfair Competition Law

25

should be dismissed in their entirety.  Lovesy's fraud claim is not plead with particularity, fails to

26

allege that a misrepresentation was made, and is based on the false assumption that Lovesy was

27

28

[2]  Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, individually, doing business as 5Star Association."

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-1-

DEFENDANTS AFBA & 5STAR'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    entitled to operate exclusively in several Western states. Lovesy's Unfair Competition Law

2    ("UCL") claim is fatally deficient because Lovesy is entitled to no relief under the UCL and fails

3    to plead allegations sufficient to address the deficiencies in the Second Amended Complaint, as

4    outlined in the Court's Order of March 13, 2008 ("March 2008 Order" or "Court Order").

5    Additionally, Lovesy does not have standing to assert a UCL cause of action based on harm

6    allegedly caused to the public.

7         Lovesy's purported cause of action for an accounting should be dismissed as to Armed

8    Forces Benefit Association. As Lovesy has not stated a cause of action against Armed Forces

9    Benefit Association, Armed Forces Benefit Association can owe no money to Lovesy, and

10   Lovesy's accounting claim fails as to that Defendant.

11        Moreover, a number of Lovesy's allegations are impertinent and immaterial, and should

12   be stricken under Rule 12(f). Specifically, Lovesy's allegations related to alter ego liability,

13   exclusive rights to operate in several Western states, and Defendants' duty to process policies, are

14   contradicted by other evidence the Court may consider and/or are not sufficient to support a cause

15   of action. Further, Lovesy's complaint seeks impermissible relief, including improper attorneys'

16   fees and prejudgment interest.

17        The Court should grant 5Star Life and Armed Forces Benefit Association's motions to

18   dismiss and strike with prejudice. Lovesy has had four opportunities to draft an appropriate

19   complaint, and has refused to appropriately narrow his allegations and causes of action to those

20   he can allege in good faith. 5Star Life and Armed Forces Benefit Association should not be

21   required to respond to a Fourth Amended Complaint when Lovesy has refused to take advantage

22   of previous opportunities to amend his pleading.

23   **II.     FACTUAL BACKGROUND**

24        For purposes of this motion, the following allegations in the Third Amended Complaint

25   and the Agreements[3] attached to the Declaration of Michael Kimo Wong in Support of

26   _____

27   [3]   As established in the March 2008 Order, the Court may consider documents referenced in Lovesy's
           Third Amended Complaint because the documents are central to Lovesy's claims. (Court Order, at 2
28         n.1); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994). Specifically, the Court may consider four

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-2-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Defendants' 5Star Life and Armed Forces Benefit Association's Motions to Dismiss and Strike

2    Portions of Plaintiff Brad Lovesy's Third Amended Complaint ("Wong Decl.") are deemed to be

3    true:  Lovesy entered into the Representative Agreement and the Director Agreement (sometimes

4    collectively, the "Agreements") with 5Star Life (which was previously known as AFBA Life

5    Insurance Company) on March 22, 2001, and September 10, 2001, respectively.  (TAC at ¶¶ 16,

6    19; *see also* Wong Decl., Ex. D, E.)  Pursuant to the Agreements, Lovesy was permitted to serve

7    as a Regional Sales Director for 5Star Life and sell 5Star Life's insurance products as a Field

8    Service Representative.  (*Id*. at ¶¶ 17, 20; Director Agreement, at 2.)  Contrary to Lovesy's

9    allegations, the Director Agreement does not authorize Lovesy to operate exclusively in the states

10   of Arizona, California, Nevada, New Mexico, and Utah (the "Alleged Assigned Region").

11   (Director Agreement, at ¶¶ I – VIII.)  Further, the Agreements do not impose a duty on 5Star Life

12   or Armed Forces Benefit Association to process insurance payments or policies.  (Representative

13   Agreement, *passim*; Director Agreement, *passim*.)

14          In approximately August 2004, Lovesy entered into a Memorandum of Agreement with

15   The Shuey Agency, Inc. (the "TGS Agreement"), under which The Shuey Agency, Inc. agreed to

16   provide administrator services to Lovesy, including implementation of payroll deductions for the

17   premiums due for all 5Star Life insurance policies.  (*Id*. at ¶¶ 26-27; TGS Agreement, at pp. 1.)

18   The TGS Agreement prohibits Lovesy from marketing life insurance products, other than those

19   provided by 5Star Life, in presentations for the California National Guard.  (TGS Agreement, at

20   ¶ 1(a).)  None of the other agreements between Lovesy and any of the Defendants contains a

21   /////

22   _____

23   agreements referenced in the Third Amended Complaint for the purpose of the motion to dismiss:
     (1) Regional Sales Director Agreement ("Director Agreement"); (2) Regional Sales Director
     Compensation Addendum ( "Compensation Addendum"); (3) Independent Field Service

24   Representative Agreement ( "Representative Agreement"); and (4) Memorandum of Agreement
     between Lovesy and Ted Shuey Agency (the "TGS Agreement").  (TAC at ¶¶ 16, 19, 26) (the

25   Agreements are attached to the Declaration of Michael Kimo Wong as Exhibits A, B, and C, and to the
     Declaration of Theodore G. Shuey, Jr. in support of Theodore G. Shuey, Jr., TGS Group, and The

26   Shuey Agency, Inc.'s Motion to Dismiss Plaintiffs' Third Amended Complaint, as Exhibit 1.)  These
     four agreements constitute the basis of Lovesy's causes of action.  (*See* TAC at ¶¶ 48-101.)

27   Accordingly, the Court may treat the Agreements as part of the Third Amended Complaint, so that the
     contents of the documents are deemed true for the purpose of the motion to dismiss.  *United States v.*

28   *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-3-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1  similar provision. (*See* Director Agreement, *passim*; Representative Agreement, *passim*; Field

2  Service Compensation Addendum, *passim*.)

3      Early in his relationship with the Shuey Defendants, Lovesy became unhappy with the

4  manner in which they processed insurance policy applications. (SAC ¶¶ 30.) Lovesy also claims

5  the Shuey Defendants began to solicit business in portions of the Alleged Assigned Region. (*Id.*

6  at ¶ 38.) Purportedly, as a result of Lovesy raising concerns about the propriety of the marketing

7  of 5Star Life's insurance offerings, TGS cancelled the TGS Agreement at some point after

8  February 28, 2006. (*Id.* at ¶ 43.) Lovesy's relationship with 5Star Life ended when, on May 7,

9  2007, 5Star Life sent Lovesy notice of "intent to terminate his agreement" as of June 7, 2007.

10 (Second Amended Complaint, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA,

11 Docket No. 37 at ¶ 50.[4]). Lovesy never had a contractual relationship with Armed Forces Benefit

12 Association. (*See generally*, Director Agreement; Representative Agreement.)

13 **III.    PROCEDURAL BACKGROUND**

14     Lovesy filed an initial complaint for damages on May 24, 2007. The purported causes of

15 action in the initial complaint were deficient in many material respects. Defendants engaged in

16 meet and confer efforts, but Lovesy refused to amend his complaint. Only after reviewing

17 Defendants' motion to dismiss did Lovesy agree to file an amended complaint. On September 27,

18 2007, the Court signed an order permitting Lovesy to file a First Amended Complaint.

19 Defendants met and conferred with Lovesy with respect to the First Amended Complaint.

20 Despite Defendants' meet and confer efforts, Lovesy again refused to amend his complaint until

21 after reviewing Defendants' motions to dismiss. Lovesy filed a Second Amended Complaint on

22 November 16, 2007. Lovesy named a new defendant (5Star Financial, LLC) and a new plaintiff

23 (Pacific Consolidated Investments, Inc.) in the Second Amended Complaint. After attempting to

24 meet and confer with Lovesy, Defendants filed motions to strike and dismiss the Second

25 Amended Complaint, and for a more definite statement.

26

27

28

_____

[4]  In the Request for Judicial Notice filed herewith, AFBA and 5Star request that the Court take judicial notice of Lovesy' Second Amended Complaint.

DLA PIPER US LLP
SAN DIEGO

-4-

SD\1814369.4
332602-3

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1    On March 13, 2008, the Court ordered portions of Lovesy's complaint stricken and

2    dismissed.  As a result of the Court's Order, the only claims remaining against 5Star Life were

3    breach of contract, breach of the covenant of good faith, and for an accounting.  Only the

4    accounting cause of action stood against Armed Forces Benefit Association.  The Court granted

5    with prejudice 5Star Financial's motion to dismiss for lack of personal jurisdiction.  Thereafter,

6    Lovesy filed a Third Amended Complaint on April 2, 2008.  Defendants met and conferred with

7    Lovesy with respect to the Third Amended Complaint, both before and after he filed it.

8    **IV.    LEGAL STANDARD**

9        **A.    Under Rule 12(b)(6), the Court May Dismiss a Complaint that Fails to State a
        Claim upon Which Relief May Be Granted.**

10

11    Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained

12    within a complaint, may be dismissed if it fails to state a claim upon which relief may be granted.

13    Fed. R. Civ. P. 12(b)(6).  "The court may dismiss a complaint as a matter of law for '(1) lack of a

14    cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'"  *SmileCare*

15    *Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting

16    *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).  In ruling on a

17    motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and

18    construed in the light most favorable to the nonmoving party."  *Cahill v. Liberty Mut. Ins. Co.*, 80

19    F.3d 336, 337-38 (9th Cir. 1996).  The Court may disregard allegations in the complaint if

20    contradicted by facts contained in documents that may be considered as part of the complaint.

21    *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co.*

22    *v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

23    Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

24    requires more than labels and conclusions, and a formulaic recitation of a cause of action's

25    elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (2007); *see also*

26    *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001) ("conclusory allegations of law and unwarranted

27    inferences are insufficient to defeat a motion to dismiss").  Furthermore, courts will not assume

28    that plaintiffs "can prove facts that [they have] not alleged or that the defendants have violated . . .

DLA Piper US LLP
San Diego

SD\1814369.4
332602-3

-5-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1  laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State*

2  *Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983); *see also Jack Russell*

3  *Terrier Network of N. Cal. v. Am. Kennel Club*, 407 F.3d 1027, 1035 (9th Cir. 2005). At a

4  minimum, the complaint's allegations also must "give the defendant fair notice of what the

5  plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78

6  S. Ct. 99, 103 (1957).

7        **B.    Under Rule 9(b), the Court May Dismiss a Count for Fraud if the Plaintiff
              Fails to State the Claim with Particularity.**

8

9        In pleading a cause of action for fraud, "the circumstances constituting fraud or mistake

10  shall be stated with particularity." Fed. R. Civ. Proc. 9(b). A plaintiff must allege "the time,

11  place, and contents of the false representations or omissions, as well as the identity of the person

12  making the misrepresentations…and what that defendant obtained thereby." *Tel-Phonic Servs.,*

13  *Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation

14  omitted); *see also* Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297

15  (3d ed. 2007).

16        **C.    Under Rule 12(f), the Court May Strike Any Portion of a Complaint that Is
              Redundant, Immaterial, Impertinent, or Scandalous.**

17

18        When a complaint contains allegations that are redundant, immaterial, impertinent, or

19  scandalous, Rule 12(f) provides a mechanism by which the Court may strike such improper

20  allegations. Fed. R. Civ. Proc. 12(f). A motion to strike operates to "avoid the expenditure of

21  time and money that must arise from litigating spurious issues by dispensing with those issues."

22  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) (quoting *Fantasy, Inc. v.*

23  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

24        A court should grant a motion to strike if the matter to be stricken has no possible bearing

25  on the subject matter of the litigation. *Colaprico v. Sun Microsystems,* 758 F. Supp. 1335, 1339

26  (N.D. Cal. 1991). Further, a motion to strike may be used to strike any part of the prayer for

27  relief when the relief sought is not recoverable as a matter of law. *Bureerong*, 922 F. Supp. at

28  1479 n.34.

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-6-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

## V.    THE COURT SHOULD GRANT 5STAR LIFE AND ARMED FORCES BENEFIT ASSOCIATION'S MOTION TO DISMISS

### A.    Lovesy Is Not Entitled to Relief Under California's Unfair Competition Law; Accordingly, the Cause of Action Should Be Dismissed in its Entirety.

As a matter of law, Lovesy cannot recover any relief under his UCL claim.  Lovesy's prayer for relief related to his purported UCL cause of action seeks only costs incurred in connection with this lawsuit.[5]  (TAC, at p. 22.)  A plaintiff may not sustain a cause of action based on a prayer for costs alone.

Parties must bear their own costs, unless authorized by statute or contract to recover costs. *Westamerica Bank v. MBG Indus., Inc.*, 158 Cal. App. 4th 109 (2007).  In federal court, a party is entitled to costs, pursuant to the Federal Rules of Civil Procedure, only if the litigant is a "prevailing party."  Fed. R. Civ. Proc. 54(d)(1).  To be a prevailing party, Lovesy must be able to obtain a judgment granting *some* relief.  *Tunison v. Continental Airlines Corp.*, 162 F.3d 1187, 1190 (D.C. Cir. 1998).  "While an empty judgment may provide some moral satisfaction, such a judgment carries no real relief and thus does not entitle the judgment winner to be treated as a prevailing party."  *Id.*; *accord Robinson v. City of St. Charles*, 972 F.2d 974, 976 (8th Cir. 1992) (holding that a plaintiff receiving no damages is not a prevailing party simply because a violation was demonstrated); *Nissim v. McNeil Consumer Prod. Co.*, 957 F. Supp. 604, 607 (E.D. Pa. 1997) (holding that where the jury found in favor of plaintiff but awarded no compensatory damages, plaintiff was not deemed "prevailing").  In other words, some recovery – whether monetary or non-monetary – is a prerequisite to recovering costs.  *See Tunison*, 162 F.3d at 1190. As Lovesy seeks no relief other than costs, he cannot satisfy the prerequisite to obtaining costs. Thus, costs are unavailable to Lovesy under his UCL cause of action.

/////

---

[5]  Lovesy also appears to claim "penalties imposed by statute" in connection with his UCL cause of action.  (TAC, at ¶ 96.)  No statutory "penalties" are available to private litigants under the UCL.  Cal. Bus. & Prof. Code § 17203; *Czechowski v. Tandy Corp.*, 731 F. Supp. 406 (N.D. Cal. 1990) (punitive damages not available under UCL).

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-7-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Moreover, Lovesy is not entitled to *any* relief under the UCL.  As the Court previously

2    held, Lovesy is not entitled to disgorgement, restitution, or a constructive trust under the UCL.

3    (Court Order, at 7-8.)  The Court Order also precludes Lovesy from seeking damages pursuant to

4    his UCL cause of action.  (*Id.* at 9.)  Lovesy has not requested injunctive relief – the only

5    remaining available relief under the UCL – nor could he as he has an adequate remedy at law in

6    his a breach of contract action.  *See* Cal. Bus. & Prof. Code § 17203.  A motion to dismiss is

7    appropriate where a plaintiff is entitled to no relief under a cause of action.

8    Fed. R. Civ. Proc. 12(b)(6).

9    Lovesy requests no relief other than costs in connection with his UCL cause of action.

10   Costs are not recoverable in California, absent a request for other relief.  As a result, Lovesy fails

11   to state a cause of action under the UCL for which relief may be granted, and Lovesy's UCL

12   claim should be dismissed.  Fed. R. Civ. Proc. 12(b)(6).

13   **B.    Lovesy's Fraud Claim Is Seriously Deficient, as a Matter of Procedure, as a Matter of Law, and as a Matter of Logic.**

14

15   Lovesy persists in alleging fraud in the Third Amended Complaint, although now he

16   alleges fraud against 5Star Life.  In his initial complaint, Lovesy asserted fraud against 5Star Life

17   and Armed Forces Benefit Association.  5Star Life and Armed Forces Benefit Association met

18   and conferred with Lovesy, but Lovesy refused to dismiss the fraud cause of action until after

19   5Star Life and Armed Forces Benefit Association prepared and filed a motion to dismiss.  Unable

20   to overcome Defendants' first motion to dismiss, Lovesy agreed to amend his complaint.

21   In Lovesy's First Amended Complaint, Lovesy dropped the fraud claim against 5Star Life

22   and Armed Forces Benefit Association.  Instead, Lovesy asserted fraud against the Shuey

23   Defendants.  Despite meet and confer efforts on Lovesy's First Amended Complaint, Lovesy

24   refused to dismiss the fraud claim until after Defendants prepared and filed motions to dismiss.

25   Subsequently, Lovesy amended his complaint, but maintained a fraud count, this time against the

26   Shuey Defendants.  Defendants met and conferred with Lovesy in connection with the Second

27   Amended Complaint, and Lovesy again refused to dismiss the fraud cause of action.  The Court

28   granted the Shuey Defendants' motion to dismiss Lovesy's fraud claim for failure to state a claim.

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-8-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    (Court Order, at 18-19.)  In the Third Amended Complaint, Lovesy again alleges fraud against

2    5Star Life.  5Star Life met and conferred with Lovesy regarding the deficiencies in the fraud

3    count, but Lovesy refuses to appropriately allege or dismiss his claim for fraud.

4        To state a claim for fraud, Plaintiff must plead five elements: (1) misrepresentation;

5    (2) knowledge of falsity; (3) intent to defraud or induce reliance; (4) justifiable reliance; and

6    (5) resulting damage.  Cal. Civ. Code § 1709; *see also Seeger v. Odell*, 18 Cal. 2d 409, 414

7    (1941).  Lovesy's fraud cause of action is seriously lacking in several material respects.

8                          **1.        Lovesy's Purported Fraud Allegations against the Defendants Lack
                                     the "Who, What, Where, Why and When" Needed to Plead Fraud
9                                     with Particularity.**

10       The crux of Lovesy's fraud claim is that, in an effort to induce Lovesy to enter into the

11   TGS Agreement, 5Star Life represented that it would breach its Agreements with Lovesy unless

12   Lovesy entered into the TGS Agreement.  (TAC, at ¶ 82.)  To plead a fraud cause of action with

13   particularity, Lovesy must allege the time, place, and content of the false representation, as well

14   as what Defendants obtained as a result of the misrepresentation.  *Tel-Phonic Servs., Inc.*, 975

15   F.2d at 1139.  The Third Amended Complaint falls far short of stating a cause of action for fraud

16   in many respects: Lovesy fails to identify the person who purportedly made the

17   misrepresentation, as well as the date, time, and place of the alleged misrepresentation.  Nor does

18   Lovesy identify the benefit Defendants purportedly obtained as a result of the alleged

19   misstatements.  Lovesy's allegations are not sufficient to overcome the initial hurdle of pleading

20   with particularity the who, what, where, why, and when of his fraud claim.  *Id.*; *see also* Wright

21   & Miller, *Federal Practice and Procedure* § 1297.  On this ground alone, Lovesy's fraud claim

22   should be dismissed.  *See Beck v. Cantor, Fitzgerald & Co.,* 621 F. Supp. 1547, 1551 (D. Ill.

23   1985).

24                          **2.        Lovesy Does Not Identify Any Misrepresentations Purportedly Made
                                     by Defendants AFBA or 5Star.**
25

26       As a matter of logic, Lovesy fails to allege the most fundamental element of a fraud cause

27   of action: a misrepresentation.  Lovesy claims 5Star Life threatened to permit the Shuey

28   Defendants to solicit insurance policies in the Alleged Assigned Region if Lovesy did not enter

-9-

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3                    DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
                            & STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    into the TGS Agreement.  (TAC, at ¶ 82.)  Lovesy alleges 5Star Life's representation was false

2    because 5Star Life intended to permit the Shuey Defendants to solicit policies in the Assigned

3    Region *regardless* of whether Lovesy entered into the TGS Agreement.  (TAC, at ¶ 84.)  That

4    5Star Life may have represented it would permit the Shuey Defendants to solicit policies in the

5    Alleged Assigned Region if Lovesy did not enter into the TGS Agreement, does not mean that

6    5Star Life promised to *prohibit* the Shuey Defendants from soliciting policies in the Alleged

7    Assigned Regions if Lovesy entered into the TGS Agreement.  Thus, even if Lovesy's allegations

8    are assumed to be true, Lovesy fails to allege a misrepresentation.  As a result, Lovesy's cause of

9    action for fraud should be dismissed.

10                    **3.      Lovesy Fails to Cure the Exclusivity Allegations Previously Dismissed
                              by this Court.**
11

12            5Star Life and Armed Forces Benefit Association's motion to dismiss Lovesy's fraud

13    claim should be granted based on Lovesy's failure to adequately allege entitlement to exclusive

14    control over the alleged assigned region.  The gravaman of Lovesy's fraud cause of action is his

15    allegation that he was entitled to operate exclusively in several Western states.  (TAC, at ¶¶ 81-

16    88.)  Absent entitlement to exclusive operation, Lovesy's fraud claim fails.  (*See id.*)  As

17    discussed in Section V (B), *infra*, Lovesy's allegations concerning exclusivity fail, as they are

18    contradicted by the Director and Field Representative Agreement.  (*See* Section V (B), *infra*.)

19    Lovesy presents no allegations sufficient to overcome this Court's holding in the March 2008

20    Order that Lovesy's exclusivity allegations are insufficient.  Lovesy's cause of action for fraud

21    fails as a matter of law.

22            **C.     Armed Forces Benefit Association Owes No Money to Lovesy, and Therefore,
                      Lovesy's Cause of Action for Accounting Must Fail as to Armed Forces
23                    Benefit Association.**

24            Armed Forces Benefit Association is entitled to dismissal of Lovesy's action for an

25    accounting because Armed Forces Benefit Association does not owe any money to Lovesy.  A

26    complaint sufficiently states a cause of action for an accounting by alleging (1) a relationship

27    between the parties or other circumstances that require an accounting in equity (*i.e.*,

28    circumstances showing that legal remedies are inadequate); and (2) that an unknown balance is

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    due that cannot not be ascertained without an accounting, the means of which are within the

2    knowledge of the defendant.  *See Whann v. Doell*, 192 Cal. 680, 684 (1923); *Kritzer v. Lancaster*,

3    96 Cal. App. 2d 1, 7 (1950).  An essential element of any action for accounting is that the

4    defendant owes the plaintiff money.  *Whann*, 192 Cal. at 684; *Kritzer*, 96 Cal. App. 2d at 7.

5         If the Court dismisses Lovesy's UCL cause of action with respect to Armed Forces

6    Benefit Association, Lovesy is left with no claim for relief against Armed Forces Benefit

7    Association.  (TAC, *passim*.)  Indeed, even if the Court does not dismiss Lovesy's UCL cause of

8    action against Armed Forces Benefit Association, Lovesy has no claim for *monetary* relief against

9    Armed Forces Benefit Association.[6]  Cal. Bus. & Prof. Code § 17203; *Bank of the West v.*

10   *Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under Section 17203").

11        As part of his accounting allegations, Lovesy claims Armed Forces Benefit Association

12   alleges it is owed "charge-backs."  (TAC, at ¶ 99.)  Even if Armed Forces Benefit Association

13   purportedly claims it is owed charge-backs, this fact does not satisfy the "balance due"

14   requirement inherent in all claims for an accounting.  Lovesy's charge-back allegations suggest

15   that Lovesy *owes* money to Armed Forces Benefit Association, rather than Armed Forces Benefit

16   Association owing money to Lovesy.  Thus, the Third Amended Complaint contains no viable

17   allegations that Armed Forces Benefit Association owes money to Lovesy.

18        Lovesy cannot state a cause of action for an accounting against Armed Forces Benefit

19   Association because that Defendant owes no money to Lovesy, according to the Third Amended

20   Complaint.  Lovesy's claim for an accounting should be dismissed as to Armed Forces Benefit

21   Association.

22   /////

23   /////

24   /////

25   /////

26   

27   [6]  Although Lovesy claims he is entitled to costs, an accounting would not be warranted to determine the
28        amount of costs Lovesy incurred in pursuing litigation.  Lovesy, and not Defendants, is privy to this
          information.

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-11-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1

VI.    **THE COURT SHOULD GRANT 5STAR LIFE AND ARMED FORCES BENEFIT ASSOCIATION'S MOTION TO STRIKE**

2

3

A.    **Lovesy's Cloaked Alter Ego Allegations Have No Bearing on the Subject Matter of the Lawsuit.**

4

5      The Court previously determined 5Star Life and Armed Forces Benefit Association are

6      not alter egos of one another, even assuming each of Lovesy's allegations in the Second

7      Amended Complaint to be true.  (Court Order, at 6-7.)  In amending his complaint, Lovesy

8      attempts to maintain his alter ego allegations, but adds no new facts, much less facts sufficient to

9      warrant alter ego liability.  (TAC, at ¶ 5.)

10     In an effort to plead around the March 2008 Order, Lovesy does not characterize his alter

11     ego allegations as such.  Rather, Lovesy asserts, based on the allegations in paragraph 5 of the

12     Third Amended Complaint, "that Defendants [5Star Life and Armed Forces Benefit Association]

13     are, each and every one, responsible for Plaintiffs' claims under the contracts referenced herein."

14     Lovesy's allegations are nothing more than a veiled attempt at asserting alter ego liability.

15     Armed Forces Benefit Association is not party to any of the contracts underlying this dispute.

16     (Court Order, at 13; *see also* Director Agreement; Field Representative Agreement;

17     Compensation Addendum; TGS Agreement.)  The only theory under which Armed Forces

18     Benefit Association could possibly be "responsible" for breaches of the Agreements is alter ego

19     liability.  As such, Paragraph 5 of the Third Amended Complaint serves no purpose other than to

20     establish alter ego liability.

21     The Court found Lovesy's alter ego allegations in the Second Amended Complaint

22     insufficient to establish alter ego liability and should do the same here.  Lovesy alleges no new

23     facts related to the relationship between 5Star Life and Armed Forces Benefit Association (and in

24     fact, deletes some allegations).  According to the Court's Order, Lovesy's alter ego allegations are

25     deficient as a matter of law because Lovesy fails to allege that 5Star Life and Armed Forces

26     Benefit Association abused their corporate status to effectuate a fraud or injustice.  (Court Order,

27     at 7); *Erkenbrecher v. Grant*, 187 Cal. 7, 11 (1921); *see also Neilson v. Union Bank of Cal., N.A.*,

28     /////

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-12-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1  290 F. Supp. 2d 1101, 1115-16 (C.D. Cal. 2003); *Acciai Speciali Terni USA, Inc. v. Momene*, 202

2  F. Supp. 3d 203, 207 (S.D.N.Y. 2002).

3      Lovesy's veiled alter ego allegations are insufficient to establish alter ego liability and

4  serve no other valid purpose.  The alter ego allegations are impertinent and immaterial.

5  Accordingly, Defendants request that the Court strike Paragraph 5 of the Third Amended

6  Complaint in its entirety.

7      **B.    Lovesy Was Not Entitled to Operate in Any Region Exclusively; Therefore,**
       **All Allegations Relating to Exclusivity Should Be Stricken.**

8

9      Lovesy persists in alleging he was entitled to operate in several Western states

10  exclusively.  (TAC, at ¶¶ 17, 18.[7])  The Court previously found that Lovesy's allegations

11  regarding exclusivity were contradicted by the Agreements.  (Court Order, at 11.)  After noting

12  the Director and Field Representative Agreements did not assign any region exclusively to

13  Lovesy, the Court held Lovesy could not state a cause of action based on his exclusivity argument

14  because Lovesy did not allege facts establishing exclusivity.  (*Id.* at 12.)

15      In amending the complaint, Lovesy provides no new material facts supporting exclusivity.

16  Lovesy alleges 5Star Life had a "custom and practice" of informing individuals wishing to sell

17  5Star Life products in the Alleged Assigned Region that they must contact Lovesy in order to do

18  so.  Having a "custom and practice" of directing certain business to Lovesy does not mean 5Star

19  Life was *contractually obligated* to allow Lovesy to operate exclusively in any region.  Lovesy's

20  "custom and practice" allegations do not support his claim to exclusively operate in the Alleged

21  Assigned Region.

22      Lovesy also attaches website printouts listing Lovesy as one of the "Regional Director(s)"

23  in the Alleged Assigned Region.  The fact that Lovesy may have operated in certain states does

24  not mean Lovesy was *entitled* to act *exclusively* in any state.  In fact, the website's use of the

25  plural "Regional Director(s)" implies that *multiple* Regional Directors may operate in any one

26

27

28

[7]  Lovesy also references the alleged "Assigned Region" in paragraphs 15, 23, 29, 38, 39, 40, 50, 51, 59, 62, 63, 64, 65, 82, 84, 86, 94, 100.

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-13-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1   state.  (TAC, Exhibit B ["Listed [b]elow are the Regional Director(s) in your area who can assist

2   you with more information about 5Star Insurance Products."].)  The website printouts attached to

3   the Third Amended Complaint do not support, and in fact, actually contradict, Lovesy's claimed

4   right to operate exclusively in several Western states.  Lovesy fails to allege facts sufficient to

5   overcome the Court Order.  As such, all references to the "Assigned Region" or exclusive right to

6   operate in a particular area should be stricken from the complaint as immaterial and impertinent.

7          **C.      5Star Life and Armed Forces Benefit Association Had No Duty to Process
                   Policies; All Allegations Regarding Processing of Policies Should Be Stricken.**
8

9          Lovesy makes several allegations which erroneously suggest 5Star Life and/or Armed

10  Forces Benefit Association had a duty to process insurance policies sold by Lovesy.  For

11  example, in Paragraph 52 of the Third Amended Complaint, Lovesy complains that 5Star Life

12  "refus[ed] to cure [] widespread failures to process policies."  (TAC, at ¶ 52; *see also*, TAC, at

13  ¶¶ 21, 37, 53.)

14         Nothing in the Agreements obligated 5Star Life and Armed Forces Benefit Association to

15  process policies for Lovesy, or to cure the Shuey Defendants' alleged failures related to

16  processing policies.  (Director Agreement, *passim*; Field Representative Agreement, *passim*.)

17  According to Lovesy's own allegations, the Shuey Defendants – not 5Star Life or Armed Forces

18  Benefit Association – were charged with processing payments during the period of time Lovesy

19  claims to have experienced problems with policy processing.  (TAC, ¶¶ 22, 23, 29, 30.)

20         The Court previously found, pursuant to the allegations in the Second Amended

21  Complaint, "Defendants had no independent, non-contractual duty to process the policies."

22  (Court Order, at 11.)  In amending the complaint, Lovesy adds no new allegations relating to

23  5Star Life and Armed Forces Benefit Association's purported obligation to process policies

24  during the time period Lovesy experienced problems with processing policies.  (TAC, *passim*.)

25         As 5Star Life and Armed Forces Benefit Association had no duty to process policies, any

26  allegations claiming they failed to process policies properly are immaterial and impertinent to

27  Lovesy's causes of action.  The policy processing allegations in paragraphs 21, 37, 52, and 53

28  should be stricken pursuant to Rule 12(f).

DLA PIPER US LLP
SAN DIEGO

-14-

SD\1814369.4          DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
332602-3              & STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

D.    **Lovesy's Unfair Competition Law Allegations Are Immaterial and Impertinent.**

1.    **Lovesy Was Not Entitled to Operate Exclusively in the Assigned Region; the Section 16600 Allegations Should Be Stricken.**

In Paragraphs 90 and 91, Lovesy alleges 5Star Life and Armed Forces Benefit Association interfered with Lovesy's right to operate exclusively in the alleged Assigned Region.[8]  (TAC, at ¶¶ 90, 91.)  According to the allegations, 5Star Life and Armed Forces Benefit Association's interference violated Section 16600 of the California Business & Professions Code and, by extension, the UCL.  (*Id.*)  Lovesy's UCL cause of action based on Section 16600 necessarily assumes that Lovesy was entitled to operate in the Alleged Assigned Region exclusively.  As discussed *supra*, Lovesy had no entitlement to operate in the Alleged Assigned Region on an exclusive basis.  (*See* Section VI (B), *infra*.)  Lovesy's allegations concerning Section 16600 are immaterial and impertinent to the Third Amended Complaint.  Accordingly, the court should strike Paragraphs 90 and 91 in their entirety.

2.    **Armed Forces Benefit Association Had No Knowledge of the Contract Provision At Issue; The Section 16600 Allegations Should Be Stricken as to Armed Forces Benefit Association.**

In Paragraphs 91 and 92, Lovesy claims Armed Forces Benefit Association violated the UCL by encouraging Lovesy to enter into the TGS Agreement, which purportedly limited Lovesy's ability to sell certain insurance products.  (TAC, at ¶¶ 91, 92.)  In the March 2008 Order, the Court dismissed similar allegations because Lovesy failed to allege 5Star Life and Armed Forces Benefit Association were parties to the allegedly offensive TGS Agreement, or knew of the allegedly offending terms in that contract.  (Court Order, at 11.)  In amending the complaint, Lovesy asserts 5Star Life and Michael Kimo Wong, a Regional Vice President for

/////

---

[8] Lovesy claims that, unless he entered into the TGS Agreement, he would lose any "realistic ability to sell AFBA products" because 5Star would permit the Shuey defendants to operate in California, one of the states purportedly in the Alleged Assigned Region.  (TAC, at ¶¶ 90-91.)  Lovesy's allegations necessarily assume the Shuey Defendants were not entitled to operate in California because Lovesy was entitled to operate exclusively in California.  (*See id.*)

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-15-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

5Star Life,[9] had actual knowledge of the provision.  (TAC, at ¶ 91.)  Lovesy does not allege

Armed Forces Benefit Association had knowledge of the allegedly offensive provision.  (*See*

TAC, at ¶¶ 91-92.)  Lovesy fails to cure the deficiencies present in the Second Amended

Complaint.  Defendants request that the Court strike Paragraphs 91 and 92 of the Third Amended

Complaint with respect to Armed Forces Benefit Association as immaterial and impertinent.

### 3. Defendants Had No Duty to Process Policies; Lovesy's UCL Allegations Regarding Defendants' Failure to Process Policies Should Be Stricken.

In Paragraph 92 of the Third Amended Complaint, Lovesy claims "Defendants" violated

the UCL by failing to process insurance policies properly.  (TAC, at ¶ 92.)  To the extent Lovesy

includes 5Star Life and Armed Forces Benefit Association in the definition of "Defendants" in

this paragraph, Lovesy's allegations must be stricken with respect to 5Star Life and Armed Forces

Benefit Association, as Lovesy fails to allege that 5Star Life and Armed Forces Benefit

Association had a duty to process policies.  (*See* Section VI (C), *infra*.)

### 4. Lovesy Lacks Standing to Allege Injuries Suffered By the Public; Lovesy's "Piggybacking" Allegations Should Be Stricken.

In Paragraphs 42 and 93 of the Third Amended Complaint, Lovesy alleges Defendants

violated the UCL by "piggybacking" expensive insurance policies with affordable policies,

thereby deceiving the public.  (TAC, at ¶¶ 42, 93.)  In order to bring a cause of action under the

UCL, a plaintiff must have "suffered injury in fact and … lost money or property as a result of

---

[9]    In unrelated allegations, Lovesy asserts that Mr. Wong was a Senior Vice President of Armed Forces Benefit Association.  (TAC, at 28.)  This sham allegation is directly contradicted by the Agreements, which establish that at all times relevant to Lovesy's relationship with 5Star Life, Mr. Wong was affiliated with 5Star Life and/or AFBA Life Insurance Company – not Armed Forces Benefit Association.  (*See* Wong Decl., Ex. A, B, C, D, and E (Exhibits D and E demonstrate that AFBA Life Insurance Company is the prior name of 5Star Life; AFBA Life Insurance Company is not the same entity as Armed Forces Benefit Association.)  The Court may disregard allegations contradicted by documents that, although not attached to the complaint, are central to Lovesy's causes of action. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Further, this false allegation is directly contradicted by three declarations of Mr. Wong, submitted in connection with the instant motion, Defendants' motions to dismiss and strike portions of the Second Amended Complaint and 5Star Financial LLC's motion to dismiss.  (*See Lovesy v. Armed Forces Benefit Association*, C 07-2745 SBA, Docket Nos. 42, 51.) (In the attached request for judicial notice, Defendants request that the Court take judicial notice of Mr. Wong's declarations.)

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

1    such unfair competition."  Cal. Bus. & Prof. Code § 17204.  Lovesy has no standing to pursue a

2    claim under the UCL based on purported deception to the public because Lovesy does not allege

3    he suffered an injury-in-fact as a result of the violation.  (TAC, at ¶¶ 42, 93.)  Rather, assuming

4    the truth of Lovesy's allegations, the members of the public who purchased the deceptively

5    marketed policies – not Lovesy – suffered the purported injury-in-fact.  As Lovesy has no

6    standing to bring a cause of action under the UCL based on his "piggybacking" theory,

7    Paragraphs 42 and 93 should be stricken as immaterial and impertinent.

8            **5.**      **Lovesy Is Not Entitled to Future Commissions, as Described in the**
9                        **March 2008 Order; Accordingly, Lovesy's Allegations Related to Commissions Should Be Stricken.**

10        In Paragraph 94 of the Third Amended Complaint, Lovesy alleges as a result of 5Star

11    Life's actions he lost commissions he may have earned in the future.  The Court previously

12    determined Lovesy is not entitled to future commissions under the UCL.  (Court Order, at 8); *see*

13    *also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003).

14    Paragraph 94 is immaterial and impertinent to the allegations in the Third Amended Complaint,

15    and should be stricken.

16            **6.**      **Lovesy's Prayer For Damages And Other Relief In Connection With**
17                        **His UCL Cause of Action Should Be Stricken.**

18        As Lovesy has not stated a cause of action under the UCL (*see* Section V (A), *supra*), he

19    is not entitled to any relief requested under that purported cause of action.  Lovesy's prayer for

20    lost commissions, bonuses, and other benefits, sums allegedly unjustly retained by Defendants,

21    statutory penalties, costs, and other relief should be stricken as impertinent and immaterial.

22    (TAC, at ¶¶ 94, 95, 96; TAC, at page 22, Subparagraph 1 and 2 under "Seventh Cause of

23    Action.")

24            **E.**      **Lovesy's Prayer for Punitive Damages and Other Relief in Connection with**
25                        **His Fraud Cause of Action Should Be Stricken.**

26        As Lovesy has not stated a cause of action for fraud (*see* Section V (B), *supra*.), he is not

27    entitled to any relief requested under that cause of action.  Lovesy's prayer for general and special

28    damages, exemplary damages, interest, costs, and other relief should be stricken as impertinent

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    and immaterial. (TAC, at ¶¶ 87, 88; TAC, at page 22, Subparagraphs 1 through 5 under "Sixth

2    Cause of Action.")

3    **F.    Portions of Lovesy's Prayer Seek Impermissible Relief and Should Be**
       **Stricken.**

4

5         **1.    Attorneys' Fees in Connection with Breach of Covenant.**

6         Lovesy requests attorneys' fees in connection with his breach of the covenant of good

7    faith and fair dealing claims. Attorneys' fees are recoverable only if provided for by contract or

8    statute. Cal. Code Civ. Proc. § 1021. Lovesy asserts no contract provision under which he is

9    entitled to attorneys' fees. (TAC, *passim*.) Attorneys' fees are not recoverable as a matter of

10   statute in a breach of covenant cause of action. *Cal. Fair Plan Ass'n v. Politi,* 220 Cal. App. 3d

11   1612, 1617 (1990) (attorneys' fees not permitted in breach of covenant claims sounding in

12   contract only); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 693 (1988) (tort remedies not

13   available for breaches of employment relationships). Lovesy's prayer for attorneys' fees as part

14   of his breach of covenant cause of action should be stricken, as he is not entitled to such relief.

15   *See Cal. Fair Plan Ass'n*, 220 Cal. App. 3d at 1617.

16        **2.    Prejudgment Interest on "Sum Certain."**

17        Lovesy seeks prejudgment interest in connection with his breach of contract and breach of

18   the covenant of good faith causes of action ("contract claims"). (TAC, at ¶¶ 55, 60.) A plaintiff

19   is not entitled to collect prejudgment interest in an action based in contract, unless and until the

20   amount of money owed to the plaintiff can be determined with certainty. Cal. Civ. Code § 3287.

21   Lovesy concedes that he cannot be certain of the amounts owed to him under the Agreements

22   until 5Star Life and Armed Forces Benefit Association performs an accounting for him. (TAC, at

23   ¶ 98-99.)

24        Damages are not certain if the amount of damages cannot be resolved except by verdict or

25   judgment. *Lineman v. Schmid,* 32 Cal. 2d 201, 211 (1948). Until the Court enters judgment

26   ordering an accounting, Lovesy does not have a sum-certain damages claim. Where, as here, an

27   accounting is required to determine at the amount of money owed, prejudgment interest is not

28   recoverable. *Chesapeake Indus., Inc. v. Togova Enters., Inc.*, 149 Cal. App. 3d 901, 908 (1983).

DLA PIPER US LLP
SAN DIEGO
SD\1814369.4
332602-3
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    As Lovesy cannot be certain of the amounts due him until after judgment is entered, he is not

2    entitled to prejudgment interest.  Cal. Civ. Code § 3287.

3    **VII.    PORTIONS OF THE COMPLAINT SHOULD BE DISMISSED AND STRICKEN
         WITH PREJUDICE**

4

5         Lovesy should not be permitted to amend the Third Amended Complaint, due to his

6    repeated failure to cure deficiencies in the complaint and utter refusal to appropriately limit his

7    claims in good faith.  A district court has considerable discretion to deny leave to amend where a

8    plaintiff has previously had an opportunity to amend his complaint.  *Allen v. City of Beverly Hills*,

9    911 F.2d 367, 373 (9th Cir. 1990).

10        Leave to amend is not appropriate in this case.  Not only has Lovesy had an opportunity to

11   amend his complaint, but he has filed four complaints to date.  With respect to each incarnation of

12   the complaint, 5Star Life and Armed Forces Benefit Association have engaged in extensive meet

13   and confer efforts and prepared a motion to dismiss.  Despite Defendants' efforts, deficiencies

14   persist in the allegations and/or prayer for relief with respect to each cause of action.  As outlined

15   above, Lovesy failed to cure several of the deficiencies set forth by the Court in its March 2008

16   Order.  Moreover, without leave of Court, Lovesy purports to add a new cause of action against

17   5Star Life for fraud.  Lovesy alleged a fraud cause of action against Defendants in the initial

18   complaint, but agreed to dismiss the cause of action after meeting and conferring with

19   Defendants.

20        Lovesy has been given more than ample opportunity to appropriately plead his causes of

21   action, each time causing Defendants to incur significant costs in meeting and conferring, and

22   preparing a motion to dismiss.  Lovesy should not be permitted to file another carelessly prepared

23   complaint at the expense of Defendants.  Accordingly, Defendants respectfully request that the

24   Court grant its motions to dismiss and strike with prejudice and without leave to amend.

25   **VIII.   CONCLUSION**

26        For the foregoing reasons, Defendants 5Star Life Insurance Company and Armed Forces

27   Benefit Association request that the Court grant its Motions to Dismiss and Strike Portions of

28   /////

DLA PIPER US LLP
   SAN DIEGO

-19-

SD\1814369.4          DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
332602-3              & STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1  Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s Third Amended Complaint

2  with prejudice and without leave to amend.  Specifically, Defendants request that the Court:

3      (1)    Dismiss in its entirety Lovesy's purported cause of action for fraud.

4      (2)    Dismiss in its entirety Lovesy's purported cause of action under California's

5  Unfair Competition Law.

6      (3)    Dismiss in its entirety Lovesy's purported cause of action for an accounting as to

7  Defendant Armed Forces Benefit Association only.

8      (4)    Strike Paragraph 5 (Lovesy's alter ego allegations).

9      (5)    Strike Lovesy's allegations asserting a right to operate exclusively in the Alleged

10  Assigned Region, including Paragraphs 17, 18, 38, 39, 40, 51, 59, 62, 63, 64, 82, and 84, in their

11  entirety, as well as the following portions of Paragraphs 15, 23, 29, 50, 65, 86, 90, 91, 94, and

12  100, as follows:

13      •    Paragraph 15:  "was the sole marketer and solicitor of insurance products to the

14          National Guard" and "After Mr. Osopsky's [sic] death, Mr. Lovesy became the

15          exclusive person marketing to the National Guard;"

16      •    Paragraphs 23:  "5Star Life advised Mr. Lovesy that unless he agreed to use the

17          services of Ted Shuey and The Shuey Agency as third party administrators for

18          policies he procured, and those procured by the Field Service Representatives in

19          the Assigned Regions, Mr. Lovesy's business in the Assigned Regions would be

20          taken over by Ted Shuey, who also had a relationship with the National Guard;"

21      •    Paragraph 29:  "in the region assigned to Mr. Lovesy;"

22      •    Paragraph 50:  "by, among other things, violating the custom and practice under

23          those contracts through the authorization of Ted Shuey, TGS Group, and the

24          Shuey Agency to sell AFBA and 5Star Life products to the National Guard in

25          regions assigned solely to Mr. Lovesy, and;"

26      •    Paragraph 59:  "permitting Ted Shuey, TGS Group, and The Shuey Agency to

27          solicit policies in the Assigned Regions;"

28  /////

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-20-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT     CASE NO. C 07-2745 SBA

1    • Paragraph 65: "and engaging in direct sales within the Assigned Regions in

2    contravention of the known custom and practice under the Agreements;"

3    • Paragraph 86: "procured in the Assigned Regions;"

4    • Paragraph 90: "precluding Plaintiffs and the Field Service Representative they

5    worked with from selling AFBA and 5Star products" and "Mr. Lovesy was forced

6    to accept this restriction in order to continue selling the AFBA products;"

7    • Paragraph 91: "lose any realistic ability to sell AFBA products;"

8    • Paragraph 94: "and to lose commissions and/or bonuses on sales in the Assigned

9    Regions which went to Defendants Ted Shuey, TGS Group, and The Shuey

10   Agency;"

11   • Paragraph 100: "all monies received in connection with policies issued in the

12   Assigned Regions;"

13   (6)    Strike Lovesy's allegations asserting 5Star Life and Armed Forces Benefit

14   Association had a duty to process policies, including Paragraphs 21, 52, and 53, in their entirety,

15   as well as the following portion of Paragraph 37:

16   • Paragraph 37: "AFBA and 5Star Life also refused to process the policies

17   themselves, despite having both the ability to do so and the knowledge of

18   numerous deficiencies on the part of Ted Shuey, TGS Group, and the Shuey

19   Agency."

20   (7)    Strike Lovesy's allegations asserting a cause of action under California's Unfair

21   Competition Law based on a violation of Section 16600 of the California Business and

22   Professions Code, in Paragraphs 90 and 91.

23   (8)    Strike Lovesy's allegations asserting a cause of action under California's Unfair

24   Competition Law based on a violation of Section 16600 of the California Business and

25   Professions Code against Armed Forces Benefit Association, in Paragraph 91.

26   (9)    Strike Lovesy's allegations asserting a cause of action under California's Unfair

27   Competition Law based on a theory that 5Star Life and Armed Forces Benefit Association failed

28   to process policies, in Paragraphs 91 and 92.

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-21-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    (10)    Strike Lovesy's allegations asserting a cause of action under California's Unfair

2    Competition Law based on a theory that 5Star Life and Armed Forces Benefit Association

3    "piggybacked" expensive insurance policies with affordable policies, including Paragraph 93, in

4    its entirety, as well as the following portion of Paragraph 42.

5    • Paragraph 42: "He also raised concerns that AFBA, 5Star Life, and Ted Shuey

6         were misleading and taking advantage of service members in the pricing of

7         policies.  AFBA and 5Star had a reasonably priced life insurance policy, which

8         provided $250,000.00 in coverage for a premium of $16.00 per month. However,

9         Mr. Lovesy could was told not to sell that policy unless the service member also

10        purchased a policy that provided only $10,000.00 in coverage but cost $3.66 per

11        month. The marketing of the two policies was deceptive, at best, as the service

12        members were not told that they were actually purchasing two separate policies."

13   (11)    Strike Lovesy's allegations related to future commissions unavailable under the

14   UCL, in Paragraph 94.

15   (12)    Strike Lovesy's prayer for lost commissions, bonuses, and other benefits, sums

16   unjustly retained by Defendants, statutory penalties, costs, and other relief in connection with his

17   UCL cause of action, in Paragraphs 94, 95, and 96, and on Page 22, Subparagraphs 1 and 2 under

18   "Seventh Cause of Action."

19   (13)    Strike Lovesy's prayer for general and special damages, exemplary damages,

20   interest, costs, and other relief in connection with his cause of action for fraud, in Paragraphs 87

21   and 88, and on Page 22, Subparagraphs 1 through 5 under "Sixth Cause of Action."

22   (14)    Strike Lovesy's prayer for attorneys' fees in connection with his breach of the

23   covenant of good faith and fair dealing cause of action, on Page 21, Subparagraph 3 under

24   "Second Cause of Action."

25   (15)    Strike Lovesy's prayer for prejudgment interest in connection with Lovesy's

26   causes of action for breach of contract and breach of the covenant of good faith and fair dealing,

27   including Page 21, Subparagraph 2 under "First Cause of Action" and Subparagraph 2 under

28   "Second Cause of Action," and the following portions of Paragraphs 55 and 60:

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-22-

DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    • Paragraph 55: "including prejudgment interest on all unpaid sums as permitted by
2      law."
3    • Paragraph 60: "including prejudgment interest on all unpaid sums as permitted by
4      law."
5    Dated:  April 16, 2008
6                                              DLA PIPER US LLP
7
8                                              By    /s/ Charles L. Deem
                                                   CHARLES L. DEEM
9                                                  Attorneys for Defendants
                                                   ARMED FORCES BENEFIT ASSOCIATION
10                                                 and 5STAR LIFE INSURANCE COMPANY
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DLA PIPER US LLP
SAN DIEGO

SD\1814369.4
332602-3

-23-
DEFENDANTS 5STAR & AFBA'S NOTICE OF MOTION AND MOTION TO DISMISS
& STRIKE LOVESY'S THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA