1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11
BRAD LOVESY and PACIFIC
CONSOLIDATED INVESTMENTS,
INC., a Nevada corporation,

12

13              Plaintiff,

14      v.

15
ARMED FORCES BENEFIT
ASSOCIATION, individually, doing
16      business as 5STAR ASSOCIATION,
5STAR LIFE INSURANCE COMPANY;
17      TED SHUEY, individually, doing business
as THE SHUEY AGENCY, INC., and
18      TGS GROUP, INC.,

19              Defendants.

20

CASE NO.  C 07-2745 SBA

**[PROPOSED] ORDER GRANTING
DEFENDANTS 5STAR LIFE INSURANCE
COMPANY AND ARMED FORCES
BENEFIT ASSOCIATION'S MOTIONS TO
DISMISS AND STRIKE PORTIONS OF
PLAINTIFFS BRAD LOVESY AND
PACIFIC CONSOLIDATED
INVESTMENTS, INC.'S THIRD
AMENDED COMPLAINT**

Date:        June 3, 2008
Time:        1:00 p.m.
Courtroom:   3
Judge:       Hon. Sandra B. Armstrong

21

22

23

24

25

26

27

28

SD\1814814.2

[PROPOSED] ORDER GRANTING 5STAR LIFE AND AFBA'S MOTION TO DISMISS
AND STRIKE THE THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    Before the Court is Defendants 5Star Life Insurance Company ("5Star") and Armed

2    Forces Benefit Association's Motions to Dismiss and Strike Portions of Plaintiffs Brad Lovesy

3    and Pacific Consolidated Investments, Inc.'s (collectively, "Lovesy") Third Amended Complaint

4    ("TAC").  For the following reasons, the Court GRANTS the Motions.

5    **I.     FACTUAL BACKGROUND**

6    The following allegations from the Third Amended Complaint and four contracts upon

7    which Lovesy's causes of action necessarily rely (the "Agreements")[1] are deemed true for the

8    purpose of the Motions to Dismiss and Strike.  Lovesy entered into the Representative Agreement

9    and the Director Agreement with 5Star Life (which was previously known as AFBA Life

10   Insurance Company) on March 22, 2001, and September 10, 2001, respectively.  (TAC at ¶¶ 16,

11   19.)  Pursuant to the Agreements, Lovesy was permitted to serve as a Regional Sales Director for

12   5Star Life and sell 5Star Life's insurance products as a Field Service Representative.  (*Id*. at

13   ¶¶ 17, 20; Director Agreement, at 2.)  Contrary to Lovesy's assertions, the Director Agreement

14   does not authorize Lovesy to operate exclusively in the states of Arizona, California, Nevada,

15   New Mexico, and Utah (the "Alleged Assigned Region").  (Director Agreement, at ¶¶ I – VIII.)

16   Further, the Agreements do not impose a duty on 5Star Life or Armed Forces Benefit Association

17   to process insurance payments or policies.  (Representative Agreement, *passim*; Director

18   Agreement, *passim*.)

19   In approximately August 2004, Lovesy entered into a Memorandum of Agreement with

20   The Shuey Agency, Inc. (the "TGS Agreement"), under which The Shuey Agency, Inc. agreed to

21   provide administrator services to Lovesy, including implementation of payroll deductions for the

22   premiums due for all 5Star Life policies.  (*Id*. at ¶¶ 26-27; TGS Agreement, at pp. 1.)  The TGS

23   Agreement prohibits Lovesy from marketing life insurance products other than those provided by

---

25   [1]   The Court may consider documents referenced in the Third Amended Complaint if the documents are
26   central to plaintiff's claims.  Specifically, the Court will consider four agreements referenced in the
     Third Amended Complaint for the purpose of this motion to dismiss:  (1) Regional Sales Director
     Agreement ("Director Agreement"); (2) Regional Sales Director Compensation Addendum
27   ("Compensation Addendum"); (3) Independent Field Service Representative Agreement
     ("Representative Agreement"); and (4) Memorandum of Agreement between Lovesy and Ted Shuey
28   Agency (the "TGS Agreement").

1

1   5Star Life, in presentations for the California National Guard.  (TGS Agreement, at ¶ 1(a).)  None

2   of the other agreements between Lovesy and any of the Defendants contains a similar provision.

3   (*See* Director Agreement, *passim*; Representative Agreement, *passim*; Field Service

4   Compensation Addendum, *passim*.)

5          Early in his relationship with the Shuey Defendants, Lovesy became unhappy with the

6   manner in which they processed applications.  (TAC ¶¶ 30.)  Lovesy also claims the Shuey

7   Defendants began to solicit business in portions of the Alleged Assigned Region.  (*Id*. at ¶ 38.)

8   Purportedly as a result of Lovesy raising concerns about the propriety of the marketing of AFBA

9   and 5Star Life's insurance offerings, TGS cancelled the TGS Agreement at some point after

10  February 28, 2006.  (*Id*. at ¶ 43.)  Lovesy's relationship with 5Star Life ended when, on May 7,

11  2007, 5Star Life sent Lovesy notice of "intent to terminate his agreement" as of June 7, 2007.

12  (Second Amended Complaint, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA,

13  Docket No. 37 at ¶ 50[2].)  Lovesy never had a contractual relationship with Armed Forces Benefit

14  Association.  (*See generally*, Director Agreement; Representative Agreement.)

15  **II.     THE INSTANT LAWSUIT**

16         Lovesy filed an initial complaint for damages on May 24, 2007.  On September 27, 2007,

17  the Court signed an order permitting Lovesy to file a First Amended Complaint.  Defendants met

18  and conferred with Lovesy with respect to the First Amended Complaint.  (Def.'s Mot. at 4.)

19  After reviewing Defendants' motions to dismiss, Lovesy agreed to amend the First Amended

20  Complaint.  (*Id.*)  Lovesy filed a Second Amended Complaint on November 16, 2007, naming a

21  new defendant (5Star Financial, LLC) and a new Plaintiff (Pacific Consolidated Investments,

22  Inc.) in the Second Amended Complaint.  After attempting to meet and confer with Lovesy,

23  Defendants filed motions to strike and dismiss the Second Amended Complaint, and for a more

24  definite statement.  (*Id.*)

25  /////

26

27  ───────────────────

28  [2] As described below, the Court grants Defendants' request for judicial notice, and therefore, considers the
    Second Amended Complaint in deciding these Motions to Dismiss and Strike.

1    On March 13, 2008, the Court ordered portions of Lovesy's complaint stricken and

2    dismissed, and granted 5Star Financial's motion to dismiss with prejudice for lack of personal

3    jurisdiction.  Thereafter, Lovesy filed the current operative complaint, the Third Amended

4    Complaint, on April 2, 2008.  (Court Order, at 22.)  Defendants 5Star Life and Armed Forces

5    Benefit Association timely filed the instant motions.

6    **III.    LEGAL STANDARDS**

7        **A.    Under Rule 12(b)(6), the Court May Dismiss a Complaint that Fails to State a
             Claim upon Which Relief May Be Granted.**

8

9        Under Federal Rule of Civil Procedure 12(b)(6), a complaint, or any claim contained

10   within a complaint, may be dismissed if it fails to state a claim upon which relief may be granted.

11   Fed. R. Civ. P. 12(b)(6).  "The court may dismiss a complaint as a matter of law for '(1) lack of a

12   cognizable legal theory or (2) insufficient facts under a cognizable legal claim.'"  *SmileCare*

13   *Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting

14   *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).  In ruling on a

15   motion to dismiss under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and

16   construed in the light most favorable to the nonmoving party."  *Cahill v. Liberty Mut. Ins. Co.*, 80

17   F.3d 336, 337-38 (9th Cir. 1996).  The Court may disregard allegations in the complaint if

18   contradicted by facts contained in documents that may be considered as part of the complaint.

19   *See Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Nishi-matsu Const. Co.*

20   *v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (9th Cir. 1987).

21       **B.    Under Rule 9(b), the Court May Dismiss a Count for Fraud if the Plaintiff
             Fails to State the Claim with Particularity.**

22

23       In pleading a cause of action for fraud, "the circumstances constituting fraud or mistake

24   shall be stated with particularity."  Fed. R. Civ. Proc. 9(b).  A plaintiff must allege "the time,

25   place, and contents of the false representations or omissions, as well as the identity of the person

26   making the misrepresentations…and what that defendant obtained thereby."  *Tel-Phonic Servs.,*

27   *Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992) (internal quotation marks and citation

28   /////

3

1    omitted); *see also* Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1297

2    (3d ed. 2007).

3        **C.    Motion to Strike**

4        When a complaint contains allegations that are redundant, immaterial, impertinent, or

5    scandalous, Rule 12(f) provides a mechanism by which the Court may strike such improper

6    allegations. Fed. R. Civ. Proc. 12(f). A court should grant a motion to strike if the matter to be

7    stricken has no possible bearing on the subject matter of the litigation. *Colaprico v. Sun*

8    *Microsystems,* 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Further, a motion to strike may be

9    used to strike any part of the prayer for relief when the relief sought is not recoverable as a matter

10   of law. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

11   **IV.    MOTION TO STRIKE**

12       **A.    Lovesy's Alter Ego Allegations.**

13       The Court previously determined 5Star Life and Armed Forces Benefit Association are

14   not alter egos of one another. (Court Order, at 6-7.) In amending his complaint, Lovesy adds no

15   new facts, much less facts sufficient to warrant alter ego liability. Lovesy's alter ego allegations

16   are deficient as a matter of law because Lovesy fails to allege that 5Star Life and Armed Forces

17   Benefit Association abused their corporate status to effectuate a fraud or injustice. *Erkenbrecher*

18   *v. Grant*, 187 Cal. 7, 11 (1921); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d

19   1101, 1115-16 (C.D. Cal. 2003); *Acciai Speciali Terni USA, Inc. v. Momene*, 202 F. Supp. 3d

20   203, 207 (S.D.N.Y. 2002).

21       Lovesy's veiled alter ego allegations are insufficient to establish alter ego liability and

22   serve no other valid purpose. The alter ego allegations are impertinent and immaterial.

23   Accordingly, the Court strikes paragraph 5 of the Third Amended Complaint in its entirety.

24       **B.    Lovesy's Exclusivity Allegations.**

25       This Court previously found that Lovesy's allegations regarding exclusivity were

26   contradicted by the Agreements and, therefore, Lovesy could not state a cause of action based on

27   his exclusivity argument because Lovesy did not allege facts establishing exclusivity. (Court

28   Order, at 11.) In amending the complaint, Lovesy provides no new material facts supporting

4

1  exclusivity.  Lovesy's "custom and practice" allegations do not support his claim that he is

2  entitled to operate exclusively in the Alleged Assigned Region.  As such, all references to the

3  "Assigned Region" are stricken from the complaint as immaterial and impertinent.

4            C.       Processing of Policies Allegations.

5            Lovesy makes several allegations which erroneously suggest 5Star Life and/or Armed

6  Forces Benefit Association had a duty to process insurance policies sold by Lovesy.  5Star Life

7  and Armed Forces Benefit Association had no duty to process policies for Lovesy, or to cure

8  alleged failures related to processing policies.  Nothing in the Agreements obligated 5Star Life or

9  Armed Forces Benefit Association to process policies.  (Director Agreement, *passim*; Field

10  Representative Agreement, *passim*.)  According to Lovesy's own allegations, the Shuey

11  Defendants – not 5Star Life or Armed Forces Benefit Association – were charged with processing

12  payments during the period of time Lovesy claims to have experienced problems with policy

13  processing.  (TAC, ¶¶ 22, 23, 29, 30.)

14            The Court previously found Defendants had no independent, non-contractual duty to

15  process the policies.  (Court Order, at 11.)  In amending the complaint, Lovesy adds no new

16  allegations relating to 5Star Life and Armed Forces Benefit Association's obligation to process

17  policies during the time period Lovesy experienced problems with processing policies.  As 5Star

18  Life and Armed Forces Benefit Association had no duty to process policies, any allegations

19  claiming they failed to process policies properly are immaterial and impertinent to Lovesy's

20  causes of action.

21            Accordingly, the Court grants 5Star Life and Armed Forces Benefit Association's motion

22  to strike with respect to Lovesy's allegations regarding 5Star Life and Armed Forces Benefit

23  Association's duty or failure to process policies.

24            D.       Unfair Competition Law Claim.

25                     1.       The Section 16600 Allegations.

26            In Paragraphs 90 and 91 of the TAC, Lovesy alleges 5Star Life and Armed Forces Benefit

27  Association violated Section 16600 of the California Business & Professions Code and, by

28  extension, California's Unfair Competition Law ("UCL"), by interfering with Lovesy's right to

5

1   operate exclusively in the alleged Assigned Region.  (TAC, at ¶¶ 90, 91.)  Lovesy improperly

2   assumes that he was entitled to operate in the Alleged Assigned Region exclusively.  Lovesy had

3   no entitlement to operate in the Alleged Assigned Region on an exclusive basis.  Accordingly, the

4   Court grants Armed Forces Benefit Association and  5Star Life's motion to strike Paragraphs 90

5   and 91 of the TAC in their entirety.

6                   **2.        Allegations Regarding Defendants' Failure to Process Policies.**

7           In Paragraph 92 of the Third Amended Complaint, Lovesy claims "Defendants" violated

8   the UCL by failing to process insurance policies properly.  (TAC, at ¶ 92.)  To the extent Lovesy

9   includes 5Star Life and Armed Forces Benefit Association in the definition of "Defendants" in

10  this paragraph, Lovesy's allegations are stricken with respect to 5Star Life and Armed Forces

11  Benefit Association, as Lovesy fails to allege that 5Star Life and Armed Forces Benefit

12  Association had a duty to process policies.

13                  **3.        Lovesy's "Piggybacking" Allegations .**

14          In Paragraphs 42 and 93 of the Third Amended Complaint, Lovesy alleges Defendants

15  violated the UCL by "piggybacking" expensive insurance policies with affordable policies,

16  thereby deceiving the public.  (TAC, at ¶¶ 42, 93.)  In order to bring a cause of action under the

17  UCL, a plaintiff must have "suffered injury in fact and … lost money or property as a result of

18  such unfair competition."  Cal. Bus. & Prof. Code § 17204.  Lovesy has no standing to pursue a

19  claim under the UCL based on purported deception to the public because Lovesy does not allege

20  he suffered an injury-in-fact as a result of the violation.  (TAC, at ¶¶ 42, 93.)  The Court grants

21  the motion to strike with respect to Paragraphs 42 and 93 in their entirety.

22                  **4.        Lovesy's Allegations Related to Commissions.**

23          In Paragraph 94 of the Third Amended Complaint, Lovesy alleges as a result of 5Star

24  Life's actions he lost commissions he may have earned in the future.  The Court previously

25  determined that Lovesy is not entitled to future commissions under the UCL.  (Court Order, at 8);

26  *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003).

27  Therefore the Court grants Armed Forces Benefit Association and 5Star Life's motion to strike

28  paragraph 94 in its entirety.

6

1

2

        **5.**      **Lovesy's Prayer For Damages And Other Relief In Connection With the UCL Cause of Action.**

3

4

5

6

As Lovesy has not stated a cause of action under the UCL, he is not entitled to any relief requested under that cause of action.  The Court grants the motion to strike Lovesy's prayer for lost commissions, bonuses, and other benefits, sums allegedly unjustly retained by Defendants, statutory penalties, costs, and other relief.

7

       **E.**      **Lovesy's Fraud Claim.**

8

9

10

11

12

Lovesy's allegations for fraud necessarily assume Lovesy was entitled to operate in several Western states exclusively.  As described above, Lovesy has alleged no facts sufficient to support Lovesy's exclusivity claims.  The Court grants Defendants motion to strike Lovesy's exclusivity allegations.  Further, as the Court grants Defendants' motion to dismiss Lovesy's fraud cause of action, Lovesy's prayer for relief for his Sixth Cause of Action is hereby stricken.

13

       **F.**      **Lovesy's Requests for Relief.**

14

       **1.**      **Attorneys' Fees in Connection with Breach of Covenant.**

15

16

17

18

19

20

21

Lovesy requests attorneys' fees in connection with his breach of the covenant of good faith and fair dealing claims.  Attorneys' fees are not recoverable in a breach of covenant cause of action.  *Cal. Fair Plan Ass'n v. Politi,* 220 Cal. App. 3d 1612, 1617 (1990) (attorneys' fees not permitted in breach of covenant claims sounding in contract only); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 693 (1988) (tort remedies not available for breaches of employment relationships).  The Court grants Defendants motion to strike Lovesy's prayer for attorneys' fees as part of his breach of covenant cause of action.

22

       **2.**      **Interest on "Sum Certain."**

23

24

25

26

27

28

Lovesy seeks prejudgment interest in connection with his breach of contract and breach of the covenant of good faith causes of action ("contract claims").  (TAC, at ¶¶ 55, 60.)  Lovesy is not entitled to prejudgment interest as an accounting is required to determine the amount of money owed to him.  *See*  Cal. Civ. Code § 3287; *Lineman v. Schmid*, 32 Cal. 2d 201, 211 (1948). Accordingly, 5Star Life and Armed Forces Benefit Association's motion to strike Lovesy's prayer for relief for prejudgment interest is granted.

7

[PROPOSED] ORDER GRANTING 5STAR LIFE AND AFBA'S MOTION TO DISMISS AND STRIKE THE THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

1    **V.    MOTION TO DISMISS**

2         **A.    Unfair Competition Law Claim**

3         As a matter of law, Lovesy cannot recover any relief under his UCL claim.  Lovesy's

4    prayer for relief related to his UCL cause of action seeks only costs incurred in connection with

5    this lawsuit.  (TAC, at p. 22.)  A plaintiff may not sustain a cause of action based on a prayer for

6    costs alone.  Fed. R. Civ. Proc. 54(d)(1); *Tunison v. Continental Airlines Corp.*, 162 F.3d 1187,

7    1190 (D.C. Cir. 1998).  Defendants' motion to dismiss Lovesy's UCL cause of action is granted.

8         **B.    Fraud Claim**

9         To plead a fraud cause of action with particularity, Lovesy must allege the time, place,

10   and content of the false representation, as well as what Defendants obtained as a result of the

11   misrepresentation.  *Tel-Phonic Servs., Inc.*, 975 F.2d at 1139.  Lovesy fails to identify the person

12   who made the misrepresentation, as well as the date, time, and place of the alleged

13   misrepresentation.  Nor does Lovesy identify the benefit Defendants obtained as a result of the

14   alleged misstatements.  Lovesy's fraud allegations are not pleaded with sufficient particularity,

15   and therefore, Lovesy's fraud cause of action is dismissed.

16        Moreover, Lovesy's fraud cause of action is deficient in that Lovesy fails to allege a

17   misrepresentation was made.  That 5Star Life may have represented it would permit the Shuey

18   Defendants to solicit policies in the Alleged Assigned Region if Lovesy did not enter into the

19   TGS Agreement, does not mean that 5Star Life promised to *prohibit* the Shuey Defendants from

20   soliciting policies in the Alleged Assigned Regions if Lovesy entered into the TGS Agreement.

21   Thus, even assuming Lovesy's allegations to be true, Lovesy fails to allege a misrepresentation.

22        Therefore, based on the facts alleged in the Third Amended Complaint, Plaintiffs cannot

23   state a cause of action for fraud.  Accordingly, Plaintiffs' fraud claim is dismissed with respect to

24   Armed Forces Benefit Association and 5Star Life.

25        **C.    Accounting**

26        Armed Forces Benefit Association contends no claim for an accounting exists because

27   Armed Forces Benefit Association does not owe any money to Lovesy.  An accounting is only

28   warranted in cases in which one party owes the other money.  *See Whann v. Doell*, 192 Cal. 680,

8

684 (1923); *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950). As the Court dismissed Lovesy's UCL cause of action with respect to Armed Forces Benefit Association, Armed Forces Benefit Association owes no money to Lovesy.[3] Thus, Lovesy's cause of action for an accounting is dismissed as to Armed Forces Benefit Association.

## VI.    DISMISSAL WITH PREJUDICE

The Court has broad discretion to deny leave to amend, particularly if the plaintiff has previously had an opportunity to amend the complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Before the Court is Lovesy's fourth complaint. Lovesy refuses to cure deficiencies repeatedly identified by Defendants. Therefore, the Court grants Armed Forces Benefit Association and 5Star Life's Motion to Dismiss with prejudice and without leave to amend.

## VII.    CONCLUSION

Accordingly, for the reasons articulated above, the Court rules as follows:

(1)    The motion to dismiss the cause of action for fraud is GRANTED WITH PREJUDICE;

(2)    The motion to dismiss the cause of action under California's Unfair Competition Law in its entirety is GRANTED WITH PREJUDICE;

(3)    The motion to dismiss the cause of action for an accounting in its entirety is GRANTED WITH PREJUDICE as to Defendant Armed Forces Benefit Association only;

(4)    The motion to strike the alter ego allegations in Paragraph 5 of the Third Amended Complaint in their entirety is GRANTED WITH PREJUDICE;

(5)    The motion to strike the allegations asserting a right to operate exclusively in the Alleged Assigned Region, in Paragraphs 17, 18, 38, 39, 40, 51, 59, 62, 63, 64, 82, and 84 in their

/////

-------------------

[3] Even if Lovesy's UCL cause of action was sustained, Armed Forces Benefit Association still owes no money to Lovesy as damages are not available under the UCL, and an accounting is not warranted to determine the amount of costs owed to Lovesy, the only relief Lovesy seeks against Armed Forces Benefit Association.

9

SD\1814814.2          [PROPOSED] ORDER GRANTING 5STAR LIFE AND AFBA'S MOTION TO DISMISS
                      AND STRIKE THE THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

entirety, as well as the following portions of Paragraphs 15, 23, 29, 50, 65, 86, 90, 91, 94, and 100:

- Paragraph 15: "was the sole marketer and solicitor of insurance products to the National Guard" and "After Mr. Osopsky's [sic] death, Mr. Lovesy became the exclusive person marketing to the National Guard;"

- Paragraphs 23: "5Star Life advised Mr. Lovesy that unless he agreed to use the services of Ted Shuey and The Shuey Agency as third party administrators for policies he procured, and those procured by the Field Service Representatives in the Assigned Regions, Mr. Lovesy's business in the Assigned Regions would be taken over by Ted Shuey, who also had a relationship with the National Guard;"

- Paragraph 29: "in the region assigned to Mr. Lovesy;"

- Paragraph 50: "by, among other things, violating the custom and practice under those contracts through the authorization of Ted Shuey, TGS Group, and the Shuey Agency to sell AFBA and 5Star Life products to the National Guard in regions assigned solely to Mr. Lovesy, and;"

- Paragraph 59: "permitting Ted Shuey, TGS Group, and The Shuey Agency to solicit policies in the Assigned Regions;"

- Paragraph 65: "and engaging in direct sales within the Assigned Regions in contravention of the known custom and practice under the Agreements;"

- Paragraph 86: "procured in the Assigned Regions;"

- Paragraph 90: "precluding Plaintiffs and the Field Service Representative they worked with from selling AFBA and 5Star products" and "Mr. Lovesy was forced to accept this restriction in order to continue selling the AFBA products;"

- Paragraph 91: "lose any realistic ability to sell AFBA products;"

- Paragraph 94: "and to lose commissions and/or bonuses on sales in the Assigned Regions which went to Defendants Ted Shuey, TGS Group, and The Shuey Agency"

1         •     Paragraph 100:  "all monies received in connection with policies issued in the

2                   Assigned Regions"of the Third Amended Complaint

3  is GRANTED WITH PREJUDICE;

4        (6)     The motion to strike the allegations asserting 5Star Life and Armed Forces Benefit

5  Association had a duty to process policies, in Paragraphs 21, 52, and 53, in their entirety, as well

6  as the following portion of Paragraph 37:

7         •     Paragraph 37:  "AFBA and 5Star Life also refused to process the policies

8                   themselves, despite having both the ability to do so and the knowledge of

9                   numerous deficiencies on the part of Ted Shuey, TGS Group, and the Shuey

10                  Agency."

11  is GRANTED WITH PREJUDICE;

12       (7)     The motion to strike the allegations asserting a cause of action under California's

13  Unfair Competition Law based on a violation of Section 16600 of the California Business and

14  Professions Code, in Paragraphs 90 and 91 is GRANTED WITH PREJUDICE;

15       (8)     The motion to strike the allegations asserting a cause of action under California's

16  Unfair Competition Law based on a violation of Section 16600 of the California Business and

17  Professions Code against Armed Forces Benefit Association, in Paragraph 91 is GRANTED

18  WITH PREJUDICE;

19       (9)     The motion to strike the allegations asserting a cause of action under California's

20  Unfair Competition Law based on a theory that 5Star Life and Armed Forces Benefit Association

21  failed to process policies, in Paragraphs 91 and 92 is GRANTED WITH PREJUDICE;

22       (10)    The motion to strike allegations asserting a cause of action under California's

23  Unfair Competition Law based on a theory that 5Star Life and Armed Forces Benefit Association

24  "piggybacked" expensive insurance policies with affordable policies, including Paragraph 93 in

25  its entirety, as well as the following portion of Paragraph 42:

26         •     Paragraph 42:  "He also raised concerns that AFBA, 5Star Life, and Ted Shuey

27                   were misleading and taking advantage of service members in the pricing of

28                   policies.  AFBA and 5Star had a reasonably priced life insurance policy, which

11

1   provided $250,000.00 in coverage for a premium of $16.00 per month. However,

2   Mr. Lovesy could was told not to sell that policy unless the service member also

3   purchased a policy that provided only $10,000.00 in coverage but cost $3.66 per

4   month. The marketing of the two policies was deceptive, at best, as the service

5   members were not told that they were actually purchasing two separate policies."

6   is GRANTED WITH PREJUDICE;

7       (11)    The motion to strike the allegations related to future commissions unavailable

8   under the UCL, in Paragraph 94 is GRANTED WITH PREJUDICE;

9       (12)    The motion to strike Lovesy's prayer for lost commissions, bonuses, and other

10  benefits, sums unjustly retained by Defendants, statutory penalties, costs, and other relief in

11  connection with his UCL cause of action, in Paragraphs 94, 95, and 96, and on Page 22,

12  Subparagraphs 1 and 2 under "Seventh Cause of Action" is GRANTED WITH PREJUDICE;

13      (13)    The motion to strike Lovesy's prayer for general and special damages, exemplary

14  damages, interest, costs, and other relief in connection with his cause of action for fraud, in

15  Paragraphs 87 and 88, and on Page 22, Subparagraphs 1 through 5 under "Sixth Cause of Action"

16  is GRANTED WITH PREJUDICE;

17      (14)    The motion to strike Lovesy's prayer for attorneys' fees in connection with his

18  breach of the covenant of good faith and fair dealing cause of action, on Page 21, Subparagraph 3

19  under "Second Cause of Action" is GRANTED WITH PREJUDICE; and

20      (15)    The motion to strike Lovesy's prayer for prejudgment interest in connection with

21  Lovesy's causes of action for breach of contract and breach of the covenant of good faith and fair

22  dealing, in Paragraphs 55 and 60, and on Page 21, Subparagraph 2 under "First Cause of Action"

23  and Subparagraph 2 under "Second Cause of Action," and the following portions of Paragraphs

24  55 and 60:

25      •   Paragraph 55: "including prejudgment interest on all unpaid sums as permitted by

26  law."

27  /////

28  /////

12

1    • Paragraph 60: "including prejudgment interest on all unpaid sums as permitted by

2    law."

3    is GRANTED WITH PREJUDICE.

4

5    IT IS SO ORDERED.

6    Dated: _____

7    _____
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SD\1814814.2    [PROPOSED] ORDER GRANTING 5STAR LIFE AND AFBA'S MOTION TO DISMISS
AND STRIKE THE THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA