CHARLES L. DEEM, Bar No. CA-110557
BROOKE L. KILLIAN, Bar No. CA-239298
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, individually, doing business as 5STAR ASSOCIATION, 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,<br><br>Defendants. | CASE NO. C 07-2745 SBA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS 5STAR LIFE INSURANCE COMPANY AND ARMED FORCES BENEFIT ASSOCIATION'S MOTIONS TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS BRAD LOVESY AND PACIFIC CONSOLIDATED INVESTMENT, INC.'S THIRD AMENDED COMPLAINT**<br><br>Date:　　　June 3, 2008<br>Time:　　　1:00 p.m.<br>Courtroom: 3<br>Judge:　　　Hon. Saundra B. Armstrong |

DLA PIPER US LLP
SAN DIEGO

SD\1814740.2
332602-3

1
REQUEST FOR JUDICIAL NOTICE ISO 5STAR LIFE & AFBA'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

## I.   INTRODUCTION

Pursuant to Federal Rule of Evidence Rule 201, Defendants 5Star Life Insurance Company ("5Star Life") and Armed Forces Benefit Association[1] (sometimes, collectively "Defendants") hereby request that this Court take judicial notice of (1) Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s (collectively, "Lovesy") Second Amended Complaint for Damages, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA, Docket No. 37 ("Second Amended Complaint"); (2) Declaration of Michael Kimo Wong in Support of Motions to Dismiss and Strike Portions of Plaintiff Brad Lovesy's [Second] Amended Complaint, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA, Docket No. 42; (3) Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss for Lack of Personal Jurisdiction, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA, Docket No. 51 (Nos. 2 and 3 are collectively referred to as, "Wong Declarations"); (4) the Articles of Incorporation of AFBA Life Insurance Company ("Articles of Incorporation"), and (5) an Amendment to the Articles of Incorporation of the AFBA Life Insurance Company ("Amendment to the Articles of Incorporation").

The Articles of Incorporation and Amendment to the Articles of Incorporation are attached as Exhibits D and E, respectively, to the Declaration of Michael Kimo Wong in Support of Motions to Dismiss and Strike Portions of Plaintiff Brad Lovesy's Third Amended Complaint, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA, Docket No. 42.

## II.   JUDICIAL NOTICE IS APPROPRIATE

Pursuant to Federal Rule of Evidence 201, a court may take judicial notice of any fact "not subject to reasonable dispute in that it is…capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Rule 201 is applicable only to adjudicative facts; however, non-adjudicative facts may still be recognized and considered by a court. Fed. R. Evid. 201 *construed in* Stephen A. Saltzburg, *et al.*, Commentary,

---

[1]  Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, individually, doing business as 5Star Association."

2

DLA PIPER US LLP
SAN DIEGO

SD\1814740.2
332602-3

REQUEST FOR JUDICIAL NOTICE ISO 5STAR LIFE & AFBA'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA

Federal Rule of Evidence 201 (LEXIS Publishing 2008).  Whereas adjudicative facts are judicially noticeable, legislative facts may be accepted or rejected by a court *without meeting the standard required for judicial notice*: "Judicial notice of legislative facts … is intentionally left unrestricted.  It is only where a fact is characterized as adjudicative that the requirements of the Rule must be met." *Id.*  Accordingly, Rule 201 does not limit the Court to considering only adjudicative facts; the Rule merely holds that, of legislative and adjudicative facts, only adjudicative facts are subject to Rule 201's threshold requirements before the Court may consider them.  *Id.*  The facts of which Defendants seek judicial notice are adjudicative facts, bound by the requirements of Rule 201.  *Id.*

In connection with a Rule 12 motion, a court may take judicial notice of official records and reports, including its own records, without converting the motion into a motion for summary judgment.  *MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *see also Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).  Thus, a matter that is properly the subject of judicial notice may be considered along with the complaint in deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or a motion to strike under Federal Rule of Civil Procedure 12(f).  *MGIC Indemn. Corp.*, 803 F.2d at 504; *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (grounds for motion to strike must appear on face of the pleading or from any matter of which the court may judicially notice).

### A.  Judicial Notice of Court Records Is Proper.

Three documents for which 5Star Life and Armed Forces Benefit Association seek judicial notice, the Second Amended Complaint and Wong Declarations, are part of the Court's records with respect to this action.  Defendants request judicial notice of these documents for the purpose of establishing that the Court's own records contradict Lovesy's allegations that Mr. Wong is an employee of Armed Forces Benefit Association.  A court's own records are properly the subject of judicial notice.  *Day*, 955 F.2d at 811.  Accordingly, the Court may take judicial notice of the Second Amended Complaint and the Wong Declarations.  *See Day*, 955 F.2d at 811.

/////

DLA PIPER US LLP
SAN DIEGO

SD\1814740.2
332602-3

3
REQUEST FOR JUDICIAL NOTICE ISO 5STAR LIFE & AFBA'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT    CASE NO. C 07-2745 SBA

**B.    Judicial Notice of Public Records Is Proper.**

5Star Life and Armed Forces Benefit Association also seek judicial notice of two publicly available records: the Articles of Incorporation and Amendment to the Articles of Incorporation. (*See* Wong Decl., Ex. D, E.) Both documents are publicly available through the Louisiana Commissioner of Insurance. (*See id.*) Defendants seek judicial notice of these documents for the purpose of establishing that AFBA Life Insurance Company is a predecessor of 5Star Life Insurance Company. Courts are permitted to take judicial notice of any public record, provided the record is not subject to reasonable dispute. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (courts "may take judicial notice of the records of state agencies"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a court may take judicial notice of matters of public record unless the matter is a fact subject to reasonable dispute). 5Star Life and Armed Forces Benefit Association have no reason to believe Lovesy will object to the accuracy of any of the facts in the Articles of Incorporation and the Amendment to the Articles of Incorporation. As a public record not reasonably subject to dispute, the Articles of Incorporation and Amendment to the Articles of Incorporation are properly subject to judicial notice.

The existence of the Second Amended Complaint, the Wong Declarations, the Articles of Incorporation, and the Amendment to the Articles of Incorporation, as well as the existence of facts, concessions, and representations in each, are readily subject to accurate determination by resort to credible sources. These documents are subject to judicial notice and should be considered by the Court in determining Defendants 5Star Life and Armed Forces Benefit Association's Motions to Dismiss and Strike Portions of Brad Lovesy's Third Amended Complaint. Fed. R. Evid. 201; *see also MGIC Indemn. Corp.*, 803 F.2d at 504.

**III.    CONCLUSION**

Pursuant to Federal Rule of Evidence 201, Defendants 5Star Life and Armed Forces Benefit Association hereby request that the Court take judicial notice of the following documents in ruling on the motions to dismiss and strike:

/////

1. Plaintiff Brad Lovesy and Pacific Consolidated Investments, Inc.'s Second Amended Complaint for Damages (Docket No. 37);

2. Declaration of Michael Kimo Wong in Support of Motions to Dismiss and Strike Portions of Plaintiff Brad Lovesy's [Second] Amended Complaint (Docket No. 42);

3. Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 51);

4. Articles of Incorporation for AFBA Life Insurance Company;

5. Amendment to the Articles of Incorporation for AFBA Life Insurance Company.

Dated: April 16, 2008

DLA PIPER US LLP

By   /s/ Charles L. Deem
CHARLES L. DEEM
Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY

DLA PIPER US LLP
SAN DIEGO

SD\1814740.2
332602-3

5
REQUEST FOR JUDICIAL NOTICE ISO 5STAR LIFE & AFBA'S MOTION TO DISMISS AND STRIKE THIRD AMENDED COMPLAINT   CASE NO. C 07-2745 SBA