1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | BRAD LOVESY and PACIFIC            ) Case No. 4:07-cv-02745-SBA
   | CONSOLIDATED INVESTMENTS, INC. a   )
12 | Nevada corporation,                ) **PLAINTIFFS' OPPOSITION TO**
   |                                    ) **DEFENDANTS TED SHUEY, THE**
13 |                Plaintiffs,         ) **SHUEY AGENCY, INC., AND TGS**
   |                                    ) **GROUP, INC.'S MOTION TO DISMISS**
14 |         vs.                        ) **AND STRIKE THE THIRD AMENDED**
   |                                    ) **COMPLAINT**
15 | ARMED FORCES BENEFIT               )
   | ASSOCIATION, THE 5STAR             ) Date:   June 3, 2008
16 | ASSOCIATION, 5STAR FINANCIAL, LLC, ) Time:   1:00 p.m.
   | 5STAR FINANCIAL SERVICES           ) Ctrm:   3
17 | COMPANY, and 5STAR LIFE INSURANCE  ) Judge:  Hon. Saundra B. Armstrong
   | COMPANY; TED SHUEY, individually,  )
18 | doing business as THE SHUEY AGENCY,)
   | INC., and TGS GROUP, INC.,         )
19 |                                    )
   |                Defendants.         )
20 |_____)

21

22

23

24

25

26

27

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389672.1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS AND STRIKE THE TAC

## I. INTRODUCTION

Plaintiffs Brad Lovesy and Pacific Consolidated have provided facts, reasonable inferences, and particularity sufficient to plead the third, fourth, fifth, and seventh causes of action. Should the Court determine that any cause of action is deficient, it should allow leave to amend.

Plaintiffs have twice voluntarily amended the Complaint to address issues presented by Defendants 5Star, AFBA, Ted Shuey, The Shuey Agency, and TGS Group, Inc. in an effort to avoid motion practice. Yet now Mr. Shuey, TGS, and TSA seek to utilize the parties' prior out of court attempts at resolution as justification for dismissing Plaintiffs' claims with prejudice. This is only the second time a Complaint has been before this Court on a motion on the pleadings, further amendment, if necessary, should be allowed. Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Polich v. Burlington Northern, Inc.*, 942 F. 2d 1467, 1472 (9th Cir. 1991), citing, *Kelson v. City of Springfield*, 767 F. 2d 651 (9th Cir. 1985).

## II. ARGUMENT

### A. INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE CLAIM IS SUFFICIENT.

Plaintiffs allege that Mr. Shuey, The Shuey Agency, and TGS Group, Inc. engaged them in the MOA with knowledge of their preexisting contracts with AFBA and 5Star. Defendants did so with knowledge that the policies to be sold under the restrictive MOA would constitute a fraud upon the public by piggy-backing loans, a condition that would disrupt Mr. Lovesy's previously lawful and lucrative relationship with AFBA and 5Star. TAC, at ¶¶ 41-43, 66-69. Further, by willfully failing to collect premiums and process policies, and continuing to fail to cure such deficiencies, charge-backs to Mr. Lovesy were imposed upon him, further disrupting Mr. Lovesy's relationship with AFBA and 5Star, and causing him economic harm. (TAC, at ¶¶ 29-36, 65, 68.)

Plaintiffs have established: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendants' knowledge of the relationship; (3) intentional acts on the part of the defendants designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389672.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS AND STRIKE THE TAC

1  proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29
2  Cal. 4th 1134, 1153 (2002); TAC, at ¶¶ 61-69.

3      Defendants argue that Plaintiffs failed to allege an independently wrongful act under this
4  cause of action. Plaintiffs have proffered that the Defendants' marketing and sale of piggy-backed
5  loans under the MOA constitute the 'independently wrongful act' that the Court required. (Court
6  Order, at 18.) Defendants knowingly made the subject matter of the MOA fraudulent or unfair,
7  and in offering it, sought to disrupt Mr. Lovesy's existing business relationships. Intentionally
8  engaging in an unlawful or unfair act is sufficient to find that an interference in Plaintiffs'
9  relationship with AFBA and 5Star was certain or substantially certain to occur. *Korea Supply Co.*
10 *v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2002).

11     Contrary to Defendant's assertion, the fraud alleged under the MOA is not conduct
12 unrelated to the interference with Mr. Lovesy's relationship to AFBA and 5Star. Mr. Lovesy's
13 prior agreements with AFBA and 5Star did not include the marketing of fraudulent or unfair
14 instruments to the public, while under the MOA Mr. Lovesy was required to sell such policies.
15 That constituted an interference. Defendants further administered the fraudulent policies poorly,
16 resulting in actual harm to Mr. Lovesy. Plaintiffs have provided an independently wrongful act
17 which is tied to the interference itself, and thus have duly stated their claim, making dismissal
18 improper.

19     Defendants next argue that as administrators, they had no duty to disclose any information
20 regarding the piggy-backed insurance policies to purchasers. This argument rather conveniently
21 overlooks the fact that Mr. Shuey, TSA, and TGS were the drafters of the MOA. They
22 specifically restricted what products could be marketed under the contract; products which were
23 not included under the prior Field Service and Regional Director Agreements between Plaintiffs
24 and 5Star. The fact that Defendants' duty under the MOA was to administer claims has no
25 bearing on the fact that the contract as drafted imposed upon Mr. Lovesy the duty to market and
26 sell policies which were fraudulent.

27     The case of *Neufeld v. Balboa Ins.* is not on point, as the issue in that case was the
28 contested inclusion of a one year suit provision in an insurance policy. Other than citing Cal.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389672.1

2

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS AND STRIKE THE TAC

1  Code of Regs. Tit. 10, §2695.4(a), the case offers nothing persuasive to Defendants' argument.
2  Further, the statute itself offers little guidance, as nearly all of the citing cases construe the statute
3  as mandating the disclosure of time limits within insurance policies. Finally, whether Defendants
4  will ultimately be found liable for a term in a contract they drafted is improper in a motion to
5  dismiss, as it goes to the merits.

**B.    ALTER EGO ALLEGATIONS DO NOT EXIST**

Plaintiffs Brad Lovesy and Pacific Consolidated have not included alter ego allegations in the TAC. Rather, Plaintiffs set out the history of Mr. Shuey, The Shuey Agency, and TGS, showed how the entities interacted, and asserted that Defendants are inter-related entities who had fiduciary or contractual duties to Plaintiffs either under the MOA or through their own actions as agents or assignees. Plaintiffs have named each entity individually, and, mindful of the Court's previous Order on this issue, have not made an alter ego claim. There is no basis for striking paragraph 9 of the TAC.

**C.    THERE IS AMPLE BASIS FOR THE CONTRACT AND UCL CLAIMS AGAINST MR. SHUEY AND TGS.**

Defendants further claim that the only theory under which TGS or Mr. Shuey could be responsible for performance of the agreement is the alter ego claim. This is not true. Plaintiffs can think of two separate under which Mr. Shuey and TGS are liable under the MOA. The Court previously found that Plaintiffs submitted documentary evidence showing a pattern of interaction and performance under the MOA by TGS was sufficient for personal jurisdiction. Additionally, Mr. Shuey sent correspondence on his personal letterhead discussing the subject matter and performance of the MOA; making any inference that he was acting as an officer of TSA rebuttable.

An agency relationship can be created expressly or through ratification. Cal. Civil Code§ 2307. The existence of agency is a question of fact, and the extent of the conduct of the alleged agent, as well as the acceptance of the conduct by the principal, is determinative. Cal. Civil Code § 2308; *Frank Pisano & Assoc. v. Taggart*, 29 Cal. App. 3d 1, 15 (1972). TGS and Mr. Shuey both acted extensively under the MOA, with the apparent full consent of TSA, the contracting

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389672.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS AND STRIKE THE TAC

party. In fact, after contracting, TSA barely interacted with Mr. Lovesy at all. As fulfillers of the MOA, TGS and Mr. Shuey are liable as agents for the fraud within the contract. *Bayuk v. Edson*, 236 Cal. App. 2d 309, 320 (1965); *Phillips v. Gemini Moving Specialists*, 63 Cal. App. 4th 563, 576 (1998).

Alternatively, the MOA states that it is assignable. It is an arguable fact for the jury whether Mr. Shuey and TGS, each individually purporting to act under the MOA by written instrument, were as assignees, with Mr. Lovesy's consent. Section 1550(2) of the Civil Code states that an essential component to a contract is the consent of the parties. *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (2004). Civil Code section 1565, subdivision 3 provides, "[t]he consent of the parties to a contract must be … [c]ommunicated by each to the other." As TGS and Mr. Shuey both made numerous communications regarding performance of the MOA, with Mr. Lovesy responding thereto, consent of the parties can be shown. Alternately, TGS and Mr. Shuey arguably could be estopped from declaring that they were not parties to the MOA under the theory that the MOA was modified based upon repeated communications to Mr. Lovesy regarding the subject matter and performance of the MOA.

By the same reasoning, Mr. Shuey and TGS can also be found liable for breach of the covenant of good faith and fair dealing, which is implied by law in every contract, and liable for the UCL claims, to the extent they are based on the terms and conditions of the MOA. Ample basis exists for finding Mr. Shuey and TGS are proper parties under the contract and to the UCL claims, and they should not be dismissed.

### III.   CONCLUSION

The TAC gives Defendants ample notice of the claims against it, and Plaintiffs have stated sufficient causes of action to satisfy the requirements of Rule 8(a), 9(b) and 12(f).

Further, no Defendant has served an answer or documents in response to discovery, yet Defendants' arguments largely consist of rebuttals. This indicates that the issues raised in this motion are ripe for further discovery, and that dismissal is excessive. For the reasons stated above, Plaintiffs urge the Court to deny Defendants Ted Shuey, The Shuey Agency, and TGS

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389672.1

4

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS AND STRIKE THE TAC

1  Group, Inc.'s Motion to Dismiss & Strike the Third Amended Complaint. In the alternative,
2  Plaintiffs seek leave to amend the complaint.

3
4  Dated: May 9, 2008                    HAIGHT BROWN & BONESTEEL LLP
5
                                         By: _____
6                                            Margaret J. Grover
                                             Africa E. Davidson
7                                            Attorneys for Plaintiffs
                                             BRAD LOVESY and PACIFIC
8                                            CONSOLIDATED INVESTMENTS, INC.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389672.1

5

Case No. 4:07-cv-02745-SBA
OPPOSITION TO THE SHUEY DEFENDANTS'
MOTION TO DISMISS AND STRIKE THE TAC