Margaret J. Grover (Bar No. 112701)
Daniel J. Kelly (Bar No. 145088)
Africa E. Davidson (Bar No. 225680)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505

Attorneys for Plaintiffs BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC. a Nevada corporation,

Plaintiffs,

vs.

ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,

Defendants.

Case No. 4:07-cv-02745-SBA

**PLAINTIFFS' OPPOSITION TO DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S MOTION TO DISMISS AND STRIKE THE THIRD AMENDED COMPLAINT**

Date: June 3, 2008
Time: 1:00 p.m.
Ctrm: 3
Judge: Hon. Saundra B. Armstrong

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 2

II. ARGUMENT ..... 2

A. MR. LOVESY'S FRAUD CLAIM IS SUFFICIENTLY PLEAD. ..... 2

B. AFBA DOES OWE MR. LOVESY MONEY, AND AN ACCOUNTING PROPER. ..... 6

1. The Fraud Claim is Stated With Particularity. ..... 2

2. The Misrepresentation is Plainly and Clearly Alleged. ..... 3

3. There is More Than One Theory of Exclusivity; Thus the Allegations Were Properly Made. ..... 4

C. THE UCL CLAIMS SHOULD BE AMENDED TO PROPERLY REQUEST RELIEF. ..... 6

D. REQUESTS TO STRIKE ARE PRIMARILY UNWARRANTED ..... 7

1. Alter Ego Allegations Do Not Exist. ..... 7

2. The Exclusivity of the Region Has Been Established. ..... 7

3. 5Star Did Have A Duty to Process Policies. ..... 8

4. The UCL Allegations Are Proper. ..... 9

5. Mr. Lovesy Has Standing to Allege Injuries to the Public. ..... 10

6. Future Commissions ..... 11

7. UCL Prayer for Relief ..... 11

8. Fraud Prayer for Relief ..... 11

9. Attorneys' Fees for Breach of Covenant of Good Faith and Fair Dealing ..... 11

10. Prejudgment Interest on Sum Certain ..... 11

III. CONCLUSION ..... 12

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

i

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Beggerly v. Gbur*, 112 Cal. App. 3d 180, 190 (1980) ..... 5

*Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977) ..... 3

*G&C Auto Body Inc. v. Geico General Ins. Co.*, 2007 U.S. Dist. LEXIS 91327 (N.D. Cal. 2007) ..... 10

*Kelson v. City of Springfield*, 767 F. 2d 651 (9th Cir. 1985) ..... 2

*MacIsaac & Menke Co. v. Cardox Corp.*, 193 Cal. App. 2d 661, 670 (1961) ..... 5

*Mandelaris v. McGraw-Hill Broadcasting Co.*, 1992 U.S. Dist. LEXIS 17818, *12-*13 (E.D. Cal. 1992) ..... 5

*Polich v. Burlington Northern, Inc.*, 942 F. 2d 1467, 1472 (9th Cir. 1991) ..... 2

*Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal. 3d 665, 673 (1974) ..... 5

*Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593 (1995) ..... 6

*White v. Trans Union LLC*, 462 F. Supp. 2d 1079 (C.D. Cal. 2006) ..... 10

*Xenergy v. Hess Microgen*, LLC, 2007 U.S. Dist. LEXIS 63812, *15-*16, fn. 4 (S.D. Cal. 2007) ..... 5

## Statutes

B&P Code 16600 ..... 6

Bus & Prof. Code 17200. Id. at *3 ..... 10

## Other Authorities

*Merriam-Webster Online Dictionary* 2008 ..... 4

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

ii

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

# I. INTRODUCTION

Plaintiffs Brad Lovesy and Pacific Consolidated have provided facts and reasonable inferences sufficient to state the essential elements of each cause of action contained in the Third Amended Complaint (TAC). Should the Court determine that any cause of action is deficient, it should allow leave to amend. Plaintiffs Brad Lovesy and Pacific Consolidated twice voluntarily amended the Complaint to address issues presented by Defendants 5Star, AFBA, Ted Shuey, The Shuey Agency, and TGS Group, Inc. in an effort to avoid motion practice. In so doing, Plaintiffs did not admit any defect in the pleadings. Defendants now raise new theories regarding the claims and their defenses, and seek to use the Plaintiffs' efforts to resolve the earlier attacks as grounds for dismissing Plaintiffs claims with prejudice.

As this is only the second time a Complaint has been before this Court on a motion on the pleadings, further amendment, if necessary, should be allowed. Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Polich v. Burlington Northern, Inc.*, 942 F. 2d 1467, 1472 (9th Cir. 1991), citing, *Kelson v. City of Springfield*, 767 F. 2d 651 (9th Cir. 1985).

# II. ARGUMENT

## A. MR. LOVESY'S FRAUD CLAIM IS SUFFICIENTLY PLEAD.

### 1. The Fraud Claim is Stated With Particularity.

5Star Life Insurance Company and Armed Forces Benefit Association argue that Mr. Lovesy has failed to plead his fraud cause of action with particularity. However, Mr. Lovesy alleged that in June of 2004, 5Star informed him that if he failed to enter into an administrative contract with TSA, 5Star would allow Mr. Lovesy's business in the Assigned Regions to be taken over by Mr. Shuey, a statement it knew was false when made. (TAD, at¶¶ 23-24, 38-40, 82, 84.) Mr. Lovesy also alleged that 5Star induced his reliance by telling him that Mr. Shuey would perform exceeding well as ad administrator, resulting in fewer charge-backs. (TAD, at¶¶ 24-25.) 5Star's attempts to solidify Mr. Shuey and TGS Group as administrators for Mr. Lovesy culminated in a series of meetings in Sacramento, where Michael Kimo Wong told Mr. Lovesy that Ted Shuey would draw up the contract. (TAD, at¶ 24.) Finally, Mr. Lovesy alleged that

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

2

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

5Star's motivation in making the misrepresentations was to keep Mr. Lovesy from selling any non-AFBA approved insurance products. (TAD, at ¶¶ 24, 85.) Neither the Field Service Agreement nor the Regional Director Agreement limited what products Mr. Lovesy could sell. In engineering the MOA through Mr. Shuey and TSA, 5Star guaranteed that it retroactively restricted Mr. Lovesy under those agreements.

Plaintiffs believe that factually they have satisfied the Rule 9(b) requirement of stating the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation, such that Defendants can identify "the circumstances constituting fraud so that [they] can prepare an adequate answer from the allegations." *Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977). However, should their pleading not meet Rule 9(b) standards, Plaintiffs should be allowed leave to amend, as they possess sufficient information to properly aver this cause of action.

**2. <u>The Misrepresentation is Plainly and Clearly Alleged.</u>**

5Star and AFBA next state that Mr. Lovesy failed to allege a misrepresentation, and engage in a gymnastic grammatical argument in order to support this claim. However, a plain reading of the TAC shows that Mr. Lovesy did indeed allege a misrepresentation.

> "5Star Life represented that unless Mr. Lovesy agreed to be bound to the terms of the Memorandum of Agreement with The Shuey Agency, 5Star Life would breach the Regional Director and Field Service Agreements by allowing Ted Shuey to solicit within the regions assigned to Mr. Lovesy...
>
> ...5Star Life knew these statements were false when made, and knew that it intended to permit Ted Shuey, TGS Group, and The Shuey Agency to solicit the National Guard for the sale of AFBA products within regions assigned to Mr. Lovesy."

(TAC, at ¶¶ 82, 84.)

A search of Merriam-Webster dictionary for the word "unless" returned the following definitions: "1: except on the condition that : under any other circumstance than; 2: without the accompanying circumstance or condition that : but that." *Merriam-Webster Online Dictionary* 2008.

Giving the word "unless" its ordinary meaning, when 5Star represented that unless Mr. Lovesy agreed to enter into the MOA, 5Star would allow Mr. Shuey to solicit in the Assigned

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

Regions, 5Star was stating that: except on the condition that (or 'but for') Mr. Lovesy's agreement to enter into the MOA, Mr. Shuey would be allowed to solicit policies in the Assigned Region. This is an offer to restrain Mr. Shuey in exchange for Mr. Lovesy's agreement to sign the MOA; and clearly communicates that 5Star would prohibit Mr. Shuey from soliciting if Mr. Lovesy entered into the MOA.

Mr. Lovesy reasonably applied the commonly understood meaning of the words communicated to him by 5Star, and understood that if he agreed to the assignment, he would be allowed to continue being the exclusive representative in the Assigned Regions. Because 5Star had no intention of adhering to their terms, the offer was a misrepresentation. Based upon the charges in the TAC, the essential elements of misrepresentation have been satisfied: knowledge of falsity, intent to defraud or induce reliance, justifiable reliance, and resulting damage. Cal. Civ. Code § 1709; *Seeger v Odell*, 18 Cal. 2d 409, 414 (1941).

**3. <u>There is More Than One Theory of Exclusivity; Thus the Allegations Were Properly Made.</u>**

5Star and AFBA conclude that Plaintiff has failed to allege exclusive control over the Assigned Region, and that the entire fraud claim is dependent upon such a finding. Mr. Lovesy avers that he was entitled to an exclusive right to sell 5Star products to members of the National Guard in the regions assigned to him, and, along with the TAC, submitted documentary evidence showing that he was the only Regional Director for several western states. Contrary to the inference raised by the blank spaces in the Regional Director Agreement, Mr. Lovesy has provided documentary evidence that there was, in fact an Assigned Region. Should Mr. Lovesy be unable to prove that exclusivity within the Assigned Regions was intended to be part of the Agreements as formed, he should be allowed to prove that exclusivity existed, either through custom and practice, or through oral modification.

The fraud cause of action need not fail absent proof of exclusivity in the formation of the Agreements. By promising to keep Mr. Shuey, TGS, and TSA from soliciting in Mr. Lovesy's assigned regions in exchange for Mr. Lovesy's agreement to utilize TSA as policy administrators, 5Star made an oral modification to the Regional Director Agreement. Pursuant to California Civil

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

4

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

Code, "unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration…" Cal. Civil. Code § 1698(b),(c).

The Regional Director Agreement is silent as to subsequent modification, whether written or oral. By fraudulently promising to enforce certain actions as to the Regional Director Agreement in return for Mr. Lovesy giving up his right to market other products, and through Mr. Lovesy's adherence to the new terms, 5Star orally modified the Agreement. "If there exists sufficient consideration for an oral modification agreement, then full performance by the promisee alone would suffice to render the agreement 'executed.'" *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal. 3d 665, 673 (1974); *Beggerly v. Gbur*, 112 Cal. App. 3d 180, 190 (1980); aff'd by *Mandelaris v. McGraw-Hill Broadcasting Co.*, 1992 U.S. Dist. LEXIS 17818, *12-*13 (E.D. Cal. 1992); *Xenergy v. Hess Microgen*, LLC, 2007 U.S. Dist. LEXIS 63812, *15-*16, fn. 4 (S.D. Cal. 2007).

Mr. Lovesy, seeking to retain his business base, relied upon 5Star's representation that Mr. Shuey would not be allowed to solicit in areas where Mr. Lovesy was the Regional Director if Mr. Lovesy agreed to utilize Mr. Shuey's company as administrators and agreed to give up his outside business with Colorado Banker. An oral agreement, fully performed on one side and supported by consideration, constitutes a valid modification of a prior written agreement. *MacIsaac & Menke Co. v. Cardox Corp.*, 193 Cal. App. 2d 661, 670 (1961). Restraining himself from other business is sufficient consideration to validate the modification of the Regional Director Agreement that 5Star offered, and Mr. Lovesy's full performance under the MOA fully executed the modification.

Because 5Star never intended to keep its' bargain, and offered the modification in order to induce Mr. Lovesy's reliance thereon, knowing that Mr. Lovesy would suffer financial loss as a result, 5Star committed a fraud. Likewise, in knowingly making a fraudulent offer, 5Star caused Mr. Lovesy to give up his lucrative Colorado Banker business for no consideration, an illegal restraint of trade under B&P Code 16600. Plaintiffs have established a right to operate exclusively in the assigned regions, and this cause of action should not be dismissed.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

5

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

**B. <u>AFBA DOES OWE MR. LOVESY MONEY, AND AN ACCOUNTING IS PROPER.</u>**

The Court already ruled in its Order that Mr. Lovesy alleged some form of misconduct, and that the amounts in dispute in this case were sufficiently uncertain to warrant an accounting. (Court Order, at 13.) However, AFBA and 5Star claim that AFBA does not owe Plaintiffs any money, and that contested fact is dispositive of the need for an accounting. Mr. Lovesy has alleged that AFBA, the party with the duty to pay under the Memorandum of Agreement, wrongfully imposed charge-backs as a result of Ted Shuey, TGS, and TSA's failure to properly process policies in California. (TAC, at¶ 99.) As a result of AFBA's charge-backs, 5Star failed and refused to pay the full amount of commissions owed to Mr. Lovesy on sales made outside of California under the Field Service and Regional Director Agreements. *Id.*

While technically not a party to the MOA, AFBA was the entity bound to tender payment thereunder. As such, AFBA was a fiduciary to Mr. Lovesy, and Mr. Lovesy has alleged that AFBA improperly imposed charge-backs to him, *or that AFBA owes him money*. And, as the Court already found, the amounts are complicated and in dispute. *Union Bank v. Superior Court*, 31 Cal. App. 4th 573, 593 (1995).

**C. <u>THE UCL CLAIMS SHOULD BE AMENDED TO PROPERLY REQUEST RELIEF.</u>**

Mr. Lovesy requests leave to amend the TAC to correct his prayer for relief, which mistakenly requests only costs. Plaintiffs have alleged that each Defendant actively participated in a fraudulent or unfair business practice perpetrated upon members of the Armed Forces. (Third Amended Complaint, at ¶¶ 42-43, 93.) That unfair business practice was the failure of each Defendant to disclose their marketing and sale of bundled insurance policies, which includes the sale of a secondary insurance policy that provides the insured with little additional coverage. As to that practice, Plaintiffs certainly request injunctive relief, and request leave to amend their complaint to correct this oversight.

As discussed, Mr. Lovesy has shown exclusivity in the Assigned Region sufficient to entitle him to restitution of the commissions and bonuses paid to Mr. Shuey, TGS, and TSA for work performed there. Plaintiff's UCL claim is therefore valid, as is the prayer for costs.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

6

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

## D. REQUESTS TO STRIKE ARE PRIMARILY UNWARRANTED

### 1. Alter Ego Allegations Do Not Exist.

Plaintiffs Brad Lovesy and Pacific Consolidated have not included alter ego allegations in the TAC. Rather, Plaintiffs set out the history of the two organizations, and asserted that AFBA and 5Star Life are inter-related companies who both had fiduciary or contractual duties to Plaintiffs under the various contracts and through their own actions. Plaintiffs have named both companies individually, and, mindful of the Court's previous Order on this issue, have not made an alter ego claim.

Under the Field Service and Regional Director Agreements, 5Star had a duty to pay Mr. Lovesy for the work performed. Under the Memorandum of Agreement entered into with TGS, AFBA was named the entity with the duty to pay Mr. Lovesy and Pacific Consolidated for the work they performed. When AFBA began improperly imposing charge-backs to Mr. Lovesy under the MOA, 5Star enforced them by refusing to pay full commissions owed to Mr. Lovesy for work done under the Field Service and Regional Director Agreements. (TAC, at ¶99.)

Paragraph 5 of the TAC merely establishes that AFBA and 5Star are more than related corporations, they are corporations that willfully acted in concert in depriving Mr. Lovesy of monies owed under the Field Service Agreement, the Regional Director Agreement, and the MOA. This is neither impertinent nor immaterial, nor does it seek to establish alter ego liability. Therefore, that portion of the TAC should be allowed to stand.

### 2. The Exclusivity of the Region Has Been Properly Alleged.

As discussed above, even if Mr. Lovesy is not allowed to show that the Regional Director and Field Service Agreements as drafted gave him exclusive access to the Assigned Regions, Mr. Lovesy has alleged facts sufficient to constitute an oral modification by 5Star, including: an offer for exclusivity of the Assigned Region, consideration in the form of Mr. Lovesy's agreement to give up the Colorado Banker business in exchange, and full performance by Mr. Lovesy. As such, Mr. Lovesy has established his exclusivity, and Defendants have no grounds to requests that references to the "Assigned Region" or to "exclusivity" be stricken.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

7

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

**3. <u>5Star Did Have A Duty to Process Policies.</u>**

Plaintiffs believe the Court erred in deciding that 5Star had no independent, non-contractual duty to process the policies that Mr. Shuey, TGS, and TSA failed to process. When an insurance policy is purchased, a contract between the purchaser and the insurance company is made. Within that contract, the burden does not lie on the purchaser to process the policy, draw up an account, and make certain that statements are sent out every month, or that their payroll company has duly set up the recurring payment. That duty is undertaken by the insurer. If the insurer uses a third party administrator to process policies, and the third party fails to do so, the burden reverts to the insurer to make certain that policies are in fact being processed and that their contracts with the purchasers of their policies are enforced or maintained.

By failing to take any steps to cure Mr. Shuey, TGS, and TSA's failure to process policies, 5Star was breaching its contracts with the purchasers of their insurance policies, who had no separate contract with Mr. Shuey, TGS, or TSA. 5Star's failure to act also frustrated Mr. Lovesy's ability to perform under the Field Service and Regional Director Agreements, by making enrollment of service members unreasonably difficult, and by subjecting him to charge-backs and penalties for acts he had no control over.

Plaintiffs have posited that before enactment of the MOA, 5Star served as the administrator for policies in California and other regions. Under the Field Service and Regional Director Agreements, Mr. Lovesy was to remit to 5Star completed policies and a premium payment. 5Star thereafter ensured that policies which had been purchased were duly processed, so that service members retained their insurance coverage. (TAC, at ¶¶21-22, 52-54.) By deciding to utilize Mr. Shuey, TGS, and TSA as third party administrators, 5Star farmed out a duty it originally had.

By failing to discipline or replace Mr. Shuey, TGS, and TSA, and by failing to process the policies themselves, 5Star breached every insurance policy subsequently cancelled due to Mr. Shuey, TGS, and TSA's failure to process; an unfair business practice under the UCL. 5Star's actions also frustrated Mr. Lovesy's ability to perform under the Field Service and Regional Director Agreements. 5Star's duty is not mentioned in either the Field Service or Regional

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

8

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

Director Agreements, however the Agreements could not be performed without 5Star processing the policies sold by Mr. Lovesy and his field service representatives.

Though implied, the duty to process policies is an integral part of the Field Service and Regional Director Agreements. The Agreements are incapable of being fully executed by both parties unless 5Star acts to process the policies submitted by Mr. Lovesy, and subsequently renders payment thereon. As such, when Mr. Shuey, TGS, and TSA failed to process policies under the MOA, 5Star was still bound under the Field Service and Regional Director Agreements with ensuring the submitted policies were processed. As such, the allegations in paragraphs 21, 37, 52, and 53 should stand.

**4. The UCL Allegations Are Proper.**

As discussed above, Mr. Lovesy has established exclusivity in the Assigned Region through 5Star's oral modification of the Regional Director Agreement, and through Mr. Lovesy's performance of the new terms. Because 5Star's modification was fraudulent, it in fact served to cause Mr. Lovesy to give up a lucrative business relationship. Because 5Star did not intend to enforce the exclusivity it offered, causing Mr. Lovesy to enter into the MOA, which restricted what products Mr. Lovesy was allowed to sell, was an improper restraint of trade. These allegations are not improper or immaterial, and should not be stricken from the TAC.

Further, the restraint of trade cause of action is not dependent on Mr. Lovesy proving exclusivity. Restraint of trade refers to the limitations on the clients and products Mr. Lovesy was allowed to engage under the MOA; an issue that was not impacted by whether he was the sole representative allowed to conduct business in the Assigned Region. Thus, there is no basis for striking paragraphs 90 and 91 of the TAC.

Paragraphs 91 and 92 regarding AFBA's prior knowledge of the provisions of the MOA should not be stricken. At all times throughout their lengthy association, AFBA and 5Star held themselves out to Mr. Lovesy as interchangeable names. Michael Kimo Wong has also held

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

9

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

himself out as a Senior Vice President of each company, both to Mr. Lovesy and to others.[1] As such, Mr. Lovesy believes that if 5Star had actual knowledge, then AFBA did as well.

The MOA entered into with Shuey, TGS, and TSA limited what products Mr. Lovesy could sell; a term which benefited 5Star and AFBA. AFBA is named as the entity bound to render payment under the MOA, and in fact did render payment and issue charge-backs under the contract. Those facts are indicative that AFBA either had knowledge of the terms of the MOA or was involved in crafting them. As such, AFBA should remain a named party to the UCL causes of action, and paragraphs 90-92 of the TAC should stand.

**5. Mr. Lovesy Has Standing to Allege Injuries to the Public**

Mr. Lovesy is not required to have been a purchaser of the overly expensive insurance policies in order to have standing to sue under the UCL. Mr. Lovesy has alleged that the impetus for restricting him from selling non-AFBA insurance products was AFBA and 5Star's desire to sell expensive, piggybacked insurance policies. (TAC, at ¶¶ 23-24, 26, 90-91.) He further alleged that as the result of Defendants' failure to process these policies, he wrongfully incurred charge-backs. (TAC, at ¶¶ 28-36, 92, 94.) Thus, Mr. Lovesy lost business opportunities, and suffered monetary loss as a direct result of the fraudulent activity. This is sufficient to have standing to request injunctive relief.

In *G&C Auto Body Inc. v. Geico General Ins. Co.*, 2007 U.S. Dist. LEXIS 91327 (N.D. Cal. 2007), Plaintiff repair shop alleged below-market labor rates and the steering away of business by Defendant, and sought redress under Bus & Prof. Code 17200. *Id.* at *3. The Court held that where Plaintiff had shown both unpaid accounts receivable as well as a loss of business with a direct causal connection to the acts that Plaintiffs charged as unlawful competition, they has shown sufficient standing to seek an injunction of the acts. *Id.* at *11.

---

[1] AFBA and 5Star's Motion to Dismiss and Strike asserts that this is a sham allegation. However, Mr. Lovesy is not the only person who is under the impression that Mr. Wong is a Senior Vice President of both companies. Mr. Wong's biography as Treasurer for the Alaka'ina Foundation maintains that he "is a Senior Vice President for Armed Forces Benefit Association/5Star Life in Alexandria, Virginia." http://www.alakainafoundation.org/Leadership/wong.htm. Exhibit A, Declaration of Africa E. Davidson in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss and Strike the TAC.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

10

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

Here, Mr. Lovesy has suffered charge-backs and the loss of outside business opportunities. In *White v. Trans Union LLC,* 462 F. Supp. 2d 1079 (C.D. Cal. 2006), the Court rejected the argument that the Plaintiff must show that the Defendant took money directly from plaintiff in order to obtain injunctive relief under Section 17200. *Id.* at 1083. *White* found that, at the motion to dismiss stage, allegations of lost income were enough to establish injury-in-fact, and therefore to establish standing to seek injunctive relief. *White* found that, for purposes of injunctive relief, lost income "is all the statute requires." *Id.* at 1084. Thus, Mr. Lovesy has standing to bring a cause of action under the UCL for piggy-backing, and paragraphs 42 and 93 of the TAC should stand.

**6. <u>Future Commissions</u>**

Plaintiffs offer no opposition to striking the portion of paragraph 94 of the TAC seeking recovery of future commissions from the Colorado Banker products, as those constitute lost profits damages recoverable under Mr. Lovesy's contract causes of action.

**7. <u>UCL Prayer for Relief</u>**

As discussed at length above, Mr. Lovesy has stated a cause of action under the UCL, and, having established exclusivity is entitled to the actual lost commissions, bonuses, and benefits paid to Mr. Shuey, TGS, and TSA, as well as his costs. The prayer for damages is neither impertinent nor immaterial given Plaintiffs' claims, and should not be stricken.

**8. <u>Fraud Prayer for Relief</u>**

Plaintiffs believe they have stated a claim for fraud, as described above. As such, Mr. Lovesy's prayer for general and special damages, exemplary damages, interest, costs, and other relief is warranted, and is neither impertinent nor immaterial.

**9. <u>Attorneys' Fees for Breach of Covenant of Good Faith and Fair Dealing</u>**

Plaintiffs offer no opposition to striking this portion of the prayer for relief.

**10. <u>Prejudgment Interest on Sum Certain</u>**

Plaintiffs offer no opposition to striking this portion of the prayer for relief.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

11

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC

## III. CONCLUSION

Federal pleadings satisfy the requirements of Rule 8 if they give the opposing side notice of the claims being asserted. Motions to dismiss on the basis of failure to state a claim for relief are disfavored for precisely that reason. The TAC gives each Defendant ample notice of the claims against it.

Further, no Defendant has served an answer or documents in response to discovery, yet Defendants' arguments largely consist of rebuttals. This indicates that the issues raised in this motion are ripe for further discovery, and that dismissal is excessive. For the reasons stated above, Plaintiffs urge the Court to deny those portions of Defendants AFBA and 5Star's Motion to Dismiss & Strike the Third Amended Complaint. In the alternative, Plaintiffs seek leave to amend the complaint.

Dated: May 9, 2008

HAIGHT BROWN & BONESTEEL LLP

By: ______________________
Margaret J. Grover
Africa E. Davidson
Attorneys for Plaintiffs
BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC.

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389643.1

12

Case No. 4:07-cv-02745-SBA
OPPOSITION TO MOTION TO DISMISS AND STRIKE TAC