Margaret J. Grover (Bar No. 112701)
Daniel J. Kelly (Bar No. 145088)
Africa E. Davidson (Bar No. 225680)
HAIGHT BROWN & BONESTEEL LLP
71 Stevenson Street, 20th Floor
San Francisco, California 94105-2981
Telephone: 415.546.7500
Facsimile: 415.546.7505

Attorneys for Plaintiffs BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC. a Nevada corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,<br><br>Defendants. | Case No. 4:07-cv-02745-SBA<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS AND STRIKE PORTIONS OF THE THIRD AMENDED COMPLAINT**<br><br>Date: June 3, 2008<br>Time: 1:00 p.m.<br>Ctrm: 3<br>Judge: Hon. Saundra B. Armstrong |

I.  INTRODUCTION

Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. oppose Defendants Armed Forces Benefit Association and 5Star Life Insurance Company's request to judicially notice the Declaration of Michael Kimo Wong in Support of Motions to Dismiss and Strike Portions of Plaintiff Brad Lovesy's Second Amended Complaint, and the Declaration of Michael Kimo Wong in Support of 5Star Financial LLC's Motion to Dismiss for Lack of Personal Jurisdiction, because the documents submitted for judicial notice do not meet the threshold

LAW OFFICES
HAIGHT, BROWN & BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389680.1

1

Case No. 4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

requirement that they be adjudicative of some issue in contention, pursuant to the Federal Rules of Evidence, Rule 201 (a).

## II.  ARGUMENT

Judicial notice is improper when the documents are not adjudicative of any matter. Defendants summarily conclude that the Declarations of Michael Kimo Wong, submitted in support of prior motions, are properly judiciable because as previously filed documents, they are part of the Court's record. Defendants fail to show that the Declarations meet the threshold requirement that they be adjudicative of some matter in contention. The Federal Rules of Evidence, Rule 201 states, in part:

(a)   Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b)   Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Defendants do not state why they believe this Court should take judicial notice of the Declarations of Michael Kimo Wong, other than to argue that as court records, the documents are eligible for judicial notice.

Court records may be judicially noticed in order to establish the fact of litigation and filings, or decisions rendered, but not for the facts asserted therein. *Sandpiper Village v. Louisiana-Pacific Corp.*, 428 F. 3d 831, 837 n. 4 (9th Cir. 2005) (on appeal, circuit court took judicial notice of portions of trial transcript that were previously unavailable); *Meredith v. Oregon*, 321 F. 3d 807, 817 n. 10 (9th Cir. 2003), *amended,* 326 F. 3d 1030 (9th Cir. 2003) (taking judicial notice of plaintiff's filing in state court); *Smith v. Duncan*, 297 F. 3d 809, 815 (9th Cir. 2002) (taking judicial notice of relevant state court documents in determining whether federal habeas petition was timely filed, in light of tolling of statute of limitations during pendency of petitioner's state habeas petitions, because those documents had direct relationship to petitioner's appeal).

Defendants do not seek judicial notice of the Declarations to show that they were filed, but to prove the contents therein. Defendants seek to substantiate their argument that Mr. Wong is not

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389680.1

2

Case No.  4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

1 an officer of AFBA in order to oppose Plaintiffs' allegation that AFBA had notice of the
2 fraudulent provision of the Memorandum of Agreement, which was discussed between Mr. Wong,
3 Mr. Lovesy, and others in a series of meetings held in Sacramento. Mr. Lovesy has stated that
4 throughout his dealings with AFBA and 5Star, Mr. Wong held himself out as an officer of both
5 corporations. Further, Mr. Lovesy has provided another instance of Mr. Wong at least appearing
6 to assert that he is a Senior Vice President of both companies.[1] Because this matter is in
7 contention and subject to controversy, the Declarations of Michael Kimo Wong are not properly
8 subject to judicial notice.

9 Defendants have raised no issue that can be determined solely by the fact that Mr. Wong's Declarations were filed on a particular day at a particular time, thus judicial notice of statements contained in these documents is not proper. Defendants seek to have the Court take judicial notice of the facts asserted within these documents in an attempt to establish as undisputed facts that are in contention. This is not the purpose of judicial notice. *In re Tyrone F. Conner Corp.*, 140 B. R. 771, 781-782 (Bankr. E. D. Cal. 1992) (bankruptcy court refused to take judicial notice of allegation in motion that debtor had failed to make certain required post-petition payments, because allegation was subject to dispute).

### III. CONCLUSION

Because the Declarations of Mr. Wong are not documents which properly adjudicate any matter before this Court, Defendants' request for their judicial notice should be denied.

Dated: May 9, 2008

HAIGHT BROWN & BONESTEEL LLP

By: _____
Africa E. Davidson
Attorneys for Plaintiffs
BRAD LOVESY and PACIFIC
CONSOLIDATED INVESTMENTS, INC.

---

[1] *See*, printout from The Alakaina Foundation, http://www.alakainafoundation.org/Leadership/wong.htm, attached as Exhibit A to the Declaration of Africa E. Davidson in Support of Plaintiffs' Opposition to Defendants AFBA and 5Star's Motion to Dismiss and Strike the TAC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3389680.1

3

Case No. 4:07-cv-02745-SBA
OPPOSITION TO REQUEST FOR JUDICIAL NOTICE