1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  BRAD LOVESY and PACIFIC            )    Case No. 4:07-cv-02745-SBA
    CONSOLIDATED INVESTMENTS, INC. a   )
12  Nevada corporation,                )    **[PROPOSED] ORDER DENYING**
                                       )    **DEFENDANTS TED SHUEY, TGS**
13              Plaintiffs,            )    **GROUP, INC., AND THE SHUEY**
                                       )    **AGENCY, INC.'S MOTION TO DISMISS**
14         vs.                        )    **AND STRIKE PORTIONS OF THE**
                                       )    **THIRD AMENDED COMPLAINT**
15  ARMED FORCES BENEFIT              )
    ASSOCIATION, THE 5STAR            )    Date:   June 3, 2008
16  ASSOCIATION, 5STAR FINANCIAL, LLC, )   Time:   1:00 p.m.
    5STAR FINANCIAL SERVICES          )    Ctrm:   3
17  COMPANY, and 5STAR LIFE INSURANCE )    Judge:  Hon. Sandra B. Armstrong
    COMPANY; TED SHUEY, individually,  )
18  doing business as THE SHUEY AGENCY, )
    INC., and TGS GROUP, INC.,         )
19                                     )
                Defendants.            )
20  _____  )

21        The motion of Defendants Theodore Shuey, The Shuey Agency, and TGS Group, Inc.'s

22  Motion to Dismiss and Strike Portions of the Third Amended Complaint came on for hearing

23  before this Court, with counsel Haight Brown & Bonesteel, LLP appearing for Plaintiff, and

24  counsel Seyfarth Shaw LLP appearing for Defendants.

25  **I.     LEGAL STANDARD**

26        **A.     Dismissal Only for Failure to State A Claim for Which Relief Can be Granted.**

27        Under Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint

28  may be dismissed if it fails to state a claim upon which relief may be granted. This standard is

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3393482.1

1

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER

1  generally simple to meet.  Rule 8(a) of the Federal Rules requires only a short plain statement of

2  the claim showing that the pleader is entitled to relief.  *U.S. v. White*, 893 F. Supp. 1423, 1428

3  (C.D.C.A. 1995).  All that is required is that a cause of action "sufficiently disclose the ultimate

4  facts which plaintiff will be required to prove in trial" and give the defendant fair notice of what

5  the claim is and the grounds upon which it rests.  *Laugharn v. Zimmelman*, 28 F. Supp. 348, 349

6  (S.D. Cal. 1939); *Tollis Inc. v. County of San Diego*, 505 F. 3d 935, 943 (2007).

7        **B.**     **Motion to Strike Proper Only Where Matter Has No Bearing on the**

8              **Litigation.**

9        Under Federal Rule of Civil Procedure 12(f), a motion to strike portions of the complaint

10  can be granted only where allegations are immaterial, impertinent, scandalous, or redundant.  This

11  is the case only where the matter has no bearing on the subject matter of the litigation.  *Colaprico*

12  *v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  Such motions are disfavored,

13  because motions to strike are often improperly used to evaluate the sufficiency of the facts

14  pleaded, often an exercise in delaying tactics, given federal liberal pleading requirements.

15  delaying tactics. *Bowoto v. Chevron Corp.,* WL 2349338 (N.D. Cal. 2007); *Rosales v. Citibank,*

16  133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

17        **III.**     **ANALYSIS &**

18        **1.**     **Intentional Interference With Prospective Economic Advantage**

19        Defendants sought to dismiss Plaintiffs' claim of intentional interference with prospective

20  economic advantage on the grounds that no independently wrongful act was alleged.  A claim for

21  intentional interference must include allegations that the conduct which constituted the

22  interference was wrongful by some measure beyond the fact of the interference itself.  *Stevenson*

23  *Real Estate Servs., Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215, 1220

24  (2006).

25        Plaintiffs have argued that Defendants wrongfully interfered with their existing contractual

26  relationship with AFBA and 5Star through the terms and performance of the contract Plaintiffs

27  entered into with Defendants, which was to be performed for AFBA and 5Star's benefit.  Plaintiffs

28  have alleged that Defendants restricted the insurance policies to be sold to those which unfairly or

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3393482.1

2

Case No.  4:07-cv-02745-SBA
[PROPOSED] ORDER

1  fraudulently required purchasers to buy a low coverage policy at an additional cost in order to

2  obtain a high coverage policy; subjecting them to possible legal and ethical censure, and

3  wrongfully restricting the type of insurance which Plaintiffs could sell.  Plaintiffs have alleged acts

4  which, in addition to interfering with their pre-existing business relationships, are also wrongful.

5  Intentionally engaging in an unlawful or unfair act is sufficient to find that an interference in

6  Plaintiffs' relationship with AFBA and 5Star was certain or substantially certain to occur. *Korea*

7  *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2002).  T

8      Defendants also argue that the requirement of particularity in alleging fraudulent activity

9  has not been satisfied, because Defendants are not insurers and had no duty to disclose the nature

10 of the policies consumers purchased.  Despite the fact that Defendants' only duty under the

11 contract was to process policies, Defendants drafted the contract at issue, including the terms

12 limiting what types of policies Plaintiffs could market and sell.  Defendants also took pains to

13 draft language calling for the immediate cancellation of the contract should Plaintiff market or sell

14 any non-approved insurance policy.  Defendants' reliance upon Cal. Code of Regs. Tit. 10,

15 § 2695.4 is unpersuasive.  While that statute does task insurers with the duty to disclose the

16 material terms and limitations of insurance policies, it does not free those who are not insurers

17 from engaging in fraudulent behavior.  Further, that statute does not address the allegations

18 Plaintiffs make, which is that Defendants wrongfully restricted the subject matter of their contract

19 to unfair or fraudulent policies.

20      **2.    "Veiled" Alter Ego Allegations**

21      Defendants sought to strike what they claim are Plaintiffs' veiled alter ego claims

22 contained in Paragraph 9 of the Third Amended Complaint based on the Court's prior ruling on

23 this issue.  Plaintiffs have alleged that each Defendant took some action in regards to the

24 Memorandum of Agreement, either as a signatory, or as a party who purported to act under the

25 Agreement.  Plaintiffs recite details regarding the parties' relationship to each other and their

26 allegations of how each Defendant allegedly engaged in the roles undertaken by each in regard to

27 the Agreement, raising an inference of agency or assignment.  The allegations are not alter ego

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3393482.1

3

Case No.  4:07-cv-02745-SBA
[PROPOSED] ORDER

1  claims, and are not impertinent or immaterial.  Therefore, they will not be stricken from the

2  Complaint.

3      **3.    Claims Against Non-Signatories**

4      Defendants argue that the contract, breach of covenant, and unfair business practices

5  claims against Mr. Shuey and TGS must fail for the same reason, that neither party were

6  signatories to the contract on which those causes of action rest.  Defendants argue that Mr. Shuey,

7  as an officer of The Shuey Agency, cannot be held liable for acting in an official capacity.

8  Defendants also argue that TGS, as a non-signatory, cannot be held liable at all.

9      Plaintiffs have alleged that TGS engaged in extensive dealings under the Agreement, and

10  performed almost all duties under the Agreement after it was signed by The Shuey Agency.

11  Plaintiffs have also alleged that Mr. Shuey often sent correspondence regarding the performance

12  and fulfillment of the Agreement on his personal letterhead, and argue that the inference that he

13  was working on behalf of The Shuey Agency, rather than on behalf of TGS or on his own behalf,

14  is rebuttable.

15      Plaintiffs argue that both Mr. Shuey and TGS should be liable for all causes of action

16  arising from the Agreement, because under the facts alleged, both parties could be found an agent

17  or assignee of The Shuey Agency.  An agency relationship can be created expressly or through

18  ratification.  Cal. Civil Code§ 2307.  The existence of agency is a question of fact, and the extent

19  of the conduct of the alleged agent, as well as the acceptance of the conduct by the principal, is

20  determinative.  Cal. Civil Code § 2308; *Frank Pisano & Assoc. v. Taggart*, 29 Cal. App. 3d 1, 15

21  (1972).  Similarly, a valid assignment hinges on the consent of the parties. Cal. Civil Code Section

22  1550(2), 1565(3); *Lopez v. Charles Schwab & Co., Inc.*, 118 Cal. App. 4th 1224, 1230 (2004).

23      Because The Shuey Agency did not deal extensively with Plaintiffs after the Agreement

24  was entered into, it could be found to have approved and consented of TGS and Mr. Shuey acting

25  on its behalf.  If this is the case, TGS and Mr. Shuey can be found liable as agents for the fraud

26  within the contract.  *Bayuk v. Edson*, 236 Cal. App. 2d 309, 320 (1965); *Phillips v. Gemini Moving*

27  *Specialists*, 63 Cal. App. 4th 563, 576 (1998).

28

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3393482.1

4

Case No.  4:07-cv-02745-SBA
[PROPOSED] ORDER

## IV.   CONCLUSION

After consideration of the briefs and arguments of counsel, and all other matters presented, IT IS HEREBY ORDERED that:

1.      Plaintiffs have argued acts which are independently wrongful of the interference they allege occurred under the terms and performance of the contract entered into with Defendants.  Plaintiffs have also presented facts which tend to show that Defendants intentionally engaged in fraudulent behavior.  Therefore, Defendants' Motion To Dismiss the Third Cause of Action is DENIED.

2.      Plaintiffs have not made "veiled" alter ego claims in Paragraph 9 of the Third Amended Complaint, but have stated their allegations as to how each Defendant is related one to the other, and how each Defendant allegedly undertook to act under the Memorandum of Agreement entered into by the parties.  The allegations are sufficient to raise a finding of agency or assignment, and therefore Defendants Motion to Strike Paragraph 9 of the Third Amended Complaint is DENIED.

3.      Defendants' argument that as a non-signatory to the Memorandum of Agreement neither TGS nor Mr. Shuey could be found liable for any cause of action based upon the contract is erroneous.  Plaintiffs have alleged facts sufficient for a finding of agency or assignability as to Mr. Shuey and TGS.  Therefore, Defendants' Motion to Dismiss the Third, Fourth, Fifth, and Seventh Causes of Action against Mr. Shuey and TGS is DENIED.

Dated: June ___, 2008          By: _____
                                     Hon. Saundra B. Armstrong

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3393482.1

Case No.  4:07-cv-02745-SBA
[PROPOSED] ORDER