1  Margaret J. Grover (Bar No. 112701)
   Daniel J. Kelly (Bar No. 145088)
2  Africa E. Davidson (Bar No. 225680)
   HAIGHT BROWN & BONESTEEL LLP
3  71 Stevenson Street, 20th Floor
   San Francisco, California 94105-2981
4  Telephone: 415.546.7500
   Facsimile: 415.546.7505
5
   Attorneys for Plaintiffs BRAD LOVESY and PACIFIC
6  CONSOLIDATED INVESTMENTS, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | BRAD LOVESY and PACIFIC            ) Case No. 4:07-cv-02745-SBA
   | CONSOLIDATED INVESTMENTS, INC. a   )
12 | Nevada corporation,                ) [PROPOSED] ORDER DENYING
   |                                    ) DEFENDANTS ARMED FORCES
13 |         Plaintiffs,                ) BENEFIT ASSOCIATION AND 5STAR
   |                                    ) LIFE INSURANCE COMPANY'S
14 |   vs.                              ) MOTION TO DISMISS AND STRIKE
   |                                    ) PORTIONS OF THE THIRD AMENDED
15 | ARMED FORCES BENEFIT               ) COMPLAINT
   | ASSOCIATION, THE 5STAR             )
16 | ASSOCIATION, 5STAR FINANCIAL, LLC, ) Date:  June 3, 2008
   | 5STAR FINANCIAL SERVICES           ) Time:  1:00 p.m.
17 | COMPANY, and 5STAR LIFE INSURANCE  ) Ctrm:  3
   | COMPANY; TED SHUEY, individually,  ) Judge: Hon. Saundra B. Armstrong
18 | doing business as THE SHUEY AGENCY,)
   | INC., and TGS GROUP, INC.,         )
19 |                                    )
   |         Defendants.                )
20 |_____)

21      The motion of Defendants Armed Forces Benefit Association and 5Star Life Insurance

22 Company's Motion to Dismiss and Strike Portions of the Third Amended Complaint came on for

23 hearing before this Court, with counsel Haight Brown & Bonesteel, LLP appearing for Plaintiff,

24 and counsel DLA Piper US LLP appearing for Defendants.

25                    I.    **LEGAL STANDARD**

26      A.    **Dismissal Only for Failure to State A Claim for Which Relief Can be Granted.**

27      Under Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint

28 may be dismissed if it fails to state a claim upon which relief may be granted. This standard is

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3392980.1

1

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER

generally simple to meet. Rule 8(a) of the Federal Rules requires only a short plain statement of the claim showing that the pleader is entitled to relief. *U.S. v. White*, 893 F. Supp. 1423, 1428 (C.D.C.A. 1995). All that is required is that a cause of action "sufficiently disclose the ultimate facts which plaintiff will be required to prove in trial" and give the defendant fair notice of what the claim is and the grounds upon which it rests. *Laugharn v. Zimmelman*, 28 F. Supp. 348, 349 (S.D. Cal. 1939); *Tollis Inc. v. County of San Diego*, 505 F. 3d 935, 943 (2007).

**B.    Fraud Claims Must Be Stated With Particularity.**

Federal Rule of Civil Procedure 9(b) requires that a cause of action for fraud detail the circumstances constituting fraud or mistake with particularity. The complaint should provide sufficient detail to inform a defendant of "the circumstances constituting fraud so that [they] can prepare an adequate answer from the allegations." *Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977).

**C.    Motion to Strike Proper Only Where Matter Has No Bearing on the Litigation.**

Under Federal Rule of Civil Procedure 12(f), a motion to strike portions of the complaint can be granted only where allegations are immaterial, impertinent, scandalous, or redundant. This is the case only where the matter has no bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Such motions are disfavored, because motions to strike are often improperly used to evaluate the sufficiency of the facts pleaded, often an exercise in delaying tactics, given federal liberal pleading requirements. delaying tactics. *Bowoto v. Chevron Corp.*, WL 2349338 (N.D. Cal. 2007); *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

**III.    ANALYSIS**

**1.    Particularity In the Fraud Cause of Action**

Defendants argue lack of particularity and lack of a misrepresentation in Plaintiffs fraud cause of action, and on that basis seek dismissal. However, Plaintiffs provided the communicator, time, place, and content of the false representation, as well as the general motivations for the misrepresentation. Plaintiffs presented sufficient circumstances constituting fraud so that

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3392980.1

2

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER

Defendants are able prepare an adequate answer from the allegations. *Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977). Further, 5Star's alleged promise to allow solicitation if Mr. Lovesy did not enter into an agreement with The Shuey Agency is both clearly and reasonably a promise to bar solicitation if Mr. Lovesy complied with 5Star's demand.

### 2. Basis for an Accounting

Defendants sought to dismiss Plaintiffs' accounting claim, stating that AFBA did not owe Plaintiffs any money. This Court previously decided this issue, and found that the amounts in contention and complexity of the accounts justified an accounting. Further, Plaintiffs have alleged that AFBA wrongfully imposed charge-backs upon them, or that AFBA owes them money.

### 3. Unfair Competition Law Claims

Defendants sought to dismiss Plaintiffs' Unfair Competition Law claims based on an improper prayer for relief. Plaintiffs sought leave to amend their prayer to reflect the relief requested within this cause of action. Given that the allegations within the cause of action present facts sufficient for relief, amendment is proper.

### 4. "Veiled" Alter Ego Claims

Defendants sought to strike what they describe as Plaintiffs' "veiled" alter ego claims contained in paragraph 5 in the Third Amended Complaint based on the Court's prior ruling on this issue. However, paragraph 5 details the parties' relationship to each other and their roles undertaken in relation to the applicable Agreements in this case. The allegations contained in Paragraph 5 are not alter ego claims, and are not impertinent or immaterial.

### 5. Exclusivity

Defendants sought to strike Mr. Lovesy's allegations regarding exclusivity in the assigned region based upon the Agreements, which were silent on the issue. Mr. Lovesy has presented information sufficient to argue that exclusivity could have occurred outside of the four corners of the Agreement, through modification by the parties. The Regional Director Agreement is silent as to what areas Mr. Lovesy was assigned, yet the documentary evidence presented shows that he was in fact assigned the Regional Director of several western states. The Agreement is also silent as to subsequent modification, but "unless the contract otherwise expressly provides, a contract in

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3392980.1

3

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER

writing may be modified by an oral agreement supported by new consideration…" Cal. Civil. Code § 1698(b),(c).

Mr. Lovesy has alleged that Defendants promised to keep Mr. Shuey from selling in areas assigned to him under the Regional Director and Field Service Agreements in return for Mr. Lovesy giving up his right to market other products. Mr. Lovesy also stated that he adhered to the new terms, making 5Star's oral modification fully executed. "If there exists sufficient consideration for an oral modification agreement, then full performance by the promisee alone would suffice to render the agreement 'executed.'" *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal. 3d 665, 673 (1974); *Beggerly v. Gbur*, 112 Cal. App. 3d 180, 190 (1980); *Xenergy v. Hess Microgen*, LLC, 2007 U.S. Dist. LEXIS 63812, *15-*16, fn. 4 (S.D. Cal. 2007).

### 6. Duty to Process Policies

Defendants sought to strike portions of the Third Amended Complaint regarding their duty to process policies, on the basis that the only agreement which specifically mentioned processing policies was Plaintiffs' Memorandum of Agreement with The Shuey Agency. However, Plaintiffs have alleged that Defendants processed policies under the Field Service and Regional Director Agreements, while the Memorandum of Agreement effectively relegated to third party The Shuey Agency the duty to process policies. If Defendants had a primary duty to process policies, they may have had an obligation to act where a third party failed to perform regardless of whether a contract specifically charged them to do so.

### 7. Business & Professions Code Section 16600 Claims

Defendants seek to strike Paragraphs 90 and 91 based on their contention that Mr. Lovesy was not allowed to operate exclusively in the Assigned Region. However, restraint of trade claims are independent of any arguments regarding Mr. Lovesy's contended exclusivity status. Defendants fail to show any evidence that the restraint on Mr. Lovesy's ability to sell any non-AFBA products did not violate the law.

### 8. Standing to Bring UCL Claims

Defendants argue that Plaintiffs have no standing to pursue a claim that Defendants violated the UCL in the marketing and sale of certain combined insurance policies. Mr. Lovesy

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3392980.1

4

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER

has alleged lost business opportunities and the wrongful imposition of charge-backs as a direct result of the fraudulent activity. This is sufficient to have standing to request injunctive relief. *White v. Trans Union LLC*, 462 F. Supp. 2d 1079 (C.D. Cal. 2006); *G&C Auto Body Inc. v. Geico General Ins. Co.*, 2007 U.S. Dist. LEXIS 91327 (N.D. Cal. 2007).

## IV.    CONCLUSION

After consideration of the briefs and arguments of counsel, and all other matters presented, IT IS HEREBY ORDERED that:

1. The fraud has been stated with particularity, and a misrepresentation was made. Defendants' Motion To Dismiss Plaintiffs' fraud claim is DENIED.

2. The accounting issue has been previously decided by this Court. All of the elements which justify an accounting are present, and Defendant's Motion To Dismiss the accounting claim is DENIED.

3. The UCL claim is DISMISSED, WITH LEAVE TO AMEND.

4. Defendants' Motion to Strike Paragraph 5 of the Third Amended Complaint is DENIED.

5. Defendants' Motion to Strike all references to both the Assigned Region and exclusivity from Third Amended Complaint is DENIED.

6. The question of whether Defendants had a non-contractual duty to process policies relates directly to the subject matter of the litigation, and Defendants' Motion to Strike these allegations is DENIED.

7. Defendants' Motion to Strike Paragraphs 90, 91, and 92 of the Third Amended Complaint, alleging a duty to process policies is DENIED.

8. Plaintiffs have alleged sufficient standing to request relief under the UCL, and Defendants' Motion to Strike Paragraphs 42 and 93 of the Third Amended Complaint is DENIED.

9. Plaintiffs provided no objection to Defendants' Motion to Strike Paragraph 94 of the Third Amended Complaint, in which Plaintiffs seek to recover future Colorado Banker commissions under their UCL cause of action, and the motion is hereby GRANTED.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3392980.1

5

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER

10. As discussed above, Plaintiffs are granted leave to amend their prayer for relief under the UCL claim, therefore Defendants' Motion to Strike the cause of action is GRANTED, WITH LEAVE TO AMEND.

12. Plaintiffs have pleaded facts sufficient to support a theory of exclusivity based upon oral modification of the Agreements. As such, there is no basis to strike the allegations of fraud, and Defendants' Motion to Strike the Sixth Cause of Action is DENIED.

13. Plaintiffs have offered no opposition to Defendants' motion to strike the prayer for attorney's fees in connection with the breach of the covenant of good faith and fair dealing claim, and Defendants' Motion to Strike the prayer is hereby GRANTED.

14. Plaintiffs have offered no opposition to Defendants' motion to strike the prayer for prejudgment interest in connection with the breach of contract and breach of the covenant of good faith and fair dealing claims, and Defendants' Motion to Strike the prayer is hereby GRANTED.

Dated: June ___, 2008         By: _____
                                  Hon. Saundra B. Armstrong

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

BL23-0000001
3392980.1

6

Case No. 4:07-cv-02745-SBA
[PROPOSED] ORDER