SEYFARTH SHAW LLP
Michael T. McKeeman (SBN 173662) mmckeeman@seyfarth.com
Robin M. Cleary (SBN 192489) rcleary@seyfarth.com
Patty H. Lee (SBN 245192) plee@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY),
TGS GROUP, INC., AND THE SHUEY AGENCY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, individually, doing business as 5STAR ASSOCIATION, 5STAR LIFE INSURANCE, COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.<br><br>　　　　　Defendants. | Case No. 4:07 CV 02745 SBA<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO THEODORE G. SHUEY, JR. (erroneously sued as TED SHUEY), TGS GROUP, INC., AND THE SHUEY AGENCY, INC.'S MOTION TO DISMISS PLAINTIFFS' THIRD, FOURTH, FIFTH, AND SEVENTH CAUSES OF ACTION IN THE THIRD AMENDED COMPLAINT AND MOTION TO STRIKE**<br><br>Date: June 3, 2008<br>Time: 1:00 p.m.<br>Judge: Hon. Saundra B. Armstrong<br>Courtroom: 3 |

# TABLE OF CONTENTS

I.   INTRODUCTION..................................................................................................... 1

II.  LEGAL ARGUMENT............................................................................................... 2

    A.   **Plaintiffs' Claim For Intentional Interference With Prospective Economic Advantage Fails And Must Be Dismissed With Prejudice**................................. 2

        1.   Plaintiffs fail to plead conduct by Defendants that is independently wrongful from the purported interference with the AFBA/5Star Agreement ................................................................................................................ 2

        2.   Plaintiffs cannot overcome the deficiencies in the TAC by supplementing their pleading with new allegations ............................................................. 3

    B.   **The TAC Contains Improper And Insufficient Alter Ego Allegations**........... 7

    C.   **Plaintiffs Fail To Allege A Sufficient Basis To Hold TGS And Mr. Shuey Liable For Contract Related Claims** ................................................................ 9

        1.   TGS and Mr. Shuey cannot be held liable for any breach of the Agreement by The Shuey Agency or for any unlawful terms and conditions in the Agreement............................................................................................... 9

    D.   **Dismissal With Prejudice Is Proper And Warranted**.................................... 10

III. CONCLUSION ....................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313 (C.D. Cal. 2004) .......... 8
*Epis, Inc. v. Fid. & Guar. Lif. Ins. Co.*, 156 F. Supp 2d 1116 (N.D. Cal. 2001) ........................... 9
*Neufeld v. Balboa Ins. Co.*, 84 Cal. App. 4th 759 (2000) ................................................... 6, 7
*Schneider v. California Dep't of Corrections*, 151 F.3d 1194 (9th Cir. 1998) ...................... 4, 10
*Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523 (2000) ................................. 9
*Stevenson Real Estate Servs. Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215 (2006) ............................................................................................................ 2, 5

**Statutes**

California Civil Code Section 1638 ............................................................................. 6, 9
California Code of Regulations Title 10, Section 2695.4 ................................................. 6, 7

Defendants Theodore G. Shuey, Jr. ("Mr. Shuey"), TGS Group, Inc. ("TGS"), and The Shuey Agency, Inc. ("The Shuey Agency") (collectively "Defendants") submit the following Reply to Plaintiffs Brad Lovesy ("Mr. Lovesy") and Pacific Consolidated Investments, Inc.'s ("Pacific Consolidated") (collectively "Plaintiffs") Opposition to Defendants' Motion to Dismiss Plaintiffs' third, fourth, fifth, and seventh causes of action alleged in the Third Amended Complaint ("TAC") and Motion to Strike paragraph nine in the TAC.

## I. INTRODUCTION

Plaintiffs have amended their complaint four times over the past eleven months. Through the meet and confer process, Defendants have repeatedly pointed out the failings of Plaintiffs' claims. Plaintiffs have essentially ignored those failings and continued to assert claims against Defendants which are unsupported in law and/or by the facts alleged by Plaintiffs. The TAC, not surprisingly given Plaintiffs' history, suffers from many of the same failings of Plaintiffs' prior complaints. In a blatant attempt to save many of the claims asserted in the TAC, Plaintiffs assert *in their Opposition papers* new theories and allegations against Defendants.

Plaintiffs' inartful attempt to circumvent the pleading and amendment process by asserting new theories and allegations in their Opposition papers simply demonstrates the transparency of Plaintiffs' claims against Defendants – that is – Plaintiffs' claims are not supported by California law and/or the allegations set forth in the TAC. Further amendments by Plaintiffs would prove to be futile because Plaintiffs cannot change applicable law or facts. Defendants (and this Court) have borne the brunt of Plaintiffs' failings through the great expense of time and money to defend against Plaintiffs' frivolous claims. In fairness and given the futility of perfecting Plaintiffs' claims, this expense must be stop. Accordingly, Defendants request the Court to dismiss Plaintiffs' claims with prejudice on the following basis:

- Plaintiffs' claim for intentional interference with prospective economic advantage fails to allege an independently wrongful act by Defendants;
- Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices are improper because neither Ted Shuey

nor TGS were parties to the Agreement between The Shuey Agency and The Brad Lovesy Group; and

Defendants also move to strike paragraph nine of the TAC because the allegations contained therein are essentially identical to the alter ego liability allegations of the Second Amended Complaint previously stricken by the court.

## II.    LEGAL ARGUMENT

### A.    Plaintiffs' Claim For Intentional Interference With Prospective Economic Advantage Fails And Must Be Dismissed With Prejudice

#### 1.    <u>Plaintiffs fail to plead conduct by Defendants that is independently wrongful from the purported interference with the AFBA/5Star Agreement</u>

Plaintiffs have attempted four times to state a claim for intentional interference with prospective economic advantage. Each time, Plaintiffs have failed to sufficiently allege the critical element of wrongful conduct that is independent from the interference itself. Plaintiffs' deficient allegations state, in pertinent part, that:

> Ted Shuey, TGS Group, and The Shuey Agency engaged in intentional acts designed to disrupt the relationship [with AFBA and 5Star], including, but not limited to, failing and refusing to collect the initial premiums on contracts that were sold, failing and refusing to follow up when service members were not making timely payments, and engaging in direct sales within the Assigned Region in contravention of the known custom and practice under the Agreements.
>
> Additionally, Ted Shuey, TGS Group, and The Shuey Agency sought to market combinations of insurance policies which resulted in added costs to service members in exchange for minimal additional insurance coverage….Such actions were wrongful in that they constituted a fraud upon the service members who purchased policies…

(TAC at ¶¶ 65-66.)

These allegations fail to sufficiently plead Defendants engaged in any conduct that was "wrongful by some measure beyond the fact of the interference itself" for two reasons. *Stevenson Real Estate Servs. Inc. v. CB Richard Ellis Real Estate Servs., Inc.*, 138 Cal. App. 4th 1215, 1220 (2006). First, Plaintiffs continue to allege the same conduct by Defendants as alleged in the SAC, which the Court found "cannot form the basis of an intentional interference with prospective economic advantage claim." (Request for Judicial Notice, Ex. A at 18). The

conduct of failing and refusing to collect the initial premiums, failing and refusing to follow up with service members, and engaging in direct sales does not constitute conduct that is wrongful independent of the interference itself. (*See* TAC at ¶ 65; Request for Judicial Notice, Ex. A at 18).

Second, Plaintiffs' allegation that Defendants committed "fraud upon the service members" by seeking "to market combinations of insurance policies which resulted in added costs to service members in exchange for minimal additional insurance coverage" is unrelated to the conduct which constitutes the purported interference with the AFBA/5Star Agreements. Rather, assuming Defendants even engaged in the marketing of combinations of insurance policies, such conduct by Defendants is wholly consistent with lawful competitive behavior. Plaintiffs have not pled any facts to show otherwise. Moreover, any obligation to disclose the terms and conditions of the policies marketed and sold to service members rests with the insurer, AFBA, and arguably its agent, Plaintiffs, not the administrator, The Shuey Agency. *See* Cal. Code of Regs., Tit. 10, § 2695.4. In addition, Plaintiffs' allegation of "fraud upon the service members" is improper, entirely conclusory, and lacks the particularity demanded under Federal Rule of Civil Procedure 9(b).

Absent sufficient allegations that Defendants engaged in independently wrongful conduct that interfered with the AFBA/5Star Agreements, Plaintiffs' claim for intentional interference with prospective economic advantage fails. In light of Plaintiffs' failure again to correct the same deficiency that infected Plaintiffs' prior three complaints, any further amendments would be futile and severely prejudicial to Defendants. Accordingly, this cause of action must be dismissed with prejudice.

    2. <u>Plaintiffs cannot overcome the deficiencies in the TAC by supplementing their pleading with new allegations</u>

Plaintiffs' Opposition contains new allegations not previously asserted in the TAC. Namely, Plaintiffs contend that Defendants *knew* that "the policies to be sold under the

restrictive MOA would constitute a fraud upon the public by piggy-backing loans[1]" (Opp'n at 1). Plaintiffs' Opposition states: "Defendants *knowingly* made the subject matter of the [Agreement] fraudulent or unfair, and in offering it, sought to disrupt Mr. Lovesy's existing business relationships" (emphasis added) (Opp'n at 2); and "Mr. Lovesy's prior agreements with AFBA and 5Star did not include the marketing of fraudulent or unfair instruments to the public…." (*Id.*). These allegations do not exist in the TAC. Plaintiffs cannot supplement their deficient pleading by adding new allegations in their Opposition. In ruling on Defendants' Motion to Dismiss, the Court may not take into account additional facts asserted in the Opposition. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal citations omitted) (stating that a court may not take into account additional facts asserted in a memorandum opposing the motion because such a memorandum does not constitute pleadings).

Notwithstanding that Plaintiffs cannot add new allegations in their Opposition, if such allegations where set forth in the TAC, Plaintiffs claim for intentional interference with prospective economic advantage remains improper. The following addresses each of Plaintiffs' flawed arguments based on allegations that do not exist in the TAC.

First, Plaintiffs contend that Defendants "engaged them in the [Agreement] with *knowledge*" that "the policies to be sold under the restrictive [Agreement] would constitute a fraud upon the public by piggy-backing loans…." (emphasis added) (Opp'n at 1). Again, any allegation of "knowledge" is absent from the TAC. Furthermore, these allegations are inconsistent with the actual allegations in the TAC and contradicted by the plain language of the Agreement. In the TAC, Plaintiffs allege that 5Star required Mr. Lovesy to use The Shuey Agency to administer the policies issued by AFBA. (TAC at ¶¶ 23-24). Absent from the TAC is any allegation that The Shuey Agency, as the administrator of the AFBA policies, had any authority or control over the marketing or pricing of such policies. As such, Plaintiffs cannot

---

[1] The TAC does not contain any allegations that Defendants required the marketing and sale of "piggy-backed loans." Defendants assume that Plaintiffs' use of the term "piggy-backed loans" refers to Plaintiffs' allegation that Defendants purportedly required the sale of combinations of policies.

4
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

1  allege that Defendants purposefully engaged Plaintiffs to market and sell policies under a
2  fraudulent piggy-back scenario.  Also, there is no allegation that Defendants knew that the
3  marketing and pricing of policies named in the Agreement would constitute "fraud upon the
4  service members" or that Defendants were acting in any manner inconsistent with lawful
5  competitive behavior.  Lastly, there is nothing in the Agreement that requires Plaintiffs to market
6  and sell policies under a piggy-back scenario.  (Shuey Decl., at Ex. 1).  Based on the allegations
7  in the TAC, Defendants did not knowingly engaged Plaintiffs under the Agreement to market
8  and sell policies under a fraudulent piggy-back scenario.
9         Second, Plaintiffs contend that "Defendants' marketing and sale of piggy-backed loans
10 under the [Agreement]" satisfies the independently wrongful act requirement because
11 "Defendants *knowingly* made the subject matter of the [Agreement] fraudulent or unfair, and in
12 offering it, sought to disrupt Mr. Lovesy's existing business relationships." (emphasis added)
13 (Opp'n at 2.)  Again, these allegations are absent from the TAC.  These allegations also fail for
14 the reasons set forth immediately above (*i.e.*, The Shuey Agency, as the administrator of the
15 AFBA policies, had no authority or control over the marketing or pricing of AFBA's policies).
16 Moreover, these allegations are completely non-sensical and miss the point of the independently
17 wrongful act element of a cause of action for intentional interference with prospective economic
18 advantage.  The independently wrongful act element requires that the conduct alleged to
19 constitute the interference was wrongful by some measure beyond the fact of the interference
20 itself.  *Stevenson Real Estate Servs. Inc.*, 138 Cal. App. 4th at 1220.  As stated above, the TAC
21 does not contain any allegations that Defendants had any control over the marketing and pricing
22 of the policies or that Defendants knew that the marketing of combinations of policies was
23 fraudulent.  Without such authority or control, Defendants cannot be responsible for the alleged
24 independent wrongful act of the marketing and sale of these "fraudulent or unfair" policies.
25 Accordingly, Plaintiffs have not sufficiently pled any conduct by Defendants that is
26 independently wrongful.
27
28

1    Third, Plaintiffs contend that the AFBA/5Star Agreements did not require the marketing
2 of fraudulent or unfair policies to the public, while Mr. Lovesy was required to do so under the
3 Agreement. (Opp'n at 2). Again, this allegation is absent from the TAC. Regardless, there is
4 nothing in the Agreement which requires Plaintiffs to "market combinations of insurance policies
5 which resulted in added costs to service members in exchange for minimal additional insurance
6 coverage." (TAC at ¶ 66; Shuey Decl., at Ex. 1). Moreover, Plaintiffs' fail to allege how this
7 conduct by Defendants caused the actual harm Plaintiffs contend resulted from the interference,
8 *i.e.*, how allegedly being forced to market combinations of insurance policies resulted in
9 chargebacks and not receiving commissions, bonuses, and overrides. (TAC at ¶¶ 33, 40.)
10    Plaintiffs argue that the fact that Defendants' duty under the Agreement was to
11 administer claims has no bearing on the alleged fact the Agreement as drafted imposed on Mr.
12 Lovesy a duty to market and sell policies which were fraudulent. (Opp'n at 2.) Plaintiffs also
13 argue that the Court should essentially ignore the express terms of the Agreement because
14 Defendants were responsible for the drafting of the Agreement. (*Id.*) These arguments are
15 curious at best. Absent ambiguity in the Agreement, the express terms of the Agreement control.
16 *See* Cal. Civ. Code § 1638. The Agreement is clear, Defendants were to act as the administrators
17 of the AFBA policies. (Shuey Decl., at Ex. 1). The Agreement did not require Plaintiffs to
18 market and sell fraudulent policies.
19    Also, as stated above, as the administrator, Defendants had no duty to disclose
20 information regarding the provisions of an insurance policy because such a duty is imposed on
21 the insurer, and arguably its agents, such as Plaintiffs. *See* Cal. Code of Regs. Tit. 10, § 2695.4.
22 Plaintiffs' challenge to Defendants authorities regarding an insurer's duty to disclose information
23 regarding insurance policies is without merit. *Neufeld v. Balboa Ins. Co.*, 84 Cal. App. 4th 759
24 n.2 (2000), stands for the general proposition that the insurer has a duty to disclose information
25 regarding its policies, including a duty to "disclose to a first party claimant all time limits that
26 might apply to the claim presented by the claimant." *Neufeld*, 84 Cal. App. 4th at 761.
27 Regardless of what Plaintiffs may argue, this case is not limited to the duty to disclose time
28

1  limits. In fact, *Neufeld* cites California Code of Regulations, title 10, section 2695.4, which
2  provides that "[e]very insurer shall disclose to a first party claimant or beneficiary, *all benefits,*
3  *coverage, time limits or other provisions of any insurance policy....*" (emphasis added). The
4  plain language of the regulation is expansive, as it relates to disclosure of *all* provisions of an
5  insurance policy. Accordingly, Defendants' authorities are proper and support the fact that
6  Defendants, as an administrator, did not have a duty to disclose information regarding the
7  policies named in the Agreement. Therefore, Plaintiffs cannot claim Defendants engaged in any
8  conduct that was wrongful or fraudulent.
9        For each of the reasons set forth above, Plaintiffs' claim for intentional interference with
10 prospective economic advantage must be dismissed with prejudice.

    **B.    The TAC Contains Improper And Insufficient Alter Ego Allegations**

12       Plaintiffs disingenuously contend that they "have not included alter ego allegations in the
13 TAC." (Opp'n at 3.) A simple comparison of the relevant paragraphs of the Second Amended
14 Complaint ("SAC") and the TAC evidences that Plaintiffs have simply dropped a few words in a
15 blatant attempt to camouflage their alter ego allegations.
16       Plaintiffs' alter ego allegations set forth in the SAC are, in pertinent part, as follows:

> Plaintiffs are informed and believe and upon that basis allege that the corporate forms of Defendants TSA and TGS are merely a sham and should be disregarded, in that, among other things: TSA and TGS have shared ownership in that Ted Shuey is the sole or controlling shareholder of each; TSA and TGS are managed in a haphazard manner, such that each participates in the others' business, as may be directed by Ted Shuey; TSA and TGS are undercapitalized; the assets of TSA and TGS are intermingled and treated by Ted Shuey as his own.

21 (Request for Judicial Notice, Ex. B at ¶ 11.)
22       The TAC contains the following camouflaged alter ego allegations:

> Plaintiffs are informed and believe and upon that basis allege that Defendants Ted Shuey, The Shuey Agency, and TGS Group have shared ownership in that Ted Shuey is the sole or controlling shareholder of each; The Shuey Agency, and TGS Group each participates in the others' business, as may be directed by Ted Shuey, such that each purported to engage in business with Brad Lovesy as to the subject matter of the contracts referenced herein; and the assets of The Shuey Agency, and TGS Group are intermingled and treated by Ted Shuey as his own. Plaintiffs are informed and believe, and upon that basis allege that Defendants Ted

---
7
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

Shuey, The Shuey Agency, and TGS Group are, each and every, responsible for Plaintiffs' claims under the contract referenced herein.

(TAC at ¶ 9).

The allegations contained in paragraph nine of the TAC are virtually identical to the alter ego allegations the Court previously struck from the SAC. In its March 13, 2008 Order, the Court stated:

> In paragraph 11, Plaintiffs allege, without any explanation, that honoring the corporate form of the Shuey Agency and TGS "would perpetrate a fraud upon the creditors of TSA [The Shuey Agency] and TGS, including Mr. Lovesy. SAC ¶ 11. However, aside from this boilerplate recitation of this element of alter ego liability, there is nothing alleged to support any claim that The Shuey Agency or TGS abused their corporate privilege in bad faith or with the intent of prejudicing creditors, such as Mr. Lovesy. *See Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 330 (C.D. Cal. 2004). Accordingly, Plaintiffs' conclusory allegations are insufficient to support a finding of alter ego liability among Defendants. As such, the Court grants the Shuey Defendants' Motion to Strike paragraph 11.

(Request for Judicial Notice, Ex. A at 8.)

In an attempt to do an end-run around the Court's March 13, 2008 Order, Plaintiffs now argue that the allegations contained in paragraph nine of the TAC are not alter ego allegations, but an attempt to describe the history, interaction, and interrelatedness of Defendants. (Opp'n at 3.) The plain language of the allegations in paragraph nine of the TAC defeats Plaintiffs' argument. In substance, the allegations of paragraph 11 of the SAC and paragraph 9 of the TAC are essentially identical conclusory allegations and therefore insufficient to support a finding of alter ego among the Defendants or, for that mater, a finding of a history, interaction, and interrelatedness of Defendants.

The allegations of paragraph 9 are improper and are nothing more than a veiled attempt at asserting alter ego liability. As such, Defendants request the Court to strike paragraph nine of the TAC with prejudice.

///

///

///

///

### C. Plaintiffs Fail To Allege A Sufficient Basis To Hold TGS And Mr. Shuey Liable For Contract Related Claims

#### 1. TGS and Mr. Shuey cannot be held liable for any breach of the Agreement by The Shuey Agency or for any unlawful terms and conditions in the Agreement

Plaintiffs cannot state a claim against TGS or Mr. Shuey based on any alleged breach of the Agreement by The Shuey Agency or for any unlawful terms and conditions in the Agreement because they were not parties to the Agreement and have no obligations under the Agreement. The Shuey Agency is the only party to the Agreement and as such is the only party liable for an alleged breach of the Agreement. *See Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000) (officers acting in an official capacity cannot be held liable for breach of a corporate contract); Cal. Civ. Code § 1638 (language of contract governs its interpretation if the language is clear and explicit). For these reasons, Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing (which is implied in every contract and cannot exist "independent of its contractual underpinnings." *See Epis, Inc. v. Fid. & Guar. Lif. Ins. Co.*, 156 F. Supp 2d 1116, 1127 (N.D. Cal. 2001)) and unfair business practices (which is based on the terms of the Agreement, *see* TAC at ¶¶ 92-92) must be dismissed with prejudice.

#### 2. Plaintiffs cannot assert new theories and allegations to overcome their deficient pleading

Plaintiffs assert three new theories of liability in their Opposition in a blatant attempt to overcome the deficiencies of Plaintiffs' breach of contract, breach of the covenant of good faith and fair dealing and unfair business practice claims against Mr. Shuey and TGS. First, Plaintiffs contend that "TGS and Mr. Shuey acted extensively under the MOA, with the apparent full *consent* of [The Shuey Agency], the contracting party" and are thus "liable as *agents*." (emphasis added) (Opp'n at 3-4.) Plaintiffs next contend that TGS and Mr. Shuey were acting as "*assignees*[2]" and they each "made numerous communications regarding performance of the [Agreement]." (emphasis added) (Opp'n at 4.) Lastly, Plaintiffs contend that the Agreement

---

[2] Plaintiffs erroneously contend that "the [Agreement] states that it is assignable. The Agreement specifically provides that it is not assignable. (Shuey Decl., Ex. 1.)

1  "was *modified* based upon repeated communications to Mr. Lovesy regarding the subject matter
2  and performance of the [Agreement]." (*Id.*). In essence, Plaintiffs argue thet Mr. Shuey and
3  TGS are liable for the alleged breach of the Agreement under an agency, assignment, and
4  modification theory of liability. However, none of these theories of liability are alleged in the
5  TAC.
6        No where in the TAC do Plaintiffs ever allege that TGS and Mr. Shuey had an agency
7  relationship with The Shuey Agency, that the Agreement was assigned to them, or that the
8  parties modified the Agreement to impose obligations on TGS and Mr. Shuey. Rather, Plaintiffs
9  have raised these allegations for the first time in their Opposition. As such, these allegations
10  cannot be considered in determining whether Plaintiffs have sufficiently pled any basis for
11  liability of TGS and Mr. Shuey. *Schneider v. California Dep't of Corrections*, 151 F.3d 1194,
12  1197 n.1 (9th Cir. 1998) (internal citations omitted) (stating that a court may not take into
13  account additional facts asserted in a memorandum opposing the motion because such a
14  memorandum does not constitute pleadings).
15        Plaintiffs also argue that its claims for breach of contract, breach of the covenant of good
16  faith and fair dealing and unfair business practices against Mr. Shuey and TGS are supported by
17  the fact that the Court previously found that a "pattern of interaction and performance under the
18  [Agreement] by TGS was sufficient for personal jurisdiction" (Opp'n at 3.) First, this finding
19  was related to the issue of personal jurisdiction, not potential liability under these causes of
20  action. Second, no allegation of a "pattern of interaction and performance under the
21  [Agreement]…" is alleged in the TAC.
22        For the foregoing reasons, Mr. Shuey and TGS must be dismissed with prejudice with
23  respect to the breach of contract, breach of the covenant of good faith and fair dealing, and unfair
24  business practices causes of action.
25        **D.   Dismissal With Prejudice Is Proper And Warranted**
26        Plaintiffs contend that the Court should not dismiss any cause of action with prejudice
27  because they have twice voluntarily amended their complaint and this is only the second time a
28

10
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA

complaint has been before the Court on a motion. (Opp'n at 1.) Plaintiffs fail to mention that they voluntarily amended their complaint twice before only after a series of meet and confer efforts initiated by Defendants during which Defendants pointed out the fatal and multiple deficiencies of Plaintiffs' prior complaints. This is Plaintiffs' <u>fourth</u> attempt at trying to state various claims against Defendants. Plaintiffs have had ample opportunity to correct the deficiencies in their pleading. Plaintiffs have been educated, repeatedly, by Defendants and the Court concerning the issues and elements which must be addressed to properly state their claims. Despite these efforts, Plaintiffs' TAC remains defective. Plaintiffs' failure four times to state a claim against Defendants establishes that any further amendments would be futile. There is no indication that Plaintiffs will be able to substantively amend their complaint to save the claims challenged by this motion to dismiss.[3] Defendants must be relieved of the burden of defending against Plaintiffs' meritless claims. Accordingly, dismissal of Plaintiffs' claims with prejudice is proper and warranted.

### III. CONCLUSION

Based on the foregoing, Plaintiffs' claim for intentional interference with prospective economic advantage must be dismissed with prejudice, and Mr. Shuey and TGS must be dismissed with prejudice with respect to Plaintiffs' claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair business practices. Defendants also request the Court to strike paragraph nine of the TAC.

DATED: May 20, 2008

SEYFARTH SHAW LLP

By _____
Michael T. McKeeman
Robin M. Cleary
Patty H. Lee
Attorneys for Defendants
THEODORE G. SHUEY, JR. (erroneously sued and served as TED SHUEY), TGS GROUP, INC., AND THE SHUEY AGENCY, INC.

---

[3] Plaintiffs have falsely represented that "no Defendant has served an answer or documents in response to discovery...." (Opp'n at 4.) No discovery has been served on Defendants. Claiming that Defendants have not responded to discovery when none has been served is misleading and inappropriate.

11
REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE/CASE NO. 4:07 CV 02745 SBA