1  CHARLES L. DEEM, Bar No. CA-110557
   BROOKE L. KILLIAN, Bar No. CA-239298
2  charles.deem@dlapiper.com
   DLA PIPER US LLP
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel:  619.699.2700
   Fax:  619.699.2701
5
   Attorney for Defendants
6  ARMED FORCES BENEFIT ASSOCIATION and
   5STAR LIFE INSURANCE COMPANY
7

8              UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

11 BRAD LOVESY and PACIFIC                 CASE NO.  C 07-2745 SBA
   CONSOLIDATED INVESTMENTS,
12 INC., a Nevada corporation,             **REPLY MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN SUPPORT OF
13           Plaintiff,                    DEFENDANTS 5STAR LIFE INSURANCE
                                           COMPANY AND ARMED FORCES
14      v.                                 BENEFIT ASSOCIATION'S MOTIONS TO
                                           DISMISS AND STRIKE PORTIONS OF
15 ARMED FORCES BENEFIT                    PLAINTIFFS BRAD LOVESY AND
   ASSOCIATION, individually, doing        PACIFIC CONSOLIDATED
16 business as 5STAR ASSOCIATION,          INVESTMENTS, INC.'S THIRD
   5STAR LIFE INSURANCE COMPANY;           AMENDED COMPLAINT**
17 TED SHUEY, individually, doing business
   as THE SHUEY AGENCY, INC., and          Date:       June 3, 2008
18 TGS GROUP, INC.,                        Time:       1:00 p.m.
                                           Courtroom:  3
19                                         Judge:      Hon. Saundra B. Armstrong

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2     REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
                    MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. LEAVE TO AMEND IS INAPPROPRIATE IN THIS CASE ............................................. 1

III. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS IN ITS ENTIRETY ..................................................................................................................... 3

    A. Lovesy Is Not Entitled to a Sixth Opportunity to Amend His UCL Cause of Action .................................................................................................................... 3

        1. Leave to Amend Is Unwarranted When a Plaintiff Stubbornly Refuses to Cure Deficiencies Previously Outlined by the Court and Parties ............................................................................................................ 3

        2. Plaintiff Is Not Entitled to the Relief He Seeks in the Proposed Amendment ................................................................................................ 4

    B. Fraud Is Insufficiently Plead in the Third Amended Complaint; Lovesy's Mid-Motion Change in Story Cannot Save His Cause of Action. ......................... 7

        1. Lovesy's Fraud Cause of Action Fails to Provide 5Star Life Adequate Notice of the Circumstances Constituting the Alleged Fraud ....................... 7

        2. Lovesy Fails to Allege a Misrepresentation in the Third Amended Complaint, and Cannot Now Allege an Oral Modification ......................... 8

        3. Lovesy's New Theory of Exclusivity Is Untimely and Directly Contradicted by the Allegations in the Third Amended Complaint ........... 9

    C. A Claim for Accounting Cannot Stand against Armed Forces Benefit Association, as that Entity Owes No Money to Lovesy to Be Accounted For ........................................................................................................................ 10

IV. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE ................... 11

    A. Lovesy's Pseudo-Alter Ego Allegations Are Immaterial and Impertinent ........... 11

    B. Lovesy Has Not Properly Alleged a Right to Operate Exclusively ...................... 12

    C. Defendants Owed No Duty to Lovesy to Process Policies ................................... 13

    D. The Court Should Strike Lovesy's Improper UCL Allegations ........................... 13

        1. Section 16600 Allegations ........................................................................ 14

        2. Knowledge of the Offensive Provision .................................................... 14

    E. The Court Should Strike Lovesy's Impermissible Prayer for Relief .................... 15

V. CONCLUSION .................................................................................................................. 15

-i-

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2     REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

# TABLE OF AUTHORITIES

**Page**

## CASES

*Allen v. City of Beverly Hills*,
    911 F.2d 367 (9th Cir. 1990) ............................................................................... 1, 2, 3, 4

*Bank of the West v. Superior Court*,
    2 Cal. 4th 1254 (1992) ............................................................................................... 10

*Broam v. Bogan*,
    320 F.3d 1023 (9th Cir. 2003) ...................................................................................... 9

*Bureerong v. Uvawas*,
    922 F. Supp. 1450 (C.D. Cal. 1996) ........................................................................... 15

*Californians for Disability Rights v. Mervyn's, LLC*,
    39 Cal. 4th 223 (2006) ................................................................................................. 5

*Day v. Moscow*,
    955 F.2d 807 (2d Cir. 1992) ......................................................................................... 8

*Foman v. Davis*,
    371 US 178 (1962) ........................................................................................... 1, 2, 3, 4

*G&C Auto Body Inc. v. Geico General Insurance Co.*,
    No. C06-04898 MJJ, 2007 U.S. Dist. LEXIS 91327 (N.D. Cal. Dec. 12, 2007) ........ 6

*Hangarter v. Provident Life & Accident Ins. Co.*,
    373 F.3d 998 (9th Cir. 2004) ........................................................................................ 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
    29 Cal. 4th 1134 (2003) ............................................................................................... 4

*Kritzer v. Lancaster*,
    96 Cal. App. 2d 1 (1950) ........................................................................................... 10

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ........................................................................ 5

*Lovesy v. Armed Forces Benefit Association*,
    No. 4:07-CV-02745-SBA ......................................................................................... 2, 8

*MGIC Indemn. Corp. v. Weisman*,
    803 F.2d 500 (9th Cir. 1986) ........................................................................................ 8

*Malloy v. Fong*,
    37 Cal. 2d 356 (1951) ................................................................................................ 11

*Nat'l Rural Tel. Co-op v. DIRECTV, Inc.*,
    319 F. Supp. 2d 1059 (C.D. Cal. 2003) ....................................................................... 4

-ii-

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2    REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC    CASE NO. C 07-2745 SBA

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Prudential Home Mortgage Co. v. Superior Court*,
   66 Cal. App. 4th 1236 (1998) .................................................................................................. 6

*Segal Co. v. Amazon*,
   280 F. Supp. 2d 1229 (W.D. Wash. 2003) ............................................................................ 7, 8

*Silicon Knights v. Crystal Dynamics*,
   983 F. Supp. 1303 (N.D. Cal. 1997) ........................................................................................ 7

*Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n.*,
   840 F.2d 653 (9th Cir. Cal. 1988) ........................................................................................... 6

*Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*,
   70 Cal. App. 4th 55 (1999) ...................................................................................................... 4

*Weinberger v. Romero-Barcelo*,
   456 U.S. 305 (1982) ................................................................................................................. 6

*White v. TransUnion LLC*,
   462 F. Supp. 2d 1079 (C.D. Cal. 2006) ................................................................................... 6

### STATUTES

California Business & Profession Code Section 16600 ............................................................... 14

California Business & Profession Code Section § 17204 ............................................................. 5

California Civil Code §§ 1550, 1565 ........................................................................................... 11

Federal Rule of Civil Procedure 9(b) ........................................................................................ 7, 8

Federal Rules of Civil Procedure 12(b), 12(f) ............................................................................ 15

Restatement (Third) of Agency, § 1.01 ....................................................................................... 11

-iii-

WEST\21393801.2     DEFENDANTS AFBA AND 5STAR'S NOTICE OF MOTION AND MOTION TO
DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

DLA P<span>IPER</span> US LLP
S<span>AN</span> D<span>IEGO</span>

Defendants 5Star Life Insurance Company ("5Star Life") and Armed Forces Benefit Association,[1] submit the following reply memorandum of points and authorities in support of their motions to dismiss and strike portions of Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s (collectively, "Lovesy") Third Amended Complaint for Damages.

**I.     INTRODUCTION**

Lovesy's Third Amended Complaint is severely deficient in numerous respects. Lovesy fails to state causes of action for fraud or for violation of California's Unfair Competition Law, fails to properly allege a cause of action for an accounting against Armed Forces Benefit Association, and includes numerous impertinent and immaterial allegations. Remarkably, Lovesy seeks leave to amend his complaint yet again, this time to request relief not available to him under the law. Defendants 5Star Life and Armed Forces Benefit Association (sometimes collectively "Defendants") respectfully request the Court grant their motions to dismiss and strike without leave to amend, as Lovesy has failed to take advantage of multiple, prior amendments permitted by the Court and the parties, at great expense of resources by Defendants and the Court.

**II.    LEAVE TO AMEND IS INAPPROPRIATE IN THIS CASE.**

Lovesy, having previously filed four complaints, now requests the Court's leave to file a fifth complaint. Leave to amend is inappropriate, given Lovesy's repeated failures to cure deficiencies in the complaint despite prior amendments permitted by the parties and the Court. The interests of justice are not served by permitting a party a fifth attempt at stating a cause of action, when the parties have previously permitted multiple amendments. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Contrary to Lovesy's assertions, a court may grant dismissal with prejudice if any of five factors is present: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *See Allen*, 911 F.2d at 373; *Foman v. Davis*, 371 US 178, 182 (1962). Dismissal without leave to amend is

/////

---

[1] Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, individually, doing business as 5Star Association."

DLA Piper US LLP
San Diego

-1-
WEST\21393801.2    REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

proper if a plaintiff failed to cure deficiencies in previous amendments permitted by the Court or the parties. *Allen*, 911 F.2d at 373; *Foman*, 371 U.S. at 182.

In *Allen*, the plaintiff, an attorney representing himself *pro se*, twice voluntarily agreed to amend his complaint before filing a second amended complaint. *Id.* at 370. The Ninth Circuit affirmed the district court's dismissal of the second amended complaint with prejudice due to the plaintiff's failure to cure prior defects. *Id.* at 373. Regardless of whether prior dismissals were voluntary or court ordered, a district court is not required to permit a party a fourth (or in this case, fifth) attempt at stating a cause of action when the party has previously failed to properly amend the complaint. *Id.*

Lovesy stubbornly refuses to appropriately amend his complaint. In meet and confer efforts, Defendants have pointed out numerous deficiencies in each iteration of Lovesy's complaint. (Declaration of Brooke L. Killian In Support of Defendants' Motions to Dismiss and Strike Plaintiff's Third Amended Complaint, ¶ 4, and Exhibits 1-7 ("Killian Decl.").) In response to the latest two rounds of meet and confer attempts, Lovesy has defiantly refused to cure the deficiencies prior to motion practice. In many instances, Lovesy conceded the complaint's deficiencies in opposing Defendants' motion to dismiss, but only after Defendants' incurred the expense of preparing a motion to dismiss. For example, in opposing the instant motion, Lovesy concedes he is not entitled to attorneys' fees or prejudgment interest in connection with his contract claims. Defendants pointed this fact out to Lovesy in meeting and conferring prior to filing the motion, and received no response from Lovesy. (*See* Killian Decl, Ex. 7.) Lovesy failed even to communicate he would not oppose that portion of Defendants' motion.

Further, Lovesy is unwilling to cure deficiencies pointed out by the Court. In the Third Amended Complaint, Lovesy sought restitution of future, unearned commissions under the UCL, which the Court previously struck as improper. (Third Amended Complaint, at ¶ 94 ("TAC"); Court Order of March 13, 2008, *Lovesy v. Armed Forces Benefit Association*, No. 4:07-CV-02745-SBA, Docket No. 79, at 7-8 (hereafter "Court Order").) Lovesy also argues in the instant motion Defendants' owed him a duty to process policies, despite the Court's prior ruling that Defendants "had no independent, non-contractual duty to process the policies."

DLA Piper US LLP
San Diego

WEST\21393801.2
-2-
REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

(Plaintiffs' Opposition to Defendants' Motions to Dismiss and Strike Plaintiffs' Third Amended Complaint, at 8-9 ("Opp'n to Motions"); Court Order, at 11.)

Lovesy baldly suggests he voluntarily amended his complaint on two prior occasions "in an effort to avoid motion practice." (Opp'n to Motions, at 2.) While it is true Lovesy amended his prior complaints to avoid having to *respond* to Defendants' motions, Lovesy have made no attempt to avoid motion practice by Defendants. Indeed, Defendants have engaged in extensive meet and confer efforts, but Lovesy has refused to amend his complaints – voluntarily or otherwise – until *after* Defendants incurred expense in preparing a motion to dismiss. (*See* Killian Decl., ¶¶ 4, 5, 8, and Exhibits 1-7.)

Lovesy's absolute refusal to cure deficiencies has prejudiced Defendants. Defendants have been forced to incur significant and unnecessary expense in drafting four motions to dismiss and two motions to strike. Once the pleadings are finalized, depositions will likely reveal witness memories have faded over the year that has lapsed since Lovesy filed this suit. It is in the interests of justice that Defendants' motions to strike and dismiss be granted with prejudice and without leave to amend. *See Allen*, 911 F.2d at 373; *Foman*, 371 U.S. at 182. In doing so, Lovesy will still be able to proceed with his contract claims against 5Star Life.

### III. THE COURT SHOULD GRANT DEFENDANTS' MOTION TO DISMISS IN ITS ENTIRETY

#### A. Lovesy Is Not Entitled to a Sixth Opportunity to Amend His UCL Cause of Action.

In the Third Amended Complaint, Lovesy seeks only costs in connection with his cause of action under California's Unfair Competition Law ("UCL"). Now, Lovesy concedes that a UCL cause of action cannot stand on a request for costs alone and requests leave to amend. Lovesy is not entitled to amend the complaint.

##### 1. Leave to Amend Is Unwarranted When a Plaintiff Stubbornly Refuses to Cure Deficiencies Previously Outlined by the Court and Parties.

The Court should not afford Lovesy a sixth opportunity to request appropriate relief under the UCL. In addition to filing four complaints, none of which have sought appropriate relief under the UCL, Lovesy moved to amend his prayer for relief under the UCL claim in response to

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2

-3-

REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

1  Defendants' motion to dismiss the Second Complaint. Thus, Lovesy has made five unsuccessful

2  attempts to properly plead relief under the UCL.

3  Lovesy's failure to request relief other than costs is not merely an oversight. Before filing

4  the instant motion, Defendants met and conferred with Lovesy, indicating that he had

5  inappropriately sought only costs under the UCL. Defendants' meet and confer letter stated,

6  "Lovesy is entitled to no relief under the UCL, as a cause of action for costs alone cannot

7  withstand a motion to dismiss." (Killian Decl., Exhibit 7, at 1.) Lovesy either ignored

8  Defendants' meet and confer letter altogether or persisted despite knowing of the purported

9  oversight.

10  Only now, after Defendants have incurred significant expense in responding to yet another

11  version of the complaint full of "oversights," does Lovesy concede that he cannot state a cause of

12  action under the UCL for costs alone. (Opp'n to Motions, at 6.) At best, Lovesy has ignored

13  Defendants' meet and confer efforts. At worst, Lovesy has, in bad faith, refused to amend his

14  complaint despite knowing of its defects. A plaintiff who refuses to cure deficiencies in

15  amendments previously allowed by the court *or opposing party* is not entitled to leave to amend.

16  *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice is appropriate in such

17  instances. *Id.*; *Allen*, 911 F.2d at 373. Defendants respectfully request the Court dismiss

18  Lovesy's UCL cause of action with prejudice and without leave to amend.

19  **2. Plaintiff Is Not Entitled to the Relief He Seeks in the Proposed Amendment.**

20

21  Should Lovesy be permitted to amend his UCL claim prayer for relief, Defendants will be

22  forced to file yet another motion to dismiss, as Lovesy is not entitled to the relief he seeks in the

23  proposed amendment. Specifically, in requesting leave to amend the Third Amended Complaint,

24  Lovesy seeks an injunction on behalf of the public.[2] He is not entitled to such relief: Lovesy

---

[2] Lovesy also suggests he might seek restitution of commissions and bonuses paid to the Shuey Defendants for work performed in the regions purportedly assigned to Lovesy. (Opp'n to Motions, at 6.) Defendants presume this is another "oversight" by Lovesy, as Lovesy expressly declines to oppose Defendants' motion to strike the portion of the Third Amended Complaint seeking, pursuant to the UCL, commissions and bonuses paid by Defendants to the Shuey Defendants for sales made in several Western states. (Opp'n to Motions, at 11 (agreeing to strike Paragraph 94 of the Third Amended

DLA PIPER US LLP
SAN DIEGO

-4-
WEST\21393801.2   REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

cannot demonstrate he lost money or property as a result of the alleged unfair competition or that he will be irreparably harmed and without a remedy at law, absent injunctive relief.

Lovesy proposes to seek injunctive relief, on behalf of the public, preventing Defendants from marketing two insurance policies jointly. Lovesy alleges he was told (he does not allege by whom) to market two insurance policies – one which provided $250,000 in coverage for $16.00 per month and the other which provided $10,000 in coverage for $3.66 per month – jointly, without telling the purchasers they were buying two policies. (TAC, at ¶ 42.) On these facts, Lovesy claims he is entitled to injunctive relief because the desire to sell piggybacked insurance policies was the "impetus" for restricting his ability to sell non-Armed Forces Benefit Association insurance products, and because Lovesy incurred charge-backs on the piggybacked insurance policies he sold. (Opp'n to Motions, at 10.)

Lovesy claims he is entitled to seek injunctive relief on behalf of the public because he suffered an injury-in-fact in the form of lost commissions and improper charge-backs. A plaintiff who has been injured may seek injunctive relief on behalf of the public, but only if the plaintiff was injured *as a result of* the unfair competition. Cal. Bus. & Prof. Code § 17204. Causation is inherent in Section 17204's "as a result of" language. *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005). Persons uninjured as a result of the act of unfair competition are not permitted to recover on behalf of others. *Californians for Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 232 (2006).

Lovesy's purported injuries bear no relationship to Defendants' alleged piggybacking of policies. The harm alleged by Lovesy – charge-backs and lost commissions – did not result from the unfair competition alleged by Lovesy. Lovesy's charge-backs were purportedly caused by Defendants failures to adequately process policies. (TAC, at ¶ 33.) Lovesy's lost commissions on Colorado Banker products purportedly resulted from restrictions in the TGS Agreement.

---

Complaint).) Moreover, the Court previously held that Lovesy is not entitled to restitution of unearned commissions under the UCL. (Court Order, at 8.); *see also Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1146-47 (2003); *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 67 (1999); *Nat'l Rural Tel. Co-op v. DIRECTV, Inc.*, 319 F. Supp. 2d 1059, 1080 (C.D. Cal. 2003) (a "vested interest" is one that is unconditional, absolute, and not contingent).

DLA Piper US LLP
San Diego

-5-
WEST\21393801.2     REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC     CASE NO. C 07-2745 SBA

(TAC, at ¶¶ 26, 28.)  Enjoining Defendants from "piggybacking" policies would not have prevented Lovesy's alleged injuries.  As such, Lovesy clearly was not harmed "as a result of" the alleged unfair competition.[3]

Lovesy's request for injunctive relief also fails because he cannot make a foundational showing of irreparable injury and inadequate remedy.  "[T]he basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 312 (1982); *accord Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n.*, 840 F.2d 653, 661 (9th Cir. Cal. 1988); *see also Prudential Home Mortgage Co. v. Superior Court*, 66 Cal. App. 4th 1236, 1249 (1998) (equitable doctrine applies equally to remedies under UCL).  With respect to irreparable injury, Lovesy has no current relationship with Defendants, and is not currently personally threatened by Defendants' conduct.  Accordingly, Lovesy can allege no threat of immediate, irreparable injury because his injuries are not ongoing.  *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021-22 (9th Cir. 2004) ("In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury").  Further, Lovesy has an adequate remedy at law, in the form of an action in contract, to recover any lost commissions and charge-backs purportedly owed to him.

Injunctive relief is not appropriate in this instance.  Lovesy cannot establish causation, irreparable injury, and inadequate remedy at law, all three of which are required to seek an injunction under the UCL.  As Lovesy is entitled to no relief under the UCL, the Court should dismiss this cause of action with prejudice and without leave to amend.

---

[3]   Lovesy erroneously relies on *G&C Auto Body Inc. v. Geico General Insurance Co.*, No. C06-04898 MJJ, 2007 U.S. Dist. LEXIS 91327 (N.D. Cal. Dec. 12, 2007) and *White v. TransUnion LLC*, 462 F. Supp. 2d 1079 (C.D. Cal. 2006) in support of his position.  These cases are inapposite.  Both *G&C Auto Body Inc.* and *White* hold a plaintiff is required to demonstrate the losses purportedly suffered "have a direct causal connection to the acts that Plaintiffs contend constitute unlawful competition." *G&C Auto Body Inc.*, 2007 U.S. Dist. LEXIS 91327, at *11; *accord White*, 462 F. Supp. 2d at 1084.  Both courts found the plaintiffs' injuries directly resulted from the alleged UCL violation.  *G&C Auto Body Inc.*, 2007 U.S. Dist. LEXIS 91327, at *11; *accord White*, 462 F. Supp. 2d at 1084.  Further, Lovesy's assertion that *White* stands for the proposition that "lost income 'is all the statute requires'" is misleading.  In whole, the *White* court found that the plaintiffs satisfied the UCL's standing requirement "because they have alleged injury-in-fact and a loss of income ***as a result of unlawful competition***.  *See* SACC P 95 ('Plaintiffs and the Class have suffered … loss of money or property[.]').  This is all that the statute requires." *White*, 462 F. Supp. 2d at 1084 (emphasis added).

DLA PIPER US LLP
SAN DIEGO

-6-
WEST\21393801.2   REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

**B.    Fraud Is Insufficiently Plead in the Third Amended Complaint; Lovesy's Mid-Motion Change in Story Cannot Save His Cause of Action.**

Lovesy's theory of fraud is that 5Star Life purportedly told Lovesy that unless he agreed to be bound to a contract with the Shuey Defendants, 5Star Life would breach its contracts with Lovesy by allowing Ted Shuey to solicit business in the regions purportedly assigned exclusively to him. This cause of action is not sufficiently pleaded as a matter of procedure and as a matter of substantive law, and Lovesy cannot now save the cause of action by changing his story.

**1.    Lovesy's Fraud Cause of Action Fails to Provide 5Star Life Adequate Notice of the Circumstances Constituting the Alleged Fraud**

Lovesy's cause of action for fraud is not sufficiently specific under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires a plaintiff to identify the name of the person making the alleged false representation, as well as the time, place, and content of the communication and the manner by which it was communicated to the plaintiff. *Silicon Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1315 (N.D. Cal. 1997).

It is insufficient for a plaintiff to allege a corporation made a misrepresentation, without naming the person who made the representation. *Segal Co. v. Amazon*, 280 F. Supp. 2d 1229, 1231 (W.D. Wash. 2003). In *Segal*, the court found the plaintiff failed to specifically plead a cause of action for fraud because the plaintiff merely averred that the representation at issue was made by certain "representatives" of the defendant corporation. *Id.* Lovesy does not even allege this much: Lovesy claims only that *5Star Life* made a misrepresentation to him. (TAC, at ¶ 82.) Lovesy's allegations are also deficient for failing to state when and where the alleged misrepresentation was made, and how the representation was communicated to Lovesy. These general averments are simply insufficient to give 5Star Life adequate notice of the circumstances constituting the alleged fraud. Fed. R. Civ. Proc. 9(b); *Segal Co.*, 280 F. Supp. 2d at 1231; *Silicon Knights*, 983 F. Supp. at 1315.

Lovesy attempts to salvage his fraud cause of action by pointing to several allegations of general applicability. (Opp'n to Motions, at 2-3 (citing TAC, at ¶¶ 23-25, 38-40).) To be sure, only one of the paragraphs referenced by Lovesy discusses the alleged misrepresentation of which

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2

-7-

REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC    CASE NO. C 07-2745 SBA

Lovesy complains.[4] (*See* TAC, at ¶ 23.) Even in that paragraph, Lovesy does not allege the name of the person making the purported representation, or where and how the representation was communicated. (*Id.*) The paragraph vaguely references the date of August 2004, but even this averment is not sufficiently particular. *Segal Co.*, 280 F. Supp. 2d at 1231 (assertion that misrepresentations occurred over the course of several weeks is insufficient under Rule 9(b)).

Simply put, Lovesy has failed to list the time, location, and manner of communication of, as well as the identity of the person making, the specific representation of which he complains. (*See* TAC, ¶¶ 23-25, 38-40, 81-88.) Defendants have previously challenged Lovesy's cause of action for fraud for Lovesy's failure to state the "who, what, where, and when" of the misrepresentation. (*See* Motion to Dismiss Complaint for Damages, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA, Docket No. 4, at 6-7.[5]) Defendants are at a loss to explain why Lovesy persists in making vague averments regarding the purported misrepresentation, particularly given Defendants' prior requests for more specific allegations and the fact that Lovesy was party to the purported misrepresentation. Defendants are left to believe that Lovesy is being intentionally vague in order to survive a motion to dismiss. However, vague allegations, such as those proffered by Lovesy, are insufficient to survive a motion to dismiss under Rule 9(b). Fed. R. Civ. Proc. 9(b); *Segal Co.*, 280 F. Supp. 2d at 1231.

### 2. Lovesy Fails to Allege a Misrepresentation in the Third Amended Complaint, and Cannot Now Allege an Oral Modification.

Even if properly stated under Rule 9(b), Lovesy's fraud cause of action fails as a matter of law for two reasons. First, according to allegations in the Third Amended Complaint, the statement is literally true. Using the definition Lovesy adopted in his opposing papers, Lovesy

---

[4] The other paragraphs Lovesy cites do not add particularity to Lovesy's fraud claim. Paragraph 24 describes statements made by Michael Kimo Wong, an employee of 5Star Life, related to the contents of the TGS Agreement. (TAC, at ¶ 24.) Lovesy does not contend these statements were false. Paragraph 25 conveys statements made by the Shuey Defendants, not 5Star Life. (TAC, at ¶ 25.) Paragraphs 38 to 40 relate to Lovesy's exclusivity claims, but do not reference the alleged misrepresentation. (TAC, at ¶¶ 38-40.)

[5] Defendants request the Court to take judicial notice of Defendants' Motion to Dismiss Lovesy's initial complaint. As part of the Court's records, judicial notice is proper. *MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992).

DLA PIPER US LLP
SAN DIEGO

-8-
WEST\21393801.2    REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

1  alleges that "except on the condition that" Lovesy agreed to enter into a contract with the Shuey
2  Defendants, 5Star Life intended to permit the Shuey Defendants to solicit business in certain
3  Western states. According to the Third Amended Complaint, this statement is literally true.
4  (TAC, at ¶ 82.) 5Star Life's purported representation that it would permit the Shuey Defendants
5  to operate in certain Western states unless Lovesy's agreement to enter into a contract with the
6  Shuey Defendants is not the same, as Lovesy suggests, as promising to keep the Shuey
7  Defendants from operating in those states if Lovesy agreed to enter into the contract.
8      Second, Lovesy cannot rely on facts raised for the first time in opposing a motion to
9  dismiss. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). As such, the Court should
10 disregard Lovesy's new claim that he and Defendants entered into an oral contract to restrain the
11 Shuey Defendants from soliciting policies in regions purportedly assigned to Lovesy, an
12 allegation which Lovesy raised for the first time in opposition to this motion. *See id.*

### 3.   Lovesy's New Theory of Exclusivity Is Untimely and Directly Contradicted by the Allegations in the Third Amended Complaint.

15     Lovesy's cause of action for fraud is dependent on the claim Lovesy was purportedly
16 permitted to operate exclusively in certain Western states as part of the underlying agreements.
17 (TAC, at ¶ 82.) 5Star Life moved to dismiss Lovesy's fraud count on the ground that Lovesy
18 failed to adequately plead exclusivity. (Defs' Mot. to Dismiss and Strike, at 10, 13-14.) Lovesy
19 fails to allege any facts overcoming his written agreements with 5Star Life, which do not support
20 his claims relating to exclusivity. (*Id.*; *see also* Court Order, at 12 ("the judicially noticeable
21 agreements do not support Plaintiffs' allegation").) In opposing Defendants' motion to dismiss,
22 Lovesy changes his story, now claiming the underlying agreements were modified either through
23 custom and practice or oral modification. (Opp'n to Motions, at 4.)
24     Lovesy's latest theory cannot save his fraud cause of action for two reasons. First, the
25 Court should disregard the new facts Lovesy asserts, as they are not part of the Third Amended
26 Complaint. (TAC, *passim*.) In deciding a motion to dismiss, a court should disregard facts raised
27 for the first time in the plaintiff's opposition to the motion. *Broam v. Bogan*, 320 F.3d 1023,
28 1026 n.2 (9th Cir. 2003).

-9-

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2   REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

Second, and more importantly, Lovesy's new theory of fraud directly contradicts the Third Amended Complaint. In the Third Amended Complaint, Lovesy alleges "5Star Life represented that …[it] would **breach the Regional Director and Field Service Agreements** by allowing Ted Shuey to solicit within the regions assigned to Mr. Lovesy," if Lovesy did not enter into the TGS Agreement. (TAC, at ¶ 82 (emphasis added).) Assuming the truth of these allegations, Lovesy possessed the right to operate exclusively in certain regions at the time he entered into the underlying agreements. In opposing Defendants' motion to dismiss, Lovesy's new story is that, as a result of the purported misrepresentation, 5Star Life *modified* the underlying agreements, thereby giving Lovesy the right to operate exclusively in certain Western states. Lovesy's new story is at odds with the allegations in the Third Amended Complaint and should be dismissed. (*See* TAC, at ¶¶ 17-18, 82.)

### C. A Claim for Accounting Cannot Stand against Armed Forces Benefit Association, as that Entity Owes No Money to Lovesy to Be Accounted For.

Lovesy cannot state a cause of action for accounting against Armed Forces Benefit Association because he has not properly alleged that Armed Forces Benefit Association owes him money. Regardless of whether the accounting of a particular case is complex, an accounting is not warranted unless the defendant owes the plaintiff money, that is, unless the defendant owes some balance to the plaintiff. *Kritzer v. Lancaster*, 96 Cal. App. 2d 1, 7 (1950). Lovesy does not dispute this issue of law. (*See* Opp'n to Motions, at 6.)

Armed Forces Benefit Association does not owe money to Lovesy, even assuming the truth of the allegations in the Third Amended Complaint. The only substantive cause of action alleged against Armed Forces Benefit Association is under the UCL, a claim for which damages may not be awarded. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992).

Lovesy argues the accounting claim should stand for two reasons. First, Lovesy asserts Armed Forces Benefit Association was "bound to tender payment" under the TGS Agreement, and therefore, was a fiduciary to Lovesy. However, Armed Forces Benefit Association was not a party to the TGS Agreement. (TGS Agreement, Declaration of Theodore G. Shuey, Jr. in Support of Motion to Dismiss Plaintiffs' Third Amended Complaint, Exhibit 1 ("Shuey Decl.").) Armed

-10-

Forces Benefit Association cannot be "bound to tender payment" under a contract if Armed Forces Benefit Association was not a party to the contract. *See* Cal. Civ. Code §§ 1550, 1565 (freely consenting parties is a required element of any contract). Moreover, contrary to Lovesy's assertions, Armed Forces Benefit Association does not become a fiduciary to Lovesy solely by virtue of an agreement to which it is not a party. *See Malloy v. Fong*, 37 Cal. 2d 356, 372 (1951) (mutual consent of both parties is necessary to establish principal-agent relationship); Restatement (Third) of Agency, § 1.01, reporters note c (same).

Second, Lovesy alleges Armed Forces Benefit Association asserts Lovesy is indebted to it because of charge-backs. A charge-back refers to the reversal of a commission payment, which occurs when the purchaser of the policy does not make payment on the policy or cancels the policy before a pre-specified period of time. Lovesy asserts 5Star Life refuses to pay Lovesy certain commissions, claiming the commissions must be offset in the amount of the charge-backs Lovesy purportedly owes Armed Forces Benefit Association. This fact, even if true, does not warrant an accounting. Lovesy avers that he possibly *owes money to* Armed Forces Benefit Association (in the form of charge-backs) and that *5Star Life* owes money to Lovesy (commissions). Lovesy does not allege Armed Forces Benefit Association *owes money to him*.

An accounting against Armed Forces Benefit Association is unwarranted as Armed Forces Benefit Association owes no money to Lovesy. Based on the facts as alleged in the Third Amended Complaint, Lovesy can seek full recovery in an action for accounting against 5Star Life alone, as only 5Star Life is party to the contracts under which Lovesy claims he is owed commissions, and under which charge-backs are authorized.

**IV.   THE COURT SHOULD GRANT DEFENDANTS' MOTION TO STRIKE**

    **A.   Lovesy's Pseudo-Alter Ego Allegations Are Immaterial and Impertinent.**

In moving to strike, Defendants argue that Lovesy's cloaked alter ego allegations serve no purpose other than to aver alter ego liability, a theory of liability that the Court previously struck. (Defs' Mot. to Dismiss and Strike, at 12-13; Court Order, at 6-7, 22.) Lovesy responds that the allegations are relevant to establish 5Star Life and Armed Forces Benefit Association are "more than related corporations" and to show that Defendants "both had fiduciary and contractual duties

to Plaintiffs." (Opp'n to Motions, at 7.) None of Lovesy's causes of action require him to establish that either of these points. Further, Lovesy is flat wrong: Armed Forces Benefit Association has no contractual relationship with Lovesy, (Court Order, at 13), and Lovesy has alleged no facts suggesting that a fiduciary relationship exists between Lovesy and Defendants, (TAC, *passim*).

Lovesy further suggests that his alter ego allegations are relevant to demonstrate Defendants "willfully acted in concert in depriving" Lovesy of money owed under the underlying agreements. None of Lovesy's causes of action require him to demonstrate that Defendants "willfully acted in concert in depriving" Lovesy of contractual benefits. Further, if Lovesy now intends to allege that Armed Forces Benefit Association acted "willfully in concert" with 5Star Life in depriving Lovesy of benefits under the contract, he must do so through alter ego allegations. The Court previously held Armed Forces Benefit Association is "not party to any of the contracts at issue in this case," and the only source "of contractual liability as to [Armed Forces Benefit Association] are the alter ego allegations, which the Court has stricken." (Court Order, at 13.)

The only causes of action jointly stated against Defendants are for violation of the UCL and for an accounting. Allegations that Defendants are interrelated, absent a showing of alter ego liability, are irrelevant to these causes of action. As Lovesy's pseudo-alter ego allegations are impertinent and irrelevant to this dispute, the Court should strike the pseudo-alter ego allegations from the Third Amended Complaint.

**B.     Lovesy Has Not Properly Alleged a Right to Operate Exclusively.**

In response to Defendants' motion to strike all allegations suggesting Lovesy had a right to operate in any region exclusively, Lovesy relies on the facts as alleged in the Third Amended Complaint, as well as his new allegation that Defendants orally modified the underlying agreements to give Lovesy a right to exclusively operate in several Western states. (Opp'n to Motions, at 4-5, 7.) The Third Amended Complaint presents no new facts suggesting that Defendants were *obligated* to permit Lovesy to operate exclusively in any region. (Defs' Mot. to Dismiss and Strike, at 13-14.) Lovesy's new allegations related to oral modification of the

DLA PIPER US LLP
SAN DIEGO

-12-
WEST\21393801.2     REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA

1  underlying agreements directly contradict allegations in the Third Amended Complaint, and may
2  not be considered in determining this motion to dismiss, as they were raised for the first time in
3  opposing this motion.  (*See* Discussion, *supra*, at III(B)(2)-(3).)

### C. Defendants Owed No Duty to Lovesy to Process Policies.

In response to Defendants' motion to strike all allegations in the Third Amended Complaint suggesting Defendants' owed any duty to Lovesy to process policies, Lovesy argues that Defendants had an implicit duty to process policies and to cure the Shuey Defendants' alleged failure to process policies.  Lovesy's argument fails for four reasons.  First, Lovesy fails to point to any source of this phantom "implied duty" to process policies – contractual or otherwise. (Opp'n to Motions, at 8-9.)  Second, Lovesy explicitly agreed in the TGS Agreement that the Shuey Defendants – not Defendants – would process policies for him.  (Shuey Decl., Ex. 1, ¶ 4.)  If policies were not processed properly, Lovesy's redress is with the Shuey Defendants, not Defendants.  Third, Lovesy admits that any duty of Defendants to process policies was owed to the *purchasers* of the insurance policies.  (Opp'n to Motions, at 8.)  Breach of that duty might create a cause of action for the purchasers, but not for Lovesy.

Fourth, Lovesy concedes that his problems in having policies processed did not begin until the Shuey Defendants assumed the obligation to process policies.  (TAC, at ¶¶ 22, 23, 29, 30.)  His complaint is only that Defendants did not cure deficiencies in the Shuey Defendants' purported failure to process policies.  To support his claim, Lovesy must show that Defendants assumed a duty to cure the alleged deficiencies.  Lovesy, not Defendants, contracted with the Shuey Defendants.  As such, Defendants could not have assumed a duty to process policies by virtue of an agreement to which they were not party.  Accordingly, Lovesy can state no claim against Defendants based on their alleged failure to cure deficiencies of the Shuey Defendants in processing policies.  All allegations related to that claim are immaterial and impertinent, and the Court should strike such allegations from the Third Amended Complaint.

### D. The Court Should Strike Lovesy's Improper UCL Allegations.

Defendants moved to strike several paragraphs related to Lovesy's UCL cause of action, including allegations related to the following: (1) exclusive right to operate in several Western

-13-

states; (2) Armed Forces Benefit Association's knowledge of the allegedly impermissible contract provision; (3) Defendants' duty to process policies; (4) Defendants' "piggybacking" of policies; and (5) Defendants' entitlement to unearned commissions. Lovesy specifically attempts to rebut the first and second grounds (discussed below), and concedes the fifth point. The third and fourth grounds are addressed, *supra*, at Sections IV(C) and III(B).

### 1. Section 16600 Allegations.

Defendants moved to strike Lovesy's California Business & Profession Code Section 16600 ("Section 16600") allegations on the ground they necessarily depend on Lovesy's improper claim that he was entitled to operate exclusively in several Western states. Lovesy counters his Section 16600 claim is not dependent on exclusivity. However, in the Third Amended Complaint, Lovesy's theory of relief under Section 16600 is that 5Star Life threatened to permit the Shuey Defendants to solicit business in the region purportedly assigned to him if he did not enter into the TGS Agreement, which contained the purportedly unlawful provision. If Lovesy had no right to operate exclusively in any region, then 5Star Life could not have threatened Lovesy's right to exclusivity, and Lovesy's allegations fail. Thus, if Lovesy's exclusivity allegations fail, so do his Section 16600 allegations.

### 2. Knowledge of the Offensive Provision.

Armed Forces Benefit Association had no knowledge of the provision of the TGS Agreement Lovesy claims violates Section 16600. Lovesy makes two arguments that Armed Forces Benefit Association had knowledge of the provision. First, Lovesy avers Mr. Wong, who allegedly knew of the provision, was an employee of Armed Forces Benefit Association. (TAC, at ¶ 28.) Lovesy's allegation should be disregarded as a sham allegation, contradicted by the underlying agreements (signed by Mr. Wong in his capacity as an employee of 5Star Life only) and three sworn declarations by Mr. Wong, in which he represented to this Court he is an employee of 5Star Life. Second, Lovesy claims Mr. Wong held himself out to be an employee of both 5Star Life and Armed Forces Benefit Association. (Opp'n to Motions at 9-10.) Whether Mr. Wong held himself out to be an employee of Armed Forces Benefit Association is irrelevant. Armed Forces Benefit Association cannot be charged with Mr. Wong's knowledge unless

-14-

DLA PIPER US LLP
SAN DIEGO

WEST\21393801.2    REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC    CASE NO. C 07-2745 SBA

1  Mr. Wong is, at a minimum, an employee or alter ego of Armed Forces Benefit Association.
2  Lovesy can make no valid, non-sham allegation that Mr. Wong is an employee or alter ego of
3  Armed Forces Benefit Association.  Thus, Armed Forces Benefit Association did not have
4  knowledge of the allegedly offensive contract provision.

### E. The Court Should Strike Lovesy's Impermissible Prayer for Relief.

Lovesy concedes he is not entitled to attorneys' fees and prejudgment interest in connection with his contract claims.  (Opp'n to Motions, at 11.)  Lovesy disagrees with Defendants' motion to strike his prayer for relief in connection with his claims for fraud and under the UCL.  (*Id.*)  However, should the Court dismiss these causes of action, Lovesy's prayer for relief related to these claims is impertinent, immaterial, and subject to a motion to strike. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479, n.34 (C.D. Cal. 1996) (a court may strike a prayer for relief to which plaintiff is not entitled as a matter of law).

## V. CONCLUSION.

For the reasons set forth above and for those stated in their moving papers, Defendants 5Star Life Insurance Company and Armed Forces Benefit Association respectfully request that the Court grant their motions to dismiss and strike, made pursuant to Federal Rules of Civil Procedure 12(b) and 12(f), with prejudice and without leave to amend.

Dated:  May 20, 2008

DLA PIPER US LLP

By   /s/ Charles L. Deem
CHARLES L. DEEM
Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY

DLA PIPER US LLP
SAN DIEGO

-15-
WEST\21393801.2   REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTIONS TO DISMISS AND STRIKE LOVESY'S TAC   CASE NO. C 07-2745 SBA