CHARLES L. DEEM, Bar No. CA-110557
BROOKE L. KILLIAN, Bar No. CA-239298
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, THE 5STAR ASSOCIATION, 5 STAR FINANCIAL, LLC, 5STAR FINANCIAL SERVICES COMPANY, and 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC., | CASE NO. C 07-2745 SBA<br><br>**DECLARATION OF BROOKE L. KILLIAN IN SUPPORT OF REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S MOTIONS TO DISMISS AND TO STRIKE PORTIONS OF PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Date:      June 3, 2008<br>Time:      1:00 p.m.<br>Courtroom: 3<br>Judge:     Hon. Saundra B. Armstrong |

I, Brooke L. Killian, declare as follows:

1.      I am an attorney admitted to practice before all courts of the State of California and the Northern District of California.

2.      I am an associate with the law firm of DLA Piper US LLP, attorneys of record for Defendants 5Star Life Insurance Company and Armed Forces Benefit Association (collectively, "Defendants").

3.      I have personal knowledge of the facts contained in this declaration and could competently testify thereto if called as a witness.

1

DLA PIPER US LLP
SAN DIEGO

WEST\21405074.1
332602-000003

KILLIAN DECLARATION IN SUPPORT OF AFBA AND 5STAR LIFE'S MOTIONS
TO DISMISS AND STRIKE LOVESY'S TAC          CASE NO. C 07-2745 SBA

1    4.    Prior to filing a motion to dismiss Plaintiff Brad Lovesy's ("Lovesy") original

2    complaint on June 20, 2007, I personally phoned counsel for Lovesy, Margaret Grover, Esq., in

3    an attempt to meet and confer regarding the deficiencies in Lovesy's original complaint.

4    5.    Defendants filed a motion to dismiss Lovesy's original complaint on June 20,

5    2007.  Subsequently, counsel for Lovesy agreed to amend the complaint.

6    6.    Attached hereto as Exhibit 1 is a true and correct copy of a letter I sent to

7    Ms. Grover and Elizabeth Gehlhar, Esq., counsel for Lovesy, on October 19, 2007.  The purpose

8    of the four page letter and the 11-page attachment was to meet and confer regarding the

9    deficiencies in Lovesy's First Amended Complaint.

10    7.    I received no timely response to my meet and confer letter of October 19, 2007

11    regarding the First Amended Complaint.

12    8.    On October 26, 2007, Defendants filed a motion to dismiss Lovesy's First

13    Amended Complaint.  Subsequently, counsel for Lovesy agreed to amend the First Amended

14    Complaint.

15    9.    Only after Lovesy agreed to amend the First Amended Complaint did counsel for

16    Lovesy respond to my meet and confer letter of October 19, 2007 relating to the First Amended

17    Complaint.  Attached hereto as Exhibit 2 is a true and correct copy of the letter Africa Davidson,

18    Esq., counsel for Lovesy, sent to me on November 20, 2007.

19    10.    Attached hereto as Exhibit 3 is a true and correct copy of a letter I sent to

20    Ms. Grover and Ms. Davidson on November 21, 2007.  The purpose of the five page letter was to

21    meet and confer regarding the deficiencies in Lovesy's Second Amended Complaint.

22    11.    On November 29, 2007, Ms. Davidson responded to my meet and confer letter by

23    stating that her meet and confer letter related to the First Amended Complaint (sent after that

24    complaint was amended) applied in equal force to the Second Amended Complaint.

25    Ms. Davidson did not respond to new issues addressed in my letter of November 21, 2007.

26    Attached hereto as Exhibit 4 is a true and correct copy of the letter Ms. Davidson sent me on

27    November 29, 2007.

28    /////

DLA PIPER US LLP
SAN DIEGO

WEST\21405074.1
332602-000003

2

KILLIAN DECLARATION IN SUPPORT OF AFBA AND 5STAR LIFE'S MOTIONS
TO DISMISS AND STRIKE LOVESY'S TAC        CASE NO. C 07-2745 SBA

1      12.    On November 20, 2007, I sent Ms. Davidson a letter pointing out deficiencies in

2 the Second Amended Complaint that were not present in the First Amended Complaint, and

3 invited her to discuss those issues with me. Attached hereto as Exhibit 5 is a true and correct

4 copy of a letter I sent to Ms. Davidson on November 30, 2007. Ms. Davidson did not respond to

5 my letter.

6      13.    On December 20, 2007, Defendants filed motions to dismiss and strike the Second

7 Amended Complaint, and for a more definite statement. The Court granted in part and denied in

8 part Defendants' motions in an order dated March 13, 2008.

9      14.    After the Court issued its ruling, I sent a meet and confer email to Ms. Grover and

10 Ms. Davidson on March 20, 2008 regarding issues raised as a result of the Court's order.

11 Attached hereto as Exhibit 6 is a true and correct copy of the email I sent to Ms. Grover and

12 Ms. Davidson on March 20, 2008. I received no response to my email.

13      15.    Attached hereto as Exhibit 7 is a true and correct copy of the letter I sent to

14 Ms. Grover and Ms. Davidson on April 14, 2008. The purpose of the three page letter was to

15 meet and confer regarding the deficiencies in Lovesy's Third Amended Complaint. I received no

16 response to this letter.

17      16.    Defendants filed motions to dismiss and strike the Third Amended Complaint on

18 April 16, 2008.

19      I declare under penalty of perjury under the laws of the State of California and the United

20 States of the America that the foregoing is true and correct and that this declaration was executed

21 on May 20, 2008 in San Diego, California.

22

23                     /s/ Brooke L. Killian

24                     BROOKE L. KILLIAN

25

26

27

28

DLA PIPER US LLP
SAN DIEGO

WEST\21405074.1
332602-000003

3

KILLIAN DECLARATION IN SUPPORT OF AFBA AND 5STAR LIFE'S MOTIONS
TO DISMISS AND STRIKE LOVESY'S TAC     CASE NO. C 07-2745 SBA

# EXHIBIT 1



DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Brooke L. Killian
brooke.killian@dlapiper.com
T  619.699.3439
F  619.764.6739

October 19, 2007
*VIA E-MAIL AND U.S. MAIL*

OUR FILE NO. 332602-3

Margaret J. Grover, Esq.
Elizabeth Gehlhar, Esq.
Haight, Brown & Bonesteel
71 Stevenson Street, 20th Floor
San Francisco, CA  94105-2981

Re:    *Lovesy v. AFBA, et al*:  **Meet and Confer regarding Motion to Dismiss**
       *USDC Northern District of California Case No. 4:07 CV 02745 SBA*

Dear Counsel:

Defendants Armed Forces Benefits Association ("AFBA") and 5Star Life Insurance Company ("5Star") (collectively, "Defendants") intend to file a Motion to Dismiss Plaintiff Brad Lovesy's ("Lovesy") First Amended Complaint in the above captioned matter.  Pursuant to your request in our recent telephone conference, this letter shall serve as Defendants' attempt to meet and confer pursuant to the standing order of the Honorable Saundra B. Armstrong.

The First Amended Complaint ("FAC") fails to state a claim upon which relief may be granted. Many of the allegations in the FAC are directly contracted by the actual agreements that purportedly existed between the parties.  Further, being that AFBA is not a party to any of the contracts referenced in the FAC, the FAC must be dismissed in its entirety with respect to AFBA.  Finally, for each of Lovesy's four causes of action against Defendants, Lovesy fails to state the facts necessary to establish a cause of action.  The key arguments and cases on which Defendants intend to rely in its Motion to Dismiss are outlined below.

        1.    *Lovesy Fails to Attach Copies of the Agreements to the Complaint.*

In deciding a motion to dismiss, a court may consider any document referenced in the complaint and which are central to the causes of action asserted in the complaint, without converting the motion to dismiss into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Plaintiff Brad Lovesy ("Lovesy") refers to four agreements in the complaint:  (1) Regional Sales Director Agreement (the "Director Agreement"); (2) Regional Sales Director Compensation Addendum (the "Compensation Addendum"); (3) Independent Field Service Representative Agreement (the "Representative Agreement"); and (4) Memorandum of Agreement between Lovesy and Ted Shuey Agency (the "TGS Agreement").  Each of these contracts are attached to this letter and will be attached to Defendants Motion to Dismiss or the Shuey Defendants' Motion to Dismiss.  Many of Lovesy's factual allegations in the FAC are directly contradicted by the contents of the actual contracts.



Margaret J. Grover
October 19, 2007
Page Two

### 2.    *AFBA is Not a Proper Party to the Lawsuit.*

AFBA is not a party to any of the agreements referenced by Lovesy in the FAC; 5Star and one or more of the Shuey Defendants are the only defendants who are party to the agreements upon which Lovesy sues. 5Star executed the Director Agreement and the Compensation Addendum; Ted Shuey executed the TGS Agreement. AFBA Life Insurance Company, now known as 5Star Life Insurance Company, ("AFBA Life")—not AFBA—signed the Representative Agreement.

AFBA and AFBA Life are separate legal entities. Effective October 16, 2000, AFBA Life changed its name from AFBA Life to 5Star Life Insurance Company. Defendants will seek judicial notice of this fact based on the attached public records evidencing the change of name.

Each of Lovesy's causes of action against AFBA are based on one of the contracts referenced in the FAC. As AFBA is a third party to each of those agreements, Lovesy cannot state a claim against AFBA and as a result, AFBA is not a proper party to this litigation.

### 3.    *The Complaint Fails to State a Cause of Action Under California's Unfair Competition Law, Based on a Violation of California Business & Professions Code Section 16600.*

Defendants will move to dismiss Lovesy's Unfair Competition Law ("UCL") claim (based on a violation of California Business and Professions Code Section 16600) for four reasons. First, Lovesy is not party to the only agreement that can be construed as limiting Lovesy's participation in his trade or profession, the TGS Agreement, and therefore, has no standing to sue under the agreement. Second, the UCL cause of action is not properly asserted against AFBA and 5Star, who are non-parties to the only agreement potentially limiting Lovesy's ability to participate in his trade or profession. Next, the TGS Agreement does not violate Section 16600 because it does not prohibit Lovesy from completely engaging in his trade; the agreement permits Lovesy to market AFBA products to members of the California National Guard and non-AFBA products to members of the general public. *See Gen. Comm. Packaging v. TPS Package*, 126 F.3d 1131, 1133 (9th Cir. 1997). Finally, Lovesy is not entitled to the relief requested under any set of facts. Lovesy's only prayer for relief calls for nonrestitutionary disgorgement, which is not permitted under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. App. 4th 1134, 1146-47 (2003); *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 67 (1999).

### 4.    *The Complaint Fails to State a Cause of Action for Breach of Contract.*

Lovesy's claim for breach of contract must also be dismissed. Lovesy fails to allege any facts that (1) support his summary claim that he is owed money under the contract, (2) assert which, if any,



Margaret J. Grover
October 19, 2007
Page Three

provision of the agreements was breached by his purported termination,[1] and (3) specify the nature of the purported harm caused by the alleged breach. Accordingly, no cause of action for breach of contract is stated in the FAC.

     **5.**     *The Complaint Fails to State a Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing.*

     Lovesy alleges AFBA and 5Star engaged in four types of conduct in violation of the covenant of good faith and fair dealing. Each must be dismissed, as discussed below.

     *Requiring Lovesy to "Rely Upon" the Shuey Defendants.* Lovesy fails to explain how Defendants' actions allegedly requiring Lovesy to rely upon TGS and Shuey amount to intentional conduct by Defendants to deny Lovesy the benefits of the Director and Representative Agreements, as opposed to facilitating those agreements.

     *Permitting the Shuey Defendants to Solicit Policies in the Alleged Assigned Region.* This claim is without merit for two reasons. First, an exclusive right to solicit policies in the Alleged Assigned Region is not a benefit guaranteed under the agreements, and therefore, this right cannot provide the basis for a covenant of good faith cause of action. (*See* Director Agreement, generally; Representative Agreement, generally); *Epis, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1127-28 (N.D. Cal. 2001) (court will not impose additional rights on the parties beyond those incorporated into the contract). Second, Defendants do not maintain any control over the Shuey Defendants such that Defendants could prevent them from soliciting policies in the Assigned Region.

     *Failing to Pay "Amounts Due to [Lovesy]."* Lovesy fails to allege facts sufficient to establish that (1) any amount was due him under the agreements, and (2) any failure by Defendants to pay him under the contract was undertaken in bad faith and with the intention to deny him a right under the agreements.

     *Terminating the Agreements "in Response to [Lovesy's] Efforts to Obtain Performance."* Lovesy's claim must fail because his relationship with Defendants was "at will." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 350 (2000) (termination of an at-will relationship, even if unfair, does not injure the right of the agent to any benefit of the agreement).

---

[1] Importantly, each of the contracts between Lovesy and 5Star provides that the Agreements may be terminated by either party without cause.



Margaret J. Grover
October 19, 2007
Page Four

**6.     *The Complaint Fails to State a Cause of Action for an Accounting.***

        Lovesy has not alleged any facts that warrant an accounting.  The FAC does not allege facts sufficient to show that (1) Defendants were fiduciaries of Lovesy, or (2) Lovesy is entitled to money under the contract or damages pursuant to any cause of action alleged in the FAC.  As such, no cause of action for an accounting stands.  *See San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588, 596-97 (1896).

        Please contact Charlie Deem or me at your soonest convenience to discuss.  Unless Lovesy agrees to resolve the deficiencies in the FAC, Defendants intend to file a Motion to Dismiss no later than October 26, 2007.

Very truly yours,

**DLA Piper US LLP**

Brooke L. Killian
Associate

Admitted to Practice in California

Enclosures

cc:     Charles L. Deem, Esq.
        Robin M. Cleary, Esq.
        Michael T. McKeeman, Esq.

BLK:cg
SD\1772237.1
332602-3



## J. ROBERT WOOLEY

### ACTING COMMISSIONER OF INSURANCE

I, THE UNDERSIGNED COMMISSIONER OF INSURANCE OF THE STATE OF LOUISIANA, DO HEREBY CERTIFY THAT

A certified copy of the __Amendment to Articles of Incorporation__
of the __AFBA LIFE INSURANCE COMPANY__
an insurance company organized under the laws of the State of Louisiana, domiciled
at __Baton Rouge__, Louisiana, Parish of __East Baton Rouge__,
being by act before __Roselind P. Douglas__ Notary in and for
the City of __Alexandria__, State of Virginia, on the __11th__ day of
__October__, 2000, and recorded in the Original Book of the Clerk of Court of the
Parish of __East Baton Rouge__ on the __26th__ day of __October__, 2000,
was filed in this office at __11:00 A.M.__ on the __13th__ day of __November__,
2000.

Amendment effective: October 26, 2000

Company Name Change to 5 Star Life Insurance Company

Given Under my signature, authenticated with the impress of my

Seal of office, at the City of Baton Rouge, this, __13th__

day of __November__ A.D. 2000

_____
J. Robert Wooley
Acting Commissioner of Insurance

*AFBA LIFE INSURANCE COMPANY*

*AMENDMENT*
*to*
*ARTICLES OF INCORPORATION*

The undersigned, Chairman of the Board of *AFBA LIFE INSURANCE COMPANY* ("the Corporation") does hereby certify that resolutions amending the Articles of Incorporation of the Corporation (effective October 16, 2000) were duly adopted pursuant to Louisiana R.S. 12:31 *et seq.* and Louisiana R.S. 22:31 *et seq.*, by the unanimous written consent of the shareholders of the Corporation.

The Articles of Incorporation of the Corporation were amended by said resolutions as follows:

Article I is hereby amended to read in its entirety as follows, effective October 16, 2000:

*ARTICLE I*

"The name of the corporation is *5 STAR LIFE INSURANCE COMPANY*."

*5 STAR LIFE INSURANCE COMPANY*

Dated: October 11, 2000          By: *Charles C. Blanton*
                                          Charles C. Blanton
                                          Lt. General, USAF (Ret.)
                                          Chairman of the Board

*ACKNOWLEDGEMENT*

*COMMONWEALTH OF VIRGINIA*
*CITY OF ALEXANDRIA*

*BE IT KNOWN,* that on the 11th of October 2000, before the undersigned Notary Public, duly commissioned, qualified, and sworn within

and for the Commonwealth and City aforesaid, personally came and appeared Charles C. Blanton, to me known to be the identical person who executed the above and foregoing Amendment to Articles of Incorporation, who declared and acknowledged to me, a Notary, in the presence of the undersigned competent witnesses, that he executed the above and foregoing Amendment to Articles of Incorporation of his own free will, as his own act and deed, for the uses, purposes and benefits therein expressed.

*WITNESS:*

Jeffrey C. Sandefur
Secretary

Marshal L. Cole, Esq.
Assistant Secretary

Mark A. Centanni   Rosalind P. Douglas
Notary Public
My Commission Expires: 7/31/03

APPROVED FOR RECORDATION

DATE: 10/24/00

FOR: Commissioner of Insurance
      State of Louisiana

- 2 -

PACIFIC CONSOLIDATED LLC



**5STAR LIFE INSURANCE COMPANY**
909 North Washington Street   Alexandria, VA 22314

# REGIONAL SALES DIRECTOR AGREEMENT

5Star Life Insurance Company ("the Company") hereby appoints

**PACIFIC CONSOLIDATED LLC**   ("You") as Regional Sales Director in the region of
         Name

_____ to be responsible for recruiting and developing sales manpower
       Region

and sales production in said region upon the following terms and conditions:

## I.  Compensation to be paid by the Company

Override on business produced by the Field Service Representative recruited by or assigned to the Regional Sales Director according to attached schedules.  Bonuses are deemed to be a part of override.

## II.  Charge-backs

There will be a charge-back of overrides (including bonuses) received consistent with charge-backs outlined in the Field Service Representative Agreement.  In all cases, you will be charged back for your portions of all monies earned by all Field Service Representatives under this Agreement.

## III.  Disbursement of Monies

With the exception of a License Only Agreement (LOA), all sales payments will be paid by the Company directly to Field Service Representatives.  Should you elect to contract an agent under the License Only Agreement, all sales payments will be paid directly to you as Regional Director, and subsequently, you will incur all debt associated with terminations, commission advances, and charge-backs of that agent.

## IV.  Regulatory Responsibilities

You and all Field Service Representatives representing and conducting business on behalf of the Company in your Regional Sales Director area of responsibility, must maintain in good standing all necessary regulatory licenses and appointments to represent the Company.

You, and all Field Service Representatives in your region, agree to keep confidential, protect, secure, and not share, reveal, or disclose to any party other than the Company, any personal customer information that is received in applications or forms associated with life insurance benefits or programs underwritten by the Company. This is Company policy in accordance with the Federal Privacy Act.

(FORM ALRSDA-100) 4/01

PACIFIC CONSOLIDATED LLC

### V. Advertising

You are authorized to publish advertising material referencing the name of the Company, its products or services only *upon prior written approval* of the compliance officer of the Company.

### VI. Minimum Performance Guidelines for Agreement Continuation

You agree to recruit and develop Field Service Representatives for the Company using the standard Field Service Representative Agreement.

Minimum Regional Annual Production:
Number of Applications:        600

### VII. Renewals

The renewal payments, as described in the Field Service Representative Agreement, will be payable as long as your commission account is in good standing.

### VIII. Termination With Or Without Cause

This Agreement may be terminated by either party with or without cause, upon written notice sent to the last known address. Should this Agreement be terminated by either party, all Company Field Service Representatives previously associated as being in your region, may be reassigned to a new Regional Sales Director or other named individual at the discretion of the Company.

*Appointment Accepted and Agreed to:*

**REGIONAL SALES DIRECTOR:**

Signature _Blossom S. Osofsky_                  Date _5/14/01_

Name *(Print)* _Blossom S. Osofsky_

Signature _Brad Lovesy_                  Date _5/31/01_

Name *(Print)* _Brad Lovesy_

Address: _____

**5 STAR LIFE INSURANCE COMPANY:**

Regional Vice President _Michael J. Olong_      Date   SEP 1 0 2001

Chief Operating Officer _____      Date   SEP 1 0 2001

(FORM ALRSDA-100) 4/01

## FIELD SERVICE REPRESENTATIVE

The *AFBA Life Insurance Company* (hereinafter "the Company")

BRAD Lovesy _____     ~~WA2OSBm~~ _____
Contractor Name                                          FSR#

in consideration of the mutual promises and agreements set forth herein, hereby agree as follows:

**I.** **_APPOINTMENT AND RELATIONSHIP_**

    A.  The Company hereby appoints you a Field Service Representative (hereinafter "FSR") to act on its behalf and represent it only to the extent authorized herein.

    B.  Your performance hereunder shall be conducted as an independent contractor with respect to the Company, and nothing contained herein shall create or be construed to create the relationship of employer and employee, or partner between the Company and you or between the Company and any employee of yours.

**II.** **_AUTHORITY OF THE FSR_**

    A.  You are hereby authorized to solicit and obtain applications for the approved products offered by the Company which are listed in the attached pages titled **Field Service Representative Compensation Addendum (Schedule B)**. However, this authorization is limited to those states where the Company's underwriters are authorized to do business, and the condition that you are in compliance with all applicable governmental regulatory licensing requirements at the time of solicitation.

    B.  At all times during the term of this Agreement, you shall be properly appointed and maintain in full force and effect all governmental regulatory licenses necessary or appropriate to the performance of this Agreement.

    C.  You are authorized to collect the initial two months' premium for any policy or contract issued upon application solicited by you, and to service policies, contracts, and certificates of group coverage so issued, upon the following conditions:

        1.  All check or money orders are to be made payable to the Company. In no event are you authorized to accept any check or money order not specifically made payable to the Company.
        2.  All such premium payments shall be received and held in a fiduciary capacity by you as trustee of the Company and remitted to your Regional Director.  Receipts are to be issued for all cash payments.

    D.  You are authorized to publish advertising material referencing the Company's name, its products or services only upon the prior written approval of the Company Compliance Officer.

## III.    *LIMITATION OF AUTHORITY*

A.  You do not have the authority to make, alter, modify or discharge any policy or contract; extend any provision thereof; extend the time for payments; waive any forfeiture; incur any debts or expenses for which the Company may be liable; receive any monies for the Company except as may be herein or elsewhere specifically be authorized in writing by a Company vice president; withhold or convert to your own use or for the benefit of others, any monies, securities, contracts, certificates or receipts belonging to the Company; or fail to submit promptly to the Company any completed application for membership; or accept payments other than in current funds of the United States.

B.  You do not have the authority to endorse or present for collection any check, draft or other instrument made payable to the Company.

## IV.    *PROVISIONS RELATING TO ALL FEES PAID*

A.  You shall remit promptly to the Company gross payments and other monies received or collected on behalf of the Company in the form of premium payments and shall not deduct or retain fees which may be payable hereunder.

B.  All fees due for business approved will be paid by the Company on or about the 10th and 25th of each month or the Friday before when the 10th or 25th day falls on a weekend.

C.  Any fees to which you may be entitled hereunder shall be payable to you only after the due date of the payment and after receipt of the gross payment by the Company at its home office. Any commission paid to agents working under you reduces your compensation by that amount.

D.  There shall be no additional compensation or reimbursement to you for costs or expenses incurred in performing services hereunder.

E.  You will continue to receive the full override of the broker's business submitted by subcontractors, even if subcontractors are no longer contracted along with all renewals on whole life business written under prior agreements provided you are an active producer in good standing with the Company.

F.  If this Agreement is terminated, no fees shall be payable hereunder for services or work performed subsequent to the date of termination.

G.  Fees payable according to the Company's fee schedule may be amended by notice in writing from the Company and such amendment shall take effect at the time specified in the notice. Notices shall be mailed to your last known address as reflected in the Company's records.

H.  This Agreement will terminate immediately upon your death, and any fees due and payable to you at the time of your death or thereafter under this Agreement shall be paid to the executor or administrator of your estate, or to your assigns, as applicable.

V.    _**GENERAL PROVISIONS**_

A.  Conduct of FSR: You shall be free to exercise personal judgment as to the time and manner of performing services authorized under this Agreement, but shall be guided by such rules as may be adopted by the Company concerning general business conduct. In all cases, you shall perform hereunder in strict accordance with the laws and regulations of the jurisdiction in which you are authorized to represent the Company, in observance of the highest standards of professional conduct and integrity.

B.  Training/Conduct of Sub-Contractor: You are responsible for assuring that subcontractors employed by you are trained properly on all Company insurance products and operating procedures, including correctly filling out applications, medical requirements, and conducting their affairs in accordance with the highest standards of integrity. These subcontractors must be licensed and appointed prior to any sales activity.

C.  Prior Contract Superseded: This Agreement shall supersede any and all prior agreements between the parties hereto, whether written or oral except for payments of renewals as pertains to active FSR agreements where producers are in good standing with the Company.

D.  Signed Ethical Code of Agent Market Conduct must be on file at AFBA Life.

E.  Terminated Cases: The FSR is responsible for all charge backs of subcontractors.

F.  The following AFBA Life and AFBA Whole Life and Universal products sold and subsequently terminated in the first twelve (12) month will have fees on commission charged back to your account and repaid to the Company according to the following schedule:

| Terminations | within four months | —100% |
|---|---|---|
|  | 5 - 8 months | —50 % |
|  | 9 - 12 months | —25% |
|  | after 12 months | —0 |

G.  Escrow Account: The Company may elect to retain in escrow for the charge back period all or any portion of fees accruing from enrollment of applicants, pending satisfactory maintenance of scheduled premium payments.

H.  Indebtedness:

1.   You hereby grant to the Company a first security interest in all fees becoming due hereunder to secure any indebtedness to the Company; and the Company may at any time apply fees payable to you hereunder or any other monies payable to you by the Company to reduce any such outstanding indebtedness.

2.   Your entire indebtedness to the Company as recorded in the records of the Company, may, at the election of the Company, be deemed due and payable in full at any time.

3.   In addition to payment of the principal sum of any indebtedness to the Company, you shall also be liable for any costs, including reasonable attorney fees and other collection expenses, incurred by the Company in connection with the recovery from you of such indebtedness.

I.   Assignment: No assignment or other transfer by you of any right, title or interest herein, or of any benefits accruing hereunder, in whole or in part, shall be valid and any such attempted assignment of transfer shall be void unless the written consent of the Company thereto has first been given. Any assignee of rights or benefits hereunder shall be subject to all the terms and provisions hereof.

J.  <u>Amendment</u>:  This Agreement may be amended at any time by written notice from a duly authorized officer of the Company.

K.  <u>Hold Harmless</u>:  You agree to indemnify and hold the Company harmless from any losses, expenses, costs or damages resulting from acts or omissions on your part constituting a breach of any of the terms of this Agreement.

## VI.  *TERMINATION*

A.  This Agreement may be terminated without cause by either party upon at least thirty (30) days prior written notice to the other party. Such termination shall be effective thirty (30) days after the mailing of written notice thereof, or on the date specified in such notice, if later.

B.  This Agreement may be terminated immediately by the Company without notice for "cause" which terms shall include, but not be limited to, the following:

1.  Allegations or commissions of a fraudulent, illegal or dishonest act by you.

2.  Violation of the laws, regulations, or rules of any jurisdiction in which you operate, or of any governmental authority exercising jurisdiction over you.

3.  Breach of any provision of this Agreement, including, but not limited to the performance of your responsibilities under this Agreement in bad faith.

Termination for "cause" may, at the option of the Company, result in forfeiture of all unpaid fees which may be due to you under this Agreement as of the termination date or thereafter.

## VII.  SIGNATURE

I hereby acknowledge that I have read and understand the provisions of the foregoing Field Service Representative Agreement (Form 101) 1/97. I further acknowledge that said Agreement will not be deemed in effect until such time as I am in receipt of the counter-signed copy of this signature page of the Agreement.

### 1. FIELD SERVICE REPRESENTATIVE:

BRAD LOVESY
_____
Name (Print or Type)

_____
Signature

GUALALA, CA
_____
City, State

3-22-01
_____
Date

### 2. REGIONAL SALES DIRECTOR:

_____
Name

_____
Signature

_____
City, State

_____
Date

### 3. VICE PRESIDENT OF REGIONAL OPERATIONS:

_____
Name

_____
Signature

_____
City, State

APR 6 2001
_____
Date

### 4. SENIOR VICE PRESIDENT:

_____
Name

_____
Signature

_____
City, State

APR 6 2001
_____
Date

Form 101 (4/00)                    Page 5 of 5

FSR Name (print) *BRAD LOVESY*

## Field Service Representative Compensation Addendum

## FSR1

*EVA360Y*

**I.    ID3 Products\***

| | Yr 1\*\* | Yr 2 | Yr 3 | Yr 4 | Yr 5 | Yr 6 | Yr 7+ |
|---|---|---|---|---|---|---|---|
| *Military Better Alternative* | 100% | 0 | 0 | 0 | 0 | 0 | 0 |
| *Military Better Alternative* Active Duty (Age under 30; single no children) | 0% | 0 | 0 | 0 | 0 | 0 | 0 |
| *5Star Group Level Term* | 80% | 0 | 0 | 0 | 0 | 0 | 0 |
| *Family Protection Plan* | 50% | 0 | 0 | 0 | 0 | 0 | 0 |
| *Economizer Whole Life* | 80% | 5% | 5% | 5% | 5% | 0 | 0 |
| *Universal Life* | 80% | 5% | 5% | 5% | 5% | 0 | 0 |
| *Universal Life – Excess Premium* | 3% | 2% | 2% | 1% | 1% | 0 | 0 |
| *Group Silver Premier WL* | 80% | 5% | 3% | 3% | 3% | 0 | 0 |
| *Select Term* | 80% | 0 | 0 | 0 | 0 | 0 | 0 |
| *Ind. Level Term* | 65% | 0 | 0 | 0 | 0 | 0 | 0 |
| *Ind. Select Term* | 80% | 0 | 0 | 0 | 0 | 0 | 0 |
| *Ultimate Select Term to 100* | 80% | 0 | 0 | 0 | 0 | 0 | 0 |

*\*\* commissionable premium FY only; target premium for U.L.; option B will be based on option A premium)*

**II.    Multiple Employer Trust**

| Commission | Annual Premium | |
|---|---|---|
| 10% | First | $2,500 |
| 9% | next | $2,500 |
| 8% | next | $5,000 |
| 6% | next | $15,000 |
| 2% | next | $25,000 |
| 1% | next | $50,000 |
| .5% | next | $150,000 |
| .25% | next | $250,000 |

*\*\*Note  Lower level FSR compensation will be deducted from gross commissions*

Accepted:

FSR Signature            6/4/03
(Date)

5Star Life Insurance Company:

Regional Sales Director

Regional Vice President

JUN 2 0 2003

*FSR1 COMP 6/03*

*This agreement supersedes all previous commission schedules and addendums  {/Title (I) /Author (AFBA_USER) /Subject() /Keywords () /Cre*

# EXHIBIT 2

Haight Brown & Bonesteel LLP



LAWYERS

71 Stevenson Street
20th Floor
San Francisco, CA
94105-2981

*tel:* 415.546.7500
*fax:* 415.546.7505

www.hbblaw.com

Africa E. Davidson
*direct:* (415) 546-7500
adavidson@hbblaw.com

November 20, 2007

## VIA EMAIL AND U.S. MAIL

Brooke L. Killian, Esq.
Charles L. Deem, Esq.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA  92101

       Re:    Lovesy v. Armed Forces Benefit Association, et al.
               USDC Northern District of California Case No. 4:07 CV 02745 SBA

Dear Counsel:

       This letter serves as Mr. Lovesy's response to Defendants Armed Forces Benefits Association ("AFBA") and 5Star Life Insurance Company ("5Star") (collectively, "AFBA/5Star") October 19, 2007 meet and confer letter regarding their intent to file a motion to dismiss the First Amended Complaint ("FAC").

       You argue that many factual allegations in the FAC (and now, presumably, the Second Amended Complaint ("SAC")) are directly contradicted by the contents of the contracts, but do not specify which allegations you believe those to be.  As such, we cannot substantively address this issue, other than to say that we disagree.

       AFBA is the predecessor to both AFBA Life Insurance Company and 5Star Life Insurance Company, and neither the corporate website nor marketing materials appear to differentiate the entities substantially.  While under contract with 5Star, Mr. Lovesy routinely received letters on AFBA letterhead regarding his sales performance.  He also received accolades in AFBA mailed flyers regarding the same.  It is our contention that AFBA does business under the names AFBA Life Insurance Company and 5Star Life Insurance Company.  Therefore, AFBA is a proper party to the lawsuit and to the agreements between Mr. Lovesy and 5Star, Inc.

       Addressing your third point regarding Mr. Lovesy's Cal. Bus. & Prof. Code § 16600 claim, we believe adequate basis for the cause of action is provided thusly:  Brad Lovesy did business under both his name individually, and the name of Pacific Consolidated Investments,

Haight Brown & Bonesteel LLP

Brooke L. Killian, Esq.
November 20, 2007
Page 2

Inc. ("Pacific Consolidated").  Pacific Consolidated was added as a party to the SAC; however,
each named Defendant knew that in conducting business with Pacific Consolidated, it was in fact
dealing with Brad Lovesy.  Therefore, we believe Mr. Lovesy does have standing to sue under
the TGS Agreement.

      Further, a section 16600 cause of action is properly asserted against AFBA/5Star, who
inserted themselves into the TGS Agreement by communicating to Mr. Lovesy that he could
either enter into the Agreement with The Shuey Defendants, or AFBA/5Star would allow them
to directly solicit service members in California, precluding Mr. Lovesy from performance under
the Field Service and Regional Director Agreements.  AFBA/5Star acted as agents on behalf The
Shuey Defendants in procuring the Agreement, and are proper parties to this cause of action
despite not being named parties to the TGS Agreement.  Finally, a 16600 cause of action does
not require that one be completely prohibited from engaging in their trade.  This Agreement
sought to preclude Mr. Lovesy from doing business with a significant portion of the relevant
market by limiting the products he could sell, which is sufficient.  *See, General Commercial
Packaging v. TPS Package Engineering, Inc.*, 126 F. 3d 1131, 1134 (1997).  The SAC deals with
the relief requested, which should now be satisfactory.

      The breach of contract claims are, we believe, quite clear.  Mr. Lovesy has specifically
alleged payments owed for work done under the Field Service Agreements ("FSA") and
Regional Director Agreements ("RDA").  Your argument that Mr. Lovesy cannot factually
support this claim is premature, given that the parties have yet to make their Initial Disclosures
or begin discovery.

      Mr. Lovesy's claims of breach are based on retaliatory discharge, and do not require
authority under any term of the relevant contracts.  The purported termination followed Mr.
Lovesy's complaints to AFBA/5Star regarding their non-performance under the FSA and RDA.
A claim of retaliatory discharge is independent of the term of the employment.  *General
Dynamics Corp. v. Superior Court*, 7 Cal. 4th 1164, 1180 (1994), *quoting, Foley v. Interactive
Data Corp.*, 47 Cal. 3d 654, 675 (1988).  The harm caused by the breach of those contracts was
AFBA/5Star's ratification of their prior non-performance as well as their punishment of Mr.
Lovesy for the right of performance imbued to him both by the contracts and by law.

      AFBA/5Star breached of the covenant of good faith and fair dealing by stating their
intent to allow The Shuey Defendants to directly solicit in California, frustrating the purpose of
the FSA and RSA with Mr. Lovesy.  This behavior was intentional and wrongful, and did not, if
fact, facilitate either agreement.  Exclusivity is not a term expressly discussed in either the FSA
or the RDA, however we believe evidence that exclusivity was both expected by Regional
Directors and practiced by AFBA/5Star can be proved on a parol basis.  The contracts are silent
on these issues, and, unlike the contract in *Epis, Inc. v. Fid. & Guar. Life Ins. Co.*, this is not an
issue specifically incorporated into the contract.  156 F. Supp. 2d 1116, 1127-28 (N.D. Cal.

Haight Brown & Bonesteel LLP

Brooke L. Killian, Esq.
November 20, 2007
Page 3

2001).  We believe the issues of facts sufficient to allege non-payment and termination of the
agreements was discussed sufficiently above.

    Finally, Mr. Lovesy's claims of non-performance and non-payment are the crux of his
contract claims.  As either parties to the contract or performers under the contract, AFBA/5Star
were in fact fiduciaries of Mr. Lovesy, and an accounting is clearly warranted.  Please feel free to
contact me if you should wish to discuss these matters further.

                                Very truly yours,

                                Africa E. Davidson
                                Haight Brown & Bonesteel LLP

cc:    Margaret Grover, Esq.

# EXHIBIT 3



DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California  92101-4297
www.dlapiper.com

Brooke L. Killian
brooke.killian@dlapiper.com
T  619.699.3439
F  619.764.6739

November 21, 2007
*VIA E-MAIL AND U.S. MAIL*

OUR FILE NO. 332602-3

Margaret J. Grover, Esq.
Africa Davidson, Esq.
Haight, Brown & Bonesteel
71 Stevenson Street, 20th Floor
San Francisco, CA  94105-2981

Re:     *Brad Lovesy v. AFBA, et al. // Meet and Confer Regarding Motion to Dismiss*
        *USDC Northern District of California Case No. 4:07 CV 02745 SBA*

Dear Counsel:

        We received Brad Lovesy's Second Amended Complaint ("SAC") in the above captioned matter. Defendants Armed Forces Benefits Association ("AFBA") and 5Star Life Insurance Company ("5Star") (collectively, "Defendants") [1] intend to file a Motion to Dismiss Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint. [2] This letter shall serve as Defendants' attempt to meet and confer pursuant to the standing order of the Honorable Saundra B. Armstrong.  As the substantive allegations in the SAC have not materially changed from those contained in the First Amended Complaint, the letter largely tracks the arguments contained in our last meet and confer efforts.

        The SAC fails to state a claim upon which relief may be granted.  Many of the allegations in the SAC are directly contradicted by the actual agreements that purportedly existed between the parties. Further, being that AFBA is not a party to any of the contracts referenced in the SAC, the SAC must be dismissed in its entirety with respect to AFBA.  Finally, for each of Lovesy's four causes of action against Defendants, Lovesy fails to state the facts necessary to establish a cause of action.  The key arguments and cases on which Defendants intend to rely in their Motion to Dismiss are outlined below.

---

[1] We are conducting an investigation of Mr. Lovesy's allegations regarding three new defendants, The 5Star Association, 5Star Financial, LLC, and 5Star Financial Services Company.  At this time we are not authorized to accept service on behalf of these entities, however, we will discuss the issue of service with our clients and update you as we learn more.  As we do not currently represent the newly named defendants, this letter does not address Lovesy's allegations against them.

[2] As Lovesy has failed to allege any new material facts with respect to the substantive causes of action in response to our two prior meet and confer attempts, and because any facts Lovesy could allege to cure the deficiencies are directly disputed by the Agreements at issue, Defendants AFBA and 5Star will move to dismiss the SAC without leave to amend.



Margaret J. Grover
November 21, 2007
Page Two

**1.    *Lovesy Fails to Attach Copies of the Agreements to the Complaint.***

In deciding a motion to dismiss, a court may consider any document referenced in the complaint and which are central to the causes of action asserted in the complaint, without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Plaintiff Brad Lovesy ("Lovesy") refers to four agreements in the complaint: (1) Regional Sales Director Agreement (the "Director Agreement"); (2) Regional Sales Director Compensation Addendum (the "Compensation Addendum"); (3) Independent Field Service Representative Agreement (the "Representative Agreement"); and (4) Memorandum of Agreement between Lovesy and Ted Shuey Agency (the "TGS Agreement"). Many of Lovesy's factual allegations in the SAC are directly contradicted by the contents of the actual contracts.

**2.    *AFBA is Not a Proper Party to the Lawsuit.***

AFBA is not a party to any of the agreements referenced by Lovesy in the SAC; 5Star and one or more of the Shuey Defendants are the only defendants who are party to the agreements upon which Lovesy sues. 5Star executed the Director Agreement and the Compensation Addendum; Ted Shuey executed the TGS Agreement. AFBA Life Insurance Company, now known as 5Star Life Insurance Company, ("AFBA Life")—not AFBA—signed the Representative Agreement.

AFBA and AFBA Life are separate legal entities. Effective October 16, 2000, AFBA Life changed its name from AFBA Life to 5Star Life Insurance Company. Defendants will seek judicial notice of this fact based on the attached public records evidencing the change of name.

Further, Lovesy's boilerplate alter ego allegations are insufficient to establish alter ego liability. Lovesy fails to allege any facts suggesting that AFBA and 5Star abused their corporate forms in bad faith and with the intent of prejudicing Lovesy. Accordingly, AFBA cannot be liable for the actions of and obligations purportedly created by 5Star. *Erkenbrecher v. Grant*, 187 Cal. 7 (1921).

Each of Lovesy's causes of action against AFBA are based on one of the contracts referenced in the SAC. As AFBA is a third party to each of those agreements, and not the alter ego of 5Star, Lovesy cannot state a claim against AFBA and as a result, AFBA is not a proper party to this litigation.

**3.    *The Complaint Fails to State a Cause of Action Under California's Unfair Competition Law, Based on a Violation of California Business & Professions Code Section 16600.***

Defendants will move to dismiss Lovesy's Unfair Competition Law ("UCL") claim (based on an alleged violation of California Business and Professions Code Section 16600) for four reasons. First, the UCL cause of action is not properly asserted against AFBA and 5Star, who are non-parties to the only agreement potentially limiting Lovesy's ability to participate in his trade or profession. Although Lovesy



Margaret J. Grover
November 21, 2007
Page Three

now contends that AFBA and 5Star required Lovesy to enter into an agreement with the Shuey Defendants, requiring Lovesy to enter into an agreement, absent allegations that AFBA and 5Star were aware of the allegedly impermissible clause in that agreement, does not violate Section 16600. Moreover, AFBA and 5Star could not have possibly anticipated in 2003, when they purportedly required Lovesy to enter into an agreement with the Shuey Defendants, that the Memorandum of Agreement, entered into in August of 2004, would contain an allegedly impermissible clause.

Second, the TGS Agreement does not violate Section 16600 because it does not prohibit Lovesy from engaging in his trade; the agreement permits Lovesy to market SSLI and Better Alternative products to members of the California National Guard and all other products to members of the general public. *See Gen. Comm. Packaging v. TPS Package*, 126 F.3d 1131, 1133 (9th Cir. 1997).

Third, Lovesy is not entitled to the relief requested under any set of facts. Lovesy's only prayer for relief seeks damages, which are not permitted under the UCL. *See* Cal. Bus. & Prof. Code § 17203; *see also, e.g., Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992) ("damages are not available under section 17203"); *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999). Further, Lovesy alleges that a constructive trust should be established. Lovesy's only possible theory of constructive trust implicates nonrestitutionary disgorgement, which is impermissible under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. App. 4th 1134, 1146-47 (2003); *Vikco Ins. Servs., Inc. v. Ohio Indem. Co.*, 70 Cal. App. 4th 55, 67 (1999).

Fourth, the SAC contains two new theories under which Defendants allegedly violated the UCL. Both are insufficient. Lovesy's allegation that Defendants routinely failed to properly process policies cannot fairly be construed as a charging allegation against AFBA and/or 5Star; there are no allegations in the SAC that AFBA and/or 5Star ever processed policies for Lovesy. Additionally, Lovesy summarily alleges that Defendants interfered with Lovesy's right to commissions, which constitutes an unfair and unlawful business act. Lovesy does not allege a cognizable legal theory explaining why the alleged interference constitutes an unlawful practice. Further, Lovesy had no exclusive right to operate in the "Assigned Region."[3]

**4.     The Complaint Fails to State a Cause of Action for Breach of Contract.**

Lovesy's claim for breach of contract must also be dismissed. Lovesy fails to allege any facts that (1) support his summary claim that he is owed money under the contract, (2) assert which, if any,

---

[3] Lovesy's recent meet and confer letter suggests that Lovesy will offer parol evidence supporting his claim to exclusive rights to operate in the alleged Assigned Region, however, parol evidence is not considered on a motion to dismiss and Lovesy fails to allege in the SAC that any act or conduct by Defendants amended the Agreements.



Margaret J. Grover
November 21, 2007
Page Four

provision of the agreements was breached by his purported termination,[4] and (3) specify the nature of the purported harm caused by the alleged breach. Accordingly, no cause of action for breach of contract is stated in the SAC.

     5.     *The Complaint Fails to State a Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing.*

     Lovesy alleges AFBA and 5Star engaged in four types of conduct in violation of the covenant of good faith and fair dealing. Each must be dismissed, as discussed below.

     *Requiring Lovesy to "Rely Upon" the Shuey Defendants.* Lovesy fails to explain how Defendants' actions allegedly requiring Lovesy to rely upon TGS and Shuey amount to intentional conduct by Defendants to deny Lovesy the benefits of the Director and Representative Agreements, as opposed to facilitating those agreements.

     *Permitting the Shuey Defendants to Solicit Policies in the Alleged Assigned Region.* This claim is without merit for two reasons. First, an exclusive right to solicit policies in the Alleged Assigned Region is not a benefit guaranteed under the agreements, and therefore, this right cannot provide the basis for a covenant of good faith cause of action. (*See* Director Agreement, generally; Representative Agreement, generally); *Epis, Inc. v. Fid. & Guar. Life Ins. Co.*, 156 F. Supp. 2d 1116, 1127-28 (N.D. Cal. 2001) (court will not impose additional rights on the parties beyond those incorporated into the contract). Second, Defendants do not maintain any control over the Shuey Defendants such that Defendants could prevent them from soliciting policies in the Assigned Region.

     *Failing to Pay "Amounts Due to [Lovesy]."* Lovesy fails to allege facts sufficient to establish that (1) any amount was due him under the agreements, and (2) any failure by Defendants to pay him under the contract was undertaken in bad faith and with the intention to deny him a right under the agreements.

     *Terminating the Agreements "in Response to [Lovesy's] Efforts to Obtain Performance."* Lovesy's claim must fail because his relationship with Defendants was "at will." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 350 (2000) (termination of an at-will relationship, even if unfair, does not injure the right of the agent to any benefit of the agreement).

---

[4] Importantly, each of the contracts between Lovesy and 5Star provides that the Agreements may be terminated by either party without cause.



Margaret J. Grover
November 21, 2007
Page Five

**6.    *The Complaint Fails to State a Cause of Action for an Accounting.***

Lovesy has not alleged any facts that warrant an accounting.  The SAC does not allege facts
sufficient to show that (1) Defendants were fiduciaries of Lovesy, or (2) Lovesy is entitled to money under
the contract or damages pursuant to any cause of action alleged in the SAC.  As such, no cause of action
for an accounting stands.  *See San Pedro Lumber Co. v. Reynolds*, 111 Cal. 588, 596-97 (1896).

Please contact Charlie Deem or me at your soonest convenience to discuss.  Unless Lovesy
agrees to resolve the deficiencies in the SAC, Defendants AFBA and 5Star Life Insurance Company
(formerly known as AFBA Life Insurance Company) intend to file a Motion to Dismiss.

Very truly yours,

**DLA Piper US LLP**

Brooke L. Killian
Associate

Admitted to Practice in California

cc:    Charles L. Deem, Esq.
       Robin M. Cleary, Esq.
       Michael T. McKeeman, Esq.

BLK:cg
SD\1775174.1
332602-3

# EXHIBIT 4

Haight Brown & Bonesteel LLP

**LAWYERS**

71 Stevenson Street
20th Floor
San Francisco, CA
94105-2981

*tel:* 415.546.7500
*fax:* 415.546.7505

www.hbblaw.com



Africa E. Davidson
*direct:* (415) 546-7500
adavidson@hbblaw.com

November 29, 2007

**VIA EMAIL AND U.S. MAIL**

Brooke L. Killian, Esq.
Charles L. Deem, Esq.
DLA Piper US LLP
401 B Street, Suite 1700
San Diego, CA 92101

       Re:   *Lovesy v. Armed Forces Benefit Association, et al.*
              USDC Northern District of California Case No. 4:07 CV 02745 SBA

Dear Counsel:

I am in receipt of your meet and confer letter of November 21, 2007 regarding the Second Amended Complaint ("SAC") in this matter. On November 20, 2007, I sent you a meet and confer letter addressing the concerns you raised regarding the First Amended Complaint and explaining the overlap with the recently filed SAC.

The concerns raised in your most recent meet and confer were discussed in my letter of last week. If you continue to have concerns regarding these matters after reviewing that letter, I would be happy to discuss them further.

             Very truly yours,

             *Africa Davidson by TG*

             Africa E. Davidson
             Haight Brown & Bonesteel LLP

cc:    Margaret J. Grover, Esq.

# EXHIBIT 5



DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Brooke L. Killian
brooke.killian@dlapiper.com
T  619.699.3439
F  619.764.6739

November 30, 2007
*VIA E-MAIL AND U.S. MAIL*

OUR FILE NO. 332602-3

Africa Davidson, Esq.
Haight, Brown & Bonesteel
71 Stevenson Street, 20th Floor
San Francisco, CA 94105-2981

Re:     ***Brad Lovesy v. AFBA, et al. // Meet and Confer Regarding Motion to Dismiss***
         *USDC Northern District of California Case No. 4:07 CV 02745 SBA*

Dear Ms. Davidson:

        I am in receipt of your letter dated November 29, 2007 regarding our meet and confer efforts.  We understand that your letter of November 20, 2007 responded to many of the concerns raised in our November 21, 2007 meet and confer letter regarding Defendants Armed Forces Benefit Association ("AFBA") and 5Star Life Insurance Company's ("5Star") motion to dismiss Plaintiff Brad Lovesy's ("Lovesy") Second Amended Complaint ("SAC").  We wanted to highlight some of the new issues for you, and provide you with an opportunity to respond.

        1.      ***General Issues.***

                • Lovesy's boilerplate alter ego allegations are insufficient to plead alter ego liability. Lovesy fails to allege any facts suggesting that AFBA and 5Star abused their corporate forms in bad faith and with the intent of prejudicing Lovesy.  Accordingly, based on the facts Lovesy has plead in the SAC, AFBA cannot be liable for the actions of and obligations purportedly created by 5Star.

                • AFBA and 5Star intends to seek dismissal of the SAC with prejudice because Lovesy failed to allege any new substantive facts in the SAC that are materially different from those in the First Amended Complaint, despite two prior meet and confer attempts. Lovesy cannot cure the deficiencies without alleging facts directly contrary to the agreements at issue.

        2.      ***Lovesy's UCL Cause of Action***

                • Lovesy's Unfair Competition Law ("UCL") cause of action is not properly asserted against AFBA and 5Star, who are non-parties to the relevant agreement.  Although Lovesy now contends that AFBA and 5Star required Lovesy to enter into an agreement with the Shuey Defendants, requiring Lovesy to enter into an agreement, absent allegations that AFBA and 5Star were aware of the allegedly impermissible clause in that agreement, does not violate California Business & Professions Code Section 16600.  Moreover, AFBA and 5Star could not have possibly anticipated in 2003, when they purportedly required Lovesy to enter into an agreement with the



Africa Davidson
November 30, 2007
Page Two

Shuey Defendants, that the Memorandum of Agreement, entered into in August of 2004, would contain an allegedly impermissible clause.

- Lovesy's allegation that Defendants routinely failed to properly process policies cannot fairly be construed as a charging allegation against AFBA and/or 5Star; there are no allegations in the SAC that AFBA and/or 5Star ever processed policies for Lovesy.

- Lovesy summarily alleges that Defendants interfered with Lovesy's right to commissions, which constitutes an unfair and unlawful business act. Lovesy does not allege a cognizable legal theory explaining why the alleged interference constitutes an unlawful practice. Further, Lovesy had no exclusive right to operate in the "Assigned Region." (Although Lovesy's recent meet and confer letter suggests that Lovesy will offer parol evidence supporting his claim to exclusive rights to operate in the alleged Assigned Region, parol evidence is not considered on a motion to dismiss and Lovesy fails to allege such parol evidence in the SAC.)

- Lovesy is not entitled to the relief he seeks with respect to the UCL cause of action. Lovesy's only prayer for relief seeks damages, which are not permitted under the UCL.

Please contact Charlie Deem or me at your soonest convenience if you would like to discuss.

Very truly yours,

**DLA Piper US LLP**

Brooke L. Killian
Associate

Admitted to Practice in California

cc:     Charles L. Deem, Esq.
        Robin M. Cleary, Esq.
        Michael T. McKeeman, Esq.
        Margaret J. Grover, Esq.

BLK:cg
SD\1775868.1
332602-3

# EXHIBIT 6

**Killian, Brooke**

| | |
|---|---|
| **From:** | Killian, Brooke |
| **Sent:** | Thursday, March 20, 2008 3:04 PM |
| **To:** | Grover, Margaret J. |
| **Cc:** | Davidson, Africa; Deem, Charlie; rcleary@seyfarth.com |
| **Subject:** | Lovesy v. AFBA |

Maggie,

The Court's ruling of last week did not fully address three issues presented in Armed Forces Benefit Association ("AFBA") and 5Star Life Insurance Company's ("5Star") motions. We would like to meet and confer on these issues so that we may assess whether we need to file a motion for reconsideration.

Initially, we would like to know if Mr. Lovesy intends to file a third amended complaint, or if he will stand on the counts remaining in the second amended complaint. If Mr. Lovesy does not intend to amend the complaint, we need to know that so we can file a response.

Additionally, we believe the Court did not directly address the following issues in ruling on AFBA and 5Star's motions. We are hopeful that Mr. Lovesy is willing to address these issues in amending the complaint, so that we can avoid additional delay and motion practice:

1.      <u>Attorneys' fees for contract claims</u>:  AFBA and 5Star moved to strike the Second Amended Complaint ("SAC") to the extent it sought attorneys' fees in connection with Mr. Lovesy's first and second causes of action.  Although the Court did not rule on this motion, in his opposition papers, Mr. Lovesy moved to amend his prayer for relief.  The proposed amendment eliminated Mr. Lovesy's request for attorneys' fees in connection with his breach of contract and breach of covenant claims.  We ask that the third amended complaint not include a request for attorneys' fees in connection with Mr. Lovesy's breach of contract and breach of the covenant of good faith and fair dealing causes of action.

2.      <u>Motion for a more definite statement</u>:  The Court did not address AFBA and 5Star's motion for a more definite statement with respect to joint references to AFBA, 5Star, and 5Star Financial.  The Court granted the Shuey Defendants' nearly identical motion on the grounds that the complaint is vague and ambiguous in the absence of alter ego allegations. Since the Court struck the alter ego allegations with respect to AFBA, 5Star, and 5Star Financial, we believe it is likely that the Court would grant AFBA and 5Star's motion for a more definite statement if it were to rule on the motion.  We ask that the third amended complaint distinguish between AFBA and 5Star with respect to each allegation, absent alter ego allegations that comply with the Court's order.

3.      <u>Accounting claim against AFBA</u>:  The Court did not dismiss the accounting cause of action against AFBA.  We believe this may have been an oversight.  In the Order, the Court held that to state a cause of action for an accounting "[t] he plaintiff must allege that the defendant committed some form of misconduct, violated a fiduciary duty, or otherwise owes money to the plaintiff."  (Order at 13.)  The Court did not dismiss the accounting cause of action because "the amount at issue here (*i.e.*, commissions that Lovesy would have earned) is not certain and cannot be determined without discovery."  The Court held that Mr. Lovesy is not entitled to commissions he may have earned under his Unfair Competition Law cause of action, and dismissed the contract causes of action against AFBA.  As a result, there is no "amount[s] at issue" in this lawsuit with respect to AFBA.  In other words, since the Court dismissed AFBA from Mr. Lovesy's substantive causes of action, an accounting cause of action cannot stand against AFBA.  We request that the third amended complaint not allege an accounting cause of action against AFBA, unless Mr. Lovesy can state a cause of action other than for an accounting against AFBA, in accordance with the Court's order.

Please contact Charlie Deem or me at your soonest convenience to discuss these issues.

Thank you,

**Brooke L. Killian**
Associate
**DLA Piper US LLP**
619.699.3439 T
619.764.6739 F
brooke.killian@dlapiper.com
<u>www.dlapiper.com</u>

1

# EXHIBIT 7



DLA Piper US LLP
401 B Street, Suite 1700
San Diego, California 92101-4297
www.dlapiper.com

Brooke L. Killian
brooke.killian@dlapiper.com
T  619.699.3439
F  619.764.6739

OUR FILE NO. 332602-3

April 14, 2008
*VIA E-MAIL AND U.S. MAIL*

Margaret J. Grover, Esq.
Africa Davidson, Esq.
Haight, Brown & Bonesteel
71 Stevenson Street, 20th Floor
San Francisco, CA  94105-2981

Re:     *Lovesy v. Armed Forces Benefit Association II* **Motion to Dismiss Third Amended**
        **Complaint**, Northern District of California Case No. 4:07 CV 02745 SBA

Dear Counsel:

        Defendants 5Star Life Insurance Company ("5Star") and Armed Forces Benefits Association
("AFBA") (collectively, "Defendants") intend to file a Motion to Dismiss Plaintiff Brad Lovesy and Pacific
consolidated Investments, Inc.'s (collectively, "Lovesy") Third Amended Complaint ("TAC") in the above
captioned matter.  This letter serves as Defendants' attempt to meet and confer pursuant to the standing
order of the Honorable Saundra B. Armstrong, United States District Judge.

        In the TAC, Lovesy asserts five counts against Defendants 5Star Life and/or AFBA:  (1) breach of
contract; (2) breach of the covenant of good faith and fair dealing; (3) fraud; (4) violation of California's
Unfair Competition Law; and (5) for an accounting.  For the reasons set forth below, the following causes
of action are deficient in their entirety as to one or more of Defendants:

        1.      Fraud:  Lovesy fails to plead fraud with particularity, fails to allege a misrepresentation,
and bases his cause of action on the false assumption that he was entitled to operate exclusively in
several Western states;

        2.      Unfair Competition Law ("UCL"):  Lovesy's purported UCL cause of action is deficient for
six independent reasons:  (a) Lovesy is entitled to no relief under the UCL, as a cause of action for costs
alone cannot withstand a motion to dismiss, (b) Lovesy's UCL claim improperly assumes, without support
from the underlying agreements, Lovesy was entitled to operate exclusively in several Western states,
(c) Lovesy fails to allege AFBA had knowledge of the contract provision of which Lovesy complains,
(d) Lovesy's UCL claim improperly assumes, without support from the underlying agreements,
Defendants had a duty to process policies, (e) Lovesy has no standing to allege injuries purportedly
suffered by the public as a result of Defendants alleged policy "piggybacking," and (f) Lovesy is not
entitled to future, unearned commissions under the UCL;

        3.      Accounting (AFBA Only):  Lovesy has not stated a cause of action against AFBA for
which monetary relief is available.  (Monetary relief is not available to Lovesy under the UCL; an
accounting is not warranted to determine the amount of costs purportedly owed to Lovesy under the UCL



Margaret J. Grover
Africa Davidson
April 14, 2008
Page Two

cause of action, as AFBA has no way of knowing the amount of Lovesy's costs.)   As AFBA owes no money to Lovesy, Lovesy's accounting cause of action fails as to AFBA as a matter of law.

Additionally, for the reasons set forth below, the following paragraphs, or portions of paragraphs, are Deficient as to one or more of Defendants:

1.      Alter Ego Allegations (Paragraph 5):  In Paragraph 5, Lovesy makes veiled alter ego allegations, but fails to allege any new facts that overcome the Court's Order of March 13, 2008 dismissing nearly identical alter ego allegations in the Second Amended Complaint;

2.      Exclusivity Allegations (Paragraphs 17, 18, 23, 29, 38, 50, 51, 59, 62, 63, 64, 65, 82, 84, 86, 90, 91, 94, and 100):  Lovesy makes no new allegations overcoming the fact that he was not permitted to operate exclusively in any region pursuant to the underlying agreements;

3.      Duty to Process Policies Allegations:  (Paragraphs 21, 22, 37, 52, and 53):  Lovesy makes no new allegations overcoming the fact that Defendants had no duty to process insurance policies pursuant to the underlying agreements;

4.      Section 16600 Allegations (Paragraphs 90 and 91):  Lovesy's allegations related to California Business & Professions Code section 16600 should be stricken because they necessarily and improperly assume Lovesy was entitled to operate exclusively in several Western states;

5.      Section 16600 Allegations (AFBA Only) (Paragraph 91):  Lovesy's allegations related to California Business & Professions Code section 16600 should be stricken with respect to AFBA because Lovesy fails to allege AFBA had knowledge of the allegedly offensive provision;

6.      UCL Allegations Regarding Duty to Process Policies (Paragraph 92):  Lovesy's allegations that Defendants violated the UCL by failing to process insurance policies should be stricken because Lovesy fails to include allegations sufficient to overcome the fact that Defendants had no duty to process insurance policies pursuant to the underlying agreements;

7.      UCL Allegations Regarding "Piggybacking" (Paragraphs 42 and 93):  Lovesy has no standing to allege a UCL cause of action based on purported policy "piggybacking," as Lovesy suffered no injury-in-fact as a result of Defendants alleged actions (as alleged, only the public could have suffered injury-in-fact);

8.      UCL Allegations Regarding Future Commissions (Paragraph 94):  Lovesy is not entitled to future lost commissions.



Margaret J. Grover
Africa Davidson
April 14, 2008
Page Three

9.    Prayer for Relief In Connection With UCL (Paragraphs 94, 95, and 96; Page 22, Subparagraphs 1 and 2 under "Seventh Cause of Action"):  As Lovesy's cause of action under the UCL fails and he is entitled to no relief, his prayer for relief under the UCL is impermissible;

10.    Prayer for Relief In Connection With Fraud (Paragraphs 87 and 88; Page 22, Subparagraphs 1 through 5 under "Sixth Cause of Action"):  As Lovesy's cause of action for fraud fails and he is entitled to no relief, his prayer for relief for fraud is impermissible;

11.    Prayer for Attorneys' Fees In Connection With Breach of Covenant (Page 21, Subparagraph 3 under "Second Cause of Action"):  Attorneys' fees are not permissible in an action for breach of the covenant of good faith and fair dealing;

12.    Prayer for Prejudgment Interest In Connection With Contract Claims (Paragraphs 55 and 60; Page 21, Subparagraph 2 under "First Cause of Action" and Subparagraph 2 under "Second Cause of Action"):  Lovesy is not entitled to prejudgment interest because his alleged damages cannot be estimated with certainty without an accounting.

As this is Lovesy's fourth complaint, and Defendants' fourth motion to dismiss and/or strike, Defendants will request that the Court grant the motion with prejudice and without leave to amend.

Please contact me at your soonest convenience to discuss.

Very truly yours,

**DLA Piper US LLP**

Brooke L. Killian
Associate

Admitted to Practice in California

Enclosures

cc:    Charles L. Deem, Esq.
       Robin M. Cleary, Esq.
       Michael T. McKeeman, Esq.

BLK:cg
SD\1814772.1
332602-3