1  CHARLES L. DEEM, Bar No. CA-110557
   BROOKE L. KILLIAN, Bar No. CA-239298
2  charles.deem@dlapiper.com
   DLA PIPER US LLP
3  401 B Street, Suite 1700
   San Diego, CA  92101-4297
4  Tel:  619.699.2700
   Fax:  619.699.2701
5
   Attorney for Defendants
6  ARMED FORCES BENEFIT ASSOCIATION and
   5STAR LIFE INSURANCE COMPANY
7

8               UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

10

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, individually, doing business as 5STAR ASSOCIATION, 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,<br><br>Defendants. | CASE NO.  C 07-2745 SBA<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS ARMED FORCES BENEFIT ASSOCIATION AND 5STAR LIFE INSURANCE COMPANY'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS BRAD LOVESY AND PACIFIC CONSOLIDATED INVESTMENT, INC.'S THIRD AMENDED COMPLAINT**<br><br>Date:        June 3, 2008<br>Time:        1:00 p.m.<br>Courtroom: 3<br>Judge:       Hon. Saundra B. Armstrong |

   Defendants 5Star Life Insurance Company ("5Star Life") and Armed Forces Benefit

Association[1] (collectively, "Defendants") submit the following memorandum of points and

authorities in support of their Request for Judicial Notice in support of their motions to dismiss

and strike portions of Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s

(collectively, "Lovesy") Third Amended Complaint for Damages.

/////

---

[1] Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, individually, doing business as 5Star Association."

1

DLA PIPER US LLP
SAN DIEGO

WEST\21393802.1    REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF AFBA AND
                  5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE    CASE NO. C 07-2745 SBA

## I. INTRODUCTION

Using redundant arguments previously rejected by this Court in favor of judicial notice, Lovesy opposes 5Star Life and Armed Forces Benefit Association's request for judicial notice. Lovesy objects to Defendants' request for judicial notice only with respect to two declarations filed by Mr. Michael Kimo Wong in support of Defendants' prior motions to dismiss ("Declarations").[2] Settled law supports a party's right to seek judicial notice of court filings, such as declarations filed in connection with a motion. Lovesy's objections – as previously decided by this Court – are without merit.

## II. FACTS RELEVANT TO THE JUDICIAL NOTICE DISPUTE

The Court previously addressed each of the issues asserted by Lovesy in opposing Defendants' request for judicial notice. Defendants requested judicial notice of court filings similar to the Declarations in connection with their motions to dismiss and strike Lovesy's Second Amended Complaint. In opposing Defendants' request, Lovesy made the same arguments he repeats here – that court filings are not adjudicative facts and that the Court may not take judicial notice of the facts contained within the Court filings. The Court, in an Order dated March 13, 2008, granted Defendants' request for judicial notice. (March 13 Order, *Lovesy v. Armed Forces Benefit Association*, No. C 07-2745 SBA, Docket No. 79, at 5, 22.) In an effort to avoid having to respond to a duplicative opposition, Defendants' request for judicial notice cited to cases referenced by the Court in its March 13, 2008 Order, as well as arguments made in responding to Lovesy's prior opposition papers. Defendants also clearly stated the purpose for which judicial notice was sought, so as to avoid any disputes. Despite Defendants' best efforts, Lovesy filed the instant opposition to Defendants' request for judicial notice.

/////

---

[2] Defendants seek judicial notice of five documents, including the Second Amended Complaint, two declarations by Mr. Wong, the Articles of Incorporation of AFBA Life Insurance Company, and an Amendment to those Articles of Incorporation. Plaintiff does not object to the Request for Judicial Notice with respect to the Second Amended Complaint, Articles of Incorporation, and the Amendment to the Articles of Incorporation. (*See* Plaintiffs' Opposition to Defendants Armed Forces Benefit Association and 5Star Life Insurance Company's Request for Judicial Notice in Support of Their Motion to Dismiss and Strike Portions of the Third Amended Complaint, *passim* (hereinafter "Opp'n to Request for Judicial Notice").)

DLA Piper US LLP
San Diego

WEST\21393802.1   REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF AFBA AND
5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE   CASE NO. C 07-2745 SBA

2

In the Third Amended Complaint, Lovesy alleges Defendants violated California's Unfair Competition Law by purportedly coercing Lovesy to enter into an agreement improperly restricting Lovesy's ability to engage in his profession. In granting Defendants' motion to dismiss Lovesy's Second Amended Complaint with respect to this cause of action, the Court held Lovesy must allege, in good faith, that Defendants had knowledge of the allegedly offensive provision in the agreement in order to state a cause of action for unfair competition. In amending the complaint, Lovesy summarily alleged that Defendants had knowledge of the provision because an employee of 5Star Life, Michael Kimo Wong, knew of the provision.

Although Lovesy's summary allegations may provide sufficient grounds on which the Court could infer 5Star Life had knowledge of the provision, the allegations are insufficient to show Armed Forces Benefit Association had knowledge of the provision. Mr. Wong has provided the Court with two prior declarations, made under oath and subject to the penalty of perjury, stating that he is the Senior Vice President for Operations of 5Star Life. He also declared that he formerly served as the Vice President for Regional Operations of AFBA Life Insurance Company, an entity often confused with Armed Forces Benefit Association. Lovesy had prior notice of Mr. Wong's sworn testimony and yet persists in arguing that Mr. Wong is an employee of Armed Forces Benefit Association. Defendants seek judicial notice of Mr. Wong's prior Declarations to support their assertion that Lovesy's allegations related to Mr. Wong's employer are sham allegations that should be disregarded.

### III. THE DOCUMENTS TO BE JUDICIALLY NOTICED ARE ADJUDICATIVE FACTS SUBJECT TO JUDICIAL NOTICE PURSUANT TO RULE 201.

The Declarations implicate adjudicative facts that are properly the subject of analysis under Rule 201. Lovesy contends the Court is not permitted to take judicial notice of the Declarations because Defendants have not made a threshold showing that the Declarations are "adjudicative of some matter in contention." Plaintiff misunderstands the threshold "adjudicative fact" requirement.

/////

/////

DLA Piper US LLP
San Diego

WEST\21393802.1

3

REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF AFBA AND 5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE    CASE NO. C 07-2745 SBA

1  Federal Rule of Civil Procedure 201 provides that a federal court may take judicial notice
2  of adjudicative facts. Fed. R. Evid. 201. "[A]djudicative facts are those to which the law is
3  applied in the process of adjudication." *Id.* They relate to the parties and the activities,
4  properties, and businesses of the parties. *Id.* By contrast, non-adjudicative facts – also called
5  legislative facts – are those with "relevance to legal reasoning and the lawmaking process." *Id.*,
6  advisory committee note.

7  Unlike adjudicative facts, a court may accept non-adjudicative facts *without being*
8  *satisfied that the facts meet the standard required for judicial notice*: "Judicial notice of
9  legislative facts … is intentionally left unrestricted. **It is only where a fact is characterized as**
10  **adjudicative that the requirements of the Rule must be met**." Fed. R. Evid. 201 *construed in*
11  Stephen A. Saltzburg, *et al.*, Commentary, Federal Rule of Evidence 201 (LEXIS Publishing
12  2008) ("Saltzburg") (emphasis added). Rule 201 does not limit the Court to considering only
13  adjudicative facts; the Rule merely holds that, of legislative and adjudicative facts, only
14  adjudicative facts are subject to Rule 201's threshold requirements before the Court may consider
15  them. *Id.*

16  Accordingly, if Lovesy is correct in asserting the Declarations are non-adjudicative facts,
17  then the Court may acknowledge and consider the Declarations without conducting an analysis
18  under Rule 201. *Id.* Despite Lovesy's concessions, Defendants admit that the Declarations are
19  adjudicative facts subject to the requirements of Rule 201. The Declarations relate to the facts of
20  the case, not legal reasoning or the lawmaking process, and therefore, are adjudicative facts. *Id.*,
21  advisory committee note. The Declarations are subject to Rule 201. *Id.*

**IV.  DEFENDANTS HAVE A PROPER PURPOSE IN SEEKING JUDICIAL NOTICE OF THE EXISTENCE OF THE DECLARATIONS.**

24  Defendants' have asserted a proper purpose for seeking judicial notice of the Declarations.
25  Lovesy objects to Defendants' stated purpose on two grounds. First, Lovesy objects on the
26  ground that "Defendants do not state why they believe this Court should take judicial notices of
27  the Declarations." (Opp'n to Request for Judicial Notice, at 2.) Lovesy is flat wrong. In
28  requesting judicial notice, Defendants stated, "Defendants request judicial notice of [the

4

DLA PIPER US LLP
SAN DIEGO

WEST\21393802.1    REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF AFBA AND
5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE    CASE NO. C 07-2745 SBA

1  Declarations] for the purpose of establishing that the Court's own records contradict Lovesy's
2  allegations that Mr. Wong is an employee of Armed Forces Benefit Association."  Defendants
3  have satisfied the requirement that the purpose for judicial notice be stated.

4  Second, Lovesy argues Defendants' purpose for seeking judicial notice is improper.
5  Lovesy asserts court records may be judicially noticed only to establish the fact of the litigation,
6  the filings, or a decision rendered, but not for the truth of the facts asserted therein.[3]  (Opp'n to
7  Request for Judicial Notice, at 2.)  Defendants do not seek judicial notice of the *facts* contained in
8  the Declarations – *i.e.*, that Mr. Wong is not and has never been an employee of Armed Forces
9  Benefit Association.  Rather, Defendants seek judicial notice of the fact that Mr. Wong declared,
10  under oath, to this Court on two prior occasions that he is or has been an employee of 5Star Life
11  and its predecessor, AFBA Life.  In other words, Defendants seek judicial notice of the existence
12  of the Declarations – not the *truth* of Mr. Wong's assertions therein.

13  Although the truth of Mr. Wong's declarations is contested by Lovesy, Lovesy cannot
14  reasonably dispute that Mr. Wong declared under oath in two documents filed with this Court that
15  he is or was an employee of 5Star Life and AFBA Life.  The Declarations, therefore, may be
16  judicially noticed in accordance with Rule 201.

17  /////
18  /////

---

[3]  Notably, and as pointed out by Defendants in support of their Request for Judicial Notice in connection with their motion to dismiss Plaintiffs' Second Amended Complaint, none of the cases cited by Lovesy support Lovesy's position.  In that document, Defendants stated:

> Defendants are perplexed by Plaintiffs' citation to three cases supporting their assertion that official court records may be judicially noticed to establish only the fact of litigation and filing. (Plaintiffs' Opp'n to Request for Judicial Notice, 2-3.)  None of the cases expressly limits the use of judicially noticed official records.  *Sandpiper Village v. Louisiana-Pac. Corp.*, 428 F.3d 831, 837 n.4 (9th Cir. 2005); *Meredith v. Oregon*, 321 F.3d 807, 817 n.10 (9th Cir. 2003); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (overruled on other grounds).  In fact, in *Sandpiper*, the court appears to consider portions of a judicially noticed trial transcript in deciding an appeal on the merits. *Sandpiper*, 428 F.3d at 837.  Moreover, the *Smith* court expressly considered facts contained in judicially noticed "state court documents."  *Smith*, 297 F.3d at 815 (finding that a habeas petition was filed on September 7, 1999 based solely on a statement in a declaration, *i.e.* testimony made by a witness, contained in the state court documents).

Lovesy fails to address Defendants' argument and provide no new case citations.

5

DLA PIPER US LLP
SAN DIEGO

WEST\21393802.1     REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF AFBA AND
5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE     CASE NO. C 07-2745 SBA

## V.   CONCLUSION

Pursuant to Federal Rule of Evidence 201, Defendants 5Star Life and Armed Forces Benefit Association hereby request that the Court grant Defendants' request for judicial notice.

Dated: May 20, 2008

                                DLA PIPER US LLP

                                By   /s/ Charles L. Deem
                                   CHARLES L. DEEM
                                   Attorneys for Defendants
                                   ARMED FORCES BENEFIT ASSOCIATION
                                   and 5STAR LIFE INSURANCE COMPANY

DLA PIPER US LLP
SAN DIEGO

6

WEST\21393802.1   REPLY MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF AFBA AND
5STAR LIFE'S REQUEST FOR JUDICIAL NOTICE   CASE NO. C 07-2745 SBA