CHARLES L. DEEM, Bar No. CA-110557
BROOKE L. KILLIAN, Bar No. CA-239298
charles.deem@dlapiper.com
DLA PIPER US LLP
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

Attorney for Defendants
ARMED FORCES BENEFIT ASSOCIATION and
5STAR LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, individually, doing business as 5STAR ASSOCIATION, 5STAR LIFE INSURANCE COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.,<br><br>Defendants. | CASE NO. C 07-2745 SBA<br><br>**EVIDENTIARY OBJECTIONS TO EXHIBIT A TO DECLARATION OF AFRICA E. DAVIDSON IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND STRIKE PORTIONS OF PLAINTIFFS BRAD LOVESY AND PACIFIC CONSOLIDATED INVESTMENTS, INC.'S THIRD AMENDED COMPLAINT**<br><br>Date:      June 3, 2008<br>Time:      1:00 p.m.<br>Courtroom: 3<br>Judge:     Hon. Saundra B. Armstrong |

Defendants 5Star Life Insurance Company ("5Star Life") and Armed Forces Benefit Association,[1] submit the following evidentiary objections to Exhibit A to the Declaration of Africa E. Davidson, filed in opposition to Defendants motions to dismiss and strike portions of Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc.'s (collectively, "Lovesy") Third Amended Complaint for Damages.

/////

---

[1] Armed Forces Benefit Association was erroneously sued herein as "Armed Forces Benefit Association, individually, doing business as 5Star Association."

1

## I. INTRODUCTION

The Court should disregard Exhibit A, an unreliable document referred to by Lovesy in opposing Defendants' request for judicial notice and motions to dismiss and strike, as Lovesy failed to request – and has no basis to request – judicial notice of Exhibit A. According to Ms. Davidson, Exhibit A is a document downloaded from an Internet website, which purports to contain a biography of Mr. Michael Kino Wong listing his employer as "Armed Forces Benefit Association/5Star." Lovesy attaches Exhibit A to his opposition papers in an attempt to contradict the contents of Mr. Wong's sworn declarations. Judicial notice of Exhibit A is both procedurally and substantively improper, and the document otherwise lacks any reliable foundation.

## II. ARGUMENT

### A. Lovesy Fails To Properly Seek Judicial Notice of Exhibit A.

As an initial matter, the Court should disregard Exhibit A because it is not referenced in the Third Amended Complaint, nor has Lovesy sought judicial notice of Exhibit A. In deciding a motion to dismiss or strike, a district court is permitted to consider allegations apparent only on the face of the complaint, or facts of which the court may take judicial notice. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("extraneous evidence should not be considered in ruling on a motion to dismiss"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (court may consider judicially noticeable facts along with the complaint when deciding a motion to dismiss). Exhibit A, and the information purportedly contained therein, are referenced nowhere in the Third Amended Complaint. (Third Amended Complaint, *passim*.) Further, Lovesy makes no effort to seek judicial notice of Exhibit A. Lovesy is not entitled to have the Court consider Exhibit A in determining the instant motions to dismiss and strike. *Arpin*, 261 F.3d at 925; *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994) (excluding material outside the pleadings from consideration on a Rule 12(b)(6) motion to dismiss).

### B. Judicial Notice of Exhibit A Would Be Improper Even If Sought.

Moreover, judicial notice of Exhibit A would be improper. To be subject to judicial notice, a fact must be "not subject to reasonable dispute," meaning that it must be capable of

accurate determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. Lovesy asks the Court to consider Exhibit A in support of his allegation that Mr. Wong "appear[s] to assert that he is a Senior Vice President of both companies." (Plaintiffs' Opp'n to Defendants Armed Forces Benefit Association and 5Star Life Insurance Company's Request for Judicial Notice in Support of Their Motions to Dismiss and Strike Portions of the Third Amended Complaint, at 3.)

Whether Mr. Wong asserted that he is a Senior Vice President of Armed Forces Benefit Association is not a fact capable of accurate determination by resorting to Exhibit A for two reasons. First, it is not clear from the face of Exhibit A that *Mr. Wong* is asserting that he is a Senior Vice President of Armed Forces Benefit Association, as the author of the website is not given. Second, the accuracy of Exhibit A is reasonably questioned. Ms. Davidson presents no foundation for the document. It is unclear from the document who drafted the biography, whether Mr. Wong approved of the language in the biography, whether "Armed Forces Benefit Association" is a reference to 5Star Life's predecessor company, AFBA Life, and whether the author even understood the distinction between Armed Forces Benefit Association, AFBA Life, and 5Star Life. In short, Exhibit A has no indicia of reliability. Exhibit A is not properly subject to judicial notice under Rule 201.

### C. Lovesy Fails to Allege the Existence of Exhibit A or Facts Purportedly Contained Therein in the Third Amended Complaint.

Finally, even if judicial notice of Exhibit A were substantively proper, Lovesy's introduction of Exhibit A is untimely. If Exhibit A contains facts necessary for Lovesy to state his causes of action, Lovesy must allege such facts *in the complaint*. Lovesy may not present new facts in opposing a motion to dismiss. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (in deciding a Rule 12(b)(6) motion, a court may not consider facts raised for the first time in plaintiff's opposition).

## III. CONCLUSION

The Court should disregard Exhibit A, as Lovesy has failed, at every step, to properly allege or judicially notice the purported facts contained therein, and because judicial notice would

3

1  be improper, even if properly requested.  For these reasons, Defendants 5Star Life and Armed
2  Forces Benefit Association respectfully request that the Court sustain its evidentiary objections to
3  Exhibit A to the Declaration of Africa E. Davidson, filed in opposition to Defendants motions to
4  dismiss and strike portions of Lovesy's Third Amended Complaint for Damages.

5  Dated:  May 20, 2008

DLA PIPER US LLP

By   /s/ Charles L. Deem
CHARLES L. DEEM
Attorneys for Defendants
ARMED FORCES BENEFIT ASSOCIATION
and 5STAR LIFE INSURANCE COMPANY