THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY, et al., | |
| Plaintiffs, | Case No. 07-02745 SBA |
| v. | **ORDER** |
| ARMED FORCES BENEFIT ASSOCIATION et al., | **[Docket No. 106]** |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint. [Docket No. 106]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. L.R. 7-1(b). For the reasons given below, the Court DENIES the motion.

## **Background**

This dispute arises out of the ending of an independent contractor relationship between Defendant 5Star Life, an insurance underwriter, and its former insurance salesperson, Plaintiff Brad Lovesy. Lovesy had a contract with 5Star Life to sell its insurance products, and a contract with Defendant The Shuey Agency, Inc. for administrator services related to 5Star Life insurance policies.

**1. Complaint and First Amended Complaint: May 24, 2007 – September 26, 2007.**

On May 24, 2007, Lovesy and Pacific Consolidated Investments ("Plaintiffs") filed a complaint for civil damages. On June 20, 2007, Defendants Armed Forces Benefit Association ("AFBA") and 5Star Life filed a motion to dismiss, which was withdrawn when the parties stipulated to Plaintiffs' filing a First Amended Complaint ("FAC") which added a party (The Shuey Agency) and additional factual allegations. The FAC was filed on September 26, 2007.

**2. Second Amended Complaint: November 16, 2007 – March 13, 2008.**

Plaintiffs filed a Second Amended Complaint ("SAC") on November 16, 2007. On

December 7, 2007, the following motions were noticed for hearing on February 5, 2008: (1) AFBA and 5Star Life's Motion to Strike/More Definite Statement and (2) Shuey Defendants' Motion to Strike and Motion to Dismiss for lack of personal jurisdiction. The Court issued an Order on the motions on March 13, 2008, and gave Plaintiffs limited leave to amend the complaint. [Docket No. 79]. In the March 13, 2008, Order, the Court struck Plaintiffs' alter-ego allegations against The Shuey Defendants and certain requests for relief. Second, Plaintiffs were ordered to clarify every reference to "The Shuey Defendants," by specifying to which of TSG, The Shuey Agency or Theodore Shuey the phrase referred each time it appeared in the SAC. Plaintiff was also advised to either allege compliance with California Business & Professional Code §17918 (requiring him to have filed a fictitious business name statement) or risk *sua sponte* dismissal of the action. Finally, Plaintiffs were given leave to amend their Section 17200 claim against AFBA and 5Star Life only if they could allege, "in good faith, an adequate factual basis for their allegations and can allege specific facts supporting all of the required elements of their causes of action with respect to each named defendant."

### 3. Third Amended Complaint: April 2, 2008 – November 7, 2008.

Plaintiff filed a Third Amended Complaint ("TAC") on April 2, 2008, and all Defendants filed motions to dismiss some or all claims against them on April 16, 2008. On November 7, 2008, the Court issued two separate Orders on the motions. The Shuey Defendants' motion to dismiss was granted in part and denied in part. [Docket No. 96]. It so happened that when the Order was electronically entered, an incorrect Order was uploaded. *See* Docket No. 96-1. However, the correct Order on the The Shuey Defendant's motion to dismiss was uploaded later the same day. *See* Docket No. 96-2. The Court dismissed claims without prejudice but did not give Plaintiffs leave to amend.

The motion to dismiss by AFBA and 5Star Life was also granted in part and denied part. [Docket No. 97]. Plaintiffs were given limited leave to amend the seventh cause of action (Section 17200, unfair competition law ("UCL")), and this was exclusively in order to include a prayer for

2

injunctive relief in connection with the UCL claim. [Order, p. 6].

**4. The Fourth Amended Complaint: December 1, 2008 – present.**

A Fourth Amended Complaint was filed on December 1, 2008. In spite of the fact that the Court's Orders of November 7, 2008, only granted Plaintiffs leave to amend the UCL claim against 5StarLife, Plaintiffs added a number of new allegations to the complaint. Additionally, those portions of the TAC that had been stricken by the Court were still included in the Fourth Amended Complaint.

As soon as the respective Defendants' counsel received the Fourth Amended Complaint, they contacted Plaintiffs' counsel to discuss the deficiencies. [The Shuey Defendants' Opposition, p. 5, and Lee Decl. ¶ 10; 5Star Life's Opposition, p. 5, and Killian Decl. ¶¶ 23-24]. Some of the deficiencies include: (1) retaining paragraphs specifically stricken by this Court in the November 7, 2008 Order, on 5Star Life's motion to dismiss; (2) retention of a claim for an accounting against Defendant AFBA that was stricken by the Court in the November 7, 2008, Order on 5Star Life's motion to dismiss; (3) retention of relief (disgorgement) in the unfair competition law claim against the Shuey Defendants that was expressly stricken by the Court in the November 7, 2008, Order on the Shuey Defendants' motion to dismiss. According to counsel for The Shuey Defendants, during their conversation about the deficiencies, Plaintiffs' counsel acknowledged error and agreed to file an errata by December 8, 2008. [Lee Decl. ¶ 10]. No errata was filed.

Instead, on December 22, 2008, Defendants received a revised Fourth Amended Complaint with a stipulation for leave to amend. Both sets of defense counsel engaged in substantial correspondence with Plaintiffs' counsel. Counsel for The Shuey Defendants, Patty Lee, sent letters on December 29, 2008, and January 12, 2009, listing the specific defects within the various causes of action. Ms. Lee informed Plaintiffs' counsel that her client would stipulate to the filing of a Fifth Amended Complaint on the condition that Plaintiffs revise their complaint to remedy all the deficiencies set forth in her December 29, 2008, letter. Defense counsel received no response. [Lee Decl. ¶¶ 11-13]. Defense counsel Brooke Killian also engaged in substantial written correspondence

(letters dated December 22, 2008, and December 31, 2008), as well as oral conversations, regarding the deficiencies of the Fourth Amended Complaint and interim versions of the Fifth Amended Complaint. [Killian Decl. ¶ 26].

On January 21, 2009, defense counsel Patty Lee received a Fifth Amended Complaint from Plaintiffs' counsel; it continued to allege the same deficient causes of action against The Shuey Defendants. Ms. Lee attempted to meet and confer with Plaintiffs' counsel regarding the stubborn deficiencies by letters dated January 23, 2009 and February 9, 2009, which persisted despite four earlier meet-and-confer letters (each addressing the pleading problems with great specificity), none of which had received a response. [The Shuey Defs.' Opp'n, Exs. B and C].

At some point between December 1, 2009, when the Fourth Amended Complaint was filed, and February 19, 2009, when Plaintiffs provided Defendants with the proposed Fifth Amended Complaint, Plaintiffs' counsel discovered she was unaware of the corrected Court Order on The Shuey Defendants' motion to dismiss [Docket No. 96-2]. During a conversation with defense counsel, counsel for the Plaintiffs "began to suspect that Defendants' counsel were relying upon and referring to an Order that [she] had not received." [Grover Decl. ¶ 9]. Plaintiffs' counsel reviewed the PACER website and "found that Docket No. 96 had been modified after [she] had downloaded the Orders on November 7, 2008." On that unspecified date, she became aware of the Court's Order on The Shuey Defendants' motion to dismiss and strike portions of the Third Amended Complaint. [Id. ¶ 10]. "Soon after discovering Docket No. 96-2," she provided opposing counsel with a proposed amended complaint that she believed addressed the rulings set forth in the "newly discovered Order." [Id. ¶¶ 11-13]. At least one other meet-and-confer discussion took place to discuss revisions to the pleading, and on February 19, 2009, Plaintiffs' counsel provided opposing counsel with a final version of the proposed Fifth Amended Complaint.

Plaintiffs filed the instant Motion to Amend Complaint on April 7, 2009. The basis of the motion is that because Plaintiffs' counsel did not have the benefit of the Court's rulings when they filed the Fourth Amended Complaint, their failure to cure the pleading deficiencies is inadvertent

4

1 and should be excused. Plaintiffs concede the Fourth Amended Complaint has serious defects that
2 require amendment.

**5. The Proposed Fifth Amended Complaint.**

Plaintiffs specifically allege the following: that they have made ten changes in the proposed amended complaint and that it "does not add new causes of action." According to Plaintiffs, the fraud claim against 5Star Life is purportedly pled with particularity. Second, Defendant AFBA has been eliminated from the accounting claim, as ordered by the Court. Third, the allegations that AFBA and 5Star Life were alter egos of any Shuey Defendants have been eliminated. Fourth, there are new alter ego allegations against The Shuey Defendants. Fifth, the claim for intentional interference with prospective economic advantage has been modified and, according to Plaintiffs, is alleged *only* against Ted Shuey and the TSG Group.[1]

The sixth change in the proposed Fifth Amended Complaint is that the Section 16600 claim has been eliminated, as ordered by the Court. Seventh, the request for attorneys' fees on the claim for breach of covenant of good faith and fair dealing has been eliminated. Eighth, the request for pre-judgment interest has been eliminated. Ninth, as ordered by the Court, all allegations that AFBA and 5Star had a duty to process insurance policies is eliminated as there is no basis in law for it. Tenth, all allegations that Plaintiffs had an exclusive distribution right under the contract have been eliminated. *See* Plaintiffs' Motion, pages 5-9.

**Legal Standard**

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Otherwise, a party may amend a pleading only by leave of court or by the written consent of the adverse party. *See id.* Generally, Rule 15 advises that "leave [to amend] shall be freely given when justice so requires." *Eminence Capital, LLC v. Aspeon, Inc.*,

---

[1] This is clearly incorrect, as a simple review of the proposed complaint demonstrates. The fourth cause of action in the proposed Fifth Amended Complaint is set out in paragraphs 82–92 and is alleged "Against all Defendants." This means that a new cause of action has indeed been added against 5Star Life, because it has never been asserted in the four previous complaints.

5

316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Absent prejudice, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence*, 316 F.3d at 1051 . However, the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint. *Ascon Properties v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

In exercising its broad discretion to deny leave to amend, the court may consider factors such as whether the pleading has been previously amended, whether amendment would be futile, any prejudice that might result to the opposing party if leave to amend is granted, and whether plaintiff has engaged in bad faith or undue delay. *Sisseton-Wahpeton Sioux Tribe of Lake Traverse Indiana Reservation v. United States*, 90 F.3d 351, 355-345 (9th Cir. 1996); s*ee also*, *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 620 (8th Cir. 1995) (denying leave to amend for plaintiff's failure to cure a defect in the complaint despite an opportunity to do so, combined with lack of diligence); *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 654-55 (3rd Cir. 1998) (denying leave to amend because plaintiff improperly sought to plead facts that could have been pleaded earlier, there were three attempts at proper pleading and plaintiff had had ample opportunity to plead allegations properly and completely).

## **Analysis**

**A.    Plaintiffs' stated reason it needs to amend for the fifth time is without merit.**

Plaintiffs' sole explanation for their need to amend the Complaint a fifth time is that they did not properly receive electronic service of one of the two Court Orders entered into the ECF system on November 7, 2008, and they should not be prejudiced by an "electronic glitch in the service of this Court's Orders as to the Third Amended Complaint." [Motion, p. 9]. This argument does not justify their request for at least two reasons.

First, even though the wrong order was initially uploaded to ECF, the Court's mistake was corrected on the very same day, and every party was served electronically. The Plaintiffs are not suggesting that they *never* received service of the Court's Order (which they cannot, in good faith,

6

because the docket shows an electronic receipt of service for the corrected Order). They simply point out that a technical mistake was made, which somehow prevented them from making amendments to the complaint that were responsive to the Court's Orders. Yet Plaintiffs never explain why they failed to detect such an obvious error, which was quickly detected by the Defendants, nor why they failed to notice that the errata Order was electronically served later that same day. The error in the Court's Order was obvious on its face: (1) the Order references old docket numbers that had been previously resolved, (2) the Order explicitly refers to the motions to dismiss the Second Amended Complaint instead of the Third Amended Complaint, and (3) it is dated March 13, 2008. These procedural facts demonstrate that Plaintiffs should have been on inquiry notice of the Order as early as November 7, 2008.

Second, there really is little connection between the Plaintiffs' explanation that its failure to have notice of the Court's Order on The Shuey Defendants prevented it from properly curing deficiencies in a subsequent amended pleading. Six of the ten changes they have made in the proposed Fifth Amended Complaint relate to Defendant 5Star Life and not The Shuey Defendants. In other words, as counsel for 5StarLife asserts, the plaintiffs did not *need* the Court's Order on the Shuey motion to dismiss in order to make 60% of the changes they now propose. They had the benefit of the Court's Order on the 5Star Life motion to dismiss, and did not follow the Court's instructions with respect to amendment.

**B.      Defendants' reasons to deny the motion are supported by the Court's Orders and the law.**

    **1.      There is no logical connection between the Plaintiffs' excuse and the failure to cure pleading deficiencies in the Fourth Amended Complaint.**

First, as discussed above, the Plaintiffs' purported lack of awareness of the Order on The Shuey Defendants' motion should not have affected how they responded in the Fourth Amended Complaint as to the 5Star Life Defendants. The Plaintiffs had the benefit of the Court's Order as to those defendants and did not follow through as ordered by the Court.

7

In addition, now that Plaintiffs are aware of the Court's Order on The Shuey Defendants motion to dismiss, and even attach it to their motion as an exhibit, it is even less comprehensible why the Fifth Amended Complaint still contains a claim that was expressly dismissed by that Order. The Third Amended Complaint stated four claims against all three of The Shuey Defendants: (1) interference with prospective economic advantage, (2) breach of contract, (3) breach of covenant of good faith and fair dealing, and (4) violations of California unfair competition law. The Court's Order of November 7, 2008, dismissed all four, without prejudice, as to two of the three Shuey Defendants: Ted Shuey and the TSG Group, Inc. There is no explicit grant of leave to amend the claims. [Docket No. 96-2, pages 5-11]. Notwithstanding the Court's order, the proposed Fifth Amended Complaint still contains the following claims: (1) Third Cause of Action for interference with prospective economic advantage against Ted Shuey and TSG Group; and (2) Fourth Cause of Action for interference with prospective economic advantage against "All Defendants", which encompasses TSG and Mr. Shuey. This particular claim was dismissed for the second time, and for the same reason: Plaintiffs' failure to allege a conduct that was wrongful by some legal measure other than the fact of the alleged interference itself. [Order, p. 6].

Finally, Plaintiffs contend they have managed to allege the fraud claim against 5Star Life with the requisite particularity required by Rule 9. They contend they cured the deficiencies pointed out by the Court in the November 7, 2008, Order. While this may be true, for the Court to accept the amended allegations at this late date, it would have to find Plaintiffs' excuse for not doing this back on December 1, 2008, to be reasonable. And as discussed above, it is not reasonable because the Court's Order on 5StarLife's motion to dismiss, which spelled out exactly what was wrong with the claims the Court was dismissing, was known to Plaintiffs on November 7, 2008. This was not the Order that was subject to the "electronic glitch." Because the "electronic glitch" excuse is the only one offered by Plaintiffs, it does not provide a sufficient reason for permitting amendment. Moreover, the Court did not give the Plaintiffs leave to amend the fraud claim even though it dismissed without prejudice.

**2.     Plaintiffs' lack of diligence.**

Plaintiffs have not been diligent. The original complaint was filed two years ago. The parties have, since then, litigated motions to dismiss the Second Amended Complaint and motions to dismiss the Third Amended Complaint. The parties have exchanged substantial correspondence and had numerous oral discussions over a three-month period, the sole subject being the persistent deficiencies in the Fourth Amended Complaint. That Plaintiffs believe they should be given a fifth opportunity to get the operative complaint right, after so many efforts, suggests a lack of diligence on their part, for which they offer no justification other than an "electronic glitch."

**3.     Prejudice to the Defendants from a Fifth Amended Complaint.**

Further, this Court's review of the proposed complaint reveals that it is unresponsive to the this Court's prior orders.

Plaintiffs argue that it is perfectly proper to add a new cause of action (intentional interference with economic advantage) against 5StarLife because the "cause of action . . . contains no new facts." [Reply, p. 7]. Moreover, "even were 5Star surprised at the new legal theory, 5Star clearly has not been prejudiced. It has made no efforts to conduct discovery to date and the underlying facts were pled in prior complaints." *Id*. First, one of the reasons Plaintiffs argue they should be permitted to amend the complaint again is that they have added no new causes of action, and this is incorrect. They clearly have, with respect to 5Star Life. *See* this Order, fn. 1.

Defendant explains that it has prevailed in large part on two of its motions to dismiss, and to find itself defending on a brand new cause of action, at this late date, creates substantial prejudice to the Defendant. The Plaintiffs urge the Court to discount any prejudice to 5StarLife because it has not conducted very much discovery to date. However, 5Star Life responds that it had already spent considerable time and money drafting discovery based on allegations in prior complaints. Further, if the new cause of action is permitted to go forward, it will be required to prepare new motions to dismiss and strike, and will require substantial revisions to previously drafted discovery. [Opp'n, p. 16]. The Court notes that the discovery cut-off date is only four months away.

9

Moreover, 5StarLife argues that the allegations of the new claim against it are nearly identical to those contained in the unfair competition claim against it in the Original, First, Second, and Third Complaints. These particular allegations were dropped from the Fourth Amended Complaint. Defendants correctly assert that the failure to reassert the claim should result in waiver. "It has long been the rule in [the Ninth Circuit] that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir1981). Even pro se complaints are held to this rule. *See Loux v. Rhay*, 375 F.2d 55 (9th Cir. 1967); *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987). Plaintiffs respond that they "have not failed to pursue claims based on underlying facts," (Reply, p. 8), but they have indeed, if the claims are not found in the Fourth Amended Complaint.

### 4. Futility of amendment.

Plaintiffs also contend that they have cured the deficiency in the alter ego allegations as between the Shuey Defendants. [Docket No. 112, Reply, p. 4]. The Court's Order of November 7, 2008, stated that the law requires a plaintiff to allege specifically both of the elements of alter ego liability, *as well as facts supporting each*. [Order, p. 7, emphasis in the original]. The two elements are (1) a unity of interest or ownership between a corporation and its individual owner and (2) that if the acts are treated as those of the corporation alone, an inequitable result will follow. [Order, p. 7]. The Court stated that, at a minimum, for Plaintiffs to withstand a motion to dismiss, they are required to set forth "some examples of alleged domination."

Plaintiffs now proffer "new facts that establish a unity of interest and ownership so that if the defendants were treated separately, that would create an inequitable result." The facts are set forth on the Plaintiffs' Motion, page 6, and allege that Ted Shuey owns both TSG and The Shuey Agency, and that each company participates in each others' business, as directed by Mr. Shuey, and their assets are intermingled and treated by Mr. Shuey as his own. However sufficient these allegations may be to withstand a motion to dismiss (which is not before the Court), the Plaintiffs still did not cure the deficiencies in whole, as pointed out by the Court in the November 7, 2008, Order. The

10

1 second element of alter ego liability is missing. Plaintiffs must not only allege that "honoring the
2 corporate form of Defendant The Shuey Agency would prejudice creditors, including Plaintiffs" but
3 they must set forth supporting facts for the allegations, *e.g* identify how they, and other creditors,
4 would be prejudiced. Amendment of the alter ego allegations would be futile.

### 5. Unexplained delay in filing this motion.

Plaintiffs have also been dilatory in filing the current motion. They became aware of the necessity in early 2009, based on the correspondence from both Defendants' counsel, and certainly in preparation for the case management conference that was scheduled on January 21, 2009. On February 19, 2009, the Defendants represented to the Court in their supplemental case management statement that they would not stipulate to Plaintiffs' filing a Fifth Amended Complaint. Plaintiffs were on notice as of that day, at the very latest, that they would need to file a Rule 15 motion before amending the complaint. They filed the instant motion seven weeks later.

In addition, the Plaintiffs knew for seven weeks before filing the motion that the discovery cut-off date is set for October 1, 2009, only four months after the hearing date on their motion. Defendants argue strenuously that if a fifth amended complaint is filed at this late date, they will be severely prejudiced. The time to conduct discovery is rapidly evaporating, and with all trial dates set, it is imperative that the operative complaint be established immediately so that Defendants can determine the claims against them and conduct appropriate discovery. In addition, the Defendants argue that every time the complaint has been amended (now four times, with two additional revisions circulated to Defendants), they have had to research the legal issues, draft meaningful meet-and-confer letters, and prepare detailed motions to dismiss, to strike, for a more definite statement. As demonstrated by the correspondence, Plaintiffs failed to respond to at least four meet-and-confer letters. This failure to engage in a substantive discussion with opposing counsel contributed to the Plaintiffs' delay in bringing this motion, though Plaintiffs do not even attempt to explain why they waited until April 7, 2009 to propose a Fifth Amended Complaint.

**C.   Relief sought by Defendants.**

   **1.   The Shuey Defendants.**

The Shuey Defendants contend that only two causes of action exist against them:  (1) breach of contract and (2) breach of covenant of good faith and fair dealing.  These are the claims that have been confirmed after each successive Court Order ruling on motions to dismiss and strike**.**  Because these causes of action are set forth in the Third Amended Complaint, The Shuey Defendants request the Court order Plaintiffs to proceed on the Third Amended Complaint, as stricken and dismissed by the Court's November 7, 2008, Orders, and order Defendants to respond to the Third Amended Complaint within ten (10) days of the entry of the Court's order on the motion to amend the complaint.

   **2.   5StarLife and AFBA.**

5StarLife and AFBA contend that three causes of action remain against them: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) for an accounting. They request the Court order Plaintiffs to proceed, if at all, under the Third Amended Complaint, as dismissed in part and stricken by the Court's November 7, 2008, Orders, and order Defendants to respond within ten (10) days.

   **3.   The Fourth Amended Complaint.**

The Plaintiffs concede the Fourth Amended Complaint contains numerous deficiencies, in part because it does not respond to the Court's November 7, 2008, Orders.  None of the parties suggests that the Fourth Amended Complaint should be the operative complaint in this action, thus the Court ORDERS the Fourth Amended Complaint STRICKEN in its entirety.

**Conclusion**

In exercising its broad discretion to deny leave to amend, the Court may consider factors such as whether the pleading has been previously amended, whether amendment would be futile, any prejudice that might result to the opposing party if leave to amend is granted, and whether plaintiff has engaged in bad faith or undue delay.  *Sisseton-Wahpeton Sioux Tribe,* 90 F.3d at 345.

In the instant case, the pleading has been previously amended four times, amendments of the alter ego allegations would be futile, substantial prejudice will result to the opposing party if the leave to amend is granted, and the Plaintiffs offer no justification for delay in seeking amendment. For these reasons, the Court HEREBY:

(1) DENIES the Plaintiff's motion to amend the complaint;

(2) STRIKES the Fourth Amended Complaint;

(3) ORDERS the Third Amended Complaint, as dismissed in part and stricken by the Court's November 7, 2008, Orders, to be reinstated as the operative complaint in this action; and

(4) ORDERS the Defendants to RESPOND to the Third Amended Complaint within ten (10) days of the entry of this Order.

IT IS SO ORDERED.

Dated: 6/3/09

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge