SEYFARTH SHAW LLP
Michael T. McKeeman (SBN 173662)
mmckeeman@seyfarth.com
Patty H. Lee (SBN 245192)
plee@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
THE SHUEY AGENCY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ARMED FORCES BENEFIT ASSOCIATION, individually, doing business as 5STAR ASSOCIATION, 5STAR LIFE INSURANCE, COMPANY; TED SHUEY, individually, doing business as THE SHUEY AGENCY, INC., and TGS GROUP, INC.<br><br>Defendants. | Case No. 4:07 CV 02745 SBA<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER REGARDING NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION; [PROPOSED] ORDER THEREON** |

    Plaintiffs Brad Lovesy and Pacific Consolidated Investments, Inc. and Defendants 5Star Life Insurance Company and The Shuey Agency, Inc. (collectively the "Parties") hereby stipulate by and through their respective attorneys of record as follows:

    1.    The Parties acknowledge that discovery in this lawsuit may require the disclosure of documents and other materials that are trade secret, commercially sensitive, proprietary, private, and/or otherwise confidential in nature.

    2.    The Parties hereby agree that any party or non-party subject to discovery in this

1

action may designate documents; deposition testimony, transcripts, and exhibits; interrogatory responses; responses to requests for admissions; or other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" (hereafter referred to as "Confidential Information"). Such Confidential Information is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, commercially sensitive, or non-public business, technical, or financial information, client information, or information protected by third-party privacy rights. Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents derived from Confidential Information. The parties acknowledge that the only information to be designated as "Confidential" is that which is properly subject to protection. The parties will not designate as "Confidential" any discovery material without first making a good faith determination that such protection is warranted.

3. In the case of documents and other materials produced by a party, the "Confidential" designation shall be made at the time of production, or at the time of the signature of a party to this Stipulation, whichever is later. A producing party may designate as "Confidential", in whole or in part, any documents or other materials by so advising all other parties and by making any copies of the documents or materials marked, in a manner not affecting legibility, with the word "CONFIDENTIAL." Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials within thirty (30) days of production. The party sending written notice of such designation shall then mark and reproduce the subject documents or other materials. All documents and other materials produced by a non-party and not designated as Confidential Information by a party or non-party at the time of their production shall nonetheless be treated as Confidential Information for thirty (30) days following such production.

4. With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information which should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript.

5. Except as provided herein, Confidential Information will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals thereof. The parties shall not disseminate any Confidential Information learned by them except as necessary for use in these proceedings. Furthermore, the parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

6. Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

   (a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the Court or agreed-to by the parties;

   (b) Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

   (c) Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

   (d) Any individual party; and

   (e) Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of the Confidential Information to said individual is made only to the extent necessary to perform such assistance.

7. Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 6(c) or 6(e) above shall, prior to such

3

STIPULATED PROTECTIVE ORDER/CASE NO. 4:07 CV 02745 SBA

1  disclosure, advise the recipient of such information of the contents of this Order and require each
2  such person to whom such disclosure is made to execute an acknowledgment in the form
3  attached hereto as Exhibit A. All such acknowledgements shall be retained by counsel for the
4  party who discloses Confidential Information for so long as that party retains any Confidential
5  Information. At the conclusion of the above-captioned action, each party shall provide a copy of
6  all such acknowledgements to all other parties.

7        8.  Any party may object to the designation of particular documents or other
8  materials as "Confidential" by giving written notice to the party making the designation and to
9  all other parties. Such notice shall identify with reasonable specificity the documents or other
10 materials to which the objection is directed and the basis for the objection. The parties shall
11 attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot
12 be resolved within fourteen (14) days of the receipt of such notice, it shall be the obligation of
13 the party objecting to the designation to file an appropriate motion requesting a ruling by the
14 Court that the disputed documents or other information not be designated "Confidential." The
15 party that designated such documents or materials as "Confidential" shall have the burden of
16 proving that there is good cause for such designation pursuant to Federal Rule of Civil Procedure
17 26. The disputed documents or other materials shall be treated as "Confidential" pending a
18 ruling from the Court.

19       9.  In the event that any Confidential Information is used in any Court proceeding in
20 this action, it shall not lose its confidential status through such use.

21       10.  The ability to designate a document or information as "Confidential" shall not
22 result in waiver of any applicable privilege or protection from disclosure.

23       11.  Nothing herein shall be construed to affect in any way the admissibility of any
24 document, testimony, or other evidence at trial.

25       12.  Documents or other materials filed by any party with the Court before, during, or
26 after trial which contain Confidential Information shall be filed with the Clerk of the Superior
27 Court under seal subject to further order of the Court. Any such materials filed under seal with
28 the Court shall be filed separately in a sealed envelope marked as "CONFIDENTIAL –

1   SUBJECT TO PROTECTIVE ORDER" and labeled to identify the title of the case, the case
2   number, and the title of the document.
3       13.     Any party may consent to have any material previously designated "Confidential"
4   by it pursuant to this Order to be removed from the scope of this Order by so notifying counsel
5   for the other parties in writing or by so stating on the record at any hearing or deposition.
6   Nothing contained herein shall prevent any party from disclosing or using its own Confidential
7   Information as it deems appropriate.
8       14.     The provisions of this Stipulation and Order shall not terminate at the conclusion
9   of this action. Within 30 days after final conclusion of all aspects of the litigation, including any
10  and all appeals, documents and other materials stamped or otherwise identified as "Confidential"
11  and all copies of same (other than exhibits of record) shall be returned to the party that produced
12  such documents or, at the option of the producing party, destroyed. For electronic records, it
13  shall be sufficient to delete the record from all files or folders where it has been stored, including
14  temporary files or folders. All counsel of record shall make certification of compliance herewith
15  and shall deliver the same to counsel for the party who produced the documents not more than 30
16  days after final termination of this litigation.
17      15.     The inadvertent production or disclosure of any privileged or otherwise protected
18  information, by any party, shall not constitute, or be considered as a factor suggesting, a waiver
19  or impairment of any claims of privilege or protection, including but not limited to, the attorney
20  client privilege and the protection afforded to work product materials.
21      16.     If any privileged or otherwise protected information is inadvertently produced, the
22  producing party must provide written notice to any other parties that such information, or
23  discovery material containing such information, has been inadvertently produced or disclosed.
24  Within five (5) business days of the receipt of such notice, each other party shall return to the
25  producing person all such discovery material and copies thereof identified in the notice in its
26  possession, and shall make reasonable efforts to reclaim and return any such discovery material
27  and information. The party that has inadvertently produced or disclosed privileged information
28  shall, within five (5) business days after such discovery material and copies are returned to it

from the non-producing parties, provide a privilege log identifying the discovery material and copies returned to the producing party such that the non-producing party can challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

17. This Stipulation and Order is subject to revocation and modification by order of the Court upon written stipulation of the parties or upon motion and reasonable notice.

IT IS SO STIPULATED:

DATED: June 26, 2009                    SEYFARTH SHAW LLP

                                        By    /s Patty H. Lee
                                              Michael T. McKeeman
                                              Patty H. Lee

                                        Attorneys for Defendant THE SHUEY AGENCY, INC.

DATED: June 26, 2009                    DLA PIPER US LLP

                                        By    /s/ Brooke L. Killian
                                              Charlie L. Deem
                                              Brooke L. Killian

                                        Attorneys for Defendant 5STAR LIFE INSURANCE COMPANY

DATED: June 26, 2009                    HAIGHT BROWN & BONESTEEL LLP

                                        By    /s/ Margaret J. Grover
                                              Margaret J. Grover

                                        Attorneys for Plaintiffs BRAD LOVESY and PACIFIC CONSOLIDATED INVESTMENTS, INC.

### [PROPOSED] ORDER

APPROVED AND SO ORDERED:

Dated: July 10, 2009                    ~~SANDRA B. ARMSTRONG~~
                                        UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| 1 | **Attestation Purusant to General Order No. 45, Section X** |
| 2 | |

The undersigned obtained the concurrence in the electronic filing of this document from the signatories.

Dated: June 26, 2009                              By:  /s/ Patty H. Lee

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT CONCERNING MATERIAL
## COVERED BY A PROTECTIVE ORDER

I acknowledge that I have read the STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER REGARDING NON-DISCLOSURE OF CONFIDENTIAL DOCUMENTS AND INFORMATION entered in the action titled *Brad Lovesy and Pacific Consolidated Investments, Inc. v. Armed Forces Benefit Association, et al.* in the United States District Court, Northern District of California, Case Number 4:07 CV 02745 SBA. I understand its terms, and I agree to be bound thereby. I further understand that a violation of this Protective Order may be punishable as a contempt of court.

Dated: _____        _____
                                Signature

                                _____
                                Name (Print)